Motion #2 - 11-3-2008

Case 2:08-cr-00814-DGC   Document 19   Filed 11/06/08   Page 1 of 6

```
                FILED    ___ LODGED
            ___ RECEIVED ___ COPY

                 NOV 0 6 2008

            CLERK U S DISTRICT COURT
              DISTRICT OF ARIZONA
            BY_____ S DEPUTY
```

THIS ... IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE  LR 5.4
           (Rule Number/Section)

1  Daniel David Rigmaiden aka Steven Brawner
   Agency # 10966111
2  CCA-CADC
   PO Box 6300
3  Florence, AZ 85232

4  In pro se:

5           United States District Court
                 District of Arizona
6
   United States of America,            No. CR08-814-PHX-DGC
7                        Plaintiff      Motion requesting court order defendant's
                                        case paperwork and legal research
   v.                                   paperwork stay in his possession
8  Daniel David Rigmaiden,              during custody and motion requesting
   aka Steven Brawner                   court order U.S. Marshals wear
9                        Defendant      visible identification during prisoner
                                        transfer and motion for court
10                                      order baring U.S. Marshal retaliation
                                        for filing this motion and motion
11                                      to proceed in forma pauperus in
                                        regards to filing fees for this document
12

13      Comes now the defendant, Daniel David Rigmaiden, appearing pro se

14  in this motion only, to humbly request that your Honor order the

15  defendant's criminal case paperwork, including attorney client

16  correspondence, and legal research paperwork, aquired according to

17  the Bounds decision, stay in his possession during pretrial custody

18  including during transfer to other holding facilities or prisons.

19      The defendant humbly requests that your Honor order all U.S.

1 Marshals wear name tags or visible badge numbers while in the
2 defendant's presence, during prisoner transfer or holding operations, so
3 that the defendant may easily identify them.
4 　　The defendant humbly requests that your Honor order the U.S. ~~Mafstro~~
5 Marshal Service and any and all U.S. Marshals to not seek retaliation
6 against the defendant for filing this motion.
7 　　Attached is an affidavit of points and authorities to establish this
8 motions factual background and to support its caption clause.
9 　　Your Honor should also be made aware that I have been denied
10 my right to law library access at CCA-CADC, under the Bounds
11 decision. Furthermore, my court appointed attorney, Thomas Crowe,
12 has decided not to represent or assist me in filing this motion,
13 pursuant to the Criminal Justice Act (18 USC 3006A, et seq.)
14 Considering the Bounds violation and lack of representation, the
15 defendant humbly requests that your Honor look past and ignore
16 any procedural or format errors I have made in filing this motion
17 and accept it as is.
18 　　The attached affidavit is not notarized because having jail
19 staff notarize a document containing misconduct allegations against

1  CCA-CADC's main business client, the U.S. Marshal Service, would put
2  me in danger of CCA-CADC staff abuse. The defendant is willing
3  to read the affidavit out loud for your Honor and swear to its
4  accuracy and truth, under penalty of perjury, in court.
5      The defendant is currently a federal pretrial inmate at the
6  CCA-CADC jail and has no income. The defendant humbly requests
7  that your Honor wave all filing fees for this document.
8
   Dated this 3rd day of November, 2008
9
                           Daniel David Rigmaiden, in pro se
10
11                         By Daniel Rigmaiden

12                         Daniel Rigmaiden aka Steven Brawner
                           Agency # 10966111
13                         CCA-CADC
                           PO Box 6300
14                         Florence AZ 85232

15 A true copy of the foregoing mailed this
   3rd day of November, 2008 to:
16
   Court Clerk US District Court
17 District of Arizona
   401 W. Washington St. SPC-1
18 Phoenix AZ 85003

19

I, Daniel David Rigmaiden, was an inmate at the Santa Clara County jail in CA. from 8-3-2008 to 9-16-2008. I was being held under a "Marshal hold" status as a federal prisoner. During my stay at the jail I exercised my right to the law library under the Bounds v. Smith (1977) decision. I obtained many legal references and court case print outs in paper document form. I was also given my indictment, for the federal charges I am facing, by my public defender in CA., Nicholas Humy. Furthermore, Magistrate Judge Howard R. Lloyd in San Jose, CA. released to me a search affidavit relevant to my case with certain court orders attached; Case No. 08-70460-HRL. I was ordered not to release the search affidavit to any third party without further order of the court. The search affidavit is a sealed document.

On 9-16-2008 two U.S. Marshals came to the Santa Clara County jail to pick up two inmates for transfer to the Alemeda County jail in Oakland, CA. The two inmates were myself and another person whom I do not know. When I was called out of my housing unit, to be transferred, I brought with me a paper bag containing the legal research material I obtained according to the Bounds decision, my indictment and the search affidavit. During the release process, at the Santa Clara County jail, one of the U.S. Marshals informed me I would not be permitted to bring my legal research, my indictment or my search affidavit because the Alemeda County jail does not allow people to bring anything in. I informed him that I was under a court order to not let some contents of the bag leave my possession and that I was entitled to the rest under the Bounds decision. He responded with, "I don't know what to tell you, you can't bring anything, all of this stuff is going to be sent home." I then asked if he could give the entire bag to my attorney, Nicholas Humy. The Marshal agreed to this and then took the bag from me.

The second inmate, who was being transfered with me, had with him an address book containing contact information for his family and a picture. The same U.S. Marshal informed this second inmate of the same rule about not being able to bring anything to the Alemeda County jail. This second inmate explained to him that he needed the address book otherwise he will not be able to contact his family. The U.S. Marshal then gave him permission to keep and bring with him the address book.

When the other inmate and I were booked into the Alemeda County jail the other inmate was permitted, by Alemeda County Deputies, to bring into the

jail his address book. This was permitted without question or issue. Furthermore, other federal "Marshal hold" inmates who were booked into the Alemeda County jail, at the same time, brought with them large stacks of court papers and legal research papers. They were permitted to bring, into the Alemeda County jail, court papers and legal research papers from wherever they were transfered from. These other inmates were not transfered from Santa Clara county jail.

I believe that I was singled out and targetted by the U.S. Marshal Service considering I was treated differently than any other federal inmate who had documents or other items to bring into the Alemeda County jail.

The U.S. Marshal in question caused me to violate a court order even after I informed him he was doing so. He even suggested that I have him mail the sealed affidavit to "my home" or in other words, unknown third parties. The U.S. Marshal in question also violated my rights under the Bounds decision. The Bounds decision held that inmates shall be entitled to access to law libraries or access to help from individuals trained in law. By stripping me of my legal research material, the U.S. Marshal put me into a position the same as before Bounds was decided. One reason for the Bounds decision was to make sure inmates have access to legal material so that they can be informed of the law for the purpose of making decisions regarding their defense. I was without my search affidavit from 9-16-2008 to 10-22-2008, I was without my indictment from 9-16-2008 to 10-24-2008 and my legal research material was likely stolen out of my legal mail in an unrelated incident; I will likely never get back my legal research material.

I request that the court order my criminal case paperwork, including attorney client correspondence, and legal research paperwork, aquired according to the Bounds decision, stay in my possession during pretrial custody including during transfer to other holding facilities or prisons.

I do not know the name of the U.S. Marshal in question. They do not identify themselves and they do not wear name tags. His general description is: height 6', 275 lbs, dark complexion, beard, mustache and balding dark hair. Most U.S. Marshals do not have visible badge numbers but this Marshal had the number "67" on the center of his badge

clipped to his belt. There were only two Marshals who transfered us so he should be easy to identify.

I request that the court order all U.S. Marshals wear name tags or visible badge numbers while in my presence, during prisoner transfer or holding operations, so that I may easily identify them in the future. I also request that the U.S. Marshal service and any and all U.S. Marshals be ordered to not seek retaliation against me for filing this motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11-3-2008
Daniel Rigmaiden