DIANE J. HUMETEWA
United States Attorney
District of Arizona

FREDERICK A. BATTISTA
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Maryland State Bar Member
Fred.Battista@usdoj.gov
Telephone (602) 514-7500

```
___ FILED    ✓ LODGED
___ RECEIVED ___ COPY

   JAN 0 8 2009

CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY_____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Daniel Rigmaiden,<br>a.k.a. Steven Travis Brawner,<br>a.k.a. Travis Rupard, and<br>a.k.a. Patrick Stout,<br><br>　　　　　　Defendant. | **SEALED**<br><br>CR 08-814-PHX-DGC<br><br>**UNITED STATES' MOTION FOR ORDER TO CONTINUE TO MAINTAIN CUSTODY OF PROPERTY PURSUANT TO 21 U.S.C. § 853(e)**<br><br>(Under Seal) |
|---|---|

　　　　The United States of America, by and through the undersigned attorneys, hereby moves for an order pursuant to 21 U.S.C. § 853(e), allowing the United States to continue to maintain custody of property in its possession, pending the resolution of the related criminal forfeiture matter in this case. This request is supported by the attached Memorandum of Points and Authorities.

　　　　Respectfully submitted this 8th day of January, 2009.

　　　　　　　　　　　　　　　　　　DIANE J. HUMETEWA
　　　　　　　　　　　　　　　　　　United States Attorney
　　　　　　　　　　　　　　　　　　District of Arizona

　　　　　　　　　　　　　　　　　　/s/ signature

　　　　　　　　　　　　　　　　　　FREDERICK A. BATTISTA
　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney

# MEMORANDUM OF POINTS AND AUTHORITIES

I. <u>Background</u>

In support of the motion to allow the United States to continue to maintain custody of property in its possession, pending the resolution of the related criminal forfeiture matter in this case, the United States sets forth the following information.

On July 23, 2008, Daniel Rigmaiden, a.k.a. Steven Travis Brawner, a.k.a. Travis Rupard, a.k.a. Patrick Stout, was charged in a 50 count Indictment with Conspiracy in violation of 18 U.S.C. §§ 371 and 2; Wire Fraud in violation of 18 U.S.C. §§ 1343 and 2; Aggravated Identity Theft in violation of 18 U.S.C. §§ 1028A(a)(1) and 2; and Mail Fraud in violation of 18 U.S.C. §§ 1341 and 2. The Indictment also contains a forfeiture clause specifying certain assets belonging to the defendant be forfeited pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c).

During the course of the investigation of defendant, special agents of the Internal Revenue Service have seized, and are in the process of seizing, assets which are all proceeds of the crimes alleged in the indictment in this action or were used to facilitate such unlawful activity. An inventory of the property subject to seizure will be set forth in a Bill of Particulars.

II. <u>Discussion</u>

On October 1 and 2, 2008, the IRS commenced administrative forfeiture proceedings by providing the Defendant notice of the administrative forfeiture proceeding with respect to the assets that had been seized prior to those dates. Pursuant to 18 U.S.C. § 983(a)(2)(C), the notice required any person claiming an ownership interest in the property to file a claim by November 24, 2008.

In response, the Defendant submitted a document entitled "Claim to Judicial Determination Form," which the Internal Revenue Service received on November 18, 2008. The defendant, however, did not claim an ownership interest in the seized property, stating he was

1  "making no claims." He also did not identify any of the seized property.[1] Instead, he notified
2  the IRS of his desire to stay the civil forfeiture action while his related criminal case proceeded.

3        The United States was then faced with the dilemma of whether to treat defendant's
4  submission as a valid claim to the administrative forfeiture action or to treat the document as an
5  invalid claim, which would allow the United States to administratively forfeit the seized
6  property. During the investigation of defendant's extensive unlawful conduct, the United States
7  determined that the total value of the assets subject to seizure exceeds the $500,000.00 limit for
8  maintaining an administrative forfeiture action. *See* 19 U.S.C. §§ 1607 and 1610.

9        The United States, therefore, may no longer proceed via an administrative forfeiture
10  action and must now commence a civil forfeiture action to run parallel to the criminal forfeiture
11  action. Additionally, consistent with defendant's written submission to the IRS, the United
12  States will seek a stay of its civil forfeiture proceeding to allow the criminal forfeiture matter to
13  be completed. The civil forfeiture will be resumed when the criminal case concludes if any issue
14  is unresolved or any *res* is not forfeited.

15        A additional issue must also be addressed before the United States may properly proceed
16  with its course of action. The civil seizure warrants used to acquire the property for
17  administrative or civil forfeiture may be legally insufficient to permit the United States to
18  include the assets in the criminal proceedings as requested by the defendant. Instead, the United
19  States must "take the steps necessary to preserve its right to maintain custody of the property as
20  provided in the applicable criminal forfeiture statute." 18 U.S.C. § 983(a)(3)(B)(iii)(II). The
21  applicable forfeiture statute in this case is 21 U.S.C. § 853, as incorporated by 18 U.S.C.
22  § 982(b) and/or 28 U.S.C. § 2461(c).

23        The United States requests that this Court to authorize it to maintain custody of assets that
24  were seized with civil seizure warrants during the pendency of a criminal proceeding. Sections

---

26  [1] Section 983(a)(2)(C)(I)-(iii) of Title 18, United States Code, states that a claim must:
27  "(I) identify the specific property being claimed; (ii) state the claimant's interest in such property; and (iii) be made under oath, subject to penalty of perjury."

3

853(e) and (f) delineate methods to authorize the government to maintain custody of the seized property. Section 853(f) authorizes issuing a criminal seizure warrant. However, in cases like this one, where the property in question is already in government custody, it is not appropriate for a court to issue a seizure warrant directing the government to seize property from itself. *See* In Re: 2000 White Mercedes, 220 F. Supp. 2d 1322, 1325 (M.D. Fla. 2001) (stating if property is already in government custody, no Section 853(f) seizure warrant can be issued, as an order under Section 853(e) would be sufficient preserve the property). Section 853(e) authorizes the court to issue a restraining order or an injunction to preserve the property for forfeiture. Again, it is unnecessary to issue an order enjoining the government from disposing of property that the government has taken into its custody for the purpose of forfeiture. White Mercedes, 174 F. Supp. 2d at 1272.

Section 853(e)(1), however, authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture. Other courts have invoked this provision when the government sought to comply with Section 983(a)(3)(B)(ii)(II). White Mercedes, 220 F. Supp. 2d 1322, n.5 (noting Section 853(e)(1) was not limited to injunctions and restraining orders, and suggesting that "there might be some order short of an injunction or restraining order that will assure the availability of the property subject to forfeiture" when it is already in government custody); *see also* United States v. Standridge, 2007 WL 2572207, *2 (M.D. Fla. Sept. 5, 2007)[2] (entering an order permitting the government to maintain custody of property already in government's custody through conclusion of pending criminal case to satisfy requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II)); United States v. Scarmazzo, 2007 WL 587183 at *3-*4 (E.D. Calif. Feb. 22, 2007) (entering order pursuant to 21 U.S.C. § 853(e)(1) to preserve property currently in government custody for forfeiture).

In this case, a significant portion of the property has been seized, is presently in

---

[2] Proceedings relating to this case also occurred in the United States District Court, District of Arizona. See Standridge v. United States, No. CV-07-1468-PHX-SMM, 2007 WL 2684842, *1 (D. Ariz. Sept. 11, 2007).

4

government custody and is maintained by the United States Treasury Department, which serves as the custodian for assets that the IRS seizes. The United States represents to the Court that the property will be preserved and will remain in the custody under the direction of the Department of Justice throughout the pending criminal case until such time as the United States obtains a final judgment of forfeiture or the Court orders the property be returned to defendant. Therefore, neither a seizure warrant under Section 853(f) nor a restraining order or injunction under Section 853(e) is required to preserve the contents of the property for forfeiture. *See* <u>White Mercedes</u>, 174 F. Supp. 2d at 1268 (observing the law should not be interpreted to require the courts to do useless and unnecessary things). Rather, all that is required to comply with Section 983(a)(3)(B)(ii)(II) is an Order from this Court stating that the United States and its agencies, may continue to maintain custody of the seized property until the criminal case is concluded.

II. <u>Conclusion</u>

Wherefore, pursuant to 21 U.S.C. § 853(e)(1), the United States respectfully moves this Court to issue an Order stating that the United States may maintain custody of the seized property through the conclusion of the pending criminal case, and stating that such Order satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

Respectfully submitted this 8th day of January, 2009.

DIANE J. HUMETEWA
United States Attorney
District of Arizona

FREDERICK A. BATTISTA
Assistant U.S. Attorney

5

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2009, I caused the attached document to be filed under seal with the Clerk's Office and a copy to be mailed to defendant's counsel at the following address:

Tom Crowe
Crowe & Scott, P.A.
1100 East Washington Street, Suite 200
Phoenix, Arizona 85034-1090

S/Frederick A. Battista

FREDERICK A. BATTISTA
Assistant U.S. Attorney