```
Daniel David Rigmaiden
AKA; Steven Brawner
ID # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85232

In pro se;
```

✓ FILED    ___ LODGED
___ RECEIVED  ___ COPY

FEB 10 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ B DEPUTY

In The United States District Court
District Of Arizona

| United States of America, | No. CR08-814-PHX-DGC |
|---|---|
| Plaintiff, | MOTION FOR APPOINTMENT OF SPECIALIZED DEFENSE COUNSEL ADMITTED TO CJA PANEL PRO HAC VICE PURSUANT TO THIS COURT'S GENERAL ORDER 07-08 |
| v. | |
| Daniel David Rigmaiden, aka Steven Brawner | |
| Defendant. | **SEALED** |

Defendant, Daniel David Rigmaiden, appearing pro se in this motion only, requests this court to admit to the CJA Panel, pro hac vice, and appoint specialized defense counsel with experience in criminal defense pertaining to computer technology, information technology, communications technology and other technology pursuant to this Court's

1. General Order 07-08 Appendix I(I)(A)(3) and 07-08 Appendix I(II)(B).
2. On 1/23/2009, counsel for defendant, Tom Crowe, filed a
3. motion to withdraw as counsel for defendant. This motion is
4. currently pending a court ruling. Assistant U.S. Attorney Frederick
5. A. Battista and counsel for defendant agree that this is an
6. exceedingly complex case involving a massive amount of discovery.
7. Much of this discovery is in electronic format. This case involves
8. computer technology, information technology, communications (cellular
9. and other) technology and other technology that requires defense
10. counsel with experience in these areas of criminal defense.
11. Denying the defendant defense counsel with the needed
12. specialized skills and experience would place the defendant at risk
13. of receiving ineffective assistance and violate the defendant's
14. right to due process of law. The defendant objects if the
15. requested specialized defense counsel is not appointed by the
16. court.
17. Although the defendant is currently being represented by counsel

1. (pending withdrawal) and pursuant to one interpretation of
2. LRCiv 83.3(c)(2) when referenced through LRCrim 57.14 this
3. motion technically can't be filed in pro se, defendant requests this
4. court to file, accept and rule on this motion or otherwise "hear"
5. the defendant based on one, some or all of the points set forth below:
6. 1) Pursuant to LRCiv 83.6, "Suspension of Rules", when referenced
7. through LRCrim 57.17, the defendant requests this court to suspend
8. LRCiv 83.3(c)(2) when referenced through LRCrim 57.14 and rule on
9. this motion.
10. 2) Pursuant to LRCiv 83.3(b) when referenced through LRCrim 57.14,
11. the defendant's lack of "written approval" of counsel's decision
12. to withdraw and counsel having submitted the application to
13. withdraw by motion and not by ex parte, and having served the
14. defendant with a copy of the motion, the defendant is now a
15. "procedural" apposing party. Pursuant to LRCiv 7.2(b) when referenced
16. through LRCrim 47.1, as an apposing party, defendant filed a Brief in
17. response to defense counsel's motion to withdraw along with, but

1 separate from, this motion incorporating this motion by "incorporation
2 by reference" pursuant to LRCiv 7.1(d)(2) when referenced through
3 LRCrim 47.1. If the court decides to strike this motion from
4 the record then the defendant requests this court to refer to the
5 defendant's Brief in response to defense counsel's "Motion To Withdraw
6 As Counsel For Defendant".

7 3) LRCiv 83.3(c)(2) when referenced through LRCrim 57.14 states:

8 "Whenever a party has appeared by an attorney, that party
  cannot thereafter appear or act in that party's own
9 behalf in the cause, or take any steps therein, unless an
  order of substitution shall first have been made by the
10 Court..... provided that the court may in its discretion
  hear a party in open court...."
11

12 If the court decides to strike this motion from the record then the
13 defendant requests this court hold a hearing for defense counsel's
14 motion to withdraw and allow the defendant to read the striken
15 motion in court so that the defendant may be "heard".

16 4) LRCiv 83.3(e) when referenced through LRCrim 57.14 states:

17    "All applications to a District Judge or Magistrate Judge of

1  this Court for ex parte orders shall be made by an attorney of this court or by an individual on that
2  individual's own behalf."
3  Pursuant to LRCiv 83.3(e) when referenced through LRCrim 57.14,
4  defendant filed an application for ex parte order for appointment
5  of specialized defense counsel along with, but separate from, this
6  motion incorporating this motion by "incorporation by reference"
7  pursuant to LRCiv 7.1(d)(2) when referenced through LRCrim
8  47.1. If the court decides to strike this motion from the record
9  then the defendant requests this Court to refer to the defendant's
10 application for ex parte order titled, "Ex Parte Order Application
11 For Appointment Of Specialized Defense Counsel Admitted To CJA
12 Panel Pro Hac Vice Pursuant To This Court's General Order 07-08".
13    The defendant requests this court to file, accept and rule on
14 this motion and the defendant objects if the court refuses this
15 request.
16    This motion shall not be accepted or used as a "written
17 approval of the client" to satisfy any requirements pursuant to

1  LRciv 83.3(b) when referenced through LRcrim 57.14.
2     This motion is supported by the Memorandum of Points And
3  Authorities attached hereto and incorporated by this reference.
4     LRcrim 12.2 requires the undersigned include the following statement
5  in all motions; "Excludable delay under 18 U.S.C. 3161(h) will occur
6  as a result of this motion or of an order based thereon." However;
7  the defendant posits that this motion will not cause any "delay" and
8  objects to any delay as a result of this motion or of an order based
9  thereon.
10    Respectfully submitted this 6th day of February, 2009.
11
12                         Daniel David Rigmaiden, in pro se
13                         By Daniel Rigmaiden
14                         Daniel Rigmaiden
                           Aka: Steven Brawner #10966111
                           CCA-CADC
15                         P.O. Box 6300
                           Florence, AZ 85232
16
17

Memorandum Of Points And Authorities

   The defendant has been in custody for roughly 6 months and no progress has been made in the instant case. No relevant motions have been filed and no discovery of any relevance has been provided to the defendant other than a copy of the search affidavit ("search affidavit") supporting search warrants 08-70502-CBD Indoor Mini, Storage unit No. A-47, 570 Cinnabar Street, San Jose, CA. 95110 and 08-70503-Residence of Steven Travis Brawner, 431 El Camino Real, Apartment No. 1122, Santa Clara, CA. 95050. The instant case involves an alleged conspiracy that allegedly existed almost 100% in a technological virtual world. According to the search affidavit, the defendant was located when the team of investigators tracked down the location of the Travis Rupard mobile cellular broadband internet access card using "historical cell tower information and other investigative techniques"; see search affidavit paragraph #102. According to the search affidavit, the government believes that the defendant is the individual refered to as the "Hacker" and the government's case is based on this belief. The government alleges that the co-conspirators never met in person with the "Hacker" or spoke with the "Hacker" and that their relationship existed entirely over the internet using complex technology; see search affidavit paragraph #27. The technology is so complex in the instant case that the team of investigators had to employ the help of the Phoenix FBI Cyber Squad and an IRS special agent who received training as a Computer Investigative Specialist; see search affidavit paragraph #66 through #70. It is unavoidable that the defendant's defense will be engulfed in the minute details of the technology surrounding the instant case. This is clear when examining the credentials of the investigators employed to build the instant case.

   The prosecution has a team of investigators at their disposal, many of which are highly trained and experienced in technology. It would be putting the defendant at risk of receiving ineffective assistance, it would be a violation of the defendant's right to due process of law and against the

1

interests of justice to not appoint the defendant the needed specialized defense counsel pursuant to this Court's General Order 07-08 Appendix I(I)(A)(3) and 07-08 Appendix I(II)(B).

This Court's General Order 07-08 Appendix I(I)(A)(3) states:

"....when a district judge or magistrate judge determines that the appointment of an attorney, who is not a member of the CJA Panel, is, in the interest of justice, judicial economy or continuity of representation, or there is some other compelling circumstance warranting his or her appointment, the attorney may be admitted to the CJA Panel pro hac vice and appointed to represent the CJA defendant."

and this Court's General Order 07-08 Appendix I(II)(B) states:

"The court may...., in its discretion, locate and appoint a different lawyer [other than the Federal Public Defender recommended counsel.]"

Appointing the defendant the needed specialized defense counsel falls in line with this Court's General Order 07-08 Appendix I(I)(A)(3):

1) in the interest of justice
2) continuity of representation
3) compelling circumstance

It is for the reasons noted in this motion that the defendant requires, and should be entitled to, the needed specialized defense counsel.

2

1  Certificate of service

2  I hereby certify that on this 6th day of February, 2009 that

3  the following was placed into the CCA-CADC mailing system for

4  United States Postal Service delivery:

5  Original attached document plus 1 copy mailed to:

6  Clerk of the Court
   U.S. District Court
7  401 W. Washington St. spc-1
   Phoenix, AZ 85003

8

   Copy of original document mailed to:
9

   Thomas N. Crowe (counsel for defendant)
10 1100 E. Washington St., Suite 200
   Phoenix, AZ 85034

11

   Jon M. Sands
12 Federal Public Defender
   District of Arizona
13 850 W. Adams St., Suite 201
   Phoenix, AZ 85007

14

   Frederick A. Battista
15 Assistant U.S. Attorney
   40 N. Central Avenue, Suite 1200
16 Phoenix, AZ 85004

17 By Daniel Rigmaiden