✓ FILED   ___ LODGED
___ RECEIVED   ___ COPY

FEB 2 0 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ M DEPUTY

1. Daniel David Rigmaiden
Aka: Steven Brawner
2. ID #10966111
CCA-CADC
3. PO Box 6300
Florence, AZ 85232
4.
5. In pro se:

6. In The United States District Court
District of Arizona
7.

8. United States of America,

   Plaintiff,
9.
v.
10.
Daniel David Rigmaiden,
11. aka Steven Brawner

12.    Defendant.

No. CR08-814-PHX-DGC

MOTION FOR IN CAMERA EXAMINATION OF GRAND JURY TRANSCRIPTS TO FIND PERJUROUS TESTIMONY AND EVIDENCE OF PROSECUTORIAL MISCONDUCT PURSUANT TO FED. R. CRIM. P. 6(e)(3)(E)(ii)

13.    Defendant, Daniel David Rigmaiden, appearing pro se in this motion
14. only, requests this court to conduct an in camera examination of
15. the grand jury transcripts to find perjurous testimony and
16. evidence of prosecutorial misconduct pursuant to Fed. R. Crim. P.
17. 6(e)(3)(E)(ii).

1  Pursuant to United States v. Spires, 3 F.3d 1234, 1238-39 (9th Cir. 1993),
2  the defendant requests participation in an in camera hearing so
3  that any question of prejudice will be subject to adversarial
4  presentation.
5      This motion is made for the reason that the search affidavit
6  supporting search warrants 08-70502 - CBD Indoor Mini, Storage unit
7  No. A-47, 570 Cinnabar Street, San Jose, CA. 95110 and 08-70503-
8  Residence of Steven Travis Brawner, 431 El Camino Real,
9  Apartment No. 1122, Santa Clara, CA. 95050 contain sworn
10 statements that clearly contradict allegations in the indictment.
11 There is a prima facie showing of perjurous testimony and
12 prosecutorial misconduct and grounds may exist to dismiss the
13 indictment because of matters that occured before the grand
14 jury.
15     This motion is supported by the memorandum of points and
16 Authorities attached hereto and incorporated by this reference.
17     Although the defendant is currently being represented by

1. counsel (pending withdrawal) and pursuant to one interpretation of
2. LRCiv 83.3(c)(2) when referenced through LRCrim 57.14 this
3. motion technically can't be filed in pro se, defendant requests
4. this court to file, accept and rule on this motion based on
5. the points set forth below:
6. 1) Pursuant to LRCiv 83.6, "Suspension of Rules", when referenced
7. through LRCrim 57.17, the defendant requests this court to
8. suspend LRCiv 83.3(c)(2) when referenced through LRCrim 57.14
9. and rule on this motion.
10. 2) On January 23, 2009, counsel for defendant, Tom Crowe ("Counsel"),
11. filed a motion to withdraw; see "Motion To Withdraw As Counsel For
12. Defendant". This motion is currently pending a court ruling and
13. the defendant is still being represented by Counsel. Page 2 line 4
14. through 5 of Counsel's motion to withdraw states, "Defendant's
15. right to receive the effective assistance of counsel under present
16. arrangements will likely be compromised." Counsel made this
17. statement indicating that the defendant's right to effective

1. assistance of counsel will likely be compromised in the future. It
2. has now been several weeks into the future since this statement
3. was made by Counsel. The defendant continues to be exposed to
4. the future. In this exposure there lies the future possibility, and
5. it may already be a present certainty, that the defendant will
6. suffer from ineffective assistance of counsel. The defendant
7. requests this court to rule on this motion in lieu of having
8. the defendant suffer from the future possibility, or the present
9. certainty, of ineffective assistance of counsel.
10. The defendant requests this court to file, accept and rule on
11. this motion and the defendant objects if the court refuses this
12. request.
13. LRCrim 12.2 requires the undersigned include the following
14. statement in all motions: "Excludable delay under 18 U.S.C. 3161(h)
15. will occur as a result of this motion or of an order based
16. thereon." However; the defendant posits that this motion will not
17. cause any "delay" and objects to any delay as a result of this

1. motion or of an order based thereon.
2. Respectfully submitted this 17th day of February, 2009.

Daniel David Rigmaiden, in pro se

By Daniel Rigmaiden

Daniel Rigmaiden
Aka: Steven Brawner #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85232

Memorandum of Points And Authorities

On 7-23-2008 a grand jury was convinced to indict the defendant based on matters that occured before the grand jury. These matters resulted in a 23 page indictment signed by the foreperson of the grand jury on 7-23-2008. This 23 page indictment should reflect accurately on the matters, including testimony, that occured before the grand jury. These matters, currently unknown to the defendant, may have included reports of IRS agent Michael P. Fleischmann's investigation or reports of investigations conducted by other individuals and testimony by IRS agent Michael P. Fleischmann or testimony by other individuals.

On 8-4-2008 IRS agent Michael P. Fleischmann (the "affiant") swore to and signed, in the presence of United States Magistrate Judge Patricia V. Trumbull, two identicle affidavits (the "search affidavit") in support of search warrants 08-70502 and 08-70503. The search affidavit should reflect accurately on the facts pertaining to the investigation of the alleged scheme. These facts include information and reports that were first hand to the affiant and also information and reports provided to the affiant by other investigators that were all incorporated into the sworn affidavit.

Certain sworn facts contained in the search affidavit clearly and directly contradict certain facts contained in the indictment. This contradiction suggests that the grand jury heard perjurous testimony or that the prosecution presented the grand jury with inaccurate information. Page 7 lines 16 through 27 and page 8 lines 1 through 6 of the indictment list the allegations of mail fraud for the overt acts of the conspiracy charge. The wording relevant to this motion is, "On about March 14, 2008, defendant Steven Travis Brawner, and others known and unknown to the Grand Jury, directed a confidential informant working on behalf of the government to ship $9,000 of fraudulently obtained income tax refunds, previously deposited in Meridian Bank business checking account...". Page 21 lines 12 through 18 of the indictment list the allegation of mail fraud for the mail fraud charge. The wording relevant to this motion is, "... defendant Steven Travis Brawner, along with

1

others known and unknown to the Grand Jury, deposited and caused to be deposited for delivery by a private and commercial interstate carrier, from the District of Arizona to the District of Utah....", the indictment then lists a single FedEx shipment of $9,000, in a table, shipped on or about 4-1-08. These allegations and statements of alleged facts, as they are listed in the indictment, contradict the allegations and statements of alleged facts listed in the search affidavit used to secure search warrants 08-70503 and 08-70502. The search affidavit affiant states in paragraph 24 of the search affidavit, "CI1 contacted SN1 and informed him money had been deposited in the account. CI1 told SN1 he/she would withdraw $9,000 in mid-March 2008 and ship it to SN1 on March 18, 2008, via FedEx. CI1 further advised he/she would withdraw money from the account every week and ship $9,000.00 to SN1 every other week. The withdrawn money not "shipped" was to be CI1's cut....". This paragraph clearly states that a confidential informant (CI1) working on behalf of the government "told" and "advised" an alleged co-conspirator (SN1) that he/she would withdraw and ship via FedEx $9,000 in mid-March and continue to ship money every other week thereafter. These allegations and statements of alleged facts clearly and directly contradict the indictment. The indictment alleges that the defendant and others "directed" a confidential informant to ship, and "deposited" and "caused to be deposited", the $9,000 of the fraudulently obtained income tax returns. The indictment alleges that the defendant and others directed a confidential informant of the plan to ship the $9,000 while the search affidavit alleges that a confidential informant advised an alleged co-conspirator of the plan to ship the $9,000.

The underlying subject of the contradiction is not the issue. This motion is not directly challenging the legitamacy of any of the charges contained in the indictment. The charges are incidental to the contradictions between the indictment and the search affidavit. This motion is challenging the credibility of Michael P. Fleischmann and other investigators or individuals who may have testified before the grand jury. This motion is challenging all testimony, information and matters presented to the grand jury by the

2

prosecution. The contradiction explained in this motion, pertaining to the issue discussed, calls into question the credibility and accuracy of all testimony, information and matters presented to the grand jury pertaining to the indictment as a whole. The clear and direct contradiction between the indictment and search affidavit support and fulfill the requirement of Fed. R. Crim. P. 6(e)(3)(E)(ii). There is a prima facie showing of perjurous testimony and prosecutorial misconduct.

1  Certificate of Service

2    I hereby certify that on this 17th day of February, 2009 that

3  the following was placed into the CCA-CADC mailing system

4  for United States Postal Service delivery:

5  Original attached document plus 1 copy mailed to:

6  Clerk of the Court
   U.S District Court
7  401 W. Washington St. Spc-1
   Phoenix, AZ 85003

8
   Copy of original document mailed to:
9
   Thomas N. Crowe (counsel for defendant)
10 1100 E. Washington St., Suite 200
   Phoenix, AZ 85034

11
   Frederick A. Battista
12 Assistant U.S. Attorney
   40 N. Central Avenue, Suite 1200
13 Phoenix, AZ 85004

14 By Daniel Rigmaiden

15

16

17