1 | Daniel David Rigmaiden
AKA: Steven Brawner
2 | ID# 10966111
CCA-CADC
3 | PO Box 6300
Florence, AZ 85232
4 |

FILED ___ LODGED
___ RECEIVED ___ COPY
MAR 0 6 2009
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

5 | In pro se, while in counsel transition:

6 | In The United States District Court
District of Arizona

7 |
8 | United States of America,             No. CR08-814-PHX-DGC

9 |      Plaintiff                        MOTION TO COMPEL THE
                                          GOVERNMENT TO DISCLOSE
     V.                                   SPECIFIC DISCOVERY AS
10 |                                      REQUESTED PURSUANT TO
     Daniel David Rigmaiden,              FED. R. CRIM. P. 16 AND
11 | aka Steven Brawner                   OTHER APPLICABLE AUTHORITY

12 |      Defendant.

13 |      Defendant, Daniel David Rigmaiden, appearing pro se, while

14 | in counsel transition, in this motion only, requests this court

15 | to compel the government to provide the previously

16 | requested specific discovery as follows:

17 | 1) Copies of all court orders, subpoenas, affidavits, warrant

18 | applications, warrants, returns and associated documents

1  pertaining to the Travis Rupard Verizon Wireless Broadband
2  Access card with ESN 005-00717190. This shall include but
3  not be limited to relevant documents pertaining to pen
4  registers, trap and trace devices, interception of communications,
5  stored communications, mobile tracking devices and GPS.
6  2) All discovery pertaining to investigative techniques used to
7  identify and locate 431 El Camino Real, Apartment No. 1122,
8  Santa Clara, CA. 95050.
9  3) All discovery pertaining to the probable cause listed in paragraphs
10 #108(b), #108(c) and #108(d) of the search affidavits
11 supporting the search warrants 08-70502 and 08-70503.
12    This motion is made for the reason that the defendant was
13 unsuccessful in his attempt to compel the government
14 to disclose the requested specific discovery. On February 16,
15 2009, the defendant mailed a letter to Assistant U.S.
16 Attorney, Frederick A. Battista (see exhibit "A=") requesting
17 the specific discovery listed in paragraph 1 of this motion.
18 This letter was CC'd to counsel for defendant, Tom

1  Crowe, and the Honorable David G. Campbell. On
2  February 25, 2009, the defendant had a hearing before
3  the Honorable David G. Campbell. During this hearing the
4  defendant asked his attorney, Tom Crowe, if the government
5  had provided the discovery listed in paragraph 1 of
6  this motion. Tom Crowe stated to the defendant, "No,
7  they still haven't given us that."
8     The defendant's defense has an immediate need for
9  the discovery listed in paragraph 1 of this motion. Page
10 2 of exhibit "A" contains the specific reasons for the
11 immediate need for this discovery. In addition to
12 Fed. R. Crim. P. 16 and the cited case law in exhibit "A",
13 Arizona Prof Cond Rule 3.8, "Special responsibilities of a
14 prosecutor", also applies to this request. Arizona Prof Cond
15 Rule 3.8 states in part:
16         (d) make timely disclosure to the defense
               of all evidence or information known to the
17             prosecutor that tends to negate the guilt
               of the accused or mitigates the offense...
18

1   On February 25, 2009, the Honorable David G.
2   Campbell granted a motion to withdraw as counsel
3   for defendant previously filed by defendant's counsel,
4   Tom Crowe. New defense counsel is currently being
5   obtained for the defendant. Although the defendant may
6   not currently be represented by counsel and is in a
7   current state of "counsel transition", LRCiv 83.3(c)(2)
8   when referenced through LRcrim 57.14, although not
9   entirely clear, seems to indicate that the defendant
10  cannot technically file motions in pro se under the
11  circumstances. Applicable local rules considered, there still
12  exists compelling reasons to grant this motion without
13  hearing, without oral arguments, without response from
14  the government and without delay. The defendant believes
15  that this motion is not petty, frivolous, a waste of
16  court time or against judicial economy. Discovery is a
17  fundamental right and the defendant requests that this
18  court grant this pro se motion so that the requested

1  specific discovery will be made ready for the defendant's
2  new defense counsel without further delay. This motion
3  and likely some other motions, filed by the defendant in
4  pro se, support notions of judicial economy considering the
5  defendant is doing work, at no cost, that the Court
6  would otherwise be billed for by the defendant's court
7  appointed counsel.
8      The defendant requests this Court to file, accept and
9  rule on this motion or, in the alternative, hold this
10 motion in "pending status" so that the defendant's yet
11 to be appointed new defense counsel may go over this
12 motion with the defendant to determine if a ruling is
13 worth the court's time. The defendant objects if the
14 court refuses this request.
15     LRCrim 12.2 requires the undersigned include the
16 following in all motions: "Excludable delay under 18 U.S.C.
17 3161(h) will occur as a result of this motion or of an
18 order based thereon." However; the defendant posits that

1 this motion will not cause any "delay" and objects
2 to any delay as a result of this motion or of an order
3 based thereon.
4     Respectfully submitted this 3rd day of March, 2009.

                              Daniel David Rigmaiden, in pro se

                              By Daniel Rigmaiden

                              Daniel Rigmaiden
                              AKA: Steven Brawner #10966111
                              CCA-CADC
                              PO Box 6300
                              Florence, AZ 85232

EXHIBIT "A"

Frederick A. Battista
Assistant U.S. Attorney
40 N. Central Avenue, Suite 1200
Phoenix, AZ 85004

CC:

Honorable David G. Campbell
U.S. District Court
401 W. Washington St. Spc-1
Phoenix, AZ 85003

Thomas Crowe
1100 E. Washington St., Suite 200
Phoenix, AZ 85034

Daniel Rigmaiden CR08-814-PHX-DGC
Aka: Steven Brawner #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85232

Frederick A. Battista:

    I am writing you this letter in regards to certain discovery I require immediately. I understand that some discovery is being released under a protective order. I also understand that there is a specific "cooperating party" whose identity is being redacted from some discovery and this has delayed its disclosure. The specific discovery I am requesting in this letter should not fall into either of these categories considering it is of a technical nature. I require the following:

1) Copies of all court orders, subpoenas, affidavits, warrant applications, warrants, returns and associated documents pertaining to the Travis Rupard Verizon Wireless Broadband Access card with ESN 005-00717190. This shall include but not be limited to relevant documents pertaining to pen registers, trap and trace devices, interception of communications, stored communications, mobile tracking devices and GPs.

2) All discovery pertaining to investigative techniques used to identify and locate 431 El Camino Real, Apartment No. 1122, Santa Clara, CA. 95050.

3) All discovery pertaining to the probable cause listed in paragraphs #108(b), #108(c) and #108(d) of the search affidavits supporting the search warrants 08-70502 and 08-70503.

The above listed discovery is material to the preparation of my defense and requested pursuant to Fed. R. Crim. P. 16(a)(1)(E). I intend to investigate the validity of the "probable cause" contained in the search affidavits supporting the search warrants 08-70502 and 08-70503. I also intend to determine if the investigative techniques used to locate 431 El Camino Real, Apartment No. 1122, Santa Clara, CA. 95050 ("apartment #1122") were in violation of the Fourth Amendment. The government has an obligation to disclose to the defense all evidence that is "favorable to an accused" and "material either to guilt or to punishment." Brady v. Maryland, 373 U.S. 83, 87 (1963). It would be favorable to my defense to determine if apartment #1122 was located using investigative techniques in violation of the Fourth Amendment. The indictment, search warrants and arrest warrant all relied on, and pertained to, the location of apartment #1122. If the investigative techniques used to locate apartment #1122 were in violation of the Fourth Amendment then anything relying on and pertaining to apartment #1122 can be challenged. See Murray v. U.S., 487 U.S. 533 (1988); U.S. v. Twilley, 222 F.3d 1092, 1097 (9th Cir. 2000).

I require that the discovery requested in this letter be provided to me in full by February 23, 2009. As you know, my initial discovery request was made on October 22, 2008. The discovery requested in this letter and all other discovery is long over due. I would appreciate a timely reply. Thank-you for your assistance in this matter.


Sincerely,

Daniel Rigmaiden

Daniel Rigmaiden

1 | Certificate of Service

2 |     I hereby certify that on this 3rd day of March,
3 | 2009 that the following was placed into the CCA-CADC
4 | mailing system for United States Postal Service
5 | delivery:

6 | Original attached document plus 1 copy mailed to:

7 | Clerk of the Court
   U.S. District Court
8 | 401 W. Washington St. Spc-1
   Phoenix, AZ 85003

9 | 
10 | Copy of original document mailed to:

11 | Frederick A. Battista
   Assistant U.S. Attorney
   40 N. Central Avenue, Suite 1200
12 | Phoenix, AZ 85004

13 | By David Rigmaiden

14 |
15 |
16 |
17 |
18 |