1  Daniel David Rigmaiden
   Aka: Steven Brawner
2  ID # 10966111
   CCA-CADC
3  PO Box 6300
   Florence, AZ 85232
4
5  In pro se, while in counsel transition:

6         In The United States District Court
                District Of Arizona
7
   United States of America,          No. CR08-814-PHX-DGC
8
          Plaintiff,                  Motion To Take Judicial Notice
9                                     Of The Definition Of "Person"
   v.                                 As An Adjudicative Fact
10                                    Pursuant To Fed. R. Evid. 201
   Daniel David Rigmaiden,
11 aka Steven Brawner

12        Defendant.

13    Defendant, Daniel David Rigmaiden, appearing pro se, while in
14 counsel transition, in this motion only, requests this court to
15 take judicial notice of the definition of the word "person" as
16 an adjudicative fact pursuant to Fed. R. Evid. 201, "Judicial
17 Notice of Adjudicative Facts."
18    Fed. R. Evid. 201. states in part:

FILED ___ LODGED
___ RECEIVED ___ COPY

MAR 0 6 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

1  (b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that
2  it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable
3  of accurate and ready determination by resort to sources whose accuracy cannot reasonably be
4  questioned.

5  (d) Whe mandatory. A court shall take judicial notice if requested by a party and supplied with the necessary
6  information.

7  (f) Time of taking notice. Judicial notice may be taken at any stage of the proceeding.
8

9  Pursuant to Fed. R. Evid 201.(d) and (f), and pursuant to
10 this request, it is mandatory that this Court take judicial
11 notice of the definition of the word "person" as it will be
12 used in this Court and applied to the instant case. The
13 defendant requests that this court state on the record the
14 definition of the word "person", as an adjudicative fact, and
15 also the factual basis for the stated definition.
16    The defendant respectfully submits the following definition
17 sources, whose accuracy cannot reasonably be questioned, for
18 the Court to consider:

1. 1) person n. 1. A human being. 2. The living body of a human being. 3. The personality of a human being. See The Riverside Publishing Company, Webster's II: New Riverside Pocket Dictionary, at 203 (1991).

2. 2) Person. 1. A human being. — Also termed natural person. 2. The living body of a human being ⟨contraband found on the smuggler's person⟩. See Bryan A. Garner, Black's Law Dictionary: Eighth Edition, at 1178 (2004).

3. 3) It is our Congressmen (House of Representatives) and Senators who are responsible for passing the laws that make up the federal statutes. The members of the Congress and the Senate have always been predominantly Christian. Christian beliefs are largely based on the New Testament of the Bible. In Mathew 9:21-22 the New Testament states, "...Lord, allow me first to go and bury my father. But Jesus said unto him, Follow me; and let the dead bury their dead." KJ2000. See Dr. Robert A. Couric, Holy Bible: the new testament, at 7 (2000) ["new testament"]. In

1  II Corinthians 5:16-17 the New Testament states, "Therefore
2  from now on know we no man after the flesh...", and
3  "Therefore if any man be in Christ, he is a new creation:
4  old things are passed away; behold, all things are become
5  new." KJ2000, See new testament, at 168. The book on
6  which the majority of our law makers base their
7  ecclesiastical existence stresses the fact that once a
8  person no longer has a living body he/she is no longer a
9  person but something new.
10     The word "person" is generally known within the
11 territorial jurisdiction of the trial court to mean
12 "a living human".
13     Taking notice of the definition of a word is not a
14 new concept for the federal courts or the 9th
15 Circuit. In a California insurance contract civil case, the
16 9th Circuit Court of Appeals noted the dictionary
17 meaning of the word "attend" when making a ruling
18 in regards to an insurance claim. See Poland v. Martin,

1. 761 F.2d 546, 548 (9th Cir. 1985). In a Court of
2. International Trade import case, the Federal Circuit
3. court of Appeals analyzed the plain meaning of the
4. statutory term "bicycle speedometers" when making a
5. ruling in regards to a Customs service decision. See
6. Stewart-Warner Corporation v. United States, 748 F.2d
7. 663, 665 (Fed. Cir. 1984).

8.     On February 25, 2009, the Honorable David G.
9. Campbell granted a motion to withdraw as counsel for
10. defendant previously filed by defendant's counsel, Tom
11. Crowe. New defense counsel is currently being obtained
12. for the defendant. Although the defendant may not
13. currently be represented by counsel and is in a current
14. state of "counsel transition", LRCiv 83.3(c)(2) when
15. referenced through LRCrim 57.14, although not entirely
16. clear, seems to indicate that the defendant cannot
17. technically file motions in pro se under the circumstances.
18. Applicable local rules considered, there still exists

1  compelling reasons to grant this motion without delay. The
2  defendant believes that this motion is not petty, frivolous,
3  a waste of court time or against judicial economy. The
4  court taking notice of the definition of the word "person"
5  as an adjudicative fact is a prerequisite to the
6  preparation of the defendant's defense. The defendant
7  requests that this Court grant this pro se motion so
8  that the requested clarification will be on the record for
9  the defendant's new defense counsel without further
10 delay. This motion and likely some other motions, filed
11 by the defendant in pro se, support notions of judicial
12 economy considering the defendant is doing work, at no
13 cost, that the court would otherwise be billed for by
14 the defendant's court appointed counsel.
15    The defendant requests this Court to file, accept and
16 rule on this motion or, in the alternative, hold this
17 motion in "pending status" so that the defendant's yet
18 to be appointed new defense counsel may go over this

1  motion with the defendant to determine if a ruling is
2  worth the court's time. The defendant objects if the
3  court refuses this request.
4     LRCrim 12.2 requires the undersigned include the
5  following statement in all motions: "Excludable delay under
6  18 U.S.C. 3161(h) will occur as a result of this motion or
7  of an order based thereon." However, the defendant posits
8  that this motion will not cause any "delay" and objects
9  to any delay as a result of this motion or of an order
10 based thereon.
11    Respectfully submitted this 3rd day of March, 2009.
12
13                              Daniel David Rigmaiden, in pro se
14                              By Daniel Rigmaiden
15                              Daniel Rigmaiden
                                AKa: Steven Brawner #10966111
                                CCA-CADC
16                              PO Box 6300
                                Florence, AZ 85232
17
18

1  Certificate of service
2      I hereby certify that on this 3rd day of March, 2009
3  that the following was placed into the CCA-CADC
4  mailing system for United States Postal service delivery:
5  Original attached document plus 1 copy mailed to:
6  Clerk of the Court
   U.S. District Court
7  401 W. Washington St. Spc-1
   Phoenix, AZ 85003
8
   Copy of original document mailed to:
9
   Frederick A. Battista
10 Assistant U.S. Attorney
   40 N. Central Avenue, Suite 1200
11 Phoenix, AZ 85004

12 By Daniel Rigmaiden