Daniel Rigmaiden
Aka: Steven Brawner #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85232
Telephone: none
Email: none

Daniel David Rigmaiden
Defendant as Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden,<br><br>    Defendant. | No. CR08-814-PHX-DGC<br><br>MOTION TO WITHDRAW AND SUBSTITUTE MARK PAIGE AS COUNSEL FOR DEFENDANT |

Defendant, Daniel David Rigmaiden, appearing as defendant, requests this Court to withdraw and substitute counsel of record, Mark Paige ("Paige"), due to irreconcilable differences and a conflict of interest resulting from Paige's blatant display of ineffectiveness, misconduct and incompetence while representing the defendant.

I. **INTRODUCTION**

The defendant requests that this Court "make formal inquiry into the defendant's reasons for dissatisfaction." U.S. v. Robinson, 913 F.2d 712, 716 (9th Cir. 1990). The defendant's reasons for dissatisfaction are outlined in the defendant's "Pretrial Memorandum RE Notice Of Mark Paige's Ineffective Assistance And Misconduct" and "Motion To Dismiss With Prejudice For Violation Of Sixth Amendment Speedy Trial Right" hereby incorporated into this

1

motion by reference, pursuant to LRCiv 7.1(d)(2) when referenced through LRCrim 47.1, including all points, authorities and exhibits therein.

## II. APPLICABLE AUTHORITY

### A. One standard of review

The protocol in use when reviewing a case on direct appeal regarding denial of a motion to substitute counsel is to examine: "(1) timeliness of the motion; (2) adequacy of the court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense." Schell v. Witek, 218 F.3d 1017, 1024-25 (9th Cir. 2000); See also U.S. v. Rogers, 769 F.2d 1418, 1423 (9th Cir. 1985). The defendant wishes to avoid the need for a direct appeal regarding an illfounded denial of this motion. Therefor, the defendant requests this Court to pay particular scrutiny to the above three part protocol when making its findings.

### B. Reasons for substitution

#### 1. Ineffective assistance

The 6th Amendment right to counsel "is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970). The Strickland two prong ineffective assistance standard indicates that "[a] defendant alleging ineffectiveness of counsel has the burden of demonstrating that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense." Rogers, 769 F.2d at 1424 (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)).

## 2. Incompetent assistance

Often times counsel refer to "ineffective assistance" and "incompetent assistance" as though they were interchangeable, however, they are two separate issues. See Crandell v. Bunnel, 144 F.3d 1213, 1216, fn. 3 (9th Cir. 1998). To test an incompetent assistance claim, the Crandell court applied the first prong of the ineffective assistance standard in Strickland, i.e., determine if the defendant "overcome[s] the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 1216 (internal quotation marks omitted). See also Strickland, 466 U.S. at 689; Michel v. Louisiana, 350 U.S. 91 (1955). Prejudice need not be shown, i.e., second prong of the ineffective assistance standard in Strickland, considering that forcing a defendant to "chose between incompetent counsel and no counsel at all" jeopardizes "the fundamental fairness and accuracy of the criminal proceeding... ." Crandell, 144 F.3d at 1216.

## 3. Conflicting interests

The matter of conflicting interests is yet a third separate but related issue. "[I]n order to succeed on a claim [of ineffective assistance] based on an alleged conflict, there must be a showing of an actual conflict," i.e., "an incompatibility between the interests of two of a lawyer's clients, or between the lawyer's own private interests and those of the client." Plumlee v. Masto, 512 F.3d 1204, 1210 (9th Cir. 2008).

## III. APPLIED APPLICABLE AUTHORITY

The factual basis for the defendant's claim of Paige's ineffective assistance is outlined in the defendant's "Pretrial

Memorandum RE Notice Of Mark Paige's Ineffective Assistance And Misconduct." The factual basis for the defendant's claim of Paige's incompetence is outlined in the defendant's "Motion To Dismiss With Prejudice For Violation Of Sixth Amendment Speedy Trial Right." The conflict of interest that has arisen is in regards to the defendant's private interest in pursuing his campaign to have Paige disbared (for just cause and for the benefit of the public) and Paige's private interest to maintain good standing with the Bar.

Due to the Ninth Circuit's history of splitting hairs on the substitution issue (e.g., ineffectiveness, incompetence, conflicts, etc.), it should be noted that all of the defendant's claims and supporting facts are all encompassing of the irreconcilable differences that have arisen between the defendant and Paige. As outlined in this motion and the incorporated documents by reference, Paige has refused to adequately cooperate and communicate with the defendant. The defendant has now given up in his efforts to cooperate and communicate with Paige due to Paige's ineffectiveness, misconduct and incompetence as outlined in this motion and the incorporated documents by reference. The Ninth Circuit has previously held that "where an indigent defendant is appointed a particular public defender with whom he was dissatisfied, with whom he would not cooperate, and with whom he would not in any manner whatsoever, communicate, the defendant's constitutional rights are violated." Crandell, 144 F.3d at 1215 (internal quotation marks and citations omitted).

### IV. CONCLUSION

It is for the points and authorities setforth herein, and in

1 the incorporated documents by reference, that the defendant
2 requests this Court to withdraw Paige as counsel for defendant and
3 assign substitute counsel.
4      LRCrim 12.2 requires the undersigned to include the following
5 in all motions: "Excludable delay under 18 U.S.C. 3161(h) will
6 occur as a result of this motion or of an order based thereon."
7 However, the defendant posits that this motion will not cause any
8 "delay" and objects to any delay as a result of this motion or of
9 an order based thereon.
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///

```
 1   Respectfully submitted: June 2, 2009
 2
 3                                    DANIEL DAVID RIGMAIDEN
                                      Defendant as Defendant
 4
 5
 6                                    /s/ Daniel Rigmaiden
                                      Daniel D. Rigmaiden
 7                                    Defendant
 8
 9                       CERTIFICATE OF SERVICE
10      I hereby certify that on June 2, 2009        I caused the
11   following to be placed into the CCA-CADC mailing system for United
12   States Postal Service delivery:
13   Original attached document plus one copy addressed to:
14   Clerk, United States District Court
     Sandra Day O'Connor U.S. Courthouse, Suite 130
15   401 W. Washington St., SPC 1
     Phoenix, AZ 85003
16
     One copy each of original document addressed to:
17
     Frederick A. Battista
18   Assistant U.S. Attorney
     40 N. Central Ave., Suite 1200
19   Phoenix, AZ 85004
20   Mark A. Paige
     111 W. Monroe St., Suite 1212
21   Phoenix, AZ 85003
22   BY /s/ Daniel Rigmaiden
23
24
25
26
27
```