1  **Daniel Rigmaiden**
   Aka: Steven Brawner #10966111
2  CCA-CADC
   PO Box 6300
3  Florence, AZ 85232
   Telephone: none
4  Email: none

5  Daniel David Rigmaiden
   Defendant as Defendant

6

7              UNITED STATES DISTRICT COURT

8                 DISTRICT OF ARIZONA

9  United States of America,

        Plaintiff,                    No. CR08-814-PHX-DGC

10                                     PRETRIAL MEMORANDUM RE NOTICE OF
   v.                                  MARK PAIGE'S INEFFECTIVE
11                                     ASSISTANCE AND MISCONDUCT
   Daniel David Rigmaiden,

12      Defendant.

13

14      Defendant, Daniel David Rigmaiden, appearing as defendant,

15 notifies this Court of Mark Paige's ("Paige") ineffective

16 assistance and misconduct. The factual basis for the defendant's

17 claims is outlined in the defendant's Bar complaint filed against

18 Paige. **(Ex. [01])**

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

                              1

1    Respectfully submitted: June 2, 2009

2

3                          DANIEL DAVID RIGMAIDEN
                           Defendant as Defendant

4

5

6                          Daniel D. Rigmaiden
                           Defendant

7

8

9              CERTIFICATE OF SERVICE

10      I hereby certify that on June 2, 2009      I caused the

11   following to be placed into the CCA-CADC mailing system for United

12   States Postal Service delivery:

13   Original attached document plus one copy addressed to:

14   Clerk, United States District Court
     Sandra Day O'Connor U.S. Courthouse, Suite 130
15   401 W. Washington St., SPC 1
     Phoenix, AZ 85003
16
     One copy each of original document addressed to:
17
     Frederick A. Battista
18   Assistant U.S. Attorney
     40 N. Central Ave., Suite 1200
19   Phoenix, AZ 85004

20   Mark A. Paige
     111 W. Monroe St., Suite 1212
21   Phoenix, AZ 85003

22   BY Daniel Rigmaiden

23

24

25

26

27

                          2

EXHIBIT [01]
United States v. Rigmaiden
08CR814

# STATE BAR OF ARIZONA
# CHARGE AGAINST A LAWYER

| NAME AND ADDRESS OF CONSUMER | NAME AND ADDRESS OF LAWYER |
|---|---|
| Daniel Rigmaiden<br>Booked As: Steven Brawner<br>CCA-CADC #10966111<br>PO Box 6300<br>Florence, AZ 85232 | Mark A. Paige<br>111 W. Monroe St. Suite 1212<br>Phoenix, AZ 85003 |
| **Telephone No.**  None | **Telephone No.**  (602) 254-5457 |

1.      **Did or does this lawyer represent you?**

YES <u>XX</u>  NO <u>___</u>

**If "YES", provide the approximate dates the lawyer represented you, and the amount, if any, paid to the lawyer.  PLEASE PROVIDE A COPY OF YOUR FEE AGREEMENT.**
February 27, 2009 to present. See CJA payment vouchers for
the amount, if any, paid to the lawyer.

**If "NO", how did you come into contact with this lawyer?**

2.      **Do you currently have a lawyer other than the one named in this charge form?**

YES <u>_____</u>   NO <u>XX</u>

**If "YES", provide your lawyer's name and address.**

3.      **If your charge is about conduct in a lawsuit, provide the following information:**

**Case number of the lawsuit:** CR08-814-PHX-DGC

**Title of the lawsuit** (for example, *Smith v. Jones*): United States v. Daniel
Rigmaiden

**Name of court** (for example, Superior or Municipal Court, and name of county of city):
United States District Court in Phoenix Arizona.

**Approximate date the lawsuit was filed:** July 23, 2008

**What is your connection to the lawsuit** (for example, plaintiff or defendant): defendant

**4.**  **Is the lawyer in possession of money or other property (for example, your original documents or client file) that you believe should be returned to you?**

YES XX   NO_____

**If "YES" please identify the money or property:**
Mark A. Paige is in possession of my client file and it should be returned to me upon termination of representation.

**5.**  **What type of legal work was/is involved?**  (Check all that apply)

- ❑ **Collections**
- ❑ **Family Law/Divorce**
- XX **Criminal Law/Traffic Offenses**
- ❑ **Personal Injury**
- ❑ **Immigration**
- ❑ **Worker's Compensation**
- ❑ **General Civil**
- ❑ **Other** _____

**6.**  **What is the general nature of your charge against the lawyer** (Check all that apply)

- XX **Delay or lack of diligence**
- XX **Failing to Answer letters or phone calls**
- ❑ **Refusing to return your files or papers**
- ❑ **Conflict of interest**
- ❑ **Improper handling of your money or property**
- XX **Not keeping you informed of progress on your case**
- XX **Not following instructions**
- XX **Other** See attached charges.

**7.**  **State your charge in your own words.  Please follow the instructions contained in "Information about Filing a Charge Against a Laywer."  Include all important dates, times, places, and details so that the specific nature of your charge can be understood.**

**Use additional sheets if necessary. PLEASE DO NOT USE THE BACK OF THIS FORM.**

See attached charges
///
///
///
///

### STATE BAR OF ARIZONA CHARGE AGAINST A LAWYER

Consumer: Daniel Rigmaiden
Lawyer:   Mark A. Paige
Case No.: CR08-814-PHX-DGC


Mark A. Paige ("Paige") has violated the following Arizona Rules
Of Professional Conduct:

1. ER 1.2. Scope of representation and allocation of authority
between client and lawyer.

2. ER 1.3. Diligence.

3. ER 1.4. Communication.

4. ER 8.3. Reporting professional misconduct.

5. ER 8.4. Misconduct.


My specific charges are as follows:

1. Violation of ER 1.3, ER 1.4(a)(4) and ER 1.4(b). I sent three
letters to Paige dated March 17, 2009, March 31, 2009 and April 20,
2009. Attached are copies of the signature pages from the three
letters, all of which were notarized at roughly the time the
letters were placed in the mail. Paige has failed to respond to
all three letters. I also sent Paige written logs of the matters
discussed during our March 20, 2009 legal visit and April 8, 2009
legal phone call. I asked Paige to comment on the accuracy of the
logs. Paige has failed to follow those instructions.

2. Violation of ER 1.3, ER 1.4(a)(3), ER 1.4(a)(4), ER 1.4(b),
ER 8.4(a) and ER 8.4(d). In my letter dated March 17, 2009 sent
to Paige, I gave the following instructions all of which Paige
failed to follow:

1) With respect to my case, I instructed Paige to provide me with
a copy of the master docket, minutes from all court hearings,
copies of all correspondence sent between his law office and the
U.S. Attorney's office and an accounting of all phone calls
between his law office and the U.S. Attorney's office.

2) I instructed Paige to schedule a legal visit so that we may go
over a number of pro se motions that I submitted to the Court so
that we may determine which ones to officially file. That
instruction coincides with the Honorable David G. Campbell's
obiter dictum given on February 25, 2009.

3) I instructed Paige to send me a timely, thorough and complete
reply to all of my letters.

In my letter dated March 31, 2009 sent to Paige, I gave the following instructions all of which Paige failed to follow:

1) I instructed Paige to provide me with copies of all discovery in his possession.

2) I instructed Paige to obtain copies of the storage device drive images relevant to my case.

3) I instructed Paige to obtain and provide me with copies of the storage unit search warrant returns.

4) I instructed Paige to officially file my pro se motion to compel specific discovery needed to establish a specific pre trial defense.

In my letter dated April 20, 2009 sent to Paige, I gave the following instructions all of which Paige failed to follow:

1) I instructed Paige to put everything in writing and notified him that I cannot keep everything in memory despite his request.

2) I instructed Paige to provide me with copies of all discovery in his possession.

3) I instructed Paige to respond to all of my letters and notified him that he is in violation of ER 1.4(a)(4).

4) I instructed Paige to file a motion to unseal my case and reiterated to him my choice to remain silent and to not enter into a cooperation agreement with the government.

5) I instructed Paige to file a motion requesting that the Court not vacate any status conference hearings and to order that I be present for each and every hearing.

3. Violation of ER 1.2(a), ER 1.3, ER 8.4 and ER 8.4(d). Paige has failed to follow my instruction to pursue a defense strategy that does not involve a substantial assistance/cooperation agreement with the government. During our March 20, 2009 legal visit I informed Paige that I am not interested in entering into a cooperation agreement with the government and that a cooperation agreement defense strategy will not be used in my case. I further informed Paige that I will be going to trial and that I want my case unsealed. Paige informed me that I may "hit my head, fall unconscious, wake up and then decide that I wish to offer substantial assistance/cooperation", therefor, he will not be following my instruction to unseal the case nor will he be following my instruction to pursue a defense strategy that does not involve a cooperation agreement. In my letter dated April 20, 2009 sent to Paige, I reiterated what I instructed at our March 20, 2009 legal visit, however, Paige once again failed to follow my instructions.

4. Violation of ER 1.2, ER 1.3, ER 8.4(a), ER 8.4(c) and ER 8.4(d).

During our May 1, 2009 video teleconference, Paige informed me that he will not be providing me with the bulk of my discovery. He instead suggested that I have a meeting with the prosecutor and  government agents so that they may explain the case. Paige stated that the meeting would be a prerequisite to a cooperation agreement with the government. Again Paige ignores my instruction to not pursue a defense involving a cooperation agreement and now holds my discovery hostage in an attempt to coerce me into a meeting with the government.

5. Violation of ER 1.3, ER 8.4(a) and ER 8.4(c). During our April 8, 2009 legal phone call, Paige stated that he had not responded to my letter dated March 17, 2009 because he was bussy getting his computer forensics specialist situated and up to speed on the elements of my case. However, during our May 1, 2009 video teleconference, the computer forensics specialists could not answer the most basic of factual questions regarding elements of my case, e.g., the model number of an electronic device he was hired to investigate. He finally admitted that the only information provided to him by Paige came from the only document provided to him, a search affidavit relevant to my case. Paige was being dishonest during our April 8, 2009 legal phone call.

6. Violation of ER 8.3. During our March 20, 2009 legal visit, I informed Paige that my previous attorney, Tom Crowe ("Crowe"), had done nothing in furtherance of my defense for the entire 5 months that he represented me. I informed Paige that Crowe had engaged in no legal visits for the entire 5 months and that I met Crowe for the first time at the hearing regarding Crowe's motion to withdraw. Paige was well informed of Crowe's violation of ER 1.3 - Diligence, could easily verify the violation by examining my case file and, to the best of my knowledge, has not reported Crowe to the State Bar of Arizona. See also my Bar complaint filed against Crowe.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

March 17, 2009
Daniel Rigmaiden
RE: Attorney-Client Relationship
Page # 8 of 8

Sincerely,


Daniel Rigmaiden

_Daniel Rigmaiden_
        Author

State of ___ARIZONA___ )
County of ___PINAL___ ) ss.      ACKNOWLEDGMENT

On this ___19th___ day of ___MARCH___ , ___2009___ , before
me, the undersigned Notary Public, personally appeared,
___DANIEL RIGMAIDEN___
to me known to be the individual described in and who executed
the foregoing instrument and acknowledged that he executed the
same for the purposes therein contained.

My Commission Expires:

_____
              Notary Public

R H MILLAS
Notary Public - Arizona
PINAL COUNTY
My Comm. Exp. 08-07-10

March 31, 2009
Daniel Rigmaiden
RE: Legal Visit; Discovery; Other
Page # 10 of 10

---

Sincerely,


Daniel Rigmaiden

_Daniel Rigmaiden_
                    Author


State of _____ARIZONA_____ )
                              } ss.        ACKNOWLEDGMENT
County of _____PINAL_____ )

On this _16th_ day of _April_____ , _2009_ , before
me, the undersigned Notary Public, personally appeared,
_Daniel Rigmaiden   AKA   Steven Brawner_
to me known to be the individual described in and who executed
the foregoing instrument and acknowledged that he executed the
same for the purposes therein contained.

My Commission Expires: _____

_____
                Notary Public

April 20, 2009
Daniel Rigmaiden
RE: Everything in writing; Unseal case; Other
Page # 9 of 9

Sincerely,


Daniel Rigmaiden

*Daniel Rigmaiden*
_____
          Author

State of ____ARIZONA____ )
                          } ss.        ACKNOWLEDGMENT
County of ____PINAL____   )

On this __21st__ day of __April_____, __2009__ , before
me, the undersigned Notary Public, personally appeared,
_Daniel Rigmaiden   AKA  Steven Brawner._
to me known to be the individual described in and who executed
the foregoing instrument and acknowledged that he executed the
same for the purposes therein contained.

My Commission Expires: _____

_____  Notary Public

R. H. MILLAS
Notary Public - Arizona
PINAL COUNTY
My Comm. Exp. 08-07-10

**DATE:** May 18, 2009     **SIGNATURE:** Daniel Rigmaiden

**I understand that most written charges against lawyers eventually become a public record. I understand that all information on this form, including my name and address, will be available for review by the lawyer and others who may view the file. This charge form and other submissions by me will be sent to the lawyer.**

### SUBMIT COMPLETED FORM TO:

### STATE BAR OF ARIZONA
### 4201 North 24th Street, Suite 200
### Phoenix, Arizona  85016-6288