Daniel Rigmaiden
Aka: Steven Brawner #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85232
Telephone: none
Email: none

Daniel David Rigmaiden
Defendant as Defendant

X  FILED        ___ LODGED
___ RECEIVED    ___ COPY

JUN 1 7 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ Z DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA                **SEALED**

United States of America,

   Plaintiff,

v.

Daniel David Rigmaiden,

   Defendant.

No. CR08-814-PHX-DGC

MOTION TO BAR APPOINTMENT OF SPECIFIC ATTORNEYS DUE TO CURRENT CONFLICTING INTERESTS (FILED EX PARTE AND UNDER SEAL)

Defendant, Daniel David Rigmaiden, appearing as defendant, hereby submits a list of CJA panel attorneys of which the defendant has private conflicting interests. The defendant respectfully requests that this Court not appoint any of the below listed attorneys based on the facts, points and authorities that follow.

"[I]n order to succeed on a claim [of ineffective assistance] based on an alleged conflict, there must be a showing of an actual conflict," i.e., "an incompatibility between the interests of two of a lawyer's clients, or between the lawyer's own private interests and those of the client." Plumlee v. Masto, 512 F.3d 1204, 1210 (9th Cir. 2008). The defendant wishes to avoid future attorney-client relationships where he will be subjected to ineffective assistance as a result of private conflicting

interests.

"The Sixth Amendment guarantees criminal defendants the right to effective representation, but indigent defendants do not have a constitutional right to be represented by their counsel of choice." Gonzalez v. Knowles, 515 F.3d 1006, 1012 (2008) (quoting Caplin & Drysdale, Chartered v. U.S., 491 U.S. 617, 624 (1989)). However, the defendant knows of no Supreme Court precedent, binding precedent or persuasive authority indicating that a defendant has no right to choose which attorney will not represent him when that choice is based on the foresight of future ineffective assistance through current conflicting interests.

Corrections Corporation of America, Central Arizona Detention Center ("CCA-CADC") has a law library that is significantly lacking in materials and resources. CCA-CADC does not employ clerks to assist with the preparation of legal court and administrative documents. At one time, CCA-CADC employed Michael Vincent ("Vincent"), an individual adequately trained in law, to assist detainees with legal matters. Sometime before November of 2008, CCA-CADC terminated Vincent's employment and his position has not been refilled. In Johnson, the Supreme Court held that a prison cannot stop prisoners from helping each other write legal documents if no other legal resources are available. See Johnson v. Avery, 393 U.S. 483, 490 (1969). "[P]risoners are entitled to receive assistance from jailhouse lawyers where no reasonable alternatives are present and to deny this assistance denies the constitutional right of access to the courts." Purkey v. CCA Detention Center, 339 F.Supp.2d 1145, 1152-53 (D.Kan 2004)

1  (modification in original) (quoting Gibbs v. Hopkins, 10 F.3d 373,
2  378 (6th Cir. 1993)).
3      The defendant has helped numerous CCA-CADC detainees with the
4  preparation of various legal court and administrative documents.
5  The documents include, among others, State Bar of Arizona bar
6  complaints alleging charges against CJA panel attorneys. The
7  defendant is in the process of assisting various CCA-CADC detainees
8  with the preparation of forthcoming bar complaints. If the
9  defendant is notified, by a CCA-CADC detainee, of lawyer misconduct
10 then the defendant educates the detainee on the Arizona Rules of
11 Professional Conduct and the bar complaint process. If there are
12 grounds for **valid charges**, and if the detainee chooses to file a
13 bar complaint, then the defendant assists the detainee in the bar
14 complaint process. During that process, the defendant learns the
15 intricacies of the detainee's case and the intricacies of the
16 attorney's unethical and/or dishonest behavior. The defendant has
17 built a strong private interest in the successful outcome of
18 various forthcoming bar complaints and a strong private interest in
19 having the respondent attorneys disciplined by the State Bar of
20 Arizona. The respondent attorneys will obviously have a strong
21 private interest in defending themselves against the complaints and
22 a strong private interest in avoiding discipline by the bar.
23     Based on the facts setforth above, the defendant has private
24 conflicting interests with the attorneys listed in exhibit one.
25 **(Ex. [01])**
26     It is for the facts, points and authorities setforth herein
27 that the defendant respectfully requests that this Court not

1 | appoint the defendant any of the attorneys listed in exhibit one.
2 | The defendant respectfully requests that this ex parte motion be
3 | filed under seal.
4 |     LRCrim 12.2 requires the undersigned to include the following
5 | in all motions: "Excludable delay under 18 U.S.C. 3161(h) will
6 | occur as a result of this motion or of an order based thereon."
7 | However, the defendant posits that this motion will not cause any
8 | "delay" and objects to any delay as a result of this motion or of
9 | an order based thereon.
10 | ///
11 | ///
12 | ///
13 | ///
14 | ///
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///

Respectfully submitted: June 16, 2009

DANIEL DAVID RIGMAIDEN
Defendant as Defendant

*/s/ Daniel D. Rigmaiden*
Daniel D. Rigmaiden
Defendant

CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2009 I caused the following to be placed into the CCA-CADC mailing system for United States Postal Service delivery:

Original attached document plus one copy addressed to:

Clerk, United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington St., SPC 1
Phoenix, AZ 85003

BY */s/ Daniel Rigmaiden*

```
          EXHIBIT [01]
United States v. Rigmaiden
          08CR814
```

David Eisenberg PLC
David Eisenberg
331 N. First Ave., Suite 108
Phoenix, AZ 85003
602-452-2932

Tyrone Mitchell PC
Tyrone Mitchell
2633 E. Indian School Rd., Suite 320
602-956-8200

Maricopa Legal Defenders Office
Gregory T. Parzych
222 N. Central, Suite 8100
Phoenix, AZ 85004
602-506-8800

Law Office Of Barbara Hull
Barbara L. Hull
637 N. Third Ave., Ste Three
Phoenix, AZ 85003
480-834-0002

Joy Bertrand LLC
Joy Bertrand
8124 E Whitton Ave.
PO Box 2734
Scottsdale, AZ 85252
480-656-3919

Crowe & Scott PA
Tom Crowe
1100 E. Washington St., Suite 200
Phoenix, AZ 85034
602-252-2570

Paige Law Firm
Mark A. Paige
111 W. Monroe St., Suite 1212
Phoenix, AZ 85003
602-254-5457