1 | Daniel Rigmaiden
Aka: Steven Brawner #10966111
2 | CCA-CADC
PO Box 6300
3 | Florence, AZ 85232
Telephone: none
4 | Email: none

5 | Daniel David Rigmaiden
Defendant as Defendant
6 |

FILED ___ LODGED
RECEIVED ___ COPY

JUN 1 8 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ M DEPUTY

7 |              UNITED STATES DISTRICT COURT

8 |                   DISTRICT OF ARIZONA

9 | United States of America,

10 |        Plaintiff,              No. CR08-814-PHX-DGC

11 | v.                            ADDENDUM TO PRETRIAL MEMORANDUM
                                  RE NOTICE OF MARK PAIGE'S
12 | Daniel David Rigmaiden,       INEFFECTIVE ASSISTANCE AND
                                  MISCONDUCT
13 |        Defendant.             [SECOND ADDENDUM]

14 |      Defendant, Daniel David Rigmaiden, appearing as defendant,

15 | submits this addendum to "Pretrial Memorandum RE Notice Of Mark

16 | Paige's Ineffective Assistance And Misconduct."

17 |      Attached are written corespondence between the defendant and

18 | the State Bar Of Arizona regarding the Bar complaint filed against

19 | Paige by the defendant. (Ex. [01]) The contents of the letters are

20 | relevent to the original pretrial memorandum regarding this matter

21 | filed June 2, 2009.

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

                                    1

1 | Respectfully submitted: June 17, 2009

2

3 | DANIEL DAVID RIGMAIDEN
Defendant as Defendant

4

5

6 | Daniel D. Rigmaiden
Defendant

7

8

9 | CERTIFICATE OF SERVICE

10 | I hereby certify that on June 17, 2009 I caused the

11 | following to be placed into the CCA-CADC mailing system for United

12 | States Postal Service delivery:

13 | Original attached document plus one copy addressed to:

14 | Clerk, United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 130

15 | 401 W. Washington St., SPC 1
Phoenix, AZ 85003

16

One copy each of original document addressed to:

17

18 | Frederick A. Battista
Assistant U.S. Attorney
40 N. Central Ave., Suite 1200

19 | Phoenix, AZ 85004

20 | Mark A. Paige
111 W. Monroe St., Suite 1212

21 | Phoenix, AZ 85003

22 | BY Daniel Rigmaiden

23

24

25

26

27

2

EXHIBIT [01]
United States v. Rigmaiden
08CR814

June 15, 2009
Daniel Rigmaiden/Steven Brawner
RE: File No. 09-0991
Page # 1 of 4

---

Daniel Rigmaiden
Aka: Steven Brawner (detainee booked as) #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85232

State Bar of Arizona
4201 North 24th st., Suite 200
Phoenix, AZ 85016

State Bar of Arizona:

The purpose of this letter is to update the Bar with further information with respect to File No. 09-0991.

On June 12, 2009 at roughly 8:00am and lasting until roughly 8:17am, Mark Paige ("Paige") and I had a video teleconference at Corrections Corporation of America, Central Arizona Detention Center ("CCA-CADC"). Paige's demeanor during the meeting was very offensive and confrontational from the onset.

Paige began the meeting by summarizing the letters I received from him beginning May 27, 2009. His summary basicaly consisted of him reading portions of his letters out loud. My summary of the letters and how they further support my complaint/charges is as follows:

1)  The letter dated May 19, 2009 was received by me on **May 27, 2009** (second mailing). Paige had originally addressed the letter to my true name, Daniel Rigmaiden, instead of to the name that I am booked under, "Steven Brawner." Therefor, the letter was refused by CCA-CADC and sent back to Paige on May 21, 2009. Once Paige received the letter back, he mailed it to me a second time. In the second mailing, he included a photocopy of the original envelope with "return to sender" markings visible. See attached a copy of the photocopied envelope.

The fact that Paige was unaware that all letters sent to me need to be addressed to "Steven Brawner" is clear and convincing evidence that Paige not only fails to respond to my letters, **he also fails to even read my letters.** My very first letter sent to Paige, dated March 17, 2009, had 8 titled sections. I instructed Paige to respond to each section in his response letter. Section 8, titled "Regarding my name," clearly informed Paige that all letters sent to me at CCA-CADC need to be addressed to "Steven Brawner." See attached my March 17, 2009 letter sent to Paige (see section 8). If Paige would have read my March 17, 2009 letter, and sent a response letter stating that he understood my instructions in section 8, then he surely would not have made such

June 15, 2009
Daniel Rigmaiden/Steven Brawner
RE: File No. 09-0991
Page # 2 of 4

---

a careless mistake.

    Paige's May 19, 2009 letter, received by me on May 27, 2009,
stated that he was pursuing my instruction to provide me with
copies of discovery. I noted this content in my June 7, 2009
update letter sent to the Bar. I also noted that Paige's recent
decision to provide me with some of the information I seek,
without me having to attend a "blind" meeting with the government,
does not erase his prior and continuing misconduct. Paige's attempt
at coercion occured on May 1, 2009 and Paige refused or ignored my
requests for discovery, both verbal and written, from March 20,
2009 to as late as May 19, 2009 (roughly the date Paige et al.
contacted CCA-CADC about security provisions regarding discovery).
I should note that I first instructed Paige, in writing, to
contact CCA-CADC about security provisions on roughly April 16,
2009. However, as previously noted, Paige decided to put off
taking action to provide me with copies of discovery so that he
could use the witholding of information as a means of coercion.
Only after Paige's May 1, 2009 coercion attempt failed, did he
take action to provide me with copies of discovery.

2) The letter dated May 26, 2009 was received by me on **May 27, 2009.**
The letter contained a case law print out and no other attorney-
client information regarding my case. None of the matters or
requests for information outlined in my 3 letters were addressed
or fulfilled.

3) The letter dated June 3, 2009 was received by me on
**June 4, 2009.** The letter contained a case law print out and no
attorney-client information other than a reiteration of his
previous letter that he is taking action to provide me with
copies of discovery. Other than the reiteration, none of the
matters or requests for information outlined in my 3 letters were
addressed or fulfilled.

4) The letter dated June 10, 2009 was received by me on
**June 11, 2009.** That letter was sent by Paige **after he received
notice of the bar complaint.** Included in the letter was a copy of
the master docket, copies of emails between Paige and the
prosecutor assigned to my case, a copy of an email between Paige
and his paralegal and copies of 8 different court orders. Paige
stated in the letter that he has filed a motion to withdraw as
counsel due to my decision to file a bar complaint and the obvious
conflict of interest created thereby. Paige's attempt to comply
with the instructions contained in my 3 letters is poor at best.
It is apparent  that the information he has provided is significantly
incomplete when reviewing the instructions he failed to follow
(see original bar complaint). None of the other matters or
requests for information outlined in my 3 letters were addressed

June 15, 2009
Daniel Rigmaiden/Steven Brawner
RE: File No. 09-0991
Page # 3 of 4

---

or fulfilled.

I have not received responses to my 3 letters. All of Paige's
letters fail to acknowledge his receipt of my letters and all of
Paige's letters fail to address any of the numbered sections of my
letters. Paige failed to provide me with counseling on any of the
specific issues raised in my letters.

I have further information to support "charge 5" of my original
bar complaint. The honorable David G. Campbell ("Campbell"), the
judge presiding over my case, signed the order authorizing the
employment of the computer forensics specialist on April 7, 2009.
During our April 8, 2009 legal phone call, Paige stated that he had
not responded to my letter dated March 17, 2009 because he was
bussy getting his computer forensics specialist situated and up to
speed on the elements of my case. I don't see how that could be a
truthful statement considering the order authorizing the computer
forensics specialist's services was signed one day before the
April 8, 2009 phone call.

Paige concluded the June 12, 2009 video teleconference meeting
with statements denying his culpability with respect to my
complaint/charges and refering to me, angrily, as a "sociopathic
liar." Although Paige has submitted a motion to withdraw, he is
still my attorney. He should remain non judgemental during the
attorney-client relationship and refrain from negative emotional
outbursts.

In your letter dated June 4, 2009, you stated that I should
contact you if Paige does not contact me within 10 days of the
date of your letter. Paige contacted me, through video
teleconference, within 8 days of the date of your letter. However,
Paige made the meeting completely unproductive. He read letters
to me that I had already received, after I stated to him that I
had already received them, and then he used the meeting as an
opportunity to express his personal resentment towards me. I
don't think the Court would appreciate having to pay for Paige's
time when he uses it to instigate a personal mud slinging match
with his client.

In my April 20, 2009 letter to Paige, I instructed Paige to
file a motion requesting the Court to not vacate any status
conferences and to order the United States Marshals/CCA-CADC to
always transfer me to each and every hearing. I specifically
mentioned the April 27, 2009 status conference. I stated to Paige
that I will use each status conference as an opportunity to
express my concerns to Campbell regarding unnecessary delays and
the failures of both the defense and the prosecution. As noted in
my original bar complaint/charges, Paige failed to follow that

June 15, 2009
Daniel Rigmaiden/Steven Brawner
RE: File No. 09-0991
Page # 4 of 4

---

instruction. The April 27, 2009 status conference hearing was
vacated. If there would have been a hearing, and if I would have
been present as I instructed, then I could have used the status
conference to seek mediation on the issues listed in my bar
complaint/charges. The status conference would have been a perfect
venue to address the issues before they escalated to a point where
a bar complaint was unavoidable. Again, unforntunently Paige
refused to follow that instruction.

     Please record this letter into File No. 09-0991 as additional
information regarding my complaint/charges and notify all relevant
parties of the addition.

     I appreciate your assistance with the matters outlined in this
letter. I look forward to receiving a response.


Sincerely,

Daniel Rigmaiden

USA

PHOENIX, AZ 850
PO BOX 85000-0112

NIXIE    850   5E 1      OO  05/21/09

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

BC: 85003170112   *1614-14599-19-39

Daniel Rigmaiden
Reg #10966-111
CCA/CADC
P.O. Box, 6300
Florence, AZ 85232

0001701

PAIGE LAW FIRM
111 W. Monroe
Suite 1212
Phoenix, Arizona 85003

Rosie, This is late.
I sent out under your
name, rather than Steven
Browner.

# *PAIGE LAW FIRM*
111 W. Monroe St.
Suite 1212
Phoenix, Arizona 85003
Telephone (602) 254-5457
Fax (602) 258-9179

Mark A. Paige

May 19, 2009

March 17, 2009
Daniel Rigmaiden
RE: Attorney-Client Relationship
Page # 2 of 8

---

Daniel Rigmaiden
Aka: Steven Brawner
Agency # 10966111
CCA-CADC
PO Box 6000
Florence, AZ 85232

Mark Paige
Attorney at Law
111 W. Monroe St. Suite 1212
Phoenix, AZ 85003

Mark:

    On March 4, 2009, I received notice from my previous attorney,
Tom Crowe, that you are now my counsel of record. In a letter
dated March 5, 2009, I authorized Tom Crowe to release to you my
case files pursuant to AZ. ProfCond Rule 1.16(d) and comment n. 9.
I look forward to working with you to achieve a dismissal with
prejudice or a victory at trial. I have been in custody for 7
months and there has been absolutely no progress with my case. I
prefer to begin working towards progress immediately.

    I am writing you this letter to provide certain instructions
and information pertaining to my case and pertaining to our
attorney-client relationship. I require a timely, thorough and
complete reply to this letter and to all letters in the future.
See AZ. ProfCond Rule 1.4(a)(4). I require that your response
letters address each of the numbered sections listed in the
letters you receive from me. See AZ. ProfCond Rule 1.4(a)(2),
1.4(a)(3) and 1.4(b).

1. My expectations, requirements, instructions and requests.

    Please do not be offended by my use of the words "expect",
"require", "instruct" or similar. I use these words so that there
is no question that I, as the client, am clearly instructing you,
as the attorney, to perform certain actions that are relevant to
my defense. In contrast, if I use the word "request" then it will
usually be in regards to actions that I know you are not obligated
to comply with. You are a free person and can refuse to comply
with my expectations, requirements, instructions and requests if
you so choose. Doing so, however, will be against my direct
wishes. See AZ. ProfCond Rule 1.2(a).

2. Assume high comprehension and unlimited time.

    When explaining legal arguments and concepts to me, you should
assume that there is nothing I cannot understand. For example,

March 17, 2009
Daniel Rigmaiden
RE: Attorney-Client Relationship
Page # 3 of 8

_____

stating something like, "this is not relevant to your case", is
not acceptable to me. If you disagree with a legal argument or
concept I bring to your attention then I require that you take
the role of the prosecutor and prove me wrong. This can usually
be accomplished by stating a thorough, complete and coherant
argument while citing numerous case laws and statutes. See AZ.
ProfCond 1.4(a)(4) and 1.4(b). See also AZ. ProfCond 1.4 comment
n. 5 which states in part:

>     "The client should have sufficient information to
>     participate intelligently in decisions concerning the
>     objectives of the representation and the means by which
>     they are to be pursued, to the extent the client is
>     willing and able to do so."

This letter shall serve as notice that I am "willing and able" in
regards to all matters concerning the "objectives of the
representation". I, as your client, kindly instruct you to follow
the instructions contained in this section of this letter.

3. Allow me to read and approve complex arguments.

    I require that you allow me to read and approve all motions
containing complex legal arguments before they are filed with the
Court. See AZ. ProfCond Rule 1.2(a), 1.4(a)(2), 1.4(a)(3) and
1.4(b). The only exception is if there is not enough time for this
requirement to be met. For now, you should assume that all legal
arguments contained in all motions are complex according to my
standards. I, as your client, kindly instruct you to follow the
instructions contained in this section of this letter.

4. I require consistent legal visits.

    One of the major problems with my old attorney, Tom Crowe, is
that he refused to meet with me at CCA-CADC for legal visits.
During the roughly 5 months that he had the pleasure of
representing me, he did not meet with me at all. We had no in
person visits or video conferences. I did not even see him until
we were in court for the hearing in regards to his motion to
withdraw. I require from you, as my attorney, an in person legal
visit, or at the very least a video conference, once every 30
days. See AZ. ProfCond Rule 1.4(a)(2), 1.4(a)(3) and 1.4(a)(4).
If you have nothing to discuss with me once every 30 days then
this is an indication that my case is not progressing according
to my standards. Legal visits and video conferences should in no
way replace the instructions outlined on page # 2 paragraph # 2
of this letter. I, as your client, kindly instruct you to follow
the instructions contained in this section of this letter.

March 17, 2009
Daniel Rigmaiden
RE: Attorney-Client Relationship
Page # 4 of 8



6. I require copies and renditions of everything pertaining to my case.

    I require copies and renditions of everything pertaining to my case no matter how relevant or irrelevant you may think the information/matters/items/etc. may be. I need everything (past, present and future) including but not limited to the following:

1) A copy of the master docket and future copies of the master docket as the master docket is updated.

2) Minutes from all court hearings and proceedings in all jurisdictions (CA., AZ. or otherwise).

3) Transcripts from court hearings and proceedings, as requested, in all jurisdictions (CA., AZ. or otherwise).

4) Copies of all documents submitted to the Court, filed with the Court and received from the Court in all jurisdictions (CA., AZ. or otherwise).

March 17, 2009
Daniel Rigmaiden
RE: Attorney-Client Relationship
Page # 5 of 8

_____

5) All discovery with nothing excluded.

6) Copies of all correspondence to/from [you/your law firm/people
working for you]/[past attornys (Nicholas Humy, Craig Orent,
Susan Anderson, Tom Crowe, etc.)] and [Frederick A. Battista/the
U.S. Attorney's Office in general (people who work with/for
Frederick A. Battista no matter how far removed)].

7) Summarized transcripts of all phone calls between [you/your
law firm/people working for you] and [Frederick A. Battista/the
U.S. Attorney's Office in general (people who work with/for
Frederick A. Battista no matter how far removed)]. This should
include the date/time of the call, who initiated the call, what
was discussed, what was instructed and what was agreed upon.

     I require immediately (1), (2), (3), (4), (5), (6) and (7).
In regards to (6), I need copies of all letters sent between Tom
Crowe and [Frederick A. Battista/the U.S. Attorney's Office in
general (people who work with/for Frederick A. Battista no matter
how far removed)], copies of all letters sent between [you/your
law firm/people working for you] and Tom Crowe and copies of all
letters sent between [you/your law firm/people working for you]
and [Frederick A. Battists/the U.S. Attorney's Office in general
(people who work with/for Frederick A. Battista no matter how
far removed)]. In regards to (3), I need a copy of the transcripts
for the February 25, 2009 hearing regarding Tom Crowe's motion
to withdraw.

     The instructions contained in this section of this letter
apply to the past, present and future. I, as your client, kindly
instruct you to follow the instructions contained in this section
of this letter.

7. Motions I have filed in pro se.

     On February 25, 2009, the Honorable David G. Campbell stated
in court that he wants me and my new attorney to go over the pro
se motions I have filed with the Court so that it can be
determined which ones are "worth the Court's time". I have filed
the following pro se motions:

1) Motions filed on November 6, 2008 (5 total) regarding various
conditions of confinement issues. One of these motions has been
withdrawn.

2) Motion for appointment of specialized defense counsel admitted
to CJA panel pro hac vice pursuant to this Court's general order
07-08; filed February 6, 2009.

March 17, 2009
Daniel Rigmaiden
RE: Attorney-Client Relationship
Page # 6 of 8

---

3) Brief in response to defense counsel's "Motion to withdraw as counsel for defendant"; filed February 6, 2009.

4) Ex parte order application for appointment of specialized defense counsel admitted to CJA panel pro hac vice pursuant to this Court's general order 07-08; filed February 6, 2009.

5) Motion for in camera examination of grand jury transcripts to find perjurous testimony and evidence of prosecutorial misconduct pursuant to Fed. R. Crim. P. 6(e)(3)(E)(ii); filed February 17, 2009.

6) Motion for order granting the defendant grand jury transcripts pursuant to Fed. R. Crim. P. 6(e)(3)(E)(ii); filed February 17, 2009.

7) Motion for order granting defendant bill of particulars pertaining to confidential informant identities and other information as required under Roviaro; filed February 17, 2009.

8) Ex parte order application for filing, accepting and ruling on recent pro se motions; filed February 17, 2009.

9) Motion to take judicial notice of the definition of "Person" as an adjudicative fact pursuant to Fed. R. Evid. 201; filed March 3, 2009.

10) Motion to compel the government to disclose specific discovery as requested pursuant to Fed. R. Crim. P. 16 and other applicable authority; filed March 3, 2009.

I require an in person legal visit so that we can decide which motions shall be officially filed and which motions shall be withdrawn. Motions (9) and (10) from the above list were never served upon Tom Crowe so I have included copies with this letter. The rest of the motions should have been provided to you by Tom Crowe. Please schedule a legal visit at CCA-CADC and meet with me so that we can go over the above listed motions. I, as your client, kindly instruct you to do so.

8. Regarding my name.

My name is Daniel David Rigmaiden. I was mistakenly arrested under the name "Steven Brawner". I corrected the record for the Court but CCA-CADC refuses to recognize me under my real name. I am booked at CCA-CADC under the name "Steven Brawner" so that name needs to be on all letters you wish to be delivered to me.

March 17, 2009
Daniel Rigmaiden
RE: Attorney-Client Relationship
Page # 7 of 8

---

*. Copy retained.

I have retained a copy of this letter for my records.


I appreciate your assistance with the matters outlined in this letter. I look forward to receiving a response. Please be aware that nothing in this letter is meant to be taken personally in any way whatsoever.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

March 17, 2009
Daniel Rigmaiden
RE: Attorney-Client Relationship
Page # 8 of 8

---

Sincerely,


Daniel Rigmaiden

*Daniel Rigmaiden*
_____
                    Author


State of ____ARIZONA____ )
                          ) ss.      ACKNOWLEDGMENT
County of ____PINAL____ )

On this __19th__ day of ____MARCH____ , __2009__ , before
me, the undersigned Notary Public, personally appeared,
_____DANIEL  RIGMAIDEN_____
to me known to be the individual described in and who executed
the foregoing instrument and acknowledged that he executed the
same for the purposes therein contained.

My Commission Expires:

_____
                    Notary Public

R. H. MILLAS
Notary Public - Arizona
PINAL COUNTY
My Comm. Exp. 08-07-10