# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR 08-0814-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Daniel David Rigmaiden, ) | |
| Defendant. ) | |

Pursuant to the Court's previous order (Dkt. #111), the Court held a hearing on July 16, 2009. The hearing was attended by Defendant David Rigmaiden, also known as Steven Brawner, Defendant's counsel, Mark Paige, and representatives of the Government. After excusing the Government's representatives, the Court held a sealed and extended conversation with Defendant and attorney Paige on the record. The Court concluded that the conflict between Defendant and Mr. Paige is so great that it will result "in a total lack of communication preventing an adequate defense." *Schell v. Witek*, 218 F.3d, 1017, 1025 (9th Cir. 2000). The Court therefore concluded that Defendant should be appointed new counsel.

The Court will appoint attorney Joy Bertrand to represent Defendant in this action. Ms. Bertrand is an experienced criminal attorney.

As made clear in the Court's previous order (Dkt. #111) and at the hearing on July 16, 2009, Ms. Bertrand is appointed with this stipulation: If conflicts arise in the future that make it impossible for Ms. Bertrand to represent Defendant effectively – in other words, if there is a repeat of the problems that have arisen between Defendant and Messrs. Paige and

1 Crowe – the Court will conclude that Defendant cannot work with any lawyer effectively and
2 that he has, after several failed attorney-client relationships, forfeited his Sixth Amendment
3 right to counsel. Defendant will then be required to represent himself in this case and at trial.
4 A fifth defense lawyer will not be appointed. *See United States v. Sutcliffe*, 505 F.3d 944,
5 954-56 (9th Cir. 2007); *United States v. McLeod*, 53 F.2d 322, 325-26 (11th Cir. 1995);
6 *United States v. Fazzini*, 871 F.2d 635, 641-42 (7th Cir. 1989).

7 Because the Court will deem further requests for new counsel as a forfeiture of
8 Defendant's right to counsel and will require that Defendant represent himself at trial, the
9 Court provided Defendant with the warning about self-representation required by *Faretta v.*
10 *California*, 422 U.S. 806 (1975). The warning was included in the Court's previous order
11 (Dkt. #111) and was read to Defendant at the hearing on July 16, 2009. It is restated here:

> The court will now tell you about some of the dangers and disadvantages of representing yourself. You will have to abide by the same rules in court as lawyers do. Even if you make mistakes, you will be given no special privileges or benefits, and the judge will not help you. The government is represented by a trained, skilled prosecutor who is experienced in criminal law and court procedures. Unlike the prosecutor you will face in this case, you will be exposed to the dangers and disadvantages of not knowing the complexities of jury selection, what constitutes a permissible opening statement to the jury, what is admissible evidence, what is appropriate direct and cross examination of witnesses, what motions you must make and when to make them during the trial to permit you to make post-trial motions and protect your rights on appeal, and what constitutes appropriate closing argument to the jury.

19 *United States v. Hayes*, 231 F.3d 1132, 1138-39 (9th Cir. 2000).

20 Defendant confirmed at the hearing on July 16, 2009 that he understands the charges
21 in the Indictment. He also confirmed that he understands that conviction on all counts in the
22 Indictment, or even on some of the counts, could result in a lengthy period of incarceration
23 and a forfeiture of Defendant's assets. The Court accordingly concludes that Defendant has
24 been sufficiently apprised of the risks of self-representation.

**IT IS ORDERED:**

1. Defendant's motion for new counsel (Dkt. #96) and attorney Paige's motion to withdraw (Dkt. #110) are **granted**. Attorney Joy Bertrand is appointed as Defendant's final lawyer in this case.

2. A status hearing will be held on **July 27, 2009 at 1:30 p.m.** This is the general status conference time for cases set for trial on August 11, 2009.

3. Attorney Mark Paige shall promptly provide Defendant and attorney Joy Bertrand with copies of this order, and shall apprise Ms. Bertrand of the July 27, 2009 status conference.

Excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(D) is found to commence on June 8, 2009 for a total of 42 days.

DATED this 20th day of July, 2009.

David G. Campbell
United States District Judge

cc:     All counsel