PAGES 7/21/09

FILED _____ LODGED
_____ RECEIVED _____ COPY

JUL 2 1 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

CR08-814-PHX-DGC

July 13, 2009
Daniel Rigmaiden
RE: July 16, 2009 hearing for CR08-814-PHX-DGC
Page # 1 of 2

Daniel Rigmaiden
Steven Brawner # 10966111 (detainee booked as)
CCA-CADC
PO Box 6300
Florence, AZ 85232

Honorable David G. Campbell
United States District Judge
Sandra Day O'Connor U.S. Courthouse, Suite 623
401 West Washington Street, SPC 58
Phoenix, AZ 85003

Honorable David G. Campbell:

    I believe the enclosed documents will prove my allegation
against Mark Paige with respect to his failure to provide relevant
information to me. On April 7, 2009, Frederick Battista sent an
email to Mr. Paige stating that he was filing motions and orders
to unseal all warrant documents so that redacted copies could be
provided to me personally. See the attached April 7, 2009 email.
Despite repeated requests, both written and verbal, Mr. Paige has
failed to provide the warrant documents to me. It has been over
three months since Mr. Battista informed Mr. Paige of his intention
to provide me with the warrant documents. There is absolutely no
excuse as to why I still don't have the warrant documents in my
possession. Three months is plenty of time to work out all issues.

    If I would have had the warrant documents by the end of April
and if I would have had a competent attorney willing to instruct
Lonnie Dworken to conduct the test that Mr. Dworken already
indicated he was willing to conduct, then the July 16, 2009
hearing would be a suppression hearing--not a conflict of interest
hearing. I am under the impression that all parties involved
intend to prevent the instant case from setting a precedent
regarding investigative techniques used to locate cellular devices.

    Please also see attached the July 10, 2009 video teleconference
legal visit log.

    I hope that this letter will aid in your decision making on
July 16, 2009. I fear a retaliatory transfer to Maricopa County
Jail for mailing you this letter.

[ see page # 2 ]

July 13, 2009
Daniel Rigmaiden
RE: July 16, 2009 hearing for CR08-814-PHX-DGC
Page # 2 of 2

Sincerely,

Daniel Rigmaiden

CC:

Frederick A. Battista
Assistant U.S. Attorney
40 N. Central Ave., Suite 1200
Phoenix, AZ 85004

Mark A. Paige
111 W. Monroe St., Suite 1212
Phoenix, AZ 85003

**Mark Paige**

| | |
|---|---|
| **From:** | Battista, Fred (USAAZ) ███████████████ |
| **Sent:** | Wednesday, April 08, 2009 8:31 AM |
| **To:** | Mark Paige |
| **Subject:** | RE: Case Discovery |

Yes, please call Rose Marie at ████ to make a lunch meeting date next week.

Sent by Good Messaging (www.good.com)


-----Original Message-----
From: Mark Paige [███████████████████████]
Sent: Wednesday, April 08, 2009 10:19 AM Eastern Standard Time
To:   Battista, Fred (USAAZ)
Subject:    RE: Case Discovery

Would you have time next week to meet informally and discuss this case a bit? Grab a cup of coffee or a sandwich or something.



Mark



From: Battista, Fred (USAAZ) [mailto:██████████████████]
Sent: Tuesday, April 07, 2009 6:49 PM
To: mpaig███████████████
Subject: Case Discovery



I have filed motions and orders for authorization to release all sealed warrants, electronic monitoring documents and seizure warrants to your client. I anticipate that I will have redacted copies of most if not all of the documents to your office by the end of next week.

4/7/09

No virus found in this incoming message.
Checked by AVG - www.avg.com
Version: 8.0.238 / Virus Database: 270.11.45/2045 - Release Date: 04/07/09 06:41:00


No virus found in this incoming message.
Checked by AVG - www.avg.com
Version: 8.0.238 / Virus Database: 270.11.45/2045 - Release Date: 04/08/09 05:53:00

July 10, 2009 (date log drafted)
Daniel Rigmaiden
Legal Visit Log # 0004 - CR08-814-PHX-DGC
Page # 2 of 3

---

Legal Visit Log # 0004 - CR08-814-PHX-DGC

1. Date log drafted: July 10, 2009

2. Date/time of legal visit: July 10, 2009/8:05am to July 10, 2009/
8:24am (times are approximate)

3. Type of legal visit: video teleconference

4. Location of legal visit: Corrections Corporation of America,
Central Arizona Detention Center 1155 North Pinal Parkway,
Florence, AZ 85232 in "VTC"

5. Participants:

1) Daniel Rigmaiden ("DR"), defendant; participant # 1 of 2

2) Mark Paige ("MP"), counsel for defendant; participant # 2 of 2

6. Matters discussed and events that took place (in summary):

1) MP informed DR that he interpreted the June 25, 2009 order,
regarding, in part, MP's withdrawal, to indicate that the Honorable
David G. Campbell intended for MP and DR to have a lawyer visit.

2) MP asked DR what he will say at the July 16, 2009 hearing
regarding MP's withdrawal. DR informed MP that he will say nothing
considering everything has already been said in filings submitted
to the Court.

3) MP asked DR what problems he has with MP. DR reiterated to MP
various issues addressed in DR's filings, e.g., failure to respond
to letters, failure to address relevant issues and MP's attempt
at coercion. MP informed DR that the Bar dismissed DR's complaint
and that the Court sees DR's allegations as meritless. DR informed
MP that Ariel I. Worth, bar counsel, failed to follow the Arizona
Supreme Court Rules when processing the complaint. DR informed MP
that he is in contact with the Acting Chief Bar Counsel regarding
the matter and that DR will present the matter to the Arizona
Supreme Court for clarification.

4) DR informed MP that he wants a new attorney considering
communication with MP is impossible due to his ever increasing
ineffectiveness, incompetence, misconduct and hostility towards DR.

5) DR asked MP why he had not sent DR the warrant documents that
Frederick A. Battista ("Battista") had specifically unsealed and
redacted so that they could be provided to DR. MP informed DR that
they are under a protective order and that he had issues to work

July 10, 2009 (date log drafted)
Daniel Rigmaiden
Legal Visit Log # 0004 - CR08-814-PHX-DGC
Page # 3 of 3

out with CCA-CADC regarding getting documents to DR. DR informed
MP that the protective order is to protect personal identifiers,
e.g., social security numbers, and that the order was issued so
that unredacted discovery could be provided to DR and DR's
attorney. DR informed MP that the protective order does not apply
considering Battista stated he was unsealing and redacting the
warrant documents regardless. DR informed MP that Battista
specifically noted this in his April 7, 2009 email sent to MP.
DR informed MP that it had been 3 months since Battista stated
that he filed to unseal the warrant documents and that there is
no valid reason why in 3 months time MP failed to provide the
warrant documents to DR. MP informed DR that he does not have the
warrant documents in question. DR informed MP that MP should have
filed motions to obtain them and that he is showing further
incompetence.

7) DR repeatedly asked MP why he refuses to respond to DR's letters,
however, MP failed to answer.

8) MP became extremely aggravated and repeatedly attempted to
prematurely end the video teleconference. DR expressed his interest
to continue and to have MP address his questions, however, MP
muted the sound equipment and walked off camera while DR was in mid
sentence.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///