# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 08-0814-PHX-DGC |
| Plaintiff, | **AMENDED ORDER** |
| vs. | (amended to correct excludable time and motions ruled on) |
| Daniel David Rigmaiden, | |
| Defendant. | |

The Court erred when it appointed attorney Joy Bertrand as Defendant's final lawyer in this case. Dkt. #122. The Court failed to review Dkt. #104 before making the appointment. That docket entry suggests that Defendant and Ms. Bertrand would have a conflict from the outset of her representation. The Court has no reason to think that Ms. Bertrand has done anything inappropriate in any case, but Defendant's participation in preparing a bar complaint against her creates a potential conflict that should not exist with Defendant's final lawyer. The Court therefore will excuse Ms. Bertrand from representing Defendant and will appoint attorney Phillip Seplow to represent him.

As made clear in the Court's previous order (Dkt. #111) and at the hearings on July 16 and 27, 2009, Mr. Seplow is appointed with this stipulation: If conflicts arise in the future that make it impossible for Mr. Seplow to represent Defendant effectively – in other words, if there is a repeat of the problems that have arisen between Defendant and Messrs. Paige and Crowe – the Court will conclude that Defendant cannot work with any lawyer effectively and that he has, after several failed attorney-client relationships, forfeited his Sixth Amendment

1  right to counsel. Defendant will then be required to represent himself in this case and at trial.
2  Another defense lawyer will not be appointed. *See United States v. Sutcliffe*, 505 F.3d 944,
3  954-56 (9th Cir. 2007); *United States v. McLeod*, 53 F.2d 322, 325-26 (11th Cir. 1995);
4  *United States v. Fazzini*, 871 F.2d 635, 641-42 (7th Cir. 1989).

5  Because the Court will deem further requests for new counsel as a forfeiture of
6  Defendant's right to counsel and will require that Defendant represent himself at trial, the
7  Court provided Defendant with the warning about self-representation required by *Faretta v.*
8  *California*, 422 U.S. 806 (1975). The warning was included in the Court's previous order
9  (Dkt. #111) and was read to Defendant at the hearing on July 16, 2009. It is restated here:

> The court will now tell you about some of the dangers and disadvantages of representing yourself. You will have to abide by the same rules in court as lawyers do. Even if you make mistakes, you will be given no special privileges or benefits, and the judge will not help you. The government is represented by a trained, skilled prosecutor who is experienced in criminal law and court procedures. Unlike the prosecutor you will face in this case, you will be exposed to the dangers and disadvantages of not knowing the complexities of jury selection, what constitutes a permissible opening statement to the jury, what is admissible evidence, what is appropriate direct and cross examination of witnesses, what motions you must make and when to make them during the trial to permit you to make post-trial motions and protect your rights on appeal, and what constitutes appropriate closing argument to the jury.

17 *United States v. Hayes*, 231 F.3d 1132, 1138-39 (9th Cir. 2000).

18  Defendant confirmed at the hearing on July 16, 2009 that he understands the charges
19 in the Indictment. He also confirmed that he understands that conviction on all counts in the
20 Indictment, or even on some of the counts, could result in a lengthy period of incarceration
21 and a forfeiture of Defendant's assets. The Court accordingly concludes that Defendant has
22 been sufficiently apprised of the risks of self-representation.

23  **IT IS ORDERED:**
24  1. Order dated July 20, 2009 (Dkt. #122) is **vacated**.
25  2. Defendant's motion for new counsel (Dkt. #96) and attorney Paige's motion
26     to withdraw (Dkt. #110) are **granted**.
27  3. Attorney Joy Bertrand is **withdrawn** as Defendant's lawyer and attorney
28     Phillip Seplow is **appointed** as Defendant's final lawyer in this case.

- 2 -

4. A status hearing will be held on **August 10, 2009 at 3:30 p.m.** to address the trial date of August 11, 2009.

Excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(D) is found to commence on June 8, 2009 until July 28, 2009 for a total of 51 days.

DATED this 12th day of August, 2009.

_____
David G. Campbell
United States District Judge

cc: AUSA
Joy Bertrand
Phillip Seplow