CR-08-814-PHX-DGC

☑ FILED _____ LODGED
_____ RECEIVED _____ COPY

AUG 1 0 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# SEALED

## THE STATE BAR OF ARIZONA VIOLATES THE

## ARIZONA SUPREME COURT RULES

July 24, 2009
Daniel Rigmaiden/Steven Brawner
RE: File No. 09-0991
Page # 1 of 6

Daniel Rigmaiden
Aka: Steven Brawner (detainee booked as)
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85232

State Bar of Arizona
Ariel I. Worth
Staff Bar Counsel
4201 North 24th St., Suite 200
Phoenix, AZ 85016

Ariel I worth:

     I am in receipt of your letter dated July 8, 2009 RE: File No.
09-0991 Mark A. Paige, Respondent. Please be advised that the State
Bar of Arizona is not permitted to invent procedures that contradict
the Arizona Supreme Court Rules. According to your letter, the Bar
(1) reviewed the charges I asserted in my complaint, (2) referred
the charges for an informal resolution, (3) designated the complaint
"matter closed," and (4) forwarded the complaint to the Deputy
Chief Bar Counsel for a secondary review due to my disagreement
with the decision. The procedures followed by the Bar are not in
compliance with the procedures outlined in the Arizona Supreme
Court Rules.

     Ariz. Sup. Ct. R. 51(b), "Powers and duties of bar counsel,"
outlines your powers and duties as bar counsel. Ariz. Sup. Ct. R.
51(b) and (b)(1) state in relevant part:

     "[(b)] Bar counsel shall: [(b)(1)] Investigate all
     information coming to the attention of the state bar
     which, if true, would be grounds for discipline or
     transfer to disability inactive status. ..." Id.

The above rule requires that you first evaluate a complaint on its
face to determine if an investigation into the charges is merited.
You are required to determine whether the charges are grounds for
discipline if they would be found to be true. If the charges are
categorized under Ariz. Sup. Ct. R. 53, "Grounds for discipline,"
then they would be grounds for discipline if they would be found
to be true. If the charges meet that requirement then you are
required to "investigate" to determine if the charges are true.
This is reiterated in Ariz. Sup. Ct. R. 54, "Investigation;
initiation of proceedings," wherein Ariz. Sup. Ct. R. 54(b)(1) et
seq., "Screening," states in relevant part:

     "[(b)(1)] The state bar shall evaluate all information

July 24, 2009
Daniel Rigmaiden/Steven Brawner
RE: File No. 09-0991
Page # 2 of 6

coming to it's attention by charge or otherwise alleging
lack of professionalism, misconduct or incapacity. The
state bar: [(b)(1)(B)] Shall close the matter if the
allegations would not constitute misconduct or
incapacity under these rules, even if found to be true;
[(b)(1)(D)] Shall conduct a screening investigation if
the lawyer is subject to the jurisdiction of the court
and the information alleges facts which, if true, would
constitute misconduct or incapacity." Id.

All of the charges alleged in my complaint constitute misconduct
or incapacity if they would be found to be true. You were
therefore required to conduct a screening investigation to
determine if the charges in my complaint are true. You violated
Ariz. Sup. Ct. R. 54(b)(1)(D) considering you simply "reviewed"
the complaint and then made a determination on its face that the
allegations are not true. You are not permitted to determine the
truthfulness of bar complaint charges without conducting a
screening investigation. By your own admission, you did not
conduct a screening investigation before you considered the
"matter closed."

As outlined above in Ariz. Sup. Ct. R. 54(b)(1)(B), you may
only consider a "matter closed" if the "allegations **would not**
constitute misconduct or incapacity under these rules, even if
found to be true." Id. (emphasis added) The allegations in my
complaint **would** constitute misconduct or incapacity under these
rules if found to be true. You were therefore required to conduct
a screening investigation to determine if **the charges are true**
and dispose of the complaint in one of three ways as instructed by
Ariz. Sup. Ct. R. 54(a) et seq., "Generally," which states:

"A discipline proceeding commences upon receipt by the
state bar of a charge against a respondent. A discipline
proceeding, and a complaint if one is filed, shall be
disposed of by:
1. Dismissal;
2. Stay of discipline proceeding pending a disability
   proceeding; or
3. Imposition of one or more sanctions as provided in
   these rules." Id.

You violated the Arizona Supreme Court Rules when you "reviewed"
my complaint, referred the matter for an "informal resolution"
and designated the complaint "matter closed" once the respondent
complied with your "informal resolution" requirement. You were
required to dispose of the complaint with either a dismissal, a
stay of disciplinary proceedings or with sanctions. Furthermore,
informal resolutions, in the way used when processing my

July 24, 2009
Daniel Rigmaiden/Steven Brawner
RE: File No. 09-0991
Page # 3 of 6

---

complaint, are not in any way authorized by the Arizona Supreme
Court Rules.

In designating my complaint "matter closed" (in violation of
the rules), you very carefully avoided the word "Dismissed"
considering such an official designation can only be made **after
a screening investigation**. This fact is permeated throughout the
Arizona Supreme Court Rules:

> **"A dismissal by the state bar following a screening
> investigation**, or a dismissal by a panelist or a hearing
> officer before a hearing on the merits, based upon a
> determination that no probable cause exists, shall not be
> a bar to further action based upon the same facts."
> Ariz. Sup. Ct. R. 48(k)(1) (emphasis added).

> "In appropriate cases **dismiss proceedings if, after
> conducting a screening investigation**, there is no
> probable cause to believe misconduct or incapacity exists
> pursuant to these rules." Ariz. Sup. Ct. R. 51(b)(5)
> (emphasis added).

> **"After conducting a screening investigation**, if there is
> no probable cause to believe that misconduct or
> incapacity under these rules exists, the state bar
> counsel shall **dismiss a discipline proceeding** by filing
> a notice of dismissal with the Records Manager of the
> Lawyer Regulation Office of the state bar."
> Ariz. Sup. Ct. R. 54(b)(3) (emphasis added).

Furthermore, by designating my complaint "matter closed" (in
violation of the rules), you avoided the official "Dismissed"
designation that would entitle me to an appeal pursuant to
Ariz. Sup. Ct. R. 52(b)(2), "Dismissal by bar counsel." Although
you avoid the word "Dismissed," I already have confirmation that
a disciplinary history inquiry made to the State Bar of Arizona
Lawyer Regulation Records office will result in a letter
indicating that **my complaint was "Dismissed"** and not "matter
closed." I sent to you my notice of appeal which you ignored. You
were required to forward my complaint to the panel for an
official appeal, however, you instead once again violated the
Arizona Supreme Court Rules by forwarding my complaint to the
Deputy Chief Bar Counsel for a "secondary review." Secondary
reviews, in the way used when processing my complaint, are not in
any way authorized by the Arizona Supreme Court Rules.

Procedurally speaking, whether or not my allegations are true
is irrelevant until after the screening investigation. As long as
the allegations can be categorized under Ariz. Sup. Ct. R. 53,

July 24, 2009
Daniel Rigmaiden/Steven Brawner
RE: File No. 09-0991
Page # 4 of 6

---

"Grounds for discipline," you are required to process the complaint in accordance with Ariz. Sup. Ct. R. 54 et seq., "Investigation; iniation of proceedings." Not only do allegations of "deceit" and "dishonesty" merit a screening investigation but **all allegations** categorized under Ariz. Sup. Ct. R. 53, "Grounds for discipline," merit a screening investigation. The fact that you assert that the allegations are not "mutually exclusive" is irrelevant until after the screening investigation. Whether or not the allegations are true is not to be determined on the face of the complaint--it is to be determined through a screening investigation. Again, by your own admission, you conducted no screening investigation.

With respect to the State Bar of Arizona processing bar complaints, I have evidence of procedural disparities based on the Bar's own subjective determination of charge severity. Bar complaint File No. 09-1255 contains charges that are not "mutually exclusive," however, the Bar responded with:

> "We are considering whether this charge warrants a screening investigation. Your informal response will be helpful to our determination. <u>Please submit a written, informal response to the charge within ten (10) days of the date of this letter. If you fail to respond timely to this request, this matter will be referred to the Lawyer Regulation Office of the State Bar to undertake a formal disciplinary investigation.</u>" Patricia J. Ramirez, July 9, 2009 (emphasis in original).

In File No. 09-1255, the Bar made a determination on the face of the complaint, that a screening investigation may be warranted. The Bar required the repondent to submit a written response. The Bar took the complaint associated with File No. 09-1255 much more seriously than the instant complaint. When compared, there is less proof offered in support of the complaint associated with File No. 09-1255. One may easily make a determination on the face of the complaint that the complainant is attempting to back out of a plea that was made willingly and intelligently. The Bar seemingly makes determinations on whether to conduct a screening investigation based on the **severity** of the charges alleged in the complaint. Regardless of proof or severity determinations based on the face of the complaint, the Bar is required to conduct a screening investigation on all charges that can be categorized under Ariz. Sup. Ct. R. 53, "Grounds for discipline."

The only severity determination authorized falls under the provisions of Ariz. Sup. Ct. R. 55 et seq., "Diversion" and Ariz. Sup. Ct. R. 54(b)(1)(C) with respect to diversionary actions. If charges do not "involve deceit, dishonesty or actual harm to a client" a "**full** screening investigation" is not required, i.e., a

July 24, 2009
Daniel Rigmaiden/Steven Brawner
RE: File No. 09-0991
Page # 5 of 6

---

partial screening investigation is required. Id. (emphasis added).
Under diversion, a respondent is required to complete the terms of
diversion and, once complete, the "matter shall be dismissed by
order of the panelist, a hearing officer, the commission, or the
court." Ariz. Sup. Ct. R. 55(c), "Dismissal." The Bar is making
subjective severity determinations that are not in any way
authorized by the Arizona Supreme Court Rules.

    You may not designate a complaint "matter closed" that alleges
charges that can be categorized under Ariz. Sup. Ct. R. 53,
"Grounds for discipline," you are required to conduct a screening
investigation, you may not dismiss a complaint until after the
screening investigation is complete, you are required to honor an
appeal notice in the proper manner and you may not make post
screening investigation severity determinations not in accordance
with the provisions of diversion. From all possible angles, you
violated the Arizona Supreme Court Rules when processing my
complaint. Please immediately respond to this letter with an
explanation as to why the State Bar of Arizona fails to follow the
rules. Please also reprocess my complaint in accordance with the
rules.

    I appreciate your assistance with the matters outlined in this
letter. I look forward to receiving a response.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

July 24, 2009
Daniel Rigmaiden/Steven Brawner
RE: File No. 09-0991
Page # 6 of 6

Sincerely,


Daniel Rigmaiden

_Daniel Rigmaiden_
        Author

State of   **ARIZONA**  )

County of   **PINAL**  )  ss.        ACKNOWLEDGMENT

On this   **29th**   day of   **July**  , **2009**, before me,
the undersigned Notary Public, personally appeared,
_Daniel Rigmaiden AKA Steven Brawner_
to me known to be the individual described in and who executed
the foregoing instrument and acknowledged that he executed the
same for the purposes therein contained.

My Commission Expires:

                              R. H. MILLAS
                        Notary Public - Arizona
                        PINAL COUNTY
                        My Comm. Exp. 08-07-10

                      Notary Public

CC:

State Bar of Arizona
Maret Vessella
Deputy Chief Bar Counsel/Acting Chief Bar Counsel
4201 North 24th St., Suite 200
Phoenix, AZ 85016

State Bar of Arizona
Sandra Montoya
Conflicts Case Committe Liason
4201 North 24th St., Suite 200
Phoenix, AZ 85016

State Bar of Arizona
Jim Lee
A/CAP Senior Bar Counsel
4201 North 24th St., Suite 200
Phoenix, AZ 85016

State Bar of Arizona
Teressa J. Schmid
Executive Director
4201 North 24th St., Suite 200
Phoenix, AZ 85016

State Bar of Arizona
John Furlong
General Counsel
4201 North 24th St., Suite 200
Phoenix, AZ 85016

Supreme Court of Arizona
Chief Justice Ruth V. McGregor
1501 W. Washington
Phoenix, AZ 85007

Supreme Court of Arizona
Vice Chief Justice Rebecca White Berch
1501 W. Washington
Phoenix, AZ 85007

Supreme Court of Arizona
Justice W. Scott Bales
1501 W. Washington
Phoenix, AZ 85007

Supreme Court of Arizona
Justice Michael D. Ryan
1501 W. Washington
Phoenix, AZ 85007

Supreme Court of Arizona
Justice Andrew D. Horwitz
1501 W. Washington
Phoenix, AZ 85007

State Attorney General
Public Advocacy Division
Jennifer Boucek - Consumer Protection
1275 W. Washington
Phoenix, AZ 85007

Federal Bar Association, Phoenix Chapter
Paul Burns
Gallagher & Kennedy PA
2575 E. Camelback Rd.
Phoenix, AZ 85016

American Bar Association
740 15th St. N.W.
Washington, DC 20005

Tom Crowe
1100 E. Washington St. Suite 200
Phoenix, AZ 85034

Mark Paige
111 W. Monroe St., Suite 1212
Phoenix, AZ 85003

Joy Bertrand
PO Box 2734
Scottsdale, AZ 85252

Frederick A. Battista
40 N. Central Ave., Suite 1200
Phoenix, AZ 85004

Honorable David G. Campbell
United States District Judge
Sandra Day O'Connor U.S. Courthouse, Suite 623
401 West Washington St., SPC 58
Phoenix, AZ 85003

Jan Brewer
1700 W. Washington
Phoenix, AZ 85007



STATE BAR
OF ARIZONA

Direct Line: (602) 340-7354

July 8, 2009

Steven Brawner#10966111
CCA-CADC
P.O. Box 6300
Florence, AZ 85232-6300

Re:     File No. 09-0991
        Mark A. Paige, Respondent

Dear Mr. Brawner:

I received your correspondence on July 1, 2009 and July 2, 2009. As you were previously informed, your bar charge against Mark A. Paige has been closed. After review and consideration of your recent correspondence, I see no reason to re-open your charge. The State Bar continues to consider this matter closed.

You have raised a number of questions regarding the State Bar's procedures. You have correctly noted that I initially reviewed your charge against Mr. Paige. I referred your charge for an informal resolution by asking Mr. Paige to contact you. Mr. Paige promptly complied with the State Bar's request, and your charge was closed without a screening investigation. An informal resolution, such as the one utilized in this instance, is not considered a diversion under Rule 54, Ariz. R. Sup.Ct.. Accordingly, the rules governing diversion do not apply. You have also noted my correspondence dated June 27, 2009 does not address each and every one of your allegations. Please note, the Rules of the Supreme Court of Arizona do not require me to provide detailed responses to every allegation raised, although I generally provide some explanation as a courtesy. However, in all cases I thoroughly review and consider the allegations presented.

Your recent correspondence claims you have alleged "deceit" and "dishonesty" on the part of Mr. Paige, and therefore a screening investigation is mandated under the Rules of the Supreme Court of Arizona. While you suspect Mr. Paige is in collusion with the government, you have provided no evidence whatsoever to support your suspicions. Mere allegations or suspicions are insufficient to warrant a screening investigation. You also claim Mr. Paige lied to you on April 8, 2009 regarding his reason for failing to respond to your March 17, 2009 letter. Specifically, you claim Mr. Paige told you he had been busy "getting a computer forensics specialist situated and up to speed," but the court order authorizing the computer forensic specialist's services was not signed until April 7, 2009. The statements you attribute to Mr. Paige are not mutually exclusive and are not evidence of a "lie." This allegation is insufficient to warrant a screening investigation.

I understand you disagree with my decision. Accordingly, I will forward File 09-0991 to the Deputy Chief Bar Counsel for a secondary review. Any additional concerns regarding this matter should be addressed to the Deputy Chief Bar Counsel. Finally, you have inquired as to the status of a separate bar charge received by the State Bar on June 8, 2009. I will address those questions under separate cover.

Sincerely,

Ariel I. Worth
Staff Bar Counsel-Attorney/Consumer Assistance Program

AIW/ep

c:      Mark A. Paige
        Maret Vessella, Deputy Chief Bar Counsel/Acting Chief Bar Counsel