1 **Daniel Rigmaiden**
Aka: Steven Brawner #10966111
2 CCA-CADC
PO Box 6300
3 Florence, AZ 85232
Telephone: none
4 Email: none

5 Daniel David Rigmaiden
Defendant as Defendant

6

7 UNITED STATES DISTRICT COURT

8 DISTRICT OF ARIZONA

**SEALED**

9 United States of America,

    Plaintiff,

No. CR08-814-PHX-DGC

10

11 v.

MOTION TO REQUEST COPIES OF ALL PAYMENT VOUCHERS AND OTHER PAYMENT INFORMATION FOR SERVICES RENDERED PURSUANT TO THE CJA

12 Daniel David Rigmaiden,

    Defendant.

13

14    Defendant, Daniel David Rigmaiden, appearing as defendant,

15 requests that this court provide to the individual acting as the

16 defendant in the above captioned action, i.e., Daniel David

17 Rigmaiden, all past, present and future payment vouchers and other

18 documents pertaining to the amounts paid for all services rendered

19 (hereafter "payment information") by all individuals hired

20 pursuant to the Criminal Justice Act ("CJA") for criminal case

21 CR08-814-PHX-DGC. These individuals shall include but not be

22 limited to attorneys, investigators, experts and other individuals

23 offering services for the defense, e.g., Tom Crowe, Mark Paige,

24 Lonnie Dworken, Laurianne Litzau, Joy Bertrand and others. This

25 motion is being made pursuant to Roger A. Schroeder's

26 ("Schroeder") June 24, 2009 letter sent to Daniel David Rigmaiden

27 wherein Schroeder indicated that this motion should be filed.

1

1  Schroeder was unclear on whether he instructed Daniel David
2  Rigmaiden in his official capacity, as the currently represented
3  defendant for the above captioned action, or if he instructed
4  Daniel David Rigmaiden in his personal capacity, as a member of the
5  public unrelated to the above captioned action.
6      This motion is filed by Daniel David Rigmaiden ("defendant"),
7  in his above noted official capacity, requesting that the payment
8  information be provided to Daniel David Rigmaiden ("Rigmaiden"), in
9  his above noted personal capacity. This motion is filed under
10 protest considering relevant statutory law requires no such filing
11 either expressly or implicitly and such a filing goes against  the
12 canons of statutory construction when considering the intended
13 purpose of Congress to make the requested payment information
14 available to the public.

I. **HISTORY**

16     On about March 19, 2009, Rigmaiden sent a letter to the Clerk
17 of the Court, United States District Court in Phoenix, dated March
18 15, 2009. (**Ex. [01]**) In that letter, Rigmaiden requested that the
19 Clerk provide him with information regarding the amounts paid to
20 the defendant's previous attorney, Tom Crowe, for services
21 rendered while Tom Crowe represented the defendant as a CJA panel
22 appointed attorney. On about April 3, 2009, Rigmaiden received a
23 response letter from Schroeder dated April 1, 2009. (**Ex. [02]**)
24 In that letter, Schroeder indicated that the Court would generally
25 review requests for the requested payment information and that CJA
26 guidelines preclude payment of any voucher until a case has
27 terminated. On about April 23, 2009, Rigmaiden sent a letter to

2

1  Schroeder dated April 21, 2009. (**Ex.** [03]) In that letter,

2  Rigmaiden responded to Schroeder's misconceptions regarding the CJA.

3  On about June 9, 2009, Rigmaiden sent a letter to Schroeder dated

4  June 10, 2009. (**Ex.** [04]) In that letter, Rigmaiden notified

5  Schroeder that if he did not receive a response to that letter and

6  his April 21, 2009 letter then Rigmaiden will assume that Schroeder

7  is refusing to comply with Rigmaiden's request. On about June 25,

8  2009, Rigmaiden received a response letter from Schroeder dated

9  June 24, 2009. (**Ex.** [05]) The letter stated:

10     "I have been directed by Judge Campbell to inform you that
       the information you seek regarding disclosure of vouchers
11     should be addressed to the Court, rather than the CJA
       Voucher Review Unit. Please file a motion for the release
12     of payment information with the Court." Id.

13  This motion follows.

14  **II. <u>ANALYSIS OF THE LAW</u>**

15     Any person charged with a federal crime in the District of

16  Arizona who is financially unable to obtain adequate representation

17  is entitled to Court funded/appointed counsel and other services.

18  See Fed. R. Crim. P. 44; 18 U.S.C. 3006; 18 U.S.C. 3006A et seq.

19  The District of Arizona impliments 18 U.S.C. 3006A(a)(3) and (b),

20  and 18 U.S.C. 3006A(e)(1) stating in relevant part:

21     "[(a)(3)] Private attorneys shall be appointed in a
       substantial proportion of the cases.... [(b)] ... Counsel
22     furnishing representation under the plan shall be selected
       from a panel of attorneys designated or approved by the
23     Court... [(e)(1)] ... Counsel for a person who is
       financially unable to obtain investigative, expert, or
24     other services necessary for adequate representation may
       request them..." Id.
25

26  When faced with a pauper, the District of Arizona hires approved

27  attorneys and other approved services through the "CJA panel" so

1  that the pauper may be adequately represented.

2      The controlling authority with respect to making public the

3  records and information pertaining to the amounts paid for attorney

4  services and other services rendered by individuals hired through

5  the CJA panel is 18 U.S.C. 3006A(d)(4)(A) and (e)(4):

6      "[(d)(4)] **Disclosure of fees.--** [(d)(4)(A)] **In general.--**
       Subject to subparagraphs (B) through (E), the amounts paid
7      under this subsection for services in any case shall be
       made available to the public by the court upon the court's
8      approval of the payment. [(e)] **Services other than**
       **counsel.--** [(e)(4)] **Disclosure of fees.--** The amounts paid
9      under this subsection for services in any case shall be
       made available to the public." Id. (emphasis added).

10
11 The noted "subparagraphs (B) through (E)" outline procedures that

12 the Court must follow to prepare the payment information for

13 disclosure to the public. The procedures cover two specific

14 scenarios: (1) Pre-trial or trial in progress; and (2) Trial

15 completed. Subparagraph (B), i.e., 18 U.S.C. 3006A(d)(4)(B), states:

16     "**Pre-trial or trial in progress.**--If a trial is in pre-trial
       status or still in progress and after considering the
       defendant's interests as set forth in subparagraph (D), the
17     court shall--
           (i) redact any detailed information on the payment
18     voucher provided by defense counsel to justify the
       expenses to the court; and
19         (ii) make public only the amounts approved for payment
       to defense counsel by dividing those amounts into the
20     following categories:
           (I) Arraignment and or plea.
21         (II) Bail and detention hearings.
           (III) Motions.
22         (IV) Hearings.
           (V) Interviews and conferences.
23         (VI) Obtaining and reviewing records.
           (VII) Legal research and brief writing.
24         (VIII) Travel time.
           (IX) Investigative work.
25         (X) Experts.
           (XI) Trial and appeals.
26         (XII) Other.
       " Id.
27

1   Under a "Pre-trial or trial in progress" scenario, and before

2   payment information is made available to the public, the Court must

3   redact any detailed information that may compromise a defendant's

4   interests as set forth in subparagraph (D) and then divide the

5   amounts paid into generic categories as listed in (I) through (XII)

6   above. Subparagraph (C), i.e., 18 U.S.C. 3006A(d)(4)(C), states:

7       **"Trial completed.--**
       (i) **In general.--**If a request for payment is not

8       submitted until after the completion of the trial and
    subject to consideration of the defendant's interests as

9       set forth in subparagraph (D), the court shall make
    available to the public an unredacted copy of the expense

10      voucher.
       (ii) **Protection of the rights of the defendant.--**If the

11      court determines that defendant's interests as set forth
    in subparagraph (D) require a limited disclosure, the

12      court shall disclose amounts as provided in subparagraph
    (B).

13      " Id.

14  Under a "Trial completed" scenario, and before payment information

15  is made available to the public, the Court must determine if a

16  defendant's interests, as set forth in subparagraph (D), will be

17  compromised if unredacted payment information is disclosed to the

18  public. The Court must disclose redacted generalized payment

19  information, as provided in subparagraph (B), if the Court

20  determines that a defendant's interests will be compromised.

21  Otherwise, the Court must make available to the public unredacted

22  detailed payment information. Subparagraph (E), i.e., 18 U.S.C.

23  3006A(d)(4)(E), states in relevant part:

24      "... If there is an appeal, the court shall not release
    unredacted copies of the vouchers provided by defense

25      counsel to justify the expenses to the court until such
    time as the appeals process is completed, unless the court

26      determines that none of the defendant's interests set forth
    in subparagraph (D) will be compromised." Id.

27

Under a "Trial completed" scenario with a pending appeal, and before payment information is made available to the public, the Court should essentially follow the same procedures outlined in 18 U.S.C. (d)(4)(C).

The subparagraph (D) "defendant's interests" referred to in 18 U.S.C. 3006A(d)(4)(B), (C) and (E) are listed in 18 U.S.C. 3006A(d)(4)(D):

> **"Considerations.--**The interests referred to in subparagraphs (B) and (C) are--
>     (i) to protect any person's 5th amendment right against self-incrimination;
>     (ii) to protect the defendants 6th amendment rights to effective assistance of counsel;
>     (iii) the defendant's attorney-client privilege;
>     (iv) the work product privilege of the defendant's counsel;
>     (v) the safety of any person; and
>     (vi) any other interest that justice may require, except that the amount of the fees shall not be considered a reason justifying any limited disclosure under section 3006A(d)(4) of title 18, United States Code.
> " Id.

Disclosure procedures for payment information regarding services other than attorney services, 18 U.S.C. 3006A(e)(4), are not specified other than that amounts paid "shall be made available to the public." Id.

According to the law, specific procedures shall be followed by District of Arizona to determine if unredacted/detailed or if redacted/generalized payment information shall be made available to the public. According to the law, payment information shall be made available to the public, in at least redacted/generalized form, upon court approval of any payment voucher. According to the law, the District of Arizona is required to make available to the public unredacted/detailed payment information after a trial has

1 completed if such disclosure does not compromise a defendant's
2 interests.

3    III. **ARGUMENT**

4       Rigmaiden wishes to obtain all payment information with respect
5 to the services rendered by individuals hired pursuant to the CJA
6 for the above captioned action. The law makes it clear that the
7 requested payment information shall be made available to the public
8 upon the Court's approval of the amounts to be paid. What is less
9 clear is the procedures that a member of the public must follow in
10 order to obtain the requested payment information. Rigmaiden, a
11 member of the public, has made repeated administrative requests for
12 the payment information, however, it has not been provided.
13 According to Schroeder, the Honorable David G. Campbell ("Judge
14 Campbell") indicated that the request for the payment information
15 should be directed to the Court via motion and not to the CJA
16 Voucher Review Unit. (**Ex. [05]**) The defendant has found no express
17 statutory requirement or precedential interpretative ruling
18 indicating that this very motion is a prerequisite to obtaining the
19 requested payment information. Therefore, the Court "must adhere to
20 the canons of statutory construction and read the provisions of the
21 various statutes implicated in a manner that (1) applies the plain
22 language of the legislation and gives effect to each and every
23 provision, (2) is most warranted by the legislative history and
24 other indicia of Congressional intent, and (3) avoids a
25 Constitutional invalidation of portions of the legislation." In Re
26 U.S. For Order Dir. A Prov. Of Elec. Commun. 534 F.Supp.2d 585, 587
27 (W.D.Pa. 2008).

1    Making a motion to the Court to obtain the requested payment

2  information is counterproductive and goes against the plain language

3  of the statute, i.e., "shall be made available to the public."

4  Absent help from someone with a law degree who has years of

5  experience writing successful briefs, making a motion such as this

6  would be a near impossibility for a member of the public. There is

7  nothing in the plain language of the legislation, legislative

8  history or other indicia of Congressional intent indicating that the

9  requested payment information shall be made available to those who

10  possess the skills to write motions or to those who can afford

11  attorneys to write motions on their behalf. When seeking payment

12  vouchers on a specific case, it is not Congressional intent that a

13  member of the public file a pro se motion under that specific case

14  number, even if not party to the action and even if the case is

15  months concluded, and then wait for a judge to make a ruling. For

16  the present situation, Rigmaiden is party to the action and the

17  case is still pending, however, this motion will likely be denied

18  considering Rigmaiden, as the defendant, is represented by counsel.

19  Denying a pro se motion while a defendant is represented by counsel

20  is standard practice in Judge Campbell's courtroom. For the present

21  situation, if Rigmaiden cannot convince his attorney to file a

22  motion for the requested payment information then the plain language

23  of the legislation will never be applied, i.e., "shall be made

24  available to the public." "The plain meaning of the words chosen by

25  Congress is controlling in the absence of a clearly expressed

26  legislative intent." Vance v. Hegstrom, 793 F.2d 1018, 1023

27  (9th Cir. 1986); See also TVA v. Hill, 437 U.S. 153, 187 n. 33

8

(1978). Under any scenario, Congress clearly did not intend for a member of the public to file a motion in order to obtain copies of payment vouchers that shall be made available to the public.

There is other indicia showing that the District of Arizona is going against Congressional intent when it makes the requested payment information not readily available to the public. The concept of making the requested payment information public is deeply rooted in the United States Constitution. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and **public trial...**" U.S. Const. Amend. 6 (emphasis added). "The accused is entitled to a public trial so that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may **keep his triers keenly alive to a sense of their responsibility and to the importance of their functions.**" Cosentino v. Kelly, 102 F.3d 71, 73 (2nd Cir. 1996) (emphasis added) (internal citations and quotation marks omitted). "Openness in court proceedings may... cause all trial participants to perform their duties more conscientiously, and generally give the public an opportunity to observe the judicial system." U.S v. Sherlock, 962 F.2d 1349, 1356 (9th Cir. 1989) (internal citations omitted). "It discourages perjury and  ensures that judges, lawyers and witnesses carry out their respective functions responsibly." Id. (internal citations and quotation marks omitted). Making the requested payment information public ensures that individuals hired pursuant to the CJA, and those that approve payment vouchers, carry out their respective functions responsibly. Other than holding individuals accountable, there is nearly no other

conceivable reason why Congress intended to make the requested payment information available to the public. Other indicia shows that Congress is concerned about abuse of the payment voucher system:

> "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. 1927.

A CJA panel attorney who "multiplies proceedings" solely for the purpose of increasing his billings may be liable for his own attorney fees under 28 U.S.C. 1927. Congress has also enacted legislation that provides methods for the public to use to compel an officer or employee of the United States, e.g., CJA panel administrators, to perform their duties, e.g., provide payment vouchers to members of the public:

> "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. 1361.

Requiring Rigmaiden to complete impossible tasks, i.e., filing an unnecessary motion that will never be granted, is in violation of 18 U.S.C. 3006A et seq. when applying the canons of statutory construction. The procedure should be an administrative request, which has already been made, and not a motion to the Court.

## IV. CONCLUSION

It is for the facts, points and authorities setforth herein that the defendant respectfully requests that this motion **be denied**. This motion is unnecessary. The defendant informally requests that Judge Campbell informally notify Schroeder et al. (similar to the

1   informal notification that resulted in this motion) that Daniel

2   David Rigmaiden, in his personal capacity, is immediately entitled

3   to the requested payment information pursuant to 18 U.S.C.

4   3006A(d)(4)(A) and (e)(4), and that Schroeder et al. should put

5   into motion the steps required to comply with the full scope of 18

6   U.S.C. 3006A et seq. and fulfill Rigmaiden's pending request.

7        LRCrim 12.2 requires the undersigned to include the following

8   in all motions: "Excludable delay under 18 U.S.C. 3161(h) will

9   occur as a result of this motion or of an order based thereon."

10  However, the defendant posits that this motion will not cause any

11  "delay" and objects to any delay as a result of this motion or of

12  an order based thereon.

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

11

1   Respectfully submitted: _September 4, 2009_

2

3                                   DANIEL DAVID RIGMAIDEN
                                    Defendant as Defendant

4

5

6                                   _Daniel Rigmaiden_
                                    Daniel D. Rigmaiden

7                                   Defendant

8

9                          CERTIFICATE OF SERVICE

10      I hereby certify that on _September 4, 2009_       I caused the

11   following to be placed into the CCA-CADC mailing system for United

12   States Postal Service delivery:

13   Original attached document plus _1_ copy(s) addressed to:

14   Clerk, United States District Court
     Sandra Day O'Connor U.S. Courthouse, Suite 130

15   401 W. Washington St., SPC 1
     Phoenix, AZ 85003

16

17   One copy each of original document addressed to:

18   _Frederick A. Battista_

19   _Assistant U.S. Attorney_

20   _40 N. Central Ave., Suite 1200_
     _Phoenix, AZ  85004_

21

22   _Philip Seplow_

23   _2000 North 7th St._
     _Phoenix, AZ  85006_

24   _____

25

26   By: _Daniel Rigmaiden_

27

                              12

EXHIBIT [01]
United States v. Rigmaiden
08CR814

March 15, 2009
Daniel Rigmaiden
RE: CRO8-814-PHX-DGC
Page # 1 of 3

---

Daniel Rigmaiden
Aka: Steven Brawner
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85232

Clerk of the Court
U.S. District Court
401 W. Washington St. SPC-1
Phoenix, AZ 85003

Clerk of the Court:

I am currently being held at the Corrections Corporation of America, Central Arizona Detention Center (CCA-CADC) as a federal pretrial detainee. My agency number is 10966111 and I am booked under the name "Steven Brawner". I am currently facing federal charges under my true name, Daniel David Rigmaiden. My federal case number is CRO8-814-PHX-DGC.

On October 11, 2008, pursuant to a Court order, I was assigned the CJA panel attorney, Thomas Crowe. The order was then made effective on September 30, 2008 nunc pro tunc. On February 25, 2009, pursuant to a Court order, Thomas Crowe was removed as my attorney. This order was made effective on February 27, 2009.

Pursuant to 18 U.S.C. 3006A(d)(4)(A) and the Freedom of Information Act, I request that the Court provide me with a full disclosure of the amounts paid for services rendered by my previous attorney, Thomas Crowe. 18 U.S.C. 3006A(d)(4)(A) states in part:

"...the amounts paid under this subsection for services in any case shall be made available to the public by the court upon the court's approval of the payment."

If a full disclosure is not permitted at this time then I request a limited disclosure.

Thomas Crowe's full information is as follows:

[ See page # 2 ]

March 15, 2009
Daniel Rigmaiden
RE: CR08-814-PHX-DGC
Page # 2 of 3

---

Crowe & Scott, P.A.
Thomas N. Crowe, Esq.(#002180)
1100 E. Washington St. Suite 200
Phoenix, AZ 85034-1090

Telephone: (602) 252-2570
Facsimile: (602) 252-1939
Email: tom@crowescott.com

    I appreciate your assistance with the matter outlined in
this letter. I look forward to receiving a response.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

March 15, 2009
Daniel Rigmaiden
RE: CR08-814-PHX-DGC
Page # 3 of 3

---

Sincerely,


Daniel Rigmaiden

*Daniel Rigmaiden*
                    Author


State of _____ARIZONA_____ )
County of _____PINAL_____ } ss.        ACKNOWLEDGMENT
                                  )
On this _____19th_____ day of _____MARCH_____ , _2009_ , before
me, the undersigned Notary Public, personally appeared,
_____DANIEL RIGMAIDEN_____
to me known to be the individual described in and who executed
the foregoing instrument and acknowledged that he executed the
same for the purposes therein contained.

My Commission Expires: _____

_____
                    Notary Public

R. H. MILLAS
Notary Public - Arizona
PINAL COUNTY
My Comm. Exp. 08-07-10

EXHIBIT [02]
United States v. Rigmaiden
08CR814

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
## OFFICE OF THE CLERK

**RICHARD H. WEARE**
DISTRICT COURT EXECUTIVE / CLERK OF COURT
SANDRA DAY O'CONNOR U. S. COURTHOUSE,
SUITE 130
401 WEST WASHINGTON STREET, SPC 1
PHOENIX, ARIZONA 85003-2118

*Visit our website at www.azd.uscourts.gov*

**RONNIE HONEY**
CHIEF DEPUTY CLERK
SANDRA DAY O'CONNOR U. S. COURTHOUSE,
SUITE 130
401 WEST WASHINGTON STREET, SPC 1
PHOENIX, ARIZONA 85003-2118

**MICHAEL S. O'BRIEN**
CHIEF DEPUTY CLERK
EVO A. DECONCINI U.S. COURTHOUSE
405 W. CONGRESS, SUITE 1500
TUCSON, ARIZONA 85701-5010

April 1, 2009

Daniel Rigmaiden
AKA Steven Brawner
Agency # 10966111
CCA-CADC
P. O. Box 6300
Florence, AZ 85003

**Re: Request for payment information in *USA v. Rigmaiden*, CR 08-814 PHX DGC**

Dear Mr. Rigmaiden:

Neither the Freedom of Information Act (5 U.S.C. §552) nor the Privacy Act (5 U.S.C. §552a) applies to the Judiciary and neither is applicable to requests for release to the public of records and information pertaining to activities under the Criminal Justice Act (CJA) and related statutes. Despite this fact, the Court will generally review such requests and make a determination as to whether or not disclosure, or limited disclosure, is appropriate.

CJA guidelines preclude payment of any voucher until a case has terminated. The case for which you request information remains pending and no vouchers have been submitted by any attorney. You may resubmit your request for the Court's consideration at the conclusion of the case. Please note that attorneys typically are allowed up to 45 days in which to submit their vouchers.

Sincerely,

Roger A. Schroeder
CJA Administrator

---

*The staff of the Clerk's Office ensures the effective, efficient and professional delivery of clerical and administrative services, while fostering a customer-friendly and employee-friendly environment.*

EXHIBIT [03]
United States v. Rigmaiden
08CR814

April 21, 2009
Daniel Rigmaiden
RE: CR08-814-PHX-DGC
Page # 1 of 3

Daniel Rigmaiden
Aka: Steven Brawner
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85232

Clerk, U.S. District Court
Attention: Roger A. Schroeder, CJA Administrator
401 W. Washington St., SPC-1
Phoenix, AZ 85003

Roger A. Schroeder:

    I am writing you this letter to provide information, according
to my understanding of the law, with respect to the Criminal
Justice Act (CJA) and 18 U.S.C. 3006A. First, I thank-you for
informing me of the fact that the Freedom of Information Act
(5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a) do not apply
to the Judiciary. Detainees at CCA-CADC are not provided with
access to Title 5, among many other missing resources, nor are we
provided with assistance from individuals adequately trained in
law. CCA-CADC in no way meets its legal obligation pursuant to
applicable case law, e.g., Lewis v. Casey, 116 S.Ct. 2174 (1996).
Furthermore, as I am sure you are aware considering your position
as a CJA Administrator, CJA panel attorneys refuse to assist
clients in any matter that even slightly out steps the bounds of
what they perceive to be their role in representation.

    As noted previously in my letter dated March 15, 2009, the
controlling authority with respect to making public the records
and information pertaining to the amounts paid for services
rendered by CJA panel attorneys is 18 U.S.C. 3006A et seq. In
your April 1, 2009 letter you state, "the Court will generally
review such requests...". However, pursuant to 18 U.S.C.
3006A(d)(4)(A), the Court is not only obligated to review such
requests but **shall** provide either a full disclosure or partial
disclosure after applying subparagraphs (B) through (E). With
respect to partial disclosure, the Court is to follow the redaction
instructions outlined in 18 U.S.C. 3006A(d)(4)(B)(i) and (ii)
after applying 18 U.S.C. 3006A(d)(4)(B) through (E).

    In your April 1, 2009 letter you state, "CJA guidelines
preclude payment of any voucher until a case has terminated".
However, pursuant to 18 U.S.C. 3006A(d)(4)(B) titled "Pre-trial
or trial in progress", for cases in pre-trial status such as mine,
the Court is to first apply 18 U.S.C. 3006A(d)(4)(D) and then
follow the redaction instructions outlined in 18 U.S.C.
3006A(d)(4)(B)(i) and (ii). The authors of 18 U.S.C. 3006A et seq.

April 21, 2009
Daniel Rigmaiden
RE: CR08-814-PHX-DGC
Page # 2 of 3

would not have included a provision covering "Pre-trial or trial in progress", with respect to disclosure of payment information, if CJA guidelines preclude payment of any voucher until a case has terminated. I believe your position on the matter may change if you review the above noted statutes.

Specifically with my case, I am being subjected to a violation of my right to speedy trial under the 6th Amendment and pursuant to Barker v. Wingo. I expect, and have been informed, that my case will take years to conclude. Attorneys, investigators, experts and other individuals offering services are not expected to wait years, in cases such as mine, before receiving payment for services rendered. As you stated in your April 1, 2009 letter, no vouchers have been submitted for my case. I expect that vouchers will be submitted soon.

This letter shall serve as notice that I am requesting of you copies of all vouchers and other documents, **as they become available**, pertaining to the amounts paid for all services rendered by all individuals hired pursuant to the CJA for criminal case CR08-814-PHX-DGC. These individuals shall include attorneys, investigators, experts and other individuals offering services for the defense, e.g., Tom Crowe, Mark Paige, computer forensics specialists and others. This request is made pursuant to 18 U.S.C. 3006A(d)(4)(A) and 18 U.S.C. 3006A(e)(4). Please keep me updated as vouchers are submitted and as you notify the Court to make determinations as to what information will be provided to me pursuant to this request and pursuant to the applicable authority outlined in this letter.

I am a member of the public making a request for information that is to be made public record pursuant to the applicable authority outlined in this letter. Therefore, it is your duty, as the individual assigned to handle such requests, to comply with my request. This letter shall act as my exhaustion of administrative remedies (though typically not required) that may be a prerequisite to a 42 U.S.C. 1983 civil action, in the nature of mandamus, with jurisdiction held in federal court pursuant to 28 U.S.C. 1361 which states:

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

I appreciate your assistance with the matters outlined in this letter. I look forward to receiving a response.

///

April 21, 2009
Daniel Rigmaiden
RE: CR08-814-PHX-DGC
Page # 3 of 3

---

Sincerely,


Daniel Rigmaiden

*Daniel Rigmaiden*
_____
          Author


State of _____ARIZONA_____ )
                                    } ss.        ACKNOWLEDGMENT
County of _____PINAL_____ )

On this __23rd__ day of __APRIL_____ , __2009__ , before
me, the undersigned Notary Public, personally appeared,
*Daniel Rigmaiden AKA Steven Brawner*
to me known to be the individual described in and who executed
the foregoing instrument and acknowledged that he executed the
same for the purposes therein contained.

My Commission Expires: _____

_____
          Notary Public

R. H. BILLAS
Notary Public - Arizona
PINAL COUNTY
My Comm. Exp. 08-07-10

EXHIBIT [04]
United States v. Rigmaiden
08CR814

June 10, 2009
Daniel Rigmaiden
RE: CR08-814-PHX-DGC
Page # 1 of 2

---

Daniel Rigmaiden
Aka: Steven Brawner
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85232

Clerk, U.S. District Court
Attn.: Roger A. Schroeder, CJA Administrator
401 W. Washington St., SPC-1
Phoenix, AZ 85003

Roger A. Schroeder:

   In my letter dated April 21, 2009, I asked that you please
keep me updated with information regarding the payment vouchers
that have been submitted under my case number (I am entitled to
this information pursuant to the Criminal Justice Act).

   I have not received any response letters from you. Please
respond to my last letter, wherein I clarified the law for you,
and also send me an update on the payment vouchers, if any, that
have been submitted. If no payment vouchers have been submitted
then please indicate that in your response letter. If I do not
receive a response from you within 30 days then I will assume that
you are refusing to comply with my request and that you are
refusing to fulfill your obligations as a CJA administrator.

   Please be aware that I was erroneously arrested and booked
under the name "Steven Brawner." CCA-CADC refuses to recognize me
under my true name, Daniel Rigmaiden, and often times letters sent
to my true name get returned. Considering that, all letters sent
to me need to be addressed as follows:

Steven Brawner
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85232

   I appreciate your assistance with the matters outlined in this
letter. I look forward to receiving a response.

///
///
///
///
///
///

June 10, 2009
Daniel Rigmaiden
RE: Request for information CJA panel complaints
Page # 2 of 2

_____

Sincerely,


Daniel Rigmaiden

_Daniel Rigmaiden_
_____
                Author

State of ___ARIZONA_____ )
                             ) ss.        ACKNOWLEDGMENT
County of ___GILA_____  )

On this ___9___ day of _____June_____, __2009__ , before
me, the undersigned Notary Public, personally appeared,
___DANIEL RIGMAIDEN AKA Steven Brawner___
to me known to be the individual described in and who executed
the foregoing instrument and acknowledged that he executed the
same for the purposes therein contained.

My Commission Expires: ___10-4-2010_____

_____
              Notary Public

Kenneth Mac Auley
NOTARY PUBLIC -- ARIZONA
GILA COUNTY
My Commission Expires
October 4, 2010

6-9-09

EXHIBIT [05]
United States v. Rigmaiden
08CR814

# UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA
### OFFICE OF THE CLERK

**RICHARD H. WEARE**
DISTRICT COURT EXECUTIVE / CLERK OF COURT
SANDRA DAY O'CONNOR U. S. COURTHOUSE,
SUITE 130
401 WEST WASHINGTON STREET, SPC 1
PHOENIX, ARIZONA 85003-2118

*Visit our website at www.azd.uscourts.gov*

**RONNIE HONEY**
CHIEF DEPUTY CLERK
SANDRA DAY O'CONNOR U. S. COURTHOUSE,
SUITE 130
401 WEST WASHINGTON STREET, SPC 1
PHOENIX, ARIZONA 85003-2118

**MICHAEL S. O'BRIEN**
CHIEF DEPUTY CLERK
EVO A. DECONCINI U.S. COURTHOUSE
405 W. CONGRESS, SUITE 1500
TUCSON, ARIZONA 85701-5010

June 24, 2009

Daniel Rigmaiden
A.K.A. Steven Brawner
Agency # 10966111
CCA-CADC
P. O. Box 6300
Florence, AZ 85232

Dear Mr. Rigmaiden:

I have been directed by Judge Campbell to inform you that the information you seek regarding disclosure of vouchers should be addressed to the Court, rather than the CJA Voucher Review Unit.  Please file a motion for the release of payment information with the Court.

Sincerely,

Roger A. Schroeder
CJA Administrator

---

*The staff of the Clerk's Office ensures the effective, efficient and professional delivery of clerical and administrative services, while fostering a customer-friendly and employee-friendly environment.*