1 | Daniel Rigmaiden
2 | Aka: Steven Brawner (detainee booked as)
Agency # 10966111
CCA-CADC
3 | PO Box 6300
Florence, AZ 85132
4 | Telephone: none
Email: none
5 |
6 | Daniel David Rigmaiden
Pro Se

FILED ___ LODGED
___ RECEIVED ___ COPY

DEC 04 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

7 | UNITED STATES DISTRICT COURT

8 | DISTRICT OF ARIZONA

9 | United States of America,      )   No. CR08-814-PHX-DGC
                                   )
10 |     Plaintiff,                )   MOTION FOR LEAVE TO PROCEED
                                   )   PRO SE AND TO PLACE PHILIP
11 | v.                            )   SEPLOW INTO ADVISORY POSITION
                                   )
12 | Daniel David Rigmaiden,       )
                                   )
13 |     Defendant.                )
                                   )
14 | _____ )

15 |     Defendant, Daniel David Rigmaiden, appearing pro se,

16 | respectfully requests permission to proceed pro se and to place

17 | his current attorney, Philip Seplow, into an advisory position,

18 | i.e., "shadow counsel." This motion is being made because the

19 | defendant is better suited by representing himself. The defendant

20 | knowingly and intelligently waives his right to counsel.

21 |     This motion is supported by the memorandum of points and

22 | authorities attached hereton and incorporated by this reference.

23 |     LRCrim 12.2(a) requires that the undersigned include the

24 | following statement in all motions: "Excludable delay under

25 | 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion

26 | or of an order based thereon." However, the defendant posits that

27 | this motion will not cause any "delay" and objects to any delay

1

1   as a result of this motion or of an order based thereon.

2   ///

3   ///

4   ///

5   ///

6   ///

7   ///

8   ///

9   ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

1    I, Daniel David Rigmaiden, being first sworn under oath,

2  declare, certify, verify, state, swear, and affirm under penalty

3  of perjury under United States laws that the facts contained in

4  the foregoing motion, and in any attached/incorporated

5  memorandum, are true and correct to the best of my knowledge,

6  except as to those matters which are therein stated on

7  information and belief, and, as to those matters, I believe it to

8  be true. (28 U.S.C. § 1746; 18 U.S.C. § 1621).

9

10  _December 2, 2009_____        _Daniel Rigmaiden_____
     Executed On                     Signature of Affiant

11

12                                  Daniel David Rigmaiden
                                    Aka: Steven Brawner

13                                  (detainee booked as)
                                    Agency # 10966111

14                                  CCA-CADC
                                    PO Box 6300

15                                  Florence, AZ 85132

16    Subscribed and sworn to before me this _2nd_ day of

17  _December_____, _2009_.

18

19                                  _____

20                                  Notary Public

21                                  R. H. MILLAS
                                    Notary Public - Arizona
                                    PINAL COUNTY

22                                  My Comm. Exp. 08-07-10

23

24                                  _____
                                    My Commission Expires

25                                  STATE OF ARIZONA        )
                                                            ) ss.
26                                  COUNTY OF _PINAL____    )

27  ///

3

1  Respectfully submitted: December 2, 2009

2

3  DANIEL DAVID RIGMAIDEN
   Defendant as Defendant

4

5

6  Daniel D. Rigmaiden
   Defendant

7

8

9  CERTIFICATE OF SERVICE

10  I hereby certify that on December 2, 2009 I caused the

11  following to be placed into the CCA-CADC mailing system for United

12  States Postal Service delivery:

13  Original attached document plus 1 copy(s) addressed to:

14  Clerk, United States District Court
    Sandra Day O'Connor U.S. Courthouse, Suite 130
15  401 W. Washington St., SPC 1
    Phoenix, AZ 85003

16

17  One copy each of original document addressed to:

18  Frederick A. Battista

19  Two Renaissance Square

20  40 North Central Ave, Suite 1200
    Phoenix, AZ 85004

21

22  Philip Seplow

23  2000 North 7th St.
    Phoenix, AZ 85006

24

25

26  By: Daniel Rigmaiden

27

4

## MEMORANDUM OF POINTS AND AUTHORITIES

## MOTION FOR LEAVE TO PROCEED PRO SE AND TO PLACE PHILIP SEPLOW INTO ADVISORY POSITION

### I. INTRODUCTION

The defendant now asserts his Constitutional right to conduct his own defense. The defendant knowingly and intelligently waives his right to counsel. The defendant requests leave to proceed pro se considering he believes he is better suited by representing himself. The defendant does not require any further warnings or hearings on the matter of self-representation. The defendant requests that his current attorney be placed into an advisory position, i.e., "shadow counsel." The defendant requests that he be provided with the entire case file and contact information for all defense team members so that he may immediately begin instructing and conducting his own defense.

### II. STATEMENT OF FACTS

On June 25, 2009, the Court issued an order (Dkt. #111) containing the appropriate warnings about self-representation under <u>Faretta v. California</u>, 422 U.S. 806 (1975):

> "The court will now tell you about some of the dangers and disadvantages of representing yourself. You will have to abide by the same rules in court as lawyers do. Even if you make mistakes, you will be given no special privileges or benefits, and the judge will not help you. The government is represented by a trained, skilled prosecutor who is experienced in criminal law and court procedures. Unlike the prosecutor you will face in this case, you will be exposed to the dangers and disadvantages of not knowing the complexities of jury selection, what constitutes a permissible opening statement to the jury, what is admissible evidence, what is appropriate direct and cross examination of witnesses, what motions you must make and when to make them during the trial to permit you to make

1

post-trial motions and protect your rights on appeal, and what constitutes appropriate closing argument to the jury." Id. at 9 (quoting United States v. Hayes, 231 F.3d 1132, 1138-39 (9th Cir. 2000)).

The Court further found that the "[d]efendant plainly understands the charges against him in the indictment." Id.

On July 16, 2009, the Court held a hearing attended by the defendant. The above quoted "Faretta warning" was read to the defendant by the Honorable David G. Campbell. The defendant confirmed that he understood the charges in the indictment and that a conviction on all counts, or even on some of the counts, could result in a "lengthy" period of incarceration and a forfeiture of his assets. The Court then concluded that the defendant has been sufficiently apprised  of the risks of self-representation.

On July 20, 2009, the Court issued an order (Dkt. # [UNKNOWN]) that summarized the colloquy at the July 16, 2009 hearing. The order further stated that "[t]he Court accordingly concludes that Defendant has been sufficiently apprised of the risks of self-representation." Id. at 2.

Philip Seplow (hereafter "Seplow") was appointed counsel for the defendant on some date proceeding July 27, 2009. Seplow is the defendant's current defense counsel.

## III. ARGUMENT

The Supreme Court held in Faretta v. California, 422 U.S. 806 (1975) that "[t]he right of self-representation finds support in the structure of the Sixth Amendment, as well as in the English and colonial jurisprudence from which the Amendment emerged." Id. at 818. For the present case, the defendant now asserts "his

2

constitutional right to conduct his own defense." Id at 836. The
defendant further asserts that he is knowingly and intelligently
waiving his right to counsel and requests that he be permitted to
proceed pro se. "When a defendant requests to proceed pro se, a
district court may only grant the request after determining that
the defendant knowingly and intelligently waived the right to
counsel." <u>United States v. Moreland</u>, 509 F.3d 1201, 1208
(9th Cir. 2007) (citations and internal quotation marks omitted).

### A. The defendant has good reason to proceed pro se.

The defendant wishes to represent himself considering Seplow
would be unable to make a living if he were to spend the time
required to put forth an adequate defense. Furthermore, the
defendant's specialist, paralegal and investigator are better
advised by the defendant than by Seplow. The defendant does not
have time to wait for Seplow to finish "educating himself" in the
"evolving area of the law" involved in the defendant's case (quoted
from Seplow's "Motion To Continue Trial," filed November 18, 2009).
The defendant's education is concluded and he simply needs the
required resources, defense services, and time to put together his
own defense. Any disagreements by the Court will not affect the
defendant's decision to proceed pro se.

### B. The defendant does not require any further warning or hearings on the matter of self-representation.

The Court has given the defendant "Faretta warnings" in two
court orders and during one court hearing. See section II, supra.
At the July 16, 2009 hearing, and in the July 20, 2009 court order,

the Court found that the defendant had been apprised of the risks of self-representation. The defendant does not require any further warnings or hearings on the matter of self-representation. The defendant is aware of the Court's position and accepts the Court's warning. However, the defendant believes that the benefits of self-representation, for this specific case and under these specific circumstances, outweigh the risks of self-representation. The defendant requests that the Court grant this motion without any additional court hearings so that the defendant may immediately begin working on his own defense. Furthermore, the defendant wishes to avoid a court hearing on the matter considering the offensive manner in which he is treated by CCA-CADC on court appearance days. If a hearing is unavoidable then the defendant requests that he be permitted to attend through teleconference from CCA-CADC.

> C. The defendant requests that Philip Seplow be placed into an advisory position, i.e., "shadow counsel."

The defendant requests that Philip Seplow be placed into an advisory position considering his familiarity with the case and with the defendant. Although the defendant "does not have a right to advisory counsel," the Court may still "appoint standby or advisory counsel to assist the [] defendant without infringing on his right to self-representation." Moreland, 509 at 1208 (internal quotation marks omitted) (see also McKaskle v. Wiggins, 465 U.S. 168, 176-77 (1984)).

"Generally, the role of standby counsel is vague and undefined, and the defendant must retain control over his case." Id. at 1209. Just like in Moreland, the defendant in the present case will "play

4

this by ear," and does not condition his waiver of counsel. Id.
(quotation marks in original) (quoting the district judge). In
Moreland, the defendant complained that his advisory counsel was
"refusing to familiarize himself with the case, review the evidence,
assist with discovery, and offer any assistance beyond filing a few
motions." Id. at 1210 (internal quotation marks omitted). In the
present case, it makes no difference to the defendant if Seplow
refuses to assist in the areas complained about by Moreland.
Moreover, if Seplow files "a few motions" then the defendant will
move to strike "a few motions." Id. Furthermore, the defendant does
not intend to use Seplow as a "scribes maid," as he so wishes, and
the defendant understands that conducting legal research and
obtaining case law print-outs, legal review articles, and other
resources is a job for a research paralegal.

   The defendant needs Seplow to advise him on the law, advise him
on procedure, and fulfill "basic administrative responsibilities."
Id. (quoting the district judge). In other words, the defendant
simply needs Seplow to shadow the defendant.

> **D. The defendant requests that he be provided with
> the entire case file and contact information for
> all defense team members.**

   The defendant requests that he be provided with the entire case
file and contact information for all defense team members so that
he may immediately begin instructing and conducting his own defense.
The defendant requests (1) the case file that is currently in
Seplow's possession, (2) all work product generated by Seplow,
Lonnie Dworken (computer forensic specialist) and Laurianne Litzau
(paralegal), and (3) the contact information, i.e., mailing

addresses and phone numbers, of Lonnie Dworken and Laurianne Litzau.

> **E. The defendant objects to all motions filed by Seplow between the filing date of this motion and the ruling date of this motion.**

Considering the defendant now elects to proceed pro se, certain motions filed by Seplow, e.g., "Motion To Suppress," will be detrimental to the defendant's planned defense strategies. For the sake of simplicity, the defendant makes a blanket objection to all motions filed by Seplow between the filing date of this motion and the ruling date of this motion. The defendant will move to strike all motions filed by Seplow during the above mentioned time frame.

## IV. CONCLUSION

The defendant is appearing pro se and has no formal legal training whatsoever. The Supreme Court requires that the Court hold the defendant's motion "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

It is for the facts, points, and authorities set forth herein that the defendant respectfully requests that this motion be granted.

///

///

///

///

///

///

///

///

6