1 | **Daniel Rigmaiden**
Aka: Steven Brawner (detainee booked as)
2 | Agency # 10966111
CCA-CADC
3 | PO Box 6300
Florence, AZ 85132
4 | Telephone: none
Email: none
5 |
Daniel David Rigmaiden
6 | Pro Se, Defendant

___ FILED          ✓ LODGED
___ RECEIVED    ___ COPY

JAN 0 5 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ B DEPUTY

7 | UNITED STATES DISTRICT COURT

8 | DISTRICT OF ARIZONA

9 | United States of America,            )   No. CR08-814-PHX-DGC
                                                    )
10 |          Plaintiff,                          )   MOTION FOR COURT ORDER
                                                    )   PROHIBITING VINDICTIVE
11 | v.                                             )   SUPERSEDING INDICTMENT
                                                    )
12 | Daniel David Rigmaiden,               )
                                                    )
13 |          Defendant.                        )   SEALED
                                                    )
14 | _____)

15 |        Defendant, Daniel David Rigmaiden, appearing pro se,

16 | respectfully requests that the Court prohibit the government from

17 | superseding the defendant's indictment, based on alleged conduct

18 | related to the alleged scheme and known to the government as of

19 | December 22, 2009, if it results in an increase in the number or

20 | severity of the charges in the current indictment. In order to

21 | prevent the government from superseding the indictment for the

22 | same vindictive reasons in the future, the defendant requests

23 | that the Court's prohibition order apply permanently.

24 |        This motion is being made because the government plans to

25 | vindictively supersede the defendant's indictment, in the last

26 | week of January 2010, in response to the defendant exercising his

27 | Sixth Amendment right to represent himself.

1    This motion is supported by the memorandum of points and
2  authorities attached hereto and incorporated by this reference.
3    LRCrim 12.2(a) requires that the undersigned include the
4  following statement in all motions: "Excludable delay under
5  18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion
6  or of an order based thereon." However, the defendant posits that
7  this motion will not cause any "delay" and objects to any delay
8  as a result of this motion or of an order based thereon.
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///

1    I, Daniel David Rigmaiden, declare, certify, verify, and

2  state, under penalty of perjury under the laws of the United

3  States of America, that the facts contained in the foregoing

4  motion, and in any attached/incorporated memorandum, are true and

5  correct to the best of my knowledge, except as to those matters

6  which are therein stated on information and belief, and, as to

7  those matters, I believe it to be true. See 28 U.S.C. § 1746; 18

8  U.S.C. § 1621.

9

10  January 2, 2010                    Florence
    [Executed On (date)]               [Executed in the City of]
11

12  Arizona                            United States of America
    [Executed in the State of]         [Executed in the Country of]

13

14                                     Daniel Rigmaiden
                                       _____
15                                     Signature of Declarant

16                                     Daniel David Rigmaiden
                                       Aka: Steven Brawner
17                                     (detainee booked as)
                                       Agency # 10966111
18                                     CCA-CADC
                                       PO Box 6300
19                                     Florence, AZ 85132

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

3

Respectfully submitted: January 3, 2010

DANIEL DAVID RIGMAIDEN
Pro Se, Defendant


*Daniel Rigmaiden*
Daniel D. Rigmaiden
Defendant

## CERTIFICATE OF SERVICE

I, Daniel David Rigmaiden, certify under penalty of perjury under the laws of the United States of America (see 28 U.S.C. § 1746; 18 U.S.C. § 1621) that on January 3, 2010 at approximately 2:00pm I caused the following to be placed into the CCA-CADC mailing system for United States Postal Service delivery with first-class postage prepaid by CCA-CADC:

Original attached document plus 1 copy(s) addressed to:

Clerk, United States District Court
Sandra Day O'Connor U.S. Courthouse, suite 130
401 W. Washington St., SPC 1
Phoenix, AZ 85003

One copy each of original document addressed to:

Frederick A. Battista
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Philip Seplow
2000 North 7th St.
Phoenix, AZ 85006

By: *Daniel Rigmaiden*

4

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## MOTION FOR COURT ORDER PROHIBITING VINDICTIVE SUPERSEDING INDICTMENT

## I. <u>INTRODUCTION</u>

In response to the defendant exercising his Sixth Amendment right to represent himself, the government now vindictively seeks a superseding indictment. According to AUSA Battista's December 22, 2009 fax, the government intends to supersede the defendant's indictment in the last week of January 2010. The government is unhappy with the defendant electing to proceed without counsel and the government wishes to use a vindictive superseding indictment, and the threat thereof, to entice the defendant into immediate plea negotiations.

The defendant and the government are currently not engaged in plea negotiations of any sort and there have been no plea offers made by either side in the past. The government may only use the threat of a superseding indictment, as a negotiation tactic, once plea negotiations have already begun. The government may not use such a tactic to entice the defendant to merely enter into plea negotiations. In doing so, the government intends to punish the defendant for exercising a Constitutional right and seeks to avoid having to deal with a pro se defendant. According to relevant case law, a superseding indictment of this nature, and at this time, is considered vindictive. The government intends to supersede the defendant's indictment to include conduct allegedly occuring over 20 months ago. The government's 20 month delay further supports the defendant's claim of a vindictive superseding indictment.

1

## II. STATEMENT OF FACTS

The defendant was indicted on July 23, 2008 for conduct allegedly occuring between January 1, 2005 and April 15, 2008. The defendant's indictment charges 1 count of 18 U.S.C. § 371, "Conspiracy," 24 counts of 18 U.S.C. § 1343, "Wire Fraud," 24 counts of 18 U.S.C. § 1028A(a)(1), "Aggravated Identity Theft," 1 count of 18 U.S.C. § 1341, "Mail Fraud," and 18 U.S.C. § 981, 21 U.S.C. § 853 and 28 U.S.C. § 2461, "Criminal Forfeiture."

The defendant was arrested on August 3, 2008 in Santa Clara, California. The defendant has been in the custody of the United States Attorney, via the United States Marshals, since the time of his arrest.

On December 2, 2009, the defendant filed a "Motion For Leave To Proceed Pro Se And To Place Philip Seplow Into Advisory Position." By filing the motion to proceed pro se, the defendant exercised his Sixth Amendment right to represent himself and to make his own defense personally.

On December 24, 2009, the defendant had an "in person" legal visit at Corrections Corporation of America, Central Arizona Detention Center (CCA-CADC) with his attorney, Philip Seplow ("Seplow"). The legal visit occured in "visitation 3" from roughly 9:00am to 9:40am. At the legal visit, Seplow informed the defendant that the government plans to supersede the defendant's current indictment unless the defendant enters into serious plea negotiations in order to resolve the case. Seplow gave the defendant a copy of a December 22, 2009 fax sent to Seplow by Assistant United States Attorney Frederick A. Battista ("AUSA Battista").

2

A copy of the fax is attached to this memorandum as "Exhibit 01."

AUSA Battista stated in the fax that the government had received the defendant's motion to proceed pro se and Seplow's response to that motion. AUSA Battista further stated that "the government has been patiently waiting for the defendant to establish a productive working relationship with a defense attorney in order to attempt to successfully resolve this matter short of trial via a plea agreement." Id. After making reference to the "current posture of the case" (i.e., the defendant proceeding pro se), AUSA Battista went on to state that "such a resolution is extremely unlikely." Id. AUSA Battista then stated that, "[a]s a result," he intends to supersede the indictment to include what he refers to as "the defendant's unlawful conduct" between April 15, 2008 and August 3, 2008. AUSA Battista stated that the defendant's indictment will be superseded "most likely in the last week of January 2010" unless "the defendant wishes to enter into serious plea negotiations to resolve all pending matters." Id.

Seplow was appointed counsel for the defendant shortly after July 27, 2009. For roughly the past 5 months, Seplow and the defendant have been engaged in a productive working attorney-client relationship. During the course of their productive working attorney-client relationship, the government has made no formal or informal plea offers to the defendant. As of the filing date of this motion, the government and the defendant have not entered into any plea negotiations whatsoever and no offers have been made by either side.

///

## III. **ARGUMENT**

The defendant exercised his Sixth Amendment right to represent himself by filing a motion to proceed pro se. In response to the defendant exercising his Sixth Amendment right, the government now vindictively seeks a superseding indictment unless the defendant enters into immediate plea negotiations. In doing so, the government intends to punish the defendant for exercising a Constitutional right and seeks to avoid having to deal with a pro se defendant. A superseding indictment of this nature is vindictive and it must be prohibited.

"To establish a claim of vindictiveness, a defendant must make a threshold showing that charges of increased severity were brought because he exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness." United States v. Gilbert, 266 F.3d 1180, 1186 (9th Cir. 2001) (internal quotation marks and citation omitted). "Once this threshold showing is made, the burden shifts to the prosecution to demonstrate a non-vindictive reason for the prosecution." Id.

Actual vindictiveness must play no part in a prosecutorial decision and "since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of [his rights]," the appearance of vindictiveness must also be avoided. North Carolina v. Pearce, 395 U.S. 711, 725 (1969); Blackledge v. Perry, 417 U.S. 21, 28 (1974). The need to avoid the appearance of vindictiveness has taken the form of a presumption of prosecutorial vindictiveness. See United States v. Goodwin, 457 U.S. 368, 373

4

(1982). In this section of the memorandum, the defendant will offer proof to support both a presumption of vindictiveness and actual vindictiveness.

### A. The government may only use the threat of a superseding indictment, as a negotiation tactic, during ongoing plea negotiations.

When AUSA Battista threatened the superseding indictment, the defendant was not engaged in ongoing plea negotiations with the government, no discussions of plea agreements had ever occured in the past, and neither side had ever made a plea offer. AUSA Battista's threat of a superseding indictment is not justified by a context of ongoing plea negotiations.

Threatening a superseding indictment is an acceptable plea negotiation tactic if used by the government during ongoing plea negotiations. "[S]uch prosecutorial conduct is not meaningfully distinguishable from charging more strictly at the outset and then reducing the charges as a result of plea negotiations." United States v. Gamez-Orduno, 235 F.3d 453, 463 (9th Cir. 2000). In Gamez-Orduno, the prosecutor sought a superseding indictment during the course of ongoing plea negotiations and the superseding indictment was the subject of negotiations between the two parties. See id. at 462-63. "In the context of pretrial plea negotiations vindictiveness will not be presumed simply from the fact that a more severe charge followed on, or even resulted from, the defendant's exercise of a right." Id. at 462.

The present case is set apart from Gamez-Orduno considering AUSA Battista seeks a superseding indictment merely to entice the defendant to enter into plea negotiations and to prevent the

5

defendant from proceeding pro se. See <u>Exhibit</u>, 01 ("If the defendant wishes to enter into serious plea negotiations... the government is willing to postpone seeking a superseding indictment in this case."). In <u>United States v. Garza-Juarez</u>, the Ninth Circuit rejected a vindictive prosecution claim considering "[t]he government's decision to seek additional charges may have been based solely on the rejection of the plea bargain." Id., 992 F.2d 899, 907 (9th Cir. 1993). In the present case, there have been no plea bargains for the defendant to reject. The government may only use the threat of a superseding indictment, as a negotiation tactic, once plea negotiations have already begun. The government may not use such a tactic to entice the defendant to merely enter into plea negotiations.

**B. The threat of the superseding indictment came in response to the defendant filing his motion to proceed pro se.**

The defendant exercised his Sixth Amendment right to represent himself by filing a motion to proceed pro se. In response to that motion, AUSA Battista stated that he would seek a superseding indictment considering the defendant is unable to "establish a productive working relationship with a defense attorney" to help the government "attempt to successfully resolve [] [the case] short of trial via a plea agreement." <u>Exhibit</u>, 01. AUSA Battista intends to punish the defendant for exercising his Sixth Amendment right and seeks to avoid having to deal with a pro se defendant. A superseding indictment of this nature is considered vindictive.

"A prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional

6

or statutory right." <u>United States v. Gastelum-Almeida</u>, 298 F.3d 1167, 1172 (9th Cir. 2002). See also <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 363 (1978 ("To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort.").

The present case is similar to <u>United States v. Meyer</u>, 810 F.2d 1242 (D.C. Cir. 1987), which also dealt with the government adding charges in an attempt to quell the invocations of the right to represent oneself. The Meyer court noted that "in the run-of-the-mill pretrial situation,... defendants routinely assert procedural rights prior to trial and [] prosecutors are unlikely to respond vindictively to this everyday practice." Id. at 1247 (citing <u>Goodwin</u>, 457 U.S. at 381). However, the prosecutor in the Meyer case, as well as the prosecutor in the present case, "confronted something other than routine invocations of procedural rights on the part of individual defendants." Id. The Meyer prosecutor was faced with defendants' intentions to "proceed pro se" and to "raise first amendment claims during the course of the trial." Id. The Meyer court found that the governmental stake in preventing the defendants from proceeding pro se, and exercising other rights, was "sufficiently significant to count toward use of the presumption" of vindictiveness. Id.

### C. The superseding indictment is untimely and not based on newly discovered alleged conduct.

The government intends to supersede the defendant's indictment to include conduct allegedly occuring between April 15, 2008 and August 3, 2008. The fact that the government now intends to charge

7

the defendant with conduct allegedly occuring over 20 months ago supports the defendant's claim of a vindictive superseding indictment. In comparison, the Gamez-Orduno prosecutor superseded the defendant's indictment 11 days after the additional conduct was discovered. See Gamez-Orduno, 235 F.3d at 463.

AUSA Battista claims to have delayed superseding the defendant's indictment because he was "patiently waiting for the defendant to establish a productive working relationship with a defense attorney" so that the case could be resolved through a plea agreement. Exhibit, 01. AUSA Battista's reason for the delay is without merit. For roughly the past 5 months, Seplow and the defendant have been engaged in a productive working attorney-client relationship. AUSA Battista has had ample time and ample opportunity to offer the defendant a plea through defense attorney Seplow. Likewise, AUSA Battista has had ample time and ample opportunity to supersede the defendant's indictment (to include alleged 20 month old conduct) prior to the defendant filing his motion to proceed pro se.

In United States v. Groves, the Ninth Circuit found vindictive prosecution when the government first indicted the defendant on cocaine charges, did nothing for 9 months, then sought to indict the defendant on related marijuana charges after he moved to dismiss the cocaine indictment. See id., 571 F.2d 450, 453 (9th Cir. 1978). In the present case, the government indicted the defendant on fraud charges, did nothing for 17 months, and now seeks to supersede the defendant's indictment in response to him exercising his Sixth Amendment right to represent himself.

8

### D. A finding of presumed vindictiveness requires an appearance of vindictiveness.

The Ninth Circuit has applied the "presumption of vindictiveness doctrine in the form of the 'appearance of vindictiveness' test." <u>United States v. Gallegos-Curiel</u>, 681 F.2d 1164, 1168 (9th Cir. 1982). The circumstances surrounding the superseding indictment in the present case have resulted in the appearance of vindictiveness. "If there is a sufficient prima facie showing of vindictiveness, the burden shifts to the prosecution to show that any increase in the severity of the charges did not stem from a vindictive motive, or was justified by independent reasons or intervening circumstances that dispel the appearance of vindictiveness." Id.

### E. A finding of actual vindictiveness requires direct evidence.

"A finding of actual vindictiveness requires direct evidence, such as evidence of a statement by the prosecutor, which is available only in a rare case." <u>United States v. Johnson</u>, 171 F.3d 139, 140 (2nd Cir. 1999) (internal quotation marks omitted) (quoting <u>Goodwin</u>, 457 U.S. at 380-81). AUSA Battista's statement is attached as Exhibit 01 and is "evidence of an expressed... threat to the defendant for having exercised a constitutional right." <u>Gallegos-Curiel</u>, 681 F.2d at 1168.

### F. The remedy.

The defendant requests that the Court prohibit the government from superseding the defendant's indictment, based on alleged conduct related to the alleged scheme and known to the government as of December 22, 2009, if it results in an increase in the number

9

or severity of the charges in the current indictment. In order to prevent the government from superseding the indictment for the same vindictive reasons in the future, the defendant requests that the Court's prohibition order apply permanently. If the order is not permanent then the government will have the chance to wait some arbitrary amount of time and then supersede the indictment for the same vindictive reasons but under separate cover. The remedy for a vindictive indictment after it has been filed is to strip the government of "its right to proceed against the defendant on th[o]se charges." United States v. Hollywood Motor Car Co., Inc., 646 F.2d 384, 388 (9th Cir. 1981) (alteration to reflect past tense). There is no reason why the remedy that results from the granting of a preventative motion, such as this one, should be any different than the remedy that results from the granting of a motion to dismiss. The finding of vindictiveness would be the same both before and after the filing of the superseding indictment so the government should be subject to the same standard penalty.

IV. CONCLUSION

The defendant is appearing pro se and has no formal legal training whatsoever. The Supreme Court requires that the Court hold the defendant's motion "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

Based on the facts, points and authorities set forth herein, the defendant respectfully requests that this motion be granted.

///

///

10

EXHIBIT 01
United States v. Rigmaiden
CR08-814-PHX-DGC



United States Attorney
District of Arizona

*Two Renaissance Square*                    Main: (602) 514-7500
*40 North Central Avenue, Suite 1200*    Main Fax: (602) 514-7693
*Phoenix, Arizona 85004-4408*          Direct Line: (602) 514-7636
                                        Direct Fax: (602) 514-7450

December 22, 2009

Philip A. Seplow
Attorney at Law
2000 North 7th Street
Phoenix, Arizona 85006

     Re:   <u>United States v. Daniel David Rigmaiden</u>
           CR-08-814-PHX-DGC

Dear Mr. Seplow:

     The government has received the above-noted defendant's Motion for Leave to Proceed Pro Se and to Place Philip Seplow Into Advisory Position and your response in the form of a Motion for Determination of Counsel. Please be advised that the government has been patiently waiting for the defendant to establish a productive working relationship with a defense attorney in order to attempt to successfully resolve this matter short of trial via a plea agreement. In light of the current posture of the case, it appears that such a resolution is extremely unlikely. As a result, please be advised that the government intends to supersede the current indictment, most likely in the last week of January 2010. The superseding indictment will cover the defendant's unlawful conduct connected to the District of Arizona from the last date alleged in the current indictment up to the date of the defendant's arrest in 2008. If the defendant wishes to enter into serious plea negotiations to resolve all pending matters, with or without cooperation, the government is willing to postpone seeking a superseding indictment in this case.

     Thank you for your assistance in this case to date.

                           Sincerely yours,

                           DENNIS K BURKE
                           United States Attorney
                           District of Arizona

                           FREDERICK A. BATTISTA
                           Assistant United States Attorney