**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 08-0814-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | **(Sealed)** |
| Daniel David Rigmaiden, | |
| Defendant. | |

The Court held an extended hearing on January 7, 2010, regarding a number of matters. The primary purpose of the hearing was to address Defendant's request that he be permitted to represent himself in this action. Other matters arising out of that request were also addressed ex parte and are the subject of a separate, sealed order.

1. Defendant filed a motion for leave to proceed pro se. Dkt. #159. His counsel, Phillip Seplow, also filed a motion for determination of counsel. Dkt. #162. Defendant stated in his motion that he was fully aware of the risks of self-representation, and yet preferred to act as his own attorney.

"The Sixth Amendment ensures defendants a constitutional right to represent themselves and proceed pro se." *United States v. Duncan*, No. CR-07-23-N-EJL, 2008 WL 2954976, at *1 (D. Idaho July 29, 2008) (citing *Faretta v. California*, 422 U.S. 806, 807 (1975)); *see Robinson v. Kramer*, --- F.3d ---, No. 07-55611, 2009 WL 4641732 (9th Cir. Dec. 9, 2009) ("the right to self-representation stated in *Faretta* has been well-established for over three decades"); *Indiana v. Edwards*, --- U.S. ---, 128 S. Ct. 2379, 2388 (2008)

(declining to overrule *Faretta*). A defendant effectively invokes this constitutional right where his request to represent himself is knowing, voluntary, intelligent, unequivocal, timely, and not for the purpose of delay. *See Duncan*, 2008 WL 2954976, at *1 (citing *United States v. Kaczynski*, 239 F.3d 1108, 1116 (9th Cir. 2001)).

2. The Court has provided Defendant with the warnings about self-representation required by *Faretta*. These warnings were given in orders dated June 26 and July 30, 2009. Dkt. ##111, 130. The warning was also read to Defendant at the hearing on July 16, 2009. Defendant repeated the warning to the Court in his motion seeking self-representation. Dkt. #159. In addition, Defendant's counsel, Mr. Seplow, states that he believes Defendant understands the implications and risks of self-representation. Dkt. #162.

In addition to these warnings and the clear indications that Defendant understands the seriousness of representing himself, the Court engaged in a dialogue with Defendant during the hearing on January 7, 2010. On the basis of that colloquy, the Court is satisfied that Defendant fully understands the risks he is assuming by representing himself, the possible results from an adverse outcome of this case, and the fact that he will be held to the same standards as an attorney. The Court also concludes that Defendant clearly is competent to represent himself and understands the nature of the proceedings against him.

In light of these facts, the Court granted Defendant's motion to represent himself. Mr. Seplow will continue in this case as shadow counsel. The Court and Defendant discussed at length the implications of this decision and the procedures to be followed going forward.

3. As the Court advised Defendant during the hearing, "[a] defendant proceeding pro se, or requesting to proceed pro se, is subject to the same good faith limitations imposed on lawyers, as officers of the court." *United States v. Fluitt*, 874 F.2d 669, 675 (9th Cir. 1989). "Pro se status does not excuse a criminal defendant from complying with the procedural and substantive rules of the court." *Id*. (citing *Faretta*, 422 U.S. at 835 n. 46). Indeed, a defendant who knowingly and intelligently assumes the risk of conducting his own defense is entitled to no greater rights than a litigant represented by counsel, except that the Court will construe his pleadings liberally. *Id*.

1 | The Court advised Defendant that he would be required to attend, in person, all court hearings that defense counsel normally would be required to attend. The Court also advised Defendant that he will be required to prepare his defense within the limitations of the prison facility in which he is housed. He will have access to whatever legal materials are available at the facility, and he has access to a paralegal who has been retained to assist in the defense, but he will not have access to the same legal resources as his counsel, Mr. Seplow. Defendant stated he understood this fact.

4. Going forward, the parties and the Court agreed that the government will communicate with Defendant only in writing or in court, on the record. Copies of correspondence between the government and Defendant shall be copied to Mr. Seplow so that he can stay abreast of the case.

5. Defendant stated that he requires an extension of the trial date currently set for February 9, 2010. The Court advised Defendant that he must file a motion to continue the trial date, and that Mr. Seplow can provide him with an example. Defendant stated he would file such a motion.

6. The parties and the Court discussed the need for Defendant to have access to the information contained on his personal computer seized by the government. The Court instructed the government and Defendant to confer about possible procedures for granting Defendant access to the computer. If the parties are unable to reach agreement on a procedure, they shall contact the Court.

7. Defendant filed a motion seeking leave to file a motion opposing any superceding indictment. Dkt. #168. The Court granted the motion, deemed it filed, and directed the government to respond.

**IT IS ORDERED:**

1. Defendant's request for self-representation (Dkt. #159) and defense counsel's request for determination of counsel (Dkt. #162) are **granted**.
2. Defendant's motion for leave to file a motion opposing a superceding indictment (Dkt. #168) is **granted**.

1  Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on 12/4/2009
2  for a total of 40 days.
3  DATED this 12th day of January, 2010.

*David G. Campbell*
United States District Judge

cc: AUSA, Deft, Seplow