# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 08-0814-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | **(SEALED)** |
| Daniel David Rigmaiden, | |
| Defendant. | |

The Court held a hearing on January 7, 2010, regarding Defendant's request to represent himself. During the course of the hearing the Court discussed several matters with Defendant and his shadow counsel, Mr. Seplow, on an *ex parte* basis. This order will concern those matters.

1. Defendant's supplement to his motion for self-representation (Dkt. #166) raised concerns about Defendant's freedom to communicate with the paralegal and computer specialist retained to assist in his defense. The addendum also expressed a desire on Defendant's part to review and approve all vouchers submitted by the paralegal and computer specialist. After discussion with Defendant and shadow counsel, it was agreed that Defendant shall have the right to communicate directly with the paralegal and computer specialist. Defendant and shadow counsel will discuss how to handle the voucher procedure. If issues arise, Defendant may contact the Court.

2. Defendant previously filed a motion for leave to file two additional motions. Dkt. #161. One of the motions would seek a copy of the court's docket and all documents

1  contained in the docket that have not been filed by Defendant. Because Defendant will work
2  with Mr. Seplow to obtain a copy of all relevant documents from Mr. Seplow's file, and
3  because the Court provided Defendant with a current copy of the docket printed on
4  January 7, 2010, the filing and granting of this motion is not necessary. Defendant also
5  sought leave to file a motion seeking access to the Court's LiveNote transcripts. For reasons
6  stated on the record, the Court denied this request. In light of these rulings, the Court will
7  deny Defendant's request for leave to file these motions. Dkt. #161.

8        3.    Defendant filed a motion seeking access to all vouchers previously filed by his
9  defense counsel. Dkt. #144. In a related petition to the Ninth Circuit, Defendant stated his
10 intention to seek defense counsel vouchers from other cases. When the Court asked why
11 Defendant wanted copies of the vouchers, he stated that he wanted them for his interest and
12 education. Because copying and redacting the vouchers would place a significant burden on
13 the Court's voucher personnel, and the Court does not believe that "interest and education"
14 is a sufficient reason to impose such a burden," the Court denied Defendant's motion.

15       4.    Defendant previously filed a motion seeking to obtain information from one
16 of his former attorneys, Mark Paige. Dkt. #117. Defendant confirmed during the hearing
17 that he has received the information through Mr. Seplow. Defendant's motion was therefore
18 denied as moot.

19       5.    Defendant has filed a motion seeking approval for additional duplicating
20 services. Dkt. #164. Because the motion does not explain why the services are necessary,
21 it was denied. Defendant may re-file a motion providing an explanation for the services.

22 **IT IS ORDERED:**

23     1.    Defendant's motion for leave to file other motions (Dkt. #161) is **denied**.

24     2.    Defendant's motion to obtain access to defense counsel vouchers (Dkt. #144)
25         is **denied**.

26     3.    Defendant's motion to obtain information from attorney Mark Paige
27         (Dkt. #117) is **denied as moot**.

28     4.    Defendant's motion for duplication services (Dkt. #164) is **denied without**

1  **prejudice**.
2  Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on 7/14/2009
3  for a total of 183 days.
4      DATED this 12th day of January, 2010.

*David G. Campbell*
United States District Judge

9  cc:   Deft, Seplow