1 | **Daniel Rigmaiden**
Aka: Steven Brawner (detainee booked as)
2 | Agency # 10966111
CCA-CADC
3 | PO Box 6300
Florence, AZ 85132
4 | Telephone: none
Email: none
5 |
6 | Daniel David Rigmaiden
Pro Se, Defendant
7 |

☒ FILED ____ LODGED
____ RECEIVED ____ COPY
JAN 1 2 2010
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| United States of America, | ) No. CR08-814-PHX-DGC |
|---|---|
| Plaintiff, | ) |
| | ) MOTION FOR RECONSIDERATION OF |
| v. | ) "MOTION TO UNSEAL PROCEEDINGS" |
| | ) DKT. #102 |
| Daniel David Rigmaiden | ) |
| Defendant. | ) |
| | ) |

Defendant, Daniel David Rigmaiden, appearing pro se, respectfully requests that the Court reconsider his "Motion To Unseal Proceedings" (Dkt. #102) which was dismissed without prejudice through the Court's June 26, 2009 order (Dkt. #111). This motion is being made because the defendant has a common-law right and First and Sixth Amendment right to have the case unsealed.

**FACTS**

On January 7, 2010, the Court held a hearing regarding the defendant's "Motion For Leave To Proceed Pro Se And To Place Philip Seplow Into Advisory Position" (Dkt. #159) and Philip Seplow's "Motion For Determination Of Counsel" (Dkt. #162). The hearing was attended by the defendant. To the defendant's

1

surprise, the hearing was conducted as a general motions hearing addressing a number of other motions and matters that the defendant was not made aware would be discussed. One matter was the unsealing of the case. At the general motions hearing, the Honorable David G. Campbell ("Judge Campbell") asked the defendant if he wished to have the case unsealed. In response to Judge Campbell's question regarding the unsealing of the case, the defendant stated that he was not prepared to address that matter and that he would prefer to file a written answer.

The defendant wished to file a written answer considering he was in no condition to verbally answer the question under the circumstances. Prior to the hearing, the defendant had been subject to a 33 hour sleep deprivation at the hands of Corrections Corporation of America ("CCA-CADC") and the United States Marshal Service ("USMS"). The defendant was exposed to uncomfortably cold temperatures on a bus ride from Florence, Arizona to Phoenix, Arizona without a working and/or running heater. A thin and soiled jacket was simply draped over the defendant's shoulders with the front open and the defendant's chest and arms exposed. The jacket was taken from the defendant upon arrival at the Phoenix courthouse. The only torso clothing provided to the defendant by CCA-CADC and the USMS was a short sleeve shirt and the defendant wore his own "tank-top" under the shirt. The defendant was further exposed to uncomfortably cold temperatures in the holding cells at the Phoenix courthouse for an estimated 7 hours before he was to appear in court. The defendant made reference to the "offensive manner in which he is treated by CCA-CADC on court

1  appearance days" in his motion for leave to proceed pro se, Dkt.
2  #159 at 4, and asked to attend the January 7, 2010 hearing through
3  teleconference where he would be able to both "listen in" and
4  "talk in" as is the standard definition of "teleconference."

5      Considering the above mentioned offensive treatment, and
6  considering the Court's order for the motion hearing indicated
7  that only the defendant's desire to proceed pro se would be
8  addressed, the defendant was unprepared to answer Judge Campbell
9  on his question regarding the unsealing of the case. This motion
10 is the defendant's written answer which he drafted after sleeping
11 15 hours following the January 7, 2010 general motions hearing.

12 **ANSWER**

13     The defendant requests that the Court reconsider his "Motion
14 To Unseal Proceedings" (Dkt. #102) and that the case be unsealed
15 immediately. This request is being made, and this motion is being
16 filed, before the government has clarified anything regarding
17 their "free-talk" and "cooperation" offers in writing to the
18 defendant. The defendant has no interest in reading such offers or
19 clarification of such offers. The defendant has absolutely no
20 information of interest for the government, the defendant
21 maintains his innocence, and the defendant has rejected the
22 government's informal cooperation offers for those reasons in the
23 past. To agree to a "free-talk" with the government would only
24 cause the appearance of guilt while there is none and give the
25 government the impression that the defendant has information that
26 simply does not exist.

27     While under a 33 hour sleep deprivation, and proceeding a

3

1  period of struggling to keep warm for serveral hours, the

2  government's reason for wanting to keep the case sealed seemed

3  like a quick way out of what will certainly be a barrage of

4  vindictive indictments filed in numerous federal districts in

5  response to the defendant exposing, among other things, the

6  government's warrantless and illegal use of **Stingray devices** to

7  search private home residences. However, after being rested and of

8  more sound mind, the defendant cannot in good conscience lead the

9  government on, as he may have done at the January 7, 2010

10 hearing, with the impression that he has any information at all to

11 provide the government in exchange for their informal offer of a

12 cumulative multi-district prosecution waiver. Furthermore, the

13 defendant cannot in good conscience stand by and do nothing while

14 the government disregards the United States Constitution.

15 **CLARIFICATION FOR THE COURT**

16     The defendant does not ask, nor does he expect, the Court to

17 order CCA-CADC or the USMS to cease and desist (1) depriving the

18 defendant of sleep, (2) exposing the defendant to uncomfortably

19 cold temperatures, or (3) strip searching the defendant in groups

20 of multiple detainees in front of video cameras and while in

21 confined spaces. The defendant understands that he should address

22 those matters, as well as the insufficient CCA-CADC law library,

23 through a class action civil suit which he is in the process of

24 preparing.

25     The defendant also wishes to clarify that even though he was

26 under a 33 hour sleep deprivation, and had been struggling to

27 keep warm for several hours, he was of sound enough mind to

4

1  answer all of Judge Campbell's Faretta inquires and the defendant
2  has absolutely no second thoughts about proceeding pro se. If the
3  January 7, 2010 hearing would have been attended by the defendant
4  through teleconference then the defendant would have answered all
5  of Judge Campbell's Faretta inquiries exactly the same. The
6  defendant was well enough prepared to handle the Faretta
7  inquiries (considering he knew they were coming) despite the sleep
8  deprivation and cold temperature treatment.

9      The defendant objects to being transferred out of CCA-CADC to
10  Maricopa County jail or to any other facility. The defendant has
11  done research into other facilities and transferring the defendant
12  will result in him ending up in even worse pretrial detention
13  conditions abeit through different avenues. The defendant
14  chooses to stay at CCA-CADC and to make it a better facility
15  through civil action. Transferring the defendant out of CCA-CADC
16  for complaining about pretrial detention conditions is a
17  violation of the defendant's First Amendment rights.

18  **CONCLUSION**

19      The defendant is appearing pro se and has no formal legal
20  training whatsoever. The Supreme Court requires that the Court
21  hold the defendant's motion "to less stringent standards than
22  formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S.
23  519, 520 (1972).

24      Based on the facts, points, and authorities set forth herein,
25  the defendant respectfully requests that this motion be granted.
26      LRCrim 12.2(a) requires that the undersigned include the
27  following statement in all motions: "Excludable delay under

1  18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion
2  or of an order based thereon." However, the defendant posits that
3  this motion will not cause any "delay" and objects to any delay
4  as a result of this motion or of an order based thereon.
5  ///
6  ///
7  ///
8  ///
9  ///
10  ///
11  ///
12  ///
13  ///
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///

6

1    I, Daniel David Rigmaiden, declare, certify, verify, and

2  state, under penalty of perjury under the laws of the United

3  States of America, that the facts contained in the foregoing

4  motion, and in any attached/incorporated memorandum, are true and

5  correct to the best of my knowledge, except as to those matters

6  which are therein stated on information and belief, and, as to

7  those matters, I believe it to be true. See 28 U.S.C. § 1746; 18

8  U.S.C. § 1621.

9

10  January 8, 2010                    Florence
11  [Executed On (date)]               [Executed in the City of]

    Arizona                            United States of America
12  [Executed in the State of]         [Executed in the Country of]

13

14
                                       Daniel Rigmaiden
15                                     Signature of Declarant

16
                                       Daniel David Rigmaiden
17                                     Aka: Steven Brawner
                                       (detainee booked as)
18                                     Agency # 10966111
                                       CCA-CADC
19                                     PO Box 6300
                                       Florence, AZ 85132
20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

7

1    Respectfully Submitted: January 10, 2010

2                              DANIEL DAVID RIGMAIDEN
                              Pro Se, Defendant
3

4

5
                              *Daniel Rigmaiden*
6                             Daniel D. Rigmaiden
                              Defendant
7

8                     CERTIFICATE OF SERVICE

9       I, Daniel David Rigmaiden, certify under penalty of perjury

10   under the laws of the United States of America (see 28 U.S.C. §

11   1746; 18 U.S.C. § 1621) that on January 10, 2010         at

12   approximately 7:30 pm   I caused the following to be placed into

13   the CCA-CADC mailing system for United States Postal Service

14   delivery with first-class postage prepaid by CCA-CADC:

15   Original attached document plus 1  copy(s) addressed to:

16   Clerk, United States District Court
     Sandra Day O'Connor U.S. Courthouse, Suite 130
17   401 W. Washington St., SPC 1
     Phoenix, AZ 85003
18

19   One copy each of original document addressed to:

20   Frederick A. Battista

21   Two Renaissance Square
     40 North Central Ave., Suite 1200
22   Phoenix, AZ 85006

23   Philip Seplow

24   2000 N. 7th St.

25   Phoenix, AZ 85006

26

27   By: Daniel Rigmaiden

                              8