Daniel Rigmaiden
Aka: Steven Brawner (detainee booked as)
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se

_X_ FILED     ___ LODGED
___ RECEIVED  ___ COPY

JAN 1 2 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ Z DEPUTY

## UNITED STATES DISTRICT COURT

**SEALED**

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR08-814-PHX-DGC |
| Plaintiff, | MOTION FOR PARTIAL DISCLOSURE OF GRAND JURY TRANSCRIPTS SO |
| v. | THAT DEFENDANT MAY BRIEF THE ISSUE OF PREJUDICE AND |
| Daniel David Rigmaiden, | DISMISSAL OF THE INDICTMENT |
| Defendant. | |

Defendant, Daniel David Rigmaiden, appearing pro se, respectfully requests that the Court order the government to disclose to the defendant parts of the grand jury transcripts that are relevant to the defendant's mail fraud charge. This motion is being made pursuant to Fed. R. Crim. P. 6(e)(3)(E)(ii).

This motion is supported by the memorandum of points and authorities attached hereto and incorporated by this reference.

LRCrim 12.2(a) requires that the undersigned include the following statement in all motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or of an order based thereon." However, the defendant posits that this motion will not cause any "delay" and objects to any delay as a result of this motion or of an order based thereon.

1    I, Daniel David Rigmaiden, declare, certify, verify, and

2  state, under penalty of perjury under the laws of the United

3  States of America, that the facts contained in the foregoing

4  motion, and in any attached/incorporated memorandum, are true and

5  correct to the best of my knowledge, except as to those matters

6  which are therein stated on information and belief, and, as to

7  those matters, I believe it to be true. See 28 U.S.C. § 1746; 18

8  U.S.C. § 1621.

9

10   January 8, 2010                    Florence
     [Executed On (date)]               [Executed in the City of]

11

12   Arizona                            United States of America
     [Executed in the State of]         [Executed in the Country of]

13

14
                                        Daniel Rigmaiden
15                                      Signature of Declarant

16
                                        Daniel David Rigmaiden
17                                      Aka: Steven Brawner
                                        (detainee booked as)
18                                      Agency # 10966111
                                        CCA-CADC
19                                      PO Box 6300
                                        Florence, AZ 85132
20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

Respectfully Submitted: January 10, 2010

DANIEL DAVID RIGMAIDEN
Pro Se, Defendant


Daniel D. Rigmaiden
Defendant

## CERTIFICATE OF SERVICE

I, Daniel David Rigmaiden, certify under penalty of perjury under the laws of the United States of America (see 28 U.S.C. § 1746; 18 U.S.C. § 1621) that on January 10, 2010 at approximately 7:30pm I caused the following to be placed into the CCA-CADC mailing system for United States Postal Service delivery with first-class postage prepaid by CCA-CADC:

Original attached document plus 1 copy(s) addressed to:

Clerk, United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington St., SPC 1
Phoenix, AZ 85003

One copy each of original document addressed to:

Frederick A. Battista
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85006

Philip Seplow
2000 N. 7th St.
Phoenix, AZ 85006

_____

By: Daniel Rigmaiden

3

## MEMORANDUM OF POINTS AND AUTHORITIES

### MOTION FOR PARTIAL DISCLOSURE OF GRAND JURY TRANSCRIPTS SO THAT DEFENDANT MAY BRIEF THE ISSUE OF PREJUDICE AND DISMISSAL OF THE INDICTMENT

### I. INTRODUCTION

The affidavit in support of the N.D.Cal. 08-70460HRL warrant application contains sworn factual statements that directly contradict factual statements contained in the defendant's indictment. The discrepencies between the two documents amount to a prima facie showing of inaccurate testimony and/or inaccurate evidence having been presented to the grand jury in support of the defendant's mail fraud charge. Grounds may exist to dismiss the indictment, or charges therein, because of matters that occured before the grand jury. Pursuant to Fed. R. Crim. P. 6(e)(3)(E)(ii), the defendant requests that the Court order the government to disclose to the defendant relevant parts of the gand jury transcripts so that he may brief the issue of prejudice and dismissal of the indictment. In the alternative, the defendant requests that he be invited to participate in an in camera hearing to determine if the indictment is an expression of a fair judgment of the facts.

### II. STATEMENT OF FACTS

A grand jury in Phoenix, Arizona indicted the defendant and returned a 23 page indictment signed by the grand jury foreperson on July 23, 2008. This 23 page indictment reflects upon the matters that occured before the grand jury. These matters include testimony and evidence presented by the government in support of the charges

1

contained in the indictment. Count 1 of the indictment is a charge
of 18 U.S.C. § 371, "conspiracy." Page 7 of the indictment
contains an allegation of mail fraud for overt act number 12 of
the conspiracy charge:

> "...defendant STEVEN TRAVIS BRAWNER, and others known and
> unknown to the Grand Jury, directed a confidential
> informant working on behalf of the government to ship
> $9,000.00 of fraudulently obtained income tax refunds..." Id.

Count 50 of the indictment is a charge of 18 U.S.C. § 1341,
"mail fraud." Page 21 of the indictment contains the allegations
of mail fraud for the mail fraud charge:

> "...defendant STEVEN TRAVIS BRAWNER, along with others
> known and unknown to the Grand Jury, deposited and caused
> to be deposited for delivery by a private and commercial
> interstate carrier [$9,000.00 of fraudulently obtained
> income tax refunds]..." Id.

On July 30, 2008, IRS-CI Special Agent Michael P. Fleischmann
(hereafter "IRS Agent Fleischmann") swore to and signed under
penalty of perjury, in the presence of United States Magistrate
Judge Patricia V. Trumbull, an affidavit (hereafter "affidavit")
in support of the N.D.Cal. 08-70460HRL warrant application. The
affidavit contains facts that IRS Agent Fleischmann believes to
be true. These facts include information based on IRS Agent
Fleischmann's personal knowledge, information he received from
other law enforcement officials, and information he gathered from
other sources as noted in the affidavit. In paragraph 24 of the
affidavit, IRS Agent Fleischmann stated the following:

> "After the aforementioned deposits, CI 1 contacted SN 1
> and informed him money had been deposited in the account.
> CI 1 told SN 1 he/she would withdraw $9,000.00 in mid-March
> 2008 and ship it to SN 1 on March 18, 2008, via FedEx. CI 1
> further advised he/she would withdraw money from the

account every week and ship $9,000 to SN 1 every other week." Id.

## III. ARGUMENT

The affidavit contains sworn factual statements that directly contradict factual statements contained in the defendant's indictment. The factual statements in question pertain to the particulars in support of the defendant's mail fraud charge. IRS Agent Fleischmann stated in the affidavit that a confidential informant (CI 1) working on behalf of the government "told" and "advised" an alleged coconspirator (SN 1) that he/she would withdraw and ship, via FedEx, $9,000 in mid March and continue to ship money every other week thereafter. See section II, supra. These factual statements directly contradict the indictment. The indictment states that the defendant and others "directed" a confidential informant to ship, and "deposited and caused to be deposited for delivery," $9,000 of the fraudulently obtained income tax refunds. See Id. The indictment states that the defendant and others directed a confidential informant of the plan to ship the $9,000 while IRS Agent Fleischmann stated in his affidavit that a confidential informant told and advised an alleged coconspirator of the plan to ship the $9,000. There are discrepencies between the two documents regarding the particulars in support of the defendant's mail fraud charge. These discrepencies amount to a prima facie showing of inaccurate testimony and/or inaccurate evidence having been presented to the grand jury in support of the defendant's mail fraud charge. Grounds may exist to dismiss the indictment, or charges therein,

3

because of matters that occured before the grand jury.

Fed. R. Crim. P. 6(e)(3)(E) and (E)(ii) states the following:

"[(e)] The court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand jury matter: [(E)(ii)] at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occured before the grand jury;" Id.

The defendant requests that he be provided with relevant parts of the grand jury transcripts so that he may brief the issue of prejudice and dismissal of the indictment. The Ninth Circuit has indicated that "[t]he standards the trial court should apply in granting disclosure of the grand jury transcripts are (1) that the desired material will avoid a possible injustice, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that only the relevant parts of the transcripts should be disclosed." United States v. Perez, 67 F.3d 1371, 1381 (9th Cir. 1995) (internal citations omitted). See also Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979). If the defendant's mail fraud charge was a result of inaccurate testimony or inaccurate evidence having been presented to the grand jury then it would be an injustice for the government to continue with its prosecution. If the defendant is provided with relevant parts of the grand jury transcripts, so that he may further brief the issue, then a possible injustice may be avoided. The defendant's need for disclosure is greater than the need for continued secrecy. The veil of secrecy should be lifted considering (1) the defendant is already aware of his indictment, (2) this motion does not seek the identities of any grand jurors, and (3) if the prima facie

4

showing is further substantiated then it may merit dismissal of the indictment. The defendant only requests relevant parts of the grand jury transcripts that pertain to the defendant's mail fraud charge.

The defendant requires relevant parts of the grand jury transcripts so that he may compare them to IRS Agent Fleischmann's sworn statements contained in the affidavit. Through this comparison, the defendant may be able to further substantiate the prima facie showing. The Ninth Circuit has noted that in cases involving alleged grand jury errors, "it may be advisable for the district court to order disclosure and allow defense attorneys to brief the issue of prejudice." United States v. Fowlie, 24 F.3d 1059, 1066 (9th Cir. 1994). "What appears to be harmless to a district judge may be prejudicial if seen in light of a defense counsel's special familiarity with a given prosecution." Id. If the Court finds that the need for secrecy outweighs the need for disclosure then the defendant requests, as an alternative, that he be  invited "to participate in an in camera hearing so that any question of prejudice will be subject to adversarial presentation." Id.

## IV. CONCLUSION

The defendant is appearing pro se and has no formal legal training whatsoever. The Supreme Court requires that the Court hold the defendant's motion "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

It is for the facts, points, and authorities set forth herein

5

that the defendant respectfully requests that this motion be granted.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///