# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR 08-0814-PHX-DGC |
| Plaintiff, ) | **AMENDED ORDER** |
| vs. ) | **(SEALED)** |
| Daniel David Rigmaiden, ) | |
| Defendant. ) | |

The Court held a hearing on January 7, 2010, regarding Defendant's request to represent himself. During the course of the hearing the Court discussed several matters with Defendant and his shadow counsel, Mr. Seplow, on an *ex parte* basis. This order will concern those matters.

1. Defendant's supplement to his motion for self-representation (Dkt. #166) raised concerns about Defendant's freedom to communicate with the paralegal and computer specialist retained to assist in his defense. The addendum also expressed a desire on Defendant's part to review and approve all vouchers submitted by the paralegal and computer specialist. After discussion with Defendant and shadow counsel, it was agreed that Defendant shall have the right to communicate directly with the paralegal and computer specialist. Defendant and shadow counsel will discuss how to handle the voucher procedure. If issues arise, Defendant may contact the Court.

2. Defendant previously filed a motion for leave to file two additional motions. Dkt. #161. One of the motions would seek a copy of the court's docket and all documents

1  contained in the docket that have not been filed by Defendant. Because Defendant will work
2  with Mr. Seplow to obtain a copy of all relevant documents from Mr. Seplow's file, and
3  because the Court provided Defendant with a current copy of the docket printed on
4  January 7, 2010, the filing and granting of this motion is not necessary. Defendant also
5  sought leave to file a motion seeking access to the Court's LiveNote transcripts. For reasons
6  stated on the record, the Court denied this request. In light of these rulings, the Court will
7  deny Defendant's request for leave to file these motions. Dkt. #161.

8        3.     Defendant filed a motion seeking access to all vouchers filed by his former
9  defense counsel. Dkt. #144. Defendant previously sought mandamus in the Ninth Circuit
10 when the Court's voucher personnel denied Defendant's requests. *Rigmaiden v. United*
11 *States District Court*, No. 09-73336. That petition was summarily dismissed by the Court
12 of Appeals. *Id*., Dkt. #3 (December 10, 2009 order). In his petition to the Ninth Circuit,
13 Defendant stated his intention to seek defense counsel vouchers not only in this case, but also
14 in other cases.

15       At the hearing on January 7, 2010, the Court asked why Defendant wanted copies of
16 the vouchers. Defendant stated that he wanted them for his interest and education. He noted
17 that reviewing vouchers in other cases might also be an interesting research project. Copying
18 and redacting the vouchers in this and other cases would place a significant burden on the
19 Court's extremely busy voucher personnel, and the Court does not believe that "interest and
20 education" is a sufficient reason to impose such a burden.

21       The Court also notes that Defendant previously has filed lengthy bar complaints
22 against two of his former lawyers in this case – Thomas Crowe and Mark Paige. Dkt. ##99,
23 100. Both attorneys are member of the Court's CJA panel and have been approved by the
24 Court as competent and ethical attorneys. Defendant has accused them of ethical misconduct
25 before the State Bar of Arizona, and informed this Court that he is mounting a "campaign to
26 have Paige disbarred." Dkt. #96 at 4. The Court is concerned that Defendant seeks access
27 to the voucher office in order to pursue the bar complaints against his former counsel.

28       The Court also is concerned about Defendant's suggestion in his previous Ninth

Circuit filing that he will seek vouchers from other cases. In connection with one of his previous requests for new counsel, Defendant filed a document titled "Motion to Bar Appointment of Specific Attorneys Due to Current Conflicting Interests." Dkt. #104. Defendant revealed in the motion that he has become something of a specialist in preparing bar complaints. He stated that he has assisted at least five other inmates at CCA in preparing bar complaints against their lawyers. The Court is familiar with some of the lawyers named in these bar complaints and knows them to be effective and ethical advocates.

The Court is concerned that Defendant will use any access granted to the CJA vouchers in other cases to further his efforts to file bar complains against lawyers. Such a practice would further burden the Court's busy voucher personnel.

For all of these reasons, the Court denied Defendant's motion seeking access to CJA vouchers.

4. Defendant previously filed a motion seeking to obtain information from one of his former attorneys, Mark Paige. Dkt. #117. Defendant confirmed during the hearing that he has received the information through Mr. Seplow. Defendant's motion was therefore denied as moot.

5. Defendant has filed a motion seeking approval for additional duplicating services. Dkt. #164. Because the motion does not explain why the services are necessary, it was denied. Defendant may re-file a motion providing an explanation for the services.

**IT IS ORDERED:**

1. Defendant's motion for leave to file other motions (Dkt. #161) is **denied**.
2. Defendant's motion to obtain access to defense counsel vouchers (Dkt. #144) is **denied**.
3. Defendant's motion to obtain information from attorney Mark Paige (Dkt. #117) is **denied as moot**.
4. Defendant's motion for duplication services (Dkt. #164) is **denied without prejudice**.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on 7/14/2009

1 | for a total of 183 days.

2 | DATED this 21st day of January, 2010.

*David G. Campbell*
United States District Judge

7 | cc:   Deft, Seplow