FILED ☒ LODGED
RECEIVED ___ COPY

JAN 2 6 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

DENNIS K. BURKE
United States Attorney
District of Arizona

FREDERICK A. BATTISTA
Assistant U.S. Attorney
Maryland State Bar Member
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Fred.Battista@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Daniel Rigmaiden,<br>a.k.a. Steven Travis Brawner,<br>a.k.a. Travis Rupard, and<br>a.k.a. Patrick Stout,<br><br>　　　　　Defendant. | CR 08-814-PHX-DGC<br><br>**RESPONSE TO DEFENDANT'S MOTION FOR COURT ORDER PROHIBITING VINDICTIVE SUPERSEDING INDICTMENT**<br><br>(Filed Under Seal)<br><br>**SEALED** |

The United States, by and through undersigned counsel, hereby requests that Defendant's Motion for Court Order Prohibiting Vindictive Superseding Indictment be denied. This response is supported by the attached Memorandum of Points and Authorities.

Respectfully submitted this 26th day of January, 2010.

　　　　　　　　　　　　　　　　DENNIS K. BURKE
　　　　　　　　　　　　　　　　United States Attorney
　　　　　　　　　　　　　　　　District of Arizona

　　　　　　　　　　　　　　　　/s/ Frederick A. Battista

　　　　　　　　　　　　　　　　FREDERICK A. BATTISTA
　　　　　　　　　　　　　　　　Assistant U.S. Attorney

**Memorandum of Points and Authorities**

I.  **Background**

On July 23, 2008, the defendant was charged via a 50 count indictment in this case. The indictment addressed defendant's criminal conduct, in part, from on or about January 1, 2005, through on or about April 15, 2008. On August 3, 2008, defendant was arrested near his apartment in the Northern District of California. Defendant has been in custody since that date. Since his arrest, the government has offered to enter into plea negotiations with four attorneys who have been assigned to represent defendant, including the initial defense attorney who was appointed in the Northern District of California. In each case, counsel was apparently unable to establish a working relationship wherein plea negotiations could be initiated. In each case, the government understands that its desire to negotiate a potential resolution of the case pretrial had been relayed to defendant by each of the four defense attorneys. In the interim, the government continued to investigate defendant's conduct during the period covered by the indictment and from April 15, 2008 through August 3, 2008. This investigation has been aided by the materials found during the course of search warrants executed at defendant's California apartment and storage unit. It has also released well over 10,000 pages of discovery for the defendant to review. The original 50 count indictment, while significant, did not fully charge and address all of defendant's criminal conduct within the subject time periods.

In December 2009, the government received notice of defendant's request to represent himself. In light of the fact that up to that time, defendant had expressed no interest in entering into plea negotiations, the government notified the defendant of its intent to seek a superseding indictment in the case. Via letter dated December 22, 2009, the government formally notified defendant of its intent to file a superseding indictment in the case due to the fact that it appeared that a pretrial resolution of the case appeared extremely unlikely (defendant to that date had given the government no indication of any other reasonable resolution of this case pursuant to a plea agreement). The December 22nd notice also advised defendant that the government was

willing to postpone seeking a superseding indictment in the case if he wished to enter into serious plea negotiations to resolve all pending matters, with or without cooperation.

Via letter dated January 2, 2010, defendant communicated with the government, advised that he was willing to discuss the issue of vindictive prosecution once he was granted pro se status. The defendant did not offer to enter into plea negotiations in the letter. On January 7, 2010, defendant was permitted by the Court to represent himself. During the hearing on that date, the government outlined, in detail, its willingness to enter into plea negotiations with defendant, with or without cooperation. Via defendant's Motion for Reconsideration of "Motion to Unseal Proceedings" signed by defendant on January 8, 2010, defendant indicated that he had no interest in cooperating with the government, he was innocent and has absolutely no information of interest for the government. Via letter dated January 14, 2010, the government restated, in greater detail, the defendant's options regarding a reasonable pretrial resolution of this case pursuant to a plea agreement, with or without cooperation with the government (including a possible global settlement). In so doing, the government again offered to enter into plea negotiations with defendant, with or without cooperation, and offered to extend the time for the seeking of a superseding indictment past January 2010. The government, in light of the total lack of interest defendant had expressed to that date into entering into plea negotiations, gave defendant a deadline of January 21, 2010, in order to respond prior to its wide ranging plea overtures and the seeking of a superseding indictment in this case. The also government offered to extend the deadline for plea negotiations and the superseding indictment if the defendant indicated that he wished to enter into plea negotiations. Via letter dated January 18, 2010, defendant expressed no interest in entering into any form of reasonable plea negotiations in the case and, in closing, advised the government as follows: "At this time, the government's only option at a quick and non public resolution (i.e., keeping quiet the Fourth and Fifth Amendment violations) is Court ordered immunity, return of some property, and immediate release." Any fair reading of defendant's conduct and written statements to date is that he is not interested in entering into reasonable plea negotiations and contends that he is innocent.

## II. Discussion

Defendant contends that the government intends to seek a superseding indictment due to the fact that he has ultimately decided to represent himself. This is entirely not the case, the sole reason the government intends to seek a superseding indictment in this case is that it has waited patiently since August 3, 2008, with an open offer to attempt to resolve this case short of trial and to date has received absolutely no expression of interest from the defendant, or any of his four prior defense attorneys, of resolving this case via a plea agreement. Moreover, the defendant has been formally offered an extension of the plea offer deadline and the potential date for a superseding indictment in writing, and the defendant has rejected the government's overture.

The case law is quite simple, when a defendant rejects the government's plea offer, the government may chose to supersede the indictment. See e.g., <u>United States v. Garza-Juarez</u>, 992 F.2d 896 F.2d (9th Cir. 1993); <u>United States v. Gastelum Almeida</u>, 298 F.3d 1167 (9th Cir. 2002); and <u>United States v. Stewart</u>, 770 F.2d 825 (9th Cir. 1995). In this case, defendant has not even been willing to enter into plea negotiations. There is no sense making an offer in a case as complex and far reaching as this if the defendant is not even willing to seriously consider one. Accordingly, a superseding indictment in this case will be sought for one reason only, defendant's rejection of all overtures to reasonably resolve this case via a plea agreement. Any such superseding indictment will simply more fully address the wide ranging unlawful conduct of defendant prior to his arrest.

/
/
/
/
/
/
/

4

### III. Conclusion

For the foregoing reasons, defendant's Motion for Court Order Prohibiting Vindictive Superseding Indictment should be denied.

Respectfully submitted this 26th day of January, 2010.

DENNIS K. BURKE
United States Attorney
District of Arizona

FREDERICK A. BATTISTA
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2010, I caused the attached document to be filed under seal with the Clerk's Office and a copy to be mailed to defendant and defendant's shadow counsel Philip A. Seplow at the following addresses:

Daniel Rigmaiden
Agency No. 10966111
CCA-CADC
Post Office Box 6300
Florence, Arizona 85132

Philip A. Seplow
Attorney at Law
2000 North 7th Street
Phoenix, Arizona 85006

FREDERICK A. BATTISTA
Assistant U.S. Attorney