Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

SEALED

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden,<br><br>    Defendant. | No. CR08-814-PHX-DGC<br><br>MOTION FOR STAY PENDING APPEAL OF ORDER DENYING "MOTION FOR COURT ORDER PROHIBITING VINDICTIVE SUPERSEDING INDICTMENT" PURSUANT TO FRAP 8(a)(1)(A) |

Defendant, Daniel David Rigmaiden, appearing pro se, respectfully requests that the Court issue a stay of its order denying the defendant's "Motion For Court Order Prohibiting Vindictive Superseding Indictment" if and when such denial may occur. This motion is being made because the defendant will likely be unable to file it later and before the government re-indicts the defendant.

The defendant plans to file an interlocutory appeal under 28 U.S.C. § 1291 of the Court's order denying the defendant's motion challenging the superseding indictment. Such an appeal is one that the Ninth Circuit will review under the "collateral-order" exception first articulated in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). In United States v. Griffin, the Ninth Circuit held that they have jurisdiction to entertain an immediate

1 | appeal of a vindictive prosecution claim considering it is "wholly
2 | collateral to the issue of the guilt or innocence of the accused
3 | on the underlying substantive charges." Id., 617 F.2d 1342, 1345
4 | (9th Cir. 1980).
5 |     FRAP 8(a)(1)(A) requires that the defendant first seek a stay
6 | in the district court before seeking a stay in the Ninth Circuit
7 | pursuant to FRAP 8(a)(2) et seq. The defendant requests that this
8 | Court issue a timely ruling on this motion so that the defendant
9 | may immediately explore his options in the Ninth Circuit court of
10 | appeals.
11 |     The defendant clarifies for the Court that he does not plan to
12 | piecemeal appellate review of his case before final judgment is
13 | entered in the district court. It just so happens that the
14 | Court's orders denying the defendant's motion for vouchers
15 | (violation of Faretta rights) and denying the defendant's motion
16 | challenging the superseding indictment (double jeopardy/due
17 | process claims) are both orders that meet the "collateral-order"
18 | requirements in the Supreme Court's Cohen decision.
19 |     The defendant is appearing pro se and has no formal legal
20 | training whatsoever. The Supreme Court requires that this Court
21 | hold the defendan's motion "to less stringent standards than
22 | formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S.
23 | 519, 520 (1972).
24 |     Based on the facts, points, and authorities set forth herein,
25 | the defendant respectfully requests that this motion be granted.
26 |     LRCrim 12.2(a) requires that the undersigned include the
27 | following statement in all motions: "Excludable delay under

1 | 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion
2 | or of an order based thereon." However, the defendant posits that
3 | this motion will not cause any "delay" and objects to any delay
4 | ~~as a result of this motion or of an order based thereon.~~
5 | ///
6 | ///
7 | ///
8 | ///
9 | ///
10 | ///
11 | ///
12 | ///
13 | ///
14 | ///
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///

1  I, Daniel David Rigmaiden, declare, certify, verify, and
2  state, under penalty of perjury under the laws of the United
3  States of America, that the facts contained in the foregoing
4  motion, and in any attached/incorporated memorandum, are true and
5  correct to the best of my knowledge, except as to those matters
6  which are therein stated on information and belief, and, as to
7  those matters, I believe it to be true. See 28 U.S.C. § 1746; 18
8  U.S.C. § 1621.
9
10  _January 23, 2010_         _Florence_
    [Executed On (date)]       [Executed in the City of]
11
12  _Arizona_                  _United States of America_
    [Executed in the State of] [Executed in the Country of]
13
14
15  _Daniel Rigmaiden_
    Signature of Declarant
16
17  Daniel David Rigmaiden
    ~~Aka: Steven Brawner~~
    ~~(detainee booked as)~~
18  Agency # 10966111
    CCA-CADC
19  PO Box 6300
    Florence, AZ 85132
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///

1 | Respectfully Submitted: January 26, 2010
2 | DANIEL DAVID RIGMAIDEN
3 | Pro Se, Defendant

Daniel D. Rigmaiden
Defendant

## CERTIFICATE OF SERVICE

I, Daniel David Rigmaiden, certify under penalty of perjury under the laws of the United States of America (see 28 U.S.C. § 1746; 18 U.S.C. § 1621) that on January 26, 2010 at approximately 9:00 pm I caused the following to be placed into the CCA-CADC mailing system for United States Postal Service delivery with first-class postage prepaid by CCA-CADC:

Original attached document plus 1 copy(s) addressed to:

Clerk, United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington St., SPC 1
Phoenix, AZ 85003

One copy each of original document addressed to:

Frederick A. Battista
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85006

CC: Seplow

By: Daniel Rigmaiden