Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

**SEALED**

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden,<br><br>    Defendant. | No. CR08-814-PHX-DGC<br><br>REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR COURT ORDER PROHIBITING VINDICTIVE SUPERSEDING INDICTMENT - WITH ATTACHED AFFIDAVIT OF POINTS |

Defendant, Daniel David Rigmaiden, appearing pro se, respectfully submits this reply to the government's "Response To Defendant's Motion For Court Order Prohibiting Vindictive Superseding Indictment - With Attached Affidavit Of Points."

**I. INTRODUCTION**

AUSA Battista's December 22, 2009 fax indicates that the government sought the superseding indictment because the defendant chose to abandon working with an attorney and elected to represent himself. In his response motion, AUSA Battista tried to quell the government's showing of vindictiveness by indicating that the defendant's prior 4 attorneys had turned down government offers to merely enter into plea negotiations. This is false. Even if the Court were to accept AUSA Battista's version of the facts, for which he has offered no sworn affidavit (the standard

under the circumstances) and no documented proof, the necessary condition of "ongoing plea negotiations" was never met prior to the government threatening the superseding indictment. The government offered no plea agreements, neither formal nor informal, until after they had already been accused of seeking a vindictive superseding indictment.

AUSA Battista painted over his flawed argument by attempting to quell the government's showing of vindictiveness with events that occured after the defendant brought the vindictiveness to the attention of the Court. This defies logic and is not permitted. Using letters and events that existed after December 22, 2009 to justify a decision made prior to December 22, 2009 is not something that the Court should accept. The Court should not accept a planned and doctored record, intended to create the appearance of "ongoing plea negotiations," to quell a past showing of vindictiveness while no plea plea negotiations were occuring.

The icing on the cake is that the government went ahead and re-indicted the defendant while his motion to stop that very indictment was still pending. Through their most recent actions, the government has shown even further vindictiveness.

## II. STATEMENT OF FACTS

On January 7, 2010, the Court ordered the government to respond to the defendant's "Motion For Court Order Prohibiting Vindictive Superseding Indictment." The government responded to the defendant's motion on January 26, 2010, 5 days past the deadline. One day later, the government re-indicted the defendant

increasing the number and severity of the charges contained in the original indictment. The Court is yet to rule on the defendant's motion seeking to prohibit the superseding indictment that the government has already filed.

In a fax dated January 14, 2010, AUSA Battista offered the defendant an informal plea agreement of 12 years 7 months to 15 years 8 months. In a letter dated January 18, 2010, the defendant informed AUSA Battista that the only agreement he is interested in is non prosecution and immediate release. To date, the above noted discussion is the only exchange that can even remotely be classified as "ongoing plea negotiations" and it occured after the alleged showing of vindictiveness.

### III. ARGUMENT

**A. The government did not wait for the Court to rule on the defendant's motion before re-indicting the defendant. AUSA Battista has shown further vindictiveness.**

On January 7, 2010, the government was ordered to respond to the defendant's motion seeking to prohibit the superseding indictment. If the Court intended for the government to re-indict the defendant regardless then the Court would not have seen it fit to order the government to respond to the defendant's motion. To assume otherwise would be to suggest that the Court was simply humoring the defendant. By re-indicting the defendant before the Court ruled on the defendant's motion, the government has shown even further vindictiveness. If the government was not being vindictive then they would have had the respect to wait until after the Court's ruling to further explore their options

regarding a superseding indictment.

### B. AUSA Battista's threat of a superseding indictment is not justified by ongoing plea negotiations.

AUSA Battista's December 22, 2009 fax indicates that the government sought the superseding indictment because the defendant chose to abandon working with an attorney and elected to represent himself. Prior to the defendant electing to represent himself, the defendant and the government were not involved in ongoing plea negotiations. The government never even communicated that they were offering a plea until after they were accused of being vindictive. The government's only offer prior to the alleged showing of vindictiveness was to have the defendant attend a meeting with the government under various labels such as "proffer," "queen for a day," and "show and tell." See the attached affidavit of points. Even if refusing to attend such meetings is a reason to justify threatening a superseding indictment, the government never made that claim. The government's only claim is that they sought the superseding indictment because the defendant never indicated that he wished to merely enter into plea negotiations.

Despite the government's contention, none of the defendant's prior 4 attorneys ever relayed any message to the defendant that the government wished to merely enter into plea negotiations. See the attached affidavit of points. The defendant's fourth attorney, Philip Seplow, has confirmed that he received no such message from the government prior to the alleged showing of vindictiveness. AUSA Battista has offered no sworn affidavit and no proof that he

actively sought to merely enter into plea negotiations. Even if the government had sought to merely enter into plea negotiations with any of the defendant's prior attorneys, no ongoing plea negotiations ever occured.

Ongoing plea negotiations is a prerequisite to using a threat of a superseding indictment as a negotiation tactic. The government's own version of the facts, even if true, do not meet the needed prerequisite. In order to be an acceptable plea negotiation tactic, a superseding indictment must be the subject of negotiations between the two parties. See <u>United States v. Gamez-Orduno</u>, 235 F.3d 453, 462-63 (9th Cir. 2000).

### C. AUSA Battista's threat of a superseding indictment is not justified by letters existing after the alleged showing of vindictiveness.

The Court should not accept a planned and doctored record, intended to create the appearance of "ongoing plea negotiations," to quell a past showing of vindictiveness while no plea negotiations were occuring. The defendant alleged vindictive prosecution based on events that occured prior to and up to December 22, 2009. In his response motion, AUSA Battista attempted to quell his prior showing of vindictiveness by outlining events that occured between January 7, 2010 and January 18, 2010. The events described by AUSA Battista were largely influenced by the pending motion seeking to prohibit the superseding indictment and the general atmosphere created by that pending motion. AUSA Battista's tactic is comparative to the following:

1) A bank robber robs a bank.

2) One week later, the bank robber finds out that he has cancer.

3) The bank robber uses the bank robbery proceeds to pay for a life saving surgery.

4) After the surgery, the bank robber is arrested and convicted of bank robbery.

5) At sentencing, the bank robber motions the Court for a downward variance using the argument that his sole reason for robbing the bank was to save his own life.

The government superseding the defendant's indictment for the same original vindictive reasons but under separate cover (i.e., the events occuring between January 7, 2010 and January 18, 2010) is something that the defendant addressed in his original motion. See id., section III(F).

### IV. THE ATTACHED AFFIDAVIT OF POINTS

Attached to this motion is an affidavit of points signed by the defendant. The defendant supports his argument with the attached affidavit. The defendant respectfully requests that the Court order AUSA Battista to rebut the affidavit, point for point, with his own personal response affidavit or accept it as truth through his silence.

### V. CONCLUSION

The defendant is appearing pro se and has no formal legal training whatsoever. The Supreme Court requires that the Court hold the defendant's motion "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

Based on the facts, points, and authorities set forth herein, the defendant respectfully requests that his "Motion For Court

1 | Respectfully Submitted: February 2, 2010

DANIEL DAVID RIGMAIDEN
Pro Se, Defendant


_Daniel Rigmaiden_
Daniel D. Rigmaiden
Defendant


## CERTIFICATE OF SERVICE

I, Daniel David Rigmaiden, certify under penalty of perjury under the laws of the United States of America (see 28 U.S.C. § 1746; 18 U.S.C. § 1621) that on February 2, 2010 at approximately 2:00pm I caused the following to be placed into the CCA-CADC mailing system for United States Postal Service delivery with first-class postage prepaid by CCA-CADC:

Original attached document plus 1 copy(s) addressed to:

Clerk, United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington St., SPC 1
Phoenix, AZ 85003

One copy each of original document addressed to:

Frederick A. Battista
Two Renaissance Square
40 North Central Ave, Suite 1200
Phoenix, AZ 85006

cc: Seplow

By: _Daniel Rigmaiden_

SWORN AFFIDAVIT OF POINTS

**RE: REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S "MOTION FOR COURT ORDER PROHIBITING VINDICTIVE SUPERSEDING INDICTMENT"**

Affiant, Daniel David Rigmaiden, hereby states:

1. On January 7, 2010, during the Court hearing regarding my "Motion For Leave To Proceed Pro Se And To Place Philip Seplow Into Advisory Position," Assistant United States Attorney Frederick A. Battista ("Battista") stated on the record, according to my memory, that my past 4 attorneys, including Philip Seplow ("Seplow"), informed him that they were not in a position to accept any plea offers from the government.

2. After Battista's comments, Seplow (sitting to my right) turned to me and said, "I never said that to him."

3. On January 27, 2010, Seplow and I had an "in person" legal visit at CCA-CADC, the detention center where I am currently detained. The legal visit occured in "visitation 3" between roughly 10:10am and 10:50am.

4. During the legal visit, Seplow informed me again that he had never stated to Battista that he would refuse to accept a plea offer from the government.

5. Upon information and belief, the only refusal made by Seplow was his refusal to have me attend a meeting with Battista and government agents.

6. Upon information and belief, the only refusal made by my third attorney, Mark Paige, was his refusal to have me attend a meeting with Battista and government agents.

7. Upon information and belief, no refusals were made by my

Page # 1 of 3

1 second attorney, Tom Crowe.

2 8. Upon information and belief, the only refusal made by my
3 first attorney, Nick Hummy, was his refusal to have me attend a
4 meeting with Battista and government agents.

5 9. Upon information and belief, Battista threatened the
6 superseding indictment to prevent me from executing my plan to
7 abandon working with an attorney and to proceed pro se.

8 10. Upon information and belief, Battista sought and obtained
9 the superseding indictment to punish me for going through with my
10 plan to abandon working with an attorney and to proceed pro se.

11 11. Upon information and belief, Battista was being vindictive
12 when he re-indicted me before the Court had a chance to rule on
13 my motion seeking to prohibit the superseding indictment.

14 12. Upon information and belief, Battista sought and obtained
15 the superseding indictment for vindictive reasons.

16 13. I demand that Battista rebut this affidavit, point for
17 point, with his own response affidavit or accept it as truth
18 through his silent acquiescence.

19 [ See page # 3 for signed affirmation statement. ]
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///

1  I, Daniel David Rigmaiden, being first sworn under oath, swear
2  and affirm under penalty of perjury under the laws of the United
3  States of America that the the foregoing is true and correct to
4  the best of my knowledge, except as to those matters which are
5  therein stated on information and belief, and, as to those
6  matters, I believe it to be true.

January 31, 2010                         *(signature)*
Executed On                              Signature of Affiant

Daniel David Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

Subscribed and sworn to before me this  31  day of
January               , 2010 .

*(signature)*
Notary Public

OFFICIAL SEAL
RANDY L. ZELL
NOTARY PUBLIC - ARIZONA
PINAL COUNTY
My Commission Expires May 5, 2011

_____
My Commission Expires

STATE OF ARIZONA        )
                        ) ss.
COUNTY OF  Pinal        )

///
///
///
///

Page # 3 of 3