1 | Daniel Rigmaiden
Agency # 10966111
2 | CCA-CADC
PO Box 6300
3 | Florence, AZ 85132
Telephone: none
4 | Email: none

FILED _____ LODGED _____
RECEIVED _____ COPY _____

FEB 1 6 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ S DEPUTY

5 | Daniel David Rigmaiden
6 | Pro Se, Defendant

7 | UNITED STATES DISTRICT COURT

8 | DISTRICT OF ARIZONA

9 | United States of America,               )   No. CR08-814-PHX-DGC
                                            )
10 |       Plaintiff,                        )   AFFIDAVIT OF POINTS TO REBUT
                                            )   THE COURT'S MISGUIDED AND
11 | v.                                      )   INCORRECT ASSESSMENT OF THE
                                            )   DEFENDANT'S REASONS FOR
12 | Daniel David Rigmaiden,                 )   REQUESTING COPIES OF PAYMENT
                                            )   VOUCHERS AS CONTAINED IN THE
13 |       Defendant.                        )   COURT'S JANUARY 21, 2010
     _____)   AMENDED ORDER

14 |       Defendant, Daniel David Rigmaiden, appearing pro se,

15 | respectfully submits the attached sworn affidavit of points RE:

16 | "Rebuttle to the Court's assessment of Daniel Rigmaiden's reasons

17 | for requesting copies of payment vouchers and other payment

18 | information as the Court outlined in its January 21, 2010 amended

19 | order." This is the defendant's attempt to correct an inaccurate

20 | record that may be presented to the Ninth Circuit with respect to

21 | the defendant's interlocutory appeal of the Court's order denying

22 | the defendant's "Motion To Request Copies Of All Payment Vouchers

23 | And Other Payment Information For Services Rendered Pursuant To

24 | The CJA" (Dkt. #144). The defendant respectfully requests that the

25 | Court address and take action upon the attached affidavit.

26 | ///

27 | ///

1

1    I, Daniel David Rigmaiden, declare, certify, verify, and

2  state, under penalty of perjury under the laws of the United

3  States of America, that the facts contained in the foregoing

4  motion, and in any attached/incorporated memorandum, are true and

5  correct to the best of my knowledge, except as to those matters

6  which are therein stated on information and belief, and, as to

7  those matters, I believe it to be true. See 28 U.S.C. § 1746; 18

8  U.S.C. § 1621.

9

10  February 9, 2010                Florence
    [Executed On (date)]            [Executed in the City of]

11

12  Arizona                         United States of America
    [Executed in the State of]      [Executed in the Country of]

13

14                                  Daniel Rigmaiden
15                                  Signature of Declarant

16
                                    Daniel David Rigmaiden
17                                  Agency # 10966111
                                    CCA-CADC
18                                  PO Box 6300
                                    Florence, AZ 85132

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

                            2

Respectfully Submitted: February 11, 2010

DANIEL DAVID RIGMAIDEN
Pro Se, Defendant


Daniel D. Rigmaiden
Defendant

## CERTIFICATE OF SERVICE

I, Daniel David Rigmaiden, certify under penalty of perjury under the laws of the United States of America (see 28 U.S.C. § 1746; 18 U.S.C. § 1621) that on February 11, 2010 at approximately 2:00pm I caused the following to be placed into the CCA-CADC mailing system for United States Postal Service delivery with first-class postage prepaid by CCA-CADC:

Original attached document plus 1 copy(s) addressed to:

Clerk, United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington St., SPC 1
Phoenix, AZ 85003

One copy each of original document addressed to:

Frederick A. Battista
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85006

CC: Sedow

By: Daniel Rigmaiden

3

## SWORN AFFIDAVIT OF POINTS

RE: Rebuttle to the Court's assessment of Daniel Rigmaiden's reasons
for requesting copies of payment vouchers and other payment
information as the Court outlined in its January 21, 2010
amended order.

**Affiant, Daniel David Rigmaiden, hereby states:**

1. Through this affidavit, I will rebut the Court's misguided
and incorrect assessment of my reasons for requesting copies of
payment vouchers for my personal criminal case and my interest to
seek the same in other cases. The Court's misguided and incorrect
assessment is contained in the Court's January 21, 2010 amended order.
The amended order stems from the ex parte portion of the January 7,
2010 court hearing. After the January 7, 2010 court hearing, I
discovered new information and new authority that resulted in
additional reasons why I need copies of both past and future payment
vouchers for my personal criminal case only. I addressed my new
need in my "Motion For Reconsideration Of Motion To Request Copies
Of All Payment Vouchers And Other Payment Information For Services
Rendered Pursuant To The CJA." My new need for copies of the payment
vouchers for my personal criminal case is to prevent violations of
my Sixth Amendment right to represent myself as outlined in <u>Faretta
v. California</u>, 422 U.S. 806 (1975). This affidavit will only rebut
the Court's misguided and incorrect assessment of my reasons for
seeking copies of payment vouchers up to January 7, 2010.

2. The Court neglected to include the most important reason that
I gave the Court regarding my request for copies of payment vouchers.
During the January 7, 2010 court hearing, I pointed out for the Court

1

that the Criminal Justice Act, codified at 18 U.S.C. § 3006A, states that payment vouchers shall be made available to the public. Even though I brought this to the Court's attention, the Court still chose to violate an act of Congress.

3. The Court indicated in its amended order that it is concerned that I am requesting copies of payment vouchers so that I may pursue bar complaints against my prior attorneys and against other attorneys for their misconduct. However, the Court neglected to state in the amended order that I specifically informed the Court at the January 7, 2010 court hearing that my request for copies of payment vouchers has nothing to do with filing bar complaints.

4. Upon information and belief, the Court presented an inaccurate assessment of the facts, in the amended order, so that the Ninth Circuit will be persuaded to deny my interlocutory appeal of the Court's order denying my request for copies of payment vouchers. This inaccurate assessment includes keeping hidden from the Ninth Circuit that the Court denied my request even after I brought to the Court's attention that the Criminal Justice Act states that payment vouchers shall be made available to the public. This inaccurate assessment includes keeping hidden from the Ninth Circuit that my reasons for requesting copies of payment vouchers has nothing to do with filing bar complaints.

5. Upon information and belief, the Court amended its order to include completely irrelevant facts regarding bar complaints in order to take away attention from the fact that the Criminal Justice Act requires that payment vouchers shall be made available to the public.

6. Upon information and belief, the Court's interest in my willingness to bring lawyer misconduct to the attention of the bar, taken in the context of the Court's denial of my request for copies of payment vouchers, indicates that the Court intends to hide information in the payment vouchers that will show misconduct on the part of those who have been paid through the payment vouchers.

7. I am not interested in, and will not use, any information contained in the payment vouchers for the purpose of filing bar complaints or for the purpose of assisting others in filing bar complaints.

8. Even though I have no intention of using the payment vouchers for the purpose of filing bar complaints, it raises grave First Amendment concerns of a significant nature when the Court states on the record that its reason for denying me access to copies of payment vouchers is to prevent me from filing bar complaints. The bar complaints that I file are out of the Court's jurisdiction. The Court believing that my prior attorneys are effective and ethical has no bearing on whether they are guilty of the misconduct alleged in my bar complaints.

9. I object to the Court's denial of my request for copies of payment vouchers for my personal criminal case and other cases based on the Court's misguided and inaccurate assessment contained in the January 21, 2010 amended order.

10. I have never been presented with any sworn affidavits that provide validity to the claims made by the Court contained in the January 21, 2010 amended order. It is my best and considered judgment that no such affidavits exist.

3

11. If the Court considers my position in error then I demand that the Court submit its own response affidavit rebutting this affidavit point for point (this affidavit contains 11 numbered points). Otherwise, through the Court's silent acquiescence it may accept this affidavit as truth.

[ See page # 5 for signed affirmation statement. ]

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

I, Daniel David Rigmaiden, being first sworn under oath, swear and affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

February 9, 2010
_____
Executed On

Daniel Rigmaiden
_____
Signature of Affiant

Daniel David Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

Subscribed and sworn to before me this 9th day of February, 2010.


_____
Notary Public

R. H. MILLAS
Notary Public - Arizona
PINAL COUNTY
My Comm. Exp. 08-07-10

_____
My Commission Expires

STATE OF ARIZONA        )
                        ) ss.
COUNTY OF  Pinal        )

///

///

///

///

5