**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-08-814-PHX-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Daniel David Rigmaiden, | ) | |
| Defendant. | ) | |

    The government indicted Defendant Daniel Rigmaiden on July 23, 2008, charging him with 50 counts of mail and wire fraud, aggravated identity theft, and conspiracy. Dkt. #3. On January 5, 2010, Defendant filed a motion asking the Court to prohibit a vindictive superseding indictment. Dkt. #172. Because the government has now filed a superseding indictment (Dkt. #201), the Court will construe Defendant's motion as a motion to dismiss. The motion is fully briefed. Dkt. ##208, 212. For reasons that follow, the Court will deny the motion.

    A prosecutor violates due process when he vindictively "seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right." *United States v. Gamez-Orduño*, 235 F.3d 453, 462 (9th Cir. 2000) (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978)). The government asserts that it filed the superseding indictment not because Plaintiff has exercised his constitutional right to represent himself, but solely because he has been unwilling to enter into plea negotiations. Dkt. #208 at 4. The

government argues that issuance of the superseding indictment for that reason is not vindictive. *Id.* The Court and the case law agree.

**I.  Background.**

On December 4, 2009, Defendant filed a motion for leave to proceed pro se and to place his then-current attorney, Philip Seplow, into an advisory position. Dkt. #159. Mr. Seplow filed a motion for determination of counsel ten days later, stating that he had no objection to serving as advisory counsel if Defendant were granted leave to proceed pro se. Dkt. #162. In a letter dated December 22, 2009, counsel for the government advised Mr. Seplow of the government's intention to supersede the indictment unless Defendant agreed to enter into plea negotiations. The letter stated:

> The government has received the above-noted defendant's Motion for Leave to Proceed Pro Se and to Place Philip Seplow Into Advisory Position and your response in the form of a Motion for Determination of Counsel. Please be advised that the government has been patiently waiting for the defendant to establish a productive working relationship with a defense attorney in order to attempt to successfully resolve this matter short of trial via a plea agreement. In light of the current posture of the case, it appears that such a resolution is extremely unlikely. As a result, please be advised that the government intends to supersede the current indictment, most likely in the last week of January 2010. The superseding indictment will cover the defendant's unlawful conduct connected to the District of Arizona from the last date alleged in the current indictment up to the date of the defendant's arrest in 2008. If the defendant wishes to enter into serious plea negotiations to resolve all pending matters, with or without cooperation, the government is willing to postpone seeking a superseding indictment in this case.

Dkt. #172 at 16.

Defendant claims that this letter constitutes direct evidence of a vindictive motive, that is, the decision to supersede the indictment in response to Defendant's exercise of his Sixth Amendment right to self-representation. Dkt. #172 at 10-13. The Court does not agree.

Defendant has been represented in this case by several different court-appointed attorneys. The relationships with these attorneys have proven problematic, and Defendant ultimately sought leave to represent himself pro se, which was granted. Dkt. #171. The government's letter refers to this history when it notes that the prosecutor has been "waiting for the defendant to establish a productive working relationship with a defense attorney in order to attempt to successfully resolve this matter short of trial via a plea agreement."

Dkt. #172 at 16. The letter also refers to Defendant's request to proceed pro se, but cannot reasonably be read as threatening a superseding indictment to prevent Defendant from exercising that right. The government explains in the letter that a superseding indictment will be postponed not if Defendant continues to be represented by counsel, but if he "wishes to enter into serious plea negotiations[.]" *Id*. Stated differently, the letter indicates that the government has withheld issuance of a superseding indictment while waiting for meaningful plea negotiations, those negotiations now appear unlikely, the government therefore will proceed with the superseding indictment, but the government will still postpone the indictment if meaningful negotiations can be held. The letter does not state, or even intimate, that the superseding indictment will be issued because Defendant seeks to represent himself.

**II.     Analysis.**

The government may choose to supersede an indictment when a defendant refuses to enter into plea negotiations. The Supreme Court has made clear that where the prosecutor "openly present[s] the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he [is] plainly subject to prosecution," there is no due process violation so long as the defendant is "free to accept or reject the prosecution's offer." *Bordenkircher*, 434 U.S. at 363, 365. Indeed, "just as a prosecutor may forgo legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded." *United States v. Goodwin*, 457 U.S. 368, 379 (1982); *see also United States v. Allsup*, 573 F.2d 1141, 1143 (9th Cir. 1978) ("In electing not to bring the gun charges initially and utilizing them as a latent bargaining tool, the government exercised permissible prosecutorial discretion."); *United States v. Stewart*, 770 F.2d 825, 829 (9th Cir. 1985) ("Bringing additional charges because a defendant is not willing to plea bargain constitutes permissible prosecutorial discretion."); *United States v. Gastelum-Almeida*, 298 F.3d 1167, 1172 (9th Cir. 2002) ("Prosecutors often threaten increased charges and, if a guilty plea is not forthcoming, make good on that threat. Such prosecutorial actions as part of plea negotiations do not violate due process.") (citations omitted).

1    Defendant cites *Gamez-Orduño*, 235 F.3d at 462-63, for the proposition that the threat
2    of a superseding indictment is proper only where the parties are actively engaged in
3    plea negotiations. Dkt. ##172 at 9, 212 at 5. *Gamez-Orduño* cannot be read so narrowly.
4    A prosecutor may increase charges through a superseding indictment even "outside the
5    context of plea negotiation." *Goodwin*, 457 U.S. at 382 n.15. To hold otherwise would
6    empower criminal defendants to block superseding indictments merely by refusing to
7    negotiate.

8    Defendant's reliance on *United States v. Meyer*, 810 F.2d 1242 (D.C. Cir. 1987), is
9    also misplaced. A presumption of vindictiveness arose in *Meyer* largely because of disparate
10   treatment – the government's decision to bring an additional charge against every member
11   of a group of defendants who chose to proceed to trial. 810 F.2d at 1246. The large number
12   of defendants choosing to go to trial on petty offenses also created a strong incentive for the
13   prosecutor to discourage the assertion of legal rights. *Id.* at 1247. Neither of those factors
14   is present here. *See United States v. Saltzman*, 537 F.3d 353, 362-63 (5th Cir. 2008)
15   (distinguishing *Meyer* and reversing dismissal of superseding indictment).

16   In this case, the Court finds no basis for concluding that the superseding indictment
17   is vindictive – that it was filed to punish Defendant for exercising his right to represent
18   himself. Many months have been consumed while Defendant has sought to establish an
19   effective working relationship with his court-appointed lawyers. Defendant was unable to
20   work with attorneys Tom Crowe or Mark Paige, eventually developing hostile working
21   relationships with each of them. Although Defendant's relationship with Phillip Seplow did
22   not end in similar hostility, Defendant requested that the relationship be terminated, that
23   Defendant be permitted to represent himself, and that Mr. Seplow act as shadow counsel.
24   Even since this request was granted, Defendant has filed at least ten motions asking the Court
25   to constrain or regulate Mr. Seplow in some respect. Dkt. ##180, 181, 182, 183, 184, 188,
26   214, 215, 216, 217. Defendant's inability to work effectively with defense counsel clearly
27   impeded any government effort to engage in plea negotiations, and has done so for more than
28

one year.[1]

The Court granted Defendant's motion to represent himself at a hearing on January 7, 2010. Dkt. #170. After the Court had granted the motion, the government again reiterated its willingness to enter into plea negotiation with Defendant. The government stated on the record that it originally had requested that this case be sealed because of the possibility that Defendant could enter into a cooperation agreement that might significantly reduce his exposure to criminal penalties. The government acknowledged that Defendant had every right to decline such a cooperation agreement, but stated that it was still willing to discuss such an agreement if he was interested. The government also stated that it would discuss a plea agreement without cooperation, and that it would not hold a lack of cooperation against Defendant. The government laid out other ways to resolve the case and additional steps it would be willing to take in an effort to achieve a global resolution of all of Defendant's criminal legal issues. The discussion of possible plea negotiations, all of which occurred on the record, ended with an agreement that the government would send Defendant a written proposal and Defendant would decide whether to pursue plea discussions.

Five days later, on January 12, 2010, Defendant filed a motion asking the Court to unseal this case. Defendant explained that after resting and reflecting on the discussion at the January 7, 2010 hearing, he did not want to receive a written proposal from the government had no interest in plea negotiations. Dkt. #174. Defendant stated his intention to defend this case vigorously and asked that the case be unsealed. He even acknowledged that such a course of action likely would result in the issuance of additional indictments. *Id.* at 4. The government filed the superseding indictment on January 27, 2010. Dkt. #201.

The government's letter of December 22, 2010 to Defendant's last appointed counsel simply notes that the government had waited for an opportunity enter into plea negotiations

---

[1] Tom Crowe was appointed on October 16, 2008. Dkt. #13. He was replaced by Mark Paige on February 25, 2009. Dkt. #56. Phillip Seplow was appointed on July 30, 2009. Dkt. #130. He was moved to shadow counsel, and Defendant was permitted to represent himself, on January 7, 2010. Dkt. ##170, 171.

1 and, now that such an opportunity appeared unlikely, the government intended to move forward with additional charges. Dkt. #172 at 16. The letter stated that the government was still willing to postpone a superseding indictment and negotiate with Defendant. *Id*. The discussion at the hearing on January 7, 2010, confirmed the government's continued willingness to negotiate with Defendant, even after he had been granted the right to represent himself pro se. Defendant's motion of January 12, 2010, made clear that he has no interest in such negotiations. As a result, the government filed the superseding indictment. Such a decision was well within the government's prosecutorial discretion. *See Gamez-Orduño*, 235 F.3d at 463. The Court therefore will deny the motion to dismiss the superseding indictment. *See Allsup*, 573 F.2d at 1144; *Gastelum-Almeida*, 298 F.3d at 1172.

Defendant's motion for a stay pending appeal (Dkt. #210) will also be denied because an order denying a motion to dismiss based on vindictive prosecution is not appealable before trial. *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 270 (1982); *see also United States v. McKinley*, 38 F.3d 428, 431 (9th Cir. 1994).

**IT IS ORDERED** that Defendant Daniel Rigmaiden's motion to dismiss superseding indictment (Dkt. #172) and motion for stay pending appeal (Dkt. #210) are **denied**.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on January 12, 2010 for a total of 45 days.

DATED this 25th day of February, 2010.

David G. Campbell
United States District Judge

cc: AUSA (Battista)
Defense (Seplow)
Defendant