**Philip A. Seplow, Esq.**
Attorney #004859
2000 North 7th Street
Phoenix, AZ 85006
(602) 254-8817



**Attorney for Defendant**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>  vs.<br><br>Daniel David Rigmaiden,<br><br>  Defendant. | Case No. CR 08-0814-PHX-DGC<br><br>MOTION TO CONTINUE HEARING |

COMES NOW the Defendant, *pro se*, and respectfully requests that the Court enter an order continuing the motions hearing currently set for March 12, 2010, for a period of roughly 14 days for the following reasons:

1. CCA/CADC, the facility where the Defendant is currently detained has been refusing to mail Defendant's legal mail due to "budget constraints." The Defendant attempted to file numerous motions on March 2, 2010, that are vital to his defense and the issues that will be addressed at the scheduled March 12, 2010, motions hearing. The Defendant has been unable to file motions in light of the CCA/CADC refusal to cover indigent legal mail postage costs over $2.20 per week. In fact, for the week of February 28, 2010, CCA/CADC stopped sending out Defendant's indigent legal mail after paying roughly $1.39 in postage. The Defendant needs time to collect charitable stamp donations from

1

other detainees so that he can file the motions that are vital to his defense and relevant to the scheduled motions hearing. The Defendant will also use the extra time to attempt to convince CCA/CADC that they have an obligation to send out indigent legal mail.

2. CCA/CADC has refused to stop recording Defendant's legal phone calls. CCA/CADC has informed the Defendant that he needs a court order for each legal phone number he wishes to call and not have recorded. The Defendant has been unable to contact his new paralegal in preparation for the March 12, 2010, motions hearing. The Defendant needs additional time to draft motions regarding the CCA/CADC telephone issue and Defendant needs additional time to get in contact with his new paralegal.

3. The Defendant may need to subpoena CCA/CADC employees for the next court hearing so they may answer to the indigent legal mail issue and recorded legal telephone calls issue. The Defendant will not be able to subpoena CCA/CADC employees in time for the March 12, 2010, motions hearing.

4. The Defendant has not been able to view his case file in preparation for the March 12 motions hearing. Defendant's shadow counsel has not had the opportunity to deliver Defendant's case file to him. It was understood at the January 10, 2010, court hearing that the Defendant would be given access to his case file. The Defendant needs additional time so that shadow counsel can bring him his case file for review and prepare for the motions hearing.

Due to the restrictions placed on Defendant by CCA/CADC, Defendant has not been able to ascertain the government's position

in regard to this Motion.

Defendant's shadow counsel was authorized by the Defendant to file this Motion on his behalf. The contents of this Motion were dictated by the Defendant.

Excludable delay under 18 U.S.C. § 3161(h)(8) may occur as a result of this Motion or from an Order based thereon.

RESPECTFULLY SUBMITTED this 9th day of March, 2010.

PHILIP A. SEPLOW, ESQ.

By: _____
Philip A. Seplow, Esq.
Shadow Counsel for Defendant

A copy of the foregoing delivered this 9th day of March, 2010, to:

Honorable David G. Campbell
United States District Judge

A copy of the foregoing e-mailed this 9th day of March, 2010, to:

Frederick Battista, Esq.
Assistant United States Attorney

_____