Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant



UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | ) No. CR08-814-PHX-DGC |
|---|---|
| Plaintiff, | ) MOTION TO CONTINUE TRIAL |
| v. | ) |
| Daniel David Rigmaiden, | ) |
| Defendant. | ) |

Defendant, Daniel David Rigmaiden, appearing pro se, respectfully moves to continue the trial in this matter presently set for April 13, 2010, for sixty (60) days for the following reasons:

1. The defendant is yet to be provided with all of his discovery. The government still needs to provide the defendant with certain digital discovery and other discovery pertaining to cell site information and the government's "Stingray" device. The defendant needs additional time to gain access to his discovery.

2. The defendant is yet to be provided with his case file. the defendant's shadow counsel, Philip Seplow ("Seplow"), has not provided the defendant with his case file despite numerous requests and a motion to the Court. The defendant needs additional time to gain access to his case file.

1

3. The defendant has not had meaningful access to a private investigator or to any experts. The defendant has not had contact with his court appointed computer forensic specialist, Lonnie Dworkin ("Dworkin"), in over 10 months. The defendant has not had contact with Dworkin despite numerous attempts made by Seplow. The defendant has located new experts who have agreed to assist the defendant in a way that is not just "in name only." The defendant needs additional time to acquire and utilize their services.

4. The defendant currently has 14,069 pages of discovery. The defendant needs additional time to study his discovery so that he may prepare his defense.

5. The defendant's court appointed paralegal, Laurianne Litzau, does not wish to communicate directly with the defendant or do legal research. The defendant has located a new paralegal who is willing to communicate with him directly and do legal research. The defendant needs additional time to acquire and utilize his services.

6. CCA-CADC has recently refused to pay for the defendant's outgoing indigent legal mail over 5 ounces per week. The defendant is currently without effective use of outgoing legal mail. The defendant needs additional time to remedy this situation.

7. CCA-CADC has recently refused to add any of the defendant's legal phone numbers to the CCA-CADC "do not record list" without having each phone number approved by the Court. The defendant has not been able to contact defense service providers

2

or potential defense service providers from the CCA-CADC detainee phones. The defendant needs additional time to remedy this situation.

8. The defendant needs additional time to determine whether any pretrial motions might be applicable.

Thus, additional time is necessary to accomplish the above in order to be properly prepared for trial.

For the reasons stated above, it is also requested that the Court extend the deadline for filing pretrial motions an equivalent amount of time.

Failure to grant the requested continuance would deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence (18 U.S.C. § 3161(h)(7)(B)(iv)).

The defendant was unable to contact Assistant United States Attorney Frederick A. Battista to obtain his position on this continuance.

The defendant is appearing pro se and has no formal legal training whatsoever. The defendant's filings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

LRCrim 12.2(a) requires that the undersigned include the following statement in all motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or of an order based thereon."

///

1  I, Daniel David Rigmaiden, declare, certify, verify, and
2  state, under penalty of perjury under the laws of the United
3  States of America, that the facts contained in the foregoing
4  motion, and in any attached/incorporated memorandum, are true and
5  correct to the best of my knowledge, except as to those matters
6  which are therein stated on information and belief, and, as to
7  those matters, I believe it to be true. See 28 U.S.C. § 1746; 18
8  U.S.C. § 1621.
9
10 March 14, 2010                    Florence
   [Executed On (date)]              [Executed in the City of]
11
12 Arizona                           United States of America
   [Executed in the State of]        [Executed in the Country of]
13
14
       Daniel Rigmaiden
15     Signature of Declarant
16
       Daniel David Rigmaiden
17     Agency # 10966111
       CCA-CADC
       PO Box 6300
18     Florence, AZ 85132
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///

Respectfully Submitted: March 16, 2010

DANIEL DAVID RIGMAIDEN
Pro Se, Defendant

*Daniel Rigmaiden*
Daniel D. Rigmaiden
Defendant

## CERTIFICATE OF SERVICE

I, Daniel David Rigmaiden, certify under penalty of perjury under the laws of the United States of America (see 28 U.S.C. § 1746; 18 U.S.C. § 1621) that on March 16, 2010 at approximately 6:00 pm I caused the following to be placed into the CCA-CADC mailing system for United States Postal Service delivery with first-class postage prepaid by CCA-CADC:

Original attached document plus 1 copy(s) addressed to:

Clerk, United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington St., SPC 1
Phoenix, AZ 85003

One copy each of original document addressed to:

Frederick A. Battista
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, AZ 85004

cc: Seplow

By: *Daniel Rigmaiden*