1 | **Daniel Rigmaiden**
Agency # 10966111
2 | CCA-CADC
PO Box 6300
3 | Florence, AZ 85132
Telephone: none
4 | Email: none

5 | Daniel David Rigmaiden
Pro Se, Defendant
6 |

SEALED

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | No. CR08-814-PHX-DGC |
| Plaintiff, | |
| v. | MOTION TO COMPEL THE GOVERNMENT TO DISCLOSE ALL DISCOVERY THAT MAY BE RELEVANT AND MATERIAL TO DEFENDANT'S MOTION TO SUPPRESS THE AIRCARD LOCATION EVIDENCE |
| Daniel David Rigmaiden, | |
| Defendant. | |

Defendant, Daniel David Rigmaiden, appearing pro se, respectfully requests that this Court order the government to provide the defendant with the discovery listed in the attached memorandum. This motion is being made considering the defendant was unsuccessful in his attempt to compel the government to disclose the requested discovery. Pursuant to LRCiv 7.2(j) when referenced through LRCrim 47.1, attached as "Exhibit 01" is a statement by the defendant certifying that he made a sincere effort to resolve the matter before filing this motion.

The defendant has an immediate need for the requested discovery considering it is relevant and material to the preparation of the defendant's motion to suppress the Verizon Wireless aircard remote object locating evidence. The defendant makes this request for discovery based on the authorities

1

referenced in the attached memorandum.

This motion is supported by the memorandum of points and authorities attached hereto and incorporated by this reference.

LRCrim 12.2(a) requires that the undersigned include the following statement in all motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or of an order based thereon." However, the defendant posits that this motion will not cause any "delay" and objects to any delay as a result of this motion or of an order based thereon.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

2

1    I, Daniel David Rigmaiden, declare, certify, verify, and

2  state, under penalty of perjury under the laws of the United

3  States of America, that the facts contained in the foregoing

4  motion, and in any attached/incorporated memorandum, are true and

5  correct to the best of my knowledge, except as to those matters

6  which are therein stated on information and belief, and, as to

7  those matters, I believe it to be true. See 28 U.S.C. § 1746; 18

8  U.S.C. § 1621.

9

10  March 1, 2010                    Florence
    [Executed On (date)]             [Executed in the City of]

11

12  Arizona                          United States of America
    [Executed in the State of]       [Executed in the Country of]

13

14                                   Daniel Rigmaiden
                                     Signature of Declarant

15

16                                   Daniel David Rigmaiden
                                     Agency # 10966111

17                                   CCA-CADC
                                     PO Box 6300

18                                   Florence, AZ 85132

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

3

1 | Respectfully Submitted: March 2, 2010

DANIEL DAVID RIGMAIDEN
Pro Se, Defendant

Daniel Rigmaiden
Daniel D. Rigmaiden
Defendant

## CERTIFICATE OF SERVICE

I, Daniel David Rigmaiden, certify under penalty of perjury under the laws of the United States of America (see 28 U.S.C. § 1746; 18 U.S.C. § 1621) that on March 2, 2010 at approximately 2:00pm I caused the following to be placed into the CCA-CADC mailing system for United States Postal Service delivery with first-class postage prepaid by CCA-CADC:

Original attached document plus 1 copy(s) addressed to:

Clerk, United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington St., SPC 1
Phoenix, AZ 85003

One copy each of original document addressed to:

Frederick A. Battista
Two Renaissance Square
40 North Central Ave, Suite 1200
Phoenix, AZ 85006

CC: Seplow

By: Daniel Rigmaiden

4

MOTION TO COMPEL THE GOVERNMENT
TO DISCLOSE ALL DISCOVERY THAT MAY BE RELEVANT
AND MATERIAL TO DEFENDANT'S MOTION TO SUPPRESS THE
AIRCARD LOCATION EVIDENCE

MEMORANDUM OF POINTS AND AUTHORITIES

MEMORANDUM OF POINTS AND AUTHORITIES

## I. WITHOLDING OF EVIDENCE THAT IS MATERIAL TO A MOTION TO SUPPRESS VIOLATES DUE PROCESS

The discovery requested in this memorandum is material to the preparation of the defendant's motion to suppress the Verizon Wireless aircard location evidence. "The suppression of material evidence helpful to the accused, whether at trial or on a **motion to suppress**, violates due process if there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." United States v. Gamez-Orduno, 235 F.3d 453, 461 (9th Cir. 2000) (internal citations omitted) (emphasis added). The government has an obligation to disclose to the defense all evidence that is "favorable to an accused" and "material either to guilt or to punishment." Brady v. Maryland, 373 U.S. 83, 87 (1963). The defendant's indictment, arrest warrant and numerous search warrants all resulted from the government obtaining the location of the "UTStar PC5740 Broadband Connection Card" (hereafter "aircard") associated with Verizon Wireless account number 270691733. There is a prima facia showing that the investigative techniques used to locate the aircard were in violation of the Fourth and Fifth Amendments of the United States Constitution. It would be favorable to the accused to adequately prove these violations to the Court. The discovery requested in this memorandum is material to the preparation of the defendant's motion to suppress.

II. <u>THE DISCOVERY REQUESTED BY THE DEFENDANT</u>

    A. **All warrants, court orders, subpoenas, etc. and the resulting returns or other information.**

The defendant requests unredacted copies of all warrants/warrant applications, court orders/order applications, subpoenas, etc.--and the resulting returns or other information--served on Verizon Wireless, or others, in regards to Verizon Wireless account number 270691733 and the aircard associated with that account. This is to include all requests for preservation of records issued pursuant to 18 U.S.C. 2703(f).

The only documents provided by the government falling under this category are the June 16, 2008 D.Ariz. subpoena 07-03-615 with a return (see BATEs 263 through 278), D.Ariz. order 08-3286MB with what appears to be an incomplete return (see BATEs 10843 through 10853), D.Ariz. order 08-3298MB with what appears to be an incomplete return (see BATEs 292 through 300), D.Ariz. order 08-7273MB with what appears to be an incomplete return (see BATEs 288 through 291), N.D.Cal. order 08-90330MISC with references to material evidence redacted and no return provided, N.D.Cal order 08-90331MISC with references to material evidence redacted and no return provided, and one 18 U.S.C. 2703(f) preservation of records requests dated June 5, 2008 (see BATEs 469 through 472).

Furthermore, what appears to be various return documents and other relevant documents are randomly dispersed throughout the discovery. For example, see BATEs 9988 through 9995, 9996 through 9998, 6886 through 6895, and 11164 through 11166, all of which have questionable sources of origin.

Furthermore, all of the above mentioned orders reference a subpoena served on Verizon Wireless on June 6, 2008. Neither the referenced subpoena nor the resulting return were provided to the defendant by the government.

### B. All discovery regarding the investigative techniques used to obtain the account and subscriber information for Verizon Wireless account number 270691733.

The defendant requests all discovery regarding the investigative techniques used by the government to first obtain the account and subscriber information for Verizon Wireless account number 270691733. This request pertains to the first instance that the government learned the associated name and address for Verizon Wireless account number 270691733.

All of the court orders regarding Verizon Wireless account number 270691733 state that the account name of "Travis Rupard," the billing address and other account information were obtained from Verizon Wireless through subpoenas served on June 6, 2008 and June 16, 2008. However, there are documents, in the already provided discovery, dated previous to June 6, 2008 that contain the account name of "Travis Rupard" and the billing address for the aircard account. For example, see BATEs 470 through 472 with a document date of June 5, 2008. The government obtained the account and subscriber information for Verizon Wireless account number 270691733 prior to June 6, 2008 and has not provided the relevant discovery.

### C. All discovery regarding the illegally obtained destination IP address.

The government claims to have served Verizon Wireless with subpoenas on June 6, 2008 and June 16, 2008 that were authorized by

3

18 U.S.C. 2703(c)(2). The subpoenas required Verizon Wireless to provide the government with destination IP addresses accessed by the aircard associated with Verizon Wireless account number 270691733. Subpoenas authorized by 18 U.S.C. 2703(c)(2) do not allow for compelling disclosure of an aircard user's destination IP addresses. The government claims to have "examined" the illegally obtained destination IP addresses before having them sealed and then unsealed with a "retroactive order."

The defendant requests a list of all IP addresses that were obtained by the government pursuant to subpoenas authorized by 18 U.S.C. 2703(c)(2). This request pertains to the aircard associated with Verizon Wireless account number 270691733. The defendant further requests all information and discovery regarding how the illegally obtained IP addresses were used by the government to investigate the alleged scheme and to locate the aircard.

> **D. All discovery regarding the detailed historical and real time cell site information requested from Verizon Wireless and others.**

The defendant requests all detailed historical and real time cell site information, including but not limited to cell site <u>sector</u> and <u>distance</u> information, provided to the government by Verizon Wireless and others. This request pertains to the aircard associated with Verizon Wireless account number 270691733.

D.Ariz. orders 08-3298MB and 08-7273MB  required Verizon Wireless to provide the government with "sector/distance information" with respect to the requested historical cell site information. However, the Verizon Wireless returns provided to the defendant (see BATEs 292 through 300 and 288 through 291) only contain the cell site ID

4

numbers and the geographical/street addresses of the cell towers. N.D.Cal. order 08-90331MISC required Verizon Wireless to provide the government with the "antenna tower and sector to which the cell phone sends its signal" with respect to the requested real time cell site information. However, the government has provided the defense with no return for N.D.Cal. order 08-90331MISC.

### E. All discovery regarding the aircard location data that was ordered expunged by N.D.Cal. order 08-90330MISC.

The defendant requests all discovery regarding the aircard location data (cell site information, aircard radio wave information, etc.) that was ordered expunged by N.D.Cal. order 08-90330MISC. The defendant further requests that the government provide the defendant with the expunged aircard locating data itself.

N.D.Cal. order 08-90330MISC authorized the use and monitoring of a mobile tracking device for the aircard associated with Verizon Wireless account number 270691733. N.D.Cal. order 08-90330MISC states, "at the conclusion of the tracking mission, the investigating agency shall expunge all of the data obtained by this Court Order."

### F. All discovery regarding the "time lapse" involved in the government's "after receipt and storage" 18 U.S.C. 2703 order provision.

The defendant requests all discovery regarding the "time lapse" between Verizon Wireless storing real time cell site information and Verizon Wireless providing the real time cell site information to the government. This request pertains to N.D.Cal. order 08-90331MISC and any other that pertains to real time cell site information with respect to the aircard associated with Verizon Wireless account number 270691733.

N.D.Cal. order 08-90331MISC required Verizon Wireless to provide the government with real time cell site information pursuant to 18 U.S.C. 2703(c)(1)(B), (c)(2) and (d), among other authorities. The Stored Communications Act (18 U.S.C. 2703 et seq.) does not allow for compelling disclosure of information that had not been previously stored prior to the date of the issued order. In an attempt to partially get around the plain meaning of the statute, the government sought and obtained the N.D.Cal. 08-90331MISC order which required Verizon Wireless to provide real time cell site information "after receipt and storage" and "as soon as practicable, twenty four (24) hours a day for the duration of the Order."

> **G. All discovery regarding the real time location techniques and historical location techniques used to locate the aircard.**

The defendant requests all discovery regarding the use of real time location techniques and historical location techniques, and all resulting data, used to locate the aircard associated with Verizon Wireless account number 270691733. This request pertains to all real time locating techniques and all historical locating techniques used on July 16, 2008 and on any other date.

> **H. All discovery regarding the use of Enhanced 911 Emergency Calling Systems to locate the aircard.**

The defendant requests all discovery regarding the use of "Enhanced 911 Emergency Calling Systems" (E911) location techniques, and all resulting data, used during the investigation to locate the aircard associated with Verizon Wireless account number 270691733.

> **I. All discovery regarding the government causing the aircard to operate or function out of its normal course of operation.**

The defendant requests all discovery regarding the government causing the aircard associated with Verizon Wireless account number 270691733 to operate or function out of the scope of its normal course of operation and/or out of the scope of the normal course of business for the Verizon Wireless mobile telecommunications network. This requests includes but is not limited to:

1) Information regarding radio signals and data transmitted to the aircard that would not have otherwise been transmitted if the government had not been attempting to locate the aircard.

2) Information regarding connections made to the aircard that would not have otherwise been made if the government had not been attempting to locate the aircard.

3) Information regarding the government causing the aircard to transmit radio signals or data, or transmit on different radio wave channels, that would not have occured if the government had not been attempting to locate the aircard.

### J. All discovery regarding the government's use of triangulation techniques to locate the aircard.

The defendant requests all discovery regarding the government's use of any and all forms of triangulation techniques used to locate the aircard associated with Verizon Wireless account number 270691733. Any and all triangulation techniques include but are not limited to:

1) Determining the coordinates of the aircard based on the known location of two antenna towers (cell sites) and the known direction of the aircard relevant to each antenna tower.

2) Determining the coordinates of the aircard by establishing a signal range radius around two or more antenna towers (cell sites)

7

within range of the aircard and determining the overlapping signal
areas of the antenna towers.

### K. All discovery regarding software, hardware and firmware updates made to the aircard and cell sites.

The defendant requests all discovery regarding software, hardware
and firmware updates and additions applied to the aircard and to the
aircard's host computer (e.g., laptop), and applied to cell sites
during the government's investigation to locate the aircard
associated with Verizon Wireless account number 270691733. This
request also pertains to information regarding the purpose of each
update or addition.

### L. All discovery regarding radio wave analyzers and radio wave generators used to locate the aircard.

The defendant requests all discovery regarding radio wave
analyzers, radio wave generators, specialized antennas, and any other
electronic equipment used to locate the aircard associated with
Verizon Wireless account number 270691733. This request pertains to
electronic equipment including but not limited to:

1) Triggerfish devices (devices that allow investigators to
monitor the aircard without the assistance of Verizon Wireless or
other mobile telecommunications providers).

2) Stingray devices (devices that allow investigators or mobile
telecommunications providers to more accurately pinpoint the location
of the aircard in real time).

3) Engineering handsets or "test run" devices (devices that are
deployed into movement in an attempt to mimick the historical
location of the aircard, based off of previously logged locations,
as to more accurately pinpoint the historical aircard locations.

8

This request for discovery includes all manufacturer and model information, instructions manuals, operations manuals, user manuals, schematics, patent information, proprietary information, trade secrets, test data, the actual physical devices themselves and the calibration certification information for each device used.

### M. All discovery regarding the path movement information for all devices in section L, supra.

The defendant requests all discovery regarding the path movement information for all devices that may be categorized under section L, supra. The referenced devices are electronic equipment used to locate the aircard associated with Verizon Wireless account number 270691733. The term "path movement information" includes but is not limited to:

1) Human foot movement paths (paths of investigators or other individuals who walked around while using a device categorized under section L, supra).

2) Manned and unmanned, tethered or untethered, air vehicle paths, e.g., airplanes, helicopters, blimps, weather balloons, paratroopers, etc. (paths of any device categorized under section L, supra, that was deployed into movement or into position in the air).

3) Manned and unmanned ground vehicle paths, e.g., cars, bicycles, robots, etc. (paths of any device categorized under section L, supra, that was deployed into movement or into position on the ground).

This request includes the speed and altitude throughout the entire paths and points of stationary positions, and time stamps for all movement and stationary positions.

### N. All discovery regarding computer data files relevant to created maps that depict all collected historical and real time cell site information and aircard radio wave information.

9

The defendant requests all discovery regarding computer data files relevant to created maps that geographically lay all collected real time and historical cell site information and aircard radio wave information into visual paths, points, ranges or similar. This request pertains to the information obtained during the investigation of the location of the aircard associated with Verizon Wireless account number 270691733.

**O. All discovery regarding user agreements, terms and contracts related to Verizon Wireless account number 270691733.**

The defendant requests all discovery regarding user agreements, user terms, user contracts, account agreements, account terms, account contracts, privacy agreements, privacy terms and privacy contracts related to Verizon Wireless account number 270691733 and related to the use of the aircard associated with that account. This request pertains to the agreements, terms and contracts that were in effect during the government's investigation of the location of the aircard and shall include the original signed documents.

**P. All discovery regarding the names, positions and contact information of all Verizon Wireless employees and others that assisted the government.**

The defendant requests all discovery regarding the names, positions and contact information of all Verizon Wireless employees and other non government individuals that assisted the government in locating the aircard associated with Verizon Wireless account number 270691733. This request includes information regarding what each Verizon Wireless employee or other individual did to assist the government and under what court order or other authority the employee or other individual had authorization to conduct the related

10

assistance.

> **Q. All discovery regarding the names, positions and contact information of all government investigators and employees that partook in the investigation to locate the aircard.**

The defendant requests all discovery regarding the names, positions and contact information of all government investigators and employees that partook in or assisted in the investigation to locate the aircard associated with Verizon Wireless account number 270691733. This request includes information regarding what each government investigator or employee did to partake in or assist in the investigation to locate the aircard. This request includes information regarding what court order or other authority authorized the actions of each government investigator and employee.

> **R. All discovery regarding any computer code surreptitiously uploaded to the aircard host computer as to determine the host computer's and aircard's true IP address.**

The defendant requests all discovery regarding any attempts made by the government, either successful or unsuccessful, to surreptitiously upload computer code to a host computer, paired with the aircard, as to determine the host computer's and aircard's true IP address. This request pertains to the aircard associated with Verizon Wireless account number 270691733. This request includes the computer code itself, method of surreptitious upload and installation, the data obtained through use of the computer code and all websites or other computer services involved in the surreptitious upload and installation.

### III. <u>CUMULATIVE ADDITIONS TO THE DEFENDANT'S REQUEST FOR DISCOVERY</u>

1) For the purposes of this memorandum, the terms "government" and "investigator" are synonymous and also encompass any and all private entities (e.g., Verizon Wireless and employees thereof) that are acting under the direction of the government or the Court or are providing relevant information to the government or to the Court that may have helped locate the aircard.

2) For the purposes of this memorandum, the terms "locate," "locating" and "location" each encompass one another and all requests for discovery, information and data pertain to the period when the location of the aircard was unknown and the investigation to locate the aircard began through the period when the government had located the aircard and physically placed it into evidence.

3) For the purposes of this memorandum, all requests for discovery, information and data regarding obtaining the location of the aircard also include  all failed, abandoned and unused investigative techniques that may not have produced any relevant information that assisted in locating the aircard.

4) For the purposes of this memorandum, all requests for discovery, information and data include all books, papers, documents, photographs, tangible objects, scientific tests or experiments, mental examinations, written or recorded statements, grand jury transcripts, reports of investigation, memoranda, hand written notes, or other evidence or information which are within the possession, custody or control of the government, the existence of which is known, or by exercise of due diligence may become known to the government, and which are material to the preparation of the defendant's motion to suppress, or are intended for use by the government or tends to affect

12

the weight or credibility of the opposing argument to be presented against the defendant in a response to a motion to suppress or at a suppression hearing.

5) For the purposes of this memorandum, all requests for discovery, information and data include all statements of all witnesses, including reports, supplements, notes, memoranda, tapes, videos, etc.

6) For the purposes of this memorandum, all requests for discovery, information and data include any information in any form whatsoever, the existence of which is known, or by exercise of due diligence may become known to the government, bearing upon the credibility of any person whom the government intends to call as a witness at a suppression hearing, including but not limited to any prior criminal record, any pending criminal indictment or information, and any pending criminal investigation related to any activity of such person.

7) For the purposes of this memorandum, all requests for discovery, information and data include identification of any and all promises, understandings or agreements, formal or informal, between the government, its agents and representatives and persons (including counsel for such persons) whom the government intends to call as a witness at a suppression hearing, together with copies of all documentation pertaining thereto. This request includes, but is not limited to, such promises, understandings, or agreements as may have been made in connection with other cases or investigations.

8) For the purposes of this memorandum, all requests for discovery, information and data include identification of any

13

order of immunity and the application therefore for any person whom the government intends to call as a witness at a suppression hearing, together with any documentation that was submitted to any government agency or court with regard thereto.

9) For the purposes of this memorandum, all requests for discovery, information and data include the names and contact information of all persons whom the government, its agents and representatives, believe to have relevant knowledge and/or information with reference to the investigation to locate the aircard but whom the government does not propose to call as witness at a suppression hearing.

10) For the purposes of this memorandum, all requests for discovery, information and data include identification of each occasion on which a witness for the government has testified before or where his/her testimony or information has been presented to any court or grand jury.

11) For the purposes of this memorandum, all requests for discovery, information and data include identification of any judicial proceedings in any criminal or civil case involving any person (as a witness, defendant or otherwise) with whom the government intends to call as a witness at a suppression hearing.

12) For the purposes of this memorandum, all requests for discovery, information and data include the names and contact information of expert persons, along with a summary of the testimony the government intends to use during a suppression hearing. The summary shall include the opinions the expert will offer in court, the basis and reasons therefore, and the qualifications of the expert.

14

13) For the purposes of this memorandum, all requests for discovery, information and data include that the government provide the defendant with all reports of investigation, all memos and all hand written notes generated by all investigators and employees from all agencies and generated by all Verizon Wireless employees and other individuals involved in the investigation to locate the aircard.

14) For the purposes of this memorandum, all requests for discovery, information and data include that the government provide the defendant with all relevant dates of activity and indications as to what associated warrant, court order, subpoena or other authority authorized the activity.

15) For the purposes of this memorandum, all requests for discovery, information and data include that all returns or other information provided be appropriately categorized under the warrant, court order, subpoena or other authority that authorized obtaining the contents of any related return or other information.

16) For the purposes of this memorandum, all requests for discovery, information and data include that all documents be appropriately organized, that all associated or related documents be kept together, and that documents not be randomly dispersed as to cause confusion.

## IV. THE PROSECUTOR'S LOG INDICATING DISCLOSED AND NONDISCLOSED DISCOVERY

The defendant requests that the government provide the defendant with the prosecutor's log indicating disclosed and nondisclosed discovery so that he may have verification of the required disclosures. See United States v. Chapman, 524 F.3d 1073, 1085 (9th Cir. 2008)

("[T]he failure to produce documents and to record what had or had not been disclosed, along with the affirmative misrepresentation to the court of full compliance, support the district court's finding of 'flangrant' prosecutorial misconduct even if the documents themselves were not intentionally witheld from the defense.").

## V. CONCLUSION

Each request for discovery, information and data contained herein is of a continuing nature, and calls for supplementation of any answer as soon as the government discovers additional evidence, information, data or material which is responsive to the foregoing. In addition, each request in each paragraph of this memorandum incorporates the government's obligations pursuant to Fed. R. Crim. P. 16 et seq., United States v. Gamez-Orduno, 235 F.3d 453 (9th Cir. 2000), Brady v. Maryland, 373 U.S. 83 (1963), Arizona Rules of Professional Conduct ER 3.8, "Special Responsibilities of a Prosecutor," and pursuant to other applicable law.

The defendant is appearing pro se and has no formal legal training whatsoever. The Supreme Court requires that the Court hold the defendant's motion "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

It is for the facts, points, and authorities set forth herein that the defendant respectfully requests that this motion be granted.

///

///

16

EXHIBIT [01]
United States v. Rigmaiden
08CR814

## DECLARATION UNDER PENALTY OF PERJURY

**RE:** Certification pursuant to LRCiv 7.2(j) when referenced through LRCrim 47.1 regarding "Motion To Compel The Government To Disclose All Discovery That May Be Relevant And Material To Defendant's Motion To Suppress The Aircard Location Evidence."

Declarant, Daniel David Rigmaiden, hereby declares:

1. After personal consultation, via written correspondence, I have been unable to satisfactorily resolve the discovery issues outlined in my "Motion To Compel The Government To Disclose All Discovery That May Be Relevant And Material To Defendant's Motion To Supress The Aircard Location Evidence" (hereafter "discovery motion").

2. On February 18, 2010, I mailed a letter to Assistant United States Attorney Frederick A. Battista, attached as "Attachment 01," along with a copy of the memorandum attached to my discovery motion. The letter requested that the government do one of the following with respect to each discovery request: (1) provide the requested discovery in full, or (2) certify that the requested discovery has already been provided by indicating BATE numbers, or (3) certify that the requested discovery does not exist. The government has not complied with my request.

[ See page # 2 for signed certification and declaration statement. ]

///

///

///

///

1

I, Daniel David Rigmaiden, declare and certify, under penalty of perjury under the laws of the United States of America, that the facts contained in the foregoing are true and correct to the best of my knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true. See 28 U.S.C. § 1746; 18 U.S.C. § 1621.

March 1, 2010
[Executed On (date)]

Florence
[Executed in the City of]

Arizona
[Executed in the State of]

United States of America
[Executed in the Country of]

Daniel Rigmaiden
Signature of Declarant

Daniel David Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

///
///
///
///
///
///
///
///
///
///
///

2

ATTACHMENT 01

February 18, 2010
Daniel Rigmaiden
RE: Discovery request for CR08-814-PHX-DGC
Page # 1 of 2

Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

Frederick A. Battista
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Dear Fred,

   This letter is in regards to an additional discovery request.
Enclosed with this letter is a copy of the memorandum of
points and authorities for my "Motion To Compel The Government
To Disclose All Discovery That May Be Relevant And Material To
Defendant's Motion To Suppress Evidence Seized During Execution
Of The N.D. Cal. 08-70460HRL Warrant," and a copy of the
memorandum of points and authorities for my "Motion To Compel
The Government To Disclose All Discovery That May Be Relevant
And Material To Defendant's Motion To Suppress The Aircard
Location Evidence." Please do one of the following with respect
to each specific lettered/numbered discovery request
contained in the attached memorandums: (1) provide the
requested discovery in full, or (2) certify that the requested
discovery has already been provided by indicating BATE
numbers, or (3) certify that the requested discovery does not
exist.

   Please comply with this request within 7 days of receipt
of this letter. The enclosed memorandums have not been filed,

February 18, 2010
Daniel Rigmaiden
RE: Discovery request for CR08-814-PHX-DGC
Page # 2 of 2

however, I will file them if this request is not met. I have not been permitted to view my case file (no surprise there), however, Philip Seplow has informed me that he has letters from you stating that you have "provided him everything" with respect to the discovery requested in the enclosed memorandums. As you will see after reading the memorandums, I have not been provided with everything.

I appreciate your assistance with the matters outlined in this letter. I look forward to receiving a response.

This letter was placed in the CCA-CADC mailing system on:

Sincerely

Daniel Rigmaiden

Daniel Rigmaiden