1   **Daniel Rigmaiden**
    Agency # 10966111
2   CCA-CADC
    PO Box 6300
3   Florence, AZ 85132
    Telephone: none
4   Email: none

5   Daniel David Rigmaiden
    Pro Se, Defendant
6

FILED ____ LODGED
RECEIVED ____ COPY

MAR 2 5 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ B DEPUTY

7               UNITED STATES DISTRICT COURT

8                   DISTRICT OF ARIZONA                    SEALED

9   United States of America,        )   No. CR08-814-PHX-DGC
                                      )
10      Plaintiff,                    )   MOTION TO COMPEL THE
                                      )   GOVERNMENT TO DISCLOSE ALL
    v.                                )   DISCOVERY THAT MAY BE RELEVANT
11                                    )   AND MATERIAL TO DEFENDANT'S
    Daniel David Rigmaiden,           )   MOTION TO SUPPRESS EVIDENCE
12                                    )   SEIZED DURING EXECUTION OF THE
        Defendant.                    )   N.D.CAL. 08-70460HRL WARRANT
13  _____ )

14      Defendant, Daniel David Rigmaiden, appearing pro se,

15  respectfully requests that this Court order the government to

16  provide the defendant with the discovery listed in the attached

17  memorandum. This motion is being made considering the defendant

18  was unsuccessful in his attempt to compel the government to

19  disclose the requested discovery. Pursuant to LRCiv 7.2(j) when

20  referenced through LRCrim 47.1, attached as "Exhibit 01" is a

21  statement by the defendant certifying that he made a sincere

22  effort to resolve the matter before filing this motion.

23      The defendant has an immediate need for the requested

24  discovery considering it is relevant and material to the

25  preparation of the defendant's motion to suppress the evidence

26  seized during execution of the N.D.Cal. 08-70460HRL warrant. The

27  defendant makes this request for discovery based on the

                                    1

1 | authorities referenced in the attached memorandum.

2 |     This motion is supported by the memorandum of points and

3 | authorities attached hereto and incorporated by this reference.

4 |     LRCrim 12.2(a) requires that the undersigned include the

5 | following statement in all motions: "Excludable delay under

6 | 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or

7 | of an order based thereon." However, the defendant posits that

8 | this motion will not cause any "delay" and objects to any delay

9 | as a result of this motion or of an order based thereon.

10 | ///

11 | ///

12 | ///

13 | ///

14 | ///

15 | ///

16 | ///

17 | ///

18 | ///

19 | ///

20 | ///

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

1    I, Daniel David Rigmaiden, declare, certify, verify, and

2    state, under penalty of perjury under the laws of the United

3    States of America, that the facts contained in the foregoing

4    motion, and in any attached/incorporated memorandum, are true and

5    correct to the best of my knowledge, except as to those matters

6    which are therein stated on information and belief, and, as to

7    those matters, I believe it to be true. See 28 U.S.C. § 1746; 18

8    U.S.C. § 1621.

9

10   March 1, 2010                    Florence
     [Executed On (date)]            [Executed in the City of]

11

12   Arizona                          United States of America
     [Executed in the State of]      [Executed in the Country of]

13

14                                   Daniel Rigmaiden
                                     Signature of Declarant

15

16                                   Daniel David Rigmaiden
                                     Agency # 10966111

17                                   CCA-CADC
                                     PO Box 6300

18                                   Florence, AZ 85132

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

                                     3

1 | Respectfully Submitted: March 2 , 2010

2 | DANIEL DAVID RIGMAIDEN
Pro Se, Defendant

3 |

4 |

5 |

6 | Daniel Rigmaiden
Daniel D. Rigmaiden

7 | Defendant

8 | <u>CERTIFICATE OF SERVICE</u>

9 | I, Daniel David Rigmaiden, certify under penalty of perjury

10 | under the laws of the United States of America (see 28 U.S.C. §

11 | 1746; 18 U.S.C. § 1621) that on March 2 , 2010    at

12 | approximately 2:00 pm I caused the following to be placed into

13 | the CCA-CADC mailing system for United States Postal Service

14 | delivery with first-class postage prepaid by CCA-CADC:

15 | Original attached document plus 1 copy(s) addressed to:

16 | Clerk, United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 130

17 | 401 W. Washington St., SPC 1
Phoenix, AZ 85003

18 |

19 | One copy each of original document addressed to:

20 | Frederick A. Battista

21 | Two Renaissance Square
40 North Central Ave, Suite 1200

22 | Phoenix, Az 85006

23 | cc: Seplow

24 |

25 |

26 |

27 | By: Daniel Rigmaiden

4

MOTION TO COMPEL THE GOVERNMENT
TO DISCLOSE ALL DISCOVERY THAT MAY BE RELEVANT
AND MATERIAL TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
SEIZED DURING EXECUTION OF THE N.D.CAL. 08-70460HRL WARRANT

MEMORANDUM OF POINTS AND AUTHORITIES

MEMORANDUM OF POINTS AND AUTHORITIES

I. WITHOLDING OF EVIDENCE THAT IS MATERIAL TO A MOTION
   TO SUPPRESS VIOLATES DUE PROCESS

The discovery requested in this memorandum is material to the preparation of the defendant's motion to suppress the evidence seized during execution of the N.D.Cal. 08-70460HRL warrant. "The suppression of material evidence helpful to the accused, whether at trial or on a motion to suppress, violates due process if there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." United States v. Gamez-Orduno, 235 F.3d 453, 461 (9th Cir. 2000) (internal citations omitted) (emphasis added). The government has an obligation to disclose to the defense all evidence that is "favorable to an accused" and "material either to guilt or to punishment." Brady v. Maryland, 373 U.S. 83, 87 (1963). There is a prima facia showing that the probable cause in support of the N.D.Cal. warrant application failed to establish a sufficient nexus between the items to be seized and the place to be searched. It would be favorable to the accused to adequately prove this theory to the Court. The discovery requested in this memorandum is material to the preparation of the defendant's motion to suppress.

II. THE DISCOVERY REQUESTED BY THE DEFENDANT

   A. All discovery showing that a sufficient nexus existed
      between the items to be seized and the place to be
      searched.

The defendant requests all discovery showing that a sufficient

1

nexus existed between the items to be seized listed in attachment B of the N.D.Cal. 08-70460HRL warrant and the place to be searched, i.e., 431 El Camino Real, Apartment #1122, Santa Clara, CA 95050 (hereafter "Apartment #1122").

Paragraph 101 of the N.D.Cal. 08-70460HRL warrant application states that the affiant concluded that the "Hacker" used the Travis Rupard Broadband Access Card (hereafter "aircard") to commit the offenses charged in the defendant's indictment. Paragraph 102 of the N.D.Cal. 08-70460HRL warrant application sets forth the "probable cause" intended to convince a magistrate that a nexus existed between the aircard and the place to be searched:

> "Historical cell tower information and other investigative techniques have led the investigation team to the location of the Travis Rupard Broadband Access Card within the 'domicilio' apartment complex; 431 El Camino Real; Apartment 1122; Santa Clara, California, 95050." Id.

The government sought to establish a nexus between the aircard and Apartment #1122 so that a magistrate would be convinced that there is a nexus between the items to be seized and Apartment #1122. The two disinct probable cause elements were (1) historical cell tower information, and (2) other investigative techniques. Both probable cause elements were described using vague phrases that offered no detailed information regarding the aircard being located inside Apartment #1122. The defendant requests detailed information regarding the "historical cell tower information" probable cause and the "other investigative techniques" probable cause that established the nexus between the aircard and Apartment #1122--even if that information was not provided to the magistrate who issued the warrant.
///

   **B.** All discovery regarding all sworn recorded/unrecorded
   oral testimony given for use in making probable cause
   determinations for the N.D.Cal. 08-70460HRL warrant.

The defendant requests all discovery regarding all sworn,
recorded/unrecorded oral testimony given before any and all judicial
officers for their use in making probable cause determinations for
the N.D.Cal. 08-70460HRL warrant.

The defendant makes this request considering the four corners of
the affidavit lack information that would allow a magistrate to draw
a reasonable inference that the aircard was located inside Apartment
#1122. The defendant believes that the affiant provided additional
probable cause not contained within the four corners of the affidavit.

   **III.** CUMULATIVE ADDITIONS TO THE DEFENDANT'S REQUEST
       FOR DISCOVERY

   [ memorandum continues on page # 4 ]

///

///

///

///

///

///

///

///

///

///

///

///

///

3

1) For the purposes of this memorandum, the terms "government" and "investigator" are synonymous and also encompass any and all private entities (e.g., Verizon Wireless and employees thereof) that are acting under the direction of the government or the Court or are providing relevant information to the government or to the Court that may have helped locate the aircard.

2) For the purposes of this memorandum, the terms "locate," "locating" and "location" each encompass one another and all requests for discovery, information and data pertain to the period when the location of the aircard was unknown and the investigation to locate the aircard began through the period when the government had located the aircard and physically placed it into evidence.

3) For the purposes of this memorandum, all requests for discovery, information and data regarding obtaining the location of the aircard also include all failed, abandoned and unused investigative techniques that may not have produced any relevant information that assisted in locating the aircard.

4) For the purposes of this memorandum, all requests for discovery, information and data include all books, papers, documents, photographs, tangible objects, scientific tests or experiments, mental examinations, written or recorded statements, grand jury transcripts, reports of investigation, memoranda, hand written notes, or other evidence or information which are within the possession, custody or control of the government, the existence of which is known, or by exercise of due diligence may become known to the government, and which are material to the preparation of the defendant's motion to suppress, or are intended for use by the government or tends to affect

4

the weight or credibility of the opposing argument to be presented against the defendant in a response to a motion to suppress or at a suppression hearing.

5) For the purposes of this memorandum, all requests for discovery, information and data include all statements of all witnesses, including reports, supplements, notes, memoranda, tapes, videos, etc.

6) For the purposes of this memorandum, all requests for discovery, information and data include any information in any form whatsoever, the existence of which is known, or by exercise of due diligence may become known to the government, bearing upon the credibility of any person whom the government intends to call as a witness at a suppression hearing, including but not limited to any prior criminal record, any pending criminal indictment or information, and any pending criminal investigation related to any activity of such person.

7) For the purposes of this memorandum, all requests for discovery, information and data include identification of any and all promises, understandings or agreements, formal or informal, between the government, its agents and representatives and persons (including counsel for such persons) whom the government intends to call as a witness at a suppression hearing, together with copies of all documentation pertaining thereto. This request includes, but is not limited to, such promises, understandings, or agreements as may have been made in connection with other cases or investigations.

8) For the purposes of this memorandum, all requests for discovery, information and data include identification of any

5

order of immunity and the application therefore for any person whom the government intends to call as a witness at a suppression hearing, together with any documentation that was submitted to any government agency or court with regard thereto.

9) For the purposes of this memorandum, all requests for discovery, information and data include the names and contact information of all persons whom the government, its agents and representatives, believe to have relevant knowledge and/or information with reference to the investigation to locate the aircard but whom the government does not propose to call as witness at a suppression hearing.

10) For the purposes of this memorandum, all requests for discovery, information and data include identification of each occasion on which a witness for the government has testified before or where his/her testimony or information has been presented to any court or grand jury.

11) For the purposes of this memorandum, all requests for discovery, information and data include identification of any judicial proceedings in any criminal or civil case involving any person (as a witness, defendant or otherwise) with whom the government intends to call as a witness at a suppression hearing.

12) For the purposes of this memorandum, all requests for discovery, information and data include the names and contact information of expert persons, along with a summary of the testimony the government intends to use during a suppression hearing. The summary shall include the opinions the expert will offer in court, the basis and reasons therefore, and the qualifications of the expert.

13) For the purposes of this memorandum, all requests for discovery, information and data include that the government provide the defendant with all reports of investigation, all memos and all hand written notes generated by all investigators and employees from all agencies and generated by all Verizon Wireless employees and other individuals involved in the investigation to locate the aircard.

14) For the purposes of this memorandum, all requests for discovery, information and data include that the government provide the defendant with all relevant dates of activity and indications as to what associated warrant, court order, subpoena or other authority authorized the activity.

15) For the purposes of this memorandum, all requests for discovery, information and data include that all returns or other information provided be appropriately categorized under the warrant, court order, subpoena or other authority that authorized obtaining the contents of any related return or other information.

16) For the purposes of this memorandum, all requests for discovery, information and data include that all documents be appropriately organized, that all associated or related documents be kept together, and that documents not be randomly dispersed as to cause confusion.

IV. THE PROSECUTOR'S LOG INDICATING DISCLOSED AND NONDISCLOSED DISCOVERY

The defendant requests that the government provide the defendant with the prosecutor's log indicating disclosed and nondisclosed discovery so that he may have verification of the required disclosures. See United States v. Chapman, 524 F.3d 1073, 1085 (9th Cir. 2008)

("[T]he failure to produce documents and to record what had or had not been disclosed, along with the affirmative misrepresentation to the court of full compliance, support the district court's finding of 'flangrant' prosecutorial misconduct even if the documents themselves were not intentionally witheld from the defense.").

## V. CONCLUSION

Each request for discovery, information and data contained herein is of a continuing nature, and calls for supplementation of any answer as soon as the government discovers additional evidence, information, data or material which is responsive to the foregoing. In addition, each request in each paragraph of this memorandum incorporates the government's obligations pursuant to Fed. R. Crim. P. 16 et seq., United States v. Gamez-Orduno, 235 F.3d 453 (9th Cir. 2000), Brady v. Maryland, 373 U.S. 83 (1963), Arizona Rules of Professional Conduct ER 3.8, "Special Responsibilities of a Prosecutor," and pursuant to other applicable law.

The defendant is appearing pro se and has no formal legal training whatsoever. The Supreme Court requires that the Court hold the defendant's motion "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

It is for the facts, points, and authorities set forth herein that the defendant respectfully requests that this motion be granted.

///

///

8

EXHIBIT [01]
United States v. Rigmaiden
08CR814

## DECLARATION UNDER PENALTY OF PERJURY

RE: Certification pursuant to LRCiv 7.2(j) when referenced through LRCrim 47.1 regarding "Motion To Compel The Government To Disclose All Discovery That May Be Relevant And Material To Defendant's Motion To Suppress Evidence Seized During Execution Of The N.D.Cal. 08-70460HRL Warrant."

Declarant, Daniel David Rigmaiden, hereby declares:

1. After personal consultation, via written correspondence, I have been unable to satisfactorily resolve the discovery issues outlined in my "Motion To Compel The Government To Disclose All Discovery That May Be Relevant And Material To Defendant's Motion To Suppress Evidence Seized During Execution Of The N.D.Cal. 08-70460HRL Warrant" (hereafter "discovery motion").

2. On February 18, 2010, I mailed a letter to Assistant United States Attorney Frederick A. Battista, attached as "Attachment 01," along with a copy of the memorandum attached to my discovery motion. The letter requested that the government do one of the following with respect to each discovery request: (1) provide the requested discovery in full, or (2) certify that the requested discovery has already been provided by indicating BATE numbers, or (3) certify that the requested discovery does not exist. The government has not complied with my request.

[ See page # 2 for signed certification and declaration statement. ]

///

///

///

1

I, Daniel David Rigmaiden, declare and certify, under penalty of perjury under the laws of the United States of America, that the facts contained in the foregoing are true and correct to the best of my knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true. See 28 U.S.C. § 1746; 18 U.S.C § 1621.

March 1, 2010
[Executed On (date)]

Florence
[Executed in the City of]

Arizona
[Executed in the State of]

United States of America
[Executed in the Country of]

Daniel Rigmaiden
Signature of Declarant

Daniel David Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

///
///
///
///
///
///
///
///
///
///
///

2

ATTACHMENT 01

February 18, 2010
Daniel Rigmaiden
RE: Discovery request for CR08-814-PHX-DGC
Page # 1 of 2

Daniel Rigmaiden
Agency #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

Frederick A. Battista
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Dear Fred,

    This letter is in regards to an additional discovery request.
Enclosed with this letter is a copy of the memorandum of
points and authorities for my "Motion To Compel The Government
To Disclose All Discovery That May Be Relevant And Material To
Defendant's Motion To Suppress Evidence Seized During Execution
Of The N.D.Cal. 08-70460HRL Warrant," and a copy of the
memorandum of points and authorities for my "Motion To Compel
The Government To Disclose All Discovery That May Be Relevant
And Material To Defendant's Motion To Suppress The Aircard
Location Evidence." Please do one of the following with respect
to each specific lettered/numbered discovery request
contained in the attached memorandums: (1) provide the
requested discovery in full, or (2) certify that the requested
discovery has already been provided by indicating BATE
numbers, or (3) certify that the requested discovery does not
exist.

    Please comply with this request within 7 days of receipt
of this letter. The enclosed memorandums have not been filed,

February 18, 2010
Daniel Rigmaiden
RE: Discovery request for CR08-814-PHX-DGC
Page # 2 of 2

however, I will file them if this request is not met. I have not been permitted to view my case file (no surprise there), however, Philip Seplow has informed me that he has letters from you stating that you have "provided him everything" with respect to the discovery requested in the enclosed memorandums. As you will see after reading the memorandums, I have not been provided with everything.

   I appreciate your assistance with the matters outlined in this letter. I look forward to receiving a response.

   This letter was placed in the CCA-CADC mailing system on:


Sincerely


Daniel Rigmaiden

Daniel Rigmaiden