**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR-08-814-PHX-DGC |
| Plaintiff, ) | |
| ) | **AMENDED ORDER** |
| vs. ) | |
| Daniel David Rigmaiden, ) | |
| Defendant. ) | |

The Government indicted Defendant Daniel Rigmaiden on July 23, 2008, charging him with 50 counts of mail and wire fraud, aggravated identity theft, and conspiracy. Dkt. #3. The Government's motion to seal the case was granted on the ground that the Government intended to seek Defendant's cooperation and having the case sealed would facilitate the Government's efforts in this regard. Dkt. ##1, 2. The Government stated that it would move to unseal the case if cooperation did not materialize. Dkt. #1 at 2.

On June 8, 2009, Defendant filed a pro se motion to unseal the case. Dkt. #102. The Court denied the motion because Defendant was represented by counsel and therefore was not permitted to file motions on his own. Dkt. #111 at 10.

The Court held a hearing on January 7, 2010 (Dkt. #170), to address, among other matters, Defendant's motion to proceed pro se (Dkt. #159). The Court stated at the hearing that it would grant the motion, and it did so in a written order dated January 12, 2010. Dkt. #171.

Defendant has renewed his motion to unseal the case. Dkt. #174. The case should be unsealed, Defendant argues, because he has no interest in cooperating with the Government. *Id.* at 3. The Government stated at the January 7, 2010 hearing that there is no reason to keep the entire case sealed absent Defendant's consent and the potential for cooperation. The Government has filed a written response stating that it has no objection to Defendant's motion. Dkt. #189.[1]

There is a "strong presumption" in favor of access to judicial records and proceedings. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The general right to view public documents and proceedings "is justified by the interests of citizens in 'keeping a watchful eye on the workings of public agencies.'" *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). This case does not involve the narrow range of documents that have "'traditionally been kept secret for important policy reasons,'" that is, grand jury transcripts and pre-indictment warrant materials. *Id.* (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)). The parties agree that no compelling reason exists to keep the entire case under seal. *See Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009) (noting that a "compelling reasons" standard applies to most judicial records). The Court will grant Defendant's renewed motion to unseal the case (Dkt. #174). Although the entire case should not remain sealed, compelling reasons exist to keep certain documents under seal. Those documents are listed below.

**IT IS ORDERED:**

1. Defendant Daniel Rigmaiden's renewed motion to unseal proceedings (Dkt. #174) is **granted**.

2. The Clerk is directed to unseal the case with the exception of the following

---

[1] The Government issued a superseding indictment under seal on January 27, 2010. Dkt. #201. The Government has made clear that, given its lack of opposition to Defendant's motion to unseal, it anticipates that the superseding indictment will be unsealed once Defendant's motion is granted. Dkt. #198.

documents, which shall remain under seal:

| Dkt. # | Dkt. # | Dkt. # |
|---|---|---|
| 4 | 109 | 180 |
| 10 | 110 | 181 |
| 11 | 113 | 182 |
| 15 | 114 | 183 |
| 34 | 115 | 184 |
| 38 | 123 | 197 |
| 43 | 124 | 201 |
| 44 | 125 | 202 |
| 46 | 126 | 207 |
| 49 | 128 | 211 |
| 55 | 132 | 213 |
| 65 | 135 | 214 |
| 66 | 138 | 215 |
| 67 | 139 | 217 |
| 68 | 140 | 218 |
| 69 | 141 | 219 |
| 70 | 142 | 223 |
| 71 | 143 | 229 |
| 72 | 146 | 230 |
| 81 | 148 | 231 |
| 82 | 150 | 232 |
| 83 | 152 | 234 |
| 84 | 153 | 235 |
| 89 | 157 | 236 |
| 90 | 158 | 239 |
| 91 | 161 | 242 |
| 92 | 162 | 243 |
| 93 | 164 | 245 |
| 94 | 165 | 247 |
| 95 | 166 | 249 |
|   | 169 | 250 |

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on January 12, 2010 for a total of ____ days.

DATED this 26th day of March, 2010.

*David G. Campbell*
United States District Judge