Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | ) | No. CR08-814-PHX-DGC |
|---|---|---|
| Plaintiff, | ) | |
| | ) | REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL DISCLOSURE OF GRAND JURY TRANSCRIPTS SO THAT DEFENDANT MAY BRIEF THE ISSUE OF PREJUDICE AND DISMISSAL OF THE INDICTMENT |
| v. | ) | |
| Daniel David Rigmaiden, | ) | |
| Defendant. | ) | |

Defendant, Daniel David Rigmaiden, appearing pro se, respectfully submits this reply to the government's "Response To Defendant's Motion For Partial Disclosure Of Grand Jury Transcripts So That Defendant May Brief The Issue Of Prejudice And Dismissal Of The Indictment" ("government's response").

I. INTRODUCTION

The government appears to contend that the statements compared by the defendant are not conflicting and are simply different portions of the same evidence. The defendant rejects the government's analysis. The quoted email and telephone calls in the government's response do not account for the factual discrepencies stated in the indictment and search affidavit.

II. REQUEST TO AMEND

The defendant requests that his motion, the government's

response, and this reply be interpreted to apply to the superseding indictment. After the defendant filed his motion to obtain partial grand jury transcripts, the government superseded the defendant's indictment. The superseding indictment contains the same challenged statements contained in the original indictment with the exception of the government referring to the defendant as "Daniel David Rigmaiden." Complying with the logistics of LRCiv 15.1, "Motions And Stipulations For Leave To Amend Pleadings," if that rule applies here, will be too difficult and time consuming for the pro se defendant under the circumstances. The defendant only has access to a primitive "memoryless" typewriter. The defendant respectfully requests that the Court allow him to amend his original motion via this reply in the following manner:

1) The defendant now requests the partial grand jury transcripts for the superseding indictment.

2) The defendant replaces the "page 7, overt act 12" original indictment quote contained on page 2 of his original motion with the "page 9, paragraph 27" superseding indictment quote:

> "...defendant DANIEL DAVID RIGMAIDEN, and others known and unknown to the Grand Jury, directed a confidential informant working on behalf of the government to ship $9,000.00 of fraudulently obtained income tax refunds..."

3) The defendant replaces the "page 21" original indictment quote contained on page 2 of his original motion with the "page 33, paragraph 52" superseding indictment quote:

> "...defendant DANIEL DAVID RIGMAIDEN, along with others known and unknown to the Grand Jury, deposited and caused to be deposited for delivery by a private and commercial interstate carrier [$9,000.00 of fraudulently obtained

income tax refunds]..."

## III. REPLY

In the government's response, they list various excerpts of email and telephone conversations. The first excerpt is an email the government alleges was sent by SN-1/JP to CI-1. In the quoted email, the government inserted the text "(presumably defendant)" after the phrase "my contact." See government's response, p. 4, lines 13-14. There is nothing in the body of the quoted email that suggests SN-1/JP is referring to the defendant. The defendant should know if grand jury testimony presented the quoted email as referring to "presumably defendant" or "certainly defendant." In the search affidavit, IRS Agent Fleischmann made no indication that he believed the defendant instructed CI-1 regarding the shipment of funds.

The quoted telephone conversations, and some sections that were omitted, suggest that SN-1/JP attempted to receive the funds in any way possible that would not involve shipping cash in the mail. In the government's response, the following telephone conversation excerpt was quoted:

"JP:   If you guys could help me come up with alternatives to get it to him, um like I say bottom line if it ends up in a box in my spot. So be it."
Discovery, p. 5078.

First, "box in my spot" does not necessarily read "ship cash to a mailing address." Second, later in that very conversation, SN-1/JP is alleged to have said the following:

"JP:   Once I get the call from you that you walked away. Everything's okay. It's physically in your hands and you feel safe. Then you and I gotta figure out how you're going to get mine to me. Which is we've

```
                already discussed.

   CI-1:   Right.

   JP:     And any even if I gotta drive over my ____ing self
           I'll do it. As long as I know I'm meeting you and
           only you."
Discovery, p. 5083.
```

SN-1/JP was allegedly trying to pick up the funds from CI-1 in person. There could not have been a better time to identify and arrest SN-1/JP than at his proposed "in person" transaction. Instead, the government devised this plan:

```
"CI-1:  Ok now, let me ask you this question here so that
        we get everything straight and everybody's happy
        with the amount of money that's flowing and
        everybody's on the same page. And you just let me
        know how you feel about this. Now, let's say I go
        pull $9,000. And I'll ship you that whole $9.000
        and then the next week I'll pull $9,000 for me.
        And then we'll alternate weeks until April 15 and
        then after the 15th we can incorporate your guy
        Daniel to start pulling out large chucks of money.
        And then you take one large chunk and then I will
        take 1 large chunk."
Discovery, p. 5099.
```

Paragraph 24 of the search affidavit states that the first shipment of funds was sent by the government via FedEx. Paragraph 25 of the search affidavit states that the second and third shipments of funds were shipped by the government via the United States Postal Service ("USPS"). Paragraph 26 of the search affidavit states the following:

"The second and third of these shipments were in violation of 18 U.S.C. § 1341." Id.

IRS Agent Fleischmann never stated that the first shipment, sent via FedEx, was in violation of the mail fraud statute. The investigating agents were apparently under the impression that shipping the funds via FedEx was not a violation of 18 U.S.C.

4

1  § 1341. The statements in the search affidavit suggest that a
2  misunderstanding of the mail fraud statute caused the
3  investigating agents to take it upon themselves to switch from
4  FedEx to USPS in order to make the shipments chargeable offenses.
5  This analysis lends further support to the defendant's
6  contention that the search affidavit outlines the government
7  directing the shipment of funds while the indictment outlines
8  the defendant directing the shipment of funds. The two documents
9  contain conflicting statements.

## IV. CONCLUSION

The defendant is appearing pro se and has no formal legal training whatsoever. The defendant's filings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Based on the facts, points, and authorities set forth herein, the defendant respectfully requests that his "Motion For Partial Disclosure Of Grand Jury Transcripts So That Defendant May Brief The Issue Of Prejudice And Dismissal Of The Indictment" be granted.

///
///
///
///
///
///
///

1  I, Daniel David Rigmaiden, declare, certify, verify, and
2  state, under penalty of perjury under the laws of the United
3  States of America, that the facts contained in the foregoing
4  motion, and in any attached/incorporated memorandum, are true and
5  correct to the best of my knowledge, except as to those matters
6  which are therein stated on information and belief, and, as to
7  those matters, I believe it to be true. See 28 U.S.C. § 1746; 18
8  U.S.C. § 1621.

10  March 28, 2010                    Florence
    [Executed On (date)]              [Executed in the City of]
11
    Arizona                           United States of America
12  [Executed in the State of]        [Executed in the Country of]

14  _Daniel Rigmaiden_
    Signature of Declarant

16  Daniel David Rigmaiden
    Agency # 10966111
17  CCA-CADC
    PO Box 6300
18  Florence, AZ 85132

19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///

6

1 | Respectfully Submitted: March 29, 2010
2 | DANIEL DAVID RIGMAIDEN
   | Pro Se, Defendant

_Daniel Rigmaiden_
Daniel D. Rigmaiden
Defendant

## CERTIFICATE OF SERVICE

I, Daniel David Rigmaiden, certify under penalty of perjury under the laws of the United States of America (see 28 U.S.C. § 1746; 18 U.S.C. § 1621) that on March 29, 2010 at approximately 11:00 pm I caused the following to be placed into the CCA-CADC mailing system for United States Postal Service delivery with first-class postage prepaid by CCA-CADC:

Original attached document plus 1 copy(s) addressed to:

Clerk, United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington St., SPC 1
Phoenix, AZ 85003

One copy each of original document addressed to:

Frederick A. Battista & Peter Sexton
Two Renaissance Square
40 North Central Ave, Suite 1200
Phoenix, AZ 85004

CC: Seplow

By: _Daniel Rigmaiden_