```
                                    ___ FILED      ___ LODGED
                                    ___ RECEIVED   ___ COPY

                                         MAY 26 2010

                                    CLERK U S DISTRICT COURT
                                       DISTRICT OF ARIZONA
                                    BY_____ M DEPUTY
```

1 | **Daniel Rigmaiden**
Agency # 10966111
2 | CCA-CADC
PO Box 6300
3 | Florence, AZ 85132
Telephone: none
4 | Email: none

5 | Daniel David Rigmaiden
Pro Se, Defendant
6 |

7 | **UNITED STATES DISTRICT COURT**

8 | **DISTRICT OF ARIZONA**

9 | United States of America,          ) No. CR08-814-PHX-DGC
                                       )
       Plaintiff,                      )
10 |                                   ) MOTION TO EXTEND TIME TO REPLY
                                       ) TO GOVERNMENT'S RESPONSES TO
11 | v.                                ) DEFENDANT'S RECENT MOTIONS FOR
                                       ) DISCOVERY RE: HIS MOTION(S)
12 | Daniel David Rigmaiden,           ) TO SUPPRESS EVIDENCE
                                       ) [SECOND REQUEST]
       Defendant.                      )
13 | _____   )

14 |     Defendant, Daniel David Rigmaiden, appearing pro se,

15 | respectfully requests that the Court extend the time for him to

16 | reply to "Government's Response To Defendant's Motion To Compel

17 | The Government To Disclose All Discovery That May Be Relevant And

18 | Material To Defendant's Motion To Suppress The Aircard Location

19 | Evidence" and "Government's Response To Motion To Compel

20 | Government To Disclose All Discovery That May Be Relevant And

21 | Material To Defendant's Motion To Suppress Evidence Seized

22 | During Execution Of Search Warrant No. 08-70460-HRL, N.D. CA."

23 | The Court required that the defendant reply to the above noted

24 | motions by April 30, 2010. The defendant was unable to meet that

25 | deadline and filed a motion on May 5, 2010 requesting an

26 | extension. The Court granted the defendant's motion for an

27 | extension on May 13, 2010 (Dkt. #288) and required that the

1

1  defendant submit his replies by May 20, 2010. The defendant was
2  unable to meet the May 20, 2010 deadline and now requests that
3  the Court extend the time for him to submit his omnibus reply
4  for the following reasons:

5      1. Due to violence amongst detainees (not involving the
6  defendant), CCA-CADC was placed on facility "lockdown" status
7  from May 15, 2010 to May 18, 2010. During the lockdown, the
8  defendant was only able to get to the law library one time and
9  he was not given a typewriter. The three days of down time have
10  effected the defendant's original estimated completion date of
11  May 20, 2010.

12      2. On May 3, 2010, the defendant requested that his court
13  appointed paralegal, Lauriane Litzau ("Litzau"), provide him with
14  a copy of Brady v. Maryland, 373 U.S. 83 (1963). Brady is the
15  leading case regarding disclosure of discovery and the defendant
16  wanted to have it on hand while he drafted the second half of
17  his omnibus reply. The defendant did not receive Brady until
18  May 20, 2010. Over roughly the past two weeks, the defendant
19  has had to spend considerable time searching for random "Brady
20  quotes" in the CCA-CADC law library so that he may be properly
21  apprised of the legal theories contained in Brady. Note: there
22  are no Supreme Court cases available at CCA-CADC. This extra
23  research time has cut into the defendant's writing time causing
24  an additional delay.

25      3. On May 3, 2010, the defendant requested that Litzau
26  provide him with the Bate numbers of a specific document that he
27  needed as an exhibit in his omnibus reply. Litzau is yet to

2

provide the requested information. The defendant will now have to spend at least one law library day searching through his unorganized set of discovery in order to find the document himself. This searching time will cause an additional delay.

4. Experts that the defendant had lined up for his defense have recently decided to not assist the defendant due to their desire to not have their names associated with the defense side of a federal criminal case. Note: the defendant is challenging government surveillance techniques that have long been in violation of the Constitution. The defendant has been having to spend extra time conducting telephone interviews of experts with the assistance of his private investigator. The defendant has an interview scheduled on May 21, 2010 and it may cause him to miss his law library time for that day.

5. The defendant's omnibus reply is extremely detailed and it is taking a great deal of time and effort to complete regardless of any additional delays. The Supreme Court in United States v. Bagley noted that "the more specifically the defense requests certain evidence, thus putting the prosecutor on notice of its value, the more reasonable it is for the defense to assume from the nondisclosure that the evidence does not exist, and to make pretrial and trial decisions on the basis of this assumption." Id., 473 U.S. 667, 682-83 (1985). "[A] request for specific information, as apposed to a general request for all Brady evidence, can lower the threshold of materiality necessary to establish a violation." Johnson v. Gibson, 169 F.3d 1239, 1254-55 (10th Cir. 1999). The defendant should not be limited to how

3

1  specific he makes his discovery requests because of time
2  deadlines that he cannot meet due to circumstances that are
3  outside of his control.

4      6. The defendant wishes to provide the government with a copy
5  of his omnibus reply before he files it with the Court. The
6  defendant wishes to resolve some issues with the government
7  before having to needlessly involve the Court. This extra
8  proposed step will cause an additional delay but may also
9  increase efficiency in resolving the discovery issue in the long
10 run.

11     The defendant believes that he will finish his omnibus reply
12 in time for the May 28, 2010 court hearing. The defendant will
13 attempt to bring a copy of his omnibus reply to his court
14 appearance. If the Court requires, the defendant will file his
15 omnibus reply in person at that time. Otherwise, the defendant
16 respectfully requests that he be granted an extension to file
17 until June 14, 2010. This second extension will give the
18 defendant time to confer with the government regarding No. 6
19 above.

20     The defendant advises the Court that Litzau experienced
21 delays in assisting the defendant due to various unexpected work
22 related and personal issues. The delays were unavoidable
23 according to Litzau.

24     The defendant was unable to contact any relevant parties to
25 obtain their positions on this requests for extension of time.
26 ///
27 ///

4

1    The defendant is appearing pro se and has no formal legal
2  training whatsoever. The defendant's filings, however inartfully
3  pleaded, must be liberally construed and held to less stringent
4  standards than formal pleadings drafted by lawyers. See Haines v.
5  Kerner, 404 U.S. 519, 520 (1972).
6    Based on the facts, points, and authorities set forth herein,
7  the defendant respectfully requests that this motion be granted.
8    LRCrim 12.2(a) requires that the undersigned include the
9  following statement in all motions: "Excludable delay under
10  18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or
11  of an order based thereon." However, the defendant posits that
12  this motion will not cause any "delay" and objects to any delay as
13  a result of this motion or of an order based thereon.
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///

5

1   I, Daniel David Rigmaiden, declare, certify, verify, and

2   state, under penalty of perjury under the laws of the United

3   States of America, that the facts contained in the foregoing

4   motion, and in any attached/incorporated memorandum, are true and

5   correct to the best of my knowledge, except as to those matters

6   which are therein stated on information and belief, and, as to

7   those matters, I believe it to be true. See 28 U.S.C. § 1746; 18

8   U.S.C. § 1621.

9

10   May 20, 2010                          Florence
     [Executed On (date)]                  [Executed in the City of]

11

12   Arizona                               United States of America
     [Executed in the State of]            [Executed in the Country of]

13

14                                         Daniel Rigmaiden
                                           Signature of Declarant

15

16                                         Daniel David Rigmaiden
                                           Agency # 10966111
17                                         CCA-CADC
                                           PO Box 6300
18                                         Florence, AZ 85132

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

6

1     Respectfully Submitted: <u>May 24, 2010</u>

2                  DANIEL DAVID RIGMAIDEN
                 Pro Se, Defendant

3

4

5

6                  <u>*Daniel Rigmaiden*</u>
                 Daniel D. Rigmaiden

7                  Defendant

8                <u>CERTIFICATE OF SERVICE</u>

9     I, Daniel David Rigmaiden, certify under penalty of perjury

10 under the laws of the United States of America (see 28 U.S.C. §

11 1746; 18 U.S.C. § 1621) that on <u>May 24, 2010</u> at

12 approximately <u>7:00pm</u> I caused the following to be placed into

13 the CCA-CADC mailing system for United States Postal Service

14 delivery with first-class postage prepaid by CCA-CADC:

15 Original attached document plus <u>1</u> copy(s) addressed to:

16 Clerk, United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 130

17 401 W. Washington St., SPC 1
Phoenix, AZ 85003

18

19 One copy each of original document addressed to:

20 <u>Frederick Battista And Peter Sexton</u>     CC: Seplow
<u>Two Renaissance Square</u>

21 <u>40 North Central, Suite 1200</u>

22 <u>Phoenix, AZ 85004</u>

23 <u>Taylor Fox, PC</u>

24 <u>2 North Central Ave, Suite 735</u>

25 <u>Phoenix, AZ 85004</u>

26

27 By: <u>*Daniel Rigmaiden*</u>

                     7



Daniel Rigmaiden #10966111
CCA-CADC (Private Legal Mail)
PO Box 6300
Florence, AZ 85132

PRO SE LEGAL MAIL

INDIGENT

RECEIVED

MAY 26 2010

RICHARD H. WEARE, CLERK
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

BY _____ ARIZONA
DEPUTY

NOTICE
THIS CORRESPONDENCE IS MAILED
FROM A CORRECTIONAL
INSTITUTION.
ITS CONTENTS ARE UNCENSORED

Clerk, United States District Court
Attn: Urgent For May 28 hearing (DGC)
Sandra Day O'Connor U.S. Courthouse, suite 130
401 W. Washington St., SPC 1
Phoenix, AZ 85003

UNITED STATES POSTAGE

$ 02.070

02 1M
0004267340
MAILED FROM ZIP CODE 85232

MA Y 25 2010
PITNEY BOWES