

DENNIS K. BURKE
United States Attorney
District of Arizona

FREDERICK A. BATTISTA
Maryland State Bar Member
PETER S. SEXTON
Arizona State Bar No. 011089
Assistant U.S. Attorneys
Two Renaissance Square
40 North First Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 514-7500
fred.battista@usdoj.gov
peter.sexton@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-08-0814-PHX-DGC |
|---|---|
| Plaintiff, | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL THE GOVERNMENT TO DISCLOSE ALL DISCOVERY THAT MAY BE RELEVANT AND MATERIAL TO DEFENDANT'S MOTION TO SUPPRESS THE AIRCARD LOCATION EVIDENCE** |
| v. | |
| Daniel David Rigmaiden, a.k.a. Steven Travis Brawner, a.k.a. Travis Rupard, and a.k.a. Patrick Stout, | |
| Defendant. | |

The United States, through undersigned counsel, hereby responds to defendant's Motion to Compel the Government to Disclose All Discovery that May be Relevant and Material to Defendant's Motion to Suppress the Aircard Location Evidence. In order to facilitate consideration of defendant's motion and this response, defendant's individual requests have been copied directly from his motion and set forth herein; each request is then followed by the government's response. [1]

By way of general information with respect to the case discovery previously released to defendant, the government has sought to redact as few items as possible. The vast majority of redacted material relates to one or more of the following categories of information: (1) the

---

[1] Defendant's list of "Cumulative Additions to the Defendant's Request for Discovery" in section III of his motion and request for the prosecutor's log in section IV appear to be identical to sections III and IV in his motion to compel discovery relating to the search of his Santa Clara apartment. Rather than respond twice, the United States incorporates by reference its response to that motion.

identity of informants, (2) personal identifying information of witnesses or victims, (3) information relating to persons generated during the course of the investigation with no known connection to the case, (4) internal deliberative process, and/or (5) sensitive law enforcement investigative techniques. If defendant has a particular need for any previously redacted material, the government is willing to address such a request on a case-by-case basis directly with defendant. At some later point, the government may ask that the Court require a specific showing of need before ordering the United States to disclose any particular unredacted materials.

## A.   All warrants, court orders, subpoenas, etc. and the resulting returns or other information.

### 1.   Request

The defendant requests unredacted copies of all warrants/warrant applications, court orders/order applications, subpoenas, etc.--and the resulting returns or other information--served on Verizon Wireless, or others, in regards to Verizon Wireless account number 270691733 and the aircard associated with that account. This is to include all requests for preservation of records issued pursuant to 18 U.S.C. 2703(f).

The only documents provided by the government falling under this category are the June 16, 2008 D.Ariz. subpoena 07-03-615 with a return (see BATEs 263 through 278), D.Ariz. order 08-3286MB with what appears to be an incomplete return (see BATEs 10843 through 10853), D.Ariz. order 08-3298MB with what appears to be an incomplete return (see BATEs 292 through 300), D.Ariz. order 08-7273MB with what appears to be an incomplete return (see BATEs 288 through 291), N.D.Cal. order 08-90330MI5C with references to material evidence redacted and no return provided, N.D.Cal order 08-90331MI5C with references to material evidence redacted and no return provided, and one 18 U.S.C. 2703(f) preservation of records requests dated June 5, 2008 (see BATEs 469 through 472).

Furthermore, what appears to be various return documents and other relevant documents are randomly dispersed throughout the discovery. For example, see BATEs 9988 through 9995,

1    9996 through 9998, 6886 through 6895, and 11164 through 11166, all of which have

2    questionable sources of origin.

3        Furthermore, all of the above mentioned orders reference a subpoena served on Verizon

4    Wireless on June 6, 2008. Neither the referenced subpoena nor the resulting return were

5    provided to the defendant by the government.

6        2.    Response:

7        The government has sought to disclose to defendant all available information with respect

8    to all data received via subpoena or court order.  In particular, the requested information has

9    been provided as follows:

| Bate/Date | Description of Discovery Reflected in Bate Stamped or Dated Material |
| --- | --- |
| 83-88 | Preservation Letter(s) - Verizon Wireless Travis Rupard Account |
| 94-98 | Preservation Letter(s) - Verizon Wireless Travis Rupard Account |
| 99-103 | Preservation Letter(s) - Verizon Wireless Travis Rupard Account |
| 263-278 | Verizon faxed Response to Grand Jury Subpoena No. 07-03-615 |
| 288-300 | Verizon Cell Tower Data in response to Court Order (288-291 is a response to Order No. 08-7273MB LOA and 292-300 is response to Order No. 08-3298MB LOA) |
| 465 | 302 Re: Verizon Grand Jury Subpoena No. 07-03-615 |
| 467 | 302 Re: Verizon contact regarding the Travis Rupard Account |
| 468 | 302 Re: Verizon contact regarding the Travis Rupard Account |
| 469-472 | Verizon response to Preservation Letter |
| 479-481 | Fax to Verizon Wireless re: preservation of records |
| 482 | 302 Re: Receipt of DVD from Verizon - video footage from 768 Market Street in San Francisco - kiosk payment to the Travis Rupard Account |
| 485 | 302 Re: Verizon contact regarding the Travis Rupard Account |
| 5216-5221 | Verizon return information - Grand Jury Subpoena No. 07-03-556 |
| 5223-5229 | Verizon return information - Grand Jury Subpoena No. 07-03-252 |
| 6886-6895 | Verizon return information - Grand Jury Subpoena No. 07-03-648 |
| 9988-9999 | Web research on air card and partial duplicate of Verizon Return |
| 4/14/2009 | Court Order - No. 08-3286MB LOA - Ex Parte Request for subscriber information and destination information |
| 4/14/2009 | Court Order - No. 08-3298MB LOA - Ex Parte Request for Cell Site and Sector (Order signed 7/10/08 and good for prior 60 days of data) (See Bate Stamp Nos. 292-300 for response) |
| 4/14/2009 | Court Order - No. 08-7273MB LOA - Ex Parte Request for Cell Site and Sector (Order signed 7/16/08 and good for 7/11/08 through date of order) (See Bate Stamp Nos. 288-291 for response) |
| 4/23/2009 | Court Order - No. CR-08-90330-MISC-RS - Pen register and trap and trace |
| 4/23/2009 | Court Order - No. CR-08-90331-MISC-RS - Mobile tracking application |
| 5/12/2009 | Verizon response to Order No. 08-3286MB - Part of these materials are contained on two compact discs disclosed to defendant. |
| 5/22/2009 | Disc from Verizon of store video - response to Grand Jury Subpoena No. 07-03-665 |

1   9/11/2009   Disc with files relating to Orders in CR-08-90330-MISC-RS and CR08-90331-MISC-RS

2   With respect to defendant's request for materials relating to Grand Jury Subpoena

3   No. 07-03-609, by letter dated March 23, 2010, the following materials were disclosed: the

4   return from Subpoena No. 07-03-609, including a 13-page file (originally in PDF format) and

5   seven documents containing 1070, 1122, 1147, 1107, 1150, 1110, and 512 pages (originally in

6   Excel format). The total number of pages was 7231.

7   **B.   All discovery regarding the investigative techniques used to obtain the account and**

8   **subscriber information for Verizon Wireless account number 270691733.**

9   1.   Request:

10   The defendant requests all discovery regarding the investigative techniques used by the

11   government to first obtain the account and subscriber information for Verizon Wireless account

12   number 270691733. This request pertains to the first instance that the government learned the

13   associated name and address for Verizon Wireless account number 270691733.

14   All of the court orders regarding Verizon Wireless account number 270691733 state that

15   the account name of "Travis Rupard," the billing address and other account information were

16   obtained from Verizon Wireless through subpoenas served on June 6, 2008 and June 16, 2008.

17   However, there are documents, in the already provided discovery, dated previous to June 6, 2008

18   that contain the account name of "Travis Rupard" and the billing address for the aircard account.

19   For example, see BATEs 470 through 472 with a document date of June 5, 2008. The

20   government obtained the account and subscriber information for Verizon Wireless account

21   number 270691733 prior to June 6, 2008 and has not provided the relevant discovery.

22   2.   Response:

23   The information requested has been provided as follows:

24   Bates/Dates   Description of Discovery Reflected in Bate Stamped or Dated Material

25   5223-5229   Verizon Wireless response to a Grand Jury Subpoena No. 07-03-252 in 2007 for IP 75.208.204.165 that provided subscriber information

26   connecting the IP address to an account for a Travis Rupard in San Jose, California.

27

28                                                4

1      Note that prior to any notice that the Hacker/defendant played any role in the subject

2  scheme to defraud the government, subscriber information was sought for IP addresses used to

3  file fraudulent returns into Ransom Carter's Compass Bank account.  On June 3, 2007, a

4  fraudulent return was filed directing a refund into the account (See Discovery Released 7/1/09, on

5  compact disc, containing a spreadsheet of identified tax returns for TY2005 and TY2006) from IP

6  address 75.208.204.165 (Bate Stamp Nos. 5223-5229, Verizon Wireless response to Grand Jury

7  Subpoena No. 07-03-252).   Information regarding this particular IP address became more

8  relevant after the $68,000 undercover shipment was made to the Hacker/defendant in Northern

9  California on May 5, 2008.  This IP address drew the attention of the investigators since it

10  appeared to have been used only one time while other IP addresses were used numerous times

11  in furtherance of the scheme.

12      Additionally, a fraudulent return was later filed seeking a refund deposit into an

13  undercover account, after the Hacker/defendant had been identified as a target of the

14  investigation, from IP address 75.209.101.132 (Bate Stamp Nos. 263-278, Verizon Wireless

15  response to Grand Jury Subpoena No. 07-03-675; and (Bate Stamp Nos. 6886-95, Verizon

16  Wireless response to Grand Jury Subpoena No. 07-03-648).  Investigators also determined that

17  a fraudulent return had been filed seeking a refund deposit into an account that had previously

18  received fraudulent returns from IP address 75.209.41.104, and that two other fraudulent returns

19  had been filed seeking refund deposits into accounts that had previously received fraudulent

20  returns from IP address 75.208.105.186 (Bate Stamp Nos. 6886-95, Verizon Wireless response

21  to Grand Jury Subpoena No. 07-03-648).   All three of these additional IP addresses were

22  assigned to the Travis Rupard Verizon account. [2/]

23      **C.     All discovery regarding the illegally obtained destination IP address.**

24      **1.     Request:**

25  _____

26      [2/]  Note, in preparing this response it was determined that the IRS records of the
fraudulent returns which direct these deposits into the undercover account (a spreadsheet of
27  identified tax returns for TY2007) have yet to be disclosed. These records will be disclosed and
delivered to defendant the week of April 19, 2010.

28                                          5

1    The government claims to have served Verizon Wireless with subpoenas on June 6, 2008

2  and June 16, 2008 that were authorized by 18 U.S.C. 2703(c)(2). The subpoenas required

3  Verizon Wireless to provide the government with destination IP addresses accessed by the

4  aircard associated with Verizon Wireless account number 270691733. Subpoenas authorized by

5  18 U.S.C. 2703(c)(2) do not allow for compelling disclosure of an aircard user's destination IP

6  addresses. The government claims to have "examined" the illegally obtained destination IP

7  addresses before having them sealed and then unsealed with a "retroactive order."

8    The defendant requests a list of all IP addresses that were obtained by the government

9  pursuant to subpoenas authorized by 18 U.S.C. 2703(c)(2). This request pertains to the aircard

10 associated with Verizon Wireless account number 270691733. The defendant further requests

11 all information and discovery regarding how the illegally obtained IP addresses were used by

12 the government to investigate the alleged scheme and to locate the aircard.

13    2.    Response:

14    The information requested has been provided as follows:

15    Bates/Dates    Description of Discovery Reflected in Bate Stamped or Dated Material

16    263-278        Verizon faxed Response to 07-03-615

17    With respect to defendant's request for these materials as they relate to Grand Jury

18 Subpoena No. 07-03-609 and the retroactive Section 2703(d) Order, by letter dated March 23,

19 2010, the following materials were disclosed: the return from Subpoena No. 07-03-609,

20 including a 13-page file (originally in PDF format) and seven documents containing 1070, 1122,

21 1147, 1107, 1150, 1110, and 512 pages (originally in Excel format). The total number of pages

22 was 7231.

23 **D.    All discovery regarding the detailed historical and real time cell site information
       requested from Verizon Wireless and others.**

24

25    1.    Request:

26    The defendant requests all detailed historical and real time cell site information, including

27 but not limited to cell site sector and distance information, provided to the government by

28                                                  6

1  Verizon Wireless and others. This request pertains to the aircard associated with Verizon

2  Wireless account number 270691733.

3      D.Ariz. orders 08-3298MB and 08-7273MB required Verizon Wireless to provide the

4  government with "sector/distance information" with respect to the requested historical cell site

5  information. However, the Verizon Wireless returns provided to the defendant (see BATEs 292

6  through 300 and 288 through 291) only contain the cell site ID numbers and the

7  geographical/street addresses of the cell towers. N.D.Cal. order 08-90331M1SC required

8  Verizon Wireless to provide the government with the "antenna tower and sector to which the cell

9  phone sends its signal" with respect to the requested real time cell site information. However,

10 the government has provided the defense with no return for N.D.Cal. order 08-90331M1SC.

11      2.    Response:

12      Discovery 288-300 contains all of the records Verizon provided in response to court

13 orders in 08-3298MB and 08-7273MB.

14      On May 12, 2009, the United States provided defendant with a cell tower range chart. The

15 FBI created the chart based on the information contained in discovery 288-300. The chart was

16 not provided by Verizon.

17      On September 11, 2009, the United States produced a Compact Disc from the FBI that

18 contained pen register and trap and trace data Verizon Wireless provided in response to Order

19 No. 08-90331MISC.

20 **E.    All discovery regarding the aircard location data that was ordered expunged by
   N.D.Cal. order 08-90330MISC.**

21

22      1.    Request:

      The defendant requests all discovery regarding the aircard location data (cell site

23 information, aircard radio wave information, etc.) that was ordered expunged by N.D.Cal. order

24 08-90330M1SC. The defendant further requests that the government provide the defendant with

25 the expunged aircard locating data itself.

26      N.D.Cal. order 08-90330MISC authorized the use and monitoring of a mobile tracking

27

28                                                  7

1   device for the aircard associated with Verizon Wireless account number 270691733. N.D.Cal.

2   order 08-90330MISC states, "at the conclusion of the tracking mission, the investigating agency

3   shall expunge all of the data obtained by this Court Order."

4       2.    <u>Response:</u>

5       The data has been expunged in accordance with the order in 08-90330MISC.

6   **F.**    **All discovery regarding the "time lapse" involved in the government's "after receipt and storage" 18 U.S.C. 2703 order provision.**

7       1.    <u>Request:</u>

8       The defendant requests all discovery regarding the "time lapse" between Verizon

9   Wireless storing real time cell site information and Verizon Wireless providing the real time cell

10   site information to the government. This request pertains to N.D.Cal. order 08-90331MISC and

11   any other that pertains to real time cell site information with respect to the aircard associated

12   with Verizon Wireless account number 270691733.

13       N.D.Cal. order 08-90331MISC required Verizon Wireless to provide the government with

14   real time cell site information pursuant to 18 U.S.C. 2703(c)(1)(B), (c)(2) and (d), among other

15   authorities. The Stored Communications Act (18 U.S.C. 2703 et seq.) does not allow for

16   compelling disclosure of information that had not been previously stored prior to the date of the

17   issued order. In an attempt to partially get around the plain meaning of the statute, the

18   government sought and obtained the N.D.Cal. 08-90331MISC order which required Verizon

19   Wireless to provide real time cell site information "after receipt and storage" and "as soon as

20   practicable, twenty four (24) hours a day for the duration of the Order."

21       2.    <u>Response:</u>

22       On September 11, 2009, the United States produced a Compact Disc from the FBI that

23   contained pen register and trap and trace data Verizon Wireless provided in response to Order

24   No. 08-90331MISC. Any additional information regarding whether there is a time lapse between

25   Verizon storing the information and providing it to the government is not in the possession,

26   custody, or control of the United States.

27

28

**G.     All discovery regarding the real time location techniques and historical location techniques used to locate the aircard.**

    1.     Request:

The defendant requests all discovery regarding the use of real time location techniques and historical location techniques, and all resulting data, used to locate the aircard associated with Verizon Wireless account number 270691733. This request pertains to all real time locating techniques and all historical locating techniques used on July 16, 2008 and on any other date.

    2.     Response:

The data provided by Verizon pursuant to court orders has been produced, as stated above.

The information that defendant seeks as it relates to sensitive investigative techniques is privileged. See, e.g., United States v. Van Horn, 789 F.2d 1492, 1507-1508 (11th Cir. 1986) (holding that type and location of microphones used in electronic surveillance was privileged); United States v. Green, 670 F.2d 1148, 1155 (D.C. Cir. 1981) (location of observation post privileged). Disclosure of the information would diminish the future value of these investigative techniques, allow individuals to devise measures to counteract these techniques in order to evade detection, discourage cooperation from third parties and other governmental agencies who rely on these techniques in critical situations, and possibly lead to other harmful consequences not suitable for inclusion in this response.  Defendant articulates no particular need for the information other than generally claiming that the information is relevant to a motion to suppress. As articulated in the search warrant affidavits that authorized the search of defendant's apartment, the subject sensitive investigative techniques only led the investigative team to the general proximity of defendant's usage of the aircard (which was obtained using a false identity). Using traditional law enforcement techniques thereafter, the team was able to locate defendant's individual apartment after it was determined it was being rented by a male who used false identification, who provided a false federal tax return to the landlord along with his original rental application, and whose handwriting was similar to the handwriting associated with a false

1  identification of another false identity associated with the pick-up of $68,000 in undercover

2  funds previously sent to defendant.  Should the Court decide that additional information is

3  needed to determine whether the privilege applies, the United States requests that the Court hold

4  an in camera hearing during which the United States will present more detailed information

5  about its electronic surveillance techniques and its concerns about disclosure. See Van Horn, 789

6  F.2d at 1508.

7  **H.    All discovery regarding the use of Enhanced 911 Emergency Calling Systems to locate the aircard.**

8

9      1.    Request:

10     The defendant requests all discovery regarding the use of "Enhanced 911 Emergency

11 Calling Systems" (E911) location techniques, and all resulting data, used during the investigation

12 to locate the aircard associated with Verizon Wireless account number 270691733.

13     2.    Response:

14     The data provided by Verizon pursuant to court orders has been produced, as stated

15 above. No real-time location information (such as GPS or E911 data) was obtained from Verizon

16 The information that defendant seeks relating to sensitive investigative techniques is privileged.

17 See Paragraph G, supra.

18 **I.     All discovery regarding the government causing the aircard to operate or function out of its normal course of operation.**

19     1.    Request:

20     The defendant requests all discovery regarding the government causing the aircard

21 associated with Verizon Wireless account number 270691733 to operate or function out of the

22 scope of its normal course of operation and/or out of the scope of the normal course of business

23 for the Verizon Wireless mobile telecommunications network. This requests includes but is not

24 limited to:

25     1)    Information regarding radio signals and data transmitted to the aircard that would

26        not have otherwise been transmitted if the government had not been attempting to locate

27        the aircard.

28                                                    10

2)    Information regarding connections made to the aircard that would not have otherwise been made if the government had not been attempting to locate the aircard.

3)    Information regarding the government causing the aircard to transmit radio signals or data, or transmit on different radio wave channels, that would not have occured if the government had not been attempting to locate the aircard.

2.    Response:

The FBI made telephone calls to the aircard as reflected in the pen register data disclosed to defendant. Any additional information that defendant seeks relating to sensitive investigative techniques is privileged. See Paragraph G, supra.

J.    **All discovery regarding the government's use of triangulation techniques to locate the aircard.**

1.    Request:

The defendant requests all discovery regarding the government's use of any and all forms of triangulation techniques used to locate the aircard associated with Verizon Wireless account number 270691733. Any and all triangulation techniques include but are not limited to:

1)    Determining the coordinates of the aircard based on the known location of two antenna towers (cell sites) and the known direction of the aircard relevant to each antenna tower.

2)    Determining the coordinates of the aircard by establishing a signal range radius around two or more antenna towers (cell sites) within range of the aircard and determining the overlapping signal areas of the antenna towers.

2.    Response:

The United States obtained no triangulation data from Verizon. On May 12, 2009, the United States provided Defendant with a cell tower range chart. The FBI created the chart based on historical cell tower data contained in discovery Bate Stamp Nos. 288-300 and estimates regarding the range of the three towers identified in the chart. It was not the result of any triangulation techniques.

11

**K.**   **All discovery regarding software, hardware and firmware updates made to the aircard and cell sites.**

    <u>1.</u>    <u>Request:</u>

The defendant requests all discovery regarding software, hardware and firmware updates and additions applied to the aircard and to the aircard's host computer (e.g., laptop), and applied to cell sites during the government's investigation to locate the aircard associated with Verizon Wireless account number 270691733. This request also pertains to information regarding the purpose of each update or addition.

    <u>2.</u>    <u>Response:</u>

The United States took no such action, nor did Verizon Wireless take any such action at the direction of the government, in the course of the subject investigation. The United States has no knowledge as to whether Verizon Wireless took any such action in the course of its regular maintenance of the subject aircard account.

**L.**   **All discovery regarding radio wave analyzers and radio wave generators used to locate the aircard.**

    <u>1.</u>    <u>Request:</u>

The defendant requests all discovery regarding radio wave analyzers, radio wave generators, specialized antennas, and any other electronic equipment used to locate the aircard associated with Verizon Wireless account number 270691733. This request pertains to electronic equipment including but not limited to:

    1)    Triggerfish devices (devices that allow investigators to monitor the aircard without the assistance of Verizon Wireless or other mobile telecommunications providers).

    2)    Stingray devices (devices that allow investigators or mobile telecommunications providers to more accurately pinpoint the location of the aircard in real time).

    3)    Engineering handsets or "test run" devices (devices that are deployed into movement in an attempt to mimick the historical location of the aircard, based off of previously logged locations, as to more accurately pinpoint the historical aircard locations.

12

1    This request for discovery includes all manufacturer and model information, instructions

2  manuals, operations manuals, user manuals, schematics, patent information, proprietary

3  information, trade secrets, test data, the actual physical devices themselves and the calibration

4  certification information for each device used.

5    2.    Response:

6    The United States did not use any handsets described in Request L(3) immediately above.

7  Any additional information that defendant seeks relating to sensitive investigative techniques

8  is privileged. See Paragraph G, supra.

9  **M.    All discovery regarding the path movement  information for all devices in section L, supra.**

10

11    1.    Request:

12    The defendant requests all discovery regarding the path movement information for all

13  devices that may be categorized under section L, supra. The referenced devices are electronic

14  equipment used to locate the aircard associated with Verizon Wireless account number

15  270691733. The term "path movement information" includes but is not limited to:

16    1)    Human foot movement paths (paths of investigators or other individuals who

    walked around while using a device categorized under section L, supra).

17    2)    Manned and unmanned, tethered or untethered, air vehicle paths, e.g., airplanes,

18  helicopters, blimps, weather balloons, paratroopers, etc. (paths of any device categorized

19  under section L, supra, that was deployed into movement or into position in the air).

20    3)    Manned and unmanned ground vehicle paths, e.g., cars, bicycles, robots, etc.

21  (paths of any device categorized under section L, supra, that was deployed into

22  movement or into position on the ground).

23    This request includes the speed and altitude throughout the entire paths and points of

24  stationary positions, and time stamps for all movement and stationary positions.

25    2.    Response:

26    The information that defendant seeks relating to sensitive investigative techniques is

27

28                                        13

1   privileged. See Paragraph G, supra.

2   **N.**   **All discovery regarding computer data files relevant to created maps that depict all**
3   **collected historical and real time cell site information and aircard radio wave**
    **information.**

4        1.   Request:

5        The defendant requests all discovery regarding computer data files relevant to created

6   maps that geographically lay all collected real time and historical cell site information and

7   aircard radio wave information into visual paths, points, ranges or similar. This request pertains

8   to the information obtained during the investigation of the location of the aircard associated with

9   Verizon Wireless account number 270691733.

10       2.   Response:

11       The cell tower range chart produced on May 12, 2009, is based on the information in

12  discovery 288-300. The United States is not aware of any additional maps as described above.

13  **O.**   **All discovery regarding user agreements, terms and contracts related to Verizon**
    **Wireless account number 270691733.**
14
         1.   Request:
15
         The defendant requests all discovery regarding user agreements, user terms, user
16
    contracts, account agreements, account terms, account contracts, privacy agreements, privacy
17
    terms and privacy contracts related to Verizon Wireless account number 270691733 and related
18
    to the use of the aircard associated with that account. This request pertains to the agreements,
19
    terms and contracts that were in effect during the government's investigation of the location of
20
    the aircard and shall include the original signed documents.
21
         2.   Response:
22
         Unless incidental items were attached to subscriber billing information and already
23
    provided in discovery, this information is not in the possession, custody, or control of the United
24
    States.
25
    **P.**   **All discovery regarding the names, positions and contact information of all Verizon**
26  **Wireless employees and others that assisted the government.**

27       1.   Request:

28                                              14

1    The defendant requests all discovery regarding the names, positions and contact

2    information of all Verizon Wireless employees and other non government individuals that

3    assisted the government in locating the aircard associated with Verizon Wireless account number

4    270691733. This request includes information regarding what each Verizon Wireless employee

5    or other individual did to assist the government and under what court order or other authority

6    the employee or other individual had authorization to conduct the related assistance.

7        2.    Response:

8        The bulk of this information is not in the possession, custody, or control of the United

9    States. In order to assist defendant, the following items contain names of individuals at Verizon

10   who may have been involved:

11   | Bates/Dates | Description of Discovery Reflected in Bate Stamped or Dated Material |
     | --- | --- |
12   | 121 | 302 Re: Verizon |
     | 127 | 302 Re: Verizon |
13   | 128 | 302 Re: Verizon |
     | 170 | MOA Re: Verizon |
14   | 263-278 | Verizon response with Verizon Fax cover sheet and Declaration |
     | 288-300 | 2 emails from Verizon regarding cell tower data. |
15   | 465 | 302 Re: Verizon |
     | 467 | 302 Re: Verizon |
16   | 468 | 302 Re: Verizon |
     | 469-472 | Verizon Wireless response to Preservation Letter |
17   | 482 | 302 Re: Verizon |
     | 485 | 302 Re: Verizon contact |
18   | 5/22/2009 | Verizon response Re: store video |

19  **Q.    All discovery regarding the names, positions and contact information of all**
20  **government investigators and employees that partook in the investigation to locate**
    **the aircard.**

21       1.    Request:

22       The defendant requests all discovery regarding the names, positions and contact

23   information of all government investigators and employees that partook in or assisted in the

24   investigation to locate the aircard associated with Verizon Wireless account number 270691733.

25   This request includes information regarding what each government investigator or employee did

26   to partake in or assist in the investigation to locate the aircard. This request includes information

27   regarding what court order or other authority authorized the actions of each government

28                                              15

investigator and employee.

2.    Response:

For security reasons, the United States does not disclose contact information for investigators or identifying information for tech agents and other support personnel. In addition, the information defendant seeks also relates to sensitive investigative techniques that are privileged. See Paragraph G, supra.  Outside of the tech agents, the identity of the primary case agents and their roles in the subject investigation is documented throughout the case discovery that has been released to defendant.

**R.    All discovery regarding any computer code surreptitiously uploaded to the aircard host computer as to determine the host computer's and aircard's true IP address.**

1.    Request:

The defendant requests all discovery regarding any attempts made by the government, either successful or unsuccessful, to surreptitiously upload computer code to a host computer, paired with the aircard, as to determine the host computer's and aircard's true IP address. This request pertains to the aircard associated with Verizon Wireless account number 270691733. This request includes the computer code itself, method of surreptitious upload and installation, the data obtained through use of the computer code and all websites or other computer services involved in the surreptitious upload and installation.

2.    Response:

The United States did not do this.

Respectfully submitted this 16th day of April, 2010.

DENNIS K. BURKE
United States Attorney
District of Arizona

S/Frederick A. Battista

FREDERICK A. BATTISTA
PETER S. SEXTON
Assistant U.S. Attorneys

16

**Certificate of Service**

I hereby certify that on April 16, 2010, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Phil Seplow
Shadow Counsel for Defendant

A copy of the attached document was also mailed to:

Daniel David Rigmaiden
Agency #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132


S/Frederick A. Battista

Frederick A. Battista
Assistant U.S. Attorney

17