DENNIS K. BURKE
United States Attorney
District of Arizona

FREDERICK A. BATTISTA
Maryland State Bar Member
PETER S. SEXTON
Arizona State Bar No. 011089
Assistant U.S. Attorneys
Two Renaissance Square
40 North First Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 514-7500
Fred.Battista@usdoj.gov
Peter.Sexton@usdoj.gov



UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-08-0814-PHX-DGC |
|---|---|
| Plaintiff, | |
| v. | GOVERNMENT'S RESPONSE TO MOTION TO COMPEL GOVERNMENT TO DISCLOSE ALL DISCOVERY THAT MAY BE RELEVANT AND MATERIAL TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED DURING EXECUTION OF SEARCH WARRANT NO. 08-70460-HRL, N.D. CA |
| Daniel Rigmaiden, a.k.a. Steven Travis Brawner, a.k.a. Travis Rupard, and a.k.a. Patrick Stout, | |

The United States, through undersigned counsel, responds to defendant's Motion to Compel the Government to Disclose All Discovery That May be Relevant and Material to Defendant's motion to Suppress Evidence Seized During Execution of Search Warrant No. 08-70460-HRL, N.D. CA. In order to facilitate consideration of defendant's motion and this response, defendant's individual requests have been copied directly from his motion and are set forth herein; each request is then followed by the government's response.

By way of general information with respect to the case discovery previously released to defendant, the government has sought to redact as few items as possible. The vast majority of redacted material relates to one or more of the following categories of information, (1) the identity of informants; (2) personal identifying information of witnesses or victims; (3) information relating to persons generated during the course of the investigation with no known

connection to the case; (4) internal deliberative process; and/or (5) sensitive law enforcement investigative techniques. If defendant has a particular need for any previously redacted material, the government is willing to address such a request on a case-by-case basis directly with defendant. At some later point, the government may ask that the Court require a specific showing of need before ordering the United States to disclose any particular unredacted materials.

**Request**

### A. All discovery showing that a sufficient nexus existed between the items to be seized and the place to be searched.

The defendant requests all discovery showing that a sufficient nexus existed between the items to be seized listed in attachment B of the N.D.Cal. 08-70460HRL warrant and the place to be searched, i.e., 431 El Camino Real, Apartment #1122, Santa Clara, CA 95050 (hereafter "Apartment #1122").

Paragraph 101 of the N.D.Cal. 08-70460HRL warrant application states that the affiant concluded that the "Hacker" used the Travis Rupard Broadband Access Card (hereafter "aircard") to commit the offenses charged in the defendant's indictment. Paragraph 102 of the N.D.Cal. 08-70460HRL warrant application sets forth the "probable cause" intended to convince a magistrate that a nexus existed between the aircard and the place to be searched:

> "Historical cell tower information and other investigative techniques have led the investigation team to the location of the Travis Rupard Broadband Access Card within the 'domicilio' apartment complex; 431 El Camino Real; Apartment 1122; Santa Clara, California, 95050." Id.

The government sought to establish a nexus between the aircard and Apartment #1122 so that a magistrate would be convinced that there is a nexus between the items to be seized and Apartment #1122. The two disinct [sp] probable cause elements were (1) historical cell tower information, and (2) other investigative techniques. Both probable cause elements were described using vague phrases that offered no detailed information regarding the aircard being located inside Apartment #1122. The defendant requests detailed information regarding the

2

"historical cell tower information" probable cause and the "other investigative techniques" probable cause that established the nexus between the aircard and Apartment #1122--even if that information was not provided to the magistrate who issued the warrant.

**Response**

With respect to the defendant's request for additional discovery regarding historical cell tower information and other investigative techniques that led the investigation team to the location of the Travis Rupard broadband access card found within his apartment in Santa Clara, California, please see the government's response to defendant's Motion to Compel the Government to Disclose All Discovery that May be Relevant and Material to Defendant's Motion to Suppress the Aircard Location Evidence. Information regarding court orders authorizing the government's access to the cell tower information and information relating to the IP address associated with the access card, billing records associated with the access card, and investigation into the use of a false identity in order to obtain an account for the access card have generally been disclosed to the defendant as reflected in the Discovery Index which has been disclosed to defendant. [1]

**Request**

> **B.     All discovery regarding all sworn recorded/unrecorded oral testimony given for use in making probable cause determinations for the N.D.Cal. 08-70460HRL warrant.**

The defendant requests all discovery regarding all sworn, recorded/unrecorded oral testimony given before any and all judicial officers for their use in making probable cause determinations for the N.D.Cal. 08-70460HRL warrant.

---

[1] Note, in preparing this response it was determined that the IRS records of the fraudulent returns which direct these deposits into the undercover account (a spreadsheet of identified tax returns for TY2007) have yet to be disclosed. These records will be disclosed and delivered to defendant the week of April 19, 2010. In addition, it has also been determined that transcripts for undercover telephone contacts between CI-1 and SN-1/CI-2 for the period of April 1 through on or about April 15, 2008, have not been disclosed and are now in process of transcription. These transcripts will be released as discovery and delivered to defendant upon completion.

3

The defendant makes this request considering the four corners of the affidavit lack information that would allow a magistrate to draw a reasonable inference that the aircard was located inside Apartment #1122. The defendant believes that the affiant provided additional probable cause not contained within the four corners of the affidavit.

**Response**

There was no oral testimony provided in making the probable cause determination for the search warrant authorizing the search of the defendant's Santa Clara, California, apartment.

**Request**

### III.   CUMULATIVE ADDITIONS TO THE DEFENDANT'S REQUEST FOR DISCOVERY

1)   For the purposes of this memorandum, the terms "government" and "investigator" are synonymous and also encompass any and all private entities (e.g., Verizon Wireless and employees thereof) that are acting under the direction of the government or the Court or are providing relevant information to the government or to the Court that may have helped locate the aircard.

**Response**

The government does not have access to or control of any potential materials in the possession of private individuals or commercial entities, e.g. Verizon Wireless and employees thereof, who may have assisted the government's investigation of the defendant with respect to the location of the aircard.

**Request**

2)   For the purposes of this memorandum, the terms "locate," "locating" and "location" each encompass one another and all requests for discovery, information and data pertain to the period when the location of the aircard was unknown and the investigation to locate the aircard began through the period when the government had located the aircard and physically placed it into evidence.

4

**Response**

The government has sought to turn over all requested non-privileged materials relating to the investigation and location of the access card from the inception of the investigation of the defendant to the date of his arrest and will continue to do so.

**Request**

3) For the purposes of this memorandum, all requests for discovery, information and data regarding obtaining the location of the aircard also include all failed, abandoned and unused investigative techniques that may not have produced any relevant information that assisted in locating the aircard.

**Response**

The government has previously sought to disclose any formal reports relating to any failed or abandoned attempts to locate the subject's air card. The government does not intend to disclose any potential unused investigative techniques with respect to the investigation and location of the air card. For a more detailed response regarding the actual location of the air card, see the government's response to defendant's Motion to Compel the Government to Disclose All Discovery that May be Relevant and Material to Defendant's Motion to Suppress the Aircard Location Evidence. Except for the investigation regarding the cell tower data and related techniques, the government has sought to disclose to defendant the nature of the investigation which allowed the government to locate the subject air card in the defendant's Santa Clara, California, apartment complex and ultimately in the defendant's individual apartment inside the apartment complex.

**Request**

4) For the purposes of this memorandum, all requests for discovery, information and data include all books, papers, documents, photographs, tangible objects, scientific tests or experiments, mental examinations, written or recorded statements, grand jury transcripts, reports of investigation, memoranda, hand written notes, or other evidence or information which are within the possession, custody or control of the government, the existence of which is known,

1  or by exercise of due diligence may become known to the government, and which are material
2  to the preparation of the defendant's motion to suppress, or are intended for use by the
3  government or tends to affect the weight or credibility of the opposing argument to be presented
4  against the defendant in a response to a motion to suppress or at a suppression hearing.

**Response**

The government has sought to, and will continue to, abide by the requirements of Fed. Rule Crim. P. 16, <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); the Jencks Act, <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991); and <u>Giglio v. United States</u>, 405 U.S. 150 (1972) with respect to required discovery regarding any witness it intends to call during any suppression hearing and its obligations to disclose evidence within its control. At this point, the government does not intend to turn over any handwritten notes or grand jury transcripts.

**Request**

5) For the purposes of this memorandum, all requests for discovery, information and data include all statements of all witnesses, including reports, supplements, notes, memoranda, tapes, videos, etc.

**Response**

See response to request III(5) set forth immediately above.

**Request**

6) For the purposes of this memorandum, all requests for discovery, information and data include any information in any form whatsoever, the existence of which is known, or by exercise of due diligence may become known to the government, bearing upon the credibility of any person whom the government intends to call as a witness at a suppression hearing, including but not limited to any prior criminal record, any pending criminal indictment or information, and any pending criminal investigation related to any activity of such person.

**Response**

See response to request III(5) set forth above. While the two informants (CI-1 and CI-2) in this case may not be called to testify in any suppression hearing, the government has agreed

6

1  to release the following information with respect to their backgrounds and is in the process of
2  collecting it for disclosure: the adult criminal histories of the two informants (arrests and
3  convictions); the nature of any promises and/or agreements with the government; and known
4  histories of drug or alcohol abuse, and mental illness.

**Request**

7) For the purposes of this memorandum, all requests for discovery, information and data include identification of any and all promises, understandings or agreements, formal or informal, between the government, its agents and representatives and persons (including counsel for such persons) whom the government intends to call as a witness at a suppression hearing, together with copies of all documentation pertaining thereto. This request includes, but is not limited to, such promises, understandings, or agreements as may have been made in connection with other cases or investigations.

**Response:**

See response to request III(6) immediately above.

**Request**

8) For the purposes of this memorandum, all requests for discovery, information and data include identification of any order of immunity and the application therefore for any person whom the government intends to call as a witness at a suppression hearing, together with any documentation that was submitted to any government agency or court with regard thereto.

**Response:**

The formal granting of immunity is not contemplated at this time for any potential witness at any potential suppression hearing. If circumstances change, defendant will be notified of the nature of any such granting of formal immunity.

**Request**

9) For the purposes of this memorandum, all requests for discovery, information and data include the names and contact information of all persons whom the government, its agents and representatives, believe to have relevant knowledge and/or information with reference to the

investigation to locate the aircard but whom the government does not propose to call as witness at a suppression hearing.

**Response:**

See government's response to defendant's Motion to Compel the Government to Disclose All Discovery that May be Relevant and Material to Defendant's Motion to Suppress the Aircard Location Evidence and response to request III(5) set forth above. The names and occupations of the primary case agents who lead the investigation into the location of the aircard are well documented throughout the discovery. The government does not intend to disclose personal contact information for any potential witnesses in this case and, via letter dated February 17, 2009, previously advised defendant: "Upon request, the United States will seek to make any of its witnesses available for interview by defense counsel if the witness consents to such interview." This response applies equally to defendant acting pro se.

**Request**

10) For the purposes of this memorandum, all requests for discovery, information and data include identification of each occasion on which a witness for the government has testified before or where his/her testimony or information has been presented to any court or grand jury.

**Response**

See response to request III(5) set forth above. Unless required to by the authority noted above, the government does not intend to seek out any prior testimony of any witnesses in unrelated cases.

**Request**

11) For the purposes of this memorandum, all requests for discovery, information and data include identification of any judicial proceedings in any criminal or civil case involving any person (as a witness, defendant or otherwise) with whom the government intends to call as a witness at a suppression hearing.

**Response**

See response to request III(5) set forth above. Unless required to by the authority noted

immediately above, the government does not intend to seek out any such proceedings regarding any potential witnesses in unrelated cases.

**Request**

12) For the purposes of this memorandum, all requests for discovery, information and data include the names and contact information of expert persons, along with a summary of the testimony the government intends to use during a suppression hearing. The summary shall include the opinions the expert will offer in court, the basis and reasons therefore, and the qualifications of the expert.

**Response**

The government agrees to abide by this request subject to its position regarding personal contact information as discussed with respect to Section III(9) above. At present, the experts have not been selected since no motion to suppress has been filed.

**Request**

13) For the purposes of this memorandum, all requests for discovery, information and data include that the government provide the defendant with all reports of investigation, all memos and all hand written notes generated by all investigators and employees from all agencies and generated by all Verizon Wireless employees and other individuals involved in the investigation to locate the aircard.

**Response:**

See government's response to defendant's Motion to Compel the Government to Disclose Discovery Re Aircard Location Evidence and response to request III(5) set forth above. Finally, with respect to any potential documentation or evidence in the possession of Verizon Wireless, the government would not have control of such evidence, if any exists, and therefore cannot disclose it to defendant.

**Request**

14) For the purposes of this memorandum, all requests for discovery, information and data include that the government provide the defendant with all relevant dates of activity and

1  indications as to what associated warrant, court order, subpoena or other authority authorized
2  the activity.
3  **Response:**
4   The government is endeavoring to assist defendant with respect to this issue in an ongoing
5  manner via an extensive case Discovery Index which has been released to defendant. The vast
6  majority of the discovery should be dated and self-explanatory. If defendant has concerns
7  regarding particular items, he may request assistance in writing and the government will
8  endeavor to assist him in this regard.
9  **Request**
10  15) For the purposes of this memorandum, all requests for discovery, information and
11 data include that all returns or other information provided be appropriately categorized under the
12 warrant, court order, subpoena or other authority that authorized obtaining the contents of any
13 related return or other information.
14 **Response**
15  The government is endeavoring to assist defendant with respect to this issue in an ongoing
16 manner via an extensive case Discovery Index which has been released to defendant. The vast
17 majority of the discovery should be dated and self-explanatory. If defendant has concerns
18 regarding particular items, he may request assistance in writing and the government will
19 endeavor to assist him in this regard.
20 **Request**
21  16) For the purposes of this memorandum, all requests for discovery, information and
22 data include that all documents be appropriately organized, that all associated or related
23 documents be kept together, and that documents not be randomly dispersed as to cause
24 confusion.
25 **Response**
26  Subject to the government's response to defendant's Motion to Compel the Government
27 to Disclose Discovery Re Aircard Location Evidence, as discovery is processed via redaction,
28

it is released to defendant or defendant is notified that it is being formally withheld. It is not always possible to disclose the discovery in a perfect order but no discovery has been "randomly dispersed" in order to "cause confusion." The government is continuing to update its Discovery Index and will include all newly processed materials, including formally withheld materials, as they become available.

**Request**

### IV. THE PROSECUTOR'S LOG INDICATING DISCLOSED AND NONDISCLOSED DISCOVERY

The defendant requests that the government provide the defendant with the prosecutor's log indicating disclosed and nondisclosed discovery so that he may have verification of the required disclosures. See United States v. Chapman, 524 F.3d 1073, 1085 (9th Cir. 2008) ("[T]he failure to produce documents and to record what had or had not been disclosed, along with the affirmative misrepresentation to the court of full compliance, support the district court's finding of 'flangrant' prosecutorial misconduct even if the documents themselves were not intentionally withheld from the defense.").

**Response**

Subject to the government's response to defendant's Motion to Compel the Government to Disclose Discovery Re Aircard Location Evidence and response to request III(5) set forth above, as discovery is processed via redaction, it is released to defendant or defendant is notified that it is being formally withheld. It is not always possible to disclose the discovery in a perfect order but no discovery has intentionally been "randomly dispersed" in order to "cause confusion." The government is continuing to update its discovery index and will include all newly processed materials, including formally withheld materials, as they become available.

/

/

/

/

Respectfully submitted this 16th day of April, 2010.

DENNIS K. BURKE
United States Attorney
District of Arizona


S/Frederick A. Battista

FREDERICK A. BATTISTA
PETER S. SEXTON
Assistant U.S. Attorneys

**Certificate of Service**

I hereby certify that on April 16, 2010, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Phil Seplow
Shadow Counsel for Defendant

A copy of the attached document was also mailed to:

Daniel David Rigmaiden
Agency No. 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132


S/Frederick A. Battista

Frederick A. Battista
Assistant U.S. Attorney

12