1 | **Daniel Rigmaiden**
Agency # 10966111
2 | CCA-CADC
PO Box 6300
3 | Florence, AZ 85132
Telephone: none
4 | Email: none

5 | Daniel David Rigmaiden
Pro Se, Defendant

6

✓ FILED _____ LODGED
_____ RECEIVED _____ COPY

JUN 1 5 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ M DEPUTY

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| United States of America, | ) No. CR08-814-PHX-DGC |
|---|---|
| Plaintiff, | ) |
| | ) REPLY TO GOVERNMENT'S RESPONSE |
| v. | ) TO DEFENDANT'S MOTION TO COMPEL |
| | ) THE GOVERNMENT TO DISCLOSE ALL |
| Daniel David Rigmaiden, | ) DISCOVERY THAT MAY BE RELEVANT |
| | ) AND MATERIAL TO DEFENDANT'S |
| Defendant. | ) MOTION TO SUPPRESS THE AIRCARD |
| | ) LOCATION EVIDENCE |
| | ) |

Defendant, Daniel David Rigmaiden, appearing pro se, respectfully submits this reply to "Government's Response To Defendant's Motion To Compel The Government To Disclose All Discovery That May Be Relevant And Material To Defendant's Motion To Suppress The Aircard Location Evidence."

As far as the defendant has been able to ascertain, the government has met its obligations with respect to the following discovery requests addressed in the government's response:

1. [section B] All discovery regarding the investigative techniques used to obtain the account and subscriber information for Verizon Wireless account number 270691733.

2. [section C] All discovery regarding the illegally obtained destination IP addresses.

3. [section K] All discovery regarding software, hardware and firmware updates made to the aircard and cell sites.

4. [section N] All discovery regarding computer data files

1

relevant to created maps that depict all collected historical and real time cell site information and aircard radio wave information.

5. [section O] All discovery regarding user agreements, terms and contracts related to Verizon Wireless account number 270691733.

6. [section P] All discovery regarding the names, positions and contact information of all Verizon Wireless employees and others that assisted the government.

The defendant requests no further specific discovery under the above categories at this time.

The following discovery requests are currently unresolved and are addressed in the defendant's unfiled draft of his "Omnibus Reply To Government's Responses To Defendant's Two Most Recent Motions For Discovery RE: Motions To Suppress" that was provided to the government during the May 28, 2010 court hearing (referred to on the record as the defendant's 74 page reply) (hereafter "unfiled 74 page omnibus reply"):

1. [section A] All warrants, court orders, subpoenas, etc. and the resulting returns or other information.

2. [section D] All discovery regarding the detailed historical and real time cell site information requested from Verizon Wireless and others.

3. [section E] All discovery regarding the aircard location data that was ordered expunged by N.D.Cal. order 08-90330MISC.

4. [section F] All discovery regarding the "time lapse" involved in the government's "after receipt and storage" 18 U.S.C. 2703 order provision.

5. [section G] All discovery regarding the real time location techniques and historical location techniques used to locate the aircard.

6. [section H] All discovery regarding the use of Enhanced 911 Emergency Calling Systems to locate the aircard.

7. [section I] All discovery regarding the government causing

2

the aircard to operate or function out of its normal course of operation.

8. [section J] All discovery regarding the government's use of triangulation techniques to locate the aircard.

9. [section L] All discovery regarding radio wave analyzers and radio wave generators used to locate the aircard.

10. [section M] All discovery regarding the path movement information for all devices in section L, supra.

11. [section Q] All discovery regarding the names, positions and contact information of all government investigators and employees that partook in the investigation to locate the aircard.

12. [section R] All discovery regarding any computer code surreptitiously uploaded to the aircard host computer as to determine the host computer's and aircard's true IP address.

The defendant is currently awaiting a government response (via letter) regarding all of the above unresolved discovery requests that were addressed in his unfiled 74 page omnibus reply. Note: the defendant has decided to not file his unfiled 74 page omnibus reply. Any remaining unresolved discovery issues (to be determined once the government addresses (via letter) the defendant's unfiled 74 page omnibus reply) will be raised in separate filings 100% in accordance with the following local rules:

    LRCrim 12.1
    LRCiv 7.2(e)
    LRCiv 7.2(j)
    LRCiv 7.2(k)
    LRCiv 37.1 et seq.

The government raised in its response the issue of witholding evidence based on a claim of it relating to "sensitive investigative techniques." This is an entirely new issue that the defendant cannot effectively address in this reply given his limit to only

3

1  eleven (11) pages. See LRCiv 7.2(e) when referenced through

2  LRCrim 12.1. The defendant objects to the government witholding

3  Brady material based on a claim of it relating to "sensitive

4  investigative techniques" and will address that issue in a

5  separate motion. All of the discovery that the defendant has

6  requested is relevant and material evidence in support of the

7  defendant's suppression arguments. By witholding the requested

8  discovery, the government is violating the defendant's Fifth

9  Amendment due process rights and statutory rights under Rule 16

10  of the Federal Rules of Criminal Procedure.

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

1     I, Daniel David Rigmaiden, declare, certify, verify, and

2   state, under penalty of perjury under the laws of the United

3   States of America, that the facts contained in the foregoing

4   motion, and in any attached/incorporated memorandum, are true and

5   correct to the best of my knowledge, except as to those matters

6   which are therein stated on information and belief, and, as to

7   those matters, I believe it to be true. See 28 U.S.C. § 1746; 18

8   U.S.C. § 1621.

9

10  June 10, 2010                      Florence
    [Executed On (date)]               [Executed in the City of]

11

12  Arizona                            United States of America
    [Executed in the State of]         [Executed in the Country of]

13

14                                     Daniel Rigmaiden
                                       Signature of Declarant

15

16                                     Daniel David Rigmaiden
                                       Agency # 10966111
17                                     CCA-CADC
                                       PO Box 6300
18                                     Florence, AZ 85132

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

                                  5

1    Respectfully Submitted: June 13, 2010

2                                    DANIEL DAVID RIGMAIDEN
                                     Pro Se, Defendant
3

4

5

6                                    Daniel Rigmaiden
                                     Daniel D. Rigmaiden
7                                    Defendant

8                     CERTIFICATE OF SERVICE

9        I, Daniel David Rigmaiden, certify under penalty of perjury

10   under the laws of the United States of America (see 28 U.S.C. §

11   1746; 18 U.S.C. § 1621) that on June 13, 2010          at

12   approximately 9:00 pm I caused the following to be placed into

13   the CCA-CADC mailing system for United States Postal Service

14   delivery with first-class postage prepaid by CCA-CADC:

15   Original attached document plus 1 copy(s) addressed to:

16   Clerk, United States District Court
     Sandra Day O'Connor U.S. Courthouse, Suite 130
17   401 W. Washington St., SPC 1
     Phoenix, AZ 85003
18

19   One copy each of original document addressed to:

20   Frederick Battista + Peter Sexton        CC: Seplow
     Two Renaissance Square
21   40 North Central, Suite 1200
22   Phoenix, AZ 85004

23   Taylor Fox, PC
24   2 North Central Ave., Suite 735
     Phoenix, AZ 85004
25

26

27   By: Daniel Rigmaiden

                              6