1  **Daniel Rigmaiden**
   Agency # 10966111
2  CCA-CADC
   PO Box 6300
3  Florence, AZ 85132
   Telephone: none
4  Email: none

5  Daniel David Rigmaiden
   Pro Se, Defendant

6

                    UNITED STATES DISTRICT COURT
7
                         DISTRICT OF ARIZONA
8
   United States of America,        )   No. CR08-814-PHX-DGC
9
           Plaintiff,                )   MOTION FOR PRESERVATION AND
10                                   )   INVENTORY OF ROUGH
   v.                                )   INVESTIGATION NOTES RELATING TO
11                                   )   THE AIRCARD LOCATING MISSION
   Daniel David Rigmaiden            )
12                                   )
           Defendant.                )
13  _____ )

14        Defendant, Daniel David Rigmaiden, appearing pro se,

15  respectfully requests that the Court enter an Order directing all

16  law enforcement agents and government attorneys who were involved

17  in the "aircard[1] locating mission" to retain and preserve all

18  rough notes created during the course of the investigation to

19  locate the aircard or in furtherance of the investigation to

20  locate the aircard. This request includes, but is not limited to,

21  those notes made, directly or indirectly, as a result of this

22  investigation notwithstanding whether or not the contents of said

23  notes have been incorporated into any official report. Further,

24  the defendant requests that the government be required to prepare

25  _____

26  1. The aircard is a "UTStarcom PC5740 Broadband Connection Card" associated
    with Verizon Wireless account No. 270691733 opened under the name of Travis
    Rupard. The government claims to have electronically located the aircard on
27  July 16, 2008 and physically located the aircard on August 3, 2008.

                                    1

1 an inventory list of all rough notes taken with respect to the

2 aircard locating mission and provide that list to the defendant

3 immediately.

4     As grounds therefore, the defendant shows, as follows:

5     1. This motion does not demand, at this time, disclosure,

6 discovery, inspection, or production of any specific rough notes.

7 It merely seeks to preserve evidence, directly admissible or

8 otherwise and other information which may, at some future stage of

9 the proceedings, be necessary or helpful to a proper resolution of

10 this case consistent with the defendant's theory of defense.

11     2. This motion is being made so that the Court can determine

12 whether disclosure of said notes is required under Brady v.

13 Maryland, 373 U.S. 83 (1963), United States v. Gamez-Orduno, 235

14 F.3d 453 (9th Cir. 2000), and Fed. R. Crim. P. 16(a)(1)(E) and

15 (i). There is a realistic possibility that the Court will be asked

16 to determine whether the disclosure of said notes is required

17 ~~prior to the defendant filing his motion(s) to suppress.~~

18     3. This request includes the preservation of the prosecutors'[2]

19 notes relating to his/her mental impressions and opinions relating

20 to the aircard locating mission. In Morris v. Ylst, the Ninth

21 Circuit held that a prosecutor's opinions and mental impressions

22 of a case are discoverable if "they contain underlying exculpatory

23 facts." Id., 447 F.3d 735, 742 (9th Cir. 2006). The government has

24 already indicated to the defendant that they destroyed some of the

25

26 2. There were two federal prosecutors involved in the aircard locating
mission: (1) AUSA Shawna Yen out of the Northern District of California and,
27 (2) AUSA Frederick A. Battista out of the District of Arizona.

1 | evidence obtained during the aircard locating mission. Notes
2 | by the prosecutors relating to the aircard locating mission may be
3 | the only way for the defendant to obtain comparable evidence to
4 | support his motion(s) to suppress the evidence resulting from the
5 | aircard locating mission.

6 |     4. An inventory of the rough notes and a statement of the
7 | circumstances under which they were prepared will allow the
8 | defendant to evaluate whether motions should be filed for
9 | production of the notes in advance of filing a motion to suppress,
10 | and will prevent unnecessary delay which would be caused by
11 | motions made during the course of a possible suppression hearing
12 | for such production.

13 |     5. As of this motion, the government is on notice that any
14 | destruction of rough notes relating to the aircard locating
15 | mission cannot be in good faith as of this time forward.

16 |     The defendant respectfully requests that the Court enter an
17 | order requiring (1) all law enforcement agents and government
18 | attorneys who were involved in the aircard locating mission to
19 | retain and preserve all rough notes created during the course of
20 | the investigation to locate the aircard or in furtherance of the
21 | investigation to locate the aircard, (2) the government to prepare
22 | an inventory list of all rough notes referred to in No. 1 above,
23 | and (3) the government to immediately provide the defendant with
24 | the inventory list referred to in No. 2 above.
25 | ///
26 | ///
27 | ///

1    The defendant is appearing pro se and has no formal legal

2  training whatsoever. The defendant's filings, however inartfully

3  pleaded, must be liberally construed and held to less stringent

4  standards than formal pleadings drafted by lawyers. See Haines v.

5  Kerner, 404 U.S. 519, 520 (1972).

6    Based on the facts, points, and authorities set forth herein,

7  the defendant respectfully requests that this motion be granted.

8    LRCrim 12.2(a) requires that the undersigned include the

9  following statement in all motions: "Excludable delay under

10  18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or

11  of an order based thereon." However, the defendant posits that

12  this motion will not cause any "delay" and objects to any delay as

13  a result of this motion or of an order based thereon.

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

4

I, Daniel David Rigmaiden, declare, certify, verify, and state, under penalty of perjury under the laws of the United States of America, that the facts contained in the foregoing motion, and in any attached/incorporated memorandum, are true and correct to the best of my knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true. See 28 U.S.C. § 1746; 18 U.S.C. § 1621.

June 23, 2010
[Executed On (date)]

Florence
[Executed in the City of]

Arizona
[Executed in the State of]

United States of America
[Executed in the Country of]

Daniel Rigmaiden
Signature of Declarant

Daniel David Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

///
///
///
///
///
///
///
///
///

5

1 | Respectfully Submitted: June 25, 2010

2 | DANIEL DAVID RIGMAIDEN
Pro Se, Defendant

3

4

5 | *Daniel Rigmaiden*

6 | Daniel D. Rigmaiden
Defendant

7

8 | CERTIFICATE OF SERVICE

9 | I, Daniel David Rigmaiden, certify under penalty of perjury

10 | under the laws of the United States of America (see 28 U.S.C. §

11 | 1746; 18 U.S.C. § 1621) that on June 25, 2010 at

12 | approximately 7:00pm I caused the following to be placed into

13 | the CCA-CADC mailing system for United States Postal Service

14 | delivery with first-class postage prepaid by CCA-CADC:

15 | Original attached document plus 1 copy(s) addressed to:

16 | Clerk, United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 130

17 | 401 W. Washington St., SPC 1
Phoenix, AZ 85003

18

19 | One copy each of original document addressed to:

20 | Frederick Battista + Peter Sexton      CC: seplow
Two Renaissance Square

21 | 40 North Central, Suite 1200

22 | Phoenix, AZ 85004

23 | Taylor Fox, PC

24 | 2 North Central Ave., Suite 735

25 | Phoenix, AZ 85004

26

27 | By: Daniel Rigmaiden

6