1  Daniel Rigmaiden
   Agency # 10966111
2  CCA-CADC
   PO Box 6300
3  Florence, AZ 85132
   Telephone: none
4  Email: none

5  Daniel David Rigmaiden
   Pro Se, Defendant

6

___ FILED        ___ LODGED
___ RECEIVED     ___ COPY

JUL 09 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ M DEPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden,<br><br>    Defendant. | No. CR08-814-PHX-DGC<br><br>MOTION REQUESTING THAT THE COURT RESERVE RULING ON DISCLOSURE OF SENSITIVE INVESTIGATIVE TECHNIQUES UNTIL THE DEFENDANT FILES HIS MOTION ADDRESSING THE ISSUE |

14      Defendant, Daniel David Rigmaiden, appearing pro se,

15  respectfully requests that the Court reserve ruling on disclosure

16  of "sensitive investigative techniques" until the defendant files

17  his motion addressing the issue. The government is currently

18  witholding Brady material based on a claim of it relating to

19  "sensitive investigative techniques." See Dkt. #251, #252, #300,

20  #301, #308, #309, #310, and #312. The defendant requests that the

21  Court reserve ruling on this issue until the defendant files the

22  motion at issue. The defendant should be provided the opportunity

23  to fully brief the issue and the government should be provided the

24  opportunity to submit a response brief. The issue is far to

25  complex for the defendant to argue orally without first filing a

26  motion. There are numerous highly complex pending discovery issues

27  and the defendant needs to simplify the presentation of the issues

1

1 | through a motion. As grounds in support of this request, the
2 | defendant shows as follows:
3 |     1. The defendant's motion addressing the government witholding
4 | discovery based on a claim of it relating to "sensitive
5 | investigative techniques" is essentially finished but exists in a
6 | very rough form. The defendant has his unfiled draft of his 74 page
7 | "Omnibus Reply To Government's Responses To Defendant's Two Most
8 | Recent Motions For Discovery RE: Motions To Suppress" (hereafter
9 | "unfiled 74 page omnibus reply") and hand written supplementary
10 | additions/deletions/changes to be incorporated into a final
11 | motion addressing the issue. The defendant still needs to type the
12 | final motion. The defendant's unfiled 74 page omnibus reply has
13 | been scanned and ran through optical character recognition
14 | software to convert the "typewriter text" into "digital vector
15 | based text" that may be editted in a word processing program.
16 | Since roughly June 18, 2010, the defendant has been waiting for
17 | the United States Marshal Service to approve his private
18 | investigator for legal visits at CCA-CADC. After a few legal
19 | visits involving the use of a word processing program, the
20 | defendant will be able to complete what would have taken 6 weeks
21 | to complete on a typewriter while at the CCA-CADC law library.
22 |     2. The defendant's private investigator has conducted
23 | technical research relating to cell site information and radio
24 | location technology that the defendant needs to view before
25 | finalizing the motion at issue. The defendant will be able to
26 | view the research material (currently in digital form) once the
27 | United States Marshal Service approves his private investigator

2

1  for legal visits at CCA-CADC.

2      3. On roughly June 23, 2010, the government provided the

3  defendant with certain discovery and explanations relating to the

4  aircard locating mission. The defendant only recently finished

5  evaluating and incorporating the recent evidence into the motion

6  at issue.

7      4. As of roughly June 23, 2010, the government has positively

8  failed to comply with the defendant's request for all discovery

9  relating to the aircard locating mission. Only now can the

10  defendant file the motion at issue while in compliance with (1)

11  LRCiv 37.1, referenced through LRCiv 7.2(k) when referenced

12  through LRCrim 12.1, and (2) LRCiv 7.2(j), when referenced through

13  LRCrim 12.1[1].

14      The defendant was unable to contact any relevant parties to

15  obtain their positions on this request.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  

---

25  1.    During the May 28, 2010 court hearing, the Court expressed concern that
26  the defendant's planned discovery filings were not in compliance with the
   local rules. The defendant is now striving to follow each and every local rule
   possible.

27  

3

1      The defendant is appearing pro se and has no formal legal

2 training whatsoever. The defendant's filings, however inartfully

3 pleaded, must be liberally construed and held to less stringent

4 standards than formal pleadings drafted by lawyers. See <u>Haines v.</u>

5 <u>Kerner</u>, 404 U.S. 519, 520 (1972).

6      Based on the facts, points, and authorities set forth herein,

7 the defendant respectfully requests that this motion be granted.

8      LRCrim 12.2(a) requires that the undersigned include the

9 following statement in all motions: "Excludable delay under

10 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or

11 of an order based thereon." However, the defendant posits that

12 this motion will not cause any "delay" and objects to any delay as

13 a result of this motion or of an order based thereon.

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

1  I, Daniel David Rigmaiden, declare, certify, verify, and

2  state, under penalty of perjury under the laws of the United

3  States of America, that the facts contained in the foregoing

4  motion, and in any attached/incorporated memorandum, are true and

5  correct to the best of my knowledge, except as to those matters

6  which are therein stated on information and belief, and, as to

7  those matters, I believe it to be true. See 28 U.S.C. § 1746; 18

8  U.S.C. § 1621.

9

10  July 6, 2010                        Florence
    [Executed On (date)]                [Executed in the City of]

11

    Arizona                             United States of America
12  [Executed in the State of]          [Executed in the Country of]

13

14  Daniel Rigmaiden
    Signature of Declarant

15

16  Daniel David Rigmaiden
    Agency # 10966111
17  CCA-CADC
    PO Box 6300
18  Florence, AZ 85132

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

5

1  Respectfully Submitted: July 7, 2010

2                              DANIEL DAVID RIGMAIDEN
                               Pro Se, Defendant

3

4

5

6                              _Daniel Rigmaiden_
                               Daniel D. Rigmaiden

7                              Defendant

8               CERTIFICATE OF SERVICE

9       I, Daniel David Rigmaiden, certify under penalty of perjury

10  under the laws of the United States of America (see 28 U.S.C. §

11  1746; 18 U.S.C. § 1621) that on July 7, 2010             at

12  approximately 2:00pm I caused the following to be placed into

13  the CCA-CADC mailing system for United States Postal Service

14  delivery with first-class postage prepaid by CCA-CADC:

15  Original attached document plus  1  copy(s) addressed to:

16  Clerk, United States District Court
    Sandra Day O'Connor U.S. Courthouse, Suite 130

17  401 W. Washington St., SPC 1
    Phoenix, AZ 85003

18

19  One copy each of original document addressed to:

20  Frederick Battista & Peter Sexton       cc; seplow

21  Two Renaissance Square
    40 North Central, Suite 1200

22  Phoenix, AZ 85004

23  Taylor Fox, Pc

24  2 North Central Ave., Suite 735

25  Phoenix, AZ 85004

26  _____

27  By: _Daniel Rigmaiden_

                          6