1 | DENNIS K. BURKE
United States Attorney
2 | District of Arizona

3 | FREDERICK A. BATTISTA
Maryland State Bar Member
PETER S. SEXTON
4 | Arizona State Bar No. 011089
Assistant U.S. Attorneys
Two Renaissance Square
5 | 40 North First Avenue, Suite 1200
Phoenix, Arizona 85004
6 | Telephone: (602) 514-7500
Fred.Battista@usdoj.gov
Peter.Sexton@usdoj.gov

7

8 | UNITED STATES DISTRICT COURT

9 | DISTRICT OF ARIZONA

10 | United States of America,

11 | Plaintiff, | CR 08-814-001-PHX-DGC

12 | v. | **RESPONSE TO DEFENDANT RIGMAIDEN'S MOTION FOR**

13 | Daniel David Rigmaiden, | **PRESERVATION OF ROUGH**
a.k.a. Steven Travis Brawner, | **NOTES RELATING TO THE**
14 | a.k.a. Travis Rupard, and | **AIRCARD MISSION**
a.k.a. Patrick Stout, et al.,

15 |

16 | Defendants.

17 |    The United States, by and through undersigned counsel, hereby responds to defendant

18 | Daniel David Rigmaiden's Motion for Preservation of Rough Notes Relating to the Aircard

19 | Mission through the attached Memorandum. For the reasons stated therein, defendant's motion

20 | should be denied as moot.

21 |    Respectfully submitted this 12th day of July, 2010.

22 | DENNIS K. BURKE
United States Attorney
23 | District of Arizona

24 |

25 | S/Frederick A. Battista

26 | FREDERICK A. BATTISTA
PETER S. SEXTON
27 | Assistant U.S. Attorneys

28

1                                    **Memorandum**

2    **I.      Discussion**

3            In brief, defendant Daniel David Rigmaiden is in the process of requesting specific items

4    through the discovery process as they relate to the government's location of a particular Verizon

5    Broadband Access Card (the "Aircard").  It is the position of the government that the subject

6    card was used to file the fraudulent federal tax returns which form the central basis of this

7    criminal case.  Summarizing in the most general and basic terms, it appears that defendant

8    intends to challenge the manner in which the Aircard was located by the government and

9    ultimately seek to suppress the evidence the government gathered via search warrants once the

10   Aircard was located.  In order to assist defendant in gathering all of the material subject to

11   disclosure with respect to this issue, the government has been seeking to respond to defendant's

12   requests in due course, the sole area in which it has informed defendant that it will not generally

13   comply relates to the actual operation of the device which allowed the government to locate the

14   Aircard within a certain area but not specifically within defendant's apartment.

15           In light of the facts that (1) this issue appears to be central to defendant's defense, and (2)

16   the government is required to withhold certain other sensitive materials related to the operation

17   of the subject detention device, the government is willing to turn over all available agent notes

18   with respect to this narrow issue, subject to the redaction regimen it has been following in the

19   case to date, to defendant upon receipt and review.  Upon receipt of defendant Rigmaiden's

20   motion, the government commenced the process of specifically seeking to gather and segregate

21   the subject notes and will disclose whatever is available shortly.  Erring on the side of caution,

22   all such agents will be advised to not destroy any notes in existence relating to this case.  All

23   agents who participated in the physical location the Aircard in defendant Rigmaiden's apartment

24   have been directed to provide copies of their notes which will be processed for purposes of

25   discovery. This agreement to disclose does not apply to the agent/technicians who operated the

26   subject detection device. However, the government will advise defendant via an inventory if any

27   such notes exist.

28

                                              2

1       With respect to defendant's request for prosecutor's notes with respect to this issue

2   (AUSA Frederick A. Battista, District of Arizona and AUSA Shawn Yen, Northern District of

3   California) defendant cites Morris v. Ylst, 447 F.3d 735, 742 (9th Cir. 2006), which holds "Thus,

4   in general, a prosecutor's opinions and mental impressions of the case are not discoverable under

5   *Brady unless* they contain underlying exculpatory facts."  In response to defendant's request,

6   AUSA Yen has advised AUSA Battista that she does not possess any notes relating to this case.

7   With respect to AUSA Battista, he will examine any notes in his possession and provide

8   defendant with an inventory of any notes pertaining to this issue that contain underlying

9   exculpatory facts not fully disclosed via an agent report or some other document.  AUSA Battista

10  agrees to not destroy any such notes, if they exist, in his possession.

11  **II.    Conclusion**

12      For the foregoing reasons, defendant's Motion for Preservation of Rough Notes Relating

13  to the Aircard Mission should be denied as moot.

14      Respectfully submitted this 12th day of July, 2010.

15

16                          DENNIS K. BURKE
                            United States Attorney
17                          District of Arizona

18                          S/Frederick A. Battista

19
                            FREDERICK A. BATTISTA
20                          PETER S. SEXTON
                            Assistant U.S. Attorneys

21

22

23

24

25

26

27

28                                      3

1                                  **Certificate of Service**

2         I hereby certify that on July 12, 2010, I caused the attached document to be electronically
transmitted to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice

3 of Electronic Filing to the following CM/ECF registrants:

4 Phil Seplow
Shadow Counsel for Defendant Daniel David Rigmaiden

5

Taylor W. Fox

6 Counsel for defendant Ransom Carter

7 A copy of the attached document was also mailed to:

8 Daniel David Rigmaiden
Agency No. 10966111

9 CCA-CADC
PO Box 6300

10 Florence, AZ 85132

11

S/Frederick A. Battista

12

Frederick A. Battista

13 Assistant U.S. Attorney

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28