**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 08-814-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Daniel David Rigmaiden (1); and ) Ransom Marion Carter, III (2), ) | |
| Defendants. ) | |

The government indicted Defendant Daniel Rigmaiden on July 23, 2008, charging him with 50 counts of mail and wire fraud, aggravated identity theft, and conspiracy. Doc. 3. A superseding indictment was filed on January 27, 2010. Doc. 200.

On March 25, 2010, Defendant filed motions to compel the government to disclose all discovery that may be relevant and material to the preparation of Defendant's motions to suppress evidence. Docs. 251, 252. For reasons stated below, the Court will deny the motions in part as moot and otherwise without prejudice.

Defendant seeks various categories of discovery relating to a wireless aircard associated with Verizon Wireless account number 270691733 (Doc. 251) and the execution of search warrant No. 08-70460-HRL, N.D. Cal. (Doc. 252). The government filed responses on April 16, 2010, stating that it had disclosed certain information requested in the motions to compel, that other information does not exist or is not within the government's possession, custody, or control, and that the government was withholding other privileged information relating to sensitive investigative techniques. Docs. 300, 301. In his reply

briefs, filed June 15, 2010 (Docs. 309, 310), Defendant acknowledges that the government has met its disclosure obligations with respect to certain requested categories of information. Docs. 309 at 1-2, 310 at 1. The Court will deny the motions to compel as moot in this regard.

Defendant states that other discovery requests remain unresolved and are addressed in an 74-page draft reply brief. *Id.* at 2. That brief was provided to the Government during the status conference held on May 28, 2010, and Defendant asserts that he is awaiting a responsive letter from the government. Docs. 309 at 3, 310 at 2. Defendant further asserts that any unresolved discovery requests will be addressed in separate documents filed consistent with the Court's Local Rules of Procedure. *Id.* The government has informed Defendant that his 74-page reply is under review and that additional discovery or clarification will be provided to Defendant. Doc. 308. On July 9, 2009, Defendant filed a motion requesting that the Court reserve ruling on the government's assertion of privilege until Defendant has had an opportunity to fully brief the issue. Doc. 320. Defendant also states that the complex pending discovery issues need to be presented in a simplified manner. *Id.*

At the status conference held on July 15, 2010, the Court and the parties agreed that Defendant will file one motion on the privilege issue and a new and separate motion to compel on all other outstanding discovery issues. Defendant shall make his best effort to file those two motions by **July 30, 2010**. The Court will deny without prejudice the motions to compel disclosures filed on March 25, 2010. Docs. 251, 252. Defendant's motion to reserve ruling on the privilege issue (Doc. 320) will be granted.

**IT IS ORDERED:**

1. Defendant Daniel Rigmaiden's motions to compel disclosures (Docs. 251, 252) are **denied** in part as moot and otherwise without prejudice.

2. Defendant Daniel Rigmaiden's motion requesting that the Court reserve ruling on the privilege issue (Doc. 320) is **granted**.

Excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(D) is found to commence on March 25, 2010 for a total of 117 days.

DATED this 19th day of July, 2010.

_____
David G. Campbell
United States District Judge