1 | **Daniel Rigmaiden**
Agency # 10966111
2 | CCA-CADC
PO Box 6300
3 | Florence, AZ 85132
Telephone: none
4 | Email: none

5 | Daniel David Rigmaiden
Pro Se, Defendant

6 |

7 | **UNITED STATES DISTRICT COURT**

8 | **DISTRICT OF ARIZONA**

9 | United States of America,                )   No. CR08-814-PHX-DGC
                                          )
10 |         Plaintiff,                      )   REPLY TO RESPONSE TO DEFENDANT
                                          )   RIGMAIDEN'S MOTION FOR
11 | v.                                      )   PRESERVATION OF ROUGH NOTES
                                          )   RELATING TO THE AIRCARD MISSION
12 | Daniel David Rigmaiden,                 )
                                          )
13 |         Defendant.                      )
    _____)

14 |      Defendant, Daniel David Rigmaiden, appearing pro se,

15 | respectfully submits this reply to the government's "Response To

16 | Defendant Rigmaiden's Motion For Preservation Of Rough Notes

17 | Relating To The Aircard Mission." The government requested that

18 | the defendant's original "Motion For Preservation And Inventory Of

19 | Rough Investigation Notes Relating To The Aircard Locating

20 | Mission" be denied as moot in light of the government's partial

21 | compliance with the request made in said motion. The defendant's

22 | original motion is not moot and the defendant requests that the

23 | proposed order attached to his original motion be issued.

24 |      As grounds therefore, the defendant shows as follows:

25 | **1.**  The defendant's original motion does not ask for preservation

26 | and inventory of rough notes of which the government believes

27 | contain "exculpatory facts" or are "relevant and material to a

motion to suppress," the defendant's original motion requests the
preservation and inventory of all rough notes "created during the
course of the investigation to locate the aircard or in
furtherance of the investigation to locate the aircard." Id. at
p. 1. It does not appear as if the government noticed this very
important distinction. The purpose of the defendant's original
motion was to preserve (and obtain an inventory list) all rough
notes merely relating to the aircard locating mission--regardless
of whether the government believes them to be Brady material. The
defendant will use the descriptions of the rough notes contained
on the inventory list to determine whether he needs to request
full disclosure. The defendant will be raising issues of first
impression in his motion(s) to suppress and there are no published
opinions to guide the government on whether their rough notes
contain information relevant and material to the defense. At the
May 28, 2010 court hearing, AUSA Battista stated on the record
that the discovery the defendant seeks, relating to the
government's efforts to locate the aircard, has never been
disclosed before and that the government intends to keep it that
way. As far as the defense knows, the defendant is the first
person to even request such disclosure in a criminal proceeding.
2.   The government's response is unclear on whether they agree to
preserve the rough notes taken by the technical agents/personnel
who are responsible for electronically locating the aircard. The
defendant needs all technical agents/personnel who participated
in the aircard locating mission to (1) provide all rough notes
(relating to the aircard locating mission) to AUSA Battista to be

2

1  processed for the purpose of creating the requested inventory list,

2  and (2) not destroy any of the rough notes referenced in No. 1

3  above.

4  3.   The government's response states:

5      "With respect to AUSA Battista, he will examine [] [his
       personal] notes in his possession and provide defendant

6      with an inventory of any notes pertaining to this issue
       that contain underlying exculpatory facts not fully

7      disclosed via an agent report or some other document."
       Id., p. 3 (emphasis added).

8  What is proposed above is insufficient with respect to the

9  defendant's request. The defendant needs an inventory list of all

10 of AUSA Battista's rough notes (relating to the aircard locating

11 mission) even if they appear to cover the same issues covered by

12 other rough notes or other documents. Very minor variations in

13 locution or syntactic structure can change the overall context of

14 a message or idea expressed in writing. For example, (1) compare

15 "agents walked with a Stingray device" with "agents drove with a

16 Stingray device," and (2) compare "the aircard was located via the

17 surveillance device" with "the aircard was located via the

18 surveillance devices."

19     Furthermore, the defendant needs an inventory list of all of

20 AUSA Battista's rough notes (relating to the aircard locating

21 mission) regardless of whether they contain "underlying

22 exculpatory facts." If AUSA Battista examines his rough notes for

23 only "underlying exculpatory facts" then the rough notes the

24 defendant seeks may never make it onto the requested inventory

25 list. The holding quoted from Morris v. Ylst, 447 F.3d 735, 742

26 (9th Cir. 2006)[1] relied on Brady and applied to the disclosure of

27

                                     3

exculpatory facts relevant to the trial stage of the proceedings. "Nonetheless, the due process principles announced in Brady and its progeny must be applied to certain pretrial proceedings, such as suppression hearings." United States v. Fernandez, 231 F.3d 1240, 1248 n. 5 (9th Cir. 2000) (internal citation and quotation marks omitted). See also United States v. Barton, 995 F.2d 931, 934-35 (9th Cir. 1993) (Ignoring the inculpatory value of marijuana evidence while determining whether it was relevant to a "suppression hearing involving a challenge to the truthfulness of allegations in an affidavit for a search warrant"), cert. denied, 510 U.S. 957 (1993); United States v. Gamez-Orduno, 235 F.3d 453, 461 (9th Cir. 2000) ("The suppression of material evidence helpful to the accused, whether at trial or on a motion to suppress, violates due process if there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different."). After viewing the requested inventory list, the defendant may move to compel disclosure of specific rough notes based on one or more of the following: (1) they contain underlying exculpatory facts[2], (2) they tend to impeach allegations demonstrating probable cause in an affidavit for a search warrant[3], (3) they are material and

///

///

---

1.   "[I]n general, a prosecutor's opinions and mental impressions of the case are not discoverable under Brady unless they contain underlying exculpatory facts."

2.   Morris, 447 F.3d at 742.

1 | favorable to the defendant's motion(s) to suppress[4], and (5) they

2 | are material to preparing the defense in general[5].

3 | ///

4 | ///

5 | ///

6 | ///

7 | ///

8 | ///

9 | ///

10 | ///

11 | ///

12 | ///

13 | ///

14 | ///

15 | ///

16 | ///

17 | ///

18 | ///

19 | ///

20 | ///

21 | ///

22 | ///

23 | ///

24 | _____

25 | 3.   Barton, 995 F.2d at 934-35.

26 | 4.   Gamez-Orduno, 235 F.3d at 461.

27 | 5.   Fed. R. Crim. P. 16(a)(1)(E) and (i).

1    I, Daniel David Rigmaiden, declare, certify, verify, and

2   state, under penalty of perjury under the laws of the United

3   States of America, that the facts contained in the foregoing

4   motion, and in any attached/incorporated memorandum, are true and

5   correct to the best of my knowledge, except as to those matters

6   which are therein stated on information and belief, and, as to

7   those matters, I believe it to be true. See 28 U.S.C. § 1746; 18

8   U.S.C. § 1621.

9

10  July 20, 2010                          Florence
    [Executed On (date)]                   [Executed in the City of]

11
    Arizona                                United States of America
12  [Executed in the State of]             [Executed in the Country of]

13

14                                         Daniel Rigmaiden
                                           Signature of Declarant
15

16                                         Daniel David Rigmaiden
                                           Agency # 10966111
17                                         CCA-CADC
                                           PO Box 6300
18                                         Florence, AZ 85132

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

                              6

1    Respectfully Submitted: July 27, 2010

2                                    DANIEL DAVID RIGMAIDEN
                                     Pro Se, Defendant
3

4

5

6                                    _Daniel Rigmaiden_
                                     Daniel D. Rigmaiden
7                                    Defendant

8                        CERTIFICATE OF SERVICE

9        I, Daniel David Rigmaiden, certify under penalty of perjury

10   under the laws of the United States of America (see 28 U.S.C. §

11   1746; 18 U.S.C. § 1621) that on July 27, 2010        at

12   approximately 7:00pm  I caused the following to be placed into

13   the CCA-CADC mailing system for United States Postal Service

14   delivery with first-class postage prepaid by CCA-CADC:

15   Original attached document plus 1 copy(s) addressed to:

16   Clerk, United States District Court
     Sandra Day O'Connor U.S. Courthouse, Suite 130
17   401 W. Washington St., SPC 1
     Phoenix, AZ 85003
18

19   One copy each of original document addressed to:

20   Frederick Battista + Peter Sexton     CC: Seplow
     Two Renaissance Square
21   40 North Central, Suite 1200
22   Phoenix, AZ 85004

23   Taylor Fox, PC
24   2 North Central Ave., Suite 735
     Phoenix, AZ 85004
25

26

27   By: _Daniel Rigmaiden_

                                7