**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) CR 08-814-PHX-DGC |
| Plaintiff, | ) |
| | ) **ORDER** |
| vs. | ) |
| Daniel David Rigmaiden (1); and Ransom Marion Carter, III (2), | ) |
| Defendants. | ) |

The government indicted Defendant Daniel Rigmaiden on July 23, 2008, charging him with 50 counts of mail and wire fraud, aggravated identity theft, and conspiracy. Dkt. #3. A superseding indictment was filed on January 27, 2010. Dkt. #200.

On June 29, 2010, Defendant filed a motion for preservation and inventory of rough investigation notes relating to the aircard locating mission. Doc. 314. The motion is fully briefed. Docs. 324, 340. For reasons stated below, the Court will deny the motion.

Defendant seeks an order from the Court "directing all law enforcement agents and government attorneys who were involved in the 'aircard locating mission' to retain and preserve all rough notes created during the course of the investigation to locate the aircard or in furtherance of the investigation[.]" Doc. 314 at 1. The government states in response that it will advise all law enforcement agents to not destroy any notes in existence relating to this case. Doc. 324 at 2. The government further states that it is in the process of disclosing certain relevant agent notes and will provide an inventory to Defendant with respect to any existing agent/technician notes that the government does not intend to disclose.

*Id.* The Court will deny Defendant's motion as moot to the extent it applies to the notes of law enforcement agents and technicians.

With respect to the notes of government attorneys, Defendant seeks "the preservation of the prosecutors' notes relating to his/her mental impressions and opinions relating to the aircard locating mission." Doc. 314 at 2. Defendant notes that two federal prosecutors, Assistant United States Attorneys Shawna Yen and Frederick Bautista, were involved in the mission. *Id.* at 2 n.2. Defendant requests a preservation order so that the Court will be able to determine whether disclosure of notes is required under *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at 2.

Because extending the *Brady* rule to opinion work product would greatly impair the government's ability to prepare for trials, "a prosecutor's opinions and mental impressions of the case are not discoverable under *Brady unless* they contain underlying exculpatory facts." *Morris v. Ylst*, 447 F.3d 735, 742 (9th Cir. 2006). In response to Defendant's request, Mr. Bautista has agreed to not destroy any of his notes that may be discoverable under *Brady* and has further agreed to provide Defendant with an inventory of any notes pertaining to the aircard locating mission that contain underlying exculpatory facts not fully disclosed via an agent report or some other document. Doc. 324 at 3. Ms. Yen has advised Mr. Bautista that she does not possess any notes relating to this case. In light of those responses, the Court will deny Defendant's motion to the extent it applies to the notes of government attorneys.

On July 9, 2010, Defendant filed a motion for disclosure of evidence "arguably subject to suppression" pursuant to Rule 12(b)(4) of the Federal Rules of Criminal Procedure. Doc. 321. That rule permits a defendant to "request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." Fed. R. Crim. P. 12(b)(4)(B). It does not, as Defendant contends, entitle a defendant to notice of that evidence "which could arguably be subject to a motion to suppress at the instance of any person." Doc. 321. Stated differently, Rule 12(b)(4) does not require the government to determine and advise the defendant of evidence that may be subject to a motion to suppress. The defendant – through counsel or otherwise – must make that

determination for himself. The Court will deny Defendant's motion for disclosure of evidence arguably subject to suppression.

**IT IS ORDERED:**

1. Defendant Daniel Rigmaiden's motion for preservation and inventory of rough investigation notes relating to the aircard locating mission (Doc. 314) is **denied**.

2. Defendant Daniel Rigmaiden's motion for disclosure of evidence arguably subject to suppression (Doc. 321) is **denied**.

Excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(D) is found to commence on June 29, 2010 for a total of ___ days.

DATED this 26th day of August, 2010.

_____
David G. Campbell
United States District Judge