IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Daniel David Rigmaiden (1),<br><br>　　　　　　Defendant. | No. CR08-0814-PHX-DGC<br><br>**ORDER** |

　　　　Defendant has filed an *ex parte* motion seeking transfer into solitary confinement to facilitate his effective defense preparation, provided certain conditions can be satisfied. Doc. 445. The motion proposes a method for Defendant Rigmaiden to obtain full-time access to a laptop computer for reviewing discovery in this case, drafting motions, and preparing for hearings and trial. Because Defendant Rigmaiden is representing himself, the discovery is substantial, and the legal issues to be addressed are also substantial, the Court is willing to explore Defendant Rigmaiden's suggestion.

　　　　On **March 14, 2011 at 10:30 a.m.**, the Court will hold a hearing on the feasibility of Defendant's proposal. The Court will require **Harold Newton, Chief of Security at CCA, to appear and testify at the hearing.** Specifically, the Court requests that Mr. Newton be prepared to testify about the following requests from Defendant:

　　　　1.　　Defendant asks to be placed in administrative segregation in a single person cell (housed with no other people).

　　　　2.　　Defendant asks that he be permitted to possess the following items in his

cell:

    a. A laptop computer;

    b. Computer mouse;

    c. Data storage disks (CDs, DVDs, etc.);

    d. Two external portable hard drive cases containing hard drives and needed power cables;

    e. External CD/DVD/Blu-Ray Disk Reader/Writer, and the needed power cable; and

    f. Six-outlet power strip/surge protector.

3. Defendant also requests to possess the following defense preparation materials in his cell:

    a. Up to 15 law books necessary for his defense preparation;

    b. Pens and highlighters;

    c. Paper;

    d. Envelopes;

    e. Two file boxes of paper documents; and

    f. CD sleeves.

    g. These materials would be provided by the defense team and replenished from time to time.

4. Defendant would be permitted to retain these materials in his cell all of the time, except when CCA must remove items for security or safety purposes. Defendant would also be permitted to bring the laptop computer and other computer-related items to legal visits at CCA.

5. Defendant seeks to exchange computer-related items with members of his defense team during legal visits. He also seeks to utilize CCA mail services to send and receive data disks from the government, the Court, and his legal team.

6. Defendant has made other requests that the Court will address with Mr. Newton during the hearing.

1
2  This order is not being entered on an *ex parte* basis because it does not disclose
3  sensitive defense information. Counsel for the government may choose to appear at the
4  hearing, but may be excluded at times if discussion of sensitive defense strategies
5  becomes necessary.
6  The Court notes that Judge Bolton previously entered similar orders in *United*
7  *States v. Jenkins*, CR06-464. Although the defendants in that case ultimately elected not
8  to choose the administrative segregation option, Judge Bolton ordered CCA to provide it
9  upon their election after a hearing a representative of CCA testify.
10 Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on
11 2/9/2011 for a total of 22 days.
12 Dated this 2nd day of March, 2011.

David G. Campbell
United States District Judge