1 Daniel Rigmaiden
  Agency # 10966111
2 CCA-CADC
  PO Box 6300
3 Florence, AZ 85132
  Telephone: none
4 Email: none

5 Daniel David Rigmaiden
  Pro Se, Defendant

6

7                    UNITED STATES DISTRICT COURT

8                           DISTRICT OF ARIZONA

9

10  United States of America,            No. CR08-814-PHX-DGC

11        Plaintiff,                     MOTION FOR ADDITIONAL TIME TO
                                         RESPOND TO DOCKET NO. 465 OR IN
12  v.                                   THE ALTERNATIVE DISMISSAL OF
                                         INDICTMENT WITH PREJUDICE FOR
13  Daniel David Rigmaiden, et al.,      LACK OF CJA FUNDS

14        Defendant.

15

16        Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this

17 *Motion For Additional Time To Respond To Docket No. 465 Or In The Alternative Dismissal*

18 *Of Indictment With Prejudice For Lack Of CJA Funds*.  The Court's March 15, 2011 Order

19 states that the defendant "shall file a response to the government's recent memorandum (Doc.

20 465) on or before March 29, 2011." *Id.*, p. 1 (Dkt. #473).  The government's recent

21 memorandum, *Government's Memorandum Regarding Law Enforcement Privilege And*

22 *Request For An Ex Parte And In Camera Hearing If Necessary,* was on filed March 11, 2011.

23 Through this motion, the defendant is requesting that the Court extend the filing deadline for

24 his response to at least as late as April 4, 2011 or dismiss the indictment with prejudice

25 considering the CJA panel does not have funding to pay his court appointed defense.

26        During the February 10, 2011 status conference, the Court and the defendant held the

27 following colloquy:

28        THE COURT:  Mr. Rigmaiden, assuming you get that memo that's filed

- 1 -

> on March 11, what do you think? You know the issues we're talking about, but you'll obviously need to see it to respond. What do you think is the time you'll need to respond?
>
> THE DEFENDANT: Probably two weeks if I'm getting legal visits. Probably a lot quicker if other ex parte motions go through.
>
> THE COURT: All right. So we'll say March 25th for your response. I think we ought to do that briefing....
>
> *February 10, 2011 Status Conference, Partial Transcript of Proceedings*, [THE COURT and MR. RIGMAIDEN] at 16:35:37 – 16:36:05.

During the March 14, 2011 motions hearing, the government provided the defendant with its memorandum (Dkt. #465) and the Court extended the filing deadline for the defendant's response to roughly two weeks from that date—March 29, 2011. On February 10, 2011, when the defendant informed the Court that **if he gets legal visits** it would take him two weeks to complete a response, he had in mind five legal visits each week for the indicated two week period for a total of ten legal visits.

The defendant's laptop custodian, Michael Stovall, is not a rich man. Considering the CJA panel (Defender Services account) does not have funding to pay outstanding vouchers to court appointed defense team members (*see Memorandum RE: Defender Services Account has no money,* by James C. Duff at <u>EXHIBIT 01</u>), Mr. Stovall was forced to cease laptop visits with the defendant in order to paint a house for an immediate paycheck (*see Declaration RE: painting a house,* by Michael Stovall at <u>EXHIBIT 02</u>). By painting the house, Mr. Stovall was able to make money so that he could pay his living expenses. Laptop visits with Mr. Stovall only resumed on March 23, 2011—nine days after the defendant received the government's memorandum at Dkt. #465.

During that nine day period, the defendant diligently worked on his response via the extremely slow process of handwriting the content and doing manual searches through thousands of paper pages of defense work product and research. The defendant also spent considerable time conducting legal research on the CCA-CADC LexiaNexis law library book reader while copying cases down with a pen and paper by hand (due to budget constraints **CCA-CADC does not allow search results to be saved or printed**).

Due to Mr. Stovall painting a house, the defendant has had only three legal visits with the laptop since he received the government's memorandum at Dkt. #465. The nine day period of doing things manually without access to the laptop only shaved roughly one day's worth of work off of the defendant's original ten day laptop time estimate. In other words, the defendant works roughly ten times slower without a computer. The three laptop visits, plus the one laptop visit equivalent (from the nine days of non-computer work time), plus the two laptop visits that are left on March, 28 and 29, 2011, puts the defendant at a total of six laptop visits out of the estimate of ten by the March 29, 2011 deadline. In order to meet his original estimate of completion over a two week period, assuming ten laptop visits during that period, the defendant is requesting an extension of four business days to file his response so that he can receive the four lacking laptop visit days. Four business days after March 29, 2011 ends on April 4, 2011.

For the reasons stated above, the defendant respectfully requests that the Court grant the defendant an extension to at least as late as April 4, 2011, to file his response to the government's memorandum at Dkt. #465 or, in the alternative, dismiss the indictment with prejudice considering the defendant cannot meet the deadline solely because the government does not have money to pay his court appointed defense team (*see* EXHIBIT 01).

Due to the defendant's incarceration and *pro se* status, he was unable to contact any other parties to get their position on this request.

The defendant authorizes his shadow counsel, Philip Seplow, to file this motion on his behalf using the ECF system.

The defendant is appearing *pro se* and has never attended law school. The defendant's filings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *See* Haines v. Kerner, 404 U.S. 519, 520 (1972).

LRCrim 12.2(a) requires that the undersigned include the following statement in all motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion of of an order based thereon."

MOTION FOR ADDITIONAL TIME TO RESPOND TO DOCKET NO. 465 OR IN THE ALTERNATIVE DISMISSAL OF INDICTMENT WITH PREJUDICE FOR LACK OF CJA FUNDS
CR08-814-PHX-DGC

1  Respectfully Submitted:

PHILP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Defendant:

s/ Philip Seplow
Philip Seplow
Shadow Counsel for Defendant.

9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

*MOTION FOR ADDITIONAL TIME TO RESPOND TO DOCKET NO. 465 OR IN THE ALTERNATIVE DISMISSAL OF INDICTMENT WITH PREJUDICE FOR LACK OF CJA FUNDS*
*CR08-814-PHX-DGC*

**CERTIFICATE OF SERVICE**

I hereby certify that on: _____ I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorize agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

*MOTION FOR ADDITIONAL TIME TO RESPOND TO DOCKET NO. 465 OR IN THE ALTERNATIVE DISMISSAL OF INDICTMENT WITH PREJUDICE FOR LACK OF CJA FUNDS*
*CR08-814-PHX-DGC*