```
 1 | Daniel Rigmaiden
   | Agency # 10966111
 2 | CCA-CADC
   | PO Box 6300
 3 | Florence, AZ 85132
   | Telephone: none
 4 | Email: none
   |
 5 | Daniel David Rigmaiden
   | Pro Se, Defendant
 6 |
```

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | ) No. CR08-814-PHX-DGC |
|---|---|
| Plaintiff, | ) MOTION TO STRIKE SECTIONS |
| v. | ) OF GOVERNMENT MEMO AT |
| Daniel David Rigmaiden, et al., | ) DKT. #465 |
| Defendant. | ) |

Pursuant to LRCiv 7.2(m)(1), when referenced through LRCrim 12.1, defendant Daniel David Rigmaiden, appearing pro se, respectfully requests that the Court strike sections of the "Government's Memorandum Regarding Law Enforcement Privilege And Request For An Ex Parte And In Camera Hearing If Necessary" (Dkt. #465) considering the government is using its memorandum to argue discovery and Fourth Amendment issues that are completely irrelevant to the Court's intended purpose of having the parties brief the issue of governmental privileges. The sections of the government's memorandum that the defendant seeks to have striken are sections II(D), p. 14, ln. 10-23; II(D)(1); II(D)(1)(a); II(D)(1)(b); II(D)(1)(c); II(D)(1)(d); II(D)(2); II(D)(3); and III. The issue the Court intended the government to address was clear and it was not whether the defendant has a need for the

1

withheld evidence or whether the defendant will prevail on Fourth Amendment arguments. The government is using its memorandum to respond to a nonexistent motion for discovery and a nonexistent motion to suppress. The government's tactic is prejudicing the Court against the defendant's planned defense considering he is unable to respond to these issues in his response memorandum. This argument is fully developed in the defendant's "Response To Government's Memorandum Regarding Law Enforcement Privilege And Request For An Ex Parte And In Camera Hearing If Necessary," signed by the defendant April 5, 2011 (see Section III(C)), hereby incorporated by reference.

    LRCiv 7.2(m)(1), when referenced through LRCrim 12.1, states that "a motion to strike may be filed only... if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." Id. The Minute Entry for the proceedings held on February 10, 2011 (Dkt. #447) states "[t]he Government shall file a memorandum as stated on the record not later than 3/11/2011..." Id. The noted record indicates that the government was required to brief the issue of governmental privileges. Most specifically, the government was required to answer the following questions: (1) when is it appropriate for the Court to hold an ex parte, in camera hearing to address the government's desire to withhold evidence based on a claim of privilege, (2) if the Court finds that the withheld evidence is privileged then how does the Court balance the government's need for confidentiality against the defendant's need for disclosure, and (3) if the defendant's arguments involve facts relating to the privileged evidence then how does the government

1 rebut those arguments without placing the privileged evidence on the
2 record? See the defendant's response memorandum, signed by the
3 defendant April 5, 2011 (See Section II (C)), hereby incorporated
4 by reference.
5     Although the government made an attempt to address the
6 Court's questions, it used the bulk of its memorandum at Dkt. #465
7 as a "red herring" intended to direct attention away from the
8 true issue. The government's conclusion in its memorandum makes
9 this clear with the statement reading, "[a]ccordingly, defendant's
10 request for the subject information should be denied[,]" while the
11 defendant is yet to make a motion to the Court for disclosure of
12 the evidence currently being withheld based on a claim of privilege.
13 See the government's memorandum at Dkt. #465, Section III, p. 26.
14 The defendant respectfully requests that the responsible sections of
15 Dkt. #465 be striken from the record accordingly.
16     LRCrim 12.2(a) requires that the undersigned include the
17 following statement in all motions: "Excludable delay under 18 U.S.C.
18 § 3161 (h)(1)(D) will occur as a result of this motion or of an
19 order based thereon."
20     Respectfully submitted: April 11, 2011.
21
22     Daniel David Rigmaiden
    Pro Se Defendant
23
24     *Daniel Rigmaiden*
    Daniel Rigmaiden
25 ///
26 ///
27 ///

3

# CERTIFICATE OF SERVICE

I hereby certify that on _____ I caused the attached document to be electronically transmitted to the Clerk's office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
AUSA
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
AUSA
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
AUSA
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: _____
Authorized agent of Philip A. Seplow, Shadow Counsel for defendant.

4