Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR08-814-PHX-DGC |
| Plaintiff, | REQUEST FOR JUDICIAL NOTICE OF FACTS RELEVANT TO THE ISSUE OF GOVERNMENTAL PRIVILEGES |
| v. | |
| Daniel David Rigmaiden, et al., | |
| Defendant. | |

Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this *Request For Judicial Notice Of Facts Relevant To The Issue Of Governmental Privileges*. Through this motion, and pursuant to Fed. R. Evid. 201, the defendant respectfully requests that the Court take judicial notice of certain facts contained in the February 24, 2009 *Daubert* hearing transcripts for United States v. Allums, No. 2:08-CR-30 TS, District of Utah (Dkt. #128) (hereafter "Transcripts"). The defendant requests that the Court take note of certain facts contained in the *Allums Transcripts* while deciding whether evidence relating to the government locating the aircard using the Harris StingRay and related equipment meets the legal definition of privileged, secret, or classified. For background information, s*ee* the defendant's *Response To Government's Memorandum Regarding Law Enforcement Privilege And Request For An Ex Parte And In Camera Hearing If Necessary* (Dkt. #484 (lodged)), hereby incorporated into this filing by reference pursuant to LRciv 7.1(d)(2) *when referenced through* LRCrim 12.1.

REQUEST FOR JUDICIAL NOTICE OF FACTS RELEVANT TO THE ISSUE OF GOVERNMENTAL PRIVILEGES
CR08-814-PHX-DGC

1   Although the defendant is yet to file his motion requesting disclosure of the relevant

2   and helpful evidence currently being withheld based on a claim of privilege, it should be

3   noted that, in general terms, some of the evidence that will be addressed in said motion

4   includes (1) the make and model of the equipment used to locate the aircard, (2) the

5   identities of the agents/personnel who operated the equipment used to locate the aircard, (3)

6   the locations of where said equipment was operated, and (4) the aircard location data that

7   was logged by the StingRay and other equipment.  The defendant is requesting that the Court

8   take judicial notice of the *Allums Transcripts* considering they show that while the

9   government was prosecuting Allums, the prosecutor released to the defense and to the public

10  at least four of the categories of evidence being withheld in the present case.

11  Federal Rule of Evidence 201 authorizes the Court to take judicial notice of facts that

12  are "not subject to reasonable dispute in that" they are "capable of accurate and ready

13  determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed.

14  R. Evid. 201(b).  It is acceptable for courts to take judicial notice of proceedings in other

15  courts.  U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248

16  (9th Cir. 1992) (citing St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169 (10th Cir. 1979)

17  ("[W]e 'may take notice of proceedings in other courts, both within and without the federal

18  judicial system, if those proceedings have a direct relation to matters at issue.'")).

19  Specifically, the defendant requests that the Court take judicial notice of the following

20  facts contained in the *Allums Transcripts*:

21      1.      William D. Shute, special agent with the FBI, was sworn in and testified at an

22  open *Daubert* hearing in a courtroom where any member of the public could have observed

23  Agent Shute's physical appearance.  *See Transcripts*, p. 7, ln. 8-10.

24      2.      Agent Shute testified that he has expertise in cell phone technology, plotting

25  cell towers, and tracking the movements people make when they are making phone calls.

26  *See Transcripts*, p. 8, ln. 1-3.

27      3.      Agent Shute testified that he had training from Harris Corporation in

28  Melbourne, Florida, and explained that Harris is an engineering development company that

*REQUEST FOR JUDICIAL NOTICE OF FACTS RELEVANT TO THE ISSUE OF GOVERNMENTAL PRIVILEGES*
*CR08-814-PHX-DGC*

1  produces various products for analyzing cellular telephones and measuring radio frequency.

2  *See Transcripts*, p. 9, ln. 2-6.

3       4.     Agent Shute testified that he has used his training over 300 times and that FBI

4  Headquarters informed him that statistical accomplishments claimed by the people he has

5  trained is over 500.  In addition, Agent Shute testified that he has trained detectives at a

6  county government level on locating cell phones.  *See Transcripts*, p. 16, ln. 12-20.

7       5.     Agent Shute testified that he has been an expert witness in cell site historical

8  analysis eight times.  *See Transcripts*, p. 19, ln. 23-25;  p. 20. ln. 1-2.

9       6.     Agent Shute testified that the make and model of the radio frequency

10  measuring gear he used to do base station surveys to determine Allums' location was the

11  StingRay from Harris Corporation.  *See Transcripts*, p. 31, ln. 19-25;  p. 32 ln. 1-7.

12       7.     Agent Shute testified that he conducted base station surveys at specific

13  locations including Kmart, Home Savings Bank, and another bank (these were robbery

14  locations and the addresses were known to the parties involved in the case).  *See Transcripts*,

15  p. 34, ln. 11-25;  p. 35 ln. 1-7.

16       8.     The government admitted into evidence various documents (shown on slides

17  during the hearing and explained by Agent Shute) representing Allums' cell phone location

18  data obtained via call detail records, a test phone, and the StingRay.  *See Transcripts*, p. 36-

19  40.

20                                    * * * * *

21       Fed. R. Evid. 201(d) states that a court "shall take judicial notice if requested by a

22  party and supplied with the necessary information."  *Id.*  The defendant has provided the

23  necessary information, *i.e.*, the *Daubert* hearing *Transcripts* at Dkt. #128 of the *Allums* case,

24  attached to this motion as EXHIBIT 01.

25       This motion was drafted and prepared by the *pro se* defendant and he authorizes his

26  shadow counsel, Philip Seplow, to file this motion on his behalf using the ECF system.

27       Based on the points and authorities set forth herein, the defendant respectfully

28  requests that this motion be granted.

LRCrim 12.2(a) requires that the undersigned include the following statement in all motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or of an order based thereon."

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1    Respectfully Submitted:

2

3                                                    PHILP SEPLOW, Shadow Counsel, on
                                                     behalf of DANIEL DAVID RIGMAIDEN,
4                                                    Pro Se Defendant:

5

6                                                    s/ Philip Seplow
                                                     _____
                                                     Philip Seplow
7                                                    Shadow Counsel for Defendant.

8

9    ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

*REQUEST FOR JUDICIAL NOTICE OF FACTS RELEVANT TO THE ISSUE OF GOVERNMENTAL PRIVILEGES*
*CR08-814-PHX-DGC*

**CERTIFICATE OF SERVICE**

I hereby certify that on:                    I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorize agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))