UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden, et al.,<br><br>        Defendant. | No. CR08-814-PHX-DGC<br><br>ORDER GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OF FACTS RELEVANT TO THE ISSUE OF GOVERNMENTAL PRIVILEGES |

Pursuant to the defendant's *Request For Judicial Notice Of Facts Relevant To The Issue Of Governmental Privileges*, Fed. R. Evid. 201(b) and (d), and good cause being shown:

THE COURT HEREBY TAKES JUDICIAL NOTICE of the following facts contained in the February 24, 2009 *Daubert* hearing transcripts for <u>United States v. Allums</u>, No. 2:08-CR-30 TS, District of Utah (Dkt. #128) (hereafter "Transcripts"):

1. William D. Shute, special agent with the FBI, was sworn in and testified at an open *Daubert* hearing in a courtroom where any member of the public could have observed Agent Shute's physical appearance. *See Transcripts*, p. 7, ln. 8-10.

2. Agent Shute testified that he has expertise in cell phone technology, plotting cell towers, and tracking the movements people make when they are making phone calls. *See Transcripts*, p. 8, ln. 1-3.

3. Agent Shute testified that he had training from Harris Corporation in

1  Melbourne, Florida, and explained that Harris is an engineering development company that
2  produces various products for analyzing cellular telephones and measuring radio frequency.
3  *See Transcripts*, p. 9, ln. 2-6.

4    4.    Agent Shute testified that he has used his training over 300 times and that FBI
5  Headquarters informed him that statistical accomplishments claimed by the people he has
6  trained is over 500.  In addition, Agent Shute testified that he has trained detectives at a
7  county government level on locating cell phones.  *See Transcripts*, p. 16, ln. 12-20.

8    5.    Agent Shute testified that he has been an expert witness in cell site historical
9  analysis eight times.  *See Transcripts*, p. 19, ln. 23-25;  p. 20. ln. 1-2.

10    6.    Agent Shute testified that the make and model of the radio frequency
11  measuring gear he used to do base station surveys to determine Allums' location was the
12  StingRay from Harris Corporation.  *See Transcripts*, p. 31, ln. 19-25;  p. 32 ln. 1-7.

13    7.    Agent Shute testified that he conducted base station surveys at specific
14  locations including Kmart, Home Savings Bank, and another bank (these were robbery
15  locations and the addresses were known to the parties involved in the case).  *See Transcripts*,
16  p. 34, ln. 11-25;  p. 35 ln. 1-7.

17    8.    The government admitted into evidence various documents (shown on slides
18  during the hearing and explained by Agent Shute) representing Allums' cell phone location
19  data obtained via call detail records, a test phone, and the StingRay.  *See Transcripts*, p. 36-
20  40.

21    THE COURT HEREBY FINDS that the *Allums Transcripts* have a direct relation to
22  the issue of the government withholding evidence from the defendant in the present case
23  based on a claim of governmental privileges.  The *Allums Transcripts* show that while the
24  government was prosecuting Allums, the prosecutor released to the defense and to the public
25  at least four of the categories of evidence being withheld in the present case: (1) the make
26  and model of the equipment used to locate the wireless device, (2) the identities of the
27  agents/personnel who operated the equipment used to locate the wireless device, (3) the
28  locations of where said equipment was operated, and (4) the wireless device location data

1 | that was logged by said equipment.
2 |     Excludable delay under 18 U.S.C. § 3161(h)_____ is found to commence on the
3 | \_\_\_\_ day of _____, 20\_\_\_\_, for a total of \_\_\_\_ days.
4 |
5 |     DATED this \_\_\_\_ day of _____, 20\_\_\_\_.
6 |
7 |                             \*\*\*End Proposed Order\*\*\*
8 | **[This proposed order was originally created as a .odt file using Sun Microsystems**
9 | **OpenOffice.org v. 3.0.1 (the only office software available to the defendant) and**
10 | **was automatically converted into Microsoft Office 97/2000/XP .doc format so**
11 | **that digital copies could be provided to the Court in compliance with ECF Proc.**
12 | **II(G)(1)(c) or for convenience purposes while in compliance with ECF Proc. II(J).**
13 | **While all text content is identical, the converted .doc file may have lost some**
14 | **formatting when compared to the PDF version created from the original .odt**
15 | **file.]**
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |