THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE 5.4
(Rule Number/Section)

Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, Plaintiff, v. Daniel David Rigmaiden, et al., Defendant. | No. CR08-814-PHX-DGC<br><br>MOTION TO CONTINUE JULY 8, 2011 FILING DEADLINE FOR MOTION TO COMPEL DISCLOSURE OF EVIDENCE |

DEFENDANT DANIEL DAVID RIGMAIDEN, appearing pro se, respectfully requests that the Court extend the July 8, 2011 filing deadline set by Dkt. #546. The defendant cannot meet the deadline due to reasons out of his control and is requesting a 14 day extension of all filing deadlines and the scheduled hearing. Such an extension will benefit all parties involved. In support of this request, the defendant sets forth the following reasons:

1) The defendant initially asked for 3 months and the Court ordered a 2 month time frame for the defendant to write his motion and file it. When the filing deadline was discussed in court, the defendant assumed that he would gain access to the laptop at CCA-CADC within a few days, i.e., May 8-9, 2011. However, the defendant did not gain access to the laptop until June 13, 2011. Furthermore, the 8:00am to 6:00pm daily access time discussed

1

at the hearing with Chief of Security at CCA-CADC, Harold Newton, was changed by CCA-CADC to 5 days a week 8:00am to whatever time the last attorney at CCA-CADC finishes his visits. On average this amounts to the defendant arriving at the visitation room at 8:15am and leaving at 4:15pm. The defendant had anticipated 10 hour work days with the laptop, six days a week, for 53 days from May 8-9, 2011 to July 8, 2011. The defendant is now only being given 8 hour work days, 5 days a week, and only has/had 23 days from June 13, 2011 to July 8, 2011. The defendant was/is provided with 346 hours _less_ to prepare his motion than what he reasonably anticipated would be provided based off of discussions during the May 5, 2011 hearing. Through this motion, the defendant is asking for a mere 80 additional hours which still leaves him 266 hours of preparation time _short_ of what he reasonably anticipated.

2) The defendant had his draft version of his 55 proposed stipulations finished on June 27, 2011, however none of the defendant's defense members were willing to pick up the PDF document from the defendant at CCA-CADC until July 1, 2011. The defendant originally asked to be able to burn CDs and mail them to the government in order to facilitate a speedy resolution of the case but somewhere along the line, the defendant's request was disregarded. The defendant is not permitted to burn CDs and mail them to the government. Granting the 14 day extension will allow the government time to informally address the proposed

2

stipulations prior to the defendant finalizing and filing his motion to compel. By informally addressing the stipulations, the government and the defendant may be able to narrow the issues and minimize the use of court time and resources.

3) The Court approved funding for the defense to purchase PDF authoring software that would speed up defense preparation significantly. The defendant's defense members refuse to purchase the software because they claim they will not be reimbursed for three or more months. The defendant has been using inadequate PDF authoring software and freeware programs causing great delays in the preparation of his motion.

4) The defendant's mobile telecommunications expert is too busy to assist the defendant and this forces the defendant to spend at least 2 hours a day on average (while using the laptop) trying to understand highly complex technical material regarding cellular networks so that he can find answers to the questions that his expert is too busy to address (due to being in high demand and having to testify in different location around the country on a regular basis. The technical material relating to cellular networks, for the most part, amounts to gibberish to the defendant and to other members of the defense.

5) There is recent discovery that relates to the aircard locating mission that the defendant needs brought to him at CCA-CADC. No defense members are willing to bring the defendant his discovery CDs and the defendant assumes that it has something to do with the CJA not paying outstanding vouchers

3

in a timely manner or whatever excuses relating to money they may have, such as, there isn't any. Granting the 14 day extension will provide the defendant time to repeatedly request that people bring him his discovery CDs ~~████████████~~ ~~████████████████████████~~ ~~████████████~~ resulting in the defendant receiving his CDs.

No service on any other parties due to non existent legal copy service at CCA-CADC. The defendant respectfully requests that the Court serve copies of this motion on all parties via the ECF system.

The defendant respectfully requests a 14 day extension of the July 8, 2011 deadline, etc., and that this motion be granted.

Respectfully Submitted
July 4, 2011
*Daniel Rigmaiden*
DANIEL RIGMAIDEN

4

Respectfully Submitted: _____
DANIEL DAVID RIGMAIDEN
Pro Se, Defendant

_____
Daniel D. Rigmaiden
Defendant

## CERTIFICATE OF SERVICE

I, Daniel David Rigmaiden, certify under penalty of perjury under the laws of the United States of America (see 28 U.S.C. § 1746; 18 U.S.C. § 1621) that on July 4, 2011 at approximately 10:00 pm I caused the following to be placed into the CCA-CADC mailing system for United States Postal Service delivery with first-class postage prepaid by CCA-CADC:

Original attached document plus 0 copy(s) addressed to:

Clerk, United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington St., SPC 1
Phoenix, AZ 85003

One copy each of original document addressed to:

_____
_____
_____
_____
_____
_____
_____

By: _____

5