Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>       Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden, et al.,<br><br>       Defendant. | No. CR08-814-PHX-DGC<br><br>MOTION FOR LEAVE TO FILE NON-STANDARD MOTION FOR DISCOVERY |

Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this *Motion For Leave To File Non-Standard Discovery Motion* with respect to his *Motion For Disclosure Of All Relevant And Helpful Evidence Withheld By The Government Based On A Claim Of Privilege* (hereafter "Motion For Discovery").

The defendant is requesting leave to file the above noted *Motion For Discovery* as follows:

1.     The defendant requests that the Court permit him to file a brief that is over the allowable page limit. LRCiv 7.2(e)(1) states:

> "Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, each shall not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts." *Id*.

The combined length of the defendant's *Motion For Discovery* (motion + memorandum) totals 118 pages with 57 pages of attachments. The procedural history and factual statement

- 1 -

1  (*i.e.*, the facts) is approximately 29 pages long.  As indicated in LRCiv 7.2(e)(1), attachments
2  and any required statement of facts are not included when calculating page counts.  The
3  defendant's brief is therefore effectively 72 pages[1] over the allowable 17 page limit.  The
4  defendant needed to use more words than usual in order to effectively explain how his due
5  process rights are being violated by the government.  The government is withholding
6  evidence relating to very complex technology and the complexity makes it very difficult to
7  explain how the evidence is relevant and helpful to the defense.  Additionally, the majority of
8  the Fourth Amendment issues involved in this case have never been precisely addressed by
9  any court prior to this one.  The defendant needed the extra 70 pages in order to adequately
10 and effectively explain his position.

11       For the reasons stated above, the defendant respectfully requests that the Court grant
12 the defendant's request for leave to file his non-standard *Motion For Discovery*.

13       Due to the defendant's incarceration and *pro se* status, he was unable to contact any
14 other parties to get their position on this request.  This motion and all attachments were
15 drafted and prepared by the *pro se* defendant, however, he authorizes his shadow counsel,
16 Philip Seplow, to file this motion and all attachments on his behalf using the ECF system.
17 The defendant is appearing *pro se* and has never attended law school.  The defendant's
18 filings, however inartfully pleaded, must be liberally construed and held to less stringent
19 standards than formal pleadings drafted by lawyers.  *See* Haines v. Kerner, 404 U.S. 519, 520
20 (1972).

21       LRCrim 12.2(a) requires that the undersigned include the following statement in all
22 motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this
23 motion of of an order based thereon."

24 ///
25 ///
26 ///
27 ///

---

28  1.     Eleven of those pages make up the table of contents and table of cases.

1  Respectfully Submitted:

2

3                      PHILP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN,

4                      Pro Se Defendant:

5

6                      s/ Philip Seplow
                       Philip Seplow

7                      Shadow Counsel for Defendant.

8

9  ///

10 ///

11 ///

12 ///

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

*MOTION FOR LEAVE TO FILE NON-STANDARD MOTION FOR DISCOVERY*
*CR08-814-PHX-DGC*

**CERTIFICATE OF SERVICE**

I hereby certify that on: _____ I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

*MOTION FOR LEAVE TO FILE NON-STANDARD MOTION FOR DISCOVERY*
*CR08-814-PHX-DGC*