<u>**SUBMISSION PURSUANT TO LRCiv 37.1**</u>

**MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE**

LRCiv 37.1, *referenced through* LRCiv 7.2(k) *when referenced through* LRCrim 12.1, requires the defendant to include with the accompanying discovery motion three separate, distinct, numbered paragraphs addressing the following:

(1) the question propounded, the interrogatory submitted, the designation requested or the inspection requested;

(2) the answer, designation or response received; and

(3) the reason(s) why said answer, designation or response is deficient.

LRCiv 37.1(a) et seq.

The memorandum accompanying this document addresses many different categories of withheld evidence relating to the series of documents described below.  Due to the complexity of the discovery process leading to this filing, each category of withheld evidence will have its own three separate, distinct, and numbered subsections (as apposed to paragraphs) addressing the three topics listed in LRCiv 37.1.  *See* Section I, *infra*.

The following paragraphs provide background information on the various documents relating to unresolved discovery requests:

1. On February 18, 2010, the defendant mailed the government a draft copy of his *Motion To Compel The Government To disclose All Discovery That May Be Relevant And Material To Defendant's Motion To Suppress The Aircard Location Evidence* (hereafter "First Motion For Discovery RE: Motion To Suppress").  The defendant's *First Motion For Discovery RE: Motion To Suppress* was later filed with the Court (Dkt. #251) on March 2, 2010.

2. On April 16, 2010, the government filed a response to the defendant's *First Motion For Discovery RE: Motion To Suppress* (Dkt. #300).

3. On May 28, 2010, the defendant provided the government with a draft version of his *Omnibus Reply To Government's Response To Defendant's Two Most Recent Motions*

*SUBMISSION PURSUANT TO LRCrv 57.1*
*MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE*
*WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE*
*CR08-814-PHX-DGC*

*For Discovery RE: Motions To Suppress* (not filed with the Court) (hereafter "Unfiled Omnibus Reply") wherein he replied to the government's response at Dkt. #300.

4.      Via letter postmarked June 18, 2010, the government provided the defendant with its response to his *Unfiled Omnibus Reply.*  The defendant received this response on June 23, 2010.

5.      Via letter dated July 20, 2010, the defendant requested additional discovery from the government.

6.      Via letter dated September 8, 2010, the government provided the defendant with additional responses to various past discovery requests.

7.      Via an emailed PDF document dated December 3, 2010, the defendant requested additional discovery from the government.

8.      Via letter dated January 28, 2011, the government provided the defendant with its response to his December 3, 2010 discovery request.

9.      Via an emailed PDF document dated March 9, 2011, the defendant requested additional discovery from the government.

10.      Via letter dated May 2, 2011, the government provided the defendant with its first partial response to his March 9, 2011 discovery request.

11.      Via letter dated May 2, 2011, the defendant requested additional discovery from the government.

12.      Via letter dated May 25, 2011, the defendant requested additional discovery from the government.

13.      Via letter dated June 7, 2011, the government provided the defendant with its response to his May 2, 2011 discovery request.

14.      Via letter dated June 7, 2011, the government provided the defendant with its second partial response to his May 25, 2011 discovery request.

15.      Via an emailed PDF document dated June 23, 2011, the defendant requested additional discovery from the government.

16.      Via letter dated June 28, 2011, the government provided the defendant with its

response to his June 23, 2011 discovery request.

17.   Via letter dated June 29, 2011, the government provided the defendant with its second partial response to his May 2, 2011 discovery request.

## I.   CATEGORIES OF WITHHELD EVIDENCE

### A.   All evidence relating to the identities and roles of the witnesses to the mission to search for and locate the aircard.

#### 1.   The question propounded, the interrogatory submitted, the designation requested or the inspection requested.

On February 18, 2010, via his *First Motion For Discovery RE: Motion To Suppress* (Dkt. #251), the defendant requested that the government disclose the following evidence:

> The defendant requests all discovery regarding the names, positions and contact information of all government investigators and employees that partook in or assisted in the investigation to locate the aircard associated with Verizon Wireless account number 270691733.  This request includes information regarding what each government investigator or employee did to partake in or assist in the investigation to locate the aircard.  This requests includes information regarding what court order or other authority authorized the actions of each government investigator and employee.

*Id.*, p. 11 (Dkt. #251).

On May 28, 2010, via his *Unfiled Omnibus Reply*, the defendant reiterated the same discovery request quoted above. *Id.*, p. 69.

#### 2.   The answer, designation or response received.

On April 20, 2010, the defendant received the government's response (Dkt. #300) to his *First Motion For Discovery RE: Motion To Suppress* wherein the government responded to the defendant's February 18, 2010 discovery request with the following:

> For security reasons, the United States does not disclose contact information for investigators or identifying information for tech agents and other support personnel.  In addition, the information defendant seeks also relates to sensitive investigative techniques that are privileged.  See Paragraph G, supra.  Outside of the tech agents, the identity of the primary case agents and their roles in the subject investigation is documented throughout the case discovery that has been released to defendant.

*Id.*, p. 16 (Dkt. #300).

Via letter dated September 8, 2010, the government provided the defendant with

SUBMISSION PURSUANT TO LRCiv 3.7.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

additional responses to various past discovery requests wherein the government responded to

the defendant's May 28, 2010 discovery request with the following:

> [W]e believe that the identity of everyone has been disclosed except... the personnel who operated the equipment used to locate the subject aircard.… At this time, the government does not intend to identify the additional personnel who operated the equipment.

> *Id.*, p. 4.

### 3. The reason(s) why said answer, designation or response is deficient.

The government's response/disclosure is deficient considering the government is

withholding the identities and roles of the technical agents/personnel who participated in the

mission to search for and locate the aircard.  The defendant needs the requested evidence for

the reasons stated in the accompanying motion and memorandum.

### B. Unredacted order applications and attachments relating to the N.D.Cal. 08-90330MISC-RS and 08-90331MISC-RS orders obtained to facilitate locating the aircard.

#### 1. The question propounded, the interrogatory submitted, the designation requested or the inspection requested.

On February 18, 2010, via his *First Motion For Discovery RE: Motion To Suppress*

(Dkt. #251), the defendant requested that the government disclose the following evidence:

> The defendant requests unredacted copies of all warrants/warrant applications, court orders/order applications, subpoenas, etc.--and the resulting returns or other information--served on Verizon Wireless, or others, in regards to Verizon Wireless account number 270691733 and the aircard associated with that account.  This is to include all requests for preservation of records issued pursuant to 18 U.S.C. 2703(f).

> *Id.*, p. 2 (Dkt. #251).

On May 28, 2010, via his *Unfiled Omnibus Reply*, the defendant requested that the

government disclose the following evidence:

> **(1)** an unredacted copy of the N.D.Cal. 08-90330MISC-RS order application; **(2)** an unredacted copy of "EXHIBIT A" of the N.D.Cal. 08-90330MISC-RS order application; **(3)** an unredacted copy of "EXHIBIT A" of the N.D.Cal. 08-90331MISC-RS order application; ...

SUBMISSION PURSUANT TO LRCiv 37.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

SUBMISSION PURSUANT TO LRCiv 37.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

*Id.*, p. 38-39.

## 2.   The answer, designation or response received.

On April 20, 2010, the defendant received the government's response (Dkt. #300) to his *First Motion For Discovery RE: Motion To Suppress* wherein the government responded to the defendant's February 18, 2010 discovery request with the following:

> By way of general information with respect to the case discovery previously released to defendant, the government has sought to redact as few items as possible.  The vast majority of redacted materials relates to one or more of the following categories of information: ... and/or (5) sensitive law enforcement investigative techniques....

*Id.*, p. 1-2 (Dkt. #300).

Via letter postmarked June 18, 2010, the government provided the defendant with its response to his *Unfiled Omnibus Reply* wherein the government responded to the defendant's May 28, 2010 discovery request with the following:

> With respect to the redactions in the documents related to Court Orders Numbered 08-90330 MISC RS and 08-90331 MISC RS..., the redacted materials do not relate to [the installation of a hardware and/or software based mobile tracking device on the aircard, in the aircard, or to the aircard.]

*Id.*, p. 4.

Via letter dated September 8, 2010, the government provided the defendant with additional responses to various past discovery requests wherein the government responded to the defendant's May 28, 2010 discovery request with the following:

> With respect to your request regarding information contained in the Applications and Court Orders for CR-08-90330 and CR-08-90331,... [a]t this juncture, we do not intend to disclose any additional information relating to the redacted sections of the materials.

*Id.*, p. 4.

## 3.   The reason(s) why said answer, designation or response is deficient.

The government's response/disclosure is deficient considering the requested unredacted documents are being withheld.  The defendant needs the requested evidence for the reasons stated in the accompanying motion and memorandum.

SUBMISSION PURSUANT TO LRCiv 37.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

**C.** **All response materials, returns, and seized/collected evidence relating to the N.D.Cal. 08-90330MISC-RS order obtained to facilitate locating the aircard, *e.g.*, real-time location data.**

**1.** **The question propounded, the interrogatory submitted, the designation requested or the inspection requested.**

On February 18, 2010, via his *First Motion For Discovery RE: Motion To Suppress* (Dkt. #251), the defendant requested that the government disclose the following evidence:

> The defendant requests all discovery regarding the aircard location data (cell site information, aircard radio wave information, etc.) that was ordered expunged by N.D.Cal. order 08-90330MISC. The defendant further requests that the government provide the defendant with the expunged aircard locating data itself.

*Id.*, p. 5 (Dkt. #251).

On May 28, 2010, via his *Unfiled Omnibus Reply*, the defendant requested that the government disclose the following evidence:

> ... **(5)** the exact categories (e.g., signal strength, ping time, direction, longitude, latitude, etc.) of "real time location information" (in any form, relating specifically to cell sites or otherwise) that was (a) seized/obtained from Verizon Wireless through the N.D.Cal. 08-90330MISC-RS order, or (b) obtained through some other means; **(6)** the information/data content (not to be confused with the "content of a communication") contained in the categories asked for in No. 5 above; **(7)** exactly what court order or other authority was used to authorize obtaining/using the information/data referred to in No. 6 above; (8) exactly how the information/data referred to in No. 6 above was used by the government to assist in locating the aircard; Regardless of whether the government determines the information pertains to location, the defendant needs all aircard real time cell site information and all aircard real time information (in any form and not only relating specifically to cell sites) pertaining to the government's mission to locate the aircard and obtained by the government prior to August 4, 2008;

*Id.*, p. 35-36.

Via letter dated May 2, 2011, the defendant requested that the government disclose the following evidence:

> The defense needs all forward and reverse link CDMA encryption/decryption keys and signal spreading codes relating to signals sent between the aircard and Verizon Wireless cell sites to facilitate aircard service. This request pertains to keys and codes obtained either directly from Verizon Wireless or obtained by passively eavesdropping over the air signals using the

government's own wireless device locators.  These are the keys and codes required to decrypt/decode a signal in order to determine the signal origin and content of signal data frames.

*Id.*, p. 4-5.

## 2.   The answer, designation or response received.

On April 20, 2010, the defendant received the government's response (Dkt. #300) to his *First Motion For Discovery RE: Motion To Suppress* wherein the government responded to the defendant's February 18, 2010 discovery request with the following:

The government has sought to disclose to defendant all available information with respect to all data received via subpoena or court order.  In particular, the requested information has been provided as follows:

| Bate/Date | Description of Discovery Reflected in Bate Stamped or Dated Material |
|---|---|
| ... | |
| 9/11/2009 | Disc with files relating to Orders in CR-08-90330-MISC-RS and CR08-90331-MISC-RS |

*Id.*, p. 3-4 (Dkt. #300).

The data [obtained via the N.D.Cal. 08-90330MISC-RS court order] has been expunged in accordance with the order in 08-90330MISC.

*Id.*, p. 8 (Dkt. #300).

Via letter postmarked June 18, 2010, the government provided the defendant with its response to his *Unfiled Omnibus Reply* wherein the government responded to the defendant's May 28, 2010 discovery request with the following:

With respect to all materials obtained by the government pursuant to Orders Numbered 08-90330 MISC RS and 08-90331 MISC RS, the government was incorrect when it previously stated in a pleading that the disc provided on 9/11/09 contained files for Order No. 08-90330 MISC RS.  All of the information obtained pursuant to that Order was expunged pursuant to Court Order.  All materials derived from Order No. 08-90331 MISC RS have been disclosed to you as previously noted in prior pleadings and discovery.

*Id.*, p. 3.

Via letter dated June 7, 2011, the government provided the defendant with additional discovery responses wherein the government responded to the defendant's May 2, 2011 discovery request with the following:

SUBMISSION PURSUANT TO LRCiv 37.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

Response – This information is considered law enforcement sensitive.

*Id.*, p. 2.

> **3.    The reason(s) why said answer, designation or response is deficient.**

The government's response/disclosure is deficient considering the government has not provided the defendant with the requested aircard location data and forward and reverse link keys and codes obtained under the perceived authority of the N.D.Cal. 08-90330MISC-RS order.  The defendant needs the requested evidence for the reasons stated in the accompanying motion and memorandum.

> **D.    All evidence relating to the real-time and historical geolocation techniques (*e.g.*, triangulation techniques) and radio wave collection methods (*e.g.*, cell site emulation, interrogation, active approach) used by the government agents/personnel and by the wireless device locators while searching for the aircard.**

> **1.    The question propounded, the interrogatory submitted, the designation requested or the inspection requested.**

On February 18, 2010, via his *First Motion For Discovery RE: Motion To Suppress* (Dkt. #251), the defendant requested that the government disclose the following evidence:

> The defendant requests all discovery regarding the use of real time location techniques and historical location techniques, and all resulting data, used to locate the aircard associated with Verizon Wireless account number 270691733.  This request pertains to all real time locating techniques and historical locating techniques used on July 16, 2008 and on any other date.

*Id.*, p. 6 (Dkt. #251).

> The defendant requests all discovery regarding the government causing the aircard associated with Verizon Wireless account number 270691733 to operate or function out of the scope of its normal course of operation and/or out of the scope of the normal course of business for the Verizon Wireless mobile telecommunications network.  This request[] includes but is not limited to:

> 1) Information regarding radio signals and data transmitted to the aircard that would not have otherwise been transmitted if the government had not been attempting to locate the aircard.

> 2) Information regarding connections made to the aircard that would not have otherwise been made if the government had not been attempting to locate the aircard.

> 3) Information regarding the government causing the aircard to transmit radio signals or data, or transmit on different radio wave channels, that would

- 8 -

not have occur[r]ed if the government had not been attempting to locate the aircard.

*Id.*, p. 7 (Dkt. #251).

The defendant requests all discovery regarding the government's use of any and all forms of triangulation techniques used to locate the aircard associated with Verizon Wireless account number 270691733.  Any and all triangulation techniques include but are not limited to:

1) Determining the coordinates of the aircard based on the known location of two antenna towers (cell sites) and the known direction of the aircard relevant to each antenna tower.

2) Determining the coordinates of the aircard by establishing a signal range radius around two or more antenna towers (cell sites) within range of the aircard and determining the overlapping signal areas of the antenna towers.

*Id.*, p. 7-8 (Dkt. #251).

On May 28, 2010, via his *Unfiled Omnibus Reply*, the defendant requested that the government disclose the following evidence:

**(1)** the exact locating techniques (e.g., triangulation, trilateration, multilateration, etc.) used to locate the aircard involving calculations made on aircard historical and/or real time cell site information (or other aircard location information not relating specifically to cell sites) that was (a) seized/obtained from Verizon Wireless, or (b) obtained through some other means (e.g., via a Triggerfish, Stingray, Cell Site Simulator, Digital Analyzer, etc.); **(2)** identification of the surveillance devices used to perform the locating techniques referred to in No. 1 above; **(3)** the exact mathematical equations, including values plugged in for variables, that were used during calculations based on the locating techniques referred to in No. 1 above; **(4)** the information/data that resulted from the calculations referred to in No. 3 above; **(5)** exactly what court order or other authority was used to authorize the use of the locating techniques referred to in No. 1 above; and **(6)** exactly how the information/data referred to in No. 4 above was used by the government to assist in locating the aircard; This request not only pertains to techniques and calculations utilized by humans but also techniques and calculations utilized automatically by internal functions of the electronic surveillance devices used to locate the aircard--this information can be obtained by analyzing the software/hardware protocols utilized by the devices;

*Id.*, p. 62.

Via letter dated May 25, 2011, the defendant requested that the government disclose the following evidence:

The defense needs all discovery relating to Verizon Wireless making configuration changes to the aircard and aircard account including (1) Over The Air service Provisioning (OTASP) for the aircard and aircard account, (2) configuring and establishing voice mail service for the aircard and aircard account, and (3) any other configuration changes made to the aircard and

*SUBMISSION PURSUANT TO LRCiv 3.71 / MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE / WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE / CR08-814-PHX-DGC*

SUBMISSION PURSUANT TO LRCiv 3.7.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

aircard account.  This discovery request applies to configuration changes made by Verizon Wireless in order to facilitate the government's mission to search for and locate the aircard.

*Id.*, p. 2.


## 2.   The answer, designation or response received.

On April 20, 2010, the defendant received the government's response (Dkt. #300) to his *First Motion For Discovery RE: Motion To Suppress* wherein the government responded to the defendant's February 18, 2010 discovery request with the following:

> The information that defendant seeks as it relates to sensitive investigative techniques is privileged....  Disclosure of the information would diminish the future value of these investigative techniques, allow individuals to devise measures to counteract these techniques in order to evade detection, discourage cooperation from third parties and other governmental agencies who rely on these techniques in critical situations, and possibly lead to other harmful consequences not suitable for inclusion in this response....

*Id.*, p. 9 (Dkt. #300).

> The FBI made telephone calls to the aircard as reflected in the pen register data disclosed to defendant.  Any additional information that defendant seeks relating to sensitive investigative techniques is privileged....

*Id.*, p. 11 (Dkt. #300).

Via letter postmarked June 18, 2010, the government provided the defendant with its response to his *Unfiled Omnibus Reply* wherein the government responded to the defendant's May 28, 2010 discovery request with the following:

> With respect to Postal Inspector Wilson's use of the term "triangulation" in his report, please be advised that he used the term as a figure of speech and not a technical term.  In addition, with respect to the use of any mobile tracking device, no triangulation was done through the use of multiple devices.

*Id.*, p. 4.

Via letter dated September 8, 2010, the government provided the defendant with additional responses to various past discovery requests wherein the government responded to the defendant's May 28, 2010 discovery requests with the following:

> No triangulation was conducted beyond the cell tower diagram containing the estimated ranges of the three cell towers.  Whenever the term "triangulation" appears in any agent reports that have been released to you, it was used in a

generic nontechnical sense.

*Id.*, p. 3.

Via letter dated June 7, 2011, the government provided the defendant with additional discovery responses wherein the government responded to the defendant's May 25, 2011 discovery request with the following:

> Response – We direct you to make any such requests to Verizon Wireless.

*Id.*, p. 1 (addressing OTASP messages).

### 3.   The reason(s) why said answer, designation or response is deficient.

The government's response/disclosure is deficient considering the government has failed to obtain and provide the defendant with the requested evidence relating to the real-time and historical geolocation techniques and radio wave collection methods used to search for and locate the aircard.  The defendant needs the requested evidence for the reasons stated in the accompanying motion and memorandum.

### E.   All path movement information (*e.g.*, *GPS data*) showing the geographical paths of the wireless device locators while searching for the aircard.

#### 1.   The question propounded, the interrogatory submitted, the designation requested or the inspection requested.

On February 18, 2010, via his *First Motion For Discovery RE: Motion To Suppress* (Dkt. #251), the defendant requested that the government disclose the following evidence:

> The defendant requests all discovery regarding the path movement information for all devices... used to locate the aircard associated with Verizon Wireless account number 270691733.  The term "path movement information" includes but is not limited to:
>
> 1) Human foot movement paths (paths of investigators or other individuals who walked around while using a device [][to locate the aircard]).
>
> 2) Manned and unmanned, tethered or untethered, air vehicle paths, e.g., airplanes, helicopters, blimps, weather balloons, paratroopers, etc. (paths of any device [][used to locate the aircard] that was deployed into movement or into position in the air).

SUBMISSION PURSUANT TO LRCiv 37.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

SUBMISSION PURSUANT TO LRCIV 37.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

3) Manned and unmanned ground vehicle paths, e.g., cars, bicycles, robots, etc. (paths of any device [][used to locate the aircard] that was deployed into movement or into position on the ground).

This request includes the speed and altitude throughout the entire paths and points of stationary positions, and time stamps for all movement and stationary positions.

*Id.*, p. 9 (Dkt. #251).

On May 28, 2010, via his *Unfiled Omnibus Reply*, the defendant clarified that he "seeks the GPS coordinates of the electronic surveillance devices as they were used to locate the aircard[.]" *Id.*, p. 66.

## 2.   The answer, designation or response received.

On April 20, 2010, the defendant received the government's response (Dkt. #300) to his *First Motion For Discovery RE: Motion To Suppress* wherein the government responded to the defendant's February 18, 2010 discovery request with the following:

The information that defendant seeks relating to sensitive investigative techniques is privileged....

*Id.*, p. 13-14 (Dkt. #300)

## 3.   The reason(s) why said answer, designation or response is deficient.

The government's response/disclosure is deficient considering the government has failed to obtain and provide the defendant with the requested path movement information for the wireless device locators used to search for and locate the aircard.  The defendant needs the requested evidence for the reasons stated in the accompanying motion and memorandum.

## F.   All evidence relating to the specific wireless device locators (*e.g.*, user manuals, test data, *etc.*, for the StingRay) and related software (*e.g.*, CDMA software, Geolocation software, *etc.*) used to search for and locate the aircard.

### 1.   The question propounded, the interrogatory submitted, the designation requested or the inspection requested.

On February 18, 2010, via his *First Motion For Discovery RE: Motion To Suppress* (Dkt. #251), the defendant requested that the government disclose the following evidence:

SUBMISSION PURSUANT TO LRCiv 37.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

The defendant requests all discovery regarding radio wave analyzers, radio wave generators, specialized antennas, and any other electronic equipment used to locate the aircard associated with Verizon Wireless account number 270691733. This request pertains to electronic equipment including but not limited to:

1) Triggerfish devices (devices that allow investigators to monitor the aircard without the assistance of Verizon Wireless or other mobile telecommunications providers).

2) Stingray devices (devices that allow investigators or mobile telecommunications providers to more accurately pinpoint the location of the aircard in real time).

3) Engineering handsets or "test run" devices (devices that are deployed into movement in an attempt to mimic[] the historical location of the aircard, based off of previously logged locations, as to more accurately pinpoint the historical aircard locations[]).

This request for discovery includes all manufacturer model information, instructions manuals, operations manuals, user manuals, schematics, patent information, proprietary information, trade secrets, test data, the actual physical devices themselves and the calibration certification information for each device used.

*Id.*, p. 8-9 (Dkt. #251).

Via an emailed PDF document dated March 9, 2011, the defendant requested that the government disclose the following evidence:

[T]he defense request[s] all discovery relating to the software used to view, search, cross-reference, datamine, and display... real time aircard location information obtained by the Harris [] StingRay ™, and other real time wireless device locating equipment, or otherwise obtained under the perceived authority of the N.D.Cal. 08-90330MISC-RS and 08-90331MISC-RS orders. Additionally, the defense requests all discovery relating to the software used to perform radiolocating techniques (*e.g.*, triangulation, trilateration, and multilateration) using real time aircard location information fed into a standard input device (*e.g.*, a USB port on a computer running the noted categories of software) from a standard output device (*e.g.*, a data port on the Harris [] StingRay). This request includes, but is not limited to, the following software: (1) Harris [] StingRay ™ CDMA Software, (2) Harris [] KingFish ™ CDMA Software, (3) Harris [] Geolocation ™ Software, (4) Harris [] RealSite ™ Sofware, (5) [(duplicate/typo)], (6) Harris [] Falcon Track ™ Sofware, (7) Harris [] FeatureScope ™ Sofware, (8) Harris [] Firefish ™ Sofware, (9) Harris [] GeoDART ™ Sofware, (10) Harris [] HarborView ™ Sofware, (11) Harris [] InReality ™ Sofware, (12) Harris [] MMET ™ Sofware, (13) Harris [] Porpoise ™ Sofware, (14) Harris [] RayFish ™ Sofware, (15) Harris [] RealSite ™ Sofware, (16) Harris [] StoneCrab ™ Sofware, (17) Harris [] Tarpon ™ Sofware, and (18) Harris [] TrueTerrain ™ Sofware. Specifically, the defense needs the user manuals and/or other documents explaining the general operation/functionality of the software and end user instructions.

*Id.*, p. 12-13.

### 2. The answer, designation or response received.

On April 20, 2010, the defendant received the government's response (Dkt. #300) to his *First Motion For Discovery RE: Motion To Suppress* wherein the government responded to the defendant's February 18, 2010 discovery request with the following:

> The United States did not use any [engineering] handsets....  Any additional information that defendant seeks relating to sensitive investigative techniques is privileged....

*Id.*, p. 13 (Dkt. #300)

Via letter dated May 2, 2011, the government provided the defendant with additional discovery responses wherein the government responded to the defendant's March 9, 2011 discovery request with the following:

> Without specifically confirming or denying the use of any such software, any response to such a request would be law enforcement sensitive.

*Id.*, p. 7.

### 3. The reason(s) why said answer, designation or response is deficient.

The government's response/disclosure is deficient considering the government has failed to obtain and provide the defendant with the requested evidence relating to the wireless device locators and related software used to search for and locate the aircard.  The defendant needs the requested evidence for the reasons stated in the accompanying motion and memorandum.

### G. All evidence relating to the Pen/Trap network architecture in place between July 16, 2008 and August 1, 2008 beginning at the Verizon Wireless Access Function and ending at the FBI Collection Function.

#### 1. The question propounded, the interrogatory submitted, the designation requested or the inspection requested.

On February 18, 2010, via his *First Motion For Discovery RE: Motion To Suppress*

(Dkt. #251), the defendant requested that the government disclose the following evidence:

> The defendant requests all discovery regarding the "time lapse" between Verizon Wireless storing real time cell site information and Verizon Wireless providing the real time cell site information to the government. This request pertains to N.D.Cal. order 08-90331MISC and any other [order] that pertains to real time cell site information with respect to the aircard associated with Verizon Wireless account number 270691733.

> *Id.*, p. 5 (Dkt. #251).

On May 28, 2010, via his *Unfiled Omnibus Reply*, the defendant requested that the government disclose the following evidence:

> **(1)** all information regarding Verizon Wireless complying with the "after receipt and storage" requirement of the N.D.Cal. 08-90331MISC-RS order; **(2)** the amount of time lapse between Verizon Wireless storing real time cell site information pertaining to the aircard accessing the Verizon Wireless mobile telecommunications network and Verizon Wireless providing that real time cell site information to the government; and **(3)** the amount of time lapse between the government calling the aircard and the government receiving the Trap and Trace data listed in discovery text files "130735.062.sum" and "130735.062.log" contained on the CD referenced in Bate[s] number 13438;

> *Id.*, p. 50.

Via an emailed PDF document dated December 3, 2010, the defendant requested that the government disclose the following evidence:

> The defense needs all information relating to the network architecture, spanning all 7 OSI network layers, used to transmit aircard relative LAESP messages from Verizon Wireless to the FBI Central Monitoring Plant. This request includes network architecture information relating to the following J-Standard over generalizations: (1) the Access Function, (2) the Delivery Function, and (3) the Collection Function. For example, the defense needs a diagram of all networking hardware, as it was networked between July 16, 2008 and August 1, 2008 (the date range the FBI collected aircard Pen/Trap data), used to connect the Verizon Wireless Intercept Access Points to the SF-Martinez DCS-3000 server. This network diagram should show representations of network elements such as switches, routers, modems, dedicated data circuits, dedicated data links, packet switched links, bridged circuits, looped circuits, etc. The [] defense [also] needs the make and model of each piece of network/computer hardware and a full data dump of network settings.

> *Id.*, p. 13-14.

## 2.   The answer, designation or response received.

On April 20, 2010, the defendant received the government's response (Dkt. #300) to

SUBMISSION PURSUANT TO LRCiv 3.7.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

SUBMISSION PURSUANT TO LRCiv 37.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

his *First Motion For Discovery RE: Motion To Suppress* wherein the government responded

to the defendant's February 18, 2010 discovery request with the following:

> On September 11, 2009, the United States produced a Compact Disc
> from the FBI that contained pen register and trap and trace data Verizon
> Wireless provided in response to Order No. 08-90331MISC.  Any additional
> information regarding whether there is a time lapse between Verizon storing
> the information and providing it to the government is not in the possession,
> custody, or control of the United States.

*Id.*, p. 8 (Dkt. #300).

Via letter dated January 28, 2011, the government provided the defendant with

additional discovery responses wherein the government responded to the defendant's

December 3, 2010 discovery request with the following:

> The related network architecture under the control of the FBI is
> considered law enforcement sensitive....

*Id.*, p. 4.

### 3.   The reason(s) why said answer, designation or response is deficient.

The government's response/disclosure is deficient considering the government has

failed to obtain/preserve and provide the defendant with the requested time lapse information

and network architecture evidence.  The defendant needs the requested evidence for the

reasons stated in the accompanying motion and memorandum.

### H.   The original data storage devices used to save the CDNRS files and LAESP messages resulting from the execution of the N.D.Cal. 08-90331MISC-RS order.

#### 1.   The question propounded, the interrogatory submitted, the designation requested or the inspection requested.

Via an emailed PDF document dated March 9, 2011, the defendant requested that the

government disclose the following evidence:

> Prior to the CDNRS files being written to a CD (*e.g.*, the discovery CD
> containing "Real Time Cellular Tracking Data" referenced at Bates Nos.
> 13438-13439), the SF-Martinez DCS-3000 server first created then saved the
> files to some type of data storage device.  The defense needs the government to
> identify, explain, and later produce the relevant data storage device for

examination.  This data storage device may be a hard drive located inside a computer server, magneto-optical disk, or other data storage device.

Prior to the LAESP messages being written to a CD (*e.g.*, Attachment No. 2 (data on CD) of the January 28, 2011 discovery set), they were first received by the FBI from Verizon Wireless then saved to some type of data storage device.  The defense needs the government to identify, explain, and later produce the relevant data storage device for examination.  This data storage device may be a hard drive located inside a computer server, magneto-optical disk, or other data storage device.

### 2.   The answer, designation or response received.

Via letter dated May 2, 2011, the government provided the defendant with additional discovery responses wherein the government responded to the defendant's March 9, 2011 discovery request with the following:

The government does not intend to respond to this request as [it] pertains to matters that are law enforcement sensitive, extremely burdensome and irrelevant to any matter remotely related to this criminal case.

*Id.*, p. 4.

### 3.   The reason(s) why said answer, designation or response is deficient.

The government's response/disclosure is deficient considering the government has failed to obtain/preserve and provide the defendant with the requested storage devices containing the native form e-discovery.  The defendant needs the requested evidence for the reasons stated in the accompanying motion and memorandum.

### I.   All communications relating to the execution of the N.D.Cal. 08-90330MISC-RS and 08-90331MISC-RS orders that were sent/received between the government and the private entities associated with Verizon Wireless, Harris Corporation, and UTStarcom.

#### 1.   The question propounded, the interrogatory submitted, the designation requested or the inspection requested.

Via letter dated May 2, 2011, the defendant requested that the government disclose the following evidence:

The defense needs all communications sent/received between Verizon Wireless and the government relating to the N.D.Cal. 08-90330MISC-RS and 08-90331MISC-RS court orders and the execution of those orders.  Not

SUBMISSION PURSUANT TO LRCiv 37.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

SUBMISSION PURSUANT TO LRCiv 37.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

withstanding the fact that the government's actions in locating the aircard were outside the scope of the orders, both orders required the involvement of Verizon Wireless.  The defense needs all communications sent/received between Verizon Wireless and the government including, but not limited to, communications relating to (1) assistance provided to the government by Verizon Wireless regarding the configuration/operation of the government's wireless device locators so that compatibility with the aircard and the Verizon Wireless network would be achieved, (2) agents making specific requests to Verizon Wireless for information needed in order to facilitate compatibility between the government's wireless device locators, the aircard, and the Verizon Wireless network, (3) assistance provided to the government by Verizon Wireless regarding the configuration/operation of the government's SF-Martinez DCS-3000 so that compatibility with the aircard and the Verizon Wireless network would be achieved, and (4) agents making specific requests to Verizon Wireless for information needed in order to facilitate compatibility between the government's SF-Martinez DCS-3000, the aircard, and the Verizon Wireless network.

*Id.*, p. 1-3 (relating to Verizon Wireless).

The defense needs all communications sent/received between Harris Corporation and the government and between other wireless device locator manufacturers and the government relating to the operation and configuration of the equipment used by the government to locate the aircard.  The defense needs all communications as noted above including, but not limited to, communications relating to (1) assistance provided to the government by Harris and/or by other wireless device locator manufacturers regarding the configuration/operation of the government's wireless device locators so that compatibility with the aircard and the Verizon Wireless network would be achieved, and (2) agents making specific requests to Harris and/or to other wireless device locator manufactures for information needed in order to facilitate compatibility between the government's wireless device locators, the aircard, and the Verizon Wireless network.

*Id.*, p. 3 (relating to Harris Corporation).

The defense needs all communications sent/received between UTStarcom (the manufacturer of the aircard) regarding the hardware and software functions of the aircard, *i.e.*, the UTStarcom PC5740 Broadband Connection Card For Verizon Wireless.  The defense needs all communications as noted above including, but not limited to, communications relating to (1) assistance provided to the government by UTStarcom regarding the configuration/operation of the government's wireless device locators so that compatibility with the aircard and the Verizon Wireless network would be achieved, and (2) agents making specific requests to UTStarcom for information needed in order to facilitate compatibility between the government's wireless device locators, the aircard, and the Verizon Wireless network.

*Id.*, p. 4 (relating to UTStarcom).

## 2.   The answer, designation or response received.

Via letter dated June 7, 2011, the government provided the defendant with additional

discovery responses wherein the government responded to the defendant's May 2, 2011

discovery request with the following:

> Response – All known records of communications, if any, between FBI Special Agent Richard Murray and Verizon Wireless with respect to the aircard mission have been disclosed.... Any additional communications, if any, are considered law enforcement sensitive. In addition, at this point the government does not intend to poll additional FBI personnel as to whether any such communications occurred.

*Id.*, p. 1 (relating to Verizon Wireless)

> Response – This information is considered law enforcement sensitive.

*Id.*, p. 2 (relating to Harris Corporation)

> Response – FBI Special Agent Richard Murray advises that he had no such contact with the manufacturer of the subject aircard. Special Agent Murray will poll the operators of the equipment used to locate the subject aircard to determine if they had any such contact. In addition, at this point the government does not intend to poll additional FBI personnel as to whether any such communications occurred.

*Id.*, p. 2 (relating to UTStarcom).

Via letter dated June 29, 2011, the government provided the defendant with additional

discovery responses wherein the government responded to the defendant's May 2, 2011

discovery request with the following:

> - Enclosed please find a summary provided by the FBI regarding additional information regarding this request.

*Id.*, p. 1 (The enclosure is a summary of the contents of an FBI folder containing communications between the FBI and Verizon Wireless relating to the aircard locating mission—a full and unredacted version of the contents is requested in Section I(J). The enclosure states that the folder contains "copies of the target number subscriber information Verizon provided pursuant to the Court Order. This information is proprietary information and law enforcement sensitive, and will not be released.... Additionally, some of the information that may be responsive is classified, and therefore, cannot be produced absent a CIPA proceeding." *Id.*, p. 2.).

### 3. The reason(s) why said answer, designation or response is deficient.

The government's response/disclosure is deficient considering the government has

failed to obtain and provide the defendant with the evidence relating to the requested

communications. The defendant needs the requested evidence for the reasons stated in the

SUBMISSION PURSUANT TO LRCiv 37.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

SUBMISSION PURSUANT TO LRCIV 37.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

accompanying motion and memorandum.

### J.   All unredacted/unsummarized emails, reports of investigation, memorandums, rough notes, and other relevant documents (as specifically listed) relating to the mission to search for and locate the aircard.

#### 1.   The question propounded, the interrogatory submitted, the designation requested or the inspection requested.

On May 28, 2010, via his *Unfiled Omnibus Reply*, the defendant requested that the government disclose the following evidence:

... an unredacted copy of the Wilson Report;

*Id.*, p. 38-39 (the *Wilson Report* is a July 23, 2008 and August 7, 2008 entry into a USPIS Investigation Details Report, by Inspector James L. Wilson) [REDACTED DOC. 01 of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

Via letter dated July 20, 2010, the defendant requested that the government disclose the following evidence:

This letter is my discovery request for an unredacted copy of an email provided to me by your office on June 23, 2010.  In a letter dated June 23, 2010, you referred to the email as follows:

IRS-CI – E-Email dated July 17, 2008, (1) noting that the subject tracking device was able to "narrow the signal" to 3 Domicilio Apartments (Units 1120, 1122 and 1124) as possible locations for thr subject access card; …

*Id.*, p. 1 [REDACTED DOC. 02 of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

Via an emailed PDF document dated December 3, 2010, the defendant requested that the government disclose the following evidence:

The defense needs the following unredacted versions of AUSA Battista's rough notes as identified by the below quoted rough note summaries previously provided:

a.   Summary of rough notes by AUSA Frederick A. Battista taken while he was involved in the investigation to locate the aircard: **(1)** "T. Daun - Got the materials she sent me working on Hacker XXX (pleadings requesting authority to use equipment to located the subject aircard)." (Date: June 26, 2008; mistakenly dated June 26, 2010); **(2)** *(a)* "Jeff Nedrow to me R 41

SUBMISSION PURSUANT TO LRCiv 37.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

applies to XXX (equipment to located the subject aircard) in NDCA."; *(b)* "Verizon Re Hacker XXX (matters related to pleadings requesting authority to use equipment to located the subject aircard and/or the actual procedures) / Photos of Payment of Acct."; and *(c)* "Verizon Sub for Hacker Surv. Photos of payment of account." (Date: June 27, 2008; mistakenly dated June 27, 2010)."; **(3)** *(a)* "Logan (Immediate Supervisor Steve Logan) Re Hacker Case and 2703 issue. (This relates to the matter noted in the retroactive 2703(d) application and order.)"; *(b)* "Sukenic Re Hacker Case & 2703 issue (This relates to the matter noted in the retroactive 2703(d) application and order.)"; and *(c)* "Eckenweiler (Mark Eckenwiler) re 2703 issue. (This relates to the matter noted in the retroactive 2703(d) application and order.)" (Date: July 7, 2008); **(4)** "R. Murray - To me XXX (draft document). Need 2nd order 2703(d) for additional data." (Date: July 10, 2008); **(5)** *(a)* "2703(d) order & app Final & Signed by LOA - Hacker (This relates to the matter noted in the retroactive 2703(d) application and order.)"; *(b)* "R. Murray Re 2703(d) App & order. (This relates to the matter noted in the retroactive 2703(d) application and order.)"; *(c)* "D. Medrano Re 2703(d) App & order. (This relates to the matter noted in the retroactive 2703(d) application and order.)"; *(d)* "S. Logan (Immediate Supervisor Steve Logan) - OK to file Hacker 2703(d) Retroactive App & order."; *(e)* "Hacker 2703(d) order sent to Susan Stuart w/ AZ MJ ct. Advance copy for MJ's review. (Retroactive order) LOA. Also sent to Vickie Guidas w/ LOA. (MJ - Magistrate Judge.)"; *(f)* "H. Sukenic - Please call me. (This relates to the matter noted in the retroactive 2703(d) application and order.)" (Date: July 9, 2008); **(6)** "R. Murray to me - Historical Cell Data Received on 7/13 EM (e-mail) to me." (Date: July 13, 2008); **(7)** "D. Medrano - Cell Site Info Rec'd." (Date: July 14, 2008); **(8)** "T. Daun - any word from AT&T Re XXX (type of equipment to located the subject aircard) for phone on Rental App? Resp. - no word." (Date: July 25, 2008); (ITEM No. 1 of September 24, 2010 discovery set); [] [REDACTED DOC. 03 of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

The defense needs the following discovery documents without the redactions as identified by the below quoted redaction labels written on the redacted versions previously provided:

a.      Page No. 1 of rough notes prepared by FBI Agent Richard J. Murray RE: (1) no cell site data for aircard via Pen/Trap device unless you call into the card; (2) no capability to separate data communications from call-identifying information for an aircard (AUSA Frederick A. Battista added 9/20/2010 notation reading "Incorrect"); (2) "contact information for personnel related to the device used to locate the aircard" (AUSA Frederick A. Battista 9/20/2010 label of redacted material); (3) "Contact info for a data intercept representative FBI" (AUSA Frederick A. Battista 9/20/2010 label of redacted material); and (4) "Generic term for device used to locate air card" (AUSA Frederick A. Battista 9/20/2010 label of redacted material); (Notes date: June 27, 2008); (ITEM NO. 8 of September 24, 2010 discovery set); [] [REDACTED DOC. 04 of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

b.      Page No. 4 of rough notes prepared by FBI Agent Richard J. Murray RE: "Privileged material RE the location of the aircard mission" (AUSA Frederick A. Battista 9/20/2010 label of redacted material); (Notes date: June 30, 2008; Discovery provided date: September 20, 2010); (ITEM NO. 8 of September 24, 2010 discovery set); [] [REDACTED DOC. 05 of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

SUBMISSION PURSUANT TO LRCiv 3.7.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

c.      Page No. 5 of rough notes prepared by FBI Agent Richard J. Murray RE: telephone call discussing "Privileged material Re the mission to locate the aircard" (AUSA Frederick A. Battista 9/20/2010 label of redacted material) (Notes date: July 5, 2008); (ITEM NO. 8 of September 24, 2010 discovery set); [] [REDACTED DOC. 06 of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

d.      Paper print-out of email sent from IRS-CI Tracy L. Daun to Jeffrey H. Willert Re: the government prepared court orders to do a Trap & Trace/Pen Register and Warrant so that the FBI can use its "device to locate the aircard" (AUSA Frederick A. Battista 9/20/2010 label of redacted material) to triangulate down on the aircard; (Email sent date: July 7, 2008 9:35am); (ITEM NO. 3 of September 24, 2010 discovery set); [] [REDACTED DOC. 07 of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

e.      Paper print-out of email sent from IRS-CI Denise L. Medrano to Constance M. Davis (CI-FDC) and CC'd to Andy (Andrea) Chavez (CI-FDC), and Michael P. Fleischmann RE:  the government is in the process of setting up a "device to be used to locate the aircard" (AUSA Frederick A. Battista 9/20/2010 label of redacted material) on the Verizon Wireless aircard account; (Email sent date: July 7, 2008 2:39pm); (ITEM NO. 3 of September 24, 2010 discovery set); [] [REDACTED DOC. 08 of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

f.      Paper print-out of email sent from AUSA Frederick A. Battista to AUSA Jeff N. Nedrow (N.D.Cal.) RE: there is a problem considering the illegally obtained aircard destination IP addresses are being relied upon by the government to seek authority to use "equipment used to locate the aircard" (AUSA Frederick A. Battista 9/20/2010 label of redacted material) and nothing should be filed until the matter is resolved; (Email sent date: July 7, 2008 5:52pm); (ITEM NO. 2 of September 24, 2010 discovery set); [] [REDACTED DOC. 09 of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

g.      Paper print-out of email sent from Albert A. Childress to Brad Taylor – CI and CC'd to Dawn N. Mertz, IRS-CI Agent Denise L. Medrano, and IRS-CI Agent Michael P. Fleischmann RE: (1) "Redacted materials are discussions of future search warrant or warrants, planned investigative efforts, and a matter pending approval" (AUSA Frederick A. Battista 9/20/2010 label of redacted material); and (2) "generic term for device used to Locate the subject aircard" (AUSA Frederick A. Battista 9/20/2010 label of redacted material); (Email sent date: July 11, 2008 10:30am); (ITEM NO. 3 of September 24, 2010 discovery set); [] [REDACTED DOC. 10 of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

h.      Paper print-out of email sent from IRS-CI Denise L. Medrano to Albert A. Childress and CC'd to Toni D. Stewart and IRS-CI Agent Michael P. Fleischmann RE: (1) the device used to locate the aircard  was able to narrow the signal to 3 apartments; (2) the government needs to develop independent probable cause to facilitate withholding information about the FBI's device; (3) "operators of the equipment used to locate the aircard" (AUSA Frederick A. Battista 9/20/2010 label of redacted material); and (4) "generic description of the equipment used to locate the aircard" (AUSA Frederick A. Battista 9/20/2010 label of redacted material); (Email sent date: July 17, 2008 6:01am);

SUBMISSION PURSUANT TO LRCr. 57.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

(ITEM NO. 3 of September 24, 2010 discovery set); [] <u>REDACTED DOC. 11</u> of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

i.      Paper print-out of email sent from AUSA Frederick A. Battista to AUSA Shawna Yen (N.D.Cal.) RE: the team in San Jose narrowed the search to an occupant of a single apartment and the main effort may be to tie the target to the case without emphasis on "Device used to locate the aircard" (AUSA Frederick A. Battista 9/20/2010 label of redacted material); (Email sent date: July 17, 2008 3:56pm); (ITEM NO. 2 of September 24, 2010 discovery set); [] [<u>REDACTED DOC. 12</u> of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

j.      Paper print-out of email sent from AUSA Frederick A. Battista to AUSA Steven Logan (N.D.Cal.) RE: the team in San Jose narrowed the search to an occupant of a single apartment and the main effort may be to tie the target to the case without emphasis on "equipment used to locate the aircard" (AUSA Frederick A. Battista 9/20/2010 label of redacted material); (Email sent date: July 17, 2008 3:58pm); (ITEM NO. 2 of September 24, 2010 discovery set); [] [<u>REDACTED DOC. 13</u> of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

k.      Paper print-out of emails sent from FBI Agent Richard J. Murray to AUSA Frederick A. Battista RE: "Internal discussions re how to characterize the device used to locate the aircard in pleadings" (AUSA Frederick A. Battista 9/20/2010 label of redacted material); (Email sent date: (1) July 18, 2008 8:35am (2) July 21, 2008 10:36am); (ITEM NO. 2 of September 24, 2010 discovery set); [] [<u>REDACTED DOC. 14</u> of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

l.      Paper print-out of email sent from FBI Agent Richard J. Murray to AUSA Frederick A. Battista, IRS-CI Agent Denise L. Medrano, IRS-CI Agent Michael P. Fleischmann, USPIS Inspector James L. Wilson, and IRS-CI Agent Tracy L. Daun RE: "personnel who operated the equipment to locate the aircard" (AUSA Frederick A. Battista 9/20/2010 label of redacted material) were asked to verify the aircard on either July 25, 2008 or July 28, 2008; (Email sent date: July 24, 2008 6:15pm); (ITEM NO. 2 of September 24, 2010 discovery set); (ITEM NO. 2 of September 24, 2010 discovery set); [] [<u>REDACTED DOC. 15</u> of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

m.      Page No. 6 of rough notes prepared by IRS-CI Agent Denise L. Medrano and Tracy L. Daun RE: (1) aircard connecting on one cell tower 90% of the time and remaining two cell towers 10% of the time; (2) cell tower circles intercept and aircard appears to be not moving; (3) Trap & Trace/Pen register and Search Warrant for "Device used to locate the subject aircard" (AUSA Frederick A. Battista 9/20/2010 label of redacted material); (4) identified block of 4 apartments – 2 empty, 1 80 year old guy, and 1 rented by 20 something year old; and (5) started surveillance and trying to find a way to go in; (Notes date: not indicated); (ITEM NO. 5 of September 24, 2010 discovery set); [] [<u>REDACTED DOC. 16</u> of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

n.      Page No. 7 of rough notes prepared by IRS-CI Agent Denise L. Medrano and Tracy L. Daun RE: (1) Domicilio apartment complex provided empty apartment next door to apartment No. 1122, and (2) "Internal

- 23 -

deliberations Re characterization of device used to locate the aircard" (AUSA Frederick A. Battista 9/20/2010 label of redacted material); (Notes date: not indicated); (ITEM NO. 5 of September 24, 2010 discovery set); []
[REDACTED DOC. 17 of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

*Id.*, p. 25-29.

Via an emailed PDF document dated March 9, 2011, the defendant requested that the government disclose the following evidence:

The defense needs the following discovery documents without the redactions as identified by the below quoted redaction labels written on the redacted versions previously provided:

...

b.      Paper print-out of email sent from FBI Agent Richard J. Murray to FBI Agent Henry Huntsberry and CC'd to FBI Agent John G. Iannarelli RE: (1) the FBI and "operators of equipment used to locate the subject aircard" (prosecution 11/8/2010 label of redacted material) successfully located the aircard in one of four apartments, and (2) "Reference to a behavioral analysis prepared prior to arrest when defendant Rigmaiden was unidentified" (prosecution 11/8/2010 label of redacted material); (Email sent date: August 13, 2008 3:44pm); (ITEM NO. 19 of November 8, 2010 discovery set); []
[REDACTED DOC. 18 of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

c.      Paper print-out of email sent from FBI Agent Richard J. Murray to FBI Agent Manuel J. Johnson and CC'd to FBI Agent Jimmie J. Daniels, and FBI Agent John G. Iannarelli RE: Brief outline of FBI involvement in this case and "Relates to equipment used to locate the subject aircard" (prosecution 11/8/2010 label of redacted material); (Email sent date: March 22, 2010 12:03pm); (ITEM NO. 60 of November 8, 2010 discovery set); []
[REDACTED DOC. 19 of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

d.      Paper print-out of email sent from FBI Agent Kevin F. Killigrew to FBI Agent Richard J. Murray RE: Contacting "non-Agent personnel" (prosecution 9/24/2010 label of redacted material) for information on how to locate the aircard without seizing the contents of communication; (Email sent date: June 27, 2008 9:09am); (ITEM NO. 4 of September 24, 2010 discovery set); [] [REDACTED DOC. 20 of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

...

f.      Paper print-out of email sent from FBI Agent William T. Ng to FBI Agent Richard J. Murray RE: an award for the FBI Technically Trained Agent (TTA) who guided the primary case agents from the beginning of the investigation [(the TTA name was redacted by the prosecution on 11/24/2010)]; (Email sent date: September 17, 2008 4:34pm); (ITEM NO. 15 of November 24, 2010 discovery set); [] [REDACTED DOC. 21 of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

SUBMISSION PURSUANT TO LRCIV 3.7.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

SUBMISSION PURSUANT TO LRCiv 37.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

g.      Paper print-out of email sent from FBI Agent William T. Ng to FBI Agent Richard J. Murray RE: the number of "warrant/order authorizing the use of the equipment used to locate the subject air card" (prosecution 11/24/2010 label of redacted material); (Email sent date: March 27, 2009 6:19pm); (ITEM NO. 18 of November 24, 2010 discovery set); [] [REDACTED DOC. 22 of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

h.      IRS-CI Internal Memorandum RE: the investigation [(the prosecution made redactions on 10/18/2010 labeled as follows: (1) "the physical location of the hacker," and (2) "Authorization for equipment used to locate the subject air card.  Discussion of prospective investigation")]; (Document date: July 5, 2008); (ITEM NO. 3 of October 18, 2010 discovery set); [] [REDACTED DOC. 23 of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

i.      Prosecution memo RE: "FBI E-Mails, dated July 12, 2010 through August 9, 2010, concerning whether or not the operators of the equipment used to locate the subject aircard have notes. (1 Summary Page Released and 5 Pages Withheld)"; (ITEM NO. 21 of November 24, 2010 discovery set);  **The defense needs the original and complete 5 pages of the unredacted emails referenced above.** [] [REDACTED DOC. 24 of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

j.      FBI Internal Document Summary, drafted by FBI Agent William T. Ng RE: agents were able to locate the apartment unit where the subject is located; [(the prosecution made a redaction on 11/29/2010 labeled as "equipment used to locate the subject aircard")]; (Document date: July 22, 2008); (ITEM NO. 4 of November 29, 2010 discovery set); [] [REDACTED DOC. 25 of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

k.      FBI Internal Document Summary, drafted by FBI Agent William T. Ng, Serial: 228 RE: providing FBI Agent Richard J. Murray with a CD containing data relating to the aircard locating mission; [(the prosecution made redactions on 11/29/2010 labeled as follows: (1) "[the mission to locate the subject aircard)]"; (2) "[the mission to locate the subject aircard)]"; (3) "[the individuals who operated the equipment used to locate the subject aircard]"; (4) "[an operation to locate the subject aircard]"; (5) "[the individuals who operated the equipment used to locate the subject aircard]"; (6) "[operation to locate the subject aircard]"; and (7) "[the mission to locate the subject aircard]"]; (Document date: July 26, 2009); (ITEM NO. 4 of November 29, 2010 discovery set); [] [REDACTED DOC. 26 of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

...

*Id.*, p. 19-21.

Via an emailed PDF document dated June 23, 2010, the defendant requested that the government disclose the following evidence:

a.      Paper print-out of email sent from AUSA Frederick A. Battista to

AUSA Shawna Yen (N.D.Cal.) and AUSA Jeff Nedrow (N.D.Cal.) RE: (1) the initial cell site data spawned a search around San Jose International Airport and Santa Clara University; and (2) "All redacted materials relate to internal communications regarding investigation plans and court documents re the aircard mission & search warrant." (AUSA Frederick A. Battista 9/20/2010 label of redacted material); (Email sent date: July 14, 2008 10:41am); (ITEM No. 2 of September 24, 2010 discovery set [p. 9-10]); [REDACTED DOC. 27 of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

...

*Id.*, p. 1.


## 2.   The answer, designation or response received.

Via letter postmarked June 18, 2010, the government provided the defendant with its response to his *Unfiled Omnibus Reply* wherein the government responded to the defendant's May 28, 2010 discovery request with the following:

As you can see by the manner in which we have made our redactions, we have regularly identified the nature of the materials being withheld....

*Id.*, p. 1.

With respect to the minor redaction in the report prepared by Postal Inspector Wilson, the redaction relates to a potential investigative technique which was not used in this case.

*Id.*, p. 3.

With respect to the redactions in... the report prepared by Postal Inspector Wilson, the redacted materials do not relate to [the installation of a hardware and/or software based mobile tracking device on the aircard, in the aircard, or to the aircard.]

*Id.*, p. 4.

Via letter dated September 8, 2010, the government provided the defendant with additional responses to various past discovery requests wherein the government responded to the defendant's May 28, 2010 and July 20, 2010 discovery requests with the following:

Please be advised that the e-mail discusses, in generic terms, the pen register trap and trace device that was used to locate the subject aircard.  Again, at this point, the government is only willing to advise you that a "pen register trap and trace device" (what we have been previously been referring to as the "tracking device") was used to locate the subject aircard....

*Id.*, p. 1 (addressing the July 20, 2010 discovery request).

SUBMISSION PURSUANT TO LRCiv 3.7.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

With respect to your request regarding the redacted information contained in the "Wilson Report," ...[t]he redacted information relates to... a single reference to an investigative technique that was not used in this case. We intend to continue to take the position that we are not under any obligation to disclose to you investigative techniques that were not used to locate the subject aircard.

*Id.*, p. 4 (addressing the May 28, 2010 discovery request).

Via letter dated January 28, 2011, the government provided the defendant with additional discovery responses wherein the government responded to the defendant's December 3, 2010 discovery request with the following:

[a.]    [] Relate to Notes Prepared by AUSA Fred Battista[:] [][**(1)**] June 26, 2008 – Communications with IRS-CI Special Agent Tracy Daun. The note simply states "T. Daun – Got the materials she sent me – working on Hacker (generic term for equipment used to locate the aircard) now." The note does not specifically identify the actual equipment used to locate the subject aircard. [][**(2)** *(a)*] June 27, 2008 – The redacted material simply contains a generic term for the equipment used to locate the subject aircard. The note does not specifically identify the actual equipment used to locate the subject aircard. [] [**(2)** *(b)*] June 27, 2008 – The redacted material simply contains a generic term for the equipment used to locate the subject aircard. The note does not specifically identify the actual equipment used to locate the subject aircard. [] [**(2)** *(c)*] June 27, 2008 – Notation relates to the preparation of a Grand Jury subpoena requesting information regarding payment for the Verizon account related to the subject aircard. The response materials from Verizon have previously been released via the case discovery. [][**(3)** *(a)*] July 7, 2008 – This is the complete notation. The notation relates to internal communications regarding the issue that resulted in the retroactive Section 2703(d) Application and Order. [][**(3)** *(b)*] July 7, 2008 – This is the complete notation. The notation relates to internal communications regarding the issue that resulted in the retroactive Section 2703(d) Application and Order. [][**(3)** *(c)*] July 7, 2008 – This is the complete notation. The notation relates to internal communications regarding the issue that resulted in the retroactive Section 2703(d) Application and Order. [][**(4)**] July 10, 2008 – The redacted materials relate to a draft document related to a Section 2703(d) Application and Order, the final copies of which have been released via discovery. [][**(5)** *(a)*] July 9, 2008 – This is the complete notation. [][**(5)** *(b)*] July 9, 2008 – This is the complete notation. [] [**(5)** *(c)*] July 9, 2008 – This is the complete notation. [][**(5)** *(d)*] July 9, 2008 – This is the complete notation. [][**(5)** *(e)*] July 9, 2008 – This is the complete notation. [][**(5)** *(f)*] July 9, 2008 – This is the complete notation. [][**(6)**] July 13, 2008 – This is the complete notation. [][**(7)**] July 14, 2008 – This is the complete notation. [][**(8)**] July 25, 2008 – The redacted material simply contains a generic term for the equipment used to locate the subject aircard. The note does not specifically identify the actual equipment used to locate the subject aircard.

[a.]    [] Rough notes from FBI Special Agent Richard Murray. The government continues to believe the names and contact information of the individuals associated with the operation of the equipment used to locate the subject aircard is privileged and law enforcement sensitive. []

- 27 -

SUBMISSION PURSUANT TO LRCiv 37.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

[b.]    [] Rough notes from FBI Special Agent Richard Murray.  The government continues to believe the names and contact information of the individuals associated with the operation of the equipment used to locate the subject aircard is privileged and law enforcement sensitive. []

[c.]    [] Rough notes from FBI Special Agent Richard Murray.  The government continues to believe the names and contact information of the individuals associated with the operation of the equipment used to locate the subject aircard is privileged and law enforcement sensitive. []

[d.]    [] E-mail to and from IRS-CI Special Agent Tracy Daun, dated July 7, 2008.  A copy of the redacted e-mails is attached with more detailed explanations for the redactions contained therein.  The redacted materials do not specifically identify the actual equipment used to locate the subject aircard. []

[e.]    [] E-mail from IRS-CI Special Agent Denise Medrano, dated July 7, 2008.  The government continues to believe that information related to the identification of the equipment used to locate the subject aircard is privileged and law enforcement sensitive.  In this case, the redacted materials relate to generic terms IRS-CI Special Agent Medrano and her fellow IRS-CI special agents used to generically refer to the equipment used to locate the subject aircard. []

[f.]    [] E-mail between AUSA Fred Battista and AUSA Jeff Nedrow, dated July 7, 2008.  The initial redaction relates to a generic term for the equipment used to locate the subject aircard.  This matter has been addressed numerous times above.  The remaining redactions are privileged internal communications relating to the pending filing of pleadings seeking the judicial authorization for the equipment used to locate the subject aircard.  There is no mention of the issue addressed by the retroactive Section 2703(d) Order. []

[g.]    [] E-Mail from IRS-CI Special Agent Michael Fleischmann, dated July 11, 2008 and e-mail from IRS-CI Supervisory Special Agent Albert Childress, dated July 11, 2008.  A copy of the redacted e-mails is attached with more detailed explanations for the redactions contained therein.  The redacted materials do not specifically identify the actual equipment used to locate the subject aircard or the operators. []

[h.]    [] E-mail from IRS-CI Special Agent Denise Medrano, dated July 17, 2008.  The first redaction relates to a generic term for the operators of the equipment used to locate the subject aircard.  The second redaction relates to a generic term for the equipment used to locate the subject aircard.  The government's position on these matters is that they are privileged and law enforcement sensitive. []

[i.]    [] E-mail from AUSA Fred Battista, dated July 17, 2008.  The subject redaction relates to a generic term used for the equipment used to locate the subject aircard.  The government's position on this matter is that it is privileged and law enforcement sensitive. []

[j.]    [] E-Mail from AUSA Fred Battista, dated July 17, 2008.  The subject redaction relates to a generic term used for the equipment used to

SUBMISSION PURSUANT TO LRCiv 37.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

locate the subject aircard.  The government's position on this matter is that it is privileged and law enforcement sensitive. []

[k.]   [] E-Mails between AUSA Fred Battista and FBI Special Agent Richard Murray, dated July 18 and 21, 2008.  The redacted materials relate to internal privileged communications regarding how the equipment used to locate the subject aircard would be identified in subsequent pleadings (in light of its law enforcement sensitive nature), e.g., search warrant affidavits.  The actual equipment is not specifically identified in the e-mails. []

[l.]   [] E-Mail from FBI Special Agent Richard Murray, dated July 24, 2008, and AUSA Fred Battista, dated July 24, 2008.  A copy of the redacted e-mails is attached with more detailed explanations for the redactions contained therein.  The redacted materials do not specifically identify the actual equipment used to locate the subject aircard or the operators. []

[m.]   [] Page No. 6 of rough notes prepared by IRS-CI Special Agent Denise Medrano and Tracy Daun.  By way of explanation, these summary notes were prepared by the agents after the arrest of defendant Daniel David Rigmaiden.  The notes serve as a rough time line for parts of the investigation which resulted in the arrest of defendant Rigmaiden.  The notes are based upon information learned by the agents in the course of the investigation and has already been released via the discovery process.  With respect to the "same tower in San Jose 90% remaining 10% same 2 towers" and "circles intersected appears not moving," these notes were based upon the agents examination of the cell tower range chart with three circles previously released via discovery.  Again, the actual redaction on the page relates to a generic term for the equipment used to locate the subject aircard.  The remainder of the notes simply relate to information which has already been disclosed in detail. []

[n.]   [] Page No. 7 of rough notes prepared by IRS-CI Special Agent Denise Medrano and Tracy Daun.  By way of explanation, these summary notes were prepared by the agents after the arrest of defendant Daniel David Rigmaiden.  The notes serve as a rough time line for parts of the investigation which resulted in the arrest of defendant Rigmaiden.  With respect to the vacant apartment, as previously stated above, the vacant apartment was used to facilitate visual surveillance of the apartment rented by defendant Rigmaiden.  The materials actually redacted relate to internal communications regarding how the equipment used to locate the subject aircard would be characterized in pleadings that were later released via discovery.  The actual equipment is not specifically identified in the notes. []

*Id.*, p. 6-9.

Via letter dated May 2, 2011, the government provided the defendant with additional

discovery responses wherein the government responded to the defendant's March 9, 2011

discovery request with the following:

...

[b.]   [] E-mail dated August 13, 2008.  The first subject redaction relates to the identity of one or more operators of the equipment used to locate the subject aircard, this information continues to be considered law

SUBMISSION PURSUANT TO LRCiv 37.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

enforcement sensitive.  With respect to the second subject redaction, the redacted materials relate to a behavioral analysis prepared prior to your location, arrest and identification.  As stated above, the analysis is based upon opinion and will not be relied upon in any manner by the government in this case.  Therefore, it is the position of the government that it is irrelevant and not subject to disclosure.

[c.]    [] E-Mail dated March 22, 2010.  The redacted material contains brief non-detailed discussion of the equipment used to locate the subject aircard.

[d.]    [] E-mails dated June 27, 2008.  The redacted materials relate to an investigative technique which was not used in this case and the name of a non-agent staff member of the FBI's Engineering Research Facility.  The individual was referred to Special Agent Murray regarding the separation of cell tower data and content.  In light of the fact that no content was ever requested or obtained regarding the subject aircard.  The name of this staff member is irrelevant as well as law enforcement sensitive.

...

[f.]    [] E-Mails dated September 17 – October 15, 2008.  The redacted material pertains to the identification of a member of the team that operated the equipment used to locate the subject aircard.  This information is law enforcement sensitive.

[g.]    [] E-Mails dated March 27, 2009, the redacted materials relate the equipment [sic] used to locate the subject aircard as authorized by Order No. 08-90330-MISC-RS, Northern District of California, San Jose Division.

[h.]    [] IRS-CI Internal Memorandum dated July 5, 2008.  On page 4 of the internal memorandum, (1) the top two redactions relate to headers and the identity of the internal memorandum; (2) the redactions in the first paragraph relate to a brief mention of an investigative technique not used to locate the subject aircard and the equipment used to locate the subject aircard and thus "the physical location of aircard."  This paragraph also discusses prospective investigation conduct unrelated to the aircard mission; and the redactions in the next four paragraphs all relate to prospective investigation conduct unrelated to the aircard mission.  The final header and redacted paragraph relate to an internal approval request not related to the aircard mission.

[i.]    [] Emails dated July 12 – 22, 2010, August 9, 2010 and August 8-10, 2010.  All of these e-mails relate to the operators of the equipment used to locate the subject aircard being asked to confirm whether they had any notes regarding the mission.  The summaries accurately reflect that they have no notes and were required to expunge the database after the mission.  The identities of the operators remain law enforcement sensitive.  The e-mail exchanges are very brief and do not discuss the subject equipment.

[j.]    [] Document dated july 22, 2008.  The redacted material contains another generic terms [sic] for the equipment used to locate the subject aircard.

[k.]    [] Document dated July 26, 2009.  The redacted materials relate to base of operations for the personnel who operated the equipment used to locate the subject aircard, the name of their unit and discuss in very generic

SUBMISSION PURSUANT TO LRCiv 37.1
MOTION FOR DISCLOSURE OF ALL RELEVANT AND HELPFUL EVIDENCE
WITHHELD BY THE GOVERNMENT BASED ON A CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

terms their activities.  All of which the government considers law enforcement sensitive.

...

*Id.*, p. 9-11.

Via letter dated June 28, 2011, the government provided the defendant with additional discovery responses wherein the government responded to the defendant's June 23, 2011 discovery request with the following:

> [a.]    [] E-Mail chain ending with an e-mail from AUSA Fred Battista to AUSA Shawna Yen, dated July 14, 2008, 10:41 a.m., previously released via discovery letter dated September 24, 2010.  Enclosed please find a copy of the original redacted e-mail with further explanations for the redactions. []

...

*Id.*, p. 1.

Via letter dated June 29, 2011, the government provided the defendant with additional discovery responses wherein the government responded to the defendant's May 2, 2011 discovery request with the following:

> - Enclosed please find a summary provided by the FBI regarding additional information regarding this request.

*Id.*, p. 1  (The enclosure is a summary of the contents of an FBI folder containing communications between the FBI and Verizon Wireless relating to the aircard locating mission.  The enclosure states that the folder contains "copies of the target number subscriber information Verizon provided pursuant to the Court Order.  This information is proprietary information and law enforcement sensitive, and will not be released.... Additionally, some of the information that may be responsive is classified, and therefore, cannot be produced absent a CIPA proceeding." *Id.*, p. 2.) [REDACTED DOC. 28 of *First Submission Of Redacted Documents For Requested In Camera Inspection*].

### 3.    The reason(s) why said answer, designation or response is deficient.

The government's response/disclosure is deficient considering all of the requested unredacted documents and full unsummarized documents are being withheld.  The defendant needs the requested evidence for the reasons stated in the accompanying motion and memorandum.