1 Daniel Rigmaiden
  Agency # 10966111
2 CCA-CADC
  PO Box 6300
3 Florence, AZ 85132
  Telephone: none
4 Email: none

5 Daniel David Rigmaiden
  Pro Se, Defendant

6

7              UNITED STATES DISTRICT COURT

8                   DISTRICT OF ARIZONA

9

10  United States of America,              No. CR08-814-PHX-DGC

11          Plaintiff,                     MOTION TO UNSEAL DOCKET #470
                                           AND #576
12  v.

13  Daniel David Rigmaiden, et al.,

14          Defendant.

15

16      Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this

17 *Motion To Unseal Docket #470 And #576*. Through this motion, the defendant respectfully

18 requests that the Court unseal **(1)** *Submission Of Materials Related To Applications And*

19 *Court Orders Numbered 08-90330 And 08-90331, Authorized By Magistrate Judge Richard*

20 *Seeborg, Northern District Of California, On July 11, 2008* (Dkt. #470), and **(2)** *Submission*

21 *Of Documents Related To District Of Arizona Court Orders 08-3286MB-LOA, 08-3298MB-*

22 *LOA, and 08-7273MB-ECV Obtained To Facilitate Locating The Aircard* (Dkt. #576). If the

23 documents remain sealed then the defendant's Sixth Amendment right to public pretrial court

24 proceedings and documents will continue to be violated. Although the defendant does not

25 need to show prejudice as the violation involves a **direct** Constitutional right, keeping the

26 documents sealed will result in the defendant's Fifth Amendment right to due process being

27 violated considering his defense preparation efforts will be hindered.

28      In *Phoenix Newspapers*, the Ninth Circuit noted that "[i]n addition to a constitutional

- 1 -

1  right of access to criminal trials, 'the courts of this country recognize a general right to
2  inspect and copy public records and documents, including judicial documents and records.'"
3  Phoenix Newspapers v. U.S. Dist. C., Dist., AZ, 156 F.3d 940, 946 (9th Cir. 1998) (quoting
4  Nixon v. Warner Communications, Inc., 435 U.S. 589, 570 (1978)).  *Phoenix Newspapers*
5  analyzed an argument made by the press that it had a First Amendment right of access to
6  transcripts involved in a criminal proceeding.  "Nevertheless, there can be little doubt that
7  the explicit Sixth Amendment right of the accused is no less protective of a public trial than
8  the implicit First Amendment right of the press and public."  Waller v. Georgia, 467 U.S. 39,
9  46 (1984).
10         Cellular phone, aircard, and other wireless device locating is an issue that is currently
11 receiving significant public scrutiny[1] and there is little legal guidance on the issue at the
12 appellate level.[2]  Christopher Soghoian[3] (security/privacy researcher at the Center for
13 Applied Cybersecurity Research, Indiana University), and the American Civil Liberties
14 Union (ACLU) of Arizona have expressed an interest in the defendant's case due to the
15 technology and Fourth Amendment issues involved.  The general right to view public
16 documents and proceedings "is justified by the interests of citizens in keeping a watchful eye
17 on the workings of public agencies."  Kamakana v. City & County of Honolulu, 447 F.3d
18 1172, 1178 (9th Cir. 2006) (internal quotation marks, brackets and citation omitted).  By
19 unsealing the noted filings, the defendant will be better suited in his efforts to solicit public

---

1.    *See, e.g.*, Bankston, Kevin (EFF), *Surveillance Shocker: Sprint Received 8 MILLION Law Enforcement Requests for GPS Location Data in the Past Year* (Dec. 1, 2009), *available at*  http://www.eff.org/deeplinks/2009/12/surveillance-shocker-sprint-received-8-million-law (last accessed Feb. 15, 2011) (an article about research conducted by Christopher Soghoian); Singel, Ryan (Wired), *FBI E-Mail Shows Rift Over Warrantless Phone Record Grabs* (Dec. 20, 2007), *available at* http://www.wired.com/print/politics/onlinerights/news/2007/12/fbi_cell (last accessed Sep. 22, 2010).

2.    *See, e.g.*, United States v. Reyes, 2011 U.S. App. LEXIS 10610, No. 10-50173, p. 2 (9th Cir., May 25, 2011) ("The government's use at trial of Reyes's cell site location information raises important and troublesome privacy questions not yet addressed by this court.").

3.    *See* Dubfire.net (website), *Christopher Soghoian* (his work has been cited by the Ninth Circuit Court of Appeals), *available at* http://www.dubfire.net (last accessed Feb. 15, 2011).

*MOTION TO UNSEAL DOCKET #470 AND #576*
*CR08-814-PHX-DGC*

1 attention and involvement in his case which will in turn increase his chances of prevailing on
2 his *Motion For Discovery*[4] and *Motion To Suppress*.  For example, upon examination of the
3 sealed filings, the ACLU may decide to file an amicus brief in support of the defendant's
4 position.
5     For the reasons stated above, the defendant respectfully requests that the Court grant
6 this motion and unseal Dkt. #470 and #576.
7     This motion and all attachments were drafted and prepared by the *pro se* defendant,
8 however, he authorizes his shadow counsel, Philip Seplow, to file this motion and all
9 attachments on his behalf using the ECF system.  The defendant is appearing *pro se* and has
10 never attended law school.  The defendant's filings, however inartfully pleaded, must be
11 liberally construed and held to less stringent standards than formal pleadings drafted by
12 lawyers.  *See* Haines v. Kerner, 404 U.S. 519, 520 (1972).
13     LRCrim 12.2(a) requires that the undersigned include the following statement in all
14 motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this
15 motion or of an order based thereon."
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27
28 4.   *See Motion For Disclosure Of All Relevant And Helpful Evidence Withheld By The Government Based On A Claim Of Privilege* (Dkt. #590 [lodged proposed]).

*MOTION TO UNSEAL DOCKET #470 AND #576*
*CR08-814-PHX-DGC*

- 3 -

1 | Respectfully Submitted:
2 |
3 |                     PHILP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Defendant:

s/ Philip Seplow
Philip Seplow
Shadow Counsel for Defendant.

9 ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

*MOTION TO UNSEAL DOCKET #470 AND #576*
*CR08-814-PHX-DGC*

*MOTION TO UNSEAL DOCKET #470 AND #576*
*CR08-814-PHX-DGC*

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

I hereby certify that on:                          I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))