Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

Daniel David Rigmaiden, et al.,

Defendant.

No. CR08-814-PHX-DGC

SUPPLEMENT TO RESPONSE TO GOVERNMENT'S MEMORANDUM REGARDING LAW ENFORCEMENT PRIVILEGE AND REQUEST FOR AN *EX PARTE* AND *IN CAMERA* HEARING IF NECESSARY

Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this *Supplement To Response To Government's Memorandum Regarding Law Enforcement Privilege And Request For An Ex Parte And In Camera Hearing If Necessary*. This filing supplements the defendant's *Response To Government's Memorandum Regarding Law Enforcement Privilege And Request For An Ex Parte And In Camera Hearing If Necessary* (hereafter "Response Brief") (Dkt. #536). Since filing his *Response Brief*, new facts have been discovered that support the defendant's position that the government is not entitled to an *ex parte* and *in camera* hearing with respect to the evidence it claims is privileged. In his *Response Brief*, the defendant argued that the evidence the government claims is privileged is already public knowledge or relates to matters that are already public knowledge. Since that time, new information has been discovered indicating that the government's use of portable/transportable wireless device locators is even greater public knowledge than originally thought. The defendant is filing this supplement to place the newly discovered

- 1 -

*SUPPLEMENT TO RESPONSE TO GOVERNMENT'S MEMORANDUM REGARDING LAW ENFORCEMENT PRIVILEGE AND REQUEST FOR AN EX PARTE AND IN CAMERA HEARING IF NECESSARY CR08-814-PHX-DGC*

evidence on the record.

The government is currently claiming a general executive privilege (*i.e.*, law enforcement privilege) over the majority of the evidence being withheld from the defendant. [1] A state secrets procedural rule that should apply when analyzing the government's law enforcement privilege claim is discussed in *Hepting*: "what is or is not secret depends on what the government and its alleged operative... have either [publicly] admitted or denied or is beyond reasonable dispute." Hepting v. AT&T Corp., 439 F.Supp.2d 974, 990-91 (N.D. Cal. 2006).[2] It should be reiterated that the Court has broad discretion while deciding claims of privilege and "[m]any of the [other] courts that have developed doctrine about the executive or governmental privilege have drawn on cases involving the 'state secrets' privilege for procedural guidance." Kelly v. San Jose, 114 F.R.D. 653, 668 (N.D. Cal. 1987) (citing Kerr v. U.S.D.C., 511 F.2d 192, 198 (9th Cir. 1975), *aff'd* 426 U.S. 394 (1977)).[3] Additionally, while addressing an executive privilege claim specifically, the Supreme Court held that if the claimed privileged information is revealed to the defendant then "the privilege is no longer applicable." United States v. Roviaro, 353 U.S. 53, 60 (1957).[4][5]

---

1. In response to one discovery request, the government also made an informal CIPA claim (Classified Information Procedures Act, 18 U.S.C. app. III § *et seq.*) with respect to aircard subscriber information seized by the FBI.

2. *See also* Horn v. Huddle, 636 F.Supp.2d 10, 17 and fn. 9 (D.D.C. 2009) (Applying CIPA to a civil case, the court agreed that "the government has asserted the state secrets privilege too broadly[,]" in part because "the plaintiff makes a credible argument not only that the device is publicly known, but that the fact that the government uses this type of device is publicly available...").

3. CIPA also has its roots in the common-law state secrets privilege. *See*, *e.g.*, United States v. Aref, 533 F.3d 72, 78-79 (2nd Cir. 2008) ("The most likely source of the protection of classified information lies in the common-law privilege against disclosure of state secrets.... It would appear that classified information at issue in CIPA cases fits comfortably within the state-secrets privilege.").

4. *See also* In re Guantanamo Bay Detainee Litigation, 630 F.Supp.2d 1, 6 (D.D.C. 2009) (When addressing a law enforcement sensitive privilege, "[a]t a minimum, the specificity required by the D.C. Circuit precludes the government from seeking to designate as protected information that is already in the public domain.") (citing Parhat v. Gates, 532 F.3d 834, 853 (D.C. Cir. 2008)).

5. Even in the context of a Freedom of Information Act Request, the Ninth Circuit has applied the same reasoning. *See* Rosenfeld v. United States Dep't of justice, 57 F.3d 803, 815 (9th Cir. 1995) ("It would not serve the purposes of FOIA to allow the government to withhold information to keep secret a[n] investigative technique that is routine and generally known.").

- 2 -

*SUPPLEMENT TO RESPONSE TO GOVERNMENT'S MEMORANDUM REGARDING LAW ENFORCEMENT PRIVILEGE AND REQUEST FOR AN EX PARTE AND IN CAMERA HEARING IF NECESSARY CR08-814-PHX-DGC*

In his *Response Brief*, the defendant relies on *Hepting* and numerous other cases to argue that the government cannot make a claim of privilege on information relating to the StingRay, KingFish, TriggerFish and other Harris portable/transportable wireless device locators considering the government and Harris have already officially released to the public a significant amount of information regarding the devices. Since filing his *Response Brief*, the defendant has become aware of new evidence indicating that the noted public disclosures have had such a significant impact on public knowledge that routine use of the devices has trickled down to pop-culture entertainment—arguably the rock bottom of informational sources. In an episode of *The Closer*,[6] aired on TNT on July 25, 2011, corrupt law enforcement officials and a civilian technical employee (*i.e.*, a "tech guy")[7] used the "CatFish" without a warrant to locate a citizen's cell phone in real-time. The corrupt law enforcement officials informed their supervisor that they "triangulated his location...by using, uh, the CatFish."[8] During the episode, there was a shot of the CatFish consisting of a computer screen with a digital map, a green bullseye representing the tracking vehicle location in real-time, and a red bullseye representing the location of the targeted phone in real-time.[9] This is identical to what is explained in the Harris datasheet for its geolocation software used with the StingRay and KingFish: "geospatially accurate mapping routine [] shows on-screen the exact location of the tracking vehicle, plus Direction of Arrival (DOA) information and/or estimated range/location information on the targeted phone."[10]

---

6. TNT, *The Closer*, "To Serve With Love," Season 1 - Episode 3, Aired: July 25, 2011, 11:00pm EDT, *listing available at* http://www.tvguide.com/tvshows/closer-2011/episode-3-season-7/serve-love/191813 (last accessed Jul. 29, 2011) ("Flynn and Provenza plunge into yet another ill-fated adventure when they try to make quick cash by serving court papers for a lawyer.").

7. *See* <u>EXHIBIT 02</u> (Screenshot of the two corrupt law enforcement officials and the civilian technical employee, *from* TNT, Dramavision, Video Clip: *The Closer*, "To Serve With Love," *clip available at* http://www.tnt.tv/dramavision (last accessed Aug. 2, 2011)).

8. Quoted audio dialogue, *from* TNT, Dramavision, Video Clip: *The Closer*, "To Serve With Love," *clip available at* http://www.tnt.tv/dramavision (last accessed Aug. 2, 2011).

9. *See* <u>EXHIBIT 01</u> (Screenshot of the CatFish in action, *from* TNT, Dramavision, Video Clip: *The Closer*, "To Serve With Love," *clip available at* http://www.tnt.tv/dramavision (last accessed Aug. 2, 2011)).

10. *See Response Brief*, p. 17-18, and Bates Nos. 01 of EXHIBIT 28 (explaining the Harris Geolocation software) (Dkt. #536).

Notwithstanding the CatFish likely being fictitious and consisting of a Hollywood prop, a pop-culture television show having a storyline centered on a Harris style portable/transportable wireless device locator (down to the last detail) shows how the noted public disclosures have significantly permeated society to a point where the subject matter is unquestionably common knowledge. This unquestionable common knowledge vitiates any government claim of privilege—whether it be law enforcement, state secrets, or CIPA claim.

This motion and all attachments were drafted and prepared by the *pro se* defendant, however, he authorizes his shadow counsel, Philip Seplow, to file this motion and all attachments on his behalf using the ECF system. The defendant is appearing *pro se* and has never attended law school. The defendant's filings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *See* Haines v. Kerner, 404 U.S. 519, 520 (1972).

LRCrim 12.2(a) requires that the undersigned include the following statement in all motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or of an order based thereon."

///

///

///

///

///

///

///

///

///

///

///

///

///

SUPPLEMENT TO RESPONSE TO GOVERNMENT'S MEMORANDUM REGARDING LAW ENFORCEMENT PRIVILEGE AND REQUEST FOR AN EX PARTE AND IN CAMERA HEARING IF NECESSARY CR08-814-PHX-DGC

- 4 -

Respectfully Submitted: August 17, 2011

PHILP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Defendant:

s/ Philip Seplow
Philip Seplow
Shadow Counsel for Defendant.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

**CERTIFICATE OF SERVICE**

I hereby certify that on: August 17, 2011 I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

*SUPPLEMENT TO RESPONSE TO GOVERNMENT'S MEMORANDUM REGARDING LAW ENFORCEMENT PRIVILEGE AND REQUEST FOR AN EX PARTE AND IN CAMERA HEARING IF NECESSARY CR08-814-PHX-DGC*

- 6 -