1  Daniel Rigmaiden
   Agency # 10966111
2  CCA-CADC
   PO Box 6300
3  Florence, AZ 85132
   Telephone: none
4  Email: none

5  Daniel David Rigmaiden
   Pro Se, Defendant
6

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| United States of America, | No. CR08-814-PHX-DGC |
|---|---|
| Plaintiff, | MOTION TO DISMISS FOR DESTRUCTION OF EVIDENCE |
| v. | |
| Daniel David Rigmaiden, et al., | ORAL ARGUMENT REQUESTED |
| Defendant. | |

Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this *Motion To Dismiss For Destruction Of Evidence*. Through this motion, the defendant respectfully requests that the Court dismiss the case with prejudice if it finds that **(1)** the defendant had a *lesser* expectation of privacy within apartment No. 1122 and in the aircard location if the destroyed real-time aircard location data indicated that the aircard was located to an area covering three or four apartments, **(2)** the defendant had a *greater* expectation of privacy within apartment No. 1122 and in the aircard location if the destroyed real-time aircard location data indicated that the aircard was located precisely inside apartment No. 1122, and **(3)** the defendant is unable to prove that the aircard was located precisely inside apartment No. 1122 with the evidence he has already placed on the record (all the evidence he currently has regarding the matter). As an alternative to dismissal, the defendant respectfully requests that the Court make a factual finding that the aircard was located precisely inside apartment No. 1122 for the purposes of deciding all Fourth Amendment

- 1 -

issues. The defendant is filing this motion considering his Fifth and Fourth Amendment rights were violated due to the government's bad faith destruction of the real-time aircard location data obtained via the N.D.Cal. 08-90330MISC-RS order and obtained via the StingRay. The destroyed evidence would unquestionably prove that the aircard was located precisely inside apartment No. 1122. The defendant respectfully requests that the Court immediately rule on this motion so that, at the very least, it will be settled from this point forward whether the defendant's *Motion To Suppress* should be framed in light of the destroyed evidence indicating that the aircard was located precisely inside apartment No. 1122 or to an area covering three or four apartments. If this motion is not immediately decided then the defendant will be prejudiced considering he will be forced to have his *Motion To Suppress* address the government's concocted three or four apartment scenario of which is contrary to the truth. This motion is supported by the memorandum of points and authorities attached hereto and incorporated by this reference.

     This motion and all attachments were drafted and prepared by the *pro se* defendant, however, he authorizes his shadow counsel, Philip Seplow, to file this motion and all attachments on his behalf using the ECF system. The defendant is appearing *pro se* and has never attended law school. The defendant's filings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *See* Haines v. Kerner, 404 U.S. 519, 520 (1972).

     LRCrim 12.2(a) requires that the undersigned include the following statement in all motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or of an order based thereon."

///
///
///
///
///
///

1  Respectfully Submitted:

3  PHILP SEPLOW, Shadow Counsel, on
   behalf of DANIEL DAVID RIGMAIDEN,
4  Pro Se Defendant:

6  s/ Philip Seplow
   Philip Seplow
7  Shadow Counsel for Defendant.

9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

*MOTION TO DISMISS FOR DESTRUCTION OF EVIDENCE*
*CR08-814-PHX-DGC*

- 3 -

**CERTIFICATE OF SERVICE**

I hereby certify that on:            I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))