Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>     Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden, et al.,<br><br>     Defendant. | No. CR08-814-PHX-DGC<br><br>MOTION/APPLICATION FOR SUBPOENA DUCES TECUM PURSUANT TO FED. R. CRIM. P. 17(c) FOR PROMETHEUS REAL ESTATE GROUP |

Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this *Motion/Application For Subpoena Duces Tecum Pursuant To Fed. R. Crim. P. 17(c) For Prometheus Real Estate Group*.  Through this motion, the defendant respectfully requests that the Court order the attached subpoena and order to be issued and served on Prometheus Real Estate Group's statutory agent at the government's expense pursuant to Fed. R. Crim. P. 17(b) and (c), and 28 USC § 1825(a), *et seq*.  The subpoena and order are needed in order to obtain items of an evidentiary value and to ensure that fees and costs are paid associated with the subpoena.  Prometheus Real Estate Group is the parent company that has authority/ownership[1] over the property upon which the Domicilio apartment complex is built.  In support of this application, the defendant sets forth arguments in Section II, *infra*.

///

///

1.    Domicilio is protected by multi-layered corporate structuring.

## I.   **INCORPORATIONS**

### A.   **External document incorporations.**

The following additional motions/filings are hereby incorporated into this motion by reference pursuant to LRCiv 7.1(d)(2) when referenced through LRCrim 12.1:

*1.   Motion For Disclosure Of All Relevant And Helpful Evidence Withheld By The Government Based On A Claim Of Privilege* (hereafter "Motion For Discovery") (Dkt. #590 [lodged proposed]);

## II.   **ARGUMENT**

### A.   **The evidence sought to be subpoenaed from Prometheus Real Estate Group has an evidentiary value.**

Attached to this motion is the defendant's subpoena seeking production of blueprints for a section of the Domicilio apartment complex, 431 El Camino Real, Santa Clara, CA, and limited apartment rental/occupancy records.  The subpoenaed items have an evidentiary value going to the defendant's Fourth Amendment arguments relating to the government's aircard locating mission.  The subpoenaed items are not in the possession of the government, are not otherwise procurable by the defendant through exercise of due diligence, are needed by the defendant in order to prepare his *Motion To Suppress*, and are admissible at a suppression hearing.  The defendant meets the requirements to have the attached subpoena issued.

While determining what was "evidentiary" in the context of a subpoena, the Supreme Court in United States v. Nixon adopted the four-part test set forth by Judge Weinfeld in United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952).  *See id.*, 418 U.S. 683, 699 (1974).  "Under this test, in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'"  *Id.* at 699-700.  The right of an indigent criminal defendant to use subpoenas

1   also rests on "the Sixth Amendment right to compulsory process and on the Fifth

2   Amendment right not to be subjected to disabilities by the criminal justice system because of

3   financial status." United States v. Sims, 637 F.2d 625, 629 (9th Cir. 1980).

4        The evidence the defendant seeks from Prometheus Real Estate Group has an

5   evidentiary value as explained in the subsection that follows.  The defendant will not repeat

6   any relevant threshold Fourth Amendment arguments considering they are already articulated

7   in his *Motion For Discovery*.  The following subsections will only show how the evidence

8   sought to be subpoenaed will establish facts that will substantiate the defendant's claims

9   contained in his *Motion For Discovery* and thus provide a basis for his Fourth Amendment

10  arguments.  The defendant respectfully requests the Court look to his *Motion For Discovery*

11  for the relevant Fourth Amendment arguments or set a hearing where the defendant can

12  explain to the Court verbally how the evidence sought to be subpoenaed supports his Fourth

13  Amendment arguments and possibly address other questions regarding the other *Nixon*

14  factors.  The defendant has requested oral arguments so that he may elaborate on his need for

15  the subpoenaed evidence in the event that the Court finds this motion deficient.  With respect

16  to subpoenaed item No. 1, it should be noted that the defendant has made repeated requests

17  (for over a year) to both his court-appointed legal researcher and court-appointed private

18  investigator to obtain the requested blueprints.  Members of the defendant's court-appointed

19  defense either refuse to obtain the blueprints based on it costing too much money to pay up

20  front (investigator) or give up on trying to obtain the blueprints when the task becomes too

21  complex to complete from within Arizona (legal researcher/Seplow assistant).  The

22  defendant has no other option to obtain the needed blueprints.

23          **1.   Prometheus Real Estate Group Subpoena, Item No. 1.**

24       The defendant is requesting blueprints for the Domicilio apartment complex for the

25  two buildings containing relevant apartments.  The defendant needs the requested evidence

26  so that he can determine $X$, $Y$, and $Z$ axis measurement values for the precision and margin of

27  errors claimed by the government with respect to using the StingRay, *etc.*, to locate the

28  aircard inside apartment No. 1122.  By analyzing the requested blueprints, the defendant will

be able to determine precise measurements in support of the facts and arguments discussed in his *Motion For Discovery*, Section V(E), and VI(C)(1)(a) and (2)(a).

### 2. Prometheus Real Estate Group Subpoena, Item No. 2.

The defendant is requesting details regarding which apartment units were rented out of all of the relevant apartments between June 1, 2008 and August 4, 2008. The defendant needs the requested evidence so that he can determine which apartments near apartment No. 1122 were unoccupied/occupied at the time the government located the aircard. Living in an apartment with less immediate neighbors is more private than living in an apartment with more immediate neighbors. Additionally, an empty apartment would have allowed the government to immediately infer that the empty apartment does not contain the aircard and thus increase the real world precision of its aircard locating mission even under the government's concocted three or four apartment precision claim.

### B. The defendant is indigent and cannot afford to pay for service of the attached subpoena or fees of Prometheus Real Estate Group.

The defendant is indigent with currently $0.03 in liquid assets. Attached to this motion/application is a declaration by the defendant attesting to his indigent status. The defendant respectfully requests that the Court issue an order requiring (1) the government to pay for service of the subpoena and order, and (2) that Prometheus Real Estate Group be paid in the same manner in which similar costs and fees are paid in the case of a witness subpoenaed on behalf of the government.

### III.   CONCLUSION

For the reasons stated above, the defendant respectfully requests that the Court (1) grant this motion and issue the attached subpoena, (2) issue the attached order requiring that the costs incurred by the process and the fees of Prometheus Real Estate Group so subpoenaed shall be paid in the same manner in which similar costs and fees are paid in the case of a witness subpoenaed on behalf of the government, and (3) if needed, set a hearing where the defendant can further elaborate on how the requested evidence is relevant and

*MOTION/APPLICATION FOR SUBPOENA DUCES TECUM PURSUANT TO FED. R. CRIM. P. 17(c) FOR PROMETHEUS REAL ESTATE GROUP CR08-814-PHX-DGC*

1   material to his defense.

2        This motion and all attachments were drafted and prepared by the *pro se* defendant,

3   however, he authorizes his shadow counsel, Philip Seplow, to file this motion and all

4   attachments on his behalf using the ECF system.  The defendant is appearing *pro se* and has

5   never attended law school.  The defendant's filings, however inartfully pleaded, must be

6   liberally construed and held to less stringent standards than formal pleadings drafted by

7   lawyers.  *See* <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

8        LRCrim 12.2(a) requires that the undersigned include the following statement in all

9   motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this

10  motion or of an order based thereon."

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

*MOTION/APPLICATION FOR SUBPOENA DUCES TECUM PURSUANT TO*
*FED. R. CRIM. P. 17(c) FOR PROMETHEUS REAL ESTATE GROUP*
*CR08-814-PHX-DGC*

Respectfully Submitted:

PHILP SEPLOW, Shadow Counsel, on
behalf of DANIEL DAVID RIGMAIDEN,
Pro Se Defendant:


s/ Philip Seplow
Philip Seplow
Shadow Counsel for Defendant.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

MOTION/APPLICATION FOR SUBPOENA DUCES TECUM PURSUANT TO
FED. R. CRIM. P. 17(c) FOR PROMETHEUS REAL ESTATE GROUP
CR08-814-PHX-DGC

- 6 -

**CERTIFICATE OF SERVICE**

    I hereby certify that on:               I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

*MOTION/APPLICATION FOR SUBPOENA DUCES TECUM PURSUANT TO FED. R. CRIM. P. 17(c) FOR PROMETHEUS REAL ESTATE GROUP CR08-814-PHX-DGC*