Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden, et al.,<br><br>    Defendant. | No. CR08-814-PHX-DGC<br><br>MOTION FOR ORDER REQUIRING GOVERNMENT TO RELEASE THE PHYSICAL AIRCARD TO THE DEFENSE |

Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this *Motion For Order Requiring Government To Release The Physical Aircard To The Defense*. In a letter dated July 29, 2011, the government responded to the defendant's request to provide the aircard to the defense so that tests could be performed. *See* EXHIBIT 01 (the defendant's request) and EXHIBIT 02 (the government's response). In the government's response letter, AUSA Battista stated that "the prosecution will not agree to turn over the aircard to your investigator, [but] we may be willing to produce it for examination and testing in our presence and under our supervision – please provide use with a summary of what examination and testing you wish to conduct so that we may consider your request[.]" *Id*. The defendant does not agree with the government's proposal and he is filing this motion to request that the Court order the government to transfer the aircard to the defense so that private unmonitored tests may be performed by the defense team.

The government is obligated to produce the aircard for defense testing pursuant to

- 1 -

1  Rule 16 of the Federal Rules of Criminal Procedure, <u>Brady v. Maryland</u>, 373 U.S. 83 (1963),
2  and <u>United States v. Gamez-Orduno</u>, 235 F.3d 453, 461 (9th Cir. 2000).  The defendant
3  should not be required to reveal even more of his defense strategies simply to gain access to
4  evidence the government is required by law to provide.  The defendant has already
5  prematurely revealed to the government far more defense strategies regarding his *Motion To*
6  *Suppress* than would ever need to be revealed if the government were not withholding
7  evidence based on frivolous and unfounded claims of privilege.[1]  If the defendant explains
8  to the government why the defense needs access to the aircard then the government will gain
9  a further tactical advantage by unnecessarily learning the defendant's defense strategies
10 relating to tests that need to be performed on the aircard.[2]  The defendant respectfully
11 requests that the Court (1) order the government to transfer possession of the aircard to the
12 defense, (2) order the defense to maintain and document a chain of custody for the aircard
13 while it is in the possession of the defense, and (3) order the defendant to instruct his defense
14 members to return the aircard and full chain of custody documentation to the government
15 once the defendant determines that defense testing is complete.

16   This motion and all attachments were drafted and prepared by the *pro se* defendant,
17 however, he authorizes his shadow counsel, Philip Seplow, to file this motion and all
18 attachments on his behalf using the ECF system.  The defendant is appearing *pro se* and has
19 never attended law school.  The defendant's filings, however inartfully pleaded, must be
20 liberally construed and held to less stringent standards than formal pleadings drafted by
21 lawyers.  *See* <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

---

1.  For example, the defendant prepared stipulations that would alleviate the defendant's need for the privileged evidence and even agreed to a prior government request, made by AUSA James Knapp, to have the parties sign stipulations under seal to protect government interests.  After preparing draft stipulations and forwarding them to the government, the prosecution refused all proposed stipulations and made no suggestions as to changes that would make them more appealing to the government's interests.  Even stipulations regarding clearly undisputed facts such as how many destination IP addresses were seized, the design of the Domicilio apartment complex, the details of the aircard, *etc.*, were all rejected by the government.  The government likely had no interest in stipulations from the beginning and was entertaining the issue to gain a tactical advantage.

2.  The defendant is willing, however, to advise the Court *ex parte* on the nature of the planned tests and why they are essential to the preparation of the defendant's *Motion To Suppress*.

1  LRCrim 12.2(a) requires that the undersigned include the following statement in all
2  motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this
3  motion or of an order based thereon."
4  ///
5  ///
6  ///
7  ///
8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

*MOTION FOR ORDER REQUIRING GOVERNMENT TO RELEASE THE PHYSICAL AIRCARD TO THE DEFENSE*
*CR08-814-PHX-DGC*

1 | Respectfully Submitted:

PHILP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Defendant:

s/ Philip Seplow
Philip Seplow
Shadow Counsel for Defendant.

9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

*MOTION FOR ORDER REQUIRING GOVERNMENT TO RELEASE THE PHYSICAL AIRCARD TO THE DEFENSE*
*CR08-814-PHX-DGC*

*MOTION FOR ORDER REQUIRING GOVERNMENT TO RELEASE THE PHYSICAL AIRCARD TO THE DEFENSE*
*CR08-814-PHX-DGC*

**CERTIFICATE OF SERVICE**

I hereby certify that on:                    I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))