1 Daniel Rigmaiden
  Agency # 10966111
2 CCA-CADC
  PO Box 6300
3 Florence, AZ 85132
  Telephone: none
4 Email: none

5 Daniel David Rigmaiden
  Pro Se, Defendant
6

7                    UNITED STATES DISTRICT COURT

8                           DISTRICT OF ARIZONA

9

10 United States of America,                 No. CR08-814-PHX-DGC

11        Plaintiff,                         MOTION TO DISMISS FOR LACK OF
                                             ACCESS TO SEIZED STORAGE DEVICE
12 v.                                        DRIVE IMAGES

13 Daniel David Rigmaiden, et al.,

14        Defendant.

15

16        Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this

17 *Motion To Dismiss For Lack Of Access To Seized Storage Device Drive Images*.  All

18 members of the defendant's court-appointed defense refuse to purchase the computer

19 hardware/software needed in order for the defendant to gain access to the seized storage

20 device drive images—even after the Court approved funding for the task.  Considering all

21 members of the defense refuse to assist the defendant with gaining access to the seized

22 storage device drive images, it was agreed that the government would file a motion for

23 authorization to purchase the needed hardware/software so that the defendant could access

24 the seized storage device drive images in the possession of the government.  *See* July 22,

25 2011 Order at Dkt. # 581-1, p. 2 ("The Court [] indicated [at the July 20, 2011 status

26 conference] that it would be willing to sign an order authorizing the government to purchase

27 certain computer equipment for Defendant, to be reimbursed with court funds.").  Over one

28 month after the agreement, the government has not provided the defense with the needed

computer hardware/software nor has the government provided the defense with the seized storage device drive images. The defendant has been incarcerated since August 3, 2008 and he has been waiting to view vital evidence contained on the seized storage device drive images since arriving in Arizona from California **more than three years ago**. The defendant has been personally attempting to gain access to the seized storage device drive images since he began representing himself in January of 2009. The defendant cannot continue further with his defense preparation unless he has access to the seized storage device drive images. Most pressing, the defendant needs to access the seized storage device drive images in order to prepare certain sections of his *Motion To Suppress*.

The government is obligated to provide the defendant with the seized storage device drive images pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Gamez-Orduno, 235 F.3d 453, 461 (9th Cir. 2000). With respect to seized storage device drive images specifically, in State v. Dingman the court reversed a conviction and remanded for a new trial after finding that the trial court erred by denying the defendant meaningful access to hard drives seized from his house. *See id.*, 202 P.3d 388 (Wash App. 2009).

The defendant respectfully requests that the Court dismiss the case with prejudice due to the defendant being unable to access the seized storage device drive images needed for defense preparation.

This motion and all attachments were drafted and prepared by the *pro se* defendant, however, he authorizes his shadow counsel, Philip Seplow, to file this motion and all attachments on his behalf using the ECF system. The defendant is appearing *pro se* and has never attended law school. The defendant's filings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *See* Haines v. Kerner, 404 U.S. 519, 520 (1972).

LRCrim 12.2(a) requires that the undersigned include the following statement in all motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or of an order based thereon."

1 | Respectfully Submitted:

3 | PHILP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Defendant:

6 | s/ Philip Seplow
Philip Seplow
Shadow Counsel for Defendant.

9 ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

*MOTION TO DISMISS FOR LACK OF ACCESS TO SEIZED STORAGE DEVICE DRIVE IMAGES*
*CR08-814-PHX-DGC*

- 3 -

**CERTIFICATE OF SERVICE**

I hereby certify that on: _____ I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))