ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

FREDERICK A. BATTISTA
Maryland State Bar Member
PETER S. SEXTON
Arizona State Bar No. 011089
JAMES R. KNAPP
Arizona State Bar No. 021166
Assistant U.S. Attorneys
Two Renaissance Square
40 North First Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 514-7500
Fred.Battista@usdoj.gov
Peter.Sexton@usdoj.gov
James.Knapp2@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>     v.<br><br>Daniel David Rigmaiden, et al,<br><br>          Defendants. | CR-08-814-001-PHX-DGC<br><br>**RESPONSE TO DEFENDANT RIGMAIDEN'S MOTION FOR ORDER REQUIRING GOVERNMENT TO RELEASE THE PHYSICAL AIRCARD TO THE DEFENSE - DOCKET NO. 597** |

The United States, by and through its attorneys undersigned, respectfully responds to defendant Daniel David Rigmaiden's Motion for Order Requiring Government to Release the Physical Aircard to the Defense at Docket No. 597 as follows.  As the Court has become well aware in this case, the subject aircard, which the government believes defendant used to clandestinely file fraudulent income tax returns electronically and was the source of signals which lead the government to the defendant's unknown location, is a critical piece of evidence. Defendant recently requested that the aircard be turned over to the defense team for examination. In response to the original request, the government stated, "[t]he prosecution will not agree to turn over the aircard to your investigator, we may be willing to produce it for examination and

1  testing in our presence and under our supervision - please provide us with a summary of what
2  examination and testing you wish to conduct so that we may consider your request." (See
3  Defendant' Motion, Exhibit 2.)

4  Due to the critical nature of this piece of evidence, it is clearly inappropriate for defendant
5  to have complete dominion and control over the evidence. While not suggesting that the defense
6  team would do anything inappropriate with the aircard, it is nevertheless possible that the
7  evidence could be lost, damaged, switched, altered or manipulated while in the custody of a
8  party other than the government and the government would be powerless to prevent any of these
9  events. Due to the fact that there is only one unique aircard, the government's proposal that
10 would possibly permit examination by the defense team, in a controlled environment and the
11 presence of the government, is eminently reasonable.

12 For the above stated reasons, the United States respectfully requests that defendant's
13 Motion for Order Requiring Government to Release the Physical Aircard to the Defense be
14 denied.

15 Respectfully submitted this 20th day of September, 2011.

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

S/Frederick A. Battista

FREDERICK A. BATTISTA
PETER S. SEXTON
JAMES R. KNAPP
Assistant U.S. Attorneys

2

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2011, I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Philip Seplow
Shadow Counsel for Defendant Daniel David Rigmaiden

Taylor Fox
Counsel for Defendant Ransom Carter

A copy of the attached document was also mailed to:

Daniel David Rigmaiden
Agency No. 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132


S/Frederick A. Battista

FREDERICK A. BATTISTA
Assistant U.S. Attorney

3