ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

FREDERICK A. BATTISTA
Maryland State Bar Member
PETER S. SEXTON
Arizona State Bar No. 011089
JAMES R. KNAPP
Arizona State Bar No. 021166
Assistant U.S. Attorneys
Two Renaissance Square
40 North First Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 514-7500
Fred.Battista@usdoj.gov
Peter.Sexton@usdoj.gov
James.Knapp2@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>   v.<br><br>Daniel David Rigmaiden, et al,<br><br>          Defendants. | No. CR-08-0814-001-PHX-DGC<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR DESTRUCTION OF EVIDENCE - DOCKET NO. 595** |

The United States, through undersigned counsel, opposes Defendant's Motion to Dismiss. Defendant asks this Court to dismiss the charges, arguing that the government's failure to preserve data collected from the aircard tracking operation is a due process violation. As argued below, Defendant fails to show that the data would be helpful, he fails to explain why other evidence – such as e-mails or reports regarding the tracking operation or testimony from case agents involved in the investigation – would be insufficient, and he fails to show that the United States acted in bad faith by complying with an Order from a U.S. Magistrate Judge.[1]

---

[1] Defendant erroneously contends that the government sought to conceal the use of the equipment used to locate the subject aircard in order to insulate itself from later challenges from its use. There is no evidence of such intent, subjective or objective, in the record, or evidence that the subject
(continued...)

The failure to preserve exculpatory evidence can violate a defendant's due process rights, but the evidence must "possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." California v. Trombetta, 467 U.S. 479, 489 (1984). If the evidence is only potentially useful, a defendant must show that the government acted in bad faith. Arizona v. Youngblood, 488 U.S. 51, 58 (1988).

In Trombetta, defendants charged with drunk driving moved to suppress the Intoxilyzer results showing their blood-alcohol level at the time of arrest, arguing that the government violated due process by failing to preserve the actual breath samples those results were based on. See 467 U.S. at 482-483. The Supreme Court found no due process violation, explaining that "chances are extremely low that preserved samples would have been exculpatory." Id. at 489. The Court also found that the defendants had other means to challenge the results, including through cross-examination of the law enforcement officer who administered the Intoxilyzer test. Id. at 490. See also, Phillips v. Woodford, 267 F.3d 966 (9th Cir. 2001) (Defendant failed to show that destruction of murder victim's car was in bad faith.); Cooper v. Calderon, 255 F.3d 1104 (9th Cir. 2001) (Police destruction of bloody overalls turned in by a witness did not violate due process right of a defendant charged with murder.)

Here, there was, and presently is, no reason to think that the raw data collected during the aircard tracking operation would be exculpatory. If called to testify, FBI agents familiar with the aircard tracking operation will confirm that, in this case, the pen register and trap and trace equipment did not locate the aircard within a particular apartment. Defendant speculates that the FBI should have been able to locate the aircard with greater precision, but the facts are that

---

[1] (...continued) destruction was carried out with any knowledge that the destroyed data would in any manner be exculpatory. What is clearly obvious from the record is that the government has sought from day 1 to minimize the use of the subject equipment in order to avoid being required to disclose privileged information regarding the sensitive law enforcement nature of the equipment. (See Def't Mem. 7-9.)

they did not and that they took numerous additional investigative steps, e.g., analysis of the lease application and utility accounts, surveillance and a ruse takeout food delivery, in order to verify the location of the aircard.  There is absolutely no basis to conclude that the raw data collected during the operation would show otherwise.  Moreover, Defendant has been provided with e-mails, reports, and other material related to the tracking operation, and, if he requests an evidentiary hearing, he will have an opportunity to cross-examine witnesses who are familiar with the tracking operation, e.g., the FBI case agent.  He fails to explain why this is insufficient to satisfy due process.  Indeed, unlike the Intoxilyzer results at issue in Trombetta, the precision of the aircard tracking operation or the related equipment will not be an issue at trial and has nothing to do with whether Defendant committed the charged crimes.

Defendant claims that "[t]he destroyed evidence would unquestionably show that the aircard was located precisely inside [his apartment]," and he speculates that government agents convinced the U.S. Magistrate Judge to order destruction of the data because the agents knew in advance that the data would be helpful to Defendant.  (Def't Mem. 1, 8.)  This is pure speculation and lacks any basis in fact.  The government acted in good faith by following the U.S. Magistrate Judge's Order and was not aware of any potential exculpatory value of the expunged materials.  Even if the order had not required destruction of the data, the FBI has a standard policy of destroying the real-time data at the end of a tracking operation.  If called to testify, the FBI case agent familiar with the operation will confirm this.

Accordingly, Defendant's motion should be denied.

Respectfully submitted this 23rd day of September, 2011.

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

S/Frederick A. Battista

FREDERICK A. BATTISTA
PETER S. SEXTON
JAMES R. KNAPP
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2011, I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Philip Seplow
Shadow Counsel for Defendant Daniel David Rigmaiden

Taylor Fox
Counsel for Defendant Ransom Carter

A copy of the attached document was also mailed to:

Daniel David Rigmaiden
Agency No. 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

S/Frederick A. Battista

FREDERICK A. BATTISTA
Assistant U.S. Attorney