Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR08-814-PHX-DGC |
| Plaintiff, | REPLY TO GOVERNMENT RESPONSE TO MOTION FOR ORDER REQUIRING GOVERNMENT TO RELEASE THE PHYSICAL AIRCARD TO THE DEFENSE |
| v. | |
| Daniel David Rigmaiden, et al., | |
| Defendant. | |

        Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this *Reply To Government Response To Motion For Order Requiring Government To Release The Physical Aircard To The Defense*.  This filing is a reply to the Government's *Response To Defendant Rigmaiden's Motion For Order Requiring Government To Release The Physical Aircard To The Defense – Docket No. 597* (Dkt. #628).  The government filing at Dkt. #628 is a response to the defendant's *Motion For Order Requiring Government To Release The Physical Aircard To The Defense* (Dkt. #597).

    **I.    REPLY**

        The chances of the aircard being lost, damaged, *etc.* is no greater than if the government were to conduct its own tests and examinations.  The defendant will likely not come in contact with the aircard and a trained defense expert should have the ability to maintain the aircard's integrity.  However, even if the aircard were to be inadvertently lost, damaged, switched, altered or manipulated (as suggested by the government) it would have

no impact on the government's case at trial. The defendant does not see how the aircard could help the government's case other than waiving it around in front of the jury for theatrical effect. The government could just as easily wave around a photograph of the aircard to make the same effect. If the aircard were to be unavailable at trial then it would have no more an impact if the real-time aircard geolocation data were unavailable at trial. As for suppression issues, the government does not need the aircard as evidence because the government has no interest in details and, in fact, its strategy is to conceal the details of the aircard locating mission as being unimportant. In his original motion to release the aircard, the defendant explained why he should not be required to reveal the nature of the planned tests/examinations to the government.

This reply motion was drafted and prepared by the *pro se* defendant, however, he authorizes his shadow counsel, Philip Seplow, to file this motion on his behalf using the ECF system. The defendant is appearing *pro se* and has never attended law school. The defendant's filings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *See* <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

///
///
///
///
///
///
///
///
///
///
///
///

Respectfully Submitted:

PHILP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Defendant:

s/ Philip Seplow

Philip Seplow
Shadow Counsel for Defendant.

1
2
3
4
5
6
7
8
9 ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

REPLY TO GOVERNMENT RESPONSE TO
MOTION FOR ORDER REQUIRING GOVERNMENT TO RELEASE THE PHYSICAL AIRCARD TO THE DEFENSE
CR08-814-PHX-DGC

**CERTIFICATE OF SERVICE**

I hereby certify that on:                    I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))