IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>vs.<br><br>Daniel David Rigmaiden (1),<br><br>           Defendant. | No. CR08-0814-PHX-DGC<br><br>**ORDER** |

On September 22, 2011, the Court held a hearing on Defendant's motion for disclosure. Doc. 592. On the basis of the hearing, the Court enters the following orders:

1.     Counsel for the government will obtain a copy of the transcript from the September 22 hearing and confer with officials at the Department of Justice and FBI concerning additional factual stipulations that may be entered into in this case. Counsel for the government and Defendant will then meet and confer on possible additional factual stipulations that will assist in resolving the Fourth Amendment issue to be raised by Defendant.

2.     A second hearing on these issues will be held on **October 28, 2011, at 2:30 p.m.** The purpose of the hearing will be to identify additional factual matters on which the government and Defendant have reached agreement, and which matters require the Court's ruling. Following the hearing, the Court will take steps to rule on the remaining issues raised in Defendant's motion for disclosure.

3.      Assuming outstanding issues remain after the October 28, 2011 hearing, the Court likely will hold an *ex parte* hearing to permit the government to present evidence concerning the sensitive law enforcement nature of the technology at issue in this case. On the basis of the *ex parte* presentations, the Court will decide whether the technology is entitled to a law enforcement privilege. If it is not, disclosure of Defendant's requested information will be required.[1] If the Court concludes that the privilege applies, it will then engage in a *Roviaro*-type balancing to determine whether disclosure is required. As discussed at the hearing on September 22, 2011, the test to be applied is whether the information sought by Defendant would be "helpful and relevant" to his defense. *See Roviaro v. United States*, 353 U.S. 53, 60, 61 (1957). The Court will discuss these additional procedures with the parties during the hearing on October 28, 2011.

4.      During the course of the September 22, 2011 hearing, the following facts were established as undisputed for purposes of the Fourth Amendment issues in this case: The mobile tracking device used to locate the air card in this case was used by government agents on foot and within the Domicilio apartment complex; in using the equipment, agents for the government took a reading, moved to a different location and took another reading, moved to another location and took another reading, etc.; the mobile tracking device mimicked a Verizon Wireless cell tower; the mobile tracking device sent signals to, and received signals from, the air card; the mobile tracking device generated real time data during the tracking process; all data generated by the mobile tracking device and received by Verizon as part of the locating mission was destroyed by the government (the government contends that it was destroyed pursuant to an order received from the Federal Court in the Northern District of California); the data was destroyed shortly after Defendant's arrest on August 3, 2008; the mobile tracking device used to simulate a Verizon cell tower is physically separate from the pen register trap and

---

[1] As the Court indicated at the hearing on September 22, 2011, Defendant largely has satisfied the requirements for disclosure of material information under Federal Rule of Criminal Procedure 16(a)(1)(E)(i).

trace device used to collect information from Verizon; signals sent by the mobile tracking device to the air card are signals that would not have been sent to the air card in the normal course of Verizon's operation of its cell towers; the mobile tracking device conducted what Defendant describes as a "man-in-the-middle" operation.[2]

5. Following the hearing, the Court identified the following factual issues on which additional stipulations would be helpful. The Court encourages Defendant and the government to discuss these issues when they meet in advance of the October 28, 2011 hearing: The training and experience of the agents who operated the mobile tracking device; the precise route walked by agents while using the tracking device, including how closely the device came to apartment 1122; whether the mobile tracking device was used after July 16, 2008 to verify the continued presence of the air card in apartment 1122; the nature of data, if any, the government obtained from Verizon in order to simulate a Verizon cell tower; the nature of the signal sent by the mobile tracking device to the air card; whether Verizon sent the air card messages to facilitate the mobile tracking device's simulation of a cell tower; the extent to which operation of the mobile tracking device would have interfered with the air card operations; the kinds of data and measurement techniques utilized by the mobile tracking device to locate the air card; the precision with which the mobile tracking device identified the physical location of the air card; whether the mobile tracking device caused the air card to increase the strength of its signal, wrote software to the laptop's hard drive, or increased power consumption by the air card; discrepancies Defendant asserts he has found in CDNRS files and LAESP messages. The Court does not list these issues because it has made any determination concerning their Fourth Amendment significance in this case, but simply because they are areas of requested information from Defendant's motion that were not resolved at the September 22, 2011 hearing. There may well be additional issues that should be

---

[2] Counsel for the government stated at the September 22, 2011 hearing that he believes this last point to be true. The government should clarify at the October 28, 2011 hearing if this information is incorrect.

1  discussed between the government and Defendant in preparation for the October 28, 2011
2  hearing.
3       Dated this 5th day of October, 2011.

*David G. Campbell*
United States District Judge