THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE CJVLR 5.4
(Rule Number/Section)

Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

Daniel David Rigmaiden
Pro Se, Defendant

✓ FILED ___ LODGED
___ RECEIVED ___ COPY

OCT 21 2011

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America<br>Plaintiff<br>v.<br>Daniel David Rigmaiden, et. al.,<br>Defendant. | No. CR08-814-PHX-DGC<br><br>Motion Requesting Rescheduling of October 28, 2011 Court Hearing |

Defendant, Daniel David Rigmaiden, appearing pro se, respectfully requests that the Court reschedule the October 28, 2011 court hearing for approximately 30 days or more. In support of this request the defendant sets forth the following reasons:

1. The defendant's court-appointed defense is incapable of getting the defendant's notes printed and then provided to him prior to the scheduled hearing. On October 13, 2011, the defendant

1 of 6

(via his runner service) provided his court-appointed legal researcher, Dan Colmerauer, a pdf file to print containing notes the defendant needs for the upcoming hearing. After three subsequent telephonic requests, the defendant was finally able to convince Mr. Colmerauer to print the notes on October 17, 2011 and he received the print-out via mail from Mr. Colmerauer on October 18, 2011 but it had several pages missing from the middle of the stack and are useless. It is now (since July of 2011) difficult for the defendant to get Mr. Colmerauer to help the defendant with anything and when he does help he rushes the job and mistakes happen such as losing pages out of the defendant's printed notes. The defendant does not expect to be able to convince Mr. Colmerauer to reprint the notes and get them to the defendant in time for the hearing. Also, the defendant has a second set of notes that he needs printed and provided to him prior to the hearing and his defense is incapable of completing this task as well. The defendant's court-appointed runner service, Michael Stovall, does not want to assist the defendant any longer because (1) Mr. Colmerauer, who is also the defendant's Shadow Counsel's (Philip Seplow) assistant, does not file Mr. Stovall's vouchers when Mr. Stovall provides them to him resulting in Mr. Stovall having to wait two to six extra months to get paid and (2) he is not getting paid enough and can make more money doing other things. Even if Mr. Colmerauer would be willing to print the defendant's second set of notes for the hearing, and re-print his first set so that pages are not missing, there is no way for the defendant to get the pdf file to Mr.

Colmeraver to print without a runner service. Mr. Seplow often times comes to CCA-CADC and the defendant sees him in the legal visit area but for some reason Mr. Seplow does not bring a USB drive or a blank CD so that the defendant can have files brought back to Mr. Colmeraver. The defendant has given up on asking that Mr. Seplow keep blank CDs in his car for the defendant for these occurrences.

2. Even if the defendant can get his notes for the hearing, the hearing will be a waste of time because the defendant and the government are yet to attempt to work out any further factual stipulations regarding withheld discovery. The government wrote the defendant a letter regarding the matter and the defendant sent a response letter containing terms for discussions, such as being provided with water and not being subjected to 31 hours of sleep deprivation prior to discussions. The defendant has not heard back from the government and, as far as the defendant can tell, the government has not received the transcripts for the September 22, 2011 hearing. Note: the defendant assumes that he gets a copy of the transcripts as well and he has not received a copy. The defendant wishes to work out further stipulations with the government but does not see how anything can be worked out in time for the hearing.

3. The defendant was deprived of sleep 31 hours prior to the September 22, 2011 court hearing and was not able to think

effectively or effectively present his defense and was probably incompetent at the time. The defendant has briefed the issue of sleep deprivation and therein requested a Constitutional transport to the courthouse on court appearance days from this point forward, i.e., being woken up the morning of court instead of being woken up 31 hours prior to court. Unfortunately, the defendant has no way to file this motion because he has no runner service to pick up the pdf file from CCA-CADC. If the defendant arrives at the courthouse on October 28, 2011 while under sleep deprivation treatment at the hands of the United States government he will not be of sound mind to participate and if the hearing continues it will violate his Fifth and Sixth Amendment rights. The one month continuance of the hearing will provide time for the defendant to obtain his Constitutional transport to the courthouse.

4. The defendant is experiencing significant problems with his court-appointed defense and needs time to work out those issues. The defendant currently does not have the minimal resources and tools needed in order to prepare his defense in general or prepare for the October 28, 2011 hearing. Some of these issues are hinted at in this motion. Detailed elaborations, requests for guidance, and requests for relief need to be put on the record ex parte in order to resolve the issues and in order for the defendant to protect any possible appellate rights regarding lacking of minimal tools. The defendant refuses to lose on any issue simply because members of the defense do not do their jobs. If the Court grants

this motion, the defendant's defense members can use the extra time to further drag their feet and maybe decide to actually help the defendant so that he can present an effective defense at the next hearing and in general.

For the reasons stated above, the defendant respectfully requests that this motion be granted. The defendant has not attached a proposed order because it would be handwritten, not very legible and not used. The defendant has not served any other party or obtained positions on this request because the defendant has no way of doing either. CCA-CADC no longer provides copies to the defendant and he has no way to contact the other parties in time for this filing.

LRCrim 12.2(a) requires that the undersigned include the following statement in all motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or of an order based thereon."

Respectfully Submitted: October 19, 2011

DANIEL DAVID RIGMAIDEN
Pro Se, Defendant

Daniel Rigmaiden
Daniel D. Rigmaiden
Defendant

CERTIFICATE OF SERVICE

I, Daniel David Rigmaiden, certify under penalty of perjury under the laws of the United States of America (see 28 U.S.C. § 1746; 18 U.S.C. § 1621) that on October 19, 2011 at approximately 7:45pm I caused the following to be placed into the CCA-CADC mailing system for United States Postal Service delivery with first-class postage prepaid by CCA-CADC:

Original attached document plus 0 copy(s) addressed to:

Clerk, United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington St., SPC 1
Phoenix, AZ 85003

One copy each of original document addressed to:

By: Daniel Rigmaiden

6 of 6