## **EXHIBIT INDEX**

## **NOTICE OF STIPULATION MEETING FAILURE**

EXHIBIT 01:   Letter from AUSA Frederick A. Battista  to Daniel Rigmaiden RE: terms of a meeting to discuss stipulations regarding pending discovery issues; (Date: October 12, 2011).

EXHIBIT 02:   Letter from Daniel Rigmaiden to AUSA Frederick A. Battista RE: Terms of any meetings regarding discovery/stipulations; (Date: October 11, 2011).

EXHIBIT 03:   Letter from AUSA Frederick A. Battista  to Daniel Rigmaiden RE: terms of a meeting to discuss stipulations regarding pending discovery issues; (Date: October 19, 2011).

EXHIBIT 04:   Letter from Daniel Rigmaiden to AUSA Frederick A. Battista RE: Meeting to discuss further stipulations; (Date: October 20, 2011).

*EXHIBIT INDEX*
*NOTICE OF STIPULATION MEETING FAILURE*
*CR08-814-PHX-DGC*

↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓

*ATTACHED EXHIBITS*
*NOTICE OF STIPULATION MEETING FAILURE*
*CR08-814-PHX-DGC*

Letter from AUSA Frederick A. Battista  to Daniel Rigmaiden RE: terms of a meeting to discuss stipulations regarding pending discovery issues; (Date: October 12, 2011).

**U.S. Department of Justice**

United States Attorney
District of Arizona

---

*Two Renaissance Square*                          *Main: (602) 514-7500*
*40 North Central Avenue, Suite 1200*        *Main Fax: (602) 514-7693*
*Phoenix, Arizona 85004-4408*

October 12, 2011

Daniel Rigmaiden
Agency No. 10966111
CCA-CADC
Post Office Box 6300
Florence, Arizona 85132

      Re:    <u>United States v. Daniel David Rigmaiden</u>
              CR-08-814-PHX-DGC

Dear Mr. Rigmaiden:

We are in the process of preparing for the upcoming October 28th hearing and a possible meeting with you. Obviously, we will not schedule a meeting or attempt to meet with you without your prior consent. We propose meeting at CCA on Friday, October 21, 2011, time to be determined. Our coming to CCA would allow you to not have to travel to Phoenix in custody and permit you to have access to whatever you deem necessary when we meet. Please let us know if you are interested in meeting in order to attempt to further resolve the pending discovery issues along the lines that some of the issues were recently resolved in Court. This would mean that the parties agree to agree on additional basic facts that would allow you to make the arguments you wish to make without the parties having to engage in extensive battles over peripheral discovery issues.

If you are open to such a meeting on these terms, please let us know. Also let us know what time of the day may work best for you. We will start to make arrangements. Assuming you do agree to meet, we also ask that you confirm that you still wish to meet on the 21st the day before via Mr. Seplow's office. If for any reason you wish to change your mind, will need notice as soon as possible in order to avoid a trip to CCA for no reason.

Sincerely yours,

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

FREDERICK A. BATTISTA
Assistant United States Attorney

cc:    Phillip Seplow
       Shadow Counsel for Defendant Daniel David Rigmaiden

↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓
↓ **EXHIBIT 02** ↓

*ATTACHED EXHIBITS*
*NOTICE OF STIPULATION MEETING FAILURE*
*CR08-814-PHX-DGC*

Letter from Daniel Rigmaiden to AUSA Frederick A. Battista RE: Terms of any meetings regarding discovery/stipulations; (Date: October 11, 2011).

October 11, 2011
Daniel Rigmaiden – CR08-814-PHX-DGC
RE: Terms of any meetings regarding discovery/stipulations;
Page # 1 of 3

_____

_Delivered in Electronic Format Via_:                          _to:_

_on:_                    _by:_                    _under the instruction of Daniel Rigmaiden._

Daniel Rigmaiden
Agency #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Dear Fred:

      This letter is in regards to me meeting with the government, as suggested by you and the Court, to discuss possible factual stipulations regarding the aircard locating mission so that pending discovery issues may be resolved.  If the government wishes to meet with me then the following conditions must apply in order for my rights to be protected and in order for me to not feel coerced into the meeting:

      1.      The meeting must not occur at CCA-CADC.

      2.      The meeting must not be through a security screen or security window.

      3.      I must not be subjected to sleep deprivation treatment prior to the meeting in the way that I am prior to being brought into the courtroom by the government.

      4.      I must not be deprived of drinking water both before and after the meeting in the way that I am deprived both prior to and after court appearances.

      5.      I must not be deprived of drinking water during the meeting.

      6.      I must not be transported from CCA-CADC to the meeting location while in a "black box" (lock box) used in a way resulting in my elbows being forcibly bent and forearms

October 11, 2011
Daniel Rigmaiden – CR08-814-PHX-DGC
RE: Terms of any meetings regarding discovery/stipulations;
Page # 2 of 3

---

pinned across my torso so as to immobilized through infliction of pain.

       7.     I must not be in handcuffs during the meeting.

       8.     I must not be strip searched within a group of other detainees while videotaped and while in so close quarters with numerous other detainees that skin-on-skin contact with other naked men is unavoidable (CCA-CADC/USMS standard practice for **all** detainees who attend court at Phoenix and Tucson federal courthouses).

       9.     An official from the Department of Justice, having authority to do so, must enter into a written contract granting me (1) use immunity, and (2) derivative use immunity, for all statements and information provided by me during the planned meeting and the immunity must apply to all cases, whether now in existence or not, across **all** federal districts in the United States.  I also need the contract to indicate that the United States government will not share any statements or information with any nonimmunizing jurisdictions or sovereigns including states within the United States, foreign governments, or international law enforcement collaborations. I am not making this request because I expect to be accused of more crimes, or have committed crimes, or have crimes to confess, or have crimes to inform on, or assistance to provide the government, but simply because law enforcement is famous for twisting words and issuing false indictments.  Anyone who would go to the press and claim that I am a "self-described California-based 'Hacker'," while the statement was/is completely false,[1]  I do not trust at all (whether an accident or not).  I do not see how my request for use and derivative use immunity would be a problem for the government considering it is well known that "immunity from use and derivative use leaves the witness and the Federal Government in substantially the same position as if the witness had claimed his privilege in the absence of a grant of immunity." Kastigar v. United States, 406 U.S. 441, 458-59 (1972) (internal citation, quotation marks, and footnote omitted).  "[I]mmunity from use and derivative use is coextensive with the scope of the privilege against self-incrimination[]" granted through the Fifth Amendment.  *Id.* at 453. Likewise, I do not see any reason why the government would be concerned with any possible "heavy burden of proving that all of the evidence it proposes to use was derived from legitimate independent sources."  *Id.* at 461-62 (footnote omitted).  The evidence the government intends to use in CR08-814-PHX-DGC is years old and you previously informed me that the government does not need anymore evidence to bring me to trial.

---

1.     You admitted the "error" in your July 21, 2010 letter, p. 1 ("we... at present, are unaware of any item wherein you personally referred to yourself as the 'Hacker' in any manner, e.g., verbally, in writing or via e-mail, etc.") (*see* Attachment No. 1 (letter) and Attachment No. 2 (press release)).

October 11, 2011
Daniel Rigmaiden – CR08-814-PHX-DGC
RE: Terms of any meetings regarding discovery/stipulations;
Page # 3 of 3
_____

        Please be advised that I requested that we work out stipulations through written correspondence on July 12, 2011.  In my letter to you dated July 12, 2011, I stated that "if you know how to make the stipulations briefer then I have no problem reviewing your suggestions[]" and that "I am willing to consider any agreeable solution the government may have."  *Id.*, p. 2.  In your July 14, 2011 letter containing your response to the above, you stated that the government "believe[s] that that proposed stipulations, in general, are unreasonable, and your response to our inquiry regarding the possibility of reasonable compromises is unworkable."  *Id.* p. 1.  If the government would have not been so stubborn then the three months that have elapsed since then would have been plenty of time to work out many of the pending issues in writing.  I mention this not because I think there is still time to work out factual issues in writing but because I wish to underscore the fact that my requests contained in this letter are not unreasonable.

        Faced with the current situation, I hope that the government being unable to deprive me of sleep, deprive me of drinking water, subject me to forced quasi-homosexual experiences, and the government's compliance with the other conditions listed above is not a problem for you.  If my conditions for a meeting are a problem then I propose that you forward this letter to Judge Campbell and request guidance on the issue.

                                    * * * * *

        I appreciate your assistance with the matters outlined in this letter.


Sincerely,


s/ Daniel Rigmaiden
Daniel Rigmaiden
Pro Se, Defendant

**<u>ATTACHMENT 01</u>**

**U.S. Department of Justice**

United States Attorney
District of Arizona

| | |
|---|---|
| *Two Renaissance Square* | *Main:* (602) 514-7500 |
| *40 North Central Avenue, Suite 1200* | *Main Fax:* (602) 514-7693 |
| *Phoenix, Arizona 85004-4408* | |

July 21, 2010

Daniel Rigmaiden
Agency No. 10966111
CCA-CADC
Post Office Box 6300
Florence, Arizona 85132

      Re:    United States v. Daniel David Rigmaiden, et al.,
             CR-08-814-001- PHX-DGC

Dear Mr. Rigmaiden:

       This is in response to your letter dated June 27, 2010, requesting additional discovery regarding the April 8, 2010, press conference concerning this case. Please be advised that all notes and/or background materials for the representatives of the United States Attorney's Office, Internal Revenue Service - Office of Investigation, and Federal Bureau of Investigation have been reviewed to determine whether there is any information related to the statement in Press Release No. 2010-06, regarding this case, which stated " . . . a self-described California based 'Hacker' named Daniel David Rigmaiden led a complex tax fraud conspiracy . . . " Please be advised that there is no mention of this matter in any of the materials. In addition, please be advised that the representative of the Postal Inspection Service destroyed his personal notes immediately after the press conference. As a courtesy to you, we are disclosing the proposed text of statements for the representatives of the United States Attorney's Office, Internal Revenue Service - Office of Investigation, and Federal Bureau of Investigation; none of these materials mention this matter. For your information, these statements are generally not read verbatim during press conferences by agency representatives.

      1.      Proposed statement of U.S. Attorney's Office representative.

      2.      Proposed statement of Internal Revenue Service - Office of Investigation representative.

      3.      Proposed statement of Federal Bureau of Investigation representative.

       In preparing this response to your request, we again have not reviewed each line of the over 20,000 pages of discovery in this case but, at present, are unaware of any item wherein you personally referred to yourself as the "Hacker" in any manner, e.g., verbally, in writing or via an e-mail, etc. The inartfully drafted reference in the press release was not based upon any known reference within the discovery. In addition, please be advised again that the government does not have a recording of the press conference related to the subject press release and we do not intend to attempt to obtain one from any of the representatives of the press who attended the conference.

Letter to Daniel David Rigmaiden
Re: United States v. Daniel David Rigmaiden
Page 2

     A copy of this cover letter is also being mailed separately to you at CCA.  Additional discovery will continue to be released to you as it becomes available.

                    Sincerely yours,

                    DENNIS K BURKE
                    United States Attorney
                    District of Arizona

                    FREDERICK A. BATTISTA
                    Assistant United States Attorney

Enclosures

cc:    Philip Seplow
       Taylor Fox

**<u>ATTACHMENT 02</u>**






| IRS Criminal Investigations | Federal Bureau of Investigation | U.S. Postal Inspection Service | U.S. Attorney's Office District of Arizona |
|---|---|---|---|

---

FOR IMMEDIATE RELEASE
Thursday, April 8, 2010

Public Affairs
WYN HORNBUCKLE
Telephone: (602) 514-7573
Cell: (602) 740-2422

# 'HACKER' INDICTED IN MASSIVE TAX, MAIL, AND WIRE FRAUD SCHEME

PHOENIX – Federal law enforcement officials led by the Internal Revenue Service - Criminal Investigation (IRS-CI), unveiled a 74-count superseding indictment today alleging a self-described California-based "Hacker" named Daniel David Rigmaiden led a complex tax fraud conspiracy that employed sophisticated computer intrusion techniques, identify theft, and wire and mail fraud, among other techniques, to attempt to bilk the government out of millions of dollars.

Senior law enforcement officials of the IRS-CI, FBI, and the U.S. Postal Inspection Service joined U.S. Attorney Dennis Burke at a press conference in Phoenix to announce the recently unsealed indictment - the result of a multi-year cat and mouse hunt by the agencies' investigators across multiple states.

"While schemes become more sophisticated over time, fortunately so do our investigative techniques," said Dawn Mertz, Special Agent in Charge of IRS-Criminal Investigation. "This investigation serves to remind us there is no such thing as free money and there are no awards or incentives for creativity when it comes to crime."

The superseding indictment details a conspiracy charge, plus 35 counts of wire fraud, 35 counts of identify theft, one count of unauthorized access of a computer with the intent to defraud and two counts of mail fraud. (See the attached Chart for a detailed summary of the charges and penalties.) The indictment alleges that as early as 2005, Rigmaiden (a.k.a. Steven Travis Brawner), 29, of Santa Clara, CA, conspired with others, including Ransom Marion Carter, III, 43, of Phoenix, to obtain the names and social security numbers of living and deceased persons, and to use their identifies to electronically file fraudulent tax returns in order to obtain refunds.

"Daniel Rigmaiden led agents through a virtual labyrinth of twists and turns, but they never gave up," said Dennis K. Burke, U.S. Attorney for the District of Arizona. "This investigation demonstrates how the United States is aggressively investigating persons who file fraudulent tax returns. We will seek to identify and vigorously prosecute those who participate in these schemes, no matter how sophisticated they are."

"The nature of the crimes allegedly committed by Mr. Rigmaiden is particularly troubling," said Pete Zegarac, Inspector in Charge of the U.S. Postal Inspection Service's Phoenix Division. "Taking the identities of numerous deceased individuals to obtain financial gain is something not often seen to

this magnitude."

Court documents, including the superseding indictment, and search and seizure warrant affidavits and returns, contain the following additional allegations and evidence. In May 2007, IRS-CI identified a Compass Bank account in Phoenix, Arizona that was receiving fraudulently obtained tax refunds. From May 2007 through January 2008, the investigation was focused on Carter, who had opened the Compass Bank account under the name Carter Tax & Accounting, LLC. In January 2008, the investigation started to focus on an individual operating above Carter known only as the "Hacker" and another co-conspirator above Carter in the scheme. From January through April 15, 2008, an undercover operation was initiated which sought to identify and locate the Hacker and second co-conspirator. In the course of the operation, the investigators opened an undercover bank account in Arizona into which the Hacker unknowingly caused the deposit of numerous fraudulently obtained tax refunds. The fraudulent returns were filed via computers and IP addresses not directly traceable to the Hacker. During this period, three $9,000 shipments of the tax refunds were made to the second co-conspirator in Utah. On April 15, 2008, the second co-conspirator was arrested. The co-conspirator's case is under seal.

From April through August 2008, investigators worked to identify and locate the Hacker. In May 2008, $68,000 in fraudulently obtained refunds were shipped to the Hacker, in the name of Patrick Stout, to Palo Alto, CA. The person who picked up the package was not apprehended. In July 2008, agents located the apartment in Santa Clara rented by the Hacker in the name of Steven Brawner. On July 23, 2008, a 50-count indictment was returned under seal against the Hacker (a.k.a Brawner and Stout). On August 3, 2008, the Hacker was arrested in Santa Clara after a foot and car chase. A key to the Hacker's apartment was found in his pocket during his arrest. On August 3 and 4, 2008, search warrants were executed in the Hacker's Santa Clara apartment and a storage unit in San Jose; investigators seized a laptop and multiple hard drives, $116,340 in cash, over $208,000 in gold coins, approximately $10,000 in silver coins, false identification documents, false identification manufacturing equipment, and surveillance equipment.

The case remained sealed pending the Hacker's consideration of an offer to cooperate with the government. On August 6, 2008, the Hacker was identified via fingerprint analysis as Daniel David Rigmaiden. From late August 2008 through January 2009, seizure warrants were served upon eight financial institutions and $158,167 of fraudulently obtained tax refunds were seized.

The superseding indictment in Arizona alleges approximately 570 fraudulent tax returns were filed in the course of the conspiracy seeking the deposit of approximately $1,008,174 in refunds into Arizona bank accounts. Search and seizure warrant affidavits allege the filing of approximately 1,336 additional fraudulent tax returns seeking the deposit of approximately $3,117,193 of refunds into over 170 additional accounts.

On January 7, 2010, the Court granted Rigmaiden's request to represent himself. On January 12, Rigmaiden advised the court he was not interested in the government's cooperation offer and moved to unseal the case. On January 25, the government advised the court it had no objection to Rigmaiden's motion to unseal the case. On January 27, a 74-count superseding indictment was returned against Rigmaiden and Carter. On March 26, the court unsealed the case. Rigmaiden has remained in federal custody since his arrest. Carter is a fugitive. (See attached wanted poster.)

An indictment is simply the method by which a person is charged with criminal activity and

search and seizure warrants are simply methods by which property and funds are searched for and seized, none of the pleadings raise inferences of guilt.  An individual is presumed innocent until competent evidence is presented to a jury that establishes guilt beyond a reasonable doubt.

"The indictment of Daniel Rigmaiden is an excellent example of law enforcement cooperation between the IRS - Criminal Investigations, the U.S. Postal Inspection Service, and the FBI," said Nathan Gray, Special Agent in Charge of the FBI-Phoenix Division.  "The FBI is committed to working with our law enforcement partners and the U.S. Attorney's Office to investigate and prosecute those individuals who choose to use computer technology in furtherance of their fraudulent schemes."

The investigation preceding the indictment was conducted by the Internal Revenue Service - Criminal Investigation, Federal Bureau of Investigation, and U.S. Postal Inspection Service with assistance from the Santa Clara Police Department, U.S. Secret Service and U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives.  The prosecution is being handled by Frederick A. Battista and Peter Sexton, Assistant U.S. Attorneys, District of Arizona, Phoenix.

CASE NUMBER:             CR-08-814-PHX-DGC
RELEASE NUMBER:       2010-060(Rigmaiden, et al.)

# # #

For more information on the U.S. Attorney's Office, District of Arizona, visit http://www.usdoj.gov/usao/az/

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

**↓ EXHIBIT 03 ↓**

*ATTACHED EXHIBITS*
*NOTICE OF STIPULATION MEETING FAILURE*
*CR08-814-PHX-DGC*

Letter from AUSA Frederick A. Battista  to Daniel Rigmaiden RE: terms of a meeting to discuss stipulations regarding pending discovery issues; (Date: October 19, 2011).



**U.S. Department of Justice**

United States Attorney
District of Arizona

Two Renaissance Square                              Main: (602) 514-7500
40 North Central Avenue, Suite 1200         Main Fax: (602) 514-7693
Phoenix, Arizona 85004-4408

October 19, 2011

Daniel Rigmaiden
Agency No. 10966111
CCA-CADC
Post Office Box 6300
Florence, Arizona 85132

Re:   United States v. Daniel David Rigmaiden
      CR-08-814-PHX-DGC

Dear Mr. Rigmaiden:

This is a response to your recent letter dated October 14, 2011, wherein you set forth nine conditions for a proposed meeting regarding potential stipulations in this case. Please be advised that we believe that proposed conditions, in total, are unreasonable and workable. In light of the nature of the conditions and the tone of your letter, we also see no need to make further attempts to meet along these lines or involve the Court in this matter. Once again, it appears that the parties will be required to resolve all pending issues with respect to discovery related to the aircard mission through litigation.

Sincerely yours,

ANN BIRMINGHAM SCHEEL
United States Attorney
District of Arizona

s/ Frederick A. Battista

FREDERICK A. BATTISTA
Assistant United States Attorney

cc:   Phillip Seplow
      Shadow Counsel for Defendant Daniel David Rigmaiden

**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**
**EXHIBIT 04**

*ATTACHED EXHIBITS*
*NOTICE OF STIPULATION MEETING FAILURE*
*CR08-814-PHX-DGC*

Letter from Daniel Rigmaiden to AUSA Frederick A. Battista RE: Meeting to discuss further stipulations; (Date: October 20, 2011).

October 20, 2011
Daniel Rigmaiden – CR08-814-PHX-DGC
RE: Meeting to discuss further stipulations;
Page # 1 of 2

_____

*Delivered in Electronic Format Via*:                          *to*:

*on*:                    *by*:                    *under the instruction of Daniel Rigmaiden.*

Daniel Rigmaiden
Agency #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Dear Fred:

     This letter is in response to your October 19, 2011 letter regarding a planned meeting for the sole purpose of further discussing stipulations regarding the pending discovery issues.  I apologize if I caused you to interpret my October 11, 2011[1] letter to have a "tone" that you find offensive.  The letter is not intended to offend you or anyone—it simply states the facts of a cold, hard reality of how the United States government treats its pretrial detainees in the District of Arizona.  Any "tone" you may be perceiving is an unavoidable consequence of what myself and all other detainees at CCA-CADC have to deal with each time we are transferred to the Phoenix and Tucson courthouses.  It appears as if you are letting your emotions skew your sense of logic.  Which of my conditions for a meeting do you find unreasonable?

     Is it so hard to arrange for an 8:00am CCA-CADC transport to the Phoenix courthouse so that I am not deprived of 24+ hours of sleep prior to the meeting?  CCA-CADC does regular transports to outside medical appointments scheduled in the afternoon and detainees are not woken up at 11:30pm the night before to "get ready" for the appointment.  The same can apply here.

     Is it so hard to bring some bottled water to the meeting so that I can drink water?  The last time I drank tap water from the Phoenix courthouse holding cells I became violently ill and vomited repeatedly.  There is a contaminate leaching into the water that my body rejects.

_____

1.      You referred to this letter as my "October 14, 2011" letter.

October 20, 2011
Daniel Rigmaiden – CR08-814-PHX-DGC
RE: Meeting to discuss further stipulations;
Page # 2 of 2

_____

Is it so hard to have the United States Marshal Service ensure that CCA-CADC not strip search me in a small holding cell with numerous other detainees in a way that our naked bodies come in contact with each other?  I know that the term "forced quasi-homosexual experience" may sound offensive in and of itself but that is exactly what the United States government condones CCA-CADC to do and I know of no other way to describe it.  *See* ATTACHMENT 01, ATTACHMENT 02, ATTACHMENT 03, ATTACHMENT 04, and ATTACHMENT 05 detailing the CCA-CADC/USMS group strip search procedures and one prior attempt to resolve the issue.

Is it so hard to sit in a room with me with my handcuffs off?  You did it in Court on September 22, 2011.  How do you expect me to go through paperwork, use a pen, *etc.*?

I am not asking that the government admit that it regularly violates my Constitutional rights through oppressive pretrial incarceration.  I am simply saying, "let me drink water, let me sleep, let me maintain some dignity, and let's have a meeting."

Please be advised that a meeting at CCA-CADC is not an option, and never was an option, because staff and detainees may be confused and think that I am engaging in a debriefing and am a cooperating witness for the government.  Obviously, that is not at all the case but the noted untrue rumors that would likely result may cause problems for me.

I appreciate your assistance with the matters outlined in this letter.


Sincerely,


s/ Daniel Rigmaiden
Daniel Rigmaiden
Pro Se, Defendant

# ATTACHMENT INDEX

OCTOBER 20, 2011 STIPULATION MEETING LETTER FROM
DEFENDANT DANIEL D. RIGMAIDEN TO AUSA FREDERICK A BATTISTA

ATTACHMENT 01:  Group Declaration by a total of 30 different CCA-CADC detainees RE: CCA-CADC Conducts Group Strip Searches Of Detainees In Small Holding Cells And In Front Of Video Surveillance Cameras; Signature dates: September 15-19, 2010.

ATTACHMENT 02:  Grievance/Declaration by Daniel Rigmaiden RE: An act of torture [CCA-CADC/USMS forced quasi-homosexual experience];  Rigmaiden signature date: July 21, 2011.

Note: in the text of the grievance, the CCA-CADC employee named as "Lenke" has an actual name of "Lemke" and the CCA-CADC employee named as "Patterson" has an actual name of "Prescott."

Note: CCA-CADC ignored this grievance until August 11, 2011 and Chief of Security, Harold Newton, thereafter failed to comply with Daniel Rigmaiden's request to fully exhaust his administrative remedies by having it forwarded to Warden Charles Keeton.

ATTACHMENT 03:  Declaration by Daniel Rigmaiden RE: Filing Group Strip Search Grievance At CCA-CADC On July 21, 2011; Signature date: July 28, 2011.

ATTACHMENT 04:  Declaration by Daniel Rigmaiden RE: Discussed 14-5A Form For Group Strip Search Grievance At CCA-CADC; Signature date: August 16, 2011.

ATTACHMENT 05:  Declaration by Daniel Rigmaiden RE: Discussed 14-5A Form For Group Strip Search Grievance At CCA-CADC; Signature date: September 15, 2010.

*ATTACHMENT INDEX*
*October 20, 2011 Stipulation Meeting Letter*
*From Defendant Daniel D. Rigmaiden to AUSA Frederick A Battista*
*CR08-814-PHX-DGC*



⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇
⬇ **ATTACHMENT 01** ⬇

*October 20, 2011 Stipulation Meeting Letter*
*From Defendant Daniel D. Rigmaiden to AUSA Frederick A Battista*
*CR08-814-PHX-DGC*

Group Declaration by a total of 30 different CCA-CADC detainees RE: CCA-CADC Conducts Group Strip Searches Of Detainees In Small Holding Cells And In Front Of Video Surveillance Cameras; Signature dates: September 15-19, 2010.

## DECLARATION UNDER PENALTY OF PERJURY

### RE: CCA-CADC Conducts Group Strip Searches Of Detainees In Small Holding Cells And In Front Of Video Surveillance Cameras;

1.    I hereby declare the following: I am currently detained as a federal pretrial detainee at Corrections Corporation of America, Central Arizona Detention Center (CCA-CADC): 1155 North Pinal Parkway, Florence, AZ 85132. I am making this declaration upon my own true knowledge and of my own free will. If called upon to testify, I would testify as set forth in this declaration.

2.    I have been at either the Phoenix or Tucson federal Courthouse at least one time while in the custody of CCA-CADC. Prior to leaving the Courthouse to return to CCA-CADC, I was strip searched within a group of multiple detainees in a small holding cell allowing less than 12 inches between each naked body. All of us as a group were required to strip completely naked. Myself and the other detainees were then subjected to visual cavity searches and required to "squat and cough." The entire group strip search was conducted in view of video surveillance cameras facing the holding cell. The above described group strip search was administered by a CCA-CADC staff member. I find this manner of strip search very offensive and an invasion of my privacy. I would rather be strip searched alone while not with other naked men and while not being video taped.

3.    Upon information and belief based on information provided to me by other detainees, CCA-CADC staff conducts group strip searches in the manner described above for the majority of detainees who attend Court at the Phoenix and Tucson Courthouses on any given

Page #  1  of  8

date.

4.    This "Declaration Under Penalty Of Perjury" was composed for Daniel Rigmaiden and I authorize him to use it, or a copy thereof, for any and all purposes that he so chooses.

5.    I declare, certify, verify, and state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true. See 28 U.S.C. § 1746 ("Wherever... any matter is required or permitted to be supported, evidenced, established, or proved by the sworn... affidavit, in writing of the person making the same [], such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration..., in writing of such person which is subscribed by him, as true under penalty of perjury, and dated..."); 18 U.S.C. § 1621 ("Whoever... in any declaration... under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true... is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both....").

6.    Each CCA-CADC detainee who signs below is adopting and subscribing to this declaration as his own truthful statement made under penalty of perjury. All declarant signatures were made in Florence, Arizona, United States of America on the dates indicated. [Declarant signatures and relevant information on following page(s).].
///

Page # _Z_ of _8_

## DECLARANT SIGNATURES

[ 1 ] Brief Description Of Declaration: Group strip Searches at Court
Date: 9/5 20 0          Signature: *Neodalupe Gonzal*    Age: 5 2
Printed Name & U.S. Marshal #: Guadalupe Gonzalez #426697179
CCA-CADC Housing Unit & Pod: C-500    If declarant does not read english,
print the name and U.S. Marshal # of the detainee who translated (if applicable)
and read this declaration to declarant: G Beltran #95239208

[ 2 ] Brief Description Of Declaration: Group strip Searches at Court
Date: 9-15-10          Signature: *Evelio Padillo Ortega*    Age: 4/6
Printed Name & U.S. Marshal #: Evelio Padillo Ortega   82252208
CCA-CADC Housing Unit & Pod: 500 C    If declarant does not read english,
print the name and U.S. Marshal # of the detainee who translated (if applicable)
and read this declaration to declarant: G.Beltran #95239208

[ 3 ] Brief Description Of Declaration: Group strip Searches at Court
Date: 9 15 10          Signature: Jenaro Contreras Garcia   Age: 39
Printed Name & U.S. Marshal #: Jenaro Contreras Garcia #11852308
CCA-CADC Housing Unit & Pod: 500 C    If declarant does not read english,
print the name and U.S. Marshal # of the detainee who translated (if applicable)
and read this declaration to declarant: _____

[ 4 ] Brief Description Of Declaration: Group Strip Searches at Court
Date: 9/15/10          Signature: _____    Age: 25
Printed Name & U.S. Marshal #: Ramone John leyva #18741-208
CCA-CADC Housing Unit & Pod: 500 C    If declarant does not read english,
print the name and U.S. Marshal # of the detainee who translated (if applicable)
and read this declaration to declarant: _____

[ 5 ] Brief Description Of Declaration: Group strip Searches at court
Date: 9/16/10          Signature: Carlos Sandoval    Age: 32
Printed Name & U.S. Marshal #: Carlos Sandoval #14069008
CCA-CADC Housing Unit & Pod: 500-C    If declarant does not read english,
print the name and U.S. Marshal # of the detainee who translated (if applicable)
and read this declaration to declarant: G.Beltran #95239208

///

///

Page # 3 of 8

## DECLARANT SIGNATURES

[ **6** ] Brief Description Of Declaration: *Group strip searches at court*

Date: *9/16/19*          Signature: *Valorcar Espinoza*   Age: *25*

Printed Name & U.S. Marshal #: *Jesus Manual Valarquez 14756308*

CCA-CADC Housing Unit & Pod: *500C*   If declarant does not read english,

print the name and U.S. Marshal # of the detainee who translated (if applicable)

and read this declaration to declarant: *L Beltran #95239208*

[ **7** ] Brief Description Of Declaration: *Group strip searches at court*

Date: *9/16/19*          Signature: *Juan pineb*   Age: *49*

Printed Name & U.S. Marshal #: *Gutierrez Pineda Juan 28490208*

CCA-CADC Housing Unit & Pod: *500 C*   If declarant does not read english,

print the name and U.S. Marshal # of the detainee who translated (if applicable)

and read this declaration to declarant: _____

[ **8** ] Brief Description Of Declaration: *Group strip search at court*

Date: *9-18-10*          Signature: *Ostualdo yen*   Age: *30*

Printed Name & U.S. Marshal #: *Ostwaldo Yepez 14758308*

CCA-CADC Housing Unit & Pod: *500 CP*   If declarant does not read english,

print the name and U.S. Marshal # of the detainee who translated (if applicable)

and read this declaration to declarant: _____

[ **9** ] Brief Description Of Declaration: *group strip search at court*

Date: *9/18/10*          Signature: *Cesar Saacra M.*   Age: *27*

Printed Name & U.S. Marshal #: *Cesar Saaveda Muroz 82447208*

CCA-CADC Housing Unit & Pod: *500 C*   If declarant does not read english,

print the name and U.S. Marshal # of the detainee who translated (if applicable)

and read this declaration to declarant: _____

[ **10** ] Brief Description Of Declaration: *Group STRIP Seaches AT Court*

Date: *9/18/10*          Signature: *Delfin leony H.*   Age: *41*

Printed Name & U.S. Marshal #: *DELFINO Gomez H #60734198*

CCA-CADC Housing Unit & Pod: *C-500*   If declarant does not read english,

print the name and U.S. Marshal # of the detainee who translated (if applicable)

and read this declaration to declarant: _____

///

///

Page # _4_ of _8_

# DECLARANT SIGNATURES

[11] Brief Description Of Declaration: Strip searches in court
Date: 9/18/2010    Signature: RAFAEL Bojorquez n.  Age: 39
Printed Name & U.S. Marshal #: RAFAEL Bojorquez A #92813208
CCA-CADC Housing Unit & Pod: C-500   If declarant does not read english,
print the name and U.S. Marshal # of the detainee who translated (if applicable)
and read this declaration to declarant: L. Beltran 95239208

[12] Brief Description Of Declaration: Strip Searches in court
Date: 9/8/10    Signature: Jose Mary Vargas   Age: 64
Printed Name & U.S. Marshal #: JOSE MERA Z VARGAS 90178208
CCA-CADC Housing Unit & Pod: 500-C   If declarant does not read english,
print the name and U.S. Marshal # of the detainee who translated (if applicable)
and read this declaration to declarant: L. Beltran #95239208

[13] Brief Description Of Declaration: Group strip searches in court
Date: 9/18/10    Signature: Jesus Zamudio P  Age: 28
Printed Name & U.S. Marshal #: Jesus Zamudio P. 96775208
CCA-CADC Housing Unit & Pod: 500C   If declarant does not read english,
print the name and U.S. Marshal # of the detainee who translated (if applicable)
and read this declaration to declarant: L. Beltran #95239208

[14] Brief Description Of Declaration: Strip Searches in court
Date: 9/18/10    Signature: AJP   Age: 33
Printed Name & U.S. Marshal #: Antonio Prado 96869208
CCA-CADC Housing Unit & Pod: 500 C   If declarant does not read english,
print the name and U.S. Marshal # of the detainee who translated (if applicable)
and read this declaration to declarant: L. Beltran #95239208

[15] Brief Description Of Declaration: Strip Searches in court
Date: 9/19/10    Signature: Jaime Beltran Jimenez  Age: 37
Printed Name & U.S. Marshal #: Jaime Beltran Jimenez #95239208
CCA-CADC Housing Unit & Pod: 500-C   If declarant does not read english,
print the name and U.S. Marshal # of the detainee who translated (if applicable)
and read this declaration to declarant: _____

///

///

Page # 5 of 8

## DECLARANT SIGNATURES

[16] Brief Description Of Declaration: Strip Searches in Court

Date: 9-19-10          Signature: Ponia moon          Age: 35

Printed Name & U.S. Marshal #: Maria Ponce #21400359

CCA-CADC Housing Unit & Pod: 500 C          If declarant does not read english,

print the name and U.S. Marshal # of the detainee who translated (if applicable)

and read this declaration to declarant: _____

[17] Brief Description Of Declaration: Strip Searches in Court

Date: 9/19-10          Signature: Juan m Beltran R          Age: 41

Printed Name & U.S. Marshal #: Beltran Rendon Juanm 5820/008

CCA-CADC Housing Unit & Pod: 500 C          If declarant does not read english,

print the name and U.S. Marshal # of the detainee who translated (if applicable)

and read this declaration to declarant: J. Beltran #95039208

[18] Brief Description Of Declaration: Strip Searches in Court

Date: 9/19/10          Signature: Genaro Guzman          Age: 27

Printed Name & U.S. Marshal #: Genaro Guzman Guzman #8215120B

CCA-CADC Housing Unit & Pod: 500 c          If declarant does not read english,

print the name and U.S. Marshal # of the detainee who translated (if applicable)

and read this declaration to declarant: J. Beltran #95239208

[19] Brief Description Of Declaration: Strip Searches in Court

Date: 9/19/10          Signature: _____          Age: 33

Printed Name & U.S. Marshal #: Vasquez Hernandez Juan 16924208

CCA-CADC Housing Unit & Pod: 500 C          If declarant does not read english,

print the name and U.S. Marshal # of the detainee who translated (if applicable)

and read this declaration to declarant: J. Beltran #95239208

[20] Brief Description Of Declaration: Strip Searches in Court

Date: 9-19-10          Signature: _____          Age: 53

Printed Name & U.S. Marshal #: Vincent Ortiz 64845208

CCA-CADC Housing Unit & Pod: 500 C          If declarant does not read english,

print the name and U.S. Marshal # of the detainee who translated (if applicable)

and read this declaration to declarant: _____

///

///

Page # 6 of 8

## DECLARANT SIGNATURES

[**21**] Brief Description Of Declaration: Strip Searchs in Court

Date: 09/10/10 _____ Signature: David Valenzuela _____ Age: 32

Printed Name & U.S. Marshal #: David Valenzuela #08611043

CCA-CADC Housing Unit & Pod: 500 C _____ If declarant does not read english,
print the name and U.S. Marshal # of the detainee who translated (if applicable)
and read this declaration to declarant: G. Beltran #95239208

[**22**] Brief Description Of Declaration: Group Searches In court

Date: 9/19/10 _____ Signature: CABRERA ZAVALA ALBERTO Age: 36

Printed Name & U.S. Marshal #: CABRERA ZAVALA ALBERTO 39579-008

CCA-CADC Housing Unit & Pod: 500 - C _____ If declarant does not read english,
print the name and U.S. Marshal # of the detainee who translated (if applicable)
and read this declaration to declarant: G. Beltran #95239208

[**23**] Brief Description Of Declaration: Strip searchs In court

Date: 9/19/10 _____ Signature: daniel _____ Age: 21

Printed Name & U.S. Marshal #: Julio Zarate Gaspar 55119208

CCA-CADC Housing Unit & Pod: 500 - C — If declarant does not read english,
print the name and U.S. Marshal # of the detainee who translated (if applicable)
and read this declaration to declarant: ~~Strip Searches at C~~

[**24**] Brief Description Of Declaration: Group Strip Searches at Court

Date: 9/19/10 _____ Signature: Sergio Gil Poky _____ Age: 36

Printed Name & U.S. Marshal #: Sergio Gil Poky 38865008

CCA-CADC Housing Unit & Pod: 500 C _____ If declarant does not read english,
print the name and U.S. Marshal # of the detainee who translated (if applicable)
and read this declaration to declarant: G. Beltran #95239208

[**25**] Brief Description Of Declaration: Group Strip Searches at Court

Date: 9/19/10 _____ Signature: Dilmer Espinoz _____ Age: 23

Printed Name & U.S. Marshal #: Dilmer Espinoza 88679008

CCA-CADC Housing Unit & Pod: 500 C _____ If declarant does not read english,
print the name and U.S. Marshal # of the detainee who translated (if applicable)
and read this declaration to declarant: G. Beltran #95239208

///

///

Page # 7 of 8

## DECLARANT SIGNATURES

[26] Brief Description Of Declaration: Group Strip Searches at Court
Date: 9-19-10 ____ Signature: Efrain Herrera Avila Age: 43
Printed Name & U.S. Marshal #: Efrain Herrera Avila 97315208
CCA-CADC Housing Unit & Pod: 500 C ____ If declarant does not read english,
print the name and U.S. Marshal # of the detainee who translated (if applicable)
and read this declaration to declarant: Q. Beltran #95239208

[27] Brief Description Of Declaration: Group strip Searches at Court
Date: 9/19/2010 Signature: Nunez Gamio Jose Age: 29
Printed Name & U.S. Marshal #: Nunez Gamio Jose #543272 08
CCA-CADC Housing Unit & Pod: 500 C If declarant does not read english,
print the name and U.S. Marshal # of the detainee who translated (if applicable)
and read this declaration to declarant: Q. Beltran #95239208

[28] Brief Description Of Declaration: Group strip Searches at Court
Date: 9/19/2010 Signature: [signature] Age: 27
Printed Name & U.S. Marshal #: Arturo Espinoza Mendoza 11484308
CCA-CADC Housing Unit & Pod: 500-C If declarant does not read english,
print the name and U.S. Marshal # of the detainee who translated (if applicable)
and read this declaration to declarant: Q. Beltran #95239205

[29] Brief Description Of Declaration: Group/Strip Searches at Court
Date: 9/19/10 ____ Signature: [signature] Age: 35
Printed Name & U.S. Marshal #: Chaurer Cleson Cholula 1150/308
CCA-CADC Housing Unit & Pod: 500 C. If declarant does not read english,
print the name and U.S. Marshal # of the detainee who translated (if applicable)
and read this declaration to declarant: Q. Beltran #95239205

[30] Brief Description Of Declaration: Group Strip Searches at court
Date: 09/19/2010 ____ Signature: Jose Plaza Leon Age: 32
Printed Name & U.S. Marshal #: Jose Plaza Leon 1447 6808
CCA-CADC Housing Unit & Pod: 500.C ____ If declarant does not read english,
print the name and U.S. Marshal # of the detainee who translated (if applicable)
and read this declaration to declarant: Q. Beltran #95239208

///

///

Page # 8 of 8



**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**
**ATTACHMENT 02**

*October 20, 2011 Stipulation Meeting Letter*
*From Defendant Daniel D. Rigmaiden to AUSA Frederick A Battista*
*CR08-814-PHX-DGC*

Grievance/Declaration by Daniel Rigmaiden RE: An act of torture [CCA-CADC/USMS forced quasi-homosexual experience]; Rigmaiden signature date: July 21, 2011.

Note: in the text of the grievance, the CCA-CADC employee named as "Lenke" has an actual name of "Lemke" and the CCA-CADC employee named as "Patterson" has an actual name of "Prescott."

Note: CCA-CADC ignored this grievance until August 11, 2011 and Chief of Security, Harold Newton, thereafter failed to comply with Daniel Rigmaiden's request to fully exhaust his administrative remedies by having it forwarded to Warden Charles Keeton.

**CORRECTIONS CORPORATION OF AMERICA**
**CENTRAL ARIZONA DETENTION CENTER**

## PRISONER INFORMATION REQUEST
### SOLICITUD DE INFORMACION

*Attached is my 5 page grievance factual statement.*

TO/PARA 500 Unit Case Manager

SUBJECT/ASUNTO Attached to this PIR is my grievance RE: An act of torture with respect to the group strip search conducted by Leake + Patterson at the Phoenix Federal Courthouse on 7/20/2011. Please attach this PIR and the 5 attached handwritten pages to an informal resolution 14-5A form, process it, then advance to formal grievance immediately. thank you.

Daniel Rigmaiden

**PRISONER'S NAME (PRINTED)**

10966111

**PRISONER'S NUMBER**

Daniel Rigmaiden

**PRISONER'S SIGNATURE**
**PRIMA DEL PRISONERO**

500-C-208

**CELL/CELDA**

7/21/2011

**DATE/FECHA**

RESPONSE/CONTESTACION

**OFFICIAL'S SIGNATURE/FIRMA DE OFFICIALES**                           **DATE/FECHA**

IF RESPONSE IS UNSATISFACTORY, CHECK BELOW AND RESUBMIT THIS FORM FOR REVIEW BY THE FACILITY ADMINISTRA-TOR. SI LA RESPUESTA NO ES SATISFACTORIA PONGA UNA CRUZ ABAJO Y VUELVA A SOMETER ESTA FORMA PART QUE EL ADMINSTRADOR DE ESTA INSTITUCION LO REVISE.

(   ) PLEASE REVIEW/REVISE POR FAVOR

**SIGNATURE/FIRMA**

RESPONSE/CONTESTACION:

**WARDEN'S SIGNATURE/FIRMA DEL WARDEN**                           **DATE/FECHA**

FORM SEC112-P                                                     600901-3201

July 21, 2011
Daniel Rigmaiden    #10966111
Grievance RE: An act of torture
Page # 1


On July 20, 2011 at approximately 4:00pm, I was at the Phoenix federal courthouse in a holding cell with 7 other detainees while in the custody of CCA-CADC employees "Lenke" and "Patterson" who work for CCA-CADC's "R and D" department. Lenke and Patterson were at the courthouse to pick up approximately 25 detainees to be brought back to CCA-CADC. Lenke and Patterson removed my, and the other 7 detainees, handcuffs, leg irons and waste chains. At approximately 4:30pm, Lenke and Patterson instructed the 8 of us to pile in towards the back corner of the holding cell where the toilet area begins (but not inside the toilet area). Patterson then instructed us all to strip completely naked. I then advised Lenke and Patterson that we were being stripped in "to close of quarters; that strip searches of that nature were not permitted, and that if they continued with the strip searches as planned I would be filing a grievance and reporting them. Lenke then stated "to close quarters?; "You better get friendly with your ~~neighbor~~ neighbor," and once again instructed us all to strip. The 8 of us then stripped completely naked as Patterson put all of our clothes in essentially one big pile. Patterson piled our clothes in a way where each set was still together but all sets grouped in with other sets. This resulted in the various

July 21, 2011
Daniel Rigmaiden 10966111
Grievance RE: An Act of torture
Page #2


Underwears coming in contact and made it difficult to distinguish
one set of clothing from the next. While we were naked in
the extremely close quarters, with approximately 4 inches between
my naked body and the naked bodies of two other people
near me, my body brushed up against the penises and butts of
the two other people. This was accidental but unavoidable due
to the extremely close quarters. While the 8 of us were all
naked and subjected to the visual cavity searches, my naked
body came in contact with other naked bodies additional times
but I was too distraught at that point to observe or feel if
genitals were involved. After the strip search, we all had to
figure out who's clothes was who's and this caused additional
skin on skin contact between my naked body and others.
After Lenke and Patterson left the holding cell, I measured the
area where the 8 of us were forced to strip and it was
approximately 3 of my shoe lengths by 9 of my shoe lengths
in size. Later, when I returned to CCA-CADC, I measured
my shoe length and it was 12.5 inches (approximately).
Therefore, the area where the 8 of us were forced to strip
together is approximately 3ft. 1.5in x 9ft. 4.5in. Also, as
always, the group strip search was video taped by surveillance

July 21, 2011
Daniel Rigmaiden 10966111
Grievance RE: An act of torture
Page # 3

cameras. I was also stripped by Patterson upon returning to
CCA-CADC from the courthouse. The strip search was done
in a semi-private stall but after I was sniffed by a drug
dog and prior to sitting in a "metal detector chair." While
Patterson was conducting the strip search at CCA-CADC, he made
a general comment that the strip search was pointless
considering we were all being sniffed by a drug dog and subjected
to a metal detector.

I am filing this grievance for CCA-CADC's forced
homosexual activity at the Phoenix federal courthouse. I find
it very offensive to be forced to come in contact with other mens'
genitals and to be told by Lenke that I have to get friendly
with my neighbors during a group strip search. I do not believe
that Lenke and Patterson were conducting the strip search (as described)
for their own sexual gratification. Going by Lenke's statement and
his overall demeanor, he used the strip search with a specific intent
to inflict harm as a punishment for my statement about filing a
grievance and also to intimidate me. Under International Law, this
is a clear violation of jus cogens norms, i.e., meeting the definition
of torture. See, e.g., United Nations Convention Against Torture and

July 21, 2011
Daniel Rigmaiden 10966111
Grievance RE: An act of torture
Page #4

Other Cruel, Inhumane or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85, 23 I.L.M. 1027. Patterson's actions lack a specific intent to harm (e.g., he may no comments such as "you better get friendly with your neighbor"), however, both Patterson's actions and Lenke's actions amount to clear civil rights violations under the United States Constitution.

   The resolution I seek is as follows: (1) rush this grievance through to the Warden instead of ignoring it like all of my grievances that I have filed since Mrs. Johnstone left 500 Unit as Unit Manager, (2) stop the group strip searches at the Phoenix federal courthouse and do them "one CCA-CADC employee + one detainee" at a time, (3) terminate Lenke's employment, and (4) send Patterson through additional training regarding the proper manner to conduct a strip search.

   I, Daniel David Rigmaiden, declare under penalty of perjury under the laws of the United States of America, that the facts contained in the foregoing are true and correct to the best of my knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe it to be true.

July 21, 2011
Daniel Rigmaiden 10966111
Grievance RE: An act of torture
Page # 5

See 28 U.S.C. § 1746; 18 U.S.C. § 1621. This document was
signed on July 21, 2011 in Florence, AZ, United States.

Daniel Rigmaiden

Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

**ATTACHMENT 03**

*October 20, 2011 Stipulation Meeting Letter*
*From Defendant Daniel D. Rigmaiden to AUSA Frederick A Battista*
*CR08-814-PHX-DGC*

Declaration by Daniel Rigmaiden RE: Filing Group Strip Search Grievance At CCA-CADC On July 21, 2011; Signature date: July 28, 2011.

<u>DECLARATION UNDER PENALTY OF PERJURY</u>

RE: Filing Group Strip Search Grievance At CCA-CADC On July 21, 2011;
By: Daniel David Rigmaiden

---

I, Daniel David Rigmaiden, declare the following:

1.      I am currently detained at Corrections Corporation of America, Central Arizona

Detention Center (CCA-CADC), 1155 North Pinal Parkway, Florence, AZ 85132. I am over

the age of 21 and I am mentally competent. I am making this declaration upon my own true

knowledge and of my own free will. If called upon to testify, I would testify as set forth in this

declaration.

2.      On the evening of July 21, 2011, I placed a grievance titled "An Act Of Torture"

into the request box outside of C-pod in 500 unit at CCA-CADC. The grievance was hand

written and consisted of five pages. The grievance addressed a group strip search occurring at

the Phoenix Federal Courthouse on July 21, 2011. I saved the original grievance for my

records and filed the carbon copy. Attached to the grievance was a CCA-CADC "Prisoner

Information Request" (PIR) form requesting that the grievance be attached to a CCA-CADC

14-5A informal resolution grievance form and be filed.

3.      Filing grievances in the above manner is how staff has instructed me to file

grievances despite the fact that their instructions do not comply with CCA corporate policy. At

CCA-CADC, detainees are not permitted to receive the proper forms to file grievances unless

they first submit a PIR and then wait for the form to be provided. In most cases, the 14-5A

form is never provided and the grievance is ignored. If the 14-5A form is provided, it is

provided once the 7 day filing deadline for a grievance has past.

4.      I declare, certify, verify, and state under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct to the best of my knowledge,

DECLARATION UNDER PENALTY OF PERJURY

RE: Filing Group Strip Search Grievance At CCA-CADC On July 21, 2011;
By: Daniel David Rigmaiden

except as to those matters which are therein stated on information and belief, and, as to those

matters, I believe it to be true.  *See* 28 U.S.C. § 1746 ("Wherever... any matter is required or

permitted to be supported, evidenced, established, or proved by the sworn... affidavit, in writing

of the person making the same [], such matter may, with like force and effect, be supported,

evidenced, established, or proved by the unsworn declaration..., in writing of such person

which is subscribed by him, as true under penalty of perjury, and dated..."); 18 U.S.C. § 1621

("Whoever... in any declaration... under penalty of perjury as permitted under section 1746 of

title 28, United States Code, willfully subscribes as true any material matter which he does not

believe to be true... is guilty of perjury and shall, except as otherwise expressly provided by

law, be fined under this title or imprisoned not more than five years, or both....").


Executed on   July 28, 2011   , in Florence, Arizona, United States of America.

Daniel David Rigmaiden

*Daniel Rigmaiden*

Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132



**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

**ATTACHMENT 04**

Declaration by Daniel Rigmaiden RE: Discussed 14-5A Form For Group Strip Search Grievance At CCA-CADC; Signature date: August 16, 2011.

*October 20, 2011 Stipulation Meeting Letter*
*From Defendant Daniel D. Rigmaiden to AUSA Frederick A Battista*
*CR08-814-PHX-DGC*

<u>DECLARATION UNDER PENALTY OF PERJURY</u>

RE: Discussed 14-5A Form For Group Strip Search Grievance At CCA-CADC;
By: Daniel David Rigmaiden

---

I, Daniel David Rigmaiden, declare the following:

1.      I am currently detained at Corrections Corporation of America, Central Arizona

Detention Center (CCA-CADC), 1155 North Pinal Parkway, Florence, AZ 85132. I am over

the age of 21 and I am mentally competent. I am making this declaration upon my own true

knowledge and of my own free will. If called upon to testify, I would testify as set forth in this

declaration.

2.      On August 11, 2011 at approximately 6:00pm, CCA-CADC Chief of Security

Harold Newton and I discussed my CCA-CADC 14-5A informal resolution grievance form

requesting to grieve the group strip search that occurred at the Phoenix Federal Courthouse on

July 20, 2011. Chief Newton informed me that the strip searches would continue to be done in

groups considering it would take too much time to do them one detainee at a time. Chief

Newton informed me that the United States Marshal Service ("USMS") decides how much

space is to be provided for strip searches and doing them in cells at the Phoenix and Tucson

courthouses is all the space the USMS provides CCA-CADC.

3.      Chief Newton informed me that he did not know who "Patterson" was and asked

if I had the name right. I informed Chief Newton that I could not see his name tag on July 20,

2011, that I knew his name only by memory, and that I may have it wrong. I informed Chief

Newton that the CCA-CADC employee in question, of whom I referred to as "Patterson," was

working with Lemke on July 20, 2011 at the Phoenix Federal Courthouse.

4.      I informed Chief Newton that I would be escalating the grievance to a formal

grievance because the issue is not resolved. Chief Newton informed me that the grievance

<u>DECLARATION UNDER PENALTY OF PERJURY</u>

RE: Discussed 14-5A Form For Group Strip Search Grievance At CCA-CADC;
By: Daniel David Rigmaiden

---

would likely go up to the next level by August 15, 2011.

5.      I declare, certify, verify, and state under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct to the best of my knowledge,

except as to those matters which are therein stated on information and belief, and, as to those

matters, I believe it to be true. *See* 28 U.S.C. § 1746 ("Wherever... any matter is required or

permitted to be supported, evidenced, established, or proved by the sworn... affidavit, in writing

of the person making the same [], such matter may, with like force and effect, be supported,

evidenced, established, or proved by the unsworn declaration..., in writing of such person

which is subscribed by him, as true under penalty of perjury, and dated..."); 18 U.S.C. § 1621

("Whoever... in any declaration... under penalty of perjury as permitted under section 1746 of

title 28, United States Code, willfully subscribes as true any material matter which he does not

believe to be true... is guilty of perjury and shall, except as otherwise expressly provided by

law, be fined under this title or imprisoned not more than five years, or both....").


Executed on _August 16, 2011_____, in Florence, Arizona, United States of America.

                              Daniel David Rigmaiden

                              *Daniel Rigmaiden*

                              Daniel Rigmaiden
                              Agency # 10966111
                              CCA-CADC
                              PO Box 6300
                              Florence, AZ 85132

**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**
**↓ ATTACHMENT 05 ↓**

*October 20, 2011 Stipulation Meeting Letter*
*From Defendant Daniel D. Rigmaiden to AUSA Frederick A Battista*
*CR08-814-PHX-DGC*

Declaration by Daniel Rigmaiden RE: Discussed 14-5A Form For Group Strip Search Grievance At CCA-CADC; Signature date: September 15, 2010.

1

**DECLARATION UNDER PENALTY OF PERJURY**

2   RE: CCA-CADC Group Strip Searches At Federal Courthouse
In View Of Surveillance Cameras;

3   **DECLARANT'S NAME:** Daniel David Rigmaiden

4   **HEREBY DECLARES:**

5      1.    I am currently detained as a federal pretrial detainee

6   at Corrections Corporation of America, Central Arizona

7   Detention Center (CCA-CADC): 1155 North Pinal Parkway, Florence,

8   AZ 85132. I am currently housed in 500 Unit, "C" pod. I am

9   making this declaration upon my own true knowledge and of my own

10  free will. If called upon to testify, I would testify as set

11  forth in this declaration.

12     2.    This declaration pertains to the group strip searches

13  I have been subjected to by CCA-CADC staff at the federal

14  Courthouse in Phoenix on the following Court appearance dates:

15  June 19, 2009; July 16, 2009; July 27, 2009; August 10, 2009;

16  January 7, 2010; February 3, 2010; March 24, 2010; May 28, 2010;

17  July 15, 2010; Below is a summary of a CCA-CADC group strip

18  search I was subjected to on February 3, 2010. The events

19  described below are typical for all of the above listed Court

20  appearance dates except (1) the amount of detainees being

21  stripped at one time varied from 7 to 9, and (2) the group strip

22  searches were conducted by various CCA-CADC employees and at

23  varying times.

24     3.    On February 3, 2010 at approximately 12:25pm, a

25  CCA-CADC employee wearing a name tag bearing the name "Criqui"

26  subjected me to a group strip search at the federal Courthouse

27  in Phoenix. Criqui strip searched me within a group of 7 other

1   <u>DECLARATION UNDER PENALTY OF PERJURY</u>

CCA-CADC Group Strip Searches At Federal Courthouse
2   RE: <u>In View Of Surveillance Cameras;</u>

3   **DECLARANT'S NAME:** <u>Daniel David Rigmaiden</u>

4   **HEREBY DECLARES:**

5   detainees in a holding cell having roughly a 4' x 6' (feet)

6   standing floor area (i.e., not counting the benches and the

7   toilet stall area). The small holding cell allowed for less

8   than 12 inches between each naked body during the strip search.

9   I was left standing completely naked for roughly 2 minutes while

10  Criqui searched all of our clothing. Criqui then conducted

11  visual cavity searches and required the 8 of us to "squat and

12  cough." The entire group strip search was conducted in view of

13  video surveillance cameras facing the cell. I find this manner

14  of strip search very offensive and an invasion of my privacy. I

15  would rather be strip searched alone while not with other naked

16  men and while not being video taped.

17      4.   I am aware that the United States Marshal Service

18  requires CCA-CADC staff to conduct strip searches "in a location

19  where visual privacy is ensured and without television

20  monitors." See page C-23 of the USMS/CCA-CADC business contract

21  attached as "Attachment A."

22      5.   Upon information and belief based on my own

23  observations and based on information provided to me by

24  detainees who made their own observation, CCA-CADC staff

25  conducts group strip searches in the manner described above for

26  the majority of detainees who attend Court at the Phoenix and

27  Tucson Courthouses on any given date.

Page #  2  of  5

**DECLARATION UNDER PENALTY OF PERJURY**

RE: CCA-CADC Group Strip Searches At Federal Courthouse In View Of Surveillance Cameras;

**DECLARANT'S NAME:** Daniel David Rigmaiden

**HEREBY DECLARES:**

6.    Upon information and belief based on information provided to me by detainees who made their own observations, CCA-CADC staff conducts group strip searches at the Tucson Courthouse involving 12 to 20 detainees at one time. Based on my own observations, CCA-CADC staff conducts group strip searches at the Phoenix Courthouse involving 7 to 9 detainees at one time.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

## DECLARATION UNDER PENALTY OF PERJURY

**RE:** CCA-CADC Group Strip Searches At Federal Courthouse In View Of Surveillance Cameras;

**DECLARANT'S NAME:** Daniel David Rigmaiden

**HEREBY DECLARES:**

This "Declaration Under Penalty Of Perjury" was composed for Daniel Rigmaiden (self)          and I authorize him/her to use it, or a copy thereof, as an incorporated attachment to any document or filing for any and all purposes that he/she so chooses.

I declare, certify, verify, and state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true. See 28 U.S.C. § 1746 ("Wherever... any matter is required or permitted to be supported, evidenced, established, or proved by the sworn... affidavit, in writing of the person making the same [], such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration..., in writing of such person which is subscribed by him, as true under penalty of perjury, and dated..."); 18 U.S.C. § 1621 ("Whoever... in any declaration... under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true... is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both....").

[ Declarant signature and contact information on following page. ]

Page #  4  of  5

1
## DECLARATION UNDER PENALTY OF PERJURY

2
RE: CCA-CADC Group Strip Searches At Federal Courthouse
In View Of Surveillance Cameras;

3
**DECLARANT'S NAME:** Daniel David Rigmaiden

4
**HEREBY DECLARES:**

5

6
September 15, 2010                    Florence
[Executed on (date)]                  [Executed in the City of]

7
Arizona                                United States of America
[Executed in the State of]            [Executed in the Country of]

8

9

10
_____
Signature of Declarant

11

12
Daniel David Rigmaiden
[Full Printed Name]

13
Angency # 10966111
[Mailing Address Line # 1]

14

15
CCA-CADC
[Mailing Address Line # 2]

16
PO Box 6300
[Mailing Address Line # 3]

17

18
Florence, AZ 85132
[Mailing Address Line # 4]

19

20
[Mailing Address Line # 5]

21

22
[Telephone Number (optional)]

23
[Email Address (optional)]

24
///

25
///

26
///

27
///

Page #  5  of  5

ATTACHMENT A

# AWARD/CONTRACT

| 1. THIS CONTRACT IS A RATED ORDER UNDER DPAS (15 CFR 350) | | RATING | PAGE OF PAGES |
|---|---|---|---|
| | | | 1  2 |

| 2. CONTRACT (Proc. Inst. Ident.) NO. | 3. EFFECTIVE DATE | 4. REQUISITION/PURCHASE REQUEST/PROJECT NO. |
|---|---|---|
| MS-99-D-0057 | Nov 4, 1999 | 0 |

| 5. ISSUED BY | CODE | | 6. ADMINISTERED (If other than Item 5) | CODE |
|---|---|---|---|---|

**5. ISSUED BY**

UNITED STATES MARSHALS SERVICE
Procurement Office
600 ARMY NAVY DRIVE, CS#3, 1121
ARLINGTON, VIRGINIA 22202-4210

**7. NAME AND ADDRESS OF CONTRACTOR** (No., street, city, county, State and ZIP Code)

Corrections Corporation of America
Attn: Brent Turner
10 Burtons Hills Boulevard
Nashville, TN 37215

**8. DELIVERY**

☐ FOB ORIGIN  ☒ OTHER (See below)

**9. DISCOUNT FOR PROMPT PAYMENT**

NET 30

**10. SUBMIT INVOICES** (4 copies unless other wise specif TO THE ADDRESS SHOWN IN: ➤

**ITEM** Section G

| CODE | | FACILITY CODE |
|---|---|---|

**11. SHIP TO/MARK FOR**   COD   CODE

AS SPECIFIED ON INDIVIDUAL TASK ORDERS

**12. PAYMENT WILL BE MADE BY**   CODE

U.S. Marshals Service
111 W. Monroe, Suite 1020
Phoenix, AZ 85003-1798

**13. AUTHORITY FOR USING OTHER THAN FULL AND OPEN COMPETITION:**

☐ 10 U.S.C. 2304(c) ( )   ☐ 41 U.S.C. 253(c) ( )

**14. ACCOUNTING AND APPROPRIATION DATA**

| 15A. ITEM NO. | 15B. SUPPLIES/SERVICES | 15C. QUANITY | 15D. UNI | 15E. UNIT PRICE | 15F. AMOUNT |
|---|---|---|---|---|---|
| | PRE-TRIAL DETENTION SERVICES FOR HOUSING OF AN ESTIMATED 2,000 PRE-TRIAL ADULT DETAINEES WITHIN 100 MILES OF THE FEDERAL COURT CITIES OF PHOENIX AND TUCSON, ARIZONA | | | | |

Total over 3 years

**15G. TOTAL AMOUNT OF CONTRAC** ➤ $147,964,287

## 16. TABLE OF CONTENTS

| (X) | sec. | PART I - THE SCHEDULE | PAGE(S) | (X) | SEC. | DESCRIPTION | PAGE(S) |
|---|---|---|---|---|---|---|---|
| | | | | | | PART II - CONTRACT CLAUSES | |
| X | A | SOLICIATATION/CONTRACT FORM | 2 | X | I | CO;NTRACT CLAUSES | 6 |
| X | B | SUPPLIES OR SERVICES AND PRICES/COSTS | 3 | | | PART III - LIST OF DOCUMENTS, EXHIBITS AND OTHER ATTACH. | |
| X | C | DESCRIPTION/SPECS/WORK STATEMENT | 51 | X | J | LIST OF ATTACHMENTS | 1 |
| X | D | PACKAGING AND MARKING | 1 | | | PART IV - REPRESENTATIONS AND INSTRUCTIONS | |
| X | E | INSPECTION AND ACCEPTANCE | 2 | X | K | REPRESENTATIONS, CERTIFICATIONS AND OTHER STATEMENTS OF OFFERORS | 12 |
| X | F | DELIVERIES OR PERFORMANCE | 3 | | | | |
| X | G | CONTRACT ADMINISTRATION DATA | 4 | | L | INSTRS. CONDS. AND NOTICES TO OFFEROR | |
| X | H | SPECIAL CONTRACT REQUIREMENTS | 8 | | M | EVALUATION FACTORS FOR AWARD | |

*CONTRACTING OFFICER WILL COMPLETE ITEM 17 OR 18 AS APPLICABLE*

**17. ☒ CONTRACTOR'S NEGOTIATED AGREEMENT** (Contractor is required to sign this document and return 3 copies to issuing office Contractor agrees to furnish and deliver all items or perform all the services set forth or otherwise identified above and on any continuation sheets for the consideration stated herein. The rights and obligations of the parties to this contract shall be subject to and governed by the following documents: (a) this award/contract, (b) the solicitation, if any, and (c) such provisions, representations, certifications, and specifications, as are attached or incorporated by reference herein. ( Attachments are listed herein.)

**18. ☐ AWARD** (Contractor is not required to sign this document.) Your offer on Solicitation Number including the additions or changes made by you which additions or changes are set forth in full above, is hereby accepted as to the items listed above and on any continuation sheets. This award consummates the contract which consists of the following documents: (a) the Government's solicitation and your offer, and (b) this award/contract. No further contractual document is necessary.

| 19A. NAME AND TITLE OF SIGNER (TYPE OR PRINT) | 20A. NAME OF CONTRACTING OFFICER |
|---|---|
| Linda G. Cooper, V.P. Legal Affairs | Peter Reese |

| 19B. NAME OF CONTRACTOR | 19C. DATE SIGNED | 20B. UNITED STATES OF AMERICA | 20C. DATE SIGNED |
|---|---|---|---|
| BY _____ (Signature of person authorized to sign) | 4.15.99 | BY _____ (Signature of Contracting Officer) | 9/7/99 |

nsn 7540-01-152-8069
PREVIOUS EDITION UNUSABLE

STANDARD FORM 26 (REV.4-85)
Prescribed by GSA

 ~~with a black box, should be used on federal prisoners who are escape risks.~~

6.   Leg irons will be used on federal prisoners confined to a hospital bed
     which does not have a jail ward.  If leg irons must be removed for
     medical or other compelling purposes, handcuffs will be applied prior to
     removal of the leg irons, and handcuffs will not be removed prior to
     applying leg irons.  Leg irons and/or handcuffs will not be removed from
     a federal prisoner undergoing medical care when he bathes or showers.
     When compelling medical reasons dictate, restraining devices will not be
     used.

7.   All instances of use of restraints for purposes of long term
     immobilization or in conjunction with the use of force, shall be
     communicated to the COTR or designee when reasonably practicable.

8.   A detailed written report reviewed and approved by the CEO, shall be
     provided to the COTR or designee within 48 hours of the incident.

9.   The routine uses of restraints for movement and incidental control of
     federal prisoners does not have to be reported to the COTR.

O.   Searches.

The contractor shall provide a written policy and procedure for the following:

1.   Pat down searches, strip searches, body cavity searches, including those
     searches that require intrusion or digital intrusion into body cavities,
     and X-ray searches.

2.   The contractor's written policy shall require, at a minimum, that strip
     searches be performed during the admission process, and prior to removal
     of a federal prisoner from the facility for the purposes of a courtroom
     appearance, and prior to federal prisoners transportation via the
     Justice Prisoner and Alien Transportation System (JPATS).  Contractor
     shall ensure that federal prisoners do not possess tobacco products when
     scheduled to appear in court or as otherwise directed by the COTR or
     designee.

3.   Strip searches must take place in a location where visual privacy is
     ensured and without television monitors.  Searches of body areas covered
     by bandages or dressings should be conducted by a physician, physician's
     assistant, or nurse, if at all possible.  Strip searches will be
     conducted only by a member of the same sex, if at all possible.

4    An intrusion or digital intrusion search will be undertaken only when
     there is probable cause to believe that the federal prisoner has
     concealed contraband in a body cavity.  Intrusion and digital intrusion
     searches will be conducted by a physician, physicians assistant, or
     nurse unless exceptional circumstances require emergency action by non-
     medical personnel.  The reason for such a search and the results thereof
     must be documented in detail in a report that shall be made available to
     the COTR or designee upon request.  If circumstances indicate that an
     intrusion search is justified, but not immediately required for personal
     security reasons, the U.S. Attorney should be contacted regarding the
     advisability of a search warrant in light of recent case law regarding
     internal searches of federal prisoners.

5.   A photographic search using x-rays for swallowed contraband, contraband
     hidden in casts, prosthetic devices in federal prisoners property.  The
     reasons for this search and the results thereof must be documented in
     detail in a report that shall be made available to the COTR upon