Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden, et al.,<br><br>    Defendant. | No. CR08-814-PHX-DGC<br><br>CLARIFICATION OF REQUESTED RELIEF CONTAINED IN MOTION TO DISMISS FOR DESTRUCTION OF EVIDENCE (DKT. #595) |

Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this *Clarification Of Requested Relief Contained In Motion To Dismiss For Destruction Of Evidence*. The defendant is filing this memorandum of clarification because he recently realized a flaw in his request for relief made in his *Motion To Dismiss For Destruction Of Evidence* (Dkt. #595). The defendant had difficulty drafting his request for relief because the issue of the government destroying evidence is a confusing and convoluted "chicken before the egg" scenario and the *pro se* defendant does not have the experience of an attorney. The defendant respectfully requests that the Court consider this memorandum of clarification in light of the confusing nature of the issue. The flaw in the defendant's request for relief and clarifications are explained below.

**<u>Flaw</u>**

Even if the government destroyed the evidence in bad faith, and even if the destroyed evidence will prove a one apartment scenario, the defendant would not be entitled to

1  immediate dismissal (on Fifth Amendment grounds) unless locating the aircard to a single
2  apartment is positively a Fourth Amendment violation in light of *all* the arguments that will
3  be raised by the government and the defendant while litigating the suppression issue.  For
4  example, there is a possibility that the government will prevail on its argument that the
5  defendant lacked standing in apartment No. 1122, vis-a-vis the aircard location, which will
6  undercut whether locating the aircard to a single apartment is a Fourth Amendment violation
7  for the defendant personally.[1]  Considering the seriousness of dismissal based on
8  destruction of evidence, it would likely not be appropriate unless and until the defendant can
9  prove that locating the aircard to a single apartment is a Fourth Amendment violation.  In
10 light of this realization, the defendant is submitting this memorandum to lay out less
11 confusing logic regarding his request for relief at Dkt. #595.

### Clarification No. 1

13 If the Court decides that the defendant has proven a one apartment scenario through
14 the evidence he has already placed on the record (*see*, *e.g.*, Dkt. #592 and Dkt. #587) then he
15 does not need the destroyed geolocation data.

### Clarification No. 2

17 If the Court decides that, in generic terms, locating the aircard to three or four
18 apartments is just as intrusive as locating it to one apartment, then the defendant does not
19 need the destroyed geolocation data because he can use legal arguments addressing the
20 intrusiveness of electronically locating an object to a *single* residence and have it apply to
21 both the defendant's version of the events (one apartment scenario) and the government's
22 version of the events (three or four apartment scenario) in a way that will render the factual
23 dispute of precision a moot issue.

### Clarification No. 3

25 If the Court decides that (1) in generic terms, locating the aircard to one apartment is a
26 Fourth Amendment violation, while locating it to three or four is not, and (2) the defendant

---

28  1.   The defendant simply uses this as an example—he can very easily prove the needed reasonable expectation of privacy to have "standing."

CLARIFICATION OF REQUESTED RELIEF CONTAINED IN MOTION TO DISMISS FOR DESTRUCTION OF EVIDENCE (DKT. #595)
CR08-814-PHX-DGC

has not proven a one apartment scenario with the evidence already placed on the record (*see, e.g.*, Dkt. #592 and Dkt. #587), then the defendant requests that the Court frame the suppression issue based on the government locating the aircard precisely inside apartment No. 1122. This way, the defendant will be able to argue the intrusiveness of locating the aircard to a single apartment in his *Motion To Suppress* and if the Court thereafter finds that to be a Fourth Amendment violation in light of *all* the other arguments and counterarguments used by the defendant and the government then the case should be dismissed, not for the Fourth Amendment violation but for the destruction of evidence needed in order for the defendant to prove the facts in support of the Fourth Amendment violation, *i.e.*, dismissal for the resulting Fifth Amendment violation.

### Clarification No. 4

If the court finds that (1) the government located the aircard to three or four apartments, and (2) the destroyed data will not prove that the aircard was located to one apartment, then the defendant needs the destroyed geolocation data for its time stamps that will show on exactly which days the aircard was located. In light of a three or four apartment scenario factual finding by the Court, if the aircard location was verified on a day after the primary case agents allegedly inferred that the aircard was located precisely inside apartment No. 1122 then this will be the equivalent of locating the aircard precisely inside apartment No. 1122 on a subsequent date. *See* United States v. Karo, 468 U.S. 705, 715 (1984) (Finding the verification of a beeper location a search because "the beeper was monitored for a significant period after the [][initial electronic search] and before the application for a warrant to [physically] search."). If the Court finds that the defendant's *Motion For Discovery* (Dkt. #592) was insufficient in proving that the aircard location was verified after July 16, 2008, and decides to let the government withhold the storage devices addressed in Section I(H) of the defendant's *Submission Pursuant To LRCiv 37.1* (Dkt. #592-2) (these storage devices will likely prove that the aircard location was later verified), then the defendant requests that the Court provide relief as explained in Clarification Nos. 2, 3 and 5.

- 3 -

CLARIFICATION OF REQUESTED RELIEF CONTAINED IN
MOTION TO DISMISS FOR DESTRUCTION OF EVIDENCE (DKT.#595)
CR08-814-PHX-DGC

**Clarification No. 5**

In any event, if the Court finds no constitutional violation, the defendant requests that the Court follow United States v. Flyer and suppress all secondary evidence—which would likely result in dismissal of the case anyways—for the government's destruction of evidence. *See id.*, 633 F.3d 911, 916 (9th Cir. 2011) ("If the government destroys evidence under circumstances that do not violate a defendant's constitutional rights, the court may still impose sanctions including suppression of secondary evidence."). The government has a policy to destroy evidence that is the fruits of Fourth Amendment searches and has had this policy since the 1990s. It is very likely that numerous individuals have and will continue to have their constitutional rights violated by this widespread and abusive practice. Suppression of secondary evidence resulting in dismissal of the case would be a strong deterrent of this government practice in the future.

\* \* \* \* \*

This filing was drafted and prepared by the *pro se* defendant, however, he authorizes his shadow counsel, Philip Seplow, to file this filing and all attachments on his behalf using the ECF system. The defendant is appearing *pro se* and has never attended law school. The defendant's filings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *See* Haines v. Kerner, 404 U.S. 519, 520 (1972).

///
///
///
///
///
///
///
///
///

1 | Respectfully Submitted:

3 | PHILP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Defendant:

6 | s/ Philip Seplow
Philip Seplow
Shadow Counsel for Defendant.

9 | ///
10 | ///
11 | ///
12 | ///
13 | ///
14 | ///
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

*CLARIFICATION OF REQUESTED RELIEF CONTAINED IN MOTION TO DISMISS FOR DESTRUCTION OF EVIDENCE (DKT.#595)*
*CR08-814-PHX-DGC*

## CERTIFICATE OF SERVICE

I hereby certify that on:            I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

*CLARIFICATION OF REQUESTED RELIEF CONTAINED IN MOTION TO DISMISS FOR DESTRUCTION OF EVIDENCE (DKT.#595)*
*CR08-814-PHX-DGC*