ANN BIRMINGHAM SCHEEL
United States Attorney
District of Arizona

FREDERICK A. BATTISTA
Maryland State Bar Member
PETER S. SEXTON
Arizona State Bar No. 011089
JAMES R. KNAPP
Arizona State Bar No. 021166
Assistant U.S. Attorneys
Two Renaissance Square
40 North First Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 514-7500
Fred.Battista@usdoj.gov
Peter.Sexton@usdoj.gov
James.Knapp2@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-08-0814-PHX-DGC |
| Plaintiff, | **GOVERNMENT'S MEMORANDUM RE MOTION FOR DISCOVERY** |
| v. | |
| Daniel David Rigmaiden, et al., | |
| Defendant. | |

The United States, through undersigned counsel, submits this Memorandum in an attempt to clarify and narrow some issues for the upcoming October 28, 2011, hearing regarding Defendant's Motion for Discovery.

First, the United States proposes that the Court assume, arguendo, for Defendant's Motion for Discovery and any forthcoming motion to suppress, that the aircard tracking operation was a Fourth Amendment search and seizure. [1]

---

[1] The United States' position continues to be that, as a factual matter, the operation did not involve a search or seizure under the Fourth Amendment. The United States explained in its March 11, 2011, Memorandum Regarding Law Enforcement Privilege that Defendant does not have a reasonable expectation of privacy in his general location or in the cell site records he transmitted wirelessly to Verizon. (CR 465 at 13-17.) Therefore, the use of the cell site simulator is not a search under the Fourth Amendment. See, e.g., Smith v. Maryland, 442 U.S. 735, 740 (1979) ("application of the Fourth Amendment depends on whether the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by government action"). Nevertheless, in an attempt to simplify the analysis and to avoid unnecessary disclosure of privileged information, the United States will

(continued...)

Second, the United States agrees to rely solely on the Rule 41 tracking warrant, application, and affidavit, No. CR08-90330-MISC, to authorize the use of equipment to communicate directly with Defendant's aircard and determine its location. [2/]

Third, the United States will agree to allow the Court to factually assume, that, at the conclusion of the July 16, 2008, aircard tracking operation, the FBI located the aircard within Unit 1122 of the Domocilio Apartments. [3/]

Fourth, with respect to whether the equipment used to locate the aircard was operated in a "man in the middle" manner or caused a brief "disruption of service," the United States will agree that the Court can assume, arguendo, that it did. [4/]

Fifth, for the purpose of defendant's pending motion(s) to compel discovery and his prospective motion to suppress, the United States does not expect to present facts in any in camera proceeding that it would then request the Court to consider for the purpose of rebutting any of defendant's claims without disclosing those facts to the defendant.

---

[1/] (...continued) no longer argue in this case only that the aircard tracking operation was not a search or seizure under the Fourth Amendment, and will instead rely on its authority under the hybrid order and tracking warrant, Defendant's lack of standing, and, if necessary, the agents' good faith reliance on these court orders.

[2/] Again, the United States' position is that the hybrid order confers sufficient authority to use a cell site simulator and that a tracking warrant is unnecessary. Nevertheless, the United States will rely solely on the Rule 41 warrant application, affidavit and order in this case to authorize its use of a cell site simulator. The hybrid order, No. CR08-90331-MISC, will be used to justify obtaining cell site and other non-content information from Verizon Wireless.

[3/] This is not, in fact, accurate. As explained previously, the FBI was only able to narrow the aircard down to three or four apartments. But to avoid disclosure of privileged information and simplify the Fourth Amendment analysis, the United States will concede, for purposes of any forthcoming motion to suppress, that the FBI located the aircard within Unit 1122 of the Domocilio Apartments.

[4/] The United States indicated at the September 22, 2011, hearing that it believed "the simulator in this case was taking the message it received from the aircard and sending it on to a Verizon tower." (RT 9/22/2011 (CR 637) at 61:5-8.) As FBI Agent Bradley Morrison clarifies in the attached affidavit, however, the equipment did not capture any content and it did not act as a "man in the middle," collecting data and passing it along to Verizon Wireless. (Morrison Aff. 2-3 ¶ 4.)

Finally, the United States is submitting a sworn affidavit from Bradley Morrison, the Unit Chief of the FBI Tracking Technology Unit, to describe facts regarding the aircard tracking operation and clarify some remaining factual issues. The United States will make Agent Morrison available ex parte and in camera to answer questions the Court may have about the tracking operation and the equipment used. In addition, the United States will make this individual available for testimony at any future suppression hearing, so long as the United States has an opportunity to file a motion in limine in order to seek to limit cross-examination regarding privileged law enforcement sensitive material. In order to proceed in this fashion, the United States requests an opportunity to explain, in camera, the basis for its claims of privilege.

Respectfully submitted this 27th day of October, 2011.

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona


S/Frederick A. Battista

FREDERICK A. BATTISTA
PETER S. SEXTON
JAMES R. KNAPP
Assistant U.S. Attorneys

3

# CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2011, I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Philip Seplow
Shadow Counsel for Defendant Daniel David Rigmaiden

Taylor Fox
Counsel for Defendant Ransom Carter

A copy of the attached document was also mailed to:

Daniel David Rigmaiden
Agency No. 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

S/James Knapp

4