IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Daniel David Rigmaiden (1),<br><br>　　　　　Defendant. | No. CR08-0814-PHX-DGC<br><br>**ORDER**<br><br>**EX PARTE** |

On September 22, 2011, the Court held a hearing on Defendant's motion for disclosure. Doc. 592. During the hearing, a number a facts were established as undisputed. *See* Doc. 644. Following the hearing, the Court directed the government and Defendant to meet and confer about additional facts that could be agreed upon between the parties, with a follow-up hearing to be held on October 28, 2011. *Id.* Unfortunately, the parties were unable to meet, and, given Defendant's demands in connection with such a meeting (*see* Doc. 667-1 at 5-7), the government advised the Court on October 28, 2011 that further meetings with Defendant to reach factual agreements would not be useful. The government provided additional factual clarifications on October 27, 2011. Doc. 674. The Court advised the parties at the October 28, 2011 hearing that it would proceed to rule on Defendant's motion for disclosure.

Defendant seeks detailed discovery concerning technology used to locate the aircard in this case. Doc. 592. Defendant seeks the information to support his argument

that location of the aircard violated his Fourth Amendment rights. *Id.* The government contends that the technology constitutes sensitive law enforcement information that is protected from disclosure under *Rovario v. United States*, 353 U.S. 53 (1957), and its progeny, including *United States v. Van Horn*, 789 F.3d 1492, 1508 (11th Cir. 1986).

To evaluate the government's assertions of this qualified law enforcement privilege, the Court will hold an *ex parte* hearing on **November 29, 2011 at 2:00 p.m.** This circuit and other courts have approved *ex parte* hearings for the purpose of considering *Roviaro*-type privilege claims. *See*, *e.g.*, *United States v. Johns*, 948 F.2d 599, 606 (9th Cir. 1991) (district court's *ex parte* hearing to consider government's request to maintain confidentiality of informant approved over defendant's objection); *United States v. Fixen*, 780 F.2d 1434, 1439-40 (9th Cir. 1986) (suggesting use of *in camera* proceedings to resolve *Roviaro* issues); *Global Relief Found., Inc. v. O'Neill*, 315 F.3d 748, 754 (7th Cir. 2002) ("*Ex parte* consideration is common in criminal cases where, say, the identity of informants otherwise might be revealed, *see Roviaro v. United States*[.]"); *United States v. Gonzalez*, 2009 WL 742309 *1 (C.D. Cal. 2009) (court conducted *ex parte* hearing to evaluate *Roviaro* privilege claim); *United States v. Salemme*, 978 F. Supp. 386, 389 n. 8 (D. Mass. 1997) (*ex parte* submission used to evaluate *Roviaro* privilege claim);*see also* 39 Geo. L. J. Ann. Rev. Crim. Proc. at 376 (2010) ("The trial court may be required to conduct an *in camera* inspection to determine whether *Roviaro* requires disclosure of an informant's identity") (citing numerous federal decisions); *cf. United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998) ("*Ex parte* hearings are generally disfavored. In a case involving classified documents, however, *ex parte, in camera* hearings in which government counsel participates to the exclusion of defense counsel are part of the process that the district court may use in order to decide the relevancy of the information.") (citation omitted).[1]

---

[1] Defendant argues that the government must satisfy the procedural requirements for invocation of the state secrets and executive privileges. Docs. 536, 698. The Court understands the government to be asserting the qualified privilege available under

1    On the basis of the *ex parte* hearing, the Court will decide whether the technology used to locate the aircard constitutes sensitive law enforcement information entitled to a law enforcement privilege.  If it does not, disclosure of Defendant's requested information will be required.  If the Court concludes that the qualified privilege applies, it will engage in a *Roviaro*-type balancing – it will determine whether the information covered by the privilege and sought by Defendant is "relevant and helpful to the defense" or "essential to a fair determination of a cause."  *Roviaro*, 353 U.S. at 60-61.  If so, "the privilege must give way."  *Id*. at 61.  In making this determination, the Court must balance the public interest in protecting sensitive law enforcement techniques against the individual defendant's right to prepare his defense.  *Id*. at 62.  "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the [evidence], and other relevant factors."  *Id*.; *see also Klimavicus-Viloria*, 144 F.3d at 1261 (information "relevant and helpful to the defense of an accused" must be disclosed).

The Court will rule on Defendant's motion for disclosure (Doc. 592) after the *ex parte* hearing.  The Court will also rule on Defendant's recent motion for additional discovery (Doc. 697) and related arguments (Doc. 698) at that time.

Dated this 16th day of November, 2011.

_____
David G. Campbell
United States District Judge

cc: AUSA

---

*Roviaro* and related cases such as *Van Horn*, not state secrets or executive privileges.  If this is not correct, the government should promptly notify the Court and file a memorandum responding to Defendant's arguments regarding the procedural requirements necessary for invocation of these privileges.