**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR08-0814-01-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Daniel David Rigmaiden (1), | |
| Defendant. | |

Defendant Daniel Rigmaiden has filed a document titled Motion for Order Requiring that the Defendant Not Be Subject to Sleep Deprivation Prior to Each Court Appearance. Doc. 666. The Court discussed the motion with Defendant at the hearing on October 28, 2011. Following the hearing, the Court communicated with the United States Marshal's Service, which in turn communicated with Corrections Corporation of America ("CCA"), concerning issues raised in the motion.

Defendant's motion states that he is awakened at approximately 11:30 p.m. on the night before every court appearance. He asserts that the time after 11:30 p.m. is consumed by processing, feeding, organizing, and searching inmates prior to their transportation to the Phoenix courthouse early the next morning. Doc. 666 at 2. Defendant asserts that his "natural sleeping patterns," as well as excessive noise and activity in his sleeping pod, prevent him from sleeping during the day before a court hearing or at any time prior to 11:30 p.m. on the night before a hearing. Doc. 666-1 at

29. Defendant further asserts that discomfort while being transported to the courthouse, and the conditions in the holding cells at the courthouse, prevent additional sleep. *Id*. at 29-30. As a result, Defendant asserts that he typically appears in court without having slept for the preceding 31 hours. *Id*. at 39.

The Court's communications with the Marshal's Service confirmed that inmates at the CCA facility are awakened and taken from their cells by 1:00 a.m. on the morning before a court appearance. The Marshal's Service has confirmed that this time is used to process, organize, feed, search, and prepare the inmates for transportation early the next morning. Because the CCA facility is more than 60 miles away from the Phoenix courthouse, the bus to the courthouse leaves at approximately 5:30 a.m. to arrive in time for morning court appearances. The Marshal's Service also was informed by CCA that Defendant is free to sleep during the morning, afternoon, or evening before every court appearance.

Defendant has been representing himself in this case since January 7, 2010. At a hearing on that day, Defendant expressed concern about the offensive manner in which he is treated during the preparation for court appearances and asked that he be permitted to appear at hearings by teleconference. The Court denied this request, stating that if Defendant was going to represent himself he would be required to appear at every hearing that his lawyer would otherwise attend. The Court specifically asked Defendant if he still wished to represent himself in light of this requirement, and he said yes. The Court discussed with Defendant the limited legal resources available at the CCA facility, and stated that the Court would not require CCA to change its law library to accommodate his self-representation. Defendant said he understood. The Court asked Defendant if there was any other condition he would insist upon as part of representing himself, and he said no.

Defendant has appeared in this Court on 13 separate occasions since he was

granted permission to represent himself.[1] During these hearings, Defendant has always appeared to the Court to be lucid and alert. The Court has never detected that Defendant was impaired by lack of sleep. It was not until this motion was filed on October 24, 2011, that Defendant complained of lack of sleep.

The Court has inquired, through the Marshal's Service, about the possibility of making special transportation arrangements for Defendant. CCA has responded with two concerns: making special arrangements for Defendant will cause unrest and dissention among the rest of the facility's population who do not receive such special treatment, and providing special treatment to Defendant could place him at risk by suggesting to the general population that he is receiving benefits for cooperating with the government. The Court views these as legitimate concerns. The Court also notes that it has never received a similar request from the hundreds of defendants housed at CCA during the Court's years on the bench.

Given Defendant's effective performance at the many hearings that have occurred to date, the Court concludes that special accommodations are not necessary for Defendant to represent himself effectively. The Court also concludes that the potential disruption within the CCA facility, as well as the potential danger to Defendant if special transportation arrangements are made, are valid reasons for not making such arrangements. The Court also is not convinced that Defendant is unable to rest before 11:30 p.m. on the night before hearings.

The Court recognizes that the current transportation arrangements might become a problem when Defendant is required to appear in Court on multiple successive days, such as trial. The Court will address this issue as trial approaches.

**IT IS ORDERED** that Defendant's Motion for Order Requiring Defendant Not Be Subjected to Sleep Deprivation Prior to Each Court Appearance (Doc. 666) is **denied**.

---

[1] The Court's docket shows that Defendant has appeared on February 3, March 24 and 29, May 28, July 15, September 8, and November 9, 2010, and January 6, February 10, March 14, May 5, July 20, September 22, and October 28, 2011.

1 | Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on
2 | 10/24/2011 for a total of 26 days.
3 | Dated this 18th day of November, 2011.

_____
David G. Campbell
United States District Judge