Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden, et al.,<br><br>    Defendant. | No. CR08-814-PHX-DGC<br><br>MOTION FOR ORDER REQUIRING GOVERNMENT TO DISCLOSE ALL WITHHELD EVIDENCE FOR FAILURE TO PROPERLY INVOKE CLAIM OF PRIVILEGE |

Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this *Motion For Order Requiring Government To Disclose All Withheld Evidence For Failure To Properly Invoke Claim Of Privilege*. According to the government's filing at Dkt. #711, an *ex parte* hearing was held with the government on December 14, 2011. *See id.*, p. 1. Upon reviewing the docket for CR08-814-PHX-DGC on December 20, 2011, the defendant located no filings by the government that properly invoked any claim of privilege, *i.e.*, a "law enforcement privilege," "sensitive investigative technique privilege," "national security privilege" or "state secrets privilege." Based on the government's failure to properly invoke its claim of privilege, the defendant respectfully requests that the Court order the government to immediately disclose all evidence to the defense that the Court previously found to be discoverable under Rule 16 of the Federal Rules of Criminal procedure.[1]   In support of this

---

1.   *See* Court's Order at Dkt. #644, p. 2 fn. 1 ("As the Court indicated at the hearing on September 22, 2011, Defendant largely has satisfied the requirements for disclosure of material information under Federal Rule of Criminal Procedure 16(a)(1)(E)(i).").

- 1 -

1  request, the defendant submits the following arguments.

2      The prosecution failed to properly invoke the "national security privilege" or "state
3  secrets privilege" prior to the December 14, 2011 *ex parte* hearing. The government's filing
4  at Dkt. #711[2] asked the Court to consider United States v. Garey, 2004 WL 2663023, 2004
5  U.S. Dist. LEXIS 23477 * (M.D.Ga., Nov. 15, 2004) when deciding whether to order
6  disclosure of the withheld evidence. Considering *Garey* addresses, in part, a "national
7  security privilege," the defendant assumes that the government asserted this privilege at the
8  December 14, 2011 *ex parte* hearing.[3] The "national security privilege" discussed in *Garey*
9  is the same as the state secrets privilege previously addressed by the Ninth Circuit in various
10 cases. "The state secrets privilege is a common law evidentiary privilege that permits the
11 government to bar the disclosure of information if there is a reasonable danger that
12 disclosure will expose military matters which, in the interest of national security, should not
13 be divulged." Al-Haramain Islamic Found., Inc. v. Bush, 507 F.3d 1190, 1196 (9th Cir 2007).
14 The state secrets privilege "is not to be lightly invoked," and "**[t]here must be a formal
15 claim of privilege, lodged by the head of the department which has control over the
16 matter, after actual personal consideration by the officer.**" Kasza v. Browner, 133 F.3d
17 1159, 1165 (9th Cir. 1998) (emphasis added) (quoting United States v. Reynolds, 345 U.S. 1,
18 7-8 (1953)). The government has not invoked a "national security privilege" or "state secrets
19 privilege" in the manner required by the Ninth Circuit. If a "national security privilege" or
20 "state secrets privilege" was asserted by the government at the December 14, 2011 *ex parte*
21 hearing then the government's assertion was in violation of Ninth Circuit case law. "Simply
22 saying 'military secret,' 'national security,' or 'terrorist threat' or invoking an ethereal fear that
23 disclosure will threaten our nation is insufficient to support the privilege." Al-Haramain
24 Islamic Found., Inc., 507 F.3d at 1203.

---

2. *Government's Supplemental Case Citation RE Balancing Pursuant To United States v. Roviaro, 353 U.S. 53 (1957)*.

3. The defendant is aware that the government did not assert a privilege under the Classified Information Procedures Act ("CIPA"), codified at 18 U.S.C. app. III § *et seq*. However, claiming a privilege under CIPA is different from claiming a "national security privilege" or "state secrets privilege" on information that is not otherwise "classified."

- 2 -

The prosecution failed to properly invoke the "law enforcement privilege" or "sensitive investigative technique privilege" prior to the December 14, 2011 *ex parte* hearing. The defendant is unaware of any declaration submitted by a non-prosecutor that outlines all of the **precise** and **specific** evidence being withheld[4] and the **precise** and **specific** reasons why each piece of withheld evidence is considered privileged. In *Kerr*, the Ninth Circuit addressed the government invoking an executive privilege and ruled that the "privilege must be formally asserted and delineated in order to be raised properly." Kerr v. U.S.D.C., 511 F.2d 192, 198 (9th Cir. 1975), *aff'd* 426 U.S. 394 (1977) (citing Reynolds, 345 U.S. at 7-8). In *Kerr*, the Ninth Circuit applied the procedures for invoking the state secrets privilege set out in *Reynolds* to a claim of executive privilege. *See* Kerr, 511 F.2d at 198. In the present case, FBI Supervisory Agent Bradley S. Morrison's declaration at Dkt. #674-1 is a spare, generic assertion of the law enforcement sensitive privilege[5] and does not explain why each piece, or even category, of evidence requested by the defendant is considered privileged by the FBI.[6] In *Guantanamo Bay Detainee Litigation*, the court required the government to show rationale by "fil[ing] under seal with petitioner's counsel and the appropriate Merits Judge an unclassified factual return highlighting with a colored marker the exact words or lines the government seeks to be deemed protected as well as a memorandum explaining why each word or line should be protected." In re Guantanamo Bay Detainee Litigation, 630 F.Supp.2d 1, 6-8 (D.D.C. 2009). Although the present case does not involve a factual return, the government was still required to list in detail all the withheld evidence and list in detail its reasons for claiming that the evidence is privilege **prior to** any *ex parte* hearing. If the government asserted the "law enforcement privilege" or "sensitive investigative technique privilege" at the December 14, 2011 *ex parte* hearing then

---

4. *See* the defendant's *Motion For Discovery* (Dkt. #592) and all attachments for the specific evidence being requested by the defendant and being withheld by the government.

5. Although FBI Agent Morrison's declaration meets the requirement of being "a declaration or affidavit, under oath and penalty of perjury, from... a person with some relevant supervisorial or policy making role[,]" Kelly, 114 F.R.D. at 669, it still lacks the detailed articulations required to support the asserted privilege.

6. *See* the defendant's *Motion For Discovery* (Dkt. #592) and all attachments for the specific evidence being requested by the defendant and being withheld by the government.

MOTION FOR ORDER REQUIRING GOVERNMENT TO DISCLOSE ALL WITHHELD EVIDENCE FOR FAILURE TO PROPERLY INVOKE CLAIM OF PRIVILEGE
CR08-814-PHX-DGC

1  the government's assertion was in violation of the case law discussed above.

2      Based on the points and authorities set forth herein, the defendant respectfully
3  requests that this motion be granted and that the government be ordered to disclose all
4  withheld evidence previously found to be discoverable.

5      This motion was drafted and prepared by the *pro se* defendant, however, he authorizes
6  his shadow counsel, Philip Seplow, to file this motion and on his behalf using the ECF
7  system.  The defendant is appearing *pro se* and has never attended law school.  The
8  defendant's filings, however inartfully pleaded, must be liberally construed and held to less
9  stringent standards than formal pleadings drafted by lawyers.  *See* Haines v. Kerner, 404 U.S.
10  519, 520 (1972).

11      LRCrim 12.2(a) requires that the undersigned include the following statement in all
12  motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this
13  motion or of an order based thereon."

14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

- 4 -

1 | Respectfully Submitted:

PHILP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Defendant:

s/ Philip Seplow
Philip Seplow
Shadow Counsel for Defendant.

9 | ///
10 | ///
11 | ///
12 | ///
13 | ///
14 | ///
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

*MOTION FOR ORDER REQUIRING GOVERNMENT TO DISCLOSE ALL WITHHELD EVIDENCE FOR FAILURE TO PROPERLY INVOKE CLAIM OF PRIVILEGE*
*CR08-814-PHX-DGC*

- 5 -

**CERTIFICATE OF SERVICE**

I hereby certify that on:                  I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

*MOTION FOR ORDER REQUIRING GOVERNMENT TO DISCLOSE ALL WITHHELD EVIDENCE FOR FAILURE TO PROPERLY INVOKE CLAIM OF PRIVILEGE*
*CR08-814-PHX-DGC*