UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,**<br>    **Plaintiff**<br>v.<br>**Daniel David Rigmaiden, et al.,**<br>    **Defendant.** | No. CR08-814-PHX-DGC |

MOTION FOR LEAVE TO FILE BRIEF AS
*AMICI CURIAE* IN SUPPORT OF DEFENDANT

# MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE*

We respectfully submit this memorandum of law in support of our motion to for leave to file a brief *amicus curiae* in the above captioned matter.

## INTERESTS OF PROPOSED *AMICI*

*Amici* are experts and researchers with skills in the areas of computer science, privacy, security and surveillance. *Amici* seek to inform the court that a significant amount of detailed technical information about IMSI catchers is already widely available to the general public ("Stingray" is one of the brand names used by the Harris Corporation to market its IMSI catcher products).

Specifically, *amici* seek to make the court aware of the following facts:

1) There are a large number of commercial vendors selling IMSI catchers to clients around the world as part of the $5 billion annual market for surveillance technology. Many of these firms do not hide in the shadows, but rather, proudly boast about their products and their respective capabilities.
2) A large amount of detailed technical information about this technology is public and available online. This includes several patents obtained by commercial surveillance vendors, which, as federal law requires, disclose sufficient information to enable someone reasonably skilled in the respective technical art to make or use the invention.[1]
3) Technologists and security researchers have built their own IMSI catchers using multi-purpose electronic equipment that can be purchased for approximately $1500, and that is likely to be found in electrical engineering departments at universities around the

---

[1] See for example, United States v. Telectronics, Inc., 857 F.2d 778, 785, 8 USPQ2d 1217, 1223 (Fed. Cir. 1988) ("The test of enablement is whether one reasonably skilled in the art could make or use the invention from the disclosures in the patent coupled with information known in the art without undue experimentation.")

country. These IMSI catchers have been publicly demonstrated at major computer security conferences.

4) Security researchers have modified several popular cell phones, sold at drug stores and mini-marts around the country for less than $20, enabling them to detect the use of IMSI catchers. The instructions and software for building IMSI catchers and IMSI catcher detectors are freely available online.

This information is relevant to the case because the government has claimed that information about Stingrays and similar surveillance technology is "considered Law Enforcement Sensitive, since its public release could harm law enforcement efforts by compromising future use of the equipment."[2] Although the government clearly wishes that the general public remain in the dark regarding IMSI catcher surveillance, as *amici* can document for the court, that information is already easy to obtain by anyone using an Internet search engine.

Respectfully submitted,

Katrin Verclas
(*pro se*)

Director,
MobileActive Corp
121 W 27th Street, Suite 702
New York, NY 10001

katrin@mobileactive.org

Dated: January 5, 2012

---

[2] See Jennifer Valentino-DeVries, 'Stingray' Phone Tracker Fuels Constitutional Clash, Wall Street Journal, September 22, 2011, available at
http://online.wsj.com/article/SB10001424053111904194604576583112723197574.html