Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| United States of America, | No. CR08-814-PHX-DGC |
|---|---|
| Plaintiff, | MOTION FOR LEAVE TO FILE NON-STANDARD MOTION FOR RECONSIDERATION OF COURT'S ORDER AT DKT. #723 |
| v. | |
| Daniel David Rigmaiden, et al., | |
| Defendant. | |

Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this *Motion For Leave To File Non-Standard Motion For Reconsideration Of Court's Order At Dkt. #723* with respect to his *Motion For Reconsideration And Clarification Of The Court's Order At Dkt. #723* (hereafter "Motion For Reconsideration").

The defendant is requesting leave to file the above noted *Motion For Reconsideration* as follows:

1.   The defendant requests that the Court permit him to file the *Motion For Reconsideration* while it is over the allowable page limit.  LRCiv 7.2(e)(1) states:

> "Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, each shall not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts."  *Id*.

The length of the defendant's *Motion For Reconsideration* is 33 pages.  The defendant needed to use more words than usual in order to request clarification on certain issues and in

order to explain why the Court's order should be reconsidered. The first ten pages of the defendant's *Motion For Reconsideration* requests clarification on very important issues that need to be resolved prior to the defendant preparing his *Motion To Suppress*. The defendant is confused on how he is to interpret the government's concessions and the Court's understanding of those concessions. The defendant does not know how to ask for clarification using less space than 10 pages as the matters are extremely complex and are at risk of being marginalized.

 Although the defendant's request for clarification could have been filed as a separate motion, it was filed together with his *Motion For Reconsideration* because the request for clarification is relevant to the defendant's requests for reconsideration. Therefore, the defendant's *Motion For Reconsideration* is, in actuality, only 23 pages long or, in other words, only six pages longer than the permitted 17 pages. Pages 32-33 consist of just the signature page and certificate of service which are largely blank and irrelevant. Therefore, the defendant's *Motion For Reconsideration* is, in actuality, only four pages longer than the permitted 17 pages. The defendant needed the extra four pages because he is addressing a court order that is 31 pages long covering numerous issues. The defendant has requested reconsideration only on issues that meet the criteria explained in LRCiv 7.2 (g)(1) (Motions for Reconsideration).

 For the reasons stated above, the defendant respectfully requests that the Court grant the defendant's request for leave to file his non-standard *Motion For Reconsideration*.

 This motion and all attachments were drafted and prepared by the *pro se* defendant, however, he authorizes his shadow counsel, Philip Seplow, to file this motion on his behalf using the ECF system. The defendant is appearing *pro se* and has never attended law school. The defendant's filings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *See* <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

 LRCrim 12.2(a) requires that the undersigned include the following statement in all motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this

- 2 -

1  motion or of an order based thereon."
2  ///
3  ///
4  ///
5  ///
6  ///
7  ///
8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  Respectfully Submitted:

3  PHILP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Defendant:

6  s/ Philip Seplow
Philip Seplow
Shadow Counsel for Defendant.

9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

*MOTION FOR LEAVE TO FILE NON-STANDARD MOTION FOR RECONSIDERATION OF COURT'S ORDER AT DKT. #723*
*CR08-814-PHX-DGC*

- 4 -

*MOTION FOR LEAVE TO FILE NON-STANDARD MOTION FOR RECONSIDERATION OF COURT'S ORDER AT DKT.#723 CR08-814-PHX-DGC*

# CERTIFICATE OF SERVICE

I hereby certify that on: _____ I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))