ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

FREDERICK A. BATTISTA
Maryland State Bar Member
PETER S. SEXTON
Arizona State Bar No. 011089
JAMES R. KNAPP
Arizona State Bar No. 021166
Assistant U.S. Attorneys
Two Renaissance Square
40 North First Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 514-7500
Fred.Battista@usdoj.gov
Peter.Sexton@usdoj.gov
James.Knapp2@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>   v.<br><br>Daniel David Rigmaiden, et al.,<br><br>   Defendant. | No. CR-08-0814-PHX-DGC<br><br>**GOVERNMENT'S MEMORANDUM RE MOTION FOR DISCOVERY** |

The United States, through undersigned counsel, submits this Memorandum in response to footnote 6 of the Court's January 4, 2012, Order denying defendant's Motion for Discovery (Doc. 723). The United States has agreed that, for purposes of defendant's Motion for Discovery and any forthcoming motion to suppress, the Court can assume that the aircard location operation was a Fourth Amendment search and seizure. The United States still intends, however, to argue that defendant has no standing to complain. [1]

---

[1] In Rakas v. Illinois, the Supreme Court held that a defendant must show that *his* Fourth Amendment rights were violated, but that this was simply a part of the Fourth Amendment analysis rather than a separate inquiry into a defendant's standing. See 439 U.S. 128, 139 (1978). "Nevertheless, the term 'standing' has been used by courts since Rakas as shorthand for the existence of a privacy or possessory interest sufficient to assert a Fourth Amendment claim." United States v. Daniel, 982 F.2d 146, 149 n.2 (5th Cir. 1993).

1

"A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. And since the exclusionary rule is an attempt to effectuate the guarantees of the Fourth Amendment, it is proper to permit only defendants whose Fourth Amendment rights have been violated to benefit from the rule's protections." Rakas v. Illinois, 439 U.S. 128, 134 (1978) (citations omitted). Thus, Defendant must not only show a Fourth Amendment violation; he must show that *his* Fourth Amendment rights were violated. See Wayne R. LaFave et al., Search and Seizure § 11.3 ("it is important to keep in mind that the question traditionally labeled as standing (did the police intrude upon *this defendant's* justified expectation of privacy?) is not identical to, for example, the question of whether any Fourth Amendment search has occurred (did the police intrude upon *anyone's* justified expectation of privacy?)").

Here, the aircard tracking operation was eminently reasonable, and it was conducted pursuant to a court-authorized tracking device warrant based upon an extensive showing of probable cause. The United States also intends to argue, however, that defendant's Fourth Amendment rights could not have been violated, even if the search or seizure was otherwise unreasonable, because defendant had no legitimate expectation of privacy in the location or operation of his fraudulently procured aircard (obtained and maintained under the name Travis Rupard), which was connected to his fraudulently obtained computer (purchased under the name Aaron Johnson) and housed in his fraudulently rented apartment (rented and maintained under the name of a deceased individual, Steven Brawner). [2/] See, e.g., United States v. Caymen, 404 F.3d 1196, 1200 (9th Cir. 2005) (no reasonable expectation of privacy in laptop purchased through fraud); United States v. Johnson, 584 F.3d 995, 1004 (10th Cir. 2009) (defendant had no reasonable expectation of privacy in a storage unit obtained by his girlfriend through the

---

[2/] To date, the United States is also unaware of defendant having lawful access to any funds to pay for any of these items in light of the fact that his only apparent access to funds was through fraudulent means.

2

1 fraudulent use of a stolen identity); United States v. Lewis, 738 F.2d 916, 920 n.2 (8th Cir. 1984)
2 ("A mailbox bearing a false name with a false address and used only to receive fraudulently
3 obtained mailings does not merit an expectation of privacy that society is prepared to recognize
4 as reasonable."); see also Rakas, 439 U.S. at 143 n. 12 ("Obviously, however, a 'legitimate'
5 expectation of privacy by definition means more than a subjective expectation of not being
6 discovered.  A burglar plying his trade in a summer cabin during the off season may have a
7 thoroughly justified subjective expectation of privacy, but it is not one which the law recognizes
8 as 'reasonable.'").

9       The Court can resolve the issue of suppression in this case without reference to the
10 equipment, techniques, or personnel involved in the aircard tracking operation. In other words,
11 the Court can assume that the United States searched or seized the aircard for purposes of the
12 Fourth Amendment but nevertheless conclude that the United States did not violate *defendant's*
13 Fourth Amendment rights, even if it concludes that the search or seizure exceeded the scope of
14 the tracking device warrant or was otherwise defective.  Specifically, based upon the above-
15 noted unique and extensive facts and court precedent, defendant's wide-ranging fraudulent and
16 deceptive conduct should not merit an expectation of privacy that society is prepared to
17 recognize as reasonable.

18       Accordingly, the United States does not believe that the Court should require it to make
19 a choice with respect to how to proceed from this point in the case.  While the United States has
20 conceded that the Court may consider the successful aircard location operation a "search and
21 seizure" subject to Fourth Amendment analysis, it has not conceded that this defendant, in this
22 case, has an expectation of privacy that society is prepared to recognize as reasonable.  If the
23 Court rules otherwise, the United States will object to such a ruling and preserve the issue on
24 appeal.
25 /
26 /
27 /
28

Respectfully submitted this 25th day of January, 2012.

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona


S/Frederick A. Battista

FREDERICK A. BATTISTA
PETER S. SEXTON
JAMES R. KNAPP
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2012, I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Philip Seplow
Shadow Counsel for Defendant Daniel David Rigmaiden

Taylor Fox
Counsel for Defendant Ransom Carter

A copy of the attached document was also mailed to:

Daniel David Rigmaiden
Agency No. 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132


S/Frederick A. Battista

FREDERICK A. BATTISTA
Assistant U.S. Attorney

4