ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

FREDERICK A. BATTISTA
Maryland State Bar Member
PETER S. SEXTON
Arizona State Bar No. 011089
JAMES R. KNAPP
Arizona State Bar No. 021166
Assistant U.S. Attorneys
Two Renaissance Square
40 North First Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 514-7500
Fred.Battista@usdoj.gov
Peter.Sexton@usdoj.gov
James.Knapp2@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden, et al.,<br><br>Defendant. | No. CR-08-0814-PHX-DGC<br><br>**GOVERNMENT'S RESPONSE TO MOTION FOR RECONSIDERATION RE RELEASE OF AIRCARD FOR TESTING** |

The United States, through undersigned counsel, continues to oppose Defendant's request to have the Court order the United States to turn over the "Travis Rupard" aircard – a critical piece of trial evidence – to Defendant.

Defendant seeks reconsideration by explaining the general nature of the examination and testing that he seeks, but he still fails to explain why the examination and testing cannot be accomplished while the aircard remains in the custody of the United States. As Defendant acknowledges, any test results or reports from the examiner would likely be discoverable in any case. See Fed. R. Crim. Proc. 16(b)(1)(B), 26.2. Defendant expresses concern that the United States might "gain access to defense work product (whether deliberate or accidental) that would not otherwise be disclosed" during the test or "use its authority (whether explicit or implicit) to influence the tests," but he does not explain further. See Mot. 4. The United States' primary

concerns are that the aircard is not destroyed or permanently altered during any testing. The best means to prevent such either event is require that any testing be conducted while the aircard remains in the custody and under the supervision of the United States.

Defendant's request also appears premature in that he has yet to identify a qualified individual who would conduct the examination or testing. See Mot. at 3 ("The defendant does not currently have an expert appointed to the defense that understands the above explained test and analysis").

Accordingly, defendant's motion for reconsideration should be denied.

Respectfully submitted this 25th day of January, 2012.

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

S/Frederick A. Battista

FREDERICK A. BATTISTA
PETER S. SEXTON
JAMES R. KNAPP
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2012, I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Philip Seplow
Shadow Counsel for Defendant Daniel David Rigmaiden

Taylor Fox
Counsel for Defendant Ransom Carter

A copy of the attached document was also mailed to:

Daniel David Rigmaiden
Agency No. 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

S/Frederick A. Battista

FREDERICK A. BATTISTA
Assistant U.S. Attorney