**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden (1),<br><br>    Defendant. | No. CR08-0814-01-PHX-DGC<br><br>**ORDER** |

Defendant Daniel Rigmaiden has filed a Motion for Reconsideration and Clarification of the Court's Order at Dkt. #723. Doc. 787. This order will address issues raised in the motion.

Defendant asks the Court to allow additional time for preparation of, and more than 50 pages for the presentation of, his motion to suppress. The Court addressed these matters at the hearing on January 27, 2012, and agreed to increase the time allotted for preparation of the motion by more than two months and to increase the page limit to 75 pages. Doc. 768.

Defendant asks various questions regarding the government's concession concerning the Fourth Amendment search, as discussed in footnote 6 of Doc. 723. This matter was also addressed at the hearing on January 27, 2012. The clarification reached at the hearing is set forth in the Court's order at Doc. 768 and is contained in the transcript of the January 27, 2012 hearing (Doc. 776). In short, the government is not

conceding that Defendant had a reasonable expectation of privacy in any item or information at issue in this case, but the government is conceding that the actions it took during the air card locating mission were sufficiently intrusive to constitute a search under the Fourth Amendment if Defendant had a reasonable expectation of privacy. As a result, Defendant need not prove intrusiveness, but he will need to address his reasonable expectation of privacy in any item or information the search of which he wishes to challenge.

Defendant also seeks clarification on whether various aspects of the air card locating mission were sufficiently intrusive to constitute a Fourth Amendment search. Doc. 787 at 7-10. The Court addressed this issue during the hearing on January 27, 2012, and provided as much guidance as possible. *See* Doc. 776 at 21-28.

Defendant argues that the Court should reconsider its entire order (Doc. 723) because the government has revealed that the equipment used in this case was a StingRay manufactured by Harris Corporation. Defendant relies on documents previously considered by the Court, a dialogue with government counsel at the hearing on September 22, 2011, and additional document disclosures that, Defendant contends, show that the government was not being truthful at the hearing on September 22, 2011. After reviewing these materials, the Court is not persuaded that the government has disclosed the confidential techniques used to locate the air card in this case. As indicated in the Court's order, an *ex parte* hearing was held on December 14, 2011. On the basis of that hearing, the Court concluded that the equipment, techniques, and personnel involved in the air card locating mission constitute sensitive law enforcement information protected by the *Roviaro* line of cases. Doc. 723 at 11-13. The Court stands by this conclusion. The isolated references to "StingRay" in documents produced by the government, as well as the government's explanation at the September 22, 2011 hearing, do not persuade the Court that the equipment, techniques, and personnel used in the mission are publicly available or have been disclosed by the government in this case.

Defendant argues that information provided by certain individuals in an amicus

brief (Docs. 736, 738) demonstrates that the technology used by the government in this case is publicly available. The Court does not agree. On the basis of information presented during the *ex parte* hearing on December 14, 2011, the Court continues to believe that "[e]ven if some of the technology were publicly available, the precise technology used by the FBI in this case and the precise manner in which it was used, if disclosed, would educate the public and adversaries of law enforcement on how precisely to defeat FBI surveillance efforts. The Court is not persuaded by Defendant's arguments that the privilege is inapplicable because modern surveillance technology is widely understood." Doc. 723 at 13.

Defendant argues that the Court committed manifest error when it concluded that Defendant sought production of the specific wireless devices used by the government in this case, as well as user manuals and other information related to those devices, for purposes of a fishing expedition. Doc. 723 at 24-25. Defendant notes that his motion referred back to earlier sections which sought the information for purposes of proving forced registration, geolocation measurement techniques, and increased transmission power of the air card. Doc. 787 at 18. The Court's order, however, concluded that Defendant has sufficient information to make arguments with respect to each of these issues. *See* Doc. 723 at 22-23 (forced registration), 23 (geolocation measurement techniques), 24 (increased transmission power of the air card). Because Defendant has sufficient alternative information with which to make these arguments, he has not made the showing necessary to overcome the government's *Roviaro* protection. *See United States v. Harley*, 682 F.2d 1018, 1020 (D.C. Cir. 1982).

Defendant argues, based on new evidence provided by the government, that the Court should reconsider its order denying his request for disclosure of communications between the government and Verizon Wireless or, in the alternative, his request for the FBI's "destroy the evidence" policy. Doc. 787 at 19-21. Pursuant to Local Rule of Criminal Procedure 47.1 and Local Rule of Civil Procedure 7.2(g)(2), the government shall file a response to this argument by **April 4, 2012**. Defendant shall not file a reply

unless requested to do so by the Court.

Defendant asks the Court to require the government to file under seal all of the information withheld in this case under the *Roviaro* protection. Defendant cites no authority for this request. The Court concludes that filing such information under seal is not necessary because the information has not been considered by the Court. Rather, the Court's rulings have been based on the extensive briefing by the parties, numerous hearings held with the parties, and the *ex parte* hearing on December 14, 2011, all of which will be available for review on appeal.

**IT IS ORDERED:**

1. On or before **April 4, 2012**, the government shall file a response to the arguments set forth in Section 1(E) of Defendant's motion for reconsideration (Doc. 787).

2. Defendant's motion for reconsideration (Doc. 787) is **denied** in all other respects.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on March 28, 2012 to March 28, 2012 .

Dated this 28th day of March, 2012.

David G. Campbell
United States District Judge

- 4 -