ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

FREDERICK A. BATTISTA
Maryland State Bar Member
PETER S. SEXTON
Arizona State Bar No. 011089
JAMES R. KNAPP
Arizona State Bar No. 021166
Assistant U.S. Attorneys
Two Renaissance Square
40 North First Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 514-7500
Fred.Battista@usdoj.gov
Peter.Sexton@usdoj.gov
James.Knapp2@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden,<br><br>    Defendant. | No. CR-08-0814-001-PHX-DGC<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION** |

The United States, through undersigned counsel, submits this response pursuant to the Court's March 28, 2012, Order directing the United States to respond to section 1(E) of Defendant's motion to reconsider. In section 1(E), Defendant again seeks disclosure of "all communication between Verizon Wireless and the FBI relating [to] the aircard locating mission based on the reasoning that it contains the newly identified geolocation data," or, in the alternative, disclosure of "the 'destroy the evidence' FBI policy relied upon by the FBI technical agents when they destroyed the data." Def't Mot. at 30.

As explained previously, the United States has sought to provide expansive discovery to Defendant, beyond what the rules and caselaw require. Accordingly, one of the items provided in discovery is a summary of an internal FBI memorandum relating to the aircard tracking mission. The summary, provided on December 9, 2011, and attached as Exhibit 03 to Defendant's motion, states that "Assistance from Verizon gave a distance from the tower for the

target" and that "the distance from the tower info, assisted techs in obtaining a start location for the search."

Defendant claims this is "new evidence," but it still does not support his request for all written communications between the FBI and Verizon. First, the "distance from the tower" information referred to in discovery is not geolocation information. If called to testify, an FBI agent would explain that in this case the "distance from the tower" information obtained from Verizon refers to an approximate distance from one cell tower to the subject aircard. Verizon did not provide the precise location of the aircard or its actual location in relation to the tower. Second, it does not support a request for all written communications to or from Verizon Wireless because the FBI believes the distance information was obtained orally during a telephone call between the FBI and a representative from Verizon. The FBI has searched for any written record of the distance information provided by Verizon (e.g., by e-mail, fax, or text message) and has found no record. Finally, Defendant fails to show how this information is material to his Fourth Amendment claims, beyond mere speculation. The assistance from Verizon, obtained pursuant to court order, did not provide geolocation information. It merely helped determine a starting point for the search.

Defendant seeks, in the alternative, a copy of what he refers to as "the 'destroy the evidence' FBI policy." On December 2, 2011, the United States provided Defendant an excerpt containing the relevant policy. That policy requires technically trained agents to ensure, before deploying FBI cellular tracking equipment pursuant to court order, that the equipment has been cleared of any prior case operational data. It is not a "destroy the evidence" policy.

//
//
//

2

Accordingly, Defendant's motion for reconsideration on this basis should be denied.

Respectfully submitted this 3rd day of April, 2012.

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

*s/ James Knapp*

FREDERICK A. BATTISTA
PETER S. SEXTON
JAMES R. KNAPP
Assistant U.S. Attorneys

Certificate of Service

I hereby certify that on 4/3/2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Philip Seplow, Taylor Fox

A copy of the attached document was also mailed to:

Daniel David Rigmaiden
Agency No. 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

*s/ James Knapp*

3