WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden (1),<br><br>　　　　　　Defendant. | No. CR08-0814-01-PHX-DGC<br><br>**ORDER** |

Defendant Daniel Rigmaiden has filed a motion for extension of time to file his motion to suppress. Doc. 806. Defendant asks the Court to extend the deadline 60 days from the current deadline of April 27, 2012. The government takes no position on the motion. Doc. 809. The Court will grant the motion in part.

Defendant has had ample time to prepare a motion to suppress. As the Court previously noted, Defendant has been pursuing discovery in this case for more than two years. Doc. 723 at 8-11. On August 12, 2011, Defendant filed a motion to compel discovery that exceed 100 pages and contained detailed Fourth Amendment analysis. The Court's order of January 5, 2012, concluded that Defendant's motion could be filed by February 17, 2012. *Id*. at 30.

Defendant asked for substantial additional time. At the hearing on January 27, 2012, the Court agreed to extend the deadline to April 27, 2012. Doc. 768. This deadline would be more than eight months after Defendant had filed his detailed motion to compel addressing many Fourth Amendment issues, and was calculated to account for the additional research Defendant sought to complete.

In his motion, Defendant argues that the government took excessive time to respond on whether the aircard at issue in this case could be imaged, but notes that he has since completed the work on this issue himself. Doc. 806 at 2-3. The Court notes, however, that Defendant has not sought appointment of an expert to complete an examination of the aircard. He has filed a lengthy memorandum on the issue, but the memorandum contains no request for action on the part of the Court. *See* Doc. 804. Defendant argues that various members of his defense team have been non-responsive or have responded slowly, including the allegation that shadow counsel received discovery from the government on March 22 and 30, 2012, but did not deliver it to Defendant until April 6, 2012. This is not a lengthy delay. Defendant further asserts that recent discovery revealed yet another Fourth Amendment violation (Doc. 806 at 4-6), but he appears to possess all information needed to make an argument on this issue. The Court concludes that none of these developments warrants a 60-day delay in filing the motion to suppress.

The Court previously advised Defendant that, even though he is representing himself, he is required to abide by the same rules as lawyers. Docs. 111, 130. This case has been pending well beyond the period normally permitted for a criminal case. This case admittedly has complex Fourth Amendment issues, but the time allotted to those issues has substantially exceeded the time the Court would have afforded a lawyer representing Defendant on the same issues. The Court is persuaded that Defendant has ample information and legal arguments to support his motion, and that the time has come to resolve Defendant's motion to suppress. Doc. 723.

Defendant's desire to perfect his detailed motion will continue to produce delays unless a firm deadline is set. To accommodate Defendant's need for some additional time, but also to bring this case to a reasonable conclusion, the Court will extend the deadline for filing of the motion to suppress to **June 1, 2012**. **Defendant is advised that he must file his motion by this date. The Court will not grant further extensions of the deadline.**

1       **IT IS ORDERED** that Defendant's motion for extension (Doc. 806) is **granted in part** as set forth above.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to start on 4/18/2012.

      Dated this 23rd day of April, 2012.

*David G. Campbell*
David G. Campbell
United States District Judge