Daniel Rigmaiden #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

Daniel Rigmaiden, defendant
Pro Se

FILED ___ LODGED
RECEIVED ___ COPY
MAY - 8 2012
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE ____5.4____
(Rule Number/Section)

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, Plaintiff, v. Daniel Rigmaiden, et al., Defendant. | No. CR08-814-PHX-DGC<br><br>Motion Requesting The Court To Order defendant's Private Investigator To Do His Job, Or In The Alternative, To Dismiss The Case With Prejudice. |

Defendant, Daniel David Rigmaiden, appearing pro se, respectfully requests that the Court order his court-appointed private investigation firm, P.E. and E., to continue assisting the defendant, or, in the alternative, to dismiss the case with

1

prejudice because the defendant is unable to prepare an effective defense otherwise. The Court appointed the defendant a private investigator in response to the defendant's request for private investigator assistance in preparing his pro se defense. As previously brought to the Court's attention, the defendant's private investigator stopped assisting the defendant as of February 3, 2012. See Dkt. #808. The reason the defendant is being denied assistance is because F.E. and E. claims that it is owed money by the government in relation to services provided to the defendant while he prepared his defense. The defendant does not handle the CJA voucher process (because the Court did not want him to) and merely files motions for additional funding when advised that funds

are running low or expended. The defendant does not have the power to address the problem from an economic or finance standpoint.

The defendant cannot prepare his defense without a private investigator. For example, the defendant was not able to meet the court's prior deadline to file his Motion To Suppress, which was April 27, 2012. If the defendant would have had a private investigator, he could have passed off some of the tasks that his court-appointed paralegal, Mark Horne, failed to complete or failed to complete within a reasonable amount of time. Having a private investigator between January 27, 2012 and April 27, 2012 would have likely resulted in the defendant meeting the court's original April 27, 2012 deadline to file his Motion To Suppress. The defendant

now has a new deadline of June 1, 2012 and he fears that he will not be able to meet that deadline if his private investigator does not provide him with assistance.

The defendant respectfully requests that the Court (1) order F.E. and E. to assist the defendant, and (2) order the CJA voucher review unit to pay F.E. and E. whatever it is owed, or, in the alternative, dismiss the case with prejudice.

Excludable delay will result.

Respectfully Submitted:
May 6, 2012
Daniel Rigmaiden

CERTIFICATE OF SERVICE

Original to: U.S. District Court, Phoenix — via U.S. postal service.

(Other parties not served because no copy service available at CCA-CADC)
May 6, 2012
By: Daniel Rigmaiden

4