Daniel Rigmaiden #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

Daniel Rigmaiden, defendant
Pro Se

FILED ___ LODGED
___ RECEIVED ___ COPY
MAY - 8 2012
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE  5.4
(Rule Number/Section)

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| United States of America, Plaintiff, v. Daniel Rigmaiden, et al., Defendant | No. CR08-814-PHX-DGC<br><br>Motion Requesting The Court To Order Defendant's Shadow Counsel To Locate A Runner Service For Defendant |
|---|---|

Defendant, Daniel David Rigmaiden, appearing pro se, respectfully requests that the Court order his court-appointed shadow counsel, Philip Seplow, to follow the defendant's instructions to locate a runner service who will retrieve

1

motions, etc. from the defendant at CCA-CADC, or, in the alternative, dismiss the case with prejudice because the defendant is unable to prepare an effective defense otherwise. The court previously granted the defendant's request to have a runner service appointed to the defense but the defendant's private investigator could not find someone willing to work at the set pay rate. Most of the work hours would have been spent driving and no one wanted the bulk of their time billed at the "travel time" rate.

The defendant then instructed Mr. Seplow's office to locate a runner service by following the defendant's specific instructions designed to ensure a very high chance of success. Although Mr. Seplow's office started on the

task (with results looking very promising), nothing was completed. The defendant now has a June 1, 2012 deadline to file his motion to suppress. Even if the defendant meets that deadline — without a competent paralegal or a private investigator — he still has no one willing to visit CCA-CADC to pick up the motion at a date/time specified by the defendant, or even a date/time known by the defendant. Mr. Seplow shows up at CCA-CADC at random dates (to see other clients) without notice to the defendant. The defendant's court-appointed paralegal, Mark Horne, rarely shows up on the scheduled dates set for CCA-CADC legal visits. For example, Mr. Horne had a scheduled legal visit with the defendant on May 1, 2012 but instead showed up on May 3, 2012

3

without any prior notice to the defendant.

The defendant respectfully requests that the Court order Mr. Seplow to finish following the defendant's instructions on locating a runner service for the defendant or in the alternative, dismiss the case with prejudice.

Excludable delay will result.

Respectfully Submitted:
May 6, 2012
Daniel Rigmaiden

CERTIFICATE OF SERVICE

Original to: U.S. District Court, Phoenix - via U.S. Postal Service

(other parties not served because no copy service available at CCA-CADC)

May 6, 2012
By: Daniel Rigmaiden

4