DECLARATION UNDER PENALTY OF PERJURY

RE: Daniel Rigmaiden's residence was at 431 El Camino Real, Apartment No. 1122, Santa Clara, CA. 95050;
BY: Daniel David Rigmaiden

I, Daniel David Rigmaiden, declare[1] the following:

1.      From October 21, 2007 through August 3, 2008, I lived alone at apartment No. 1122 at the Domicilio apartment complex located at 431 El Camino Real, Santa Clara, CA 95050 (hereafter "apartment No. 1122").  Using my alter ego of Steven Travis Brawner, I rented apartment No. 1122 in person by visiting the Domicilio rental office.  I used apartment No. 1122 solely as a home residence and conducted no business from within the apartment or through the apartment mailing address.  Apartment No. 1122 was my only home residence throughout the entire duration of my rental period.

2.      When I rented apartment No. 1122, I was mindful of the following features acting to increase the privacy and security of the residence: (1) the Domicilio apartment complex was a gated community protected by private access electronic gates at all all entrances, (2) each ground level apartment at the complex had a floor architecture raised one story off the ground making all apartment units less accessible to the public, (3) each apartment within the complex had a mandatory deadbolt on all exterior front doors and a burglar alarm system wired to every exterior door and window, (4) a private security guard service is on call and available to renters/occupants 24 hours a day, (5) a private security guard service conducts nightly scheduled security foot patrols throughout the complex, and (6) apartment No. 1122 was isolated away from vehicle access areas.  The above security features played a large role in my choice to rent apartment No. 1122 as a home residence considering I knew they would increase

---

1.      This declaration is being submitted under the protections of *Simmons*.  See <u>Simmons v. United States</u>, 390 U.S. 377, 394 (1968) (Holding that "when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection."). I object to the government attempting to introduce this declaration as evidence at trial.

DECLARATION UNDER PENALTY OF PERJURY

RE: Daniel Rigmaiden's residence was at 431 El Camino Real, Apartment No. 1122, Santa Clara, CA. 95050;
BY: Daniel David Rigmaiden

---

the privacy and security of my home.

      3.    I always interacted with management and residents of Domicilio as my alter ego of Steven Travis Brawner.  I paid my rent to Domicilio management each month using legitimate money orders that I purchased using my own physical cash.  Domicilio management never attempted to evict me or repossess the apartment.

      4.    During my residency, I had exclusive use of and complete control over apartment No. 1122.  I could choose to come and go as I pleased and choose to exclude others from entering the apartment.  Other than for very brief periods, I always kept my blinds closed and door locked.  I have never invited a stranger into my home and I have never answered my door to an uninvited or unexpected visitor.

      5.    During my residency, I kept personal belongings at my residence such as hygiene items and clothing, slept at my residence, ate at my residence, and accessed the Internet while at my residence.

      6.    Domicilio management provided me with keys to apartment No. 1122 and I possessed those keys until my arrest on August 3, 2008.  I never once let anyone use my apartment keys and they were always either in my immediate possession or inside apartment No. 1122.

      7.    The Domicilio apartment complex is a gated community protected by Quality Alarm Service's private access electronic gates at all entrances.  Electronic gate access keys (referred to by Domicilio as "fobs") needed to be used to enter the Domicilio apartment complex.  The gates were always locked and could only be opened from the outside with an

DECLARATION UNDER PENALTY OF PERJURY

RE:  Daniel Rigmaiden's residence was at 431 El Camino Real, Apartment No. 1122, Santa Clara, CA. 95050;
BY:  Daniel David Rigmaiden

electronic gate key but they could be pushed open from the inside without using an electronic gate key.

8. I was given an electronic gate key (fob No. 58261) at the time I rented apartment No. 1122 and I possessed the key until my arrest on August 3, 2008.  I never once let anyone use my electronic gate key and it was always either in my immediate possession or inside apartment No. 1122.

9. In order to unlock an electronic gate at the Domicilio apartment complex, so as to enter the property, I would use my electronic gate key by placing it directly in front of a reader mounted on the outside of the gate sought to be entered.  When doing this, I would stand directly in front of the gate and my hand would be less than two inches away from the fob reader.

10. During my residency, it was not apparent to me that my electronic gate access habits were being recorded and stored as geolocation information by Domicilio and Quality Alarm Service—the company that installed the gates.  Neither Domicilio nor Quality Alarm Service ever explained to me any need to retain my electronic gate access records nor did they state that they would do so for any purpose.

11. I paid for utilities at apartment No. 1122, which included the electricity provided through Silicon Valley Power of Santa Clara, account No. 00070682-04.  I paid my electricity bills by mailing in legitimate money orders that were purchased using my own physical cash.

12. My home computer was an IBM ThinkPad (S/N #LV-C4398) laptop computer with mouse, keys, docking station, external LCD monitor, external keyboard, and various

DECLARATION UNDER PENALTY OF PERJURY

RE:  Daniel Rigmaiden's residence was at 431 El Camino Real, Apartment No. 1122, Santa Clara, CA. 95050;
BY:  Daniel David Rigmaiden

---

external hard drives.  My home Internet connection was accessed by my home computer via my aircard (UTStarcom PC5740 Broadband Connection Card for Verizon Wireless, with mobile number 415-264-9596 and ESN 005-00717190) and aircard account (Verizon Wireless 1xEV-DO "BroadbandAccess Connect Service" account having wireless account number 270691733).  Both my home computer and aircard operated together by using the electricity I purchased for use at apartment No. 1122.

   13. Although Domicilio wired all apartments for landline Internet access, it was the renter's option, if he/she chose, to have either DSL or cable Internet access installed.  I never had landline Internet installed because my aircard served as my home Internet connection.  Domicilio also had free wireless (WiFi) Internet access in the pool area and in the lounge area but apartment No. 1122 was too far away to be within range of those wireless connections.

   14. Prior to my arrest and search of my home, but after the FBI had located my aircard and residence on July 16-17, 2008, had I been served with copies of relevant orders and receipts of items seized, there would have been nothing for the government to seize and nobody for the government to arrest during the in-person search of apartment No. 1122 on August 3, 2008.  Had I received notice of the aircard locating mission, within a day I would have permanently left apartment No. 1122 after packing up my belongings and cleaning the apartment.  I would have also permanently stopped using my aircard and aircard account.

\* \* \* \* \*

   15. I declare, certify, verify, and state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge,

DECLARATION UNDER PENALTY OF PERJURY

RE: Daniel Rigmaiden's residence was at 431 El Camino Real, Apartment No. 1122, Santa Clara, CA. 95050;
BY: Daniel David Rigmaiden

---

except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true. See 28 U.S.C. § 1746 ("Wherever... any matter is required or permitted to be supported, evidenced, established, or proved by the sworn... affidavit, in writing of the person making the same [], such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration..., in writing of such person which is subscribed by him, as true under penalty of perjury, and dated..."); 18 U.S.C. § 1621 ("Whoever... in any declaration... under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true... is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both....").

Executed on May 20, 2012, in Florence, Arizona, United States of America.

Daniel David Rigmaiden

*Daniel Rigmaiden*
Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132