1   Daniel Rigmaiden
    Agency # 10966111
2   CCA-CADC
    PO Box 6300
3   Florence, AZ 85132
    Telephone: none
4   Email: none

5   Daniel David Rigmaiden
    Pro Se, Defendant

6

7                       **UNITED STATES DISTRICT COURT**

8                          **DISTRICT OF ARIZONA**

9

10   United States of America,              No. CR08-814-PHX-DGC

11          Plaintiff,                       FIRST SUBMISSIONS OF
                                             CORRECTIONS TO MOTION TO
12   v.                                      SUPPRESS

13   Daniel David Rigmaiden, et al.,

14          Defendant.

15

16          Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits *First*

17   *Submission Of Corrections To Motion To Suppress*.  The defendant's *Motion To Suppress* and

18   all attachments are on the record at Dkt. #824.  The defendant was not provided with enough

19   time to finish his *Motion To Suppress* (*see* Court's order at Dkt. #822) and, as a result, it was

20   a "rush job."  For example, the defendant was forced to file his *Motion To Suppression*

21   without having a chance to read his attached *Memorandum Re: Fourth Amendment*

22   *Violations* prior to filing.[1]  Since the time of filing his *Motion To Suppress*, the defendant

23   read parts of his attached memorandum and located some technical errors[2]—some of

24   which, if not corrected, are fatal to his arguments.  Through this submission, the defendant is

25   correcting the errors recently located in his *Motion To Suppress*.

26   1.     Although the process of writing the memorandum necessarily implies reading what is
     written as it is written, the defendant was not able to proofread the entire memorandum for
27   errors prior to filing.

28   2.     By "technical errors," the defendant means technical writing errors (*e.g.*, referencing
     the wrong internal footnotes), not technical technology errors.

In the *Memorandum Re: Fourth Amendment Violations* attached to the defendant's *Motion To Suppress*, the following corrections need to be made (incorrect text is ~~stricken~~ and correct text is added in <u>red font underlined</u>):

1. **Correction to page No. 93, footnote No. 553**: [ *See* references cited in fn. No. ~~553~~ <u>551</u>, *supra*. ];

2. **Correction to page No. 164, footnote No. 928**: [ *See Technical Explanations*, Section II(H)(2) and fn. No. ~~654~~ <u>653</u>, *supra* (explaining Intercept Access Points). ];

3. **Correction to page No. 200, footnote No. 1142**: [ *See* fn. No. ~~1142~~ <u>1141</u>, *supra* (referencing exhibit containing pictures)~~.~~ ];

4. **Correction to page No. 354-355, "Evidence Table"**: [ replace the entire "Evidence Table" with the following:

### EVIDENCE TABLE

| # | Evidence sought to be suppressed: | Relevant order or subpoena executed while evidence was seized: | Sections addressing evidence: |
|---|---|---|---|
| 1 | The defendant's 1.8 million destination IP addresses relating to use of the aircard; | **(1)** D.Ariz. 07-03-609 Grand Jury subpoena; **(2)** D.Ariz. 07-03-615 Grand Jury subpoena; **(3)** D.Ariz. 08-3286MB-LOA order; | **1.** Section V(F)(4) **2.** Section V(F)(4) **3.** Section V(F)(4) |
| 2 | Communications content and other private information derived from destination IP addresses; | **(1)** D.Ariz. 07-03-609 Grand Jury subpoena; **(2)** D.Ariz. 07-03-615 Grand Jury subpoena; **(3)** D.Ariz. 08-3286MB-LOA order; | **1.** Section V(F)(4) **2.** Section V(F)(4) **3.** Section V(F)(4) |
| 3 | Historical cell site location information relating to aircard; | **(1)** D.Ariz. 08-3298MB-LOA order; **(2)** D.Ariz. 08-7273MB-ECV order; | **1.** Section V(F)(3) **2.** Section V(F)(3) |
| 4 | Real-time cell site location information relating to the aircard; | **(1)** N.D.Cal. 08-90331MISC-RS order; | **1.** Section V(F)(2) |
| 5 | Real-time aircard geolocation information (obtained by FBI from Verizon Wireless); | **(1)** N.D.Cal. 08-90330MISC-RS order; | **1.** Section V(F)(1) |
| 6 | Location finding | **(1)** N.D.Cal. 08-90330MISC-RS order; | **1.** Section V(F)(1) |

| | | | |
|---|---|---|---|
| | response signals transmitted by aircard (obtained by FBI directly); | | |
| 7 | Geolocation data showing the location of the aircard and the defendant inside apartment No. 1122 (obtained by FBI directly); | **(1)** N.D.Cal. 08-90330MISC-RS order; | **1.** Section V(F)(1) |
| 8 | Historical geolocation information via Domicilio electronic gate key access records; | **(1)** D.Ariz. 07-03-709 Grand Jury subpoena; | **1.** Section V(F)(5) |
| 9 | Location of the aircard and the defendant inside apartment No. 1122 (as information obtained by the government); | **(1)** D.Ariz. 08-3298MB-LOA order; **(2)** D.Ariz. 08-7273MB-ECV order; **(3)** N.D.Cal. 08-90331MISC-RS order; **(4)** N.D.Cal. 08-90330MISC-RS order; **(5)** D.Ariz. 07-03-709 Grand Jury subpoena; | **1.** Section V(F)(3) **2.** Section V(F)(3) **3.** Section V(F)(2) **4.** Section V(F)(1) **5.** Section V(F)(5) |
| 10 | ESN data stored on aircard's internal storage device (obtained by FBI directly); | **(1)** N.D.Cal. 08-90330MISC-RS order; | **1.** Section V(F)(1) |
| 11 | All other evidence illegally obtained while executing challenged orders and subpoenas; | **(1)** D.Ariz. 08-3298MB-LOA order; **(2)** D.Ariz. 08-7273MB-ECV order; **(3)** N.D.Cal. 08-90331MISC-RS order; **(4)** N.D.Cal. 08-90330MISC-RS order; **(5)** D.Ariz. 07-03-709 Grand Jury subpoena; **(6)** D.Ariz. 07-03-609 Grand Jury subpoena; **(7)** D.Ariz. 07-03-615 Grand Jury subpoena; **(8)** D.Ariz. 08-3286MB-LOA order; | **1.** Section V(F)(3) **2.** Section V(F)(3) **3.** Section V(F)(2) **4.** Section V(F)(1) **5.** Section V(F)(5) **6.** Section V(F)(4) **7.** Section V(F)(4) **8.** Section V(F)(4) |
| 12 | Information obtained as a result of the warrantless keyhole search of apartment No. 1122; | **(1)** N/A; | **1.** Section V(E)(1)(s) |
| 13 | All derivative evidence, *i.e.*, fruits-of-the-poisonous-tree, stemming from all other warrants; | **(1)** N.D.Cal. 08-70460-HRL warrant; **(2)** N.D.Cal. 08-70460-PVT warrant; **(3)** N.D.Cal. 08-70503-PVT warrant; **(4)** N.D.Cal. 08-70502-PVT warrant; **(5)** E.D.Cal. 08-SW-0586-EFB warrant; **(6)** D.Ariz. 08-3397MB-LOA warrant; **(7)** D.Ariz. 08-3399MB-LOA warrant; **(8)** | **1-14.** N/A – *See* footnote No. ~~1541~~ 1542 , *supra*; |

| | | D.Ariz. 08-3401MB-LOA; **(9)** D.Ariz. 08-3403MB-LOA warrant; **(10)** D.Ariz. 08-3402MB-LOA warrant; **(11)** D.Ariz. 08-3398MB-LOA warrant; **(12)** D.Ariz. 08-6038MB-DKD warrant; **(13)** D.Ariz. 09-7124MB-ECV warrant; **(14)** all other warrants stemming for the location of the aircard; | |
| 14 | All derivative evidence, *i.e.*, fruits-of-the-poisonous-tree, stemming from investigations not involving warrants; | **(1)** N/A; | **1**. N/A – *See* footnote No. ~~1541~~ 1542 , *supra*; |

];

* * * * *

This filing was drafted and prepared by the *pro se* defendant, however, he authorizes his shadow counsel, Philip Seplow, to file this filing on his behalf using the ECF system. The defendant is appearing *pro se* and has never attended law school.  The defendant's filings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.  *See* Haines v. Kerner, 404 U.S. 519, 520 (1972).

It is not expected that excludable delay under 18 U.S.C. § 3161(h) will occur as a result of this submission.

///

///

///

///

///

///

///

///

///

///

- 4 -

1    Respectfully Submitted:

2

3                                              PHILP SEPLOW, Shadow Counsel, on
                                               behalf of DANIEL DAVID RIGMAIDEN,
4                                              Pro Se Defendant:

5

6                                              s/ Philip Seplow
                                               Philip Seplow
7                                              Shadow Counsel for Defendant.

8

9    ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

*FIRST SUBMISSIONS OF CORRECTIONS TO MOTION TO SUPPRESS*
*CR08-814-PHX-DGC*

**CERTIFICATE OF SERVICE**

I hereby certify that on:                           I caused the attached document to be
electronically transmitted to the Clerk's Office using the ECF system for filing and
transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

*FIRST SUBMISSIONS OF CORRECTIONS TO MOTION TO SUPPRESS*
*CR08-814-PHX-DGC*