1  Daniel Rigmaiden
   Agency # 10966111
2  CCA-CADC
   PO Box 6300
3  Florence, AZ 85132
   Telephone: none
4  Email: none

5  Daniel David Rigmaiden
   Pro Se, Defendant
6

7                    UNITED STATES DISTRICT COURT

8                          DISTRICT OF ARIZONA

9

10  United States of America,              No. CR08-814-PHX-DGC

11       Plaintiff,                        DANIEL'S MOTION FOR LEAVE TO
                                           FILE MOTION TO SUPPRESS OVER 75
12  v.                                     PAGES

13  Daniel David Rigmaiden, et al.,

14       Defendant.

15

16       Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits *Daniel's*

17  *Motion For Leave To File Motion To Suppress Over 75 Pages*. Through this motion, the

18  defendant respectfully requests that the Court allow him to file his *Motion To Suppress*

19  having a total argument length of 160 pages (effectively 75 pages), which is over the page

20  limit of 75 pages.

21       The defendant provided his *Motion To Suppress* to his shadow counsel, Philip Seplow,

22  on June 1, 2012 with the instruction to file the motion and all attachments as a proposed

23  filing. The defendant also requested that Mr. Seplow write and file a *Motion For Leave* of

24  which the proposed motion and attachments would be attached. In the *Motion For Leave*,

25  the defendant asked Mr. Seplow to explain in a few sentences that the defendant would file a

26  memorandum in support of the *Motion For Leave* very shortly. Mr. Seplow agreed that this

27  would be done. However, on June 4, 2012, the defendant learned that his *Motion To*

28  *Suppress* and all attachments were filed as an ordinary motion and not in the way previously

                                        - 1 -

discussed. The defendant never intended to have his *Motion To Suppress* filed in the way that it was filed (*i.e.*, not as a proposed motion). As explained above, had the *Motion To Suppress* been filed as instructed, the defendant would have thereafter written and filed a supporting memorandum in support of the *Motion For Leave*. In light of the defendant's *Motion To Suppress* not being filed as a proposed motion, the defendant is now writing the *Motion For Leave* (*i.e.*, this motion) himself with the reasons in support of the *Motion For Leave*—originally intended for the later supporting memorandum—included in the motion itself. In other words, in support of the defendant's request for leave to file a *Motion To Suppress* over 75 pages, the defendant submits the following:

The Court indicated that the goal for the defendant's *Motion To Suppress* would be 75 pages. The defendant interpreted the 75 page limit to apply to the arguments only. *See* LRCiv 7.2(e)(1) ("Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, each shall not exceed seventeen (17) pages, **exclusive of attachments and any required statement of facts.**" (emphasis added)). Rather than require that the government provide discoverable evidence to the defendant (*see* Dkt. #723), the Court required that the defendant go out into world and collect his own evidence in support of his *Motion To Suppress*. Since that time, the defendant assembled his own evidence as instructed by the Court. Now, instead of simply stating, "take the defendant's word for everything and go read the 10,000+ pages of evidence the defendant assembled," the defendant placed on the record 858 pages of exhibits (which includes the indexes and cover pages) and then summarized/explained the exhibits and the 10,000+ pages of evidence via 119 pages of "Technical Explanations." *See Memorandum Re: Fourth Amendment Violations*, Section II. All of the defendant's factual claims regarding the government's actions in locating the aircard reference back to the defendant's "Technical Explanations," which are being used as a replacement for the evidence the government is withholding from the defendant. *See* Dkt. #723. Therefore, the 119 pages of "Technical Explanations" are part of the "required statement of facts." *See* LRCiv 7.2(e)(1). The next 74 pages, *i.e.*, "Procedural History" and "General Facts," are the

- 2 -

traditional "required statement of facts."  *See* LRCiv 7.2(e)(1).

At first glance, it would appear as if the defendant submitted 160 pages of arguments. However, a thorough analysis reveals that the effective length of the defendant's arguments is approximately 75 pages—perceivably even less.  First, the length of Section V(E), contained in the defendant's *Memorandum Re: Fourth Amendment Violations*, is approximately 31 pages.  However, that entire section consists of a series of tables that simply identify and categorize the government's Fourth Amendment searches and seizures.  While the government conceded that "the aircard tracking operation was a Fourth Amendment search and seizure[,]"[1] it did not elaborate on what actions it was referring to or what type of search and/or seizure any given action may be categorized.  Because the bulk of the defendant's arguments are based on scope violations and similar, the defendant was put to the task of identifying and categorizing the government's actions in a non silly manner.[2]  The defendant completed the task using the least amount of space possible and reduced the entire section to a series of tables with standard categorization paragraphs.  The noted 31 pages should not count towards the page limitation considering they simply serve the purpose of identification and categorization of Fourth Amendment searches and seizures that are not immediately apparent due to the novel issues involved in the aircard locating mission.

Second, the defendant was required to establish a reasonable expectation of privacy in numerous objects, information, records, resources, and combinations thereof.  A *Katz* reasonable-expectation-of-privacy analysis is almost entirely a factual analysis.  The 75 page limit is barely enough space to address the defendant's reasonable expectation of privacy— let alone the government's misconduct at the heart of the defendant's arguments.  When it set the 75 page limit, the defendant believes the Court underestimated the full scope of the objects, information, records, resources, and combinations thereof that are relevant to the defendant's arguments.  For example, a reasonable expectation of privacy in historical cell

---

1. *See Government's Memorandum Re Motion For Discovery* (Dkt. #674, p. 1) (footnote omitted); *see also January 4, 2012 Court Order* (Dkt. #723, p. 14-15) ("[F]or purposes of Defendant's motion to suppress, the government agrees that the Court may assume that the aircard tracking operation was a Fourth Amendment search and seizure.").

2. *See January 27, 2012 Status Conference, Transcript of Proceedings*, p. 24-26.

1 site location information, real-time cell site location information, other geolocation
2 information obtained from Verizon Wireless, historical electronic gate location information,
3 and geolocation information obtained by the FBI directly using the StingRay and KingFish
4 all have different factual elements intertwined with the *Katz* reasonable-expectation-of-
5 privacy analysis.  Additionally, for any records relevant to the above, the third-party
6 disclosure rule needed to be addressed in the context of both *Miller* and *Smith*, with each
7 having entirely different factual intertwinings for any given record.  Because such analyses
8 are almost purely factual, Sections V(A), (B) and (C) of the defendant's *Memorandum Re:*
9 *Fourth Amendment Violations* are more like a hybrid of arguments plus "required statement
10 of facts[,]" *see* LRCiv 7.2(e)(1), than simply just arguments.  After subtracting those fact
11 saturated argument sections, and after subtracting the 31 pages of previously discussed
12 tables, the remainder of the arguments is approximately 75 pages.[3]
13      Regardless, it is mind boggling that so many illegal government actions were able to
14 be addressed in a total of **only** 160 pages.  As Orin S. Kerr explained in one context, the
15 types of searches and seizures conducted by the government using technology are not the
16 common single-step entry searches and are instead multi-step searches and/or seizures.[4]  As
17 depicted in the tables contained in the defendant's *Memorandum Re: Fourth Amendment*
18 *Violations*, Section V(E)(1) *et seq.*, the defendant is challenging a total of **19** separate and
19 independent searches and/or seizures[5]—any of which could be addressed in its own
20 **separate** *Motion To Suppress* being 17 pages in length, *i.e.*, a total of 306 pages of arguments
21 across the 19 motions.  *See* LRCiv 7.2(e)(1) (attorneys may file motions each having 17
22 pages of arguments).  The defendant's *Memorandum Re: Fourth Amendment Violations*, even
23 if seen as containing 160 pages of arguments, is still **146 pages shorter** than what an

---

3.   Even those remaining 75 pages consist of approximately 20 pages of additional tables intended to consolidate and shrink the overall length of the memorandum.

4.   *See* Kerr, Orin S., *Search Warrants in an Era of Digital Evidence*, 75 Miss. L.J. 85, 86-87 (2005); *see also Memorandum Re: Fourth Amendment Violations*, p. 258-59.

5.   As depicted in the tables, some of those 19 separate and independent searches and/or seizures are also further broken into additional separate and independent searches and/or seizures due to the government conducting multi-step searches and/or seizures.

1  attorney would be permitted to file if addressing the same 19 separate and independent
2  searches and seizures.[6]  Last but not least, the way the defendant drafted/prepared the
3  motion and all attachments makes it very easy for the government to draft a response.  Due
4  to the defendant's thoroughness, everything the government needs in support of its response
5  is already on the record.

* * * * *

7   Based on the points and authorities set forth herein, the defendant respectfully
8  requests that this motion be granted and that the proposed order be issued.
9   This motion was drafted and prepared by the *pro se* defendant, however, he authorizes
10 his shadow counsel, Philip Seplow, to file this motion on his behalf using the ECF system.
11 The defendant is appearing *pro se* and has never attended law school.  The defendant's
12 filings, however inartfully pleaded, must be liberally construed and held to less stringent
13 standards than formal pleadings drafted by lawyers.  *See* Haines v. Kerner, 404 U.S. 519, 520
14 (1972).
15   LRCrim 12.2(a) requires that the undersigned include the following statement in all
16 motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this
17 motion or of an order based thereon."
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

---

27
28  6.   Notably, the defendant's 160 pages is 240 pages shorter than the 400 pages the defendant would have needed to file in order to address the full scope of the government's Fourth Amendment violations.

- 5 -

*DANIEL'S MOTION FOR LEAVE TO FILE MOTION TO SUPPRESS OVER 75 PAGES CR08-814-PHX-DGC*

| | |
|---|---|
| 1 | Respectfully Submitted: |
| 2 | |
| 3 | PHILP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, |
| 4 | Pro Se Defendant: |
| 5 | |
| 6 | s/ Philip Seplow |
| | Philip Seplow |
| 7 | Shadow Counsel for Defendant. |
| 8 | |
| 9 | /// |
| 10 | /// |
| 11 | /// |
| 12 | /// |
| 13 | /// |
| 14 | /// |
| 15 | /// |
| 16 | /// |
| 17 | /// |
| 18 | /// |
| 19 | /// |
| 20 | /// |
| 21 | /// |
| 22 | /// |
| 23 | /// |
| 24 | /// |
| 25 | /// |
| 26 | /// |
| 27 | /// |
| 28 | /// |

*DANIEL'S MOTION FOR LEAVE TO FILE MOTION TO SUPPRESS OVER 75 PAGES CR08-814-PHX-DGC*

**CERTIFICATE OF SERVICE**

I hereby certify that on:                I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

*DANIEL'S MOTION FOR LEAVE TO FILE MOTION TO SUPPRESS OVER 75 PAGES CR08-814-PHX-DGC*