ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

FREDERICK A. BATTISTA
Maryland State Bar Member
PETER S. SEXTON
Arizona State Bar No. 011089
JAMES R. KNAPP
Arizona State Bar No. 021166
Assistant U.S. Attorneys
Two Renaissance Square
40 North First Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 514-7500
Fred.Battista@usdoj.gov
Peter.Sexton@usdoj.gov
James.Knapp2@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>    v.<br><br>Daniel David Rigmaiden,<br><br>        Defendant. | No. CR-08-814-001-PHX-DGC<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO ACCEPT MOTION TO SUPPRESS AS FILED (EXCEEDING PAGE LIMIT)** |

The United States, through undersigned counsel, opposes Defendant's request to file a 369-page memorandum of points and authorities containing 1,552 footnotes in support of his motion to suppress.

"Unless otherwise permitted by the Court, a motion including its supporting memorandum . . . may not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts." LRCiv 7.2(e)(1). Here, the Court has already considered Defendant's request to exceed these page limitations. On January 4, 2012, the Court granted an extension to 50 pages excluding exhibits, and then on January 27, 2012, it granted an additional extension to 75 pages. (CR 723 at 30, 768.) Instead of complying with that limitation – or slightly exceeding it – Defendant filed a motion with a 369-page memorandum attached, inexplicably claiming through counsel that his motion "is actually shorter than what an attorney would normally be allowed to file." (CR 823 at 2:7-8.) He failed to provide any additional explanation at the time. Cf. 9th Cir. R. 32-2 ("The Court looks with disfavor on motions to

1 exceed the applicable page or type-volume limitations. Such motions will be granted only upon
2 a showing of diligence and substantial need. A motion for permission to exceed the page or
3 type-volume limitations set forth at FRAP 32(a)(7) (A) or (B) must be filed on or before the
4 brief's due date and must be accompanied by a declaration stating in detail the reasons for the
5 motion.").

6 On June 5, 2012, Defendant followed up with another motion, arguing, in essence, that
7 1) he needed to include a 195-page facts section in part because the United States did not provide
8 enough discovery; 2) two-thirds of his 155-page argument section should not count against the
9 page limitations because part of it is factual and his claims are novel; and 3) it was better to file
10 a single 369-page memorandum with 1,552 footnotes than 19 separate motions to suppress. (CR
11 827.)

12 Clearly, Defendant has failed to state a reasonable or sufficient basis for his failure to
13 follow the Court's explicit and generous directive. In this case, defendant's 120-page "technical
14 explanation" attempts to summarize technical matters that are largely irrelevant and more
15 appropriately presented through expert witness testimony at a hearing, if necessary at all. (See
16 Mot. at II.) Moreover, his Fourth Amendment claims, while possibly relevant, are not so novel
17 that they require a tenfold increase over the page limitations this Court has imposed by local
18 rule. Defendant is basically presenting three questions for the Court to decide:

19 1) Was the government's collection of historical records pursuant to subpoenas and court
20 orders reasonable?
21 2) Were the FBI's efforts to locate the aircard pursuant to the tracking warrant
22 reasonable?
23 3) Was the subsequent search of his apartment and computer pursuant to the search
24 warrant reasonable?

25 These issues can all be resolved through significantly shorter pleadings. The potential
26 suppression issues in this case essentially involve a lead defendant overseeing a relatively small
27 group of associates who were all seeking to defraud the United States through the submission

28

2

of fraudulent tax returns, a single aircard attached to a single laptop with a few related peripheral pieces of equipment, and a single storage unit. If a defendant cannot adequately raise the appropriate challenges in this case in 75 pages, one cannot even begin to imagine what another defendant in a far larger case could claim to need, e.g., one with many computers located in multiple sites, numerous equally culpable participants, crimes of violence, wiretaps, etc.

Accordingly, Defendant's motion to suppress should be stricken for violating Local Rule 7.2(e) and the Court's Order in this case.

Respectfully submitted this 7th day of June, 2012.

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

*s/ James Knapp*

FREDERICK A. BATTISTA
PETER S. SEXTON
JAMES R. KNAPP
Assistant U.S. Attorneys

Certificate of Service

I hereby certify that on June 7, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Philip Seplow
Shadow Counsel for Defendant

A copy of the attached document was also mailed to:

Daniel David Rigmaiden
Agency No. 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

*s/ James Knapp*
Assistant U.S. Attorney

3