1    Daniel Rigmaiden
     Agency # 10966111
2    CCA-CADC
     PO Box 6300
3    Florence, AZ 85132
     Telephone: none
4    Email: none

5    Daniel David Rigmaiden
     Pro Se, Defendant

6

7                    UNITED STATES DISTRICT COURT

8                         DISTRICT OF ARIZONA

9

10   United States of America,              No. CR08-814-PHX-DGC

11          Plaintiff,                       REPLY TO GOVERNMENT'S
                                             RESPONSE TO DEFENDANT'S
12   v.                                      MOTION TO ACCEPT MOTION TO
                                             SUPPRESS AS FILED (EXCEEDING
13   Daniel David Rigmaiden, et al.,         PAGE LIMIT)

14          Defendant.

15

16          Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits his *Reply*

17   *To Government's Response To Defendant's Motion To Accept Motion To Suppress As Filed*

18   *(Exceeding Page Limit)*.  In support of the defendant's request to file his *Motion To Suppress*

19   (Dkt. #824) with a longer page limit, the defendant filed his *Motion For Leave* (Dkt. #827).

20   The government responded to Dkt. #827 with its *Government's Response To Defendant's*

21   *Motion To Accept Motion To Suppress As Filed (Exceeding Page Limit)* (hereafter

22   "Government Response") (Dkt. #828), and requests that the defendant's *Motion To Suppress*

23   be stricken from the record.  The reasons set forth by the government in support of striking

24   the defendant's motion are frivolous.  The fact of the matter is that the government should

25   have voluntarily dismissed the case years ago – once the magnitude of its misconduct and

26   incompetence was no longer a secret.  Instead, the government now attempts to capitalize on

27   the fact that it is impossible for the defendant, or anyone for that matter, to effectively

28   challenge all of the government's Fourth Amendment violations in any less than 160 pages.

REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO ACCEPT MOTION TO SUPPRESS AS FILED (EXCEEDING PAGE LIMIT)
CR08-814-PHX-DGC

The government points to no section, argument, fact, or issue contained in the defendant's motion that it sees as irrelevant or longer than necessary.  Through its response motion, the government is essentially asking the Court to send the following message to be heard loud and clear by government agents involved in future investigations:

> If you violate a defendant's Fourth Amendment rights during an investigation, try to violate his rights some more.  In fact, go ahead and violate his rights as much as you possibly can, using as many irrelevant/inapplicable/insufficient orders and subpoenas as you possibly can.  Make your investigation as convoluted and secretive as possible and be sure to destroy evidence, that'll help.  This will work to your advantage because, when it comes to a motion to suppress, I'm only going to give the defendant 75 pages to explain the violations and you will surely be able to get away with enough misconduct to introduce your illegally obtained evidence.  You can count on me to figure out a way to deny the motion with findings that begin with, "the defendant failed to allege..." or "the defendant is not arguing that..." or "the defendant did not raise the issue of..." or "the defendant points to no evidence that..." etc., etc. etc.  After all, I won't be giving the defendant enough space to allege, argue, raise, and point to all of the valid Fourth Amendment issues.

As will be further explained below, the government is using a technicality in an attempt to have the defendant's legitimate Fourth Amendment arguments stricken in order to gain a tactical advantage.

First, the defendant is confident that if the Court reads the defendant's *Motion To Suppress*—which is only 85 pages over the 75 page argument section limitation[1]—it will agree that (1) the included facts (technical or otherwise) are necessary and that all facts support specifically stated arguments, (2) the defendant raised only valid arguments—many of which stem from original concepts developed by law professors such as Susan Freiwald and Orin Kerr or by civil liberties attorneys such as Catherine Crump, and (3) the defendant went to great efforts to decrease the size of the argument section as much as possible.  While drafting his motion, numerous individuals recommended to the defendant that he employ

---

1.    Had the defendant known that he needed precisely 160 pages when the Court set the 75 page limit then he would have advised the Court of that fact.  Unfortunately, the case is very complex and the defendant had no way of knowing how much space he needed considering his arguments were not yet developed, let alone written, at the time.  *See* Dkt. #810; *compare also* Dkt. #592 (discovery motion containing numerous initial Fourth Amendment arguments unused in *Motion To Suppress*) *with* Dkt. #824 (suppression motion containing mostly brand new Fourth Amendment arguments not contained in *Motion For Discovery*).

REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO ACCEPT MOTION TO SUPPRESS AS FILED (EXCEEDING PAGE LIMIT)
CR08-814-PHX-DGC

various "lawyer tricks" to sneakily get around the set 75 page limitation.  However, the defendant decided to not use "lawyer tricks" and simply stated his argument in a clear and concise manner.  However, the government certainly isn't shy about using "lawyer tricks" in its attempt to get the defendant's arguments stricken from the record.  The government claims that the defendant's *Memorandum Re: Fourth Amendment Violations* is 369 pages—this is false.  The first 14 pages is a <u>Table Of Contents</u> which is not considered part of the total page count, let alone the 75 pages of arguments the Court set as a *goal* for the defendant.[2]  While the government's overstatement involves only 14 pages, this bit of trickery still shows that the government's heart is in the wrong place regarding its efforts to get the defendant's motion stricken.  Additionally, while the defendant has not spent a lot of time studying the technical guidelines contained in the Federal Rules of Appellate Procedure or in the Ninth Circuit Rules, he does not see how they apply to proceedings in the district court.[3]  Nevertheless, the defendant is submitting a declaration with this reply "stating in detail the reasons for the motion."  *See Government Response*, p. 1-2 (Dkt. #828) (quoting Ninth Circuit Rule. 32-2).

The defendant does not see how anyone can claim that he has not made "a showing of diligence and substantial need."  *See Government Response*, p. 1-2 (Dkt. #828) (quoting Ninth Circuit Rule. 32-2).  There are numerous Arizona attorneys who could testify to the effect that the defendant diligently worked on his *Motion To Suppress* in the visitation area of CCA-CADC for many months prior to it being filed.  From a different angle, the *Memorandum Re: Fourth Amendment Violations* itself shows that the defendant was diligent in shortening the memorandum as much as possible.  For example, the defendant reduced large portions of his argument section to mere tables.[4]  The defendant also consolidated his

---

2.   "**THE COURT**: All right.  Well, I'm going to increase it to 75 pages and set that as the goal.  I want you to be able to make your argument.  But I want to force you to be as economical as you can be in laying it out."  *January 27, 2012 Status Conference, Partial Transcript of Proceedings*, p. 31.

3.   The way the defendant filed his *Motion For Leave* was essentially no different from previous requests made to the Court to file other nonstandard motions.  The defendant was following the norm established in this Court.

4.   *See, e.g.*, *Motion To Suppress*, *Memorandum Re: Fourth Amendment Violations*,

REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO ACCEPT MOTION TO SUPPRESS AS FILED (EXCEEDING PAGE LIMIT)
CR08-814-PHX-DGC

REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO ACCEPT MOTION TO SUPPRESS AS FILED (EXCEEDING PAGE LIMIT)
CR08-814-PHX-DGC

1   entire "no good-faith" section so as to reuse the same arguments for entirely different

2   violations.[5]   As for "substantial need," in light of the excessive misconduct involved in the

3   government's investigation to locate the aircard, which involved eight separate primary

4   orders and subpoenas used to conduct 19 independent multi-step illegal Fourth Amendment

5   searches and seizures to locate the aircard, the defendant has a substantial need for the space

6   that he used.  A reading of the defendant's 160 pages of arguments will show that the

7   defendant has a substantial need for that amount of space—the memorandum speaks for

8   itself..

9          Similar to prior failed attempts made during the discovery phase, the government sets

10   out to reduce the defendant's Fourth Amendment challenges to three sole legal questions.

11   *See Government Response*, p. 1-2 (Dkt. #828).  The prosecutors assigned to the case are

12   incorrect in their summarization and do not understand electronic privacy law.  The

13   prosecutors have had difficulty in the past interpreting even traditional Fourth Amendment

14   concepts relevant to the case, let alone the more advanced concepts applicable to electronic

15   privacy:

16       **THE COURT**: Mr. Battista, as you saw in the order that I issued on January
     5th, I had some difficulty with the Government conceding that this is a Fourth

17   Amendment search but reserving its right to argue that the defendant lacks
     standing because he doesn't have a reasonable expectation of privacy.  [LINE

18   BRAEK]  I had a long footnote, footnote six that addressed that.  And it
     seemed to me that they are, in many ways, one in the same because he has to

19   show a reasonable expectation of privacy for there to be a Fourth Amendment
     search.  So if the Government is conceding there's a Fourth Amendment search,

20   it seems to me it's conceding there's a reasonable expectation to privacy.

21       [irrelevant sections of transcript omitted]

22       **MR. BATTISTA**: I apologize, Judge, if I wasn't -- you know, we weren't
     skilled enough to -- to separate that out.  But I don't believe -- it was never the

23   Government's intent to concede that the defendant had an expectation of
     privacy.  I think it's been our experience that quite frequently, the courts do

24   both analyses.

25       *January 27, 2012 Status Conference, Partial Transcript of Proceedings*, p. 15

26   and 18-19.
     _____

27   _____

     Section V(E) *et seq*.

28   5.    *See id.*, Section V(G) *et seq*.

> [D.Ariz. Grand Jury subpoena Nos. 07-03-609 and 07-03-615] were authorized by the prosecutor assigned to this case after reading Section [18 U.S.C. §] 2703 and **inadvertently concluding that [][destination IP addresses] may be requested via a Grand Jury subpoena under Section [18 U.S.C. §] 2703(c)**. Verizon Wireless subsequently responded to the subpoenas; in one case providing a number of destination IP addresses... and in the second case providing a large number of destination IP addresses.... [O]n July 7, 2008, the prosecutor was advised by an attorney with the Department of Justice's Office of Enforcement Operations that Section 2703(c) has been interpreted to only permit the collection of a subscriber's "source" IP addresses via a Grand Jury subpoena and not a subscriber's "destination" IP addresses.

> *Submission Of Documents Related To District Of Arizona Court Orders 08-3286MB-LOA, 08-3298MB-LOA, and 08-7273MB-ECV Obtained To Facilitate Locating The Aircard* (application for 08-3286MB-LOA, p. 14-15 (emphasis added)) (Dkt. #576-1, p. 15-16).

The government is not in a position to gauge what is or is not a relevant argument and what may or may not be excessive in length. Anyone seeking to determine whether the defendant's *Memorandum Re: Fourth Amendment Violations* is excessive should actually read the document while keeping in mind that the year is currently 2012, not 1912.

As previously noted, the government is attempting to make the defendant's memorandum appear over the 75 page limit to a degree higher than it actually is—primarily by tossing around the phrase "369 pages." The Court set a goal of 75 pages and the defendant went over that amount by 85 pages.[6] As the government correctly notes, the facts section does not count towards the 75 pages. *See* LRCiv 7.2(e)(1). Furthermore, as much as the government would have liked, the Court did not give the defendant a "footnote limit." Nevertheless, the first 1111 footnotes are in the facts section—therefore, the government should instead be tossing around the phrase "441 footnotes." Tossing around the phrase "1,552 footnotes" is obviously being done by the government for theatrical effect—further supporting the contention that the government is attempting to have the defendant's motion stricken for the purpose of gaining a tactical advantage and not for any legitimate reason such as frivolous or nonsensical arguments causing an excess in length.

Although no specific section is identified, the government makes the conclusory argument that the "defendant's 120-page 'technical explanation' attempts to summarize technical matters that are largely irrelevant..." *Government Response*, p. 2 (Dkt. #828). If it

---

6.     The argument sections starts at page No. 195-96.

REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO ACCEPT MOTION TO SUPPRESS AS FILED (EXCEEDING PAGE LIMIT)
CR08-814-PHX-DGC

1    were possible to include in a motion the physical act of the defendant falling off of his chair

2    after going into a fit of hysterical laughter, **this** is the point where that act would be included

3    in this motion.  The government is withholding nearly all of the evidence the defendant

4    needs in order to support his claims on how the FBI violated the Fourth Amendment while

5    locating the aircard.  *See* Dkt. #723.  As an alternative to the government complying with

6    Rule 16, and as the Court instructed, the defendant went out into the world and collected his

7    own evidence to replace what the government is withholding.  Now, the government claims

8    that the evidence the defendant collected and presented through his *Technical Explanations*,

9    is "irrelevant."  If the defendant's evidence is "irrelevant" to the FBI's aircard locating

10   mission then the prosecution can provide the defendant with the "relevant" evidence it is

11   currently withholding based on a claim of privilege.  *See* Dkt. #723.

12        The government argues that "[i]f a defendant cannot adequately raise the appropriate

13   challenges in this case in 75 pages, one cannot even begin to imagine what another defendant

14   in a far larger case could claim to need, e.g., one with many computers located in multiple

15   sites, numerous equally culpable participants, crimes of violence, wiretaps, etc."

16   *Government Response*, p. 3 (Dkt. #828).  If all the defendant had to deal with was Fourth

17   Amendment violations involving numerous participants, crimes of violence, and wiretaps—

18   all of which have fully developed case law and statutes for guidance—then it would have

19   required considerably less space.[7]  As for involvement of "many computers located in

20   multiple sites," the government fails to realize its own allegation of the defendant utilizing

21   "illicit proxies or intermediary computers to submit the returns..." and that "175 IP

---

7.    For example, the defendant challenged the government's N.D.Cal. 08-70460-
HRL/PVT warrant under well known Fourth Amendment concepts (*see Memorandum Re:
Fourth Amendment Violations (re: N.D.Cal. 08-70460-HRL/PVT)*) and it only took the
defendant a little over 8 pages—about half of the 17 page limit set by local rules.  If it were
possible to do the same while addressing the other 8 subpoenas/orders, and the other 19
independent searches and seizures relating to the aircard locating mission, the defendant
would have done so.  However, addressing so many complex Fourth Amendment issues in
such a small amount of space is not possible unless the defendant were to abandon a large
portion of his challenges made to the government's illegal Fourth Amendment searches and
seizures.  The fact that the defendant's challenge to the N.D.Cal. 08-70460-HRL/PVT
warrant was only a little over 8 pages shows that the defendant does not strive to file long
filing or to use the maximum amount of space.  Instead, the defendant uses exactly the
amount of space that is absolutely necessary—**no more, no less.**

1    addresses" were identified all around the country for tax year 2007.[8]  The government also

2    seemingly forgets that it seized numerous random computers from numerous locations and

3    one of those computers is the subject of count No. 72 of the defendant's superseding

4    indictment.[9]  However, the defendant did not even challenge the Fourth Amendment

5    activity relating to data seized from computers the government claims the defendant had

6    control of but did not possess.  The fact that the defendant did not raise those challenges is

7    further evidence showing his diligence in attempting to make his motion as short as possible.

8          The government's position of excessive length would have merit if the defendant's

9    memorandum went on and on preaching to the Court about the history of the Fourth

10    Amendment and raising other largely irrelevant matters that do not strike at the heart of the

11    government's misconduct.  In its response, the government failed to point to any section,

12    argument, fact, or issue contained in the defendant's motion it sees as irrelevant or longer

13    than necessary.  The government failed at that task simply because there are no sections,

14    arguments, facts, or issues contained in the defendant's memorandum that meet that criterion.

15    All of the defendant's arguments are very short, direct, and get right to the point of the

16    government's 19 independent Fourth Amendment searches and seizures and related

17    misconduct.  The defendant respectfully requested that the Court permit him to file his

18    *Memorandum Re: Fourth Amendment Violations* containing 160 pages of arguments with the

19    required included facts.[10]  However, if the Court agrees with the government then the

20    proper action is not to strike the defendant's filing.  If the filing is stricken from the record

21    then the defendant will be prevented from raising on appeal the issue of being forced to

---

22    8.      *See Submission Of Materials Related To Applications And Court Orders Numbered*

23    *08-90330 And 08-90331, Authorized By Magistrate Judge Richard Seeborg, Northern District Of California, On July 11, 2008* (affidavit attached to 08-90330MISC-RS, p. 5) (Dkt.

24    #470-1).

     9.      *See Superseding Indictment* (Dkt. #200, p. 32).

25    10.      The defendant also attached to his *Motion To Suppress* his *Memorandum Re: Fourth*

26    *Amendment Violations (re: N.D.Cal. 08-70460-HRL/PVT)* **(9 pages)** and *Memorandum Re: Destruction Of Evidence* **(11 pages)**.  Although each seeks suppression of evidence, the

27    issues addressed in those memorandums do not address specifically the Fourth Amendment issues relevant to the aircard locating mission.  If the government objects to those

28    memorandums then the defendant will refile them attached to separate motions, as is he fully within his right to do so considering they address entirely different issues.

REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO ACCEPT MOTION TO SUPPRESS AS FILED (EXCEEDING PAGE LIMIT)
CR08-814-PHX-DGC

1   abandon his Fourth Amendment arguments on the basis that 75 pages is not enough space to

2   address the unprecedented amount of Fourth Amendment violations perpetrated by the

3   government during the aircard locating mission.  The Ninth Circuit needs to read the

4   defendant's 160 pages of arguments and supporting facts in order to understand that the

5   defendant was sufficiently diligent in shortening his memorandum and that the space used

6   was a necessity.

7          Nevertheless, if the defendant's motion to suppress is stricken then the defendant plans

8   to refile 10+ separate motions to suppress (*i.e.*, as many that are needed to address each

9   independent issue) with each specifically addressing a separate order, subpoena, warrant, or

10  independent search and/or seizure not relevant to any issued document.  In light of the

11  government's attempt to sidestep Fourth Amendment challenges, it appears that the

12  defendant should have taken that route to begin with—instead of trying to help all involved

13  by making the issues easier to address through one overall filing combining the multiple

14  separate suppression motions the defendant had a right to file anyways.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Respectfully Submitted:

PHILP SEPLOW, Shadow Counsel, on
behalf of DANIEL DAVID RIGMAIDEN,
Pro Se Defendant:

s/ Philip Seplow
Philip Seplow
Shadow Counsel for Defendant.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

*REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S*
*MOTION TO ACCEPT MOTION TO SUPPRESS AS FILED (EXCEEDING PAGE LIMIT)*
*CR08-814-PHX-DGC*

1

2 **CERTIFICATE OF SERVICE**

3

4      I hereby certify that on:                    I caused the attached document to be

5 electronically transmitted to the Clerk's Office using the ECF system for filing and
transmittal of a Notice of Electronic Filing to the following ECF registrants:

6

7 Taylor W. Fox, PC
Counsel for defendant Ransom Carter

8 2 North Central Ave., Suite 735
Phoenix, AZ 85004

9

10 Frederick A. Battista
Assistant United States Attorney

11 Two Renaissance Square
40 North Central Ave., Suite 1200

12 Phoenix, AZ 85004

13

14 Peter S. Sexton
Assistant United States Attorney

15 Two Renaissance Square
40 North Central Ave., Suite 1200

16 Phoenix, AZ 85004

17

18 James R. Knapp
Assistant United States Attorney

19 Two Renaissance Square
40 North Central Ave., Suite 1200

20 Phoenix, AZ 85004

21

22

23

24

25

26

27

28 By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

- 10 -

*REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S*
*MOTION TO ACCEPT MOTION TO SUPPRESS AS FILED (EXCEEDING PAGE LIMIT)*
*CR08-814-PHX-DGC*