*ATTACHED ATTACHMENTS*
*SUBMISSION OF DOCUMENTS RELATED TO NORTHERN DISTRICT OF CALIFORNIA*
*08-70502-PVT SEARCH WARRANT USED TO PHYSICALLY SEARCH STORAGE UNIT NO. A-47*
*CR08-814-PHX-DGC*

⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇
⬇ ATTACHMENT 02 ⬇

Northern District of California 08-70502-PVT search warrant;
Location to be searched: storage unit No. A-47, CBD Indoor Mini,
570 Cinnabar Street, San Jose, California 95110; (Magistrate
Judge: Patricia V. Trumbull; Signature Date: August 4, 2008);
(April 13, 2009 discovery set);

# UNITED STATES DISTRICT COURT
## *Northern District of California* FILED

In the Matter of the Search of

(Name, address or brief description of person or property to be searched)

SEALED BY ORDER OF COURT

Storage Unit No. A-47
Located at:
CBD Indoor Mini
570 Cinnabar Street
San Jose, California 95110

2008 AUG -5 P 3: 13

RICHARD W. WIEKING
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

**SEARCH WARRANT**

**Case Number:**

# 08-70502 PVT



TO:  Internal Revenue Service – Criminal Investigation Special Agent Michael P. Fleischmann and any Authorized Officer of the Internal Revenue Service – Criminal Investigation.  An affidavit having been made before me by affiant, Internal Revenue Service – Criminal Investigation Special Agent Michael P. Fleischmann, who has reason to believe that on the premises known as:

**SEE ATTACHMENT A – LOCATION TO BE SEARCHED.**

in the Northern District of California, there is now concealed property namely:

**SEE ATTACHMENT B – ITEMS AND PERSON TO BE SEIZED**

which is property that constitutes evidence of criminal offenses, or property designed or intended for use, or used as a means to commit criminal offenses, or a person to be arrested (that is, Steven Travis Brawner, a.k.a. Travis Rupard, a.k.a. Patrick Stewart), in violation of 18 U.S.C. § 286, Conspiracy to Defraud the Government; 18 U.S.C. § 287, False, Fictitious or Fraudulent Claims;18 U.S.C. § 371, Conspiracy; 18 U.S.C. § 1028, Identity Fraud; 18 U.S.C. § 1028A, Aggravated Identify Theft; 18 U.S.C. § 1029, Fraud with Access Devices; 18 U.S.C. § 1030, Computer Abuse and Fraud; 18 U.S.C. § 1341, Mail Fraud; and 18 U.S.C. § 1343, Wire Fraud.

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the property so described is now concealed within the location so described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before _____8/14/08_____
                                                                                    Date

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making the search **in the daytime – 6:00 a.m. to 10:00 p.m.** and if the property or person be found there to seize same, leaving a copy of this warrant and receipt for the property taken, and prepare a written inventory of the property seized and promptly return this warrant to United States Magistrate Judge Patricia V. Trumbull as required by law.

*August 4, 2008 4:26 pm* at
Date and Time Issued

PATRICIA V. TRUMBULL
United States Magistrate Judge

San Jose, California
City and State

*Patricia V. Trumbull*
Signature of Judicial Officer

ATTACHMENT A – LOCATION TO BE SEARCHED

<u>STORAGE UNIT NO. A-47</u>
<u>CDB INDOOR MINI</u>
<u>570 CINNABAR STREET</u>
<u>SAN JOSE, CALIFORNIA 95110</u>

The location to be searched is a self storage unit currently rented by a person using the name Daniel Clifton Aldrich who also currently uses the name Steven Travis Brawner. Specifically, Storage Unit No. A-47 is located within the CDB Indoor Mini self-storage facility located at 570 Cinnabar Street, San Jose, California 95110. Unit No. A-47 has a white wooden door and is currently locked with a gold tone combination lock; the unit's number "A-47" is located directly on the unit's white door.

ATTACHMENT B – ITEMS TO BE SEIZED

ITEMS TO BE SEIZED related to Steven Travis Brawner, a.k.a. Travis Rupard, a.k.a. Patrick Stout, a.k.a. the "Hacker," and other unidentified individuals located at Storage Unit No. A-47, 570 Cinnabar Street, San Jose, California, 95110, for possible violations of the following statutes:

        a.      18 U.S.C. § 286 – Conspiracy to Defraud the Government;

        b.      18 U.S.C. § 287 – False, Fictitious or Fraudulent Claims;

        c.      18 U.S.C. § 371 – Conspiracy;

        d.      18 U.S.C. § 1028 – Fraud Related to Identity Information;

        e.      18 U.S.C. § 1028A – Aggravated Identity Theft;

        f.      18 U.S.C. § 1029 – Fraud with Access Devices;

        g.      18 U.S.C. § 1030 – Computer Abuse and Fraud

        h.      18 U.S.C. § 1341 – Mail Fraud; and

        i.      18 U.S.C. § 1343 – Wire Fraud;

For the period January 1, 2005, through the present:

1.     All data stored within any and all computer systems, including any related electronic storage media, electronic devices capable of storing data and access devices, found within the location described in Attachment A:

a.     Computer hardware, including computers, wireless access points and routers, personal digital assistants (PDA), iPod, MP3 players, MP4 players, external storage drives, USB memory drives, compact flash memory cards, smart cards, magnetic media, optical media (compact disk drives and media, DVD drives and media), any and all electronic devices capable of creating, converting, displaying, transmitting, or analyzing magnetic or electronic impulses, or electronic impulse systems or data, and any notes and records placed on or around such items containing information pertaining to them, including file names, account names, passwords and other data security devices designed to restrict access to or hide data, telephone numbers, etc.

1

b.     Computer software, including operating systems, application programs, disk or file encryption programs, compilers, interpreters, and any and all programs or instructions capable of interpretations by a computer and stored in the form of magnetic and/or electronic media.

c.     Records, in printed or electronic format, that contain configuration settings and/or activity logs for computer access devices, to include router and/or DSL modem configuration settings, router settings, analog modem dial up account settings, hardware firewall settings, software based firewall settings, configuration settings for any virtual private network ("VPN") device and configuration settings for any other computer network security device.

d.     Computer hardware system's date and time, operating system, file system, registry information and user's information maintained in the system to include passwords, searches, websites visited and other items that relate to the referenced violations.

e.     Cookie files, which are files that are generated by a web site when a user on a remote computer accesses it.  The cookie is sent to the user's computer and is placed in a directory on that computer, usually labeled "Internet" or "Temporary Internet Files."  The cookie includes information such as user preferences, connection information such as a time and date of use, records of user activity including files accessed or services used, or account information.  The cookie is then accessed by the web-site on subsequent visits by the user, in order to better serve the user's needs.

f.     Log files that contain records about system events and status, the identity and activities of users, and anomalous or unauthorized computer usage.  Names for various log files including: user logs, access logs, audit logs, transactional logs, and apache logs.  Logs can also maintain records regarding the identification of users on a network, as well as Internet sites accessed by the computer.

g.     Computer-related documentation which may consist of written, recorded, printed, or electronically stored material which explains or illustrates how the hardware, software, or other related items are operated, configured or used.

For the purpose of searching for items 2-19 below:

2.     Documents, paper or electronic, identifying the true identity of "the Hacker", for example: Forms W-2, Forms 1099, and/or other IRS documents, financial statements, bank statements, canceled checks, bank deposit records, passbooks, passports, money drafts, letters of credit, money orders, bank drafts, cashier's checks, bank checks, checkbooks, credit card statements, and wire transfer records;

2

3.      Records or correspondence in handwritten, printed, optical or electronic format containing personal identifiable information on individuals, whether living, deceased or fictitious, who are not residing at 431 El Camino Real, Santa Clara, California, Apartment 1122, Santa Clara, California 95050, and who may have been a victim of identity theft, to include name, date of birth, social security number, bank account information, credit card information, payroll, wage and earning information;

4.      Records or correspondence in handwritten, printed, optical, or electronic format relating to the personal and/or business income and expenses for the "Hacker" and unidentified associates for the tax years 2005, 2006 and 2007, for example: originals, copies or printed federal and state income tax returns, Forms W-2, Forms 1099, and/or other IRS documents, financial statements, bank statements, canceled checks, bank deposit records, passbooks, money drafts, letters of credit, money orders, bank drafts, cashier's checks, bank checks, checkbooks, credit card statements, wire transfer records, and merchant copies of ATM receipts;

5.      Originals, copies, or printed federal and state income tax returns and/or tax refund checks (paper or electronic) for the tax years 2005, 2006 and 2007 of individuals, whether actual or fictitious, who are not residing at 431 El Camino Real, Santa Clara, California, Apartment 1122, Santa Clara, California 95050, and who may have been a victim of identity theft, to include worksheets and/or supporting documentation used in the preparation of tax returns, and other documents used in the creation and/or preparation of the above mentioned returns, to include correspondence relating to such.

6.      Records or correspondence in handwritten, printed, optical or electronic format regarding encryption or any website offering free e-file services, for example: E-File Tax Returns, Inc and On-Line Taxes, Inc, to include account information, passwords, data encryption keys, "screen shots", instructions on using the site, etc.

7.      Records, correspondence, and computer software applications and programs, in handwritten, printed, optical or electronic format regarding any information on IP spoofing, IP anonymizers, proxies and/or "botnets" including websites, books, manuals, how-to instructions, etc.

8.      Records or correspondence in handwritten, printed, optical or electronic format detailing online or electronic money transfers and/or accounts with such services as Western Union, PayPal, eGold, MoneyGram, Ebay, iKobo, Pecunix, and bulliondirect;

9.      Receipts or correspondence in handwritten, printed, optical or electronic format for any money order, bank draft, counter check, or deposit to a prepaid debit card;

3

## ATTACHMENT C

## COMPUTER SEARCH PROTOCOL
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

1.       In executing this warrant, the government must begin by ascertaining whether all or part of a search of a device or media that stores data electronically (collectively, the "device") that is authorized by this warrant reasonably can be completed at the site within a reasonable time. If the search reasonably cannot be completed on site, the government will remove the device from the site only if authorized by law because removal is (1) necessary to preserve evidence, or (2) if the item is contraband, a forfeitable instrumentality of the crime, or fruit of crime.

2.       If the government determines that a reasonable search as authorized in this warrant cannot be completed at the site within a reasonable period, the government must determine whether all or part of the authorized search can be completed by making a mirror image of, or in some other manner duplicating, the contents of the device and then completing the search of the mirror image off site (e.g., at a computer crime laboratory).

3.       The government may remove from the search location a device only if the device cannot be searched reasonably on site, or by mirror-imaging or otherwise duplicating its contents for off site examination – unless authorized by law to remove the device because (1) removing the device is necessary to preserve evidence, or (2) the device is contraband, a forfeitable instrumentality of the crime, or fruit of crime. The government also may remove from the site any related equipment (e.g., keyboards or printers) or documents (e.g., system operating or software manuals) that reasonably appear to be necessary to conduct an off-site search of a device in which data is stored electronically. The government may also remove and retain the device, equipment, or document if

1

the government determines that the information on the device is encrypted, until such reasonable time as it is determined that it does not contain any information that falls within the scope of the warrant.

4. If the government removes a device or related equipment or documents from the place they were found in order to complete the search off-site, within ten (10) calendar days of the removal the government must file a return with a magistrate judge that identifies with particularity the removed device or related equipment or documents.

5. The government must complete an off-site search of a device that agents removed in order to search for evidence of crime as promptly as practicable and no later than thirty (30) calendar days after the initial execution of the warrant. Within thirty (30) calendar days after completing an off-site search of a device pursuant to this warrant, the government must return any device, as well as any related equipment or document that was removed from the site in order to complete the search, unless, under the law, the government may retain the device, equipment, or document (1) to preserve evidence, (2) because the device, equipment, or document is contraband, a forfeitable instrumentality of the crime, or fruit of crime, or (3) after reasonable efforts at decryption, the government requires additional time in order to attempt to defeat any encryption (the retention of any device, equipment or document for purposes of decryption may only occur for a period of sixty days from the date of seizure without further Order of the Court). Within a reasonable period, not to exceed sixty calendar days after completing the authorized search of a device, the government also must use reasonable efforts to destroy – and to delete from any devices or storage media or copies that it has retained or made – copies of any data that are outside the scope of the warrant but that were copied or accessed during the search process, unless, under the law, the government may retain

2

the copies (1) to preserve evidence, or (2) because the copies are contraband, a forfeitable instrumentality of the crime, or fruit of crime. The deadlines set forth in this paragraph may be extended by court order for good cause shown.

6.      In conducting the search authorized by this warrant, whether on site or off site, the government must make all reasonable efforts to use methods and procedures that will locate and expose only those categories of files, documents, or other electronically stored information that are identified with particularity in the warrant while, to the extent reasonably practicable, minimizing exposure or examination of irrelevant, privileged, or confidential files.

7.      The terms of this warrant do not limit or displace any person's right to file a motion for return of property under Fed. R. Crim. P. 41(g). Nor does the issuance of this warrant preclude any person with any interest in any seized item from asking the government to return the item or a copy of it.

8.      The government must promptly notify the judge who authorized issuance of the search warrant (or, if that judge is unavailable, to the general duty judge) if a dispute arises about rights or interests in any seized or searched item – or any data contained in any searched or seized item – and that dispute cannot be resolved informally. The government must deliver a copy of this written notification to any person known to assert any such right or interest.

3