Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden, et al.,<br><br>    Defendant. | No. CR08-814-PHX-DGC<br><br>MOTION FOR ORDER REQUIRING GOVERNMENT TO COMPLY WITH DATA DELETION REQUIREMENTS OF N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-PVT WARRANTS |

Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this *Motion For Order Requiring Government To Comply With Data Deletion Requirements Of N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-PVT Warrants*. Via the "Computer Search Protocol For The Northern District Of California" contained in the N.D.Cal. warrants,[1] the government was required to follow specific directives regarding the handling of data seized from apartment No. 1122 and storage unit No. A-47. Through this motion, the defendant respectfully requests that the Court order the government to comply with the data deletion/destruction directives contained in the N.D.Cal. warrants with respect to seized storage devices, encrypted virtual drives, and forensic images created therefrom—all currently in the possession of the government.[2]

---

1. The N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-PVT warrants all contain identical computer search protocols. This motion will quote from the computer search protocol contained in the original N.D.Cal. 08-70460-HRL warrant.

2. The facility where the defendant is currently detained, Corrections Corporation of America, Central Arizona Detention Center, is currently on "lock-down" due to what staff

- 1 -

1  The N.D.Cal. warrants allowed "[t]he government [][to] remove from the search
2  location a device only if the device cannot be searched reasonably on site, or by mirror-
3  imaging or otherwise duplicating its contents for off site examination – unless authorized by
4  law to remove the device because (1) removing the device is necessary to preserve evidence,
5  or (2) the device is contraband, a forfeitable instrumentality of the crime, or fruit of
6  crime."[3]  On August 3-4, 2008, the government removed various data storage devices from
7  apartment No. 1122 in order to search them off site and to otherwise preserve evidence.[4]
8  On August 4, 2008, the government removed a data storage device from storage unit No. A-
9  47 in order to search it off site and to otherwise preserve evidence.[5]  Through this motion,
10 the defendant seeks no relief regarding the government's initial removal of the storage
11 devices.[6]

12  The N.D.Cal. warrants then required "[t]he government [][to] complete an off-site
13 search of a device that agents removed in order to search for evidence of crime as promptly
14 as practicable and no later than thirty (30) calendar days after the initial execution of the
15 warrant."[7]  IRS-CI Agent Tracy L. Daun conducted an initial search, perceivably within the

---

indicate is escalating gang violence.  Because of the lock-down, the defendant has been unable to use the LexisNexis legal research computer.  However, the defendant believes that the Court has jurisdiction over this motion for the same reasons it has jurisdiction over the defendant's *Motion To Suppress*.  If the Court disagrees, the defendant respectfully requests that the motion be immediately denied so that the defendant can immediately refile the motion in the Northern District of California where the herein discussed warrants were issued.

3.  *Submission Of Documents Related To Original Northern District Of California 08-70460-HRL Search Warrant Used To Physically Search Apartment No. 1122*, "Computer Search Protocol For The Northern District Of California," ¶ 3 (Dkt. #566-1, p. 15).

4.  *See Motion To Suppress*, *Memorandum Re: Fourth Amendment Violations*, *General Facts*, Section IV(B)(16) and (17).

5.  *Submission Of Documents Related To Original Northern District Of California 08-70460-HRL Search Warrant Used To Physically Search Storage Unit No. A-47* (return) (Dkt. #???-3).

6.  Fourth Amendment challenges to the N.D.Cal. 08-70460-HRL/PVT warrant, as a general matter, are raised in the defendant's *Motion To Suppress*, *Memorandum Re: Fourth Amendment Challenges (re: N.D.Cal. 08-70460-HRL/PVT)* (Dkt. #830-1 linked to #824).

7.  *Submission Of Documents Related To Original Northern District Of California 08-70460-HRL Search Warrant Used To Physically Search Apartment No. 1122*, "Computer Search Protocol For The Northern District Of California," ¶ 5 (Dkt. #566-1, p. 16).

first 30 days of the initial execution of the warrants, and seized various data by saving it to a CD and a collection of ten DVDs.[8]  In order to complete the search, IRS-CI Agent Daun imaged the various data storage devices and virtual drives contained thereon and then conducted keyword searches within the forensic images.[9]  Any files containing data matching the keywords was subsequently saved to the noted DVDs.  Through this motion, the defendant seeks no relief regarding the government's seizure of data by copying it to a CD and DVDs.[10]

The N.D.Cal. warrants required "[w]ithin a reasonable period, not to exceed sixty calendar days after completing the authorized search of a device, the government also must use reasonable efforts to destroy – and to delete from any devices or storage media or copies that it has retained or made – copies of any data that are **outside the scope of the warrant** but that were copied or accessed during the search process, unless, under the law, the government may retain the copies (1) to preserve evidence, or (2) because the copies are contraband, a forfeitable instrumentality of the crime, or fruit of crime."[11][12]  Any data that was within the scope of the warrants – or was contraband, a forfeitable instrumentality of the crime, or fruit of crime – was seized when the government copied various data to a CD and DVDs after conducting keyword searches.  The only remaining reason for the government to continue to possess data outside the scope of the warrants (*i.e.*, the originals, forensic images,

---

8. *See Motion To Suppress*, *Memorandum Re: Fourth Amendment Violations*, *General Facts*, Section IV(B)(17).

9. *See id*.

10. Fourth Amendment challenges to the N.D.Cal. 08-70460-HRL/PVT warrant, as a general matter, are raised in the defendant's *Motion To Suppress*, *Memorandum Re: Fourth Amendment Challenges (re: N.D.Cal. 08-70460-HRL/PVT)* (Dkt. #830-1 linked to #824).

11. *Submission Of Documents Related To Original Northern District Of California 08-70460-HRL Search Warrant Used To Physically Search Apartment No. 1122*, "Computer Search Protocol For The Northern District Of California," ¶ 5 (emphasis added) (Dkt. #566-1, p. 16-17).

12. The warrants also require that "[i]n conducting the search authorized by this warrant, whether on site or off site, the government must make all reasonable efforts to use methods and procedures that will locate and expose only those categories of files, documents, or other electronically stored information that are identified with particularity in the warrant while, to the extent reasonably practicable, minimizing exposure or examination of irrelevant, privileged, or confidential files." *Id.*, ¶ 6 (Dkt. #566-1, p. 17).

- 3 -

1  copies, *etc.*) was/is to preserve evidence. Although the government initially had cause to
2  preserve evidence, that cause is no longer current[13] and the defendant now seeks relief from
3  the Court in the form of an order requiring the government to comply with the data deletion/
4  destruction terms of the N.D.Cal. warrants.

5      At one point, the defense requested that the government preserve the seized physical
6  data storage devices considering they may contain exculpatory evidence. Such preservation
7  is also in line with the terms of the N.D.Cal. warrants allowing the government to preserve
8  evidence. In response to the defendant's request, the government subsequently provided the
9  defense with copies of the forensic images created from the seized physical data storage
10 devices.[14] Now that the defense has copies of the forensic images, and considering all data
11 within the scope of the N.D.Cal. warrants was seized and copied to DVDs by IRS-CI Agent
12 Daun over three years ago, there is no longer any reason for the government to continue to
13 possess the original data, the forensic images, or any other copies apart from the seized data
14 contained on the initially created DVDs. IRS-CI Agent Daun admits that the forensic images
15 currently in the possession of the government "actually contain many more files than those
16 that fall within the parameters of the Search Warrant and its attachments."[15]

17     The defendant respectfully requests that the Court order the government to complete
18 the following steps in order to locate, isolate, and delete/destroy all data (including all copies
19 thereof) not originally seized by IRS-CI Agent Daun when she created the above noted CD
20 and series of DVDs:[16]

---

21  13.  Incidentally, IRS-CI Agent Daun used the government's authority to preserve evidence as a guise to conduct a three-year general search of seized data falling outside the scope of
22  the N.D.Cal. warrants. *See Motion To Suppress, Memorandum Re: Fourth Amendment Challenges (re: N.D.Cal. 08-70460-HRL/PVT)* (Dkt. #830-1 linked to #824).

23  14.  Evidence from the forensic images, that which was preserved but not seized by the
24  government under the N.D.Cal. warrants, was retrieved by the defense and used to support the defendant's *Motion To Suppress* and included declarations. *See Motion To Suppress* (Dkt.
25  #824, 824-1, #824-2, #824-3, #824-4, and #824-5).

26  15.  *See* <u>EXHIBIT 087</u> of *2nd Consolidated Exhibits* (Dkt. #821-5) (Computer Forensic Report by IRS-CI Agent Daun RE: search of physical storage devices and virtual drives seized from apartment No. 1122).

27  16.  The relief requested in this motion does not affect any pending Fourth Amendment
28  challenges as the deletion/destruction of data issue will survive the outcome of the pending suppression motion as well as the outcome of the case as a whole.

1. Locate and isolate all physical data storage devices seized from 431 El Camino Real, Apartment No. 1122, Santa Clara, CA 95050 (hereafter "apartment No. 1122") during execution of the N.D.Cal. 08-70460-HRL/PVT search warrant and during execution of the subsequent N.D.Cal. 08-70503-PVT search warrant. The noted seized physical data storage devices shall include, but not be limited to, the following:[17]

 (1) Toshiba MK1032GA 100GB External USB hard drive in Xcraft enclosure;

 (2) Seagate ST350064 1NS S/N 3PM07D08 (500GB External Hard Drive);

 (3) Samsung 40GB hdd (S/N S03WJ30L218364) from Acer MS2180 laptop;

 (4) Hitachi 100GB hdd (S/N MPCZN7Y0J7N51L) from IBM ThinkPad;

 (5) Dane-Elec Blue 1GB Thumbdrive;

 (6) SanDisk 2GB Compact Flash Ultra II Memory Card;

 (7) Seagate 250GB Hard Drive (S/N 5QE1W2CP);

 (8) SanDisk TransFlash 64MB Memory Card;

 (9) Sony CyberShot Camera (S/N 506621);

 (10) Sony Memory Stick Pro Duo Memory Card;

2. Locate and isolate all physical data storage devices seized from storage unit No. A-47, CBD Indoor Mini, 570 Cinnabar Street, San Jose, California 95110 (hereafter "storage unit No. A-47") during execution of the N.D.Cal. 08-70502-PVT search warrant. The noted seized physical data storage devices shall include, **but not be limited to**, the following:

 (1) Toshiba MK1032GAX S/N 36901974S (100GB External Hard Drive);

3. Locate and isolate all government owned physical data storage devices (*e.g.*, hard drives, DVDs, CDs, *etc.*) containing government created copies of data originating from the physical data storage devices seized from apartment No. 1122 and storage unit No. A-47. The noted government owned physical data storage devices shall include devices containing

---

17. The proceeding list is extracted from IRS-CI Agent Tracy L. Daun's "Computer Forensic Report" created during the search of the seized data storage devices. Excerpts of the "Computer Forensic Report" are on the record at *Second Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues*, EXHIBIT 087 (Dkt. #821-5).

copies of seized data including, **but not be limited to**, the following:[18]

(1)  1000220515_S1_RmA_C1_hdd0 (forensic image);

(2)  1000220515_S1_RmA_C1_Exthdd2 (forensic image);

(3)  1000220515_TSB100G_1_DriveCrypt01 (forensic image);

(4)  1000220515_SGT500G_DriveCrypt01 (forensic image);

(5)  1000220515_TSB100G_2_DriveCrypt01 (forensic image);

(6)  T_drive.rar (copies of independent files from encrypted virtual drive);

(7)  1000220515_S1_RmA_C2_hdd0 (forensic image);

(8)  1000220515_S3_RmA_C2_Exthdd0 (forensic image);

(9)  1000220515_S1_TSB100G_2_DriveCrypt01 (forensic image);

(10) 1000220515_S1_RmA_C1_Exthdd1_ (forensic image);

(11) 1000220515_S1_RmA_C1_Exthdd2 (forensic image);

(12) 1000220515_S3_RmA_Exthdd0 (forensic image);

(13) 1000220515_S1_TSB100G_1_DriveCrypt01 (forensic image);

(14) 1000220515_S1_RmA_C1_hdd0_ (forensic image);

(15) 1000220515_S1_TSB100G_2_DriveCrypt01 (forensic image);

(16) 1000220515_S1_SGT500G_DriveCrypt01 (forensic image);

4. Draft an inventory of all physical data storage devices (hereafter "isolated storage devices") that were isolated during compliance with directives No. 1, 2 and 3 above. However, this directive does not apply to the one (1) CD and ten (10) DVDs discussed in IRS-CI Agent Daun's "Computer Forensic Report"[19] and used to store the data that was seized within the scope of the warrants.

5. Using secure drive wipe software, sanitize the isolated storage devices by writing over all saved data and free space with random data using a three pass overwrite

---

18. The proceeding list is extracted from IRS-CI Agent Daun's "Computer Forensic Report" created during the search of the seized data storage devices.

19. Excerpts of the "Computer Forensic Report" are on the record at *Second Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues*, EXHIBIT 087 (Dkt. #821-5).

MOTION FOR ORDER REQUIRING GOVERNMENT TO COMPLY WITH DATA DELETION REQUIREMENTS OF N..D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-PVT WARRANTS
CR08-814-PHX-DGC

process.[20] The government can use any number of commercial or freely available computer programs, *e.g.*, Secure Delete (SDelete) v1.5 by Sysinternals,[21] that allow for securely deleting data from hard drives and other data storage devices. At the conclusion of this process, all bits of data storage space on the isolated storage devices should be filled with random bits of data so as to overwrite/delete all data previously stored on the drives. For isolated storage devices that cannot be overwritten with random data so as to delete all previously stored data, the government shall physically destroy the isolated storage device by smashing/grinding the isolated storage device according to standard government practice.[22]

      6.    The only files and data that should remain after compliance with directive No. 5 above shall be the files and data listed in IRS-CI Agent Daun's "Computer Forensic Report" that were saved to the one (1) CD and ten (10) DVDs.[23] However, the DriveCrypt virtual drive container files listed in the "Computer Forensic Report," which were not saved to the DVDs in their entirety, shall be deleted/destroyed pursuant to directive No. 5 above. The noted DriveCrypt virtual drive container files include, **but are not limited to**, the following:[24]

    (1)    filesalot.dcv;

    (2)    filesalot_bak_3-31-2008.dcv;

---

20. Deleting all data that was copied but not within the scope of the N.D.Cal. warrants is a term of the applicable computer search protocol. The N.D.Cal. warrants required "[w]ithin a reasonable period, not to exceed sixty calendar days after completing the authorized search of a device, the government also must use reasonable efforts to destroy – and to delete from any devices or storage media or copies that it has retained or made – copies of any data that are **outside the scope of the warrant** but that were copied or accessed during the search process..." *Submission Of Documents Related To Original Northern District Of California 08-70460-HRL Search Warrant Used To Physically Search Apartment No. 1122*, "Computer Search Protocol For The Northern District Of California," ¶ 5 (emphasis added) (Dkt. #566-1, p. 16-17).

21. Sysinternals is a wholly owned subsidiary of Microsoft Corporation. *See* http://www.systinternals.com. SDelete allows for specifying the number of overwrite passes and for the cleaning of free space.

22. For example, a CD or DVD can be put through a shredder designed to shred CDs and DVDs.

23. The government may also retain additional copies of the data contained on the one (1) CD and ten (10) DVDs discussed in IRS-CI Agent Daun's "Computer Forensic Report."

24. The proceeding list is extracted from IRS-CI Agent Daun's "Computer Forensic Report" created during the search of the seized data storage devices.

1  (3) filesalot_bak_3-1-2008.dcv;

2  (4) filesdone60_1.dcv;

3  (5) filesdone60_2.dcv;

4  (6) T_drive.rar (contains file/data copies from an encrypted virtual drive);

5  7. The only files and data from the DriveCrypt virtual drive container files that shall remain in the government's possession are the files and data saved to the one (1) CD and ten (10) DVDs discussed in IRS-CI Agent Daun's "Computer Forensic Report." Additionally, the only other files and data that shall remain in the government's possession, whether copied from the seized physical data storage devices or from the encrypted virtual drives, shall be the files and data originally copied to the one (1) CD and ten (10) DVDs, as discussed in IRS-CI Agent Daun's "Computer Forensic Report."

8. Once all data has been deleted and destroyed, and all physical data storage devices sanitized or destroyed (*see* directive No. 5 above), the individual(s) conducting the deletion/destruction/sanitization shall draft and sign a declaration under penalty of perjury that the above directives have been fulfilled. The declaration shall include the inventory created pursuant to directive No. 4 above with notation as to the manner in which each isolated storage device was sanitized or destroyed. The declaration shall state that all listed isolated storage devices—whether originals, copies, encrypted virtual drives, or otherwise—have been properly deleted/sanitized and/or physically destroyed. The declaration shall then be filed with the Court and provided to the defendant.

\* \* \* \* \*

Based on the points and authorities set forth herein, the defendant respectfully requests that this motion be granted and that the attached proposed order be issued.

This motion and all attachments were drafted and prepared by the *pro se* defendant, however, he authorizes his shadow counsel, Philip Seplow, to file this motion on his behalf using the ECF system. The defendant is appearing *pro se* and has never attended law school. The defendant's filings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *See* Haines v. Kerner, 404

1 U.S. 519, 520 (1972).

2       LRCrim 12.2(a) requires that the undersigned include the following statement in all motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or of an order based thereon."

5 ///
6 ///
7 ///
8 ///
9 ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

*MOTION FOR ORDER REQUIRING GOVERNMENT TO COMPLY WITH DATA DELETION REQUIREMENTS OF N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-PVT WARRANTS CR08-814-PHX-DGC*

- 9 -

1 | Respectfully Submitted:

3 | PHILP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Defendant:

6 | s/ Philip Seplow
Philip Seplow
Shadow Counsel for Defendant.

9 | ///
10 | ///
11 | ///
12 | ///
13 | ///
14 | ///
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

*MOTION FOR ORDER REQUIRING GOVERNMENT TO COMPLY WITH DATA DELETION REQUIREMENTS OF N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-PVT WARRANTS*
*CR08-814-PHX-DGC*

**CERTIFICATE OF SERVICE**

I hereby certify that on:                    I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))