UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden, et al.,<br><br>    Defendant. | No. CR08-814-PHX-DGC<br><br>ORDER REQUIRING GOVERNMENT TO COMPLY WITH DATA DELETION REQUIREMENTS OF N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-PVT WARRANTS |

This matter is before the Court pursuant to the defendant's *Motion For Order Requiring Government To Comply With Data Deletion Requirements Of N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-PVT Warrants*.

There being good cause shown, the Court will grant the defendant's motion.

IT IS HEREBY ORDERED that the government complete the following steps in order to comply with the data deletion/destruction requirements of the N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, and 08-70502-PVT Warrants:

1.    Locate and isolate all physical data storage devices seized from 431 El Camino Real, Apartment No. 1122, Santa Clara, CA 95050 (hereafter "apartment No. 1122") during execution of the N.D.Cal. 08-70460-HRL/PVT search warrant and during execution of the subsequent N.D.Cal. 08-70503-PVT search warrant. The noted seized physical data storage devices shall include, but not be limited to, the following:[1]

---

1.    The proceeding list is extracted from IRS-CI Agent Tracy L. Daun's "Computer

- 1 -

1    (1)   Toshiba MK1032GA 100GB External USB hard drive in Xcraft enclosure;

2    (2)   Seagate ST350064 1NS S/N 3PM07D08 (500GB External Hard Drive);

3    (3)   Samsung 40GB hdd (S/N S03WJ30L218364) from Acer MS2180 laptop;

4    (4)   Hitachi 100GB hdd (S/N MPCZN7Y0J7N51L) from IBM ThinkPad;

5    (5)   Dane-Elec Blue 1GB Thumbdrive;

6    (6)   SanDisk 2GB Compact Flash Ultra II Memory Card;

7    (7)   Seagate 250GB Hard Drive (S/N 5QE1W2CP);

8    (8)   SanDisk TransFlash 64MB Memory Card;

9    (9)   Sony CyberShot Camera (S/N 506621);

10   (10)  Sony Memory Stick Pro Duo Memory Card;

       2.   Locate and isolate all physical data storage devices seized from storage unit No. A-47, CBD Indoor Mini, 570 Cinnabar Street, San Jose, California 95110 (hereafter "storage unit No. A-47") during execution of the N.D.Cal. 08-70502-PVT search warrant. The noted seized physical data storage devices shall include, **but not be limited to**, the following:

   (1)   Toshiba MK1032GAX S/N 36901974S (100GB External Hard Drive);

       3.   Locate and isolate all government owned physical data storage devices (*e.g.*, hard drives, DVDs, CDs, *etc.*) containing government created copies of data originating from the physical data storage devices seized from apartment No. 1122 and storage unit No. A-47. The noted government owned physical data storage devices shall include devices containing copies of seized data including, **but not be limited to**, the following:[2]

   (1)   1000220515_S1_RmA_C1_hdd0 (forensic image);

   (2)   1000220515_S1_RmA_C1_Exthdd2 (forensic image);

   (3)   1000220515_TSB100G_1_DriveCrypt01 (forensic image);

   (4)   1000220515_SGT500G_DriveCrypt01 (forensic image);

---

Forensic Report" created during the search of the seized data storage devices. Excerpts of the "Computer Forensic Report" are on the record at *Second Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues*, <u>EXHIBIT 087</u> (Dkt. #821-5).

2. The proceeding list is extracted from IRS-CI Agent Daun's "Computer Forensic Report" created during the search of the seized data storage devices.

(5) 1000220515_TSB100G_2_DriveCrypt01 (forensic image);

(6) T_drive.rar (copies of independent files from encrypted virtual drive);

(7) 1000220515_S1_RmA_C2_hdd0 (forensic image);

(8) 1000220515_S3_RmA_C2_Exthdd0 (forensic image);

(9) 1000220515_S1_TSB100G_2_DriveCrypt01 (forensic image);

(10) 1000220515_S1_RmA_C1_Exthdd1_ (forensic image);

(11) 1000220515_S1_RmA_C1_Exthdd2 (forensic image);

(12) 1000220515_S3_RmA_Exthdd0 (forensic image);

(13) 1000220515_S1_TSB100G_1_DriveCrypt01 (forensic image);

(14) 1000220515_S1_RmA_C1_hdd0_ (forensic image);

(15) 1000220515_S1_TSB100G_2_DriveCrypt01 (forensic image);

(16) 1000220515_S1_SGT500G_DriveCrypt01 (forensic image);

4. Draft an inventory of all physical data storage devices (hereafter "isolated storage devices") that were isolated during compliance with directives No. 1, 2 and 3 above. However, this directive does not apply to the one (1) CD and ten (10) DVDs discussed in IRS-CI Agent Daun's "Computer Forensic Report"[3] and used to store the data that was seized within the scope of the warrants.

5. Using secure drive wipe software, sanitize the isolated storage devices by writing over all saved data and free space with random data using a three pass overwrite process.[4] The government can use any number of commercial or freely available computer

---

3. Excerpts of the "Computer Forensic Report" are on the record at *Second Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues*, <u>EXHIBIT 087</u> (Dkt. #821-5).

4. Deleting all data that was copied but not within the scope of the N.D.Cal. warrants is a term of the applicable computer search protocol. The N.D.Cal. warrants required "[w]ithin a reasonable period, not to exceed sixty calendar days after completing the authorized search of a device, the government also must use reasonable efforts to destroy – and to delete from any devices or storage media or copies that it has retained or made – copies of any data that are **outside the scope of the warrant** but that were copied or accessed during the search process..." *Submission Of Documents Related To Original Northern District Of California 08-70460-HRL Search Warrant Used To Physically Search Apartment No. 1122*, "Computer Search Protocol For The Northern District Of California," ¶ 5 (emphasis added) (Dkt. #566-1, p. 16-17).

1  programs, *e.g.*, Secure Delete (SDelete) v1.5 by Sysinternals,[5] that allow for securely
2  deleting data from hard drives and other data storage devices.  At the conclusion of this
3  process, all bits of data storage space on the isolated storage devices should be filled with
4  random bits of data so as to overwrite/delete all data previously stored on the drives.  For
5  isolated storage devices that cannot be overwritten with random data so as to delete all
6  previously stored data, the government shall physically destroy the isolated storage device by
7  smashing/grinding the isolated storage device according to standard government practice.[6]

      6.      The only files and data that should remain after compliance with directive No. 5 above shall be the files and data listed in IRS-CI Agent Daun's "Computer Forensic Report" that were saved to the one (1) CD and ten (10) DVDs.[7]  However, the DriveCrypt virtual drive container files listed in the "Computer Forensic Report," which were not saved to the DVDs in their entirety, shall be deleted/destroyed pursuant to directive No. 5 above. The noted DriveCrypt virtual drive container files include, **but are not limited to**, the following:[8]

    (1)    filesalot.dcv;
    (2)    filesalot_bak_3-31-2008.dcv;
    (3)    filesalot_bak_3-1-2008.dcv;
    (4)    filesdone60_1.dcv;
    (5)    filesdone60_2.dcv;
    (6)    T_drive.rar (contains file/data copies from an encrypted virtual drive);

      7.      The only files and data from the DriveCrypt virtual drive container files that shall remain in the government's possession are the files and data saved to the one (1) CD

---

5.    Sysinternals is a wholly owned subsidiary of Microsoft Corporation.  *See* http://www.systinternals.com.  SDelete allows for specifying the number of overwrite passes and for the cleaning of free space.

6.    For example, a CD or DVD can be put through a shredder designed to shred CDs and DVDs.

7.    The government may also retain additional copies of the data contained on the one (1) CD and ten (10) DVDs discussed in IRS-CI Agent Daun's "Computer Forensic Report."

8.    The proceeding list is extracted from IRS-CI Agent Daun's "Computer Forensic Report" created during the search of the seized data storage devices.

and ten (10) DVDs discussed in IRS-CI Agent Daun's "Computer Forensic Report." Additionally, the only other files and data that shall remain in the government's possession, whether copied from the seized physical data storage devices or from the encrypted virtual drives, shall be the files and data originally copied to the one (1) CD and ten (10) DVDs, as discussed in IRS-CI Agent Daun's "Computer Forensic Report."

        8.    Once all data has been deleted and destroyed, and all physical data storage devices sanitized or destroyed (*see* directive No. 5 above), the individual(s) conducting the deletion/destruction/sanitization shall draft and sign a declaration under penalty of perjury that the above directives have been fulfilled. The declaration shall include the inventory created pursuant to directive No. 4 above with notation as to the manner in which each isolated storage device was sanitized or destroyed. The declaration shall state that all listed isolated storage devices—whether originals, copies, encrypted virtual drives, or otherwise—have been properly deleted/sanitized and/or physically destroyed. The declaration shall then be filed with the Court and provided to the defendant.

* * * * *

Excludable delay under 18 U.S.C. § 3161(h)_____ is found to commence on the _____ day of _____, 20_____, for a total of _____ days.

DATED this ____ day of _____, 20____.