Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden, et al.,<br><br>        Defendant. | No. CR08-814-PHX-DGC<br><br>RESPONSE TO GOVERNMENT MOTION FOR ENLARGEMENT OF TIME (Dkt. #850) TO RESPOND TO VARIOUS FILINGS |

        Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this *Response To Government Motion For Enlargement Of Time (Dkt. #850) To Respond To Various Filings*.  The government filed a *Motion For Enlargement Of Time* (Dkt. #850) to respond to the defendant's (1) *Motion To Suppress* (Dkt. #824), and (2) *Motion For Order Requiring Government To Comply With Data Deletion Requirements* (Dkt. #847) until Monday, August 20, 2012.  The defendant has no objection to the government's motion with respect to filing a response to the defendant's *Motion To Suppress*.  However, through this response, the defendant respectfully requests that the Court deny the government's request for a 60 day extension to respond to the defendant's *Motion For Order Requiring Government To Comply With Data Deletion Requirements* (Dkt. #847).

        First, the defendant's *Motion To Suppress* is supported by three separate memorandums raising three entirely separate groups of suppression arguments.  The first page of the actual *Motion To Suppress* (Dkt. #824-0) references (1) *Memorandum Re:*

*RESPONSE TO GOVERNMENT MOTION FOR ENLARGEMENT OF TIME (Dkt. #850) TO RESPOND TO VARIOUS FILINGS*
*CR08-814-PHX-DGC*

- 1 -

*Fourth Amendment Violations*, (2) *Memorandum Re: Destruction Of Evidence*, and (3) *Memorandum Re: Fourth Amendment Violations (re: N.D.Cal. 08-70460-HRL/PVT)*. However, the defendant's shadow counsel only attached to Dkt. #824 the defendant's *Memorandum Re: Fourth Amendment Violations*—which only raised challenges to the government's aircard locating mission.  The defendant's shadow counsel then later filed (1) the defendant's *Memorandum Re: Fourth Amendment Violations (re: N.D.Cal. 08-70460-HRL/PVT)* (Dkt. #830-1)—which only raised challenges to the physical search of apartment No. 1122 and subsequent data storage device searches, and (2) *Memorandum Re: Destruction Of Evidence* (Dkt. #830-2)—which only raised challenges to the government's destruction of evidence in the context of suppression.  In order to respond to all three of the defendant's memorandums, which all support a request for suppression of evidence at Dkt. #824, the defendant agrees that the government would need at least 60 days.  Additionally, on June 29, 2012, the defendant received new evidence from the government regarding IRS-CI Agent Daun's illegal searches/seizures and the defendant now needs to supplement his *Motion To Suppress* in light of new facts that change the defendant's arguments.  *See* United States v. Gamez-Orduno, 235 F.3d 453, 461-62 (9th Cir. 2000) (continuing a suppression hearing due to the discovery of new evidence of which effected defendant's arguments).  Of course, the defendant now also needs to make new discovery requests to the government based on the newly provided June 29, 2012 evidence that was withheld from the defendant since the year 2009.[1]

However, with respect to the defendant's *Motion For Order Requiring Government To Comply With Data Deletion Requirements* (Dkt. #847), the defendant objects to the government being granted 60 days to respond for the following reasons:

1.      The defendant's motion at Dkt. #847 is not complex and the issue raised is very straightforward: Will the government comply with the plain terms of the noted warrants or will it not?

---

1.      If the government would handle the discovery process properly—as apposed to sacrificing the defendant's rights to save money—such late requests and delays in the case would not be necessary.

2.      If the government raises and wins on a jurisdiction challenge (*i.e.*, the defendant should file the motion in the Northern District of California where the noted warrants were originally issued), there will be at least a 90 day delay before this Court will rule (and possibly agree with the government) and thus at least a 90 day delay before the defendant could possibly have to refile the same motion in the Northern District of California.

3.      The defendant is suffering and will suffer further prejudice by the delay considering the government continues to illegally access data and share data with various government actors of which the government has no authority to access/share.  The defendant should not be subjected to at least an additional 90 days of prejudice while it should only take the government at most two weeks to respond to the defendant's motion at Dkt. #847.

4.      The defendant's motion at Dkt. #847 is not a suppression motion and any adverse order is immediately appealable due to (1) the ongoing prejudice to the defendant, and (2) the nature of the issue survives the outcome of the defendant's *Motion To Suppress* and the outcome of the entire case as a whole.[2]  Because any adverse order is immediately appealable, the government should respond to Dkt. #847 without further delay.

Based on the points and authorities set forth herein, the defendant respectfully requests that the governments *Motion For Enlargement Of Time* (Dkt. #850) be denied with respect to the defendant's *Motion For Order Requiring Government To Comply With Data Deletion Requirements* (Dkt. #847).  The defendant has no objection to the government's request for additional time to respond to the defendant's *Motion To Suppress* (Dkt. #824) which is supported by and incorporates by reference **(1)** *Memorandum Re: Fourth Amendment Violations* (Dkt. #824-2), **(2)** *Memorandum Re: Fourth Amendment Violations (re: N.D.Cal. 08-70460-HRL/PVT)* (Dkt. #830-1), and **(3)** *Memorandum Re: Destruction Of Evidence* (Dkt. #830-2)—all of which require responses from the government.

---

2.      Even if the Court disagrees with the defendant's assessment that an adverse order with respect to Dkt. #847 is immediately appealable, the defendant will still immediately appeal an adverse order to the Ninth Circuit considering the defendant may lose his chance to appeal the issue if it later turns out that the order was final as the defendant now believes.

This response was drafted and prepared by the *pro se* defendant, however, he authorizes his shadow counsel, Philip Seplow, to file this response on his behalf using the ECF system.  The defendant is appearing *pro se* and has never attended law school.  The defendant's filings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.  *See* <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

*RESPONSE TO GOVERNMENT MOTION FOR ENLARGEMENT OF TIME (Dkt. #850) TO RESPOND TO VARIOUS FILINGS*
*CR08-814-PHX-DGC*

Respectfully Submitted:

PHILP SEPLOW, Shadow Counsel, on
behalf of DANIEL DAVID RIGMAIDEN,
Pro Se Defendant:

s/ Philip Seplow
Philip Seplow
Shadow Counsel for Defendant.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

RESPONSE TO GOVERNMENT MOTION FOR ENLARGEMENT OF TIME (Dkt. #850)
TO RESPOND TO VARIOUS FILINGS
CR08-814-PHX-DGC

# CERTIFICATE OF SERVICE

I hereby certify that on:                    I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

RESPONSE TO GOVERNMENT MOTION FOR ENLARGEMENT OF TIME (Dkt. #850)
TO RESPOND TO VARIOUS FILINGS
CR08-814-PHX-DGC