1  Daniel Rigmaiden
   Agency # 10966111
2  CCA-CADC
   PO Box 6300
3  Florence, AZ 85132
   Telephone: none
4  Email: none

5  Daniel David Rigmaiden
   Pro Se, Defendant

6

7              **UNITED STATES DISTRICT COURT**

8                  **DISTRICT OF ARIZONA**

9

10  United States of America,              No. CR08-814-PHX-DGC

11          Plaintiff,                     MOTION TO SUPPRESS EVIDENCE
                                           RELATING TO N.D.Cal. 08-70460-
12  v.                                     HRL/PVT WARRANT

13  Daniel David Rigmaiden, et al.,

14          Defendant.

15

16          Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this

17  *Motion To Suppress Evidence Relating To N.D.Cal. 08-70460-HRL/PVT Warrant*.  Through

18  this motion and the attached memorandum, the defendant respectfully requests that the Court

19  suppress all evidence and derivative evidence obtained under and in relation to the N.D.Cal.

20  08-70460-HRL/PVT Warrant.  In support of this motion, the defendant has attached an exact

21  copy of his previously filed (*see* Dkt. #830-1) *Memorandum Re: Fourth Amendment*

22  *Violations (re: N.D.Cal. 08-70460-HRL/PVT)*.  The precise evidence the defendant seeks to

23  have suppressed through this motion is listed in the "Evidence Table" located at the end of

24  the attached and incorporated memorandum.  Below, the defendant explains why he is filing

25  this motion while an identical copy of the attached memorandum is already placed on the

26  record (*see* Dkt. #830-1) and incorporated into the defendant's *Motion To Suppress* (Dkt.

27  #824).

28          The defendant already filed his *Motion To Suppress* (Dkt. #824), which is supported

by three separate memorandums raising three entirely separate groups of suppression

arguments.  The first page of the defendant's *Motion To Suppress* (Dkt. #824-0) references

(1) *Memorandum Re: Fourth Amendment Violations*, (2) *Memorandum Re: Destruction Of

Evidence*, and (3) *Memorandum Re: Fourth Amendment Violations (re: N.D.Cal. 08-70460-

HRL/PVT)*.  However, the defendant's shadow counsel only attached to Dkt. #824 the

defendant's *Memorandum Re: Fourth Amendment Violations*—which only raised challenges

to the government's aircard locating mission.  The defendant's shadow counsel then later

filed (1) the defendant's *Memorandum Re: Fourth Amendment Violations (re: N.D.Cal. 08-

70460-HRL/PVT)* (Dkt. #830-1)—which only raised challenges to the physical search of

apartment No. 1122 and subsequent data storage device searches, and (2) *Memorandum Re:

Destruction Of Evidence* (Dkt. #830-2)—which only raised challenges to the government's

destruction of evidence in the context of suppression.  Following the date Dkt. #830 was

filed, neither the Court nor the government have acknowledged or made reference to the

defendant's *Memorandum Re: Fourth Amendment Violations (re: N.D.Cal. 08-70460-

HRL/PVT)* (Dkt. #830-1) or *Memorandum Re: Destruction Of Evidence* (Dkt. #830-2).

     The defendant suspects that he may get sandbagged[1] with respect to his arguments

raised in his *Memorandum Re: Fourth Amendment Violations (re: N.D.Cal. 08-70460-HRL/

PVT)* (Dkt. #830-1) and *Memorandum Re: Destruction Of Evidence* (Dkt. #830-2) based on

the following: (1) the defendant's *Motion To Suppress* was originally not filed properly by his

court-appointed defense members;[2] (2) the defendant's *Memorandum Re: Fourth

Amendment Violations (re: N.D.Cal. 08-70460-HRL/PVT)* (Dkt. #830-1) and *Memorandum

Re: Destruction Of Evidence* were not attached to the defendant's *Motion To Suppress* (Dkt.

#824); (3) the defendant referenced/incorporated and intended to have attached three

separate memorandums to his *Motion To Suppress* (*see* Dkt. #824, p.1) while typically only a

---

1.   By "sandbagged," the defendant means that the government and/or the Court may use
one or more of the herein listed circumstances to justify ignoring the defendant's arguments
raised in his *Memorandum Re: Fourth Amendment Violations (re: N.D.Cal. 08-70460-HRL/
PVT)* (Dkt. #830-1) and *Memorandum Re: Destruction Of Evidence* (Dkt. #830-2), which
were fully incorporated into the defendant's *Motion To Suppress* (Dkt. #824, p. 1).

2.   *See Explanation And Apology To The Court* (Dkt. #825), filed by shadow counsel
Philip Counsel.

single memorandum is attached to any given motion;[3] and (4) neither the Court (*see* Dkt. #844) nor the government (*see* Dkt. #850) have acknowledged the defendant's other two extremely important memorandums (*see* Dkt. #830-1 and #830-2) which were finished on time, as was his entire *Motion To Suppress*, even though they were not filed by June 1, 2012 by the defendant's court-appointed defense members.[4]  Because the defendant suspects that he may get sandbagged with respect to his very important arguments raised in his *Memorandum Re: Fourth Amendment Violations (re: N.D.Cal. 08-70460-HRL/PVT)* (Dkt. #830-1) and *Memorandum Re: Destruction Of Evidence* (Dkt. #830-2), the defendant is refiling each memorandum with each attached to its own separate motion to suppress evidence.  This motion is the defendant's *Motion To Suppress Evidence Relating To N.D.Cal. 08-70460-HRL/PVT Warrant* and incorporates the attached *Memorandum Re: Fourth Amendment Violations (re: N.D.Cal. 08-70460-HRL/PVT)*, which is identical to the memorandum placed on the record at Dkt. #830-1.

* * * * *

Based on the points and authorities set forth herein and in the above referenced and incorporated memorandum, the defendant respectfully requests that this motion be granted and that all relevant evidence be suppressed.  However, if the Court is entertaining the defendant's *Motion To Suppress* (Dkt. #824) in the context of the defendant's identical arguments already placed on the record via the *Memorandum Re: Fourth Amendment Violations (re: N.D.Cal. 08-70460-HRL/PVT)* at Dkt. #830-1, the defendant respectfully requests that the Court issue the attached order denying this motion as moot.

This motion and all attachments were drafted and prepared by the *pro se* defendant, however, he authorizes his shadow counsel, Philip Seplow, to file this motion on his behalf using the ECF system.  The defendant is appearing *pro se* and has never attended law school.

3.    Regardless of how unorthodox the defendant's filing may be, the Supreme Court requires that the defendant's filings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.  *See* Haines v. Kerner, 404 U.S. 519, 520 (1972).

4.    The detained defendant cannot file his own motions because he does not have access to the Internet or a PACER account.  Likewise, the defendant does not have access to a printer to print and file motions by mail.

MOTION TO SUPPRESS EVIDENCE RELATING TO N.D.Cal. 08-70460-HRL/PVT WARRANT
*CR08-814-PHX-DGC*

The defendant's filings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *See* <u>Haines</u>, 404 U.S. at 520.

LRCrim 12.2(a) requires that the undersigned include the following statement in all motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or of an order based thereon."

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

*MOTION TO SUPPRESS EVIDENCE RELATING TO N.D.Cal. 08-70460-HRL/PVT WARRANT*
*CR08-814-PHX-DGC*

Respectfully Submitted:

PHILP SEPLOW, Shadow Counsel, on
behalf of DANIEL DAVID RIGMAIDEN,
Pro Se Defendant:


s/ Philip Seplow
Philip Seplow
Shadow Counsel for Defendant.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**CERTIFICATE OF SERVICE**

I hereby certify that on:                          I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

*MOTION TO SUPPRESS EVIDENCE RELATING TO N.D.Cal. 08-70460-HRL/PVT WARRANT*
*CR08-814-PHX-DGC*