1 | Daniel Rigmaiden
Agency # 10966111
2 | CCA-CADC
PO Box 6300
3 | Florence, AZ 85132
Telephone: none
4 | Email: none

5 | Daniel David Rigmaiden
Pro Se, Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR08-814-PHX-DGC |
|---|---|
| Plaintiff, | MOTION FOR LEAVE TO FILE MOTION FOR DISCOVERY RE: DIGITAL EVIDENCE SEARCH OR, IN THE ALTERNATIVE, TO DISMISS THE CASE WITH PREJUDICE |
| v. | |
| Daniel David Rigmaiden, et al., | |
| Defendant. | |

Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this *Motion For Leave To File Motion For Disclosure RE: Digital Evidence Search Or, In The Alternative, To Dismiss The Case With Prejudice*. Through this motion, the defendant respectfully requests that the Court permit him to file the attached *Motion For Disclosure RE: Digital Evidence Search*. The Court previously noted in its January 4, 2012 order that it "will not entertain further discovery motions."[1] After the Court issued its January 4, 2012 order, and before the defendant filed his *Motion To Suppress* (Dkt. #824) and related memorandums (Dkt. #824 and #830), the defendant filed no additional discovery motions and made no additional discovery requests. However, after filing Dkt. #824 and #830, the government provided additional evidence to the defendant that changed the facts of the case and the defendant's arguments with respect to the government's search/seizure of digital data. *See First Supplement To Motion To Suppress RE: Search And Seizure Of Digital Evidence*

---

1. *January 4, 2012 Court Order*, p. 30 (Dkt. #723, p. 30).

- 1 -

*Under N.D.Cal. Warrants*.[2]  Based on the June 21, 2012 disclosure, the defendant had reason to and did make a new discovery request for production of similar evidence.  The defendant made the new discovery request via an emailed letter dated July 5, 2012.  The government ignored the defendant's July 5, 2012 discovery request.

If the defendant is not permitted to file the attached *Motion For Disclosure RE: Digital Evidence Search*, the government will gain a tactical advantage with respect to alleged Fourth Amendment violations relating to exploratory rummaging through forensic images of seized data storage devices.  Because the Court previously decided to not entertain further discovery motions, the government currently has a free pass to ignore all valid discovery requests made by the defendant.  The discovery requested in the attached *Motion For Disclosure RE: Digital Evidence Search* could not have been requested prior to January 4, 2012 because the government did not inform the defendant of relevant facts until June 21, 2012.  *See id*; *see also First Supplement To Motion To Suppress RE: Search And Seizure Of Digital Evidence Under N.D.Cal. Warrants*.  If the Court decides to stick to its prior January 4, 2012 decision to not entertain further discovery motions, the defendant requests the alternative relief of dismissal of the case with prejudice for the resulting due process violation and violation of Fed. R. Crim. P., Rule 16 *et seq*.  *See* United States v. Gamez-Orduno, 235 F.3d 453, 461 (9th Cir. 2000).

For the reasons stated above, the defendant respectfully requests that the Court grant the defendant's request for leave to file his *Motion For Disclosure RE: Digital Evidence Search* or, in the alternative, dismiss the case with prejudice.

This motion and all attachments were drafted and prepared by the *pro se* defendant, however, he authorizes his shadow counsel, Philip Seplow, to file this motion and all attachments on his behalf using the ECF system.  The defendant is appearing *pro se* and has never attended law school.  The defendant's filings, however inartfully pleaded, must be

---

2.   The defendant does not have a docket number to cite for his *First Supplement To Motion To Suppress RE: Search And Seizure Of Digital Evidence Under N.D.Cal. Warrants* considering it is being filed by the defendant's shadow counsel's office at the same time this motion is filed.

- 2 -

1 liberally construed and held to less stringent standards than formal pleadings drafted by
2 lawyers.  *See* <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).
3    LRCrim 12.2(a) requires that the undersigned include the following statement in all
4 motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this
5 motion of of an order based thereon."
6 ///
7 ///
8 ///
9 ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

*MOTION FOR LEAVE TO FILE MOTION FOR DISCOVERY RE: DIGITAL EVIDENCE SEARCH OR, IN THE ALTERNATIVE, TO DISMISS THE CASE WITH PREJUDICE*
*CR08-814-PHX-DGC*

1 | Respectfully Submitted:

PHILP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Defendant:

s/ Philip Seplow
Philip Seplow
Shadow Counsel for Defendant.

9 | ///
10 | ///
11 | ///
12 | ///
13 | ///
14 | ///
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

*MOTION FOR LEAVE TO FILE MOTION FOR DISCOVERY RE: DIGITAL EVIDENCE SEARCH OR, IN THE ALTERNATIVE, TO DISMISS THE CASE WITH PREJUDICE*
*CR08-814-PHX-DGC*

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on:                           I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))