1  Daniel Rigmaiden
   Agency # 10966111
2  CCA-CADC
   PO Box 6300
3  Florence, AZ 85132
   Telephone: none
4  Email: none

5  Daniel David Rigmaiden
   Pro Se, Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR08-814-PHX-DGC |
| Plaintiff, | MOTION FOR DISCOVERY RE: DIGITAL EVIDENCE SEARCH |
| v. | |
| Daniel David Rigmaiden, et al., | |
| Defendant. | |

Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this *Motion For Disclosure RE: Digital Evidence Search*. The defendant is filing this motion to request that the Court order the government to provide the additional discovery the defendant requested from the government after he filed of his *Motion To Suppress* (Dkt. #824), and incorporated *Memorandum Re: Fourth Amendment Violations (re: N.D.Cal. 08-70460-HRL/ PVT)* (Dkt. #830-1), regarding seizure of digital evidence from physical data storage devices seized from 431 El Camino Real, Apartment No. 1122, Santa Clara, CA 95050 (hereafter "apartment No. 1122"). On June 21, 2012, after the defendant filed Dkt. #824 and #830, the government provided the defendant with new discovery relevant to the government's exploratory rummaging through data storage devices seized from apartment No. 1122 and storage unit No. A-47. The new discovery changed the facts of the case and the defendant's arguments with respect to the government's search/seizure of digital data. Based on the June 21, 2012 disclosure, the defendant had reason to and did make a new discovery request for

- 1 -

production of similar evidence.  The defendant made the new discovery request via an emailed letter dated July 5, 2012.[1]  The government failed to acknowledge the defendant's July 5, 2012 discovery request and has provided no additional evidence.[2]  The defendant is filing this motion pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>United States v. Gamez-Orduno</u>, 235 F.3d 453, 461 (9th Cir. 2000), and Fed. R. Crim. P. 16(a)(1)(E) *et seq.*, and (a)(1)(F) *et seq*.  By failing to obtain and disclose the requested evidence—all of which is *Brady* material—the government is violating the defendant's Fifth Amendment due process rights and statutory rights under Rule 16 of the Federal Rules of Criminal Procedure.  Pursuant to LRCiv 7.1(d)(2) when referenced through LRCrim 12.1, the defendant hereby incorporates by reference his *First Supplement To Motion To Suppress RE: Search And Seizure Of Digital Evidence Under N.D.Cal. Warrants*[3] and all exhibits referenced therein.

**I.     Local Rules Of Civil Procedure, 37.1 requirements.**

LRCiv 37.1, *referenced through* LRCiv 7.2(k) *when referenced through* LRCrim 12.1, requires the defendant to include with the accompanying discovery motion three separate, distinct, numbered paragraphs addressing the following:

> (1) the question propounded, the interrogatory submitted, the designation requested or the inspection requested;
>
> (2) the answer, designation or response received; and
>
> (3) the reason(s) why said answer, designation or response is deficient.

LRCiv 37.1(a) *et seq*.

However, LRCiv 37.1(b) states that "[t]he foregoing requirement shall not apply where there has been a complete and total failure to respond to a discovery request or set of discovery

---

1.   *See* July 5, 2012 discovery request letter from Daniel Rigmaiden to AUSA Frederick A. Battista; (ATTACHMENT 02).

2.   *See* the defendant's Statement Pursuant To LRCiv 7.2(j); (ATTACHMENT 01).

3.   The defendant does not have a docket number to cite for his *First Supplement To Motion To Suppress RE: Search And Seizure Of Digital Evidence Under N.D.Cal. Warrants* considering it is being filed by the defendant's shadow counsel's office at the same time this motion is filed.

requests." *Id*. Considering the government has not responded to the defendant's new discovery requests, he is not required to follow LRCiv 37.1(a) *et seq*.

### II.  The defendant's unanswered/ignored discovery requests.

The new evidence provided to the defendant by the government on June 21, 2012 drastically changed the facts of the case and thus drastically changed the defendant's arguments. Based on the June 21, 2012 evidence, the defendant filed his *First Supplement To Motion To Suppress RE: Search And Seizure Of Digital Evidence Under N.D.Cal. Warrants* wherein he submitted supplemental, corrected, and superseded facts and arguments with respect to the government's seizure of digital data under the N.D.Cal. 08-70460-HRL/PVT and N.D.Cal. 08-70502-PVT warrants. In the supplemental filing, the defendant applied the June 21, 2012 evidence to his prior "fishing exhibition / wholesale suppression" argument and also raised two new arguments relating to a lack of probable cause and technical violations of the noted warrants. *See id*. Because the success of the defendant's "fishing exhibition / wholesale suppression" argument depends on the severity of the government's exploratory rummaging, and because the success of the defendant's "technical violations" argument could perceivably depend on the degree of prejudice to the defendant, the government's production of additional evidence is merited. The facts and arguments contained in the defendant's *First Supplement To Motion To Suppress RE: Search And Seizure Of Digital Evidence Under N.D.Cal. Warrants*, which are incorporated into this motion by reference above, support the defendant's request for additional discovery.

The defendant requested the following from the government:

1.  All evidence relating to government agents/actors providing (and when/where they were provided) data originating from seized physical data storage devices to other government agents/actors—regardless of whether the government agents/actors are federal or state and regardless of whether the government agents/actors are involved in investigations relating to CR08-814-PHX-DGC or to other cases and/or investigations not resulting in charges/cases.[4]

---

4.   Determining what digital data was searched/seized and when it was searched/seized

- 3 -

2.   All evidence relating to government agents/actors providing (and when/where they were provided) data originating from seized physical data storage devices to defendants and their attorneys in case Nos. CR08-814-PHX-DGC, CR08-312-PHX-JAT, and in all other federal and state cases.[5]

3.   All evidence relating to government agents/actors accessing (and when/where they were accessed) virtual machine clones originating from seized physical data storage devices.[6]

Based on the points and authorities set forth above, the defendant respectfully requests that the Court order the government to disclose to the defense the evidence listed at Nos. 1 through 3 above.

This motion and all attachments were drafted and prepared by the *pro se* defendant, however, he authorizes his shadow counsel, Philip Seplow, to file this motion on his behalf using the ECF system. The defendant is appearing *pro se* and has never attended law school. The defendant's filings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *See* Haines v. Kerner, 404 U.S. 519, 520 (1972).

LRCrim 12.2(a) requires that the undersigned include the following statement in all

---

will allow for the defendant to determine precisely what evidence was seized within the 30-day search window and precisely what evidence was seized beyond the 30-day search window. A detailed analysis of the data searches/seizures will provide additional facts in support of the defendant's exploratory rummaging argument and will also allow for the defendant to establish a time line of data seizures for the purpose of examining the issue of taint if the Court decides to only suppress evidence seized (*i.e.,* isolated within the scope of relevant warrants) after the 30-day search window expiration date.

5.   Considering the relevant data storage devices "actually contain many more files than those that fall within the parameters of the Search Warrant and its attachments[,]" *see* Dkt. #863-1, EXHIBIT 01, the government sharing private data with non-government third-parties will support a claim of further privacy violations and thus further government misconduct. Additional government misconduct would lend more towards an unreasonable search and thus benefit the defendant's arguments.

6.   As explained in the defendant's *First Supplement To Motion To Suppress RE: Search And Seizure Of Digital Evidence Under N.D.Cal. Warrants*, in addition to the forensic data images as a whole, the case agents continued to access the virtual machines—which are clones of the entire seized computer system and storage devices—for more than a year after the date of the relevant physical searches. Evidence of additional protracted searching by government actors will support the defendant's "fishing exhibition / wholesale suppression" argument and "technical violations" argument.

- 4 -

1  motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this
2  motion or of an order based thereon."
3  ///
4  ///
5  ///
6  ///
7  ///
8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

*MOTION FOR DISCOVERY RE: DIGITAL EVIDENCE SEARCH*
*CR08-814-PHX-DGC*

- 5 -

1  Respectfully Submitted:

3  PHILP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Defendant:

6  s/ Philip Seplow
Philip Seplow
Shadow Counsel for Defendant.

9  ///
10  ///
11  ///
12  ///
13  ///
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

*MOTION FOR DISCOVERY RE: DIGITAL EVIDENCE SEARCH*
*CR08-814-PHX-DGC*

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that on: _____ I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

*MOTION FOR DISCOVERY RE: DIGITAL EVIDENCE SEARCH*
*CR08-814-PHX-DGC*