Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

United States of America,

     Plaintiff,

v.

Daniel David Rigmaiden, et al.,

     Defendant.

No. CR08-814-PHX-DGC

SUPPLEMENT TO MOTION FOR
DISCOVERY RE: DIGITAL EVIDENCE
SEARCH

Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits *Supplement To Motion For Disclosure RE: Digital Evidence Search*.  The defendant previously filed *Motion For Disclosure RE: Digital Evidence Search* (Dkt. #868 and #869) wherein he requested that the Court order the government to provide the additional evidence he requested via a letter sent to the government on July 5, 2012.  *See* Dkt. #869-2 (copy of discovery request letter redacted to show categories of discovery relevant to motion).  However, in the actual motion (Dkt. #869) the defendant neglected to list one of the four categories of discovery he requested in his letter.  Although the motion did not list one of the relevant categories, the copy of the letter placed on the record (Dkt. #869-2) was redacted to show all four categories as being relevant to the the defendant's *Motion For Disclosure RE: Digital Evidence Search*.  The category the defendant neglected to list in the motion is as follows:

     Please provide me with all evidence relating to government actors accessing

(and when/where they were accessed) data and/or copies of data originating from physical data storage devices seized from (1) 431 El Camino Real, Apartment No. 1122, Santa Clara, CA 95050, and (2) storage unit No. A-47, CBD Indoor Mini, 570 Cinnabar Street, San Jose, California 95110 (hereafter collectively "seized physical data storage devices ").

*July 5, 2012 discovery request letter*, p. 2 (Dkt. #869-2, p. 3).

Therefore, the defendant is supplementing Dkt. #869 to requests that the Court order the government to disclose the above category of discovery along with the three previously listed categories at Dkt. #869.  The letter attached at Dkt. #869-2 reflects the defendant's original intention.  The points and authorities in support of the defendant's request for disclosure of the above category of evidence are the same as are listed at Dkt. #869 and incorporated filings.  Specifically, the N.D.Cal. warrants state that "the government must make all reasonable efforts to use methods and procedures that will locate and expose only those categories of files, documents, or other electronically stored information that are identified with particularity in the warrant..."  *E.g.*, Dkt. #566-2, p. 17.  By knowing precisely what files each government agent looked at, the defendant will be able to identify those files viewed by agents that are beyond the scope of the relevant warrants.  *See* United States v. Fu-Tain Lu, No. CR-09-00341 RMW, Doc. No. 112, p. 5 (N.D.Cal., Sept. 16, 2010) (Denying motion to suppress "without prejudice to reconsideration if the defense discovers that the Government did a search of the mirror images that was not reasonably designed to find only documents, files or data described in the warrant[.]").  In *Fu-Tain Lu*, the "court f[ound] that the defense is entitled to know what documents and files the government **looked at** in the search of the mirror images."  *Id.*, Doc. No. 112, p. 4 (emphasis added).  Therefore, the defendant in the present case has a right to know what all agents **looked at**, even if what was looked at was not copied to IRS-CI Agent Daun's DVDs and CD.[1]

This supplement was drafted and prepared by the *pro se* defendant, however, he authorizes his shadow counsel, Philip Seplow, to file this supplement on his behalf using the

---

1.  *See Third Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues*, EXHIBIT 01 (Dkt. #863-1) ("Computer Forensic Report" by IRS-CI Agent Daun referencing a set of DVDs and CD upon which she copied some of the seized data).

1   ECF system.  The defendant is appearing *pro se* and has never attended law school.  The

2   defendant's filings, however inartfully pleaded, must be liberally construed and held to less

3   stringent standards than formal pleadings drafted by lawyers.  *See* <u>Haines v. Kerner</u>, 404 U.S.

4   519, 520 (1972).

5          It is not expected that excludable delay under 18 U.S.C. § 3161(h) will occur as a

6   result of this supplement.

7   ///

8   ///

9   ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

*SUPPLEMENT TO*
*MOTION FOR DISCOVERY RE: DIGITAL EVIDENCE SEARCH*
*CR08-814-PHX-DGC*

Respectfully Submitted:

PHILP SEPLOW, Shadow Counsel, on
behalf of DANIEL DAVID RIGMAIDEN,
Pro Se Defendant:


s/ Philip Seplow
Philip Seplow
Shadow Counsel for Defendant.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

SUPPLEMENT TO
MOTION FOR DISCOVERY RE: DIGITAL EVIDENCE SEARCH
CR08-814-PHX-DGC

**CERTIFICATE OF SERVICE**

    I hereby certify that on:                     I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:


Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

*SUPPLEMENT TO*
*MOTION FOR DISCOVERY RE: DIGITAL EVIDENCE SEARCH*
*CR08-814-PHX-DGC*