<u>DECLARATION UNDER PENALTY OF PERJURY</u>

RE:  Daniel Rigmaiden's storage unit was unit No. A-47 at CBD Indoor Mini Storage, 570 Cinnabar Street, San Jose, California 95110;

BY:  Daniel David Rigmaiden

---

I, Daniel David Rigmaiden, declare[1] the following:

1.     From June 28, 2007 through October 1, 2008, I rented storage unit No. A-47 at CBD Indoor Mini Storage, 570 Cinnabar Street, San Jose, California 95110.  Using my alter ego of Daniel Aldrich, I rented storage unit No. A-47 in person by visiting the CBD rental office.  I paid the rent for the storage unit throughout the duration of my rental period.  I was not able to continue paying the rent after my arrest on August 3, 2008.  However, as of August 3, 2008, I was paid up until October 1, 2008.  Attached to this declaration is a copy of the rental agreement for storage unit No. A-47 (<u>ATTACHMENT 01</u>).

2.     When I rented storage unit No. A-47, I used the name Daniel Aldrich, driver license No. D7113902, date of birth September 10, 1980, and social security No. 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.  The name, driver license number, date of birth, and social security number were all invented by me.  The driver license number and social security number were random numbers following the established format for California ID numbers and social security numbers respectively.  The driver license I used to rent storage unit No. A-47 shows my picture.  CBD staff photocopied the driver license and attached the copy to my rental file.

3.     I always interacted with management at CBD as my alter ego of Daniel Aldrich. I paid my rent to CBD management using my own physical cash.  Throughout my rental period, management never attempted to evict me or repossess the storage unit.

4.     During my rental period, I had exclusive use of and complete control over storage

---

1.     This declaration is being submitted under the protections of *Simmons*.  *See* <u>Simmons v. United States</u>, 390 U.S. 377, 394 (1968) (Holding that "when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection.").  I object to the government attempting to introduce this declaration as evidence at trial.

DECLARATION UNDER PENALTY OF PERJURY

RE:  Daniel Rigmaiden's storage unit was unit No. A-47 at CBD Indoor Mini Storage, 570
      Cinnabar Street, San Jose, California 95110;
BY:  Daniel David Rigmaiden

---

unit No. A-47.  I was the only person who knew the combination to the padlock used to secure

the unit.  I never once let anyone use my storage unit.

     5.     During my rental period, I kept personal belongings in my storage unit such as a

mattress, computer equipment such as hard drives, documents, pictures, clothing, and a ceiling

fan.  Additionally, the return for the warrant used to search my storage unit (N.D.Cal. 08-

70502-PVT) accurately reflects some of the belongings I had stored in the unit.  The return is

attached to this declaration (ATTACHMENT 02).  Note: return redacted for privacy.

* * * * *

     6.     I declare, certify, verify, and state under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct to the best of my knowledge,

except as to those matters which are therein stated on information and belief, and, as to those

matters, I believe it to be true.  *See* 28 U.S.C. § 1746 ("Wherever... any matter is required or

permitted to be supported, evidenced, established, or proved by the sworn... affidavit, in writing

of the person making the same [], such matter may, with like force and effect, be supported,

evidenced, established, or proved by the unsworn declaration..., in writing of such person

which is subscribed by him, as true under penalty of perjury, and dated..."); 18 U.S.C. § 1621

("Whoever... in any declaration... under penalty of perjury as permitted under section 1746 of

title 28, United States Code, willfully subscribes as true any material matter which he does not

believe to be true... is guilty of perjury and shall, except as otherwise expressly provided by

law, be fined under this title or imprisoned not more than five years, or both....").

///

<u>DECLARATION UNDER PENALTY OF PERJURY</u>

RE: Daniel Rigmaiden's storage unit was unit No. A-47 at CBD Indoor Mini Storage, 570
Cinnabar Street, San Jose, California 95110;

BY: Daniel David Rigmaiden

---

Executed on _September 28, 2012_, in Florence, Arizona, United States of America.

Daniel David Rigmaiden

Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

- Page # 3 of 3 -

DECLARATION UNDER PENALTY OF PERJURY
*Daniel Rigmaiden's storage unit was unit No. A-47 at CBD Indoor Mini*
*Storage, 570 Cinnabar Street, San Jose, California 95110*

By Daniel Rigmaiden

ATTACHMENT 01

Rental Agreements &
Related Documents

# CBD INDOOR MINI STORAGE RENTAL AGREEMENT

A47

THIS AGREEMENT is executed in duplicate this **28th** day of **June** 20 **07** by and between CBD INDOOR MINI STORAGE (Landlord)

and **Daniel Aldrich** (Occupant)

whose address is set forth below, for the purpose of renting that certain space being described as Number **A47**, Size being approximately **5 x 10**, located within that certain self-storage facility located at 570 Cinnabar Street, San Jose, California, 95110, (408-292-4600) hereinafter referred to as the "premises", "storage space" or "unit" on the following terms and conditions:

1. **TERM:** The term of this tenancy shall commence on **June 28, 2007** and shall continue from the first day of the month immediately following, on a month-to-month basis until terminated as hereinafter provided. The minimum rental term is one (1) month.

2. **RENT AND FEES:** The monthly rent shall be $ **70.00**. Rent is due on the first day of each calendar month, in advance and without demand. Landlord reserves the right to require that rent and other charges be paid in cash, certified check or money order. Landlord may change the monthly rent or other charges by giving Occupant thirty (30) days advanced written notice at the address stated in this agreement. The new rent shall become effective on the next month rent is due. If Occupant has made advanced rental payments, the new rent will be charged against such payments, effective upon giving notice of the new rate. In the event Occupant terminates and vacates within the initial thirty (30) days of this Agreement, the rent shall NOT be prorated. In the event Landlord does not receive the rent as due within ten (10) days after the first day of each and every subsequent month, Occupant agrees to pay Landlord a late fee of fifteen percent (15%) of the monthly rent but not less than $10.00 per unit. Occupant agrees to pay to Landlord a twenty-five dollar ($25.00) returned check fee plus all bank charges for any dishonored check. Landlord does not waive Landlord's right to seek damages as provided by California Civil Code sec. 1719 if Occupant fails to promptly make full payment on any dishonored check. These fees are liquidated damages to compensate Landlord for labor and other costs of collection and are additional rent. Occupant also agrees to pay all lien charges and fees now in effect or put into effect by Landlord.

## NOTICE OF LIEN: PURSUANT TO THE CALIFORNIA SELF-SERVICE STORAGE FACILITY ACT (CALIF. BUSINESS AND PROFESSIONS CODE SECTION 21700 ET SEQ) OCCUPANT'S PROPERTY WILL BE SUBJECT TO A CLAIM OF LIEN FOR UNPAID RENT AND OTHER CHARGES AND MAY EVEN BE SOLD TO SATISFY THE LIEN IF RENT AND OTHER CHARGES DUE REMAIN UNPAID FOR FOURTEEN (14) CONSECUTIVE DAYS.

3. **DEPOSITS:** Occupant agrees to pay, in advance, a security deposit of $ **25.00** upon execution of this agreement. Occupant agrees that Landlord need not segregate this deposit from other funds, and shall no interest shall be paid. The deposit shall be returned to Occupant within fourteen (14) days of vacating the unit provided that the rent is current, the storage space is left clean and lock removed. At Landlord's sole option, all or part of the security deposit may be withheld from the deposit to compensate the Landlord for rent, damage to the storage unit or any other default under this rental agreement.

4. **ACCESS:** Occupant's access to the premises may be conditioned in any manner deemed reasonably necessary by Landlord to maintain order on the premises. Such measures may include, but are not limited to, limiting hours of operation, requiring verification of Occupant's identity, requiring Occupant to sign in and out upon entering and leaving the premises and inspecting vehicles that enter the premises.

5. **PREMISES:** Occupant accepts the space as being in good condition and repair. Occupant will immediately notify Landlord of any defect in the storage space. Occupant will keep the premises in good condition and will pay Landlord for repairs necessary due to negligence or misuse while under Occupant's control.

6. **LANDLORD'S RIGHT TO ENTER:** Occupant grants Landlord's agents, or representatives of any governmental authority access to the storage space upon two (2) days advanced written notice to Occupant mailed to the address provided by Occupant in this agreement. If Occupant fails to respond to such notice, permission shall be implied. In the event of an emergency, or to make necessary repairs, Landlord shall have the right to enter the storage space without notice to Occupant, and take such action to preserve the premises, to comply with applicable law or to enforce Landlord's rights.

7. **TERMINATION:** Thirty (30) days written notice given by Landlord or Occupant to the other party will terminate this tenancy. The actual date of termination shall be the latest of the 30th day of the written notice or the date this Occupant shall personally report to the facility office, personnel that they have vacated the storage space completely. Occupant will request a "Termination Report" to reflect the rent providing, if any, and any security deposit to be refunded. In the event Occupant fails to notify the facility's personnel of vacating the space, Landlord shall estimate the actual date of Occupant's leaving the space and calculate rent prorating accordingly.

8. **NO ASSIGNMENT OR SUBLETTING:** Occupant shall not assign or sublease the storage space without the written permission of the Landlord.

9. **SECURITY OF SPACE/LOCKS:** Occupant shall lock the space upon execution of this rental agreement. Occupant shall provide, at Occupant's own expense, a lock for the space that Occupant deems sufficient to secure the space. Landlord is not responsible for taking any measures whatsoever to secure access to Occupant's space, regardless of whether Occupant's security devices or locks used to secure access to the space are rendered ineffectual for their intended use from any cause, or where the space is rendered insecure in any manner. Further, Landlord is under no duty to notify Occupant that access to the space has become insecure or that any locks or security devices have been rendered ineffectual for their intended purpose from any cause. In the event Landlord takes any measures to re-secure the space to Occupant's space under this paragraph such measures or action shall not constitute a bailment by Landlord or deposit of goods for safekeeping upon Landlord's part nor shall the limitations upon Landlord's liability as set forth in paragraphs 14, 15, 16 or 17 of this Agreement, nor shall any such measures be deemed a conversion of Occupant's property. By placing Occupant's initials here _____, Occupant acknowledges that Occupant has read and understands this Paragraph 9.

10. **NOTICES:** All notices required by this Rental Agreement shall be sent by first class mail postage pre-paid to Occupant's last known address. Notices shall be deemed given when deposited in the United States mail. Occupant agrees that any such notice is conclusively presumed to have been received by Occupant five (5) days after mailing, unless returned to Landlord by the U. S. Postal Service with statutory notices shall be sent as required by law, LANDLORD WILL NOT ACCEPT ANY CHANGES BY TELEPHONE - NO EXCEPTIONS. By placing Occupant initials _____, Occupant acknowledges that Occupant has read and understands this Paragraph 10.

11. **NO ORAL AGREEMENTS:** This Rental Agreement contains the entire Agreement between Landlord and Occupant, and no oral agreements shall be of any effect whatsoever. Occupant agrees that he is not relying, and will not rely, upon oral representation made by Landlord or by Landlord's agents or employees purporting to modify or add to this rental agreement. By placing Occupant initials here _____, Occupant acknowledges that Occupant has read, agrees to and understands this paragraph No. 11.

12. **USE OF STORAGE SPACE:** Landlord is not engaged in the business of storing goods for hire and no bailment is created under this agreement. Landlord exercises neither care, custody or control over Occupant's stored property. Occupant agrees to use the storage space only for the storage of property owned by Occupant. Occupant agrees not to store collectibles, heirlooms, jewelry, works of art or any property having special or sentimental value to Occupant. Occupant waives any claim for emotional or sentimental attachment to the stored property. Occupant agrees not to store perishable items, flammable materials, explosives or other dangerous property. Occupant agrees not to store property with a total value in excess of $10,000.00 without the written permission of Landlord. If such written permission is not obtained, the value of Occupant's property shall be deemed not to exceed $10,000.00. Nothing herein shall constitute any agreement or admission by Landlord that Occupant's stored property has any value, nor shall anything alter the release of Landlord's liability set forth below. By placing Occupant's initials here _____, Occupant acknowledges that Occupant has read and understands this Paragraph 12.

13. **HAZARDOUS OR TOXIC MATERIALS PROHIBITED:** Occupant is strictly prohibited from storing or using any materials in the storage space or in the facility classified as hazardous or toxic under any local, state or federal law or regulation, and from engaging in any activity which produces such materials. Landlord may enter the storage space at any time to remove and dispose of prohibited items at any time after date of discovery.

14. **INSURANCE:** Occupant, at Occupant's expense, shall maintain a policy of fire, extended coverage endorsement, burglary, vandalism and malicious mischief insurance for the actual cash value of stored property. Insurance on Occupant's property is a material condition of this agreement and is for the benefit of both Occupant and Landlord. Failure to carry the require insurance is a breach of this agreement and Occupant assumes all risk of loss to stored property that would be covered by such insurance. Occupant expressly agrees that the insurance company providing such insurance shall not be subrogated to any claim of Occupant against Landlord, Landlord's agent or employees for loss of or damage to stored property. The provisions of this paragraph will not limit Landlord's rights under Paragraph Nos. 15, 16 and 17. By placing Occupant's initials here _____, Occupant acknowledges that Occupant has read and understands this Paragraph 14.

15. **RELEASE OF LANDLORD'S LIABILITY FOR PROPERTY DAMAGE:** All personal property stored within or upon the storage space by Occupant shall be at Occupant's sole risk. Landlord and Landlord's agents and employees shall not be liable for any loss of or damage to any personal property at the self storage facility arising from any cause whatsoever including, but not limited to, burglary, mysterious disappearance, fire, water damage, rodents, Acts of God, the active or passive acts or omissions or negligence of the Landlord, Landlord's agents or employees. By placing Occupant's initials here _____, Occupant acknowledges that Occupant has read and understands this Paragraph 15.

16. **RELEASE OF LANDLORD'S LIABILITY FOR BODILY INJURY:** Landlord, Landlord's agents or employees shall not be liable to Occupant for injury or death as a result of Occupant's use of the storage space or the self storage facility, even if such injury is caused by the active or passive acts or omissions or negligence of the Landlord, Landlord's agent or employees.

17. **INDEMNIFICATION:** Occupant agrees to indemnify, hold harmless and defend Landlord from all claims, demands, actions or causes of action (including attorney's fees and all costs) that are hereinafter brought by others arising out of the Occupant's use of the storage space and common areas, including claims for Landlord's active negligence. By placing Occupant's initials here _____, Occupant acknowledges that Occupant has read, understands and agrees to this Paragraph 17.

18. **PROPERTY LEFT ON PREMISES:** Landlord may dispose of any property left on the premises by Occupant after Occupant has terminated his or her tenancy. Occupant shall be responsible for paying all costs incurred by Landlord in disposing of such property.

19. **WAIVER OF JURY TRIAL:** Landlord and Occupant waive their respective rights to trial by jury of any cause of action, claim, counterclaim or cross complaint in any action brought by either Landlord against Occupant or Occupant against Landlord on any matter arising out of or in any way connected with this rental agreement, Occupant's use or occupancy of the storage space or any claim of bodily injury or property damage or the enforcement of any remedy under any law, statue or regulation. By placing Occupant's initials here _____, Occupant acknowledges that Occupant's has read and understands this Paragraph 19.

20. CHANGE OF ADDRESS: Occupant shall notify Landlord, in writing, of a change of address. The address change shall become effective when acknowledged by Landlord in writing. All notices required by this agreement or by law shall be sent only to the address provided in this agreement or written change delivered by Occupant and acknowledged by Landlord in writing.

21. VALIDITY: If any part of this lease is unenforceable for any reason whatsoever, it shall not affect the balance of the Agreement otherwise found to be valid and enforceable. The captions of this Rental Agreement are for convenience only, and are not a part of this Agreement, and do not in any way limit or amplify the terms or provisions of this Agreement, and shall not have any effect on its interpretation.

22. CHANGE OF TERMS: Landlord may change any of the terms of this rental agreement by giving Occupant thirty (30) days advanced written notice as provided for in the NOTICE paragraph above.

23. TIME: Time is of the essence of this Rental Agreement.

24. NO WARRANTIES: No expressed or implied warranties are given by Landlord, Landlord's agents or employees as to the suitability of the storage space for Occupant's intended use. Landlord disclaims and Occupant waives any implied warranties or suitability or fitness for a particular use.

25. SUCCESSION: All provisions of this Agreement shall inure to the benefit of and be binding on the heirs, executors, administrators, representatives, successors and assigns of the parties hereto.

26. RULES AND REGULATIONS: Landlord has established and posted rules and regulations for the safety, care and cleanliness of the storage space or the preservation of good order on the facility. Occupant agrees to follow all rules and regulations now in effect, or Landlord may put that into effect from time to time.

**DO NOT SIGN THIS AGREEMENT UNTIL YOU HAVE READ IT AND FULLY UNDERSTOOD IT. THIS AGREEMENT LIMITS THE LANDLORD'S LIABILITY FOR LOSS OR DAMAGE TO YOUR STORED PROPERTY. IF YOU HAVE ANY QUESTIONS CONCERNING ITS LEGAL EFFECT, CONSULT YOUR LEGAL ADVISOR.**

IN WITNESS WHEREOF, the parties hereto have executed this Rental Agreement the day, month and year first above written.

CBD INDOOR MINI STORAGE

By: _____
    AUTHORIZED AGENT

OCCUPANT: DANIEL ALDRICH
          NAME (PLEASE PRINT)

SIGNATURE: Daniel Aldrich

ADDRESS: PO BOX 4626

CITY: CHICO          STATE: CA          ZIP: 95928

HOME PHONE #:(408) 224 - 5103          WORK PHONE #:(     )

SOCIAL SECURITY #: 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          DRIVERS LIC #: D7113902

ACCESS LIST: NONE

**ALTERNATE ADDRESSEE:** PLEASE PROVIDE THE NAME AND ADDRESS OF ANOTHER PERSON TO WHOM ANY WRITTEN NOTICES MAY BE MAILED OR OTHERWISE CONTACTED IN YOUR ABSENCE. PLEASE INDICATE IF THIS PERSON IS ALLOWED ACCESS TO YOUR UNIT.

NAME/S: NONE          PHONE #:(     )

ADDRESS: _____          CITY: _____          ST/ZIP: _____

ACCESS TO UNIT (YES or NO): _____

DEPARTMENT OF THE TREASURY
Internal Revenue Service
Criminal Investigation

DENISE MEDRANO
SPECIAL AGENT
86-17633

Office: (480) 503-7341
Fax: (480) 503-7333

1818 East Southern Avenue
Suite 15, Mail Stop 9130-MES
Mesa, AZ 85204

2/19/09 4915





2/19/09 4916

CBD Indoor Mini Storage
570 Cinnabar St
San Jose CA 95110
408-292-4800

**New Contract Receipt**

Customer:

Daniel Aldrich
P. O. Box 4626
Chico, CA 95928

| | |
|---|---|
| Date: | 6/28/2007 |
| Contract: | |
| Effective: | 6/28/2007 |
| Salesperson: | JAM |
| Reference: | 22473 |

Unit(s):   A047                                          $70.00 Monthly Rent

| Date | Unit | Description | Amount | Tax | Balance |
|---|---|---|---|---|---|
| 6/28/2007 | A047 | Security Deposit | $25.00 | $0.00 | $25.00 |
| 6/28/2007 | A047 | Move-In rent charge 6/28 To 7/27 | $70.00 | $0.00 | $95.00 |
| 6/28/2007 | | Payment - Cash | ($244.03) | $0.00 | ($149.03) |
| 7/28/2007 | A047 | Rent Charge 7/28 To 7/31 | $9.03 | $0.00 | ($140.00) |
| 8/1/2007 | A047 | Rent Charge 8/1 To 8/31 | $70.00 | $0.00 | ($70.00) |
| 9/1/2007 | A047 | Rent Charge 9/1 To 9/30 | $70.00 | $0.00 | $0.00 |
| 10/1/2007 | A047 | Rent Charge 10/1 To 10/31 | $70.00 | $0.00 | $70.00 |

Balance:      $70.00

Next payment:      **$70.00**

Due on:   **10/1/2007**

Thank You

2/19/09 4917

CBD Indoor Mini Storage
570 Cinnabar St
San Jose CA 95110
408-292-4800

To:     Daniel Aldrich                         Date:        8/4/2008
        P. O. Box 4626
        Chico, CA 95928

        Address Service Requested

Customer:   Daniel Aldrich

# Customer Ledger

| Date | Unit | Description | Amount | Tax | Balance |
|---|---|---|---|---|---|
| 6/28/2007 | A047 | Unit Movein | $0.00 | | $0.00 |
| 6/28/2007 | A047 | Security Deposit | $25.00 | $0.00 | $25.00 |
| 6/28/2007 | A047 | Move-in rent charge 6/28 To 7/27 | $70.00 | $0.00 | $95.00 |
| 6/28/2007 | | Payment - Cash | ($244.03) | $0.00 | ($149.03) |
| 7/28/2007 | A047 | Rent Charge 7/28 To 7/31 | $9.03 | $0.00 | ($140.00) |
| 8/1/2007 | A047 | Rent Charge 8/1 To 8/31 | $70.00 | $0.00 | ($70.00) |
| 9/1/2007 | A047 | Rent Charge 9/1 To 9/30 | $70.00 | $0.00 | $0.00 |
| 10/1/2007 | A047 | Rent Charge 10/1 To 10/31 | $70.00 | $0.00 | $70.00 |
| 10/1/2007 | | Payment - Cash | ($399.00) | $0.00 | ($329.00) |
| 11/1/2007 | A047 | Rent Charge 11/1 To 11/30 | $70.00 | $0.00 | ($259.00) |
| 12/1/2007 | A047 | Rent Charge 12/1 To 12/31 | $70.00 | $0.00 | ($189.00) |
| 1/1/2008 | A047 | Rent Charge 1/1 To 1/31 | $70.00 | $0.00 | ($119.00) |
| 2/1/2008 | A047 | Rent Charge 2/1 To 2/29 | $70.00 | $0.00 | ($49.00) |
| 3/1/2008 | A047 | Rent Charge 3/1 To 3/31 | $70.00 | $0.00 | $21.00 |
| 3/1/2008 | A047 | Discount  6 Mos. <5%> | ($21.00) | $0.00 | $0.00 |
| 3/13/2008 | | Payment - Cash | ($399.00) | $0.00 | ($399.00) |
| 4/1/2008 | A047 | Rent Charge 4/1 To 4/30 | $70.00 | $0.00 | ($329.00) |
| 5/1/2008 | A047 | Rent Charge 5/1 To 5/31 | $70.00 | $0.00 | ($259.00) |
| 6/1/2008 | A047 | Rent Charge 6/1 To 6/30 | $70.00 | $0.00 | ($189.00) |
| 7/1/2008 | A047 | Rent Charge 7/1 To 7/31 | $70.00 | $0.00 | ($119.00) |
| 8/1/2008 | A047 | Rent Charge 8/1 To 8/31 | $70.00 | $0.00 | ($49.00) |
| 8/4/2008 | | Sale + 8.25% Tax | $10.67 | $0.88 | ($37.45) |
| 8/4/2008 | | Payment - Cash | ($11.55) | $0.00 | ($49.00) |

Balance:   ($49.00)



Page 1

**CBD INDOOR MINI STORAGE**
Payment History and Current Charges Report

Monday
08-04-08

--------------------------------------------------------------------------------

Lease#: 6248                    Status: Active                    Balance as of 08-04-08 is $70.00 advance credit.

--------------------------------------------------------------------------------

Customer...... 6128 -- ALDRICH, DANIEL
Address....... P.O. BOX 4626, CHICO, CA 95928

Unit#..... 1) .A*047*1
Std Rent..    $75.00
SizeCode..    050*1
UnitDesc..    5 X 10 DW

Phone#.......... 408-228-5103          Moved-in Date...... 06-28-07
Ident-No......... XXX-XX-1157           Monthly Rent....... $70.00
License-No....... D7113902              Deposit........... $25.00
# Active Leases.. 1                     Billing-Option.... Y
Other Leases.....                       Delinquent Status..

--------------------------------------------------------------------------------

| Due-date | Due-amt | Pay-date | Amt-Paid | New-Bal | Slmn | Type | Check# | Deposit | Other | Late | Discount | Rent | Tax |
|----------|---------|----------|----------|---------|------|------|--------|---------|-------|------|----------|------|-----|
| 06-28-07 | 95.00 | 06-28-07 | 95.00 | .00 | JAM | CASH | | 25.00 | .00 | .00 | .00 | 70.00 | .00 |
| 07-01-07 | 9.03 | 06-28-07 | 9.03 | .00 | JAM | CASH | | .00 | .00 | .00 | .00 | 9.03 | .00 |
| 08-01-07 | 70.00 | 06-28-07 | 70.00 | .00 | JAM | CASH | | .00 | .00 | .00 | .00 | 70.00 | .00 |
| 09-01-07 | 70.00 | 06-28-07 | 70.00 | .00 | JAM | CASH | | .00 | .00 | .00 | .00 | 70.00 | .00 |
| 10-01-07 | 70.00 | 10-01-07 | 70.00 | .00 | PTK | CASH | | .00 | .00 | .00 | .00 | 70.00 | .00 |
| 11-01-07 | 70.00 | 10-01-07 | 70.00 | .00 | PTK | CASH | | .00 | .00 | .00 | .00 | 70.00 | .00 |
| 12-01-07 | 70.00 | 10-01-07 | 70.00 | .00 | PTK | CASH | | .00 | .00 | .00 | .00 | 70.00 | .00 |
| 01-01-08 | 70.00 | 10-01-07 | 70.00 | .00 | PTK | CASH | | .00 | .00 | .00 | .00 | 70.00 | .00 |
| 02-01-08 | 70.00 | 10-01-07 | 70.00 | .00 | PTK | CASH | | .00 | .00 | .00 | .00 | 70.00 | .00 |
| 03-01-08 | 70.00 | 10-01-07 | 70.00 | .00 | PTK | CASH | | .00 | .00 | .00 | .00 | 70.00 | .00 |
| 03-01-08 | .00 | 10-01-07 | -21.00 | .00 | PTK | CASH | | .00 | .00 | .00 | 21.00 | .00 | .00 |
| 04-01-08 | 70.00 | 03-13-08 | 70.00 | .00 | JW | CASH | | .00 | .00 | .00 | .00 | 70.00 | .00 |
| 05-01-08 | 70.00 | 03-13-08 | 70.00 | .00 | JW | CASH | | .00 | .00 | .00 | .00 | 70.00 | .00 |
| 06-01-08 | 70.00 | 03-13-08 | 70.00 | .00 | JW | CASH | | .00 | .00 | .00 | .00 | 70.00 | .00 |
| 07-01-08 | 70.00 | 03-13-08 | 70.00 | .00 | JW | CASH | | .00 | .00 | .00 | .00 | 70.00 | .00 |
| 08-01-08 | 70.00 | 03-13-08 | 70.00 | .00 | JW | CASH | | .00 | .00 | .00 | .00 | 70.00 | .00 |
| 09-01-08 | 70.00 | 03-13-08 | 70.00 | .00 | JW | CASH | | .00 | .00 | .00 | .00 | 70.00 | .00 |
| 09-01-08 | .00 | 03-13-08 | -21.00 | .00 | JW | CASH | | .00 | .00 | .00 | 21.00 | .00 | .00 |
| 08-04-08 | 11.55 | 08-04-08 | 11.55 | .00 | ADM | CASH | | .00 | 10.67 | .00 | .00 | .00 | .88 |
| 10-01-08 | 70.00 | | | | | | | .00 | .00 | .00 | .00 | 70.00 | .00 |

--------------------------------------------------------------------------------



MON-SAT 8AM-7PM
SUNDAY 10AM-6PM

**JAMES MATHEWS**
Facility Manager

**(408) 292-4800**
Fax **292-4841**

www.cbdindoorstorage.com

570 Cinnabar Street
San Jose, CA 95110

*Near Stockton and Julian*
*Off Montgomery*

2/19/09 4920

DECLARATION UNDER PENALTY OF PERJURY
*Daniel Rigmaiden's storage unit was unit No. A-47 at CBD Indoor Mini*
*Storage, 570 Cinnabar Street, San Jose, California 95110*

By Daniel Rigmaiden

<u>ATTACHMENT 02</u>

# UNITED STATES DISTRICT COURT
## *Northern District of California* FILED

In the Matter of the Search of BY ORDER
(Name, address or brief description of person or property to be searched)
SEALED BY ORDER
OF COURT

Storage Unit No. A-47
Located at:
CBD Indoor Mini
570 Cinnabar Street
San Jose, California 95110

2008 AUG -5 P 3: 13

RICHARD W. WIEKING
**SEARCH WARRANT**
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

**Case Number:**

# 08-70502 PVT

TO:   Internal Revenue Service – Criminal Investigation Special Agent Michael P. Fleischmann and any Authorized Officer of the Internal Revenue Service – Criminal Investigation. An affidavit having been made before me by affiant, Internal Revenue Service – Criminal Investigation Special Agent Michael P. Fleischmann, who has reason to believe that on the premises known as:

### SEE ATTACHMENT A – LOCATION TO BE SEARCHED.

in the Northern District of California, there is now concealed property namely:

### SEE ATTACHMENT B – ITEMS AND PERSON TO BE SEIZED

which is property that constitutes evidence of criminal offenses, or property designed or intended for use, or used as a means to commit criminal offenses, or a person to be arrested (that is, Steven Travis Brawner, a.k.a. Travis Rupard, a.k.a. Patrick Stewart), in violation of 18 U.S.C. § 286, Conspiracy to Defraud the Government; 18 U.S.C. § 287, False, Fictitious or Fraudulent Claims; 18 U.S.C. § 371, Conspiracy; 18 U.S.C. § 1028, Identity Fraud; 18 U.S.C. § 1028A, Aggravated Identify Theft; 18 U.S.C. § 1029, Fraud with Access Devices; 18 U.S.C. § 1030, Computer Abuse and Fraud; 18 U.S.C. § 1341, Mail Fraud; and 18 U.S.C. § 1343, Wire Fraud.

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the property so described is now concealed within the location so described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before ___8/14/08___
Date

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making the search **in the daytime – 6:00 a.m. to 10:00 p.m.** and if the property or person be found there to seize same, leaving a copy of this warrant and receipt for the property taken, and prepare a written inventory of the property seized and promptly return this warrant to <u>United States Magistrate Judge Patricia V. Trumbull</u> as required by law.

___August 4, 2008 4:26 pm___ at
Date and Time Issued

<u>PATRICIA V. TRUMBULL</u>
United States Magistrate Judge

<u>San Jose, California</u>
City and State

___Patricia V. Trumbull___
Signature of Judicial Officer

# RETURN

| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |
|---|---|---|
| August 4, 2008 | August 4, 2008 5:30PM | James Mathews - Facility Manager |

INVENTORY MADE IN THE PRESENCE OF

Denise Medrano

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

See Attached

## CERTIFICATION

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

Subscribed, sworn to, and returned before me this date.

Patricia V. Trimbull

U.S. JUDGE OR MAGISTRATE JUDGE

DATE  8/5/08

Inventory of Property taken



| idence bag | Box | |
|---|---|---|
| 2 | 1 | Birth Certificate · Andrew Glen Johnson |
| 2 | 1 | Certificate of live Birth (3) - Steven Travis Brawner |
| 2 | 1 | 2005, 2006, 2007 Federal Income tax Returns for |
| 2 | 1 | Steven T. Brawner |
| 2 | 1 | |
| 2 | 1 | Passport - Andrew Glen Johnson |
| 2 | 1 | |
| 2 | 1 | |
| 2 | 1 | |
| 2 | 1 | |
| 2 | 1 | |
| 2 | 1 | |
| 2 | 1 | |
| 2 | 1 | |
| 2 | 1 | |
| 2 | 1 | |
| 1 | | |
| 1 | | |
| 2 | 1 | CA DL · Andrew Glen Johnson |
| 2 | 1 | CA DL · Steven Travis Brawner |
| 2 | 1 | CA DL · Steven Travis Brawner |
| 2 | 1 | CA DL - Steven Travis Brawner |
| 2 | 1 | |
| 2 | 1 | |
| 2 | 1 | |

idence  Bag
ag
2    1
2    1
2    1
2    1
2    1
2    1
2    1    Student Access Card-
2    1         Steven Brauner
2    1              College student ID - Andrew Johnson
2    1    The          Card - Daniel Aldrich
2    1
2    1
4    1
4    1
     2
4    1
     2    Portable Harddrive
8    1    Hand written correspondence
3    1    typed correspondence
3    1    letters/correspondence to Steven Brauner
3    1    Financial Documents for Steven Brauner
3    1                        w/ name of Daniel Aldrich
3    1    Correspondence to Andrew Johnson
3    1    Pictures
4    1    Domicilio Rental Docs.

om  Repeat/Dup
    Duplicate
4    1