1  Daniel Rigmaiden
   Agency # 10966111
2  CCA-CADC
   PO Box 6300
3  Florence, AZ 85132
   Telephone: none
4  Email: none

5  Daniel David Rigmaiden
   Pro Se, Defendant
6

7                    UNITED STATES DISTRICT COURT

8                         DISTRICT OF ARIZONA

9

10  United States of America,              No. CR08-814-PHX-DGC

11          Plaintiff,                      MOTION FOR LEAVE TO PLACE
                                            ADDITIONAL EVIDENCE ON THE
12  v.                                      RECORD RESPONSIVE TO
                                            GOVERNMENT CLAIMS CONTAINED
13  Daniel David Rigmaiden, et al.,         IN RESPONSE TO MOTION TO
                                            SUPPRESS
14          Defendant.

15

16          Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits *Motion*

17  *For Leave To Place Additional Evidence On The Record Responsive To Government Claims*

18  *Contained In Response To Motion To Suppress*.  Through this motion, the defendant

19  respectfully requests that the Court permit him to file his proposed *Fourth Submission Of*

20  *Consolidated Exhibits Relating To Discovery And Suppression Issues* submitted in support of

21  the defendant's *Reply To Government's Response To Defendant's Motion To Suppress*.[1]  The

22  Court previously noted that "reply memoranda are not the place for new evidence, and the

23  Court routinely disregards evidence presented for the first time in a reply."[2]  However, the

24  defendant has a list of very good reasons as to why the Court should make an exception and

25  consider the additional exhibits presented by the defendant.  As explained in the subsections

26  ─────────────────────────────
    1.      The instant motion is not being used to present additional suppression arguments to
27  the Court.  Any suppression argument briefly referenced in this motion is already fully
    articulated in the defendant's *Reply To Government's Response To Defendant's Motion To*
    *Suppress*, which is no greater than the authorized 50 pages.

28  2.      *September 4, 2012 Court Order* (Dkt. #879, p. 1)

                                      - 1 -

below, it would be manifest injustice to not consider the exhibits considering they solely act to rebut untruthful and/or unsubstantiated factual claims made by the prosecution in *Government's Response To Defendant's Motion To Suppress* (Dkt. #873). The defendant's reply is a pure *Refutation* that only addresses the very specific points raised by the government at Dkt. #873. The defendant is not relying upon any exhibit to make new arguments or to support old arguments. The only alternative to considering the defendant's new exhibits is to hear many days of testimony by additional witnesses—many of whom would need to fly in from California[3]—in order to establish the same facts that are already established by the additional exhibits.

In its response at Dkt. #873, the government capitalized on the fact that the Court "routinely disregards evidence presented for the first time in a reply[]"[4] by making a series of brand new untruthful and unsubstantiated claims of which the defendant has no way to effectively rebut without presenting additional evidence for the first time in his reply. Some of the government's new claims are relevant to the Fourth Amendment analysis and necessitate additional evidence reflective of the truth. However, the government also used page Nos. 1-38 of Dkt. #873 to launch an unsubstantiated character attack against the defendant holding no relevance to the Fourth Amendment issues. The government's otherwise irrelevant character attack acts to poison the jury pool, bait the press towards negative coverage, and otherwise taint the defendant's chances at a fair trial.

In order to effectively rebut the government's untruthful and unsubstantiated claims, the defendant requests that his new exhibits be considered by the Court in the context of the defendant's *Reply To Government's Response To Defendant's Motion To Suppress*. The following subsections categorize the 24 new exhibits attached to *Fourth Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues* and explain why they are necessary to rebut the specific untruthful and/or unsubstantiated claims made by the

---

3.   *See Motion Requesting Evidentiary Hearing To Settle Contested Issues Of Fact Going To Validity Of Fourth Amendment Searches And Seizures*. The docket number for the above named motion is unavailable for inclusion here considering it is being filed by the defendant's shadow counsel's office at the same time of the instant motion.

4.   *September 4, 2012 Court Order* (Dkt. #879, p. 1).

1  government at Dkt. #873.

MOTION FOR LEAVE TO PLACE ADDITIONAL EVIDENCE ON THE RECORD RESPONSIVE TO
GOVERNMENT CLAIMS CONTAINED IN RESPONSE TO MOTION TO SUPPRESS
CR08-814-PHX-DGC

2  **A.   Exhibit Nos. 01, 02, 03, 04, 05, 06, 07, 08, 09, 10, and 11 are needed
3  to rebut the government's attack on the defendant's character.**

4      The government's attack on the defendant's character is on page Nos. 1-38 of Dkt.

5  #873.  Instead of addressing the relevant facts, the government went to great efforts to paint

6  the defendant as a bad person.  The government's allegations involved rogue and treasonous

7  U.S. intelligence agents, a U.S. government instigated civil war, threats of violence,

8  weapons, missiles, robot assassins, and the defendant being the leader/organizer of the

9  alleged scheme.  Although the government's accusations are entirely irrelevant to the Fourth

10  Amendment issues being presented to the Court,[5] the government using page Nos. 1-38 of

11  its response as a forum to attack the defendant's character acts to poison the jury pool, bait

12  the press towards negative coverage, and otherwise taint the defendant's chances at a fair

13  trial.  The defendant should be permitted to defend himself against these libelous assertions

14  made by the government by presenting a small list of rebuttal evidence from the

15  government's own discovery—evidence the government seemingly ignores.

16      The government's stategy at Dkt. #873 is a continuation of what former United States

17  Attorney Dennis Burke[6] began in 2010 with the USDOJ making the false claim that the

18  defendant was a "self-described California-based 'Hacker'"—a claim the prosecution now

19  admits was a lie.[7]  By allowing the defendant to present evidence rebutting the

20  _____

5.    If the Court disagrees, however, then the defendant's new exhibits addressed in this
21  subsection should be considered under the alternative theory that his rebuttal to the
government's "bad guy" allegations is relevant to the Fourth Amendment analysis.

22  6.    United States Attorney Dennis Burke was forced into resignation by the Obama
administration for his misconduct associated with the ATF's "Operation Fast and Furious"—a
23  botched federal investigation now perpetuating ongoing murders at the muzzle of USDOJ
supplied firearms.

24
7.    *See* U.S. Attorney's Office, District of Arizona, *press release No. 2010-060
25  (Rigmaiden, et al.)*, "'Hacker' Indicted In Massive Tax, Mail, And Wire Fraud Scheme,"
*available at* http://www.justice.gov/criminal/cybercrime/rigmaidenIndict.pdf (last accessed:
26  Feb. 15, 2011) (containing libelous "self-described California-based 'Hacker'" claim);
*Second Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues*,
27  EXHIBIT 001 (Dkt. #821-1) (prosecution claiming that the defendant never referred to
himself as a "self-described Hacker" and that the statement in the press release was
28  "inartfully drafted"); *Government's Response To Defendant's Motion To Suppress* (Dkt. #873,
p. 2, fn. 1) ("There is no known evidence that defendant ever personally referred to himself

government's character attack at Dkt. #873,[8] the defendant will at least have something on the record to contrast the government's new false claims in the event that potential jurors are once again exposed to the product of the government's unethical prosecution strategy.  In 2010, many reporters took the government's bait and repeatedly referred to the defendant as a "self-described Hacker" in widely available news articles covering the case at the time.

The exhibits relevant to this section are EXHIBIT 01 through EXHIBIT 11 attached to the defendant's *Fourth Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues*.  The noted exhibits are referenced and relied upon in the defendant's *Reply To Government's Response To Defendant's Motion To Suppress*, Section I(A), hereby incorporated into this motion be reference.

### B. Exhibit Nos. 12 and 13 are needed to rebut the government's inference that the search of the defendant's key and keyhole was a "search incident to arrest."

On page No. 63 of Dkt. #873, the government attempted to combine a search and seizure made by Santa Clara police officers incident to the defendant's arrest with a separate seizure of the defendant's keys made by a federal agent.  In support if its argument, the government made the factual claim that, at the time of the defendant's arrest, "[a] third federal agent was summoned to the scene from the nearby apartment complex.  The third agent took the keys which had been seized incident to arrest and went back to the subject apartment." *Id.* at 34.  In order to show that the seizure of the keys made by a federal agent was separate from the search incident to arrest, the defendant is presenting EXHIBIT 13 showing how far away from the Domicilio apartment complex the defendant was arrested and EXHIBIT 12 showing that the defendant was already subdued, demobilized, and in custody at the time of the federal agent seizure of the keys.

The exhibits relevant to this section are EXHIBIT 12 and EXHIBIT 13 attached to the

a[s] the 'Hacker[,]'" as was claimed in the government's USDOJ press release.).

8.      Even if the government's claims are true, which they are not, said claims in no way support the government's arguments responsive to the defendant's suppression filings.  *See Government's Response To Defendant's Motion To Suppress* (Dkt. #873).  The government clearly had an ulterior motive when it placed Dkt. #873, page Nos. 1-38, on the record—especially in light of the imminent press coverage that will result from the Court's ruling on the defendant's *Motion To Suppress* and related filings.

MOTION FOR LEAVE TO PLACE ADDITIONAL EVIDENCE ON THE RECORD RESPONSIVE TO GOVERNMENT CLAIMS CONTAINED IN RESPONSE TO MOTION TO SUPPRESS
CR08-814-PHX-DGC

defendant's *Fourth Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues*.  The noted exhibits are referenced and relied upon in the defendant's *Reply To Government's Response To Defendant's Motion To Suppress*, Section I(B), hereby incorporated into this motion be reference.

**C.    Exhibit No. 14 is needed to rebut the government's claim that needing time to defeat encryption justified failure to comply with the terms of the N.D.Cal. 08-70460-HRL/PVT and 08-70502-PVT search warrants.**

On page No. 66 of Dkt. #873, the government claimed that "the length of time that the United States has spent analyzing the lawfully seized material is reasonable in light of... the defendant's efforts at concealing his crimes through encryption..." *Id*.  Contrary to the government's claim, IRS-CI Agent Daun was able to get around all encryption as soon as she sat down at the defendant's computer on August 3, 2008.  In order to rebut the government's claim, the defendant is presenting EXHIBIT 14 containing an August 25, 2008 email from IRS-CI Agent Daun to AUSA Battista stating that she was able to get around the encryption issues.

The exhibit relevant to this section is EXHIBIT 14 attached to the defendant's *Fourth Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues*.  The noted exhibit is referenced and relied upon in the defendant's *Reply To Government's Response To Defendant's Motion To Suppress*, Section I(E), hereby incorporated into this motion be reference.

**D.    Exhibit Nos. 15, 16, 17 and 18 are needed to rebut the government's claim that no witnesses know the defendant under any of his aliases.**

On page No. 59 of Dkt. #873, the government attempted to distinguish the use of an alias discussed in United States v. Villarreal, 963 F.2d 770, 772-73 (5th Cir. 1992) from the defendant's use of aliases based on the reasoning that the defendant in *Villarreal* "was known by at least one witness by the fictitious name connected to two shipping drums full of marijuana that Customs agents opened without court authorization." *Id*.  Contrary to the government's comparison, agents interviewed numerous individuals who stated they know

MOTION FOR LEAVE TO PLACE ADDITIONAL EVIDENCE ON THE RECORD RESPONSIVE TO GOVERNMENT CLAIMS CONTAINED IN RESPONSE TO MOTION TO SUPPRESS
CR08-814-PHX-DGC

the defendant under one of his aliases. In order to rebut the government's claim, the defendant is presenting EXHIBIT 15 through EXHIBIT 18 containing government agent reports regarding the noted interviews.

The exhibits relevant to this section are EXHIBIT 15 through EXHIBIT 18 attached to the defendant's *Fourth Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues*. The noted exhibits are referenced and relied upon in the defendant's *Reply To Government's Response To Defendant's Motion To Suppress*, Section I(R), hereby incorporated into this motion be reference.

### E. Exhibit No. 19 is needed to rebut the government's claim that there would be no accountability had the defendant walked away from his lease at apartment No. 1122.

On page No. 36 of Dkt. #873, government claimed that "[a]t the time of his arrest, defendant was living in the apartment under the false Brawner identity with no means of traceability or recourse if he walked away from the terms of the lease or apartment." *Id*. Contrary to the government's claim, Domicilio was able to contact the defendant after his arrest while he was at the Santa Clara County Jail and later while he was at CCA-CADC in Florence, AZ. The defendant was held accountable and satisfactorily closed out his lease. In order to rebut the government's claim, the defendant is presenting EXHIBIT 19 containing correspondence from Domicilio to the defendant after his arrest.

The exhibit relevant to this section is EXHIBIT 19 attached to the defendant's *Fourth Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues*. The noted exhibit is referenced and relied upon in the defendant's *Reply To Government's Response To Defendant's Motion To Suppress*, Section I(R), hereby incorporated into this motion be reference.

### F. Exhibit Nos. 20, 21, 22, 23 and 24 are needed to rebut the government's claim that it had no opportunity to serve the defendant with a copy of the N.D.Cal. 08-90330MISC-RS order.

On page No. 55 of Dkt. #873, the government claimed that "in this case the agents had no real opportunity to serve the owner of the aircard with a copy of the tracking warrant[.]" *Id*. Contrary to the government's claim, agents had an opportunity for service

considering it succeeded at serving the defendant with a menu from a Chinese food restaurant on July 22, 2008.  In order to rebut the government's claim, the defendant is presenting EXHIBIT 20 through EXHIBIT 24 containing evidence of agents serving the defendant with a Chinese food restaurant menu at his home residence.

The exhibits relevant to this section are EXHIBIT 20 through EXHIBIT 24 attached to the defendant's *Fourth Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues*.  The noted exhibits are referenced and relied upon in the defendant's *Reply To Government's Response To Defendant's Motion To Suppress*, Section I(W), hereby incorporated into this motion be reference.

* * * * *

Based on the points and authorities set forth herein, the defendant respectfully requests that this motion be granted and that the proposed order be issued.

This motion and all attachments were drafted/prepared by the *pro se* defendant, however, he authorizes his shadow counsel, Philip Seplow, to file this motion and all attachments on his behalf using the ECF system.  The defendant is appearing *pro se* and has never attended law school.  The defendant's filings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.  *See* Haines v. Kerner, 404 U.S. 519, 520 (1972).

LRCrim 12.2(a) requires that the undersigned include the following statement in all motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or of an order based thereon."

///
///
///
///
///
///
///

MOTION FOR LEAVE TO PLACE ADDITIONAL EVIDENCE ON THE RECORD RESPONSIVE TO GOVERNMENT CLAIMS CONTAINED IN RESPONSE TO MOTION TO SUPPRESS
CR08-814-PHX-DGC

Respectfully Submitted:

PHILP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Defendant:

s/ Philip Seplow

Philip Seplow

Shadow Counsel for Defendant.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

MOTION FOR LEAVE TO PLACE ADDITIONAL EVIDENCE ON THE RECORD RESPONSIVE TO
GOVERNMENT CLAIMS CONTAINED IN RESPONSE TO MOTION TO SUPPRESS
CR08-814-PHX-DGC

1

2 **CERTIFICATE OF SERVICE**

3

4      I hereby certify that on:            I caused the attached document to be

5 electronically transmitted to the Clerk's Office using the ECF system for filing and
transmittal of a Notice of Electronic Filing to the following ECF registrants:

6

7 Taylor W. Fox, PC
Counsel for defendant Ransom Carter

8 2 North Central Ave., Suite 735
Phoenix, AZ 85004

9

10 Frederick A. Battista
Assistant United States Attorney

11 Two Renaissance Square
40 North Central Ave., Suite 1200

12 Phoenix, AZ 85004

13

14 Peter S. Sexton
Assistant United States Attorney

15 Two Renaissance Square
40 North Central Ave., Suite 1200

16 Phoenix, AZ 85004

17

18 James R. Knapp
Assistant United States Attorney

19 Two Renaissance Square
40 North Central Ave., Suite 1200

20 Phoenix, AZ 85004

21

22

23

24

25

26

27

28 By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

*MOTION FOR LEAVE TO PLACE ADDITIONAL EVIDENCE ON THE RECORD RESPONSIVE TO
GOVERNMENT CLAIMS CONTAINED IN RESPONSE TO MOTION TO SUPPRESS
CR08-814-PHX-DGC*