Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR08-814-PHX-DGC |
|---|---|
| Plaintiff, | MOTION REQUESTING EVIDENTIARY HEARING TO SETTLE CONTESTED ISSUES OF FACT GOING TO VALIDITY OF FOURTH AMENDMENT SEARCHES AND SEIZURES |
| v. | |
| Daniel David Rigmaiden, et al., | |
| Defendant. | |

Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits *Motion Requesting Evidentiary Hearing To Settle Contested Issues Of Fact Going To Validity Of Fourth Amendment Searches And Seizures*. Through this motion, the defendant respectfully requests that the Court hold an evidentiary hearing so that witness testimony may be heard, and documents in the possession of witnesses may be examined, in order to settle contested issues of fact going to the validity of the Fourth Amendment searches and seizures in question. The defendant also respectfully requests that all subpoenaed witnesses be fully sequestered. The defendant previously filed his *Motion To Suppress* (Dkt. #824) and related filings (specifically, Dkt. #830,[1] #826,[2] #867,[3] and #847).[4] In response, the

---

1. *Submission Of Two Memoranda That Were Meant To Be Attached To Docket No. 824*.
2. *First Submission Of Corrections To Motion To Suppress*.
3. *First Supplement To Motion To Suppress RE: Search And Seizure Of Digital Evidence Under N.D.Cal. Warrants*.
4. *Motion For Order Requiring Government To Comply With Data Deletion Requirements Of N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-PVT*

- 1 -

1  government filed *Government's Response To Defendant's Motion To Suppress* (Dkt. #873)
2  and the defendant thereafter replied via *Reply To Government's Response To Defendant's*
3  *Motion To Suppress*.[5]  After reading the government's response at Dkt. #873, the defendant
4  was able to identify various relevant facts that are in dispute between the parties that may be
5  resolved through an evidentiary hearing.  "An evidentiary hearing on a motion to suppress
6  ordinarily is required if the moving papers are sufficiently definite, detailed, and
7  nonconjectural to enable the court to conclude that contested issues of fact going to the
8  validity of the search are in issue."  United States v. Walczak, 783 F.2d 852, 857 (9th Cir.
9  1986).  Below, the defendant lists the relevant contested issues of fact with references to the
10 moving papers and sublists of proposed witnesses with explanations as to why their
11 testimony may resolve the contested facts.  As noted below, there are 24 additional exhibits
12 attached to the defendant's *Fourth Submission Of Consolidated Exhibits Relating To*
13 *Discovery And Suppression Issues* that may act to alleviate the need for testimony from
14 witnesses listed in category Nos. 1, 2, 4, 5, and 6.  *See also Motion For Leave To Place*
15 *Additional Evidence On The Record Responsive To Government Claims Contained In*
16 *Response To Motion To Suppress*.  However, the contested issues of fact listed in category
17 Nos. 3 and 7 most certainly require testimony from the noted witnesses—regardless of
18 whether the 24 additional exhibits are considered—in order to resolve the issues relevant to
19 those categories.
20        1.        Whether the federal agent seizure of the defendant's keys and search of the
21 defendant key and keyhole at his home residence was a valid search incident to arrest.  *See*
22 *Reply To Government's Response To Defendant's Motion To Suppress*, Section I(B), to
23 determine whether the fact remains in dispute and whether it goes to the validity of
24 challenged searches and/or seizures.  The following witnesses can provide testimony that

25 *Warrants*.
26 5.    The docket numbers for the defendant's (1) *Reply To Government's Response To Defendant's Motion To Suppress*, (2) *Motion For Leave To Place Additional Evidence On The Record Responsive To Government Claims Contained In Response To Motion To Suppress*, and (3) *Fourth Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues* are all unavailable for inclusion here considering those filings are being filed by the defendant's shadow counsel's office at the same time of the instant motion.

*MOTION REQUESTING EVIDENTIARY HEARING TO SETTLE CONTESTED ISSUES OF FACT GOING TO VALIDITY OF FOURTH AMENDMENT SEARCHES AND SEIZURES*
*CR08-814-PHX-DGC*

may resolve this contested issue of fact:[6]

1) *Witness*: <u>FBI Agent Vinh Nguyen</u>. This witness is responsible for (1) seizing the defendant's keys after the defendant was in the custody of Santa Clara police officers, and (2) conducting a search of the key and the defendant's keyhole at apartment No. 1122. The defendant expects this witness to confirm that the key/keyhole search was conducted nowhere near the site of arrest (*i.e.*, sidewalk in front of Buck Shaw Stadium) and was done after the defendant was already subdued, demobilized, and in custody. *Location of witness*: area of San Jose, CA.

2) *Witness*: <u>Santa Clara police officer Dominic Sandoval</u>. This witness is responsible for (1) arresting the defendant in front of Buck Shaw Stadium, and (2) brutally beating the defendant after he was subdued, demobilized, and in custody. The defendant expects this witness to confirm that the defendant was arrested far away from apartment No. 1122, was beaten into submission after his arrest, and that there was no chance of the defendant gaining access to weapons or destroying evidence at apartment No. 1122, or anywhere for that matter, once he was arrested. *Location of witness*: area of San Jose, CA.

3) *Witness*: <u>Santa Clara police officer Thuy Luong</u>. This witness is responsible for arresting the defendant in front of Buck Shaw Stadium. The defendant expects this witness to confirm that the defendant was arrested far away from apartment No. 1122, was beaten into submission after his arrest, and that there was no chance of the defendant gaining access to weapons or destroying evidence at apartment No. 1122, or anywhere for that matter, once he was arrested. *Location of witness*: area of San Jose, CA.

4) *Witness*: <u>Santa Clara police officer Nathan Crescini</u>. This witness is responsible for arresting the defendant in front of Buck Shaw Stadium. The defendant expects this witness to confirm that the defendant was arrested far away from apartment No. 1122, was beaten into submission after his arrest, and that there was no chance of the defendant gaining access to weapons or destroying evidence at apartment No. 1122, or anywhere for that matter, once he was arrested. *Location of witness*: area of San Jose, CA.

\* \* \*

2. Whether the government needed additional time to defeat the defendant's digital data encryption in use via his DriveCrypt software. *See Reply To Government's Response To Defendant's Motion To Suppress*, Section I(E), p. 15, to determine whether the fact remains in dispute and whether it goes to the validity of challenged searches and/or seizures. The following witnesses can provide testimony that may resolve this contested

---

6. However, if the Court grants the defendant's *Motion For Leave To Place Additional Evidence On The Record Responsive To Government Claims Contained In Response To Motion To Suppress*, then <u>EXHIBIT 12</u> and <u>EXHIBIT 13</u> attached to the defendant's *Fourth Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues* will establish the same facts as would questioning the witnesses listed in this numbered category.

issue of fact:[7]

> 1) *Witness*: <u>IRS-CI Agent Tracy Daun</u>. This witness is the primary agent responsible for conducting the digital data search/seizure portion of the N.D.Cal. warrants used to search the defendant's home and storage unit. The defendant expects this witness to confirm that she did not need to use a password to gain initial access to the defendant's encrypted data at his home residence and that as of August 3-4, 2008, she possessed a password that gave her access to all other encrypted data. *Location of witness*: area of Phoenix, AZ.

* * *

3. Whether government agents fished through forensic images of the defendant's data storage devices in a way that was not reasonably designed to find only documents, files or data described in the relevant warrants. *See* (1) *Reply To Government's Response To Defendant's Motion To Suppress*, Section I(E), p. No. 14; (2) *First Supplement To Motion To Suppress RE: Search And Seizure Of Digital Evidence Under N.D.Cal. Warrants* (Dkt. #867); and (3) *Motion For Disclosure RE: Digital Evidence Search* (Dkt. #868 and #869) to determine whether the fact remains in dispute and whether it goes to the validity of challenged searches and/or seizures. The following witnesses can provide testimony that may resolve this contested issue of fact:

> 1) *Witness*: <u>IRS-CI Agent Tracy Daun</u>. This witness is the primary agent responsible for conducting the digital data search/seizure portions of the N.D.Cal. warrants used to search the defendant's home and storage unit. The defendant expects this witness to (1) confirm that she indiscriminately fished through the defendant's data without employing methods that would only reveal data responsive to the relevant warrants, (2) confirm that she shared forensic images and virtual machine clones of the defendant's entire computer system with numerous other federal agents so that they could conduct their own exploratory rummaging, (3) identify all agents of whom she shared either extracted data or forensic images and virtual machine clones of the defendant's entire computer system, and (4) identify with exacting detail each and every file and piece of data that she looked at while searching the forensic images and virtual machine clones of the defendant's computer system—which will provide further evidence of the fishing exhibition claimed by the defendant. *Location of witness*: area of Phoenix, AZ.

---

7. However, if the Court grants the defendant's *Motion For Leave To Place Additional Evidence On The Record Responsive To Government Claims Contained In Response To Motion To Suppress*, then <u>EXHIBIT 14</u> attached to the defendant's *Fourth Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues* will establish the same fact as would questioning the witness listed in this numbered category.

*MOTION REQUESTING EVIDENTIARY HEARING TO SETTLE CONTESTED ISSUES OF FACT GOING TO VALIDITY OF FOURTH AMENDMENT SEARCHES AND SEIZURES*
*CR08-814-PHX-DGC*

- 4 -

2) *Witness*: <u>IRS-CI Agent Denise Medrano</u>. This witness is an agent who conducted her own exploratory rummaging through the defendant's data contained on storage devices seized via the N.D.Cal. warrants used to search the defendant's home and storage unit. The defendant expects this witness to (1) confirm that she received forensic images and virtual machine clones of the defendant's computer system from IRS-CI Agent Daun, (2) indiscriminately fished through the defendant's data without employing methods that would only reveal data responsive to the relevant warrants, and (3) identify with exacting detail each and every file and piece of data that she looked at while searching the forensic images and virtual machine clones of the defendant's computer system—which will provide further evidence of the fishing exhibition claimed by the defendant. *Location of witness*: area of Phoenix, AZ.

3) *Witness*: <u>IRS-CI Agent Michael P. Fleischmann</u>. This witness is an agent who conducted his own exploratory rummaging through the defendant's data contained on storage devices seized via the N.D.Cal. warrants used to search the defendant's home and storage unit. The defendant expects this witness to (1) confirm that he received forensic images and virtual machine clones of the defendant's computer system from IRS-CI Agent Daun, (2) indiscriminately fished through the defendant's data without employing methods that would only reveal data responsive to the relevant warrants, and (3) identify with exacting detail each and every file and piece of data that he looked at while searching the forensic images and virtual machine clones of the defendant's computer system—which will provide further evidence of the fishing exhibition claimed by the defendant. *Location of witness*: area of Phoenix, AZ.

4) *Witness*: <u>USPIS Inspector James L. Wilson</u>. This witness is an agent who conducted his own exploratory rummaging through the defendant's data contained on storage devices seized via the N.D.Cal. warrants used to search the defendant's home and storage unit. The defendant expects this witness to (1) confirm that he received forensic images and virtual machine clones of the defendant's computer system from IRS-CI Agent Daun, (2) indiscriminately fished through the defendant's data without employing methods that would only reveal data responsive to the relevant warrants, and (3) identify with exacting detail each and every file and piece of data that he looked at while searching the forensic images and virtual machine clones of the defendant's computer system—which will provide further evidence of the fishing exhibition claimed by the defendant. *Location of witness*: area of Phoenix, AZ.

5) *Witness*: <u>FBI Agent Richard J. Murray</u>. This witness is an agent who conducted his own exploratory rummaging through the defendant's data contained on storage devices seized via the N.D.Cal. warrants used to search the defendant's home and storage unit. The defendant expects this witness to (1) confirm that he received forensic images and virtual machine clones of the defendant's computer system from IRS-CI Agent Daun, (2) indiscriminately fished through the defendant's data without employing methods that would only reveal data responsive to the relevant warrants, and (3) identify with exacting detail each and every file and piece of data that he looked at while searching the forensic images and virtual machine clones of the defendant's computer system—which will provide further evidence of the fishing exhibition claimed by the defendant. *Location of witness*: area of Phoenix, AZ.

* * *

4. Whether the defendant is known by any witnesses under any of his aliases.

- 5 -

*See Reply To Government's Response To Defendant's Motion To Suppress*, Section I(R), to determine whether the fact remains in dispute and whether it goes to the validity of challenged searches and/or seizures. The following witnesses can provide testimony that may resolve this contested issue of fact:[8]

1) *Witness*: <u>Zeljka Grabovcic</u>. This witness was an employee at the Domicilio apartment complex. The defendant expects this witness to state that she knows the defendant under his alias of Steven Brawner and did so at the time of the aircard locating mission and related physical searches. *Location of witness*: area of San Jose, CA.

2) *Witness*: <u>James Mathews</u>. This witness was an employee at CBD Indoor Mini Storage. The defendant expects this witness to state that he knows the defendant under his alias of Daniel Aldrich and did so at the time of the aircard locating mission and related physical searches. *Location of witness*: area of San Jose, CA.

3) *Witness*: <u>Jeff Koche</u>. This witness was a former landlord and is a friend of the defendant. The defendant expects this witness to state that he knows the defendant under his alias of Daniel Aldrich and did so at the time of the aircard locating mission and related physical searches. *Location of witness*: area of Chico, CA.

* * *

5. Whether the defendant was subject to accountability in the event of him walking away from his lease at the Domicilio apartment complex. *See Reply To Government's Response To Defendant's Motion To Suppress*, Section I(R), to determine whether the fact remains in dispute and whether it goes to the validity of challenged searches and/or seizures. The following witnesses can provide testimony that may resolve this contested issue of fact:[9]

---

8. However, if the Court grants the defendant's *Motion For Leave To Place Additional Evidence On The Record Responsive To Government Claims Contained In Response To Motion To Suppress*, then <u>EXHIBIT 15</u>, <u>EXHIBIT 16</u>, <u>EXHIBIT 17</u>, and <u>EXHIBIT 18</u> attached to the defendant's *Fourth Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues* will establish the same facts as would questioning the witnesses listed in this numbered category.

9. However, if the Court grants the defendant's *Motion For Leave To Place Additional Evidence On The Record Responsive To Government Claims Contained In Response To Motion To Suppress*, then <u>EXHIBIT 19</u> attached to the defendant's *Fourth Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues* will establish the same fact as would questioning the witness listed in this numbered category.

- 6 -

     1) *Witness*: <u>Victor Nguyen</u>. This witness was an employee at the Domicilio apartment complex. The defendant expects this witness to state that (1) he was able to contact the defendant after his August 3, 2008 arrest at both the Santa Clara county jail and CCA-CADC regarding the defendant's lease of apartment No. 1122, and (2) the defendant satisfactorily closed out his month-to-month lease of apartment No. 1122. *Location of witness*: area of San Jose, CA.

* * *

6. Whether the government had an opportunity to serve the defendant with a copy of the N.D.Cal. 08-90330MISC-RS order after its purported execution. *See Reply To Government's Response To Defendant's Motion To Suppress*, Section I(W), p. 44-45, to determine whether the fact remains in dispute and whether it goes to the validity of challenged searches and/or seizures. The following witnesses can provide testimony that may resolve this contested issue of fact:[10]

     1) *Witness*: <u>Unknown undercover FBI agent who served defendant with Chinese food restaurant menu</u>. This witness served the defendant with a menu from a Chinese food restaurant on July 22, 2008 at apartment No. 1122. The defendant expects this witness to confirm that (1) he served the defendant with a menu from a Chinese food restaurant on July 22, 2008 by placing it on the door of apartment No. 1122, and (2) he just as easily could have served the defendant with a copy of the N.D.Cal. 08-90330MISC-RS order instead of a menu for a Chinese food restaurant. *Location of witness*: area of San Jose, CA.

     2) *Witness*: <u>FBI Agent Richard J. Murray</u>. This witness is an agent who observed the Chinese food restaurant menu on the door of apartment No. 1122 and later having been removed. The defendant expects this witness to confirm his observation of the Chinese food restaurant menu on the door of apartment No. 1122 on July 22, 2008 and later having been removed approximately two hours after being placed there by the undercover FBI agent. *Location of witness*: area of San Jose, CA.

* * *

7. Whether the three FBI technical agents were executing the N.D.Cal. 08-90330MISC-RS order while conducting the real-time portion of the aircard locating mission. *See Reply To Government's Response To Defendant's Motion To Suppress*, Section I(Y), p. 48, to determine whether fact remains in dispute and whether it goes to the validity of

---

10.    However, if the Court grants the defendant's *Motion For Leave To Place Additional Evidence On The Record Responsive To Government Claims Contained In Response To Motion To Suppress*, then <u>EXHIBIT 20</u>, <u>EXHIBIT 21</u>, <u>EXHIBIT 22</u>, and <u>EXHIBIT 24</u> attached to the defendant's *Fourth Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues* will establish the same facts as would questioning the witnesses listed in this numbered category.

*MOTION REQUESTING EVIDENTIARY HEARING TO SETTLE CONTESTED ISSUES OF FACT GOING TO VALIDITY OF FOURTH AMENDMENT SEARCHES AND SEIZURES*
*CR08-814-PHX-DGC*

1 challenged searches and/or seizures.  The following witnesses can provide testimony that
2 may resolve this contested issue of fact:

> 1) *Witness*: <u>Unidentified FBI technical agent No. 1</u>.  This witness is responsible for conducting the real-time portion of the aircard locating mission.  *Location of witness*: unknown.
>
> 2) *Witness*: <u>Unidentified FBI technical agent No. 2</u>.  This witness is responsible for conducting the real-time portion of the aircard locating mission.  *Location of witness*: unknown.
>
> 3) *Witness*: <u>Unidentified FBI technical agent No. 3</u>.  This witness is responsible for conducting the real-time portion of the aircard locating mission.  *Location of witness*: unknown.

<center>* * *</center>

If the Court grants the defendant's *Motion For Leave To Place Additional Evidence On The Record Responsive To Government Claims Contained In Response To Motion To Suppress* and considers the 24 additional exhibits attached to *Fourth Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues*, the listed witnesses will not have additional information to provide the Court with respect to category Nos. 1, 2, 4, 5, and 6.  However, the contested issues of fact listed in category Nos. 3 and 7 most certainly require testimony from the noted witnesses—regardless of whether the 24 additional exhibits are considered—in order to resolve the issues relevant to those categories.

<center>* * * * *</center>

Based on the points and authorities set forth herein, the defendant respectfully requests that this motion be granted and that the Court hold an evidentiary hearing to resolve contested issues of fact going to the validity of Fourth Amendment searches and seizures.  The defendant also respectfully requests that all subpoenaed witnesses be fully sequestered.

This motion was drafted by the *pro se* defendant, however, he authorizes his shadow counsel, Philip Seplow, to file this motion on his behalf using the ECF system.  The defendant is appearing *pro se* and has never attended law school.  The defendant's filings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.  *See* <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

*MOTION REQUESTING EVIDENTIARY HEARING TO SETTLE CONTESTED ISSUES OF FACT GOING TO VALIDITY OF FOURTH AMENDMENT SEARCHES AND SEIZURES*
*CR08-814-PHX-DGC*

- 8 -

1 LRCrim 12.2(a) requires that the undersigned include the following statement in all
2 motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this
3 motion or of an order based thereon."
4 ///
5 ///
6 ///
7 ///
8 ///
9 ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

*MOTION REQUESTING EVIDENTIARY HEARING TO SETTLE CONTESTED ISSUES OF FACT GOING TO VALIDITY OF FOURTH AMENDMENT SEARCHES AND SEIZURES*
*CR08-814-PHX-DGC*

- 9 -

1  Respectfully Submitted:

3  PHILP SEPLOW, Shadow Counsel, on
   behalf of DANIEL DAVID RIGMAIDEN,
4  Pro Se Defendant:

6  s/ Philip Seplow
   Philip Seplow
7  Shadow Counsel for Defendant.

9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

*MOTION REQUESTING EVIDENTIARY HEARING TO SETTLE CONTESTED ISSUES OF FACT GOING TO VALIDITY OF FOURTH AMENDMENT SEARCHES AND SEIZURES*
*CR08-814-PHX-DGC*

**CERTIFICATE OF SERVICE**

I hereby certify that on: _____ I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))