Daniel Rigmaiden #10966111
CCA-CADC
PO Box 6300
Florence AZ 85132

THIS DOCUMENT IS **NOT** IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE  5.4
(Rule Number/Section)

FILED ✓   ___ LODGED
___ RECEIVED   ___ COPY

OCT 18 2012

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Daniel David Rigmaiden
Pro Se, Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

United States of America,

　　Plaintiff

v.

Daniel David Rigmaiden, et al.

　　Defendant

No. CR08-814-PHX-DGC

Defendant's Response To Government's Motion For Enlargement of Time [Dkt. #896]

　　The government requested that the Court allow it until October 22, 2012 to file its response to the defendant's Motion For Discovery RE: Digital Evidence Search (Dkt #869). The discovery request at issue was made by the defendant 102 DAYS prior to October 15, 2012 (see Dkt. #869-2) and the government is yet to provide the defendant with any discovery responsive to his request. Rather than provide the defendant the relevant discovery, the government

1 of 9

suggests that the "defendant may need more time in order to complete his pending reply with respect to his motion to suppress and has no objection to an extension..." Dkt. 896, p. 1-2. The defendant is done waiting on the government. The defendant provided his Reply To Government's Response To Defendant's Motion To Suppress to his court-appointed shadow counsel, Philip Seplow, on the morning of October 15, 2012 so that it could be filed by the Court's deadline. Later that night, the defendant received the government's request for an extension (Dkt. #896) through CCA-CADC legal mail. Rather than grant the government's request for an extension, the defendant respectfully requests that the Court dismiss the case with prejudice for the government's failure to provide timely discovery (102 days and nothing provided) or take one of the following alternative courses of action: (1) as a sanction, suppress ALL seized digital evidence, or (2) grant the defendant's motion at Dkt. #869 and order the government to

turn over all requested evidence by October 22, 2012; once the defendant receives the new evidence, he will review it and place all relevant evidence on the record with a supplementary filing placing it into context.

The Court set a deadline of October 20, 2012 for the filing of the defendant's Reply To Government's Response To Defendant's Motion To Suppress. See Dkt. #879. The defendant had the bulk of his reply completed by approximately September 20, 2012. Over the last month, the defendant has been (1) waiting for the government to provide the defendant with the "digital evidence search" discovery he requested on July 5, 2012 (see Dkt. #869), (2) waiting for the government to provide the defendant with duplicate sets of previously provided discovery, which was requested on August 30, 2012, (3) waiting for Mr. Seplow to pick up prerequisite filings from CCA-CADC that needed to be filed prior to the filing of the defendant's reply (see prerequisite filings at

Dkt. #894 and #898), and (4) waiting for Mr. Seplow to pick up the actual reply that was finally filed on October 15, 2012. Had the defendant not given the reply to Mr. Seplow to file when he came to CCA-CADC on October 15, 2012, the reply would likely not have been filed by the October 20, 2012 deadline. The defendant sees Mr. Seplow at CCA-CADC two or three times a month (Note: statistical estimate current as of Oct. 16, 2012) — usually at random unannounced dates/times.

Although the defendant filed his reply in a manner that allowed him to meet the deadline, he still needs the evidence requested at Dkt #869 and #893. The government did not provide the evidence to the defendant in time for its use prior to the Court's October 20, 2012 deadline. Rather than miss the deadline on a filing that was essentially finished by the defendant on September 20, 2012 (~~~~ notwithstanding the fact that it would surely have benefited from the withheld evidence), he chose to

comply with the Court's order. The defendant is tired of dealing with delays caused by the government and coddling to the government's discovery failures. Had the government kept better tabs on its evidence and provided ALL of it to the defendant back in 2009, the case would have already concluded. Although subtle, incremental, complex, and very sneaky, the government perpetrates a grave ongoing speedy trial violation that will likely need to be addressed by the defendant in a separate filing. The defendant was arrested more than four year ago. There simply is no excuse for the government's failure to complete its production of ALL relevant evidence.

    Recently, the government claimed that "other cases assigned to the lead prosecutor have also played a role in the lengthening the response time in this matter." Dkt #896, p. 1. The defendant does not care about other cases. The defendant refuses to sit in jail for defendants in "other cases." If the government does not have

the resources to timely prosecute the defendant while also prosecuting other defendants in other cases then the government should either (1) appoint a few more prosecutors to the defendant's case (on top of the current three and their some three assistants) in order to justify the spending of even more money on additional personnel to assist in the already doomed prosecution, or (2) dismiss the "other cases" so that the lead prosecutor can prosecute the defendant without violating the defendant's right to a speedy trial, or (3) dismiss the defendant's case so that the lead prosecutor can devote more of his time and budget to the "other cases."

  The government also stated that "numerous other recent requests by defendant for duplicate copies of discovery previously provided to defendant, or his prior defense counsel, have been completed." Dkt. #896, p. 1-2. The government took a month to provide the defendant copies of discovery it already had organized into "discovery sets" and

were easily accessible by anyone at the USAO. It should not take a month for the government to pull previously disclosed discovery from its master file, make a copy, and then forward it to the defendant. Using a single government employee, at most all of the duplicate discovery requested by the defendant took the government a mere hour to retrieve and copy for the defendant. On top of all else, the duplicate discovery provided to the defendant by the government was duplicated contrary to the defendant's simple instruction, the original evidence was not preserved, and the one piece of evidence the defendant needed (from the duplicate sets) for his reply to Dkt. #873 was rendered inaccessible due to the government not following the defendant's duplication instructions. See yet another "Motion For Leave To File Motion For Discovery RE: AUSA Battista's Failure To Follow The Defendant's Instruction Or, In The Alternative, To Dismiss The Case With Prejudice." [Note: although the above titled motion

and proposed discovery motion were completed by the defendant on October 16, 2012, they exist only on the defendant's laptop computer, are too complex to handwrite and contain exhibits, nonetheless, that cannot be duplicated by hand, and the defendant has no idea on when Mr. Seplow will return to CCA-CADC to pick-up motions the defendant needs to file. In other words, there is no telling how long the defendant will have to wait before his digital-form motions (existing only on the defense laptop computer) will be filed with the Court.]   For the reasons explained in this response, the defendant respectfully requests that the government's motion asking for an extension of time be denied. Instead, the defendant requests that the Court dismiss the case with prejudice for the government's failure to provide timely discovery (102 days and nothing provided) or take one of the following alternative courses of action: (1) as a sanction, suppress ALL seized digital evidence, or (2) grant

the defendant's motion at Dkt. #869 and order the government to turn over all requested evidence by October 22, 2012. Note: the defendant's position is that the law absolutely requires dismissal of the case with prejudice for the herein discussed discovery violation relating to the "digital evidence search."

Respectfully submitted October 16, 2012

Daniel Rigmaiden
Daniel Rigmaiden

CERTIFICATE OF SERVICE

I hereby certify that I mailed this original document to the clerk of the court by placing it into the CCA-CADC mailing system with an expectation that CCA-CADC will pay the postage, on October 16, 2012. Other parties were not served because legal copy service is not available at CCA-CADC. Automatic service will commence when the clerk scans this filing into the PACER system.

By: Daniel Rigmaiden