United States of America
v.
Daniel David Rigmaiden, et. al.

CR08-814-PHX-DGC

Lodged Proposed:

---

MOTION FOR DISCLOSURE RE: SERVICE UPON
DEFENDANT OF CHINESE FOOD RESTAURANT MENU

---

Attached

Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden, et al.,<br><br>    Defendant. | No. CR08-814-PHX-DGC<br><br>MOTION FOR DISCLOSURE RE: SERVICE UPON DEFENDANT OF CHINESE FOOD RESTAURANT MENU |

Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this *Motion For Disclosure RE: Service Upon Defendant Of Chinese Food Restaurant Menu*. The defendant is filing this motion pursuant to Brady v. Maryland, 373 U.S. 83 (1963), United States v. Gamez-Orduno, 235 F.3d 453, 461 (9th Cir. 2000), and Fed. R. Crim. P. 16(a)(1)(E) *et seq.*, and (a)(1)(F) *et seq*. By failing to obtain and disclose the requested evidence —all of which is *Brady* material—the government is violating the defendant's Fifth Amendment due process rights and statutory rights under Rule 16 of the Federal Rules of Criminal Procedure.

The defendant is filing this motion to request that the Court order the government to provide the additional discovery the defendant requested after the government submitted its August 20, 2011 *Government's Response To Defendant's Motion To Suppress* (Dkt. #873). At Dkt. #873, the prosecution claimed for the first time that "in this case the agents had no real opportunity to serve the owner of the aircard with a copy of the tracking warrant;" *i.e.*,

1  the N.D.Cal. 08-90330MISC-RS order. *Id.* at p. 55. The government made this claim in
2  support of an argument that suppression is not merited for its conceded Rule 41 violations.
3  Contrary to the government's false claim, on July 22, 2008, an undercover agent posed as a
4  "Chinese food delivery man" and knocked on the defendant's door while yelling "Chinese
5  food!" The agent thereafter served the defendant with a Chinese food restaurant menu by
6  attaching it to the defendant's door. Agents later observed that the menu was removed. Had
7  the government placed a copy of the N.D.Cal. 08-90330MISC-RS order on the defendant's
8  door as apposed to a Chinese food takeout menu, the defendant would have been served.
9       On October 7, 2009, the prosecution provided Philip Seplow, the defendant's then
10 court-appointed attorney—now court-appointed shadow counsel, a CD containing a video of
11 the noted undercover agent serving the defendant with the Chinese food restaurant menu.
12 However, between October 7, 2009 and the time the defendant began representing himself,
13 Mr. Seplow (or his office in general) lost the discovery CD along with several additional
14 discovery CDs from the October 7, 2009 discovery set.[1] Between August 20, 2012 and
15 October 16, 2012, the defendant devoted approximately 12 hours of his time attempting to
16 gain access to the noted video. These attempts included countless phone calls to Mr.
17 Seplow's office, writing letters[2] and emails[3] to the prosecution, writing letters to Mr.
18 Seplow's assistant (Dan Colmerauer), and preparing at least two motions regarding the issue
19 —this being one of them. The defendant also waited patiently for weeks to receive
20 responses to his inquiries and to have Mr. Seplow's office attempt to locate the missing CD
21 or retrieve it from the United States Attorneys Office. Finally, on October 3, 2012, AUSA
22 Battista provided Mr. Seplow with duplicates of the October 7, 2009 discovery set the
23 defendant was waiting to view for almost three years. After waiting **nine days** for someone

---

1. "[F]ailures of court-appointed counsel... are attributable to the state." Coe. v. Thurman, 922 F.2d 528, 531 (9th Cir. 1990).
2. *See, e.g.*, *August 30, 2012 letter from Daniel Rigmaiden to AUSA Battista*, p. 1 (ATTACHMENT 03).
3. The defendant is incarcerated and does not have access to the Internet or email, however, he dictated to Mr. Colmerauer over the phone emails to AUSA Battista requesting that the CD containing the surveillance video be immediately provided.

- 2 -

1  to show up at CCA-CADC with the discovery for the defendant to view, the defendant was
2  finally brought a government CD.  However, AUSA Battista failed to follow the defendant's
3  instruction, provided on August 30, 2012, advising that the defendant "need[ed] the CDs
4  from the October 7, 2009 discovery set **as they were provided to Philip Seplow** in October
5  of 2009."[4]  The defendant also stated the following:

> ITEM No. 09 is needed for my reply to your response to my *Motion To Suppress*—**I cannot file my response without accessing ITEM No. 09**.
>
> *August 30, 2012 letter from Daniel Rigmaiden to AUSA Battista*, p. 1 (ATTACHMENT 03).

10 ITEM No. 09 is the CD that originally contained the video of the undercover agent serving
11 the defendant with the Chinese food restaurant menu on July 22, 2008.  Rather than provide
12 the defendant with a mirrored copy of the CD referenced at ITEM No. 09, a government
13 employee copied the contents of the CD into a folder on his/her hard drive and then copied
14 that folder to a newly formatted CD along with other unrelated data.  Because the
15 government failed to preserve the original evidence as the defendant requested on August 30,
16 2012, the video of the undercover agent serving the defendant with the Chinese food
17 restaurant menu would not open and could not be viewed by the defendant.
18      As a general matter, the USAO insists on providing *all* defendants in *all* cases
19 surveillance videos in proprietary file formats that only run in the government's special
20 software—a government practice that makes no sense and causes nothing but problems for
21 **numerous** defense attorneys.[5]  The government failing to provide the defendant with a
22 copy of the *original* CD referenced at ITEM No. 09, as it was provided to Philip Seplow in
23 October of 2009, and his changing of the file structure containing the *original data*, caused
24 the government's proprietary "surveillance video viewing" software to not function.  This is a
25 prime example of how there is solid reason and logic to all of the defendant's discovery

---

4.    *Id.*, p. 1 (ATTACHMENT 03).
5.    The defendant knows this to be true because he has observed countless defense attorneys struggle with the government's proprietary video formats and special video players on numerous occasions while at the CCA-CADC attorney-client visit area.

- 3 -

*MOTION FOR DISCLOSURE RE: SERVICE UPON DEFENDANT OF CHINESE FOOD RESTAURANT MENU*
*CR08-814-PHX-DGC*

1  requests, no matter how exacting or detailed, and how the government's standard practice of
2  ignoring the defendant's discovery requests for weeks or months,[6] and then failing to
3  comply with the defendant's requests nonetheless, is a significant problem that wastes
4  everyone's time and, not to mention, government (*see* tax payer) money.
5        The defendant needs to view the video of the government's service of the Chinese
6  food takeout menu and extract a still image exhibit of the undercover agent placing the menu
7  on the door of apartment No. 1122.  The defendant needs to use the still image as an exhibit
8  in support of an argument made in the defendant's *Reply To Government's Response To*
9  *Defendant's Motion To Suppress* (Dkt. #900), Section I(W), p. 44-45, *i.e.,* the government
10 had a perfect opportunity to serve the N.D.Cal. 08-90330MISC-RS order on the defendant
11 and that suppression of evidence is merited.[7]  The defendant has already referenced the
12 planned exhibit in *Fourth Submission Of Consolidated Exhibits Relating To Discovery And*
13 *Suppression Issues*, EXHIBIT 22 (Dkt. #898-1),[8] but he was unable to attach the exhibit
14 because AUSA Battista failed to follow the defendant's instruction to provide him with a
15 copy of the original CD containing the video.  Instead of attaching the exhibit, the defendant
16 was forced to attached a note in its place instructing the reader to view this motion.  *See id.*,
17 EXHIBIT 22 (Dkt. #898-1).
18       The defendant respectfully requests that the Court order the government to provide
19 the defendant with an **exact copy** of the surveillance video CD referenced at ITEM No. 09 of

---

20  6.    The request at issue in this motion was as simple as taking five minutes to copy a CD that was already in the possession of the prosecution.  Why it takes the government more
21  than a month to even attempt such an easy task is something beyond the defendant's comprehension.  Discovery abuses such as this should no longer be occurring after the
22  Obama administration issued the April 14, 2009 initiatives regarding the clean-up of abusive discovery practices in federal criminal prosecutions.  *See* Department of Justice, Office of
23  Public Affairs, *Attorney General Announces Increased Training, Review of Process for Providing Materials to Defense in Criminal Cases*, Apr. 14, 2009, *available at*
24  http://www.justice.gov/opa/pr/2009/April/09-opa-338.html (last accessed: Aug. 5, 2010) [Note: yet another empty promise].
25
26  7.    Although Dkt. #898-1 already contains some government emails and reports relating to the Chinese food restaurant menu, the defendant needs to submit for the record a still image of the undercover agent placing the menu on the door of apartment No. 1122 in order
27  to thoroughly support his position at Dkt. #900, Section I(W), p. 44-45.
28  8.    *See also Motion For Leave To Place Additional Evidence On The Record Responsive To Government Claims Contained In Response To Motion To Suppress* (Dkt. #897).

- 4 -

*MOTION FOR DISCLOSURE RE: SERVICE UPON DEFENDANT OF CHINESE FOOD RESTAURANT MENU*
*CR08-814-PHX-DGC*

1  the October 7, 2009 discovery set.  In order to comply with the defendant's request, a
2  government employee will need to (1) grab the surveillance CD from its file (*i.e.*, ITEM No.
3  09 of October 7, 2009 discovery set), (2) put the CD into a computer CD-RW drive, (3)
4  run/execute any number of "CD copy" software utilities freely available on the Internet, (4)
5  click the "copy CD" button within the software, (5) wait a moment for the software to access
6  the CD, (6) once the software tells the user to insert a blank CD, remove the original
7  surveillance CD from the CD-RW drive and insert a blank CD, (7) wait for the original CD
8  data to copy to the blank CD, and (8) provide the CD to the defendant.  Once the defendant
9  is provided with the CD, he will be able to play the proprietary-formatted surveillance video
10 in the government's special "surveillance video viewing" software, extract the still image,
11 and submit for the record missing EXHIBIT 22 of *Fourth Submission Of Consolidated*
12 *Exhibits Relating To Discovery And Suppression Issues* (Dkt. #898-1).  If the government
13 desires, while the defendant waits for the lead prosecutor to finish with defendants in "other
14 cases,"[9] *i.e.*, as he sits and rots in a constitutionally offensive pretrial detention facility not
15 designed for **4-year+ stays**, the defendant can prepare more detailed instructions for the
16 government on how to make a copy of a CD.  Attached to this motion is the defendant's
17 *Submission Pursuant To LRCiv 37.1* (ATTACHMENT 01), and *Statement Pursuant To*
18 *LRCiv 7.2(j)* (ATTACHMENT 02).
19          Based on the points and authorities set forth above, the defendant respectfully requests
20 that the Court grant this motion.
21          This motion and all attachments were drafted/prepared by the *pro se* defendant,
22 however, he authorizes his shadow counsel, Philip Seplow, to file this motion and all
23 attachments on his behalf using the ECF system.  The defendant is appearing *pro se* and has
24 never attended law school.  The defendant's filings, however inartfully pleaded, must be
25 liberally construed and held to less stringent standards than formal pleadings drafted by
26 lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).
27          LRCrim 12.2(a) requires that the undersigned include the following statement in all
28

---

9.      *See Government's Motion For Enlargement Of Time* (Dkt. #896, p. 1).

- 5 -

1  motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this
2  motion or of an order based thereon."
3  ///
4  ///
5  ///
6  ///
7  ///
8  ///
9  ///
10  ///
11  ///
12  ///
13  ///
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

*MOTION FOR DISCLOSURE RE: SERVICE UPON DEFENDANT OF CHINESE FOOD RESTAURANT MENU*
*CR08-814-PHX-DGC*

1  Respectfully Submitted:
2
3                                             PHILP SEPLOW, Shadow Counsel, on
                                              behalf of DANIEL DAVID RIGMAIDEN,
4                                             Pro Se Defendant:
5
6                                             s/ Philip Seplow
                                              Philip Seplow
7                                             Shadow Counsel for Defendant.
8
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

*MOTION FOR DISCLOSURE RE: SERVICE UPON DEFENDANT OF CHINESE FOOD RESTAURANT MENU*
*CR08-814-PHX-DGC*

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that on: _____ I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))