JOHN S. LEONARDO
United States Attorney
District of Arizona

FREDERICK A. BATTISTA
Maryland State Bar Member
PETER S. SEXTON
Arizona State Bar No. 011089
JAMES R. KNAPP
Arizona State Bar No. 021166
Assistant U.S. Attorneys
Two Renaissance Square
40 North First Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 514-7500
Fred.Battista@usdoj.gov
Peter.Sexton@usdoj.gov
James.Knapp2@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>        v.<br><br>Daniel David Rigmaiden,<br><br>        Defendant. | No. CR-08-0814-001-PHX-DGC<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION REQUESTING EVIDENTIARY HEARING TO SETTLE CONTESTED ISSUES OF FACT GOING TO VALIDITY OF FOURTH AMENDMENT SEARCHES AND SEIZURES**<br>(DOCUMENT No. 901) |

The United States, through undersigned counsel, hereby responds to defendant's Motion Requesting Evidentiary Hearing to Settle Contested Issues of Fact Going to Validity of Fourth Amendment Searches and Seizures (Document No. 901) as follows. The United States has no objection to the requested hearing. However, for the following reasons, the United States objects to defendant's requests that certain witnesses be present at the hearing.

1.  Use of Defendant's Keys to Gain Access to His Apartment

As stated in the United States' response to defendant's motion to suppress, defendant was arrested well away from his apartment after he first attempted to flee apprehension pursuant to a valid arrest warrant. Defendant's keys were seized incident to arrest and then used to: (1) verify they would open his apartment while the case agents had a valid search warrant for the apartment in hand, and (2) soon thereafter open the secured apartment pursuant to the execution

of the valid search warrant. There is no dispute that the defendant was arrested far from any reach of his apartment. A case agent can offer hearsay testimony to this effect. The four witnesses defendant wishes to call are irrelevant to the matters raised in defendant's collective motion to suppress. [1]

2. Time Needed to Defeat Defendant's Encryption

While not agreeing that particular testimony by IRS-CI Special Agent Tracy Daun may be relevant on this matter in this case, IRS-CI Special Agent Daun will be available to testify at the hearing.

3. United States Examination of Defendant's Computers

IRS-CI Special Agent Daun will be available to testify at the hearing regarding the nature of the United States' search of defendant's computers. U.S. Postal Inspection Service Postal Inspector James Wilson was not provided with an image of any of defendant's computers to search; therefore, defendant is mistaken regarding his possible testimony regarding this issue. IRS-CI Special Agents Denise Medrano and Michael Fleischmann, and FBI Special Agent Richard Murray did have access to an image of some of defendant's computers for a limited period of time and did conduct a limited number of searches. While not agreeing that particular testimony by these agents may be relevant on this matter in this case, the agents will be available to testify at the hearing.

4. Whether Defendant Was Known to Anyone Under Any of His Aliases

The proposed testimony is irrelevant. The defendant was fugitive who assumed numerous false identities at various times including: (1) Travis Rupard with the subject aircard; (2) Steven Brawner with the subject apartment; (3) Aaron Johnson with an E-Gold account; (4) Patrick Stout with a Post Office Box located in Sacramento, California; (5) Daniel Aldrich with a storage unit; and (6) countless deceased persons in order to file fraudulent tax returns.

---

[1] The United States denies that defendant, an uncooperative fugitive who was willing to risk his life by running against traffic in order to evade apprehension, was "beaten into submission" at the time of his arrest.

2

Defendant, as a fugitive, could not have gotten as far as he did without interacting with a minimal number of people in order to simply live and continue his life of crime. However, while individuals may have known him under one of his many aliases, it is safe to say none of the proffered witnesses ever knew who he really was and defendant never left any of these individuals with a forwarding address and identity. In this case, there appears to be nothing the proffered witnesses could say to the contrary.

5. Accountability of Defendant Regarding the Subject Apartment With the Leasing Company

The proposed testimony is irrelevant. The defendant was fugitive who assumed numerous false identities as noted immediately above. If defendant had not been arrested, identified and detained pending trial, there is no way any representative of the subject apartment's leasing company could have reasonably been able to locate the defendant if he had simply decided to walk away from his lease. There is nothing the proffered witness could say to the contrary.

6. An Opportunity to Serve Defendant With a Copy of the N.D. Cal. 08-90330-MISC-RS Order

Defendant's proposed testimony regarding any opportunity the United States had to "serve" him with a copy of the N.D. Cal. 08-90330-MISC-RS Order is irrelevant. At that time, the United States: (1) was not required to serve a copy of the Order pursuant to the language contained in Order; (2) had no idea who defendant was; and (3) had no idea if anyone actually lived in the subject apartment since the daily usage of power was the equivalent of approximately one 120 watt electrical bulb. The facts are clear that the United States' investigation was focused on the subject apartment at the time a ruse Chinese food delivery was conducted in order to attempt to identify any occupant of the apartment at a particular date and time. No testimony is needed to verify these facts.

7. FBI Technical Agents

As stated in previous pleadings before this court, the identities and testimony of the FBI technical agents in the case is law enforcement sensitive. Therefore, the United States does not

intend to call or produce the agents at any hearing.  In the alternative, the United States intends to call a supervisor of the technical agents who will be prepared to testify regarding non-law enforcement sensitive matters related to the conduct of the technical agents.

Respectfully submitted this 26th day of October, 2012.

JOHN S. LEONARDO
United States Attorney
District of Arizona

s/ Frederick A. Battista

FREDERICK A. BATTISTA
PETER S. SEXTON
JAMES R. KNAPP
Assistant U.S. Attorneys

Certificate of Service

I hereby certify that on October 26, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Philip Seplow
Shadow Counsel for Defendant

A copy of the attached document was also mailed to:

Daniel David Rigmaiden
Agency No. 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

s/ Frederick A. Battista
Assistant U.S. Attorney

4