1  Daniel Rigmaiden
   Agency # 10966111
2  CCA-CADC
   PO Box 6300
3  Florence, AZ 85132
   Telephone: none
4  Email: none

5  Daniel David Rigmaiden
   Pro Se, Defendant

6

7              **UNITED STATES DISTRICT COURT**

8                   **DISTRICT OF ARIZONA**

9

10  United States of America,              No. CR08-814-PHX-DGC

11       Plaintiff,                        MOTION FOR LEAVE TO FILE FIRST
                                           SUPPLEMENT TO MOTION FOR
12  v.                                     ORDER REQUIRING GOVERNMENT
                                           TO COMPLY WITH DATA DELETION
13  Daniel David Rigmaiden, et al.,        REQUIREMENTS OF N.D.Cal. 08-70460-
                                           HRL/PVT, 08-70503-PVT, AND 08-70502-
14       Defendant.                        PVT WARRANTS

15

16       Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this

17  *Motion For Leave To File First Supplement To Motion For Order Requiring Government To*

18  *Comply With Data Deletion Requirements Of N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT,*

19  *AND 08-70502-PVT Warrants*.  After the defendant filed *Motion For Order Requiring*

20  *Government To Comply With Data Deletion Requirements Of N.D.Cal. 08-70460-HRL/PVT,*

21  *08-70503-PVT, AND 08-70502-PVT Warrants* (Dkt. #847) and *Reply To Government's*

22  *Response To Defendant's Motion To Suppress* (Dkt. #900), the defendant discovered **new**

23  **legal authority** that he was unable to bring to the Court's attention earlier.[1]  The new legal

24  authority was issued on August 27, 2012—notably, after the government's response to Dkt.

25

26  _____
    1.    *See* United States v. Collins, Case No. 11-CR-00471-DLJ (PSG), Doc. #328
27  (N.D.Cal., Aug. 27, 2012), as well as Doc. #311, #313, #333, #335, #336, #348 and #360.
    The defendant was also only recently provided with United States v. Metter, No. 10-CR-600
28  (DLI), Doc. 219, p. 17 (E.D.N.Y., May 17, 2011), which was relied upon by Magistrate
    Judge Paul Grewal in the *Collins* order at Doc. #311.

                                   - 1 -

MOTION FOR LEAVE TO FILE FIRST SUPPLEMENT TO MOTION FOR ORDER REQUIRING GOVERNMENT TO COMPLY WITH DATA DELETION REQUIREMENTS OF N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-PVT WARRANTS
CR08-814-PHX-DGC

MOTION FOR LEAVE TO FILE FIRST SUPPLEMENT TO MOTION FOR ORDER REQUIRING GOVERNMENT TO COMPLY
WITH DATA DELETION REQUIREMENTS OF N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-PVT WARRANTS
CR08-814-PHX-DGC

1  #847 (*see* Dkt. #873)—and the defendant only gained access to it on October 22, 2012.[2]

2  The *Collins* court addressed, and is in the process of addressing, issues similar to what the

3  Court will address with respect to Dkt. #847 in the present case.  Given the complex

4  differences between seized physical hard drives, DriveCrypt encrypted container files,

5  mounted encrypted virtual drives, forensic images of mounted encrypted virtual drives,

6  forensic images of physical hard drives, forensic images of operating system drives with

7  intermingled *in-scope* and *out-of-scope* data, the *Collins*-style "redaction" process used by

8  Mr. Lee, and the "extraction" process used by IRS-CI Agent Daun in the present case –  the

9  defendant believes the Court will benefit from the defendant's very light and brief comparing

10  and contrasting of *Collins* so as to place it into context *vis-a-vis* the facts of the present case.

11  The defendant also assumes that the government would like to respond considering it did not

12  have the benefit of using Doc. #328 of *Collins* prior to filing its response at Dkt. #873.

13  Therefore, the defendant respectfully requests that the Court permit him to file *First*

14  *Supplement To Motion For Order Requiring Government To Comply With Data Deletion*

15  *Requirements Of N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-PVT*

16  *Warrants*, allow the government to file a response, and the defendant a reply.  If the Court

17  feels inclined to deny this motion, the defendant respectfully requests that it first read his

18  proposed supplement, as it is only 8 pages in length minus the signature page.

19  This motion and all attachments were drafted/prepared by the *pro se* defendant,

20  however, he authorizes his shadow counsel, Philip Seplow, to file this motion and all

21  attachments on his behalf using the ECF system.  The defendant is appearing *pro se* and has

22  never attended law school.  The defendant's filings, however inartfully pleaded, must be

23  liberally construed and held to less stringent standards than formal pleadings drafted by

24  lawyers.  *See* Haines v. Kerner, 404 U.S. 519, 520 (1972).

25  LRCrim 12.2(a) requires that the undersigned include the following statement in all

26  ───────────────────────────

27  2.     The defendant is incarcerated and does not have access to up-to-date case law and his
court-appointed shadow counsel uses the lower quality LoisLaw service, as opposed to
LexisNexis or WestLaw, and was therefore not informed of Judge Jensen's decision August

28  27, 2012.  The defendant discovered the case after requesting the *Collins* docket and
thereafter a number of filings from his court-appointed shadow counsel's office.

1  motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this

2  motion or of an order based thereon."

3  ///

4  ///

5  ///

6  ///

7  ///

8  ///

9  ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

*MOTION FOR LEAVE TO FILE FIRST SUPPLEMENT TO MOTION FOR ORDER REQUIRING GOVERNMENT TO COMPLY WITH DATA DELETION REQUIREMENTS OF N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-PVT WARRANTS CR08-814-PHX-DGC*

MOTION FOR LEAVE TO FILE FIRST SUPPLEMENT TO MOTION FOR ORDER REQUIRING GOVERNMENT TO COMPLY
WITH DATA DELETION REQUIREMENTS OF N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-PVT WARRANTS
CR08-814-PHX-DGC

1  Respectfully Submitted:

2

3                                               PHILP SEPLOW, Shadow Counsel, on
                                                behalf of DANIEL DAVID RIGMAIDEN,
4                                               Pro Se Defendant:

5

6                                               s/ Philip Seplow
                                                Philip Seplow
7                                               Shadow Counsel for Defendant.

8                         CERTIFICATE OF SERVICE

9

10         I hereby certify that on:                I caused the attached document to be

11  electronically transmitted to the Clerk's Office using the ECF system for filing and
    transmittal of a Notice of Electronic Filing to the following ECF registrants:

12

13  Taylor W. Fox, PC
    Counsel for defendant Ransom Carter
14  2 North Central Ave., Suite 735
    Phoenix, AZ 85004
15

16  Frederick A. Battista
    Assistant United States Attorney
17  Two Renaissance Square
    40 North Central Ave., Suite 1200
18  Phoenix, AZ 85004

19

20  Peter S. Sexton
    Assistant United States Attorney
21  Two Renaissance Square
    40 North Central Ave., Suite 1200
22  Phoenix, AZ 85004

23

24  James R. Knapp
    Assistant United States Attorney
25  Two Renaissance Square
    40 North Central Ave., Suite 1200
26  Phoenix, AZ 85004

27

28  By: s/ Daniel Colmerauer
    (Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

                                   - 4 -