### UNITED STATES v. DANIEL DAVID RIGMAIDEN
### CR08-814-PHX-DGC
### EXHIBIT INDEX
### FIFTH SUBMISSION OF CONSOLIDATED EXHIBITS
### RELATING TO DISCOVERY AND SUPPRESSION ISSUES

EXHIBIT 01:   Government report documenting case agent attempts to comply with the defendant's July 5, 2012 discovery request regarding the search/seizure of digital data; (ITEM No. 1 of October 22, 2012 discovery set [p. 1-7]).

[Redacted by the defendant (pursuant to Fed. R. Crim. P. 49.1(a)) using white squares with black borders.]

EXHIBIT 02:   Paper print-out of email sent from IRS-CI Agent Tracy L. Daun to AUSA Frederick A. Battista RE: the search/seizure of digital data on seized data storage devices; Note: email shows that IRS-CI Agent Daun was aware of the "Computer Search Protocol" contained in the N.D.Cal. warrants but violated its terms anyways; (Email sent date: August 28, 2008 5:47pm); (ITEM No. 2 of October 22, 2012 discovery set [p. 9-11]).

EXHIBIT 03:   Paper print-out of email sent from IRS-CI Agent Tracy L. Daun to AUSA Frederick A. Battista RE: the search/seizure of digital data on seized digital data storage devices continued at least through December of 2011; Note: in order to support the defendant's claim that IRS-CI Agent Daun was conducting her December 2011 search/seizure by re-accessing the forensic images beyond the 30-day search windows, a page from an email attachment is included showing that the data was extracted from forensic image "1000220515_S1_SGT500G_DriveCrypt01.E01" and not from IRS-CI Agent Daun's CD and DVDs containing data previously extracted during her first 353 day exploratory rummaging concluding on July 22, 2009; (Email sent date: December 20, 2011 1:46pm); (ITEM No. 3 of October 22, 2012 discovery set [p. 18-20, 23]).

[Redacted by the defendant (for relevance and privacy) using white squares with black borders.]

EXHIBIT 04:   Paper print-out of email sent from IRS-CI Agent Tracy L. Daun to FBI Agent Richard J. Murray RE: the use of descriptive file names and descriptive folder names on the seized digital data storage devices; (Email sent date: October 15, 2008 7:46pm); (4/17/2012 BATES Nos. 000146 of April 17, 2012 discovery set).

EXHIBIT 05:   Evidence of the prosecution's December 9, 2011 concealment of discoverable evidence revealing of the case agents' deliberate violations of the "Computer Search Protocol" contained in the N.D.Cal. warrants; Note: this exhibit consists of:

(1)   Paper print-out of email sent from IRS-CI Agent Tracy L. Daun to AUSA Frederick A. Battista RE: the search/seizure of digital data on seized data storage devices; Note: **heavily redacted version**; (Email sent date: August 28, 2008 5:47pm); (4/17/2012 BATES Nos. 000250 of

December 9, 2011 discovery set); *and*

(2)     Paper print-out of email sent from IRS-CI Agent Tracy L. Daun to AUSA Frederick A. Battista RE: the search/seizure of digital data on seized data storage devices; Note: **non-redacted email body version** with gray boxes highlighting the areas of the email body that were redacted in the December 9, 2011 disclosure; (Email sent date: August 28, 2008 5:47pm); (ITEM No. 2 of October 22, 2012 discovery set [p. 9-11]).

The comparison of the two emails shows that the prosecution used redactions to conceal evidence from the defendant indicating that IRS-CI Agent Daun was *knowingly* violating the terms of the "Computer Search Protocol" during what turned out to be a more than three year long exploratory rummaging / fishing exhibition into the defendant's digital data.  The prosecution made its redactions during the December, 2011 portion of IRS-CI Agent Daun's fishing exhibition and violations of the 30-day search window provision discussed in the redacted section of the email.

↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓
↓ **EXHIBIT 01** ↓

*ATTACHED EXHIBITS*
*FIFTH SUBMISSION OF CONSOLIDATED EXHIBITS*
*RELATING TO DISCOVERY AND SUPPRESSION ISSUES*
*CR08-814-PHX-DGC*

Government report documenting case agent attempts to comply with the defendant's July 5, 2012 discovery request regarding the search/seizure of digital data; (ITEM No. 1 of October 22, 2012 discovery set [p. 1-7]).

[Redacted by the defendant (pursuant to Fed. R. Crim. P. 49.1(a)) using white squares with black borders.]

**United States v. Daniel David Rigmaiden**
**CR-08-814-PHX-DGC**

**Discovery**

**October 22, 2012**

**Discovery Letter No. 89**

**Item No. 1**

Item 1 – Additional Summaries of Searches of Computers Seized in this Case by IRS-CI Special Agents Tracy Daun, Denise Medrano and Michael Fleischmann, and FBI Special Agent Richard Murray.  (Item 1 - 6 Pages.)

Additional Summaries of Searches of Computers Seized in this Case

The following information is being provided pursuant to defendant's request Re: Digital Evidence Search.

1.      Information Provided by IRS-CI Special Agent Tracy Daun

Access to Virtual Machines (VM)

The virtual machines each consisted of the IBM thinkpad computer, the 100GB external hard drive found in the apartment, the 500GB external hard drive found in the apartment and the 100GB external hard drive found in the storage unit.  No other computer media seized from the search warrants were accessible through the virtual machines.

From reviewing the logs of the virtual machines created from the defendant's computer media and the virtual machines in other unrelated cases, it appears that the program keeps a log of the last four (4) times the virtual machine was "booted", i.e. powered on – not necessarily logged onto, but at least booted.  Special Agent Daun pulled the dates and times the virtual machines were last powered on and powered off.

IRS-CI Case Agent VM (Provided to IRS-CI Special Agents Medrano and Fleischmann)

| | |
|---|---|
| 10-7-2008 | 1:50p.m. - Power On (vmware-2.log) |
| 10-7-2008 | 2:02p.m. - Power Off (vmware-2.log) |
| 10-7-2008 | 2:04p.m. - Power On (vmware-1.log) |
| 10-7-2008 | 4:05p.m. - Power Off (vmware-1.log) |
| 10-8-2008 | 9:19a.m. - Power On (vmware-0.log) |
| 10-8-2008 | 2:54p.m. - Power Off (vmware-0.log) |
| 11-18-2008 | 12:56p.m. - Power On (vmware.log) |
| 11-18-2008 | 1:58p.m. - Power Off (vmware.log) |

CIS VM (Maintained by Special Agent Daun)

3-26-2009  9:13a.m. - Power On (vmware-2.log)
3-26-2009  8:30p.m. - Power Off (vmware-2.log)
3-27-2009  10:58a.m. - Power On (vmware-1.log)
3-27-2009  5:57p.m. - Power Off (vmware-1.log)
4-17-2009  1:17p.m. - Power On (vmware-0.log)
4-17-2009  5:29p.m. - Power Off (vmware-0.log)
5-27-2009  10:28a.m. - Power On (vmware.log)
5-27-2009  12:27p.m. - Power Off (vmware.log)

Additionally, Special Agent Daun uses a feature in VMWare called "snapshot".  This allows her to take a "snapshot" of the virtual machine at a specific time and state.  She can then at a later date always revert back to that snapshot of the virtual machine.  The date time stamp of the snapshot file

is a good indication that the virtual machine was viewed on that date.  However, these would be dates that she accessed the virtual machines, not one of the case agents.  She pulled the dates of all snapshots from the virtual machines:

IRS-CI Case Agent VM
Snapshot 1:     9-2-2008          4:25 p.m.
Snapshot 2:     9-4-2008          4:48 p.m.
Snapshot 3:     9-4-2008          4:49 p.m.
Snapshot 4:     9-11-2008        11:19 a.m.
Snapshot 5:     10-7-2008        1:11 p.m.
Snapshot 6:     10-7-2008        2:03 p.m.

CIS VM
Snapshot 1:     8-10-2008        12:55 p.m.
Snapshot 2:     8-10-2008        1:57 p.m.
Snapshot 3:     8-10-2008        2:16 p.m.
Snapshot 4:     8-22-2008        9:52 a.m.
Snapshot 5:     9-4-2008          3:40 p.m.

Special Agent Daun also knows  from reviewing notes and recollection that these virtual machines have each been powered on, multiple times prior to the dates listed in the logs.  The following dates are times she knows from reviewing notes that the virtual machines were accessed.

IRS-CI Case Agent VM
9-2-2008 – Cloned CIS VM to create Agent VM
9-9-2008 – Special Agent Daun met with case agents to review VM
9-11-2008 – Special Agent Daun set the VM up in the IRS-CI case agent's workspace.

CIS VM
8-9-2008 – Started creating VM
8-10-2008 – Continued creating VM
8-20-2008 – Pulled files from VM for case agents
8-22-2008 – Reviewed VM
8-26-2008 – Used VM to view .dcv file from external hard drive from storage unit
8-31-2008 – Working on Cloning VM for Case Agents
9-1-2008 – Continued working on Cloning VM for Case Agents
9-2-2008 – Completed VM Clone for Case Agents / Restoring external hard drive image (storage unit) to virtual disk
9-4-2008 – Completed restoring external hard drive image (storage unit) and added to VM – also copied to Agent VM / Started Cloning VM for FBI Case Agent.
1-6-2009 – Imaging encrypted volumes for analysis in forensic tools
1-8-2009 – Imaging encrypted volumes for analysis in forensic tools
1-9-2009 – Imaging encrypted volumes for analysis in forensic tools

2

3-17-2009 – Reviewed VM with AUSA
3-23-2009 – Reviewing VM for identifying "live" victims
3-24-2009 – Reviewing VM for identifying "live" victims
3-25-2009 – Reviewing VM for identifying "live" victims
3-26-2009 – Reviewing VM for identifying "live" victims
3-27-2009 – Reviewing VM for identifying "live" victims

On May 13 & 14, 2010, I created an encrypted copy of the VM using TrueCrypt. Special Agent did this due to the fact she was going out of town for a number of weeks. Special Agent Daun wanted an encrypted copy of all images and VM ready for discovery to defense in case it was requested while she was out of town. She may have booted this encrypted copy for the purpose of making sure it worked properly for defense.

Subsequently, on or around October 26, 2011, Special Agent Daun had to recreate the encrypted copy of the VM. The defendant requested all discovery be encrypted using DriveCrypt. The original encrypted copies were wiped and new copies were created. Special Agent Daun again may have booted the encrypted copy for the purpose of making sure it worked properly for the defendant.

The above listing may not be all inclusive, and Special Agent Daun may have accessed the virtual machines on additional dates and not made a specific note in her diary. However, the latest date that the Agent VM was powered on was November 18, 2008. The latest date Special Agent Daun's CIS VM was powered on was May 27, 2009. This is determined by the vmware.log files of the virtual machines.

Special Agent Daun does not have access to the VM Clone provided to FBI. On August 28, 2009, Special Agent Daun informed FBI Special Agent Richard Murray that he should cease access to the FBI VM. He indicated he would secure the FBI's copy from further access.

Access to Images

Special Agent Daun is the only person in the government who has had access to the forensic images of the defendant's computers. Special Agent Daun conducted her search to focus solely on those items listed in the Items to be Seized of the search warrant. Her main search consisted of reviewing files and making determinations whether the file fell within the scope of the warrant. If the file did appear to fall within the scope of the warrant, she marked it for inclusion in her final report. If it did not appear to fall within the scope of the warrant, she ignored the file. In the rare circumstances that keywords seemed appropriate, she attempted to use keywords to extract only those files that fell within the scope of the warrant. Additionally, all files identified through keyword searches were manually reviewed prior to marking for inclusion in her reports. To the best of her recollection, the only keywords used were to find credit card numbers. In order to verify this, she would need to re-open her analysis (and hence re-access the images).

This following table contains a summary time-line regarding Special Agent Daun's analysis.

| Search Warrant, Imaging and Preview | |
|---|---|
| **Date** | **Description** |
| 8/3/2008 5:20 p.m. | Search Warrant executed on apartment. Live acquisition started on encrypted volume. |
| 8/4/2008 | Live acquisition did not complete. Reviewed data obtained.  Identified password for encrypted volumes and located computer files referring to a storage unit. Additional warrants were drafted. |
| 8/4/2008 4:30 p.m. | 2nd Search Warrant for apartment signed and received – Search Warrant for storage unit signed and received |
| 8.3/2008 through 8/28/2008 | Imaged and/or previewed all computer media seized from search warrants. Items were determined to either contain evidence listed on Attachment B or to not contain any evidence.  Images not containing any evidence were subsequently deleted. (Documented by email sent to AUSA Battista on 8/28/2008.) |

| Analysis and Virtual Machines | |
|---|---|
| **Date** | **Description** |
| 8/9/2008 | Restored image of 500GB external hard drive from apartment to a virtual disk. |
| 8/10/2008 | Restored image of IBM thinkpad from apartment to a virtual machine and attached 500GB virtual disk. Restored image of 100GB external hard drive from apartment to a virtual disk and attached to virtual machine of IBM thinkpad (VM). |
| 8/20/2008 | Copied out select files from VM for case agent |
| 8/31/2008 | Cloned VM for case agent use |
| 9/2/2008 | Restored image of 100GB external hard drive from storage unit to a virtual disk and attached to VM. |
| 9/4/2008 | Added copy of storage unit virtual disk to case agent's clone of VM. |
| 9/4/2008 | Cloned entire VM w/3 external virtual disks attached for FBI case agent. |
| 1/6/2009 | Imaged encrypted volume filesalot.dcv from 100GB external hard drive from apartment from within VM in an unencrypted state for analysis. |
| 1/8/2009 | Imaged encrypted volume filesalot_bak_3-1-2008.dcv from 500GB external hard drive from apartment from within VM in an unencrypted state for analysis. |
| 1/9/2009 | Imaged encrypted volume filesalot_bak_3-31-2008.dcv from 100GB external hard drive from storage unit from within VM in an unencrypted state for analysis. |
| 2/2/2009 | Started analysis on image of encrypted volume filesalot_bak_3-1-2008.dcv from 500GB external hard drive from apartment. |
| 2/13/2009 | Completed analysis on image of encrypted volume filesalot_bak_3-1-2008.dcv from 500GB external hard drive from apartment. |
| 2/13/2009 | Started analysis on image of encrypted volume filesalot.dcv from 100GB external hard drive from apartment. |
| 3/1/2009 | Completed analysis on image of encrypted volume filesalot.dcv from 100GB external hard drive from apartment. |
| 3/1/2009 | Started analysis on image of filesalot_bak_3-31-2008.dcv from 100GB external hard drive from storage unit. |
| 4/16/2009 | Started and completed analysis on 100GB external hard drive from storage unit |
| 4/16/2009 | Started and completed analysis on Acer laptop from apartment. |

4

| | |
|---|---|
| 5/11/2009 | Started analysis on IBM Thinkpad laptop from apartment. |
| 5/13/2009 | Completed analysis on IBM Thinkpad laptop from apartment. |
| 5/14/2009 | Started and completed analysis on 100GB external hard drive from apartment. |
| 5/15/2009 | Started and completed analysis on 500GB external hard drive from apartment. |
| 5/20/2009 | Started analysis on WinRAR live acquisition ran onsite at search warrant. |
| 8/14/2009 | Completed analysis on WinRAR live acquisition. |
| 8/14/2009 through 9/8/2009 | Prepared reports and extracted files from the analysis on the computer media. |
| 8/28/2009 | Due to CDT issues in the 9th Circuit, IRS case agents and FBI case agents were instructed to no longer access the virtual machines and data. FBI secured their copy. Special Agent Daun subsequently retrieved the IRS case agent copy and secured it in her lab. |
| 9/22/2009 | Provided Draft Forensic Report and CD/DVDs of extracted files to AUSA. |
| 10/5/2011 | Received request from AUSA to search for a specific credit card # across the evidence. |
| 10/8/2011 | Completed AUSA's 10/5/2011 request. |
| 10/26/2011 | Completed discovery of images, raw files, and virtual machines to defense. |
| 12/16/2011 | Received request from AUSA to review documents received from The Bancorp Bank in response to a subpoena. He requested that Special Agent Daun review the documents in conjunction with the computer evidence and determine if any additional subpoenas should be issued. |
| 1/12/2012 | Completed AUSA's 12/16/2012 request. |
| 3/7/2012 | Resubmitted report to AUSA from 12/16/2012 request to only include files that were included in initial analysis completed September 2009. |

2.    Information Provided by IRS-CI Special Agent Denise Medrano

The following are dates Special Agent Medrano obtained from reviewing her diary regarding accessing and/or reviewing search warrant evidence related to and/or on the virtual machine:

08/25/2008 - Review SW Computer Evidence
(Note: Special Agent Medrano believes this was information forwarded/provided by Special Agent Daun)
09/11/2008 - Met with Special Agent Daun to Review Virtual Machine
(Note: Special Agent Medrano believes this was the date Special Agent Daun explained to Special Agent Mike Fleichmann and her how to use the virtual machine)
09/29/2008 - Review SW Computer Evidence
09/30/2008 - Review SW Computer Evidence
10/01/2008 - Review SW Computer Evidence
10/06/2008 - Review SW Computer Evidence
10/07/2008 - Review SW Computer Evidence
10/08/2008 - Review SW Computer Evidence
02/13/2009 - Meeting with Special Agent Daun - Review Computer Evidence (Meeting at USAO)
03/04/2009 - Meet with Special Agent Daun, Pick up and review Computer Evidence
03/12/2009 - Review SW Computer Evidence

5

Special Agent Medrano advises that she examined the Agent VM for the following types of records: account information, tax return information, storage unit and mail drop information, records in the names of other persons, and information related to JP⎿                              ⏌.

3.      Information Provided by IRS-CI Special Agent Michael Fleischmann

Special Agent Fleischmann has advised that he recalls he was on the Agent VM a few times. He does not recall taking any notes of when he accessed the computer. He advised that he was mainly looking for any additional storage units and/or other locations related to the subject criminal activity.

4.      Information Provided by FBI Special Agent Rich Murray

Special Agent Murray has advised that he was provided a copy of the VM by Special Agent Daun and accessed the virtual machine pursuant to the investigation.

The following items in the Case Discovery Index provide documentation of the analysis he conducted:

Discovery Index Items 907: ⎿                                        ⏌
Discovery Index Item 908:  March 30, 2009 FBI Letter to USPIS re: ⎿            ⏌
Discovery Index Item 1018 (Probably based on the brief description in the index): December 5, 2008
EC from Phoenix FBI to ⎿        ⏌ FBI requesting ⎿                        ⏌

The VM provided to the FBI by Special Agent Daun remains in the custody of the FBI in Phoenix.

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

⬇ **EXHIBIT 02** ⬇

*ATTACHED EXHIBITS*
*FIFTH SUBMISSION OF CONSOLIDATED EXHIBITS*
*RELATING TO DISCOVERY AND SUPPRESSION ISSUES*
*CR08-814-PHX-DGC*

Paper print-out of email sent from IRS-CI Agent Tracy L. Daun to AUSA Frederick A. Battista RE: the search/seizure of digital data on seized data storage devices; Note: email shows that IRS-CI Agent Daun was aware of the "Computer Search Protocol" contained in the N.D.Cal. warrants but violated its terms anyways; (Email sent date: August 28, 2008 5:47pm); (ITEM No. 2 of October 22, 2012 discovery set [p. 9-11]).

**Battista, Fred (USAAZ)**

| | |
|---|---|
| **From:** | Daun Tracy L |
| **Sent:** | Wednesday, August 15, 2012 1:10 PM |
| **To:** | Battista, Fred (USAAZ); Knapp, James (USAAZ) |
| **Subject:** | FW: Computer Evidence - Followup |

**From:** Daun Tracy L
**Sent:** Thursday, August 28, 2008 4:40 PM
**To:** Fred.Battista@usdoj.gov
**Subject:** FW: Computer Evidence - Followup

Fred,

For the two items below that I hadn't had a chance to glance at, here is the status:

- Portable harddrive from storage unit - analysis has been started and evidence has been located.  Analysis is not complete. (Contains an encrypted container backup of encrypted container from apartment.)
- Seagate 250 GB hard drive from apartment - no evidence was located - could be returned

Tracy L. Daun
Special Agent, CIS
IRS-CI

desk
cell
fax

---

**From:** Daun Tracy L
**Sent:** Monday, August 25, 2008 5:47 PM
**To:** 'Fred.Battista@usdoj.gov'
**Cc:** Medrano Denise L; Fleischmann Michael P; 'Richard.Murray JLWilson
**Subject:** Computer Evidence

Fred,

Just a reminder that the Search Warrant had some pretty strict requirements on computer evidence - 30 days after the execution of the warrant is our first deadline.  Below is a summary of all computer evidence seized, the status of the analysis, etc.

I'm not sure if I'm reading paragraph 5 of Attachment C correctly or not, but is that requiring me to have all my searches complete within 30 days, or do I just need to find at least one piece of evidence on the image and I can continue to search the device even after those first 30 days?  If we can not do

1

any additional searching after 30 days, we are going to need to request an extension on all items that are not complete.

As far as the physical computers and hard drives, you may need to address this with the court. I was able to image each of the items and feel pretty confident that I have gotten around the encryption issue. So the question is, are we required to now return the physical items as indicated in Attachment C. Can we argue that they should not be returned due to the items containing personal identifying information of victims of the identity theft or something like that. Or as an alternative, can we get an order from the court to wipe the drives of any information prior to returning them. If you need me to wipe them and/or return them, let me know. It will be hard for me to complete this by the 30 day deadline, so I would need an extension on this.

If you have any questions, please let me know.

## Storage Unit

- Portable Harddrive - I just noticed this on the Items Seized. I received the drive today and will work on imaging it and checking it. I've been told they believe it is blank. I hope to have an answer for you on this by Wednesday morning.

## Apartment (Search #1)

Items in which analysis has been started, but have not identified any evidence yet - analysis not complete

- Seagate 250 GB hard drive - working on this item yet. Hope to have this one done tomorrow. I don't expect to find anything on it. I believe it was a new drive.

Items which analysis has been started and evidence has been located. Analysis is not complete.

- 5 cell phones - phones have been sent to a CIS in San Diego who has received advanced cell phone forensic training - will need an extension on the analysis of these.
- Cool Gear External HDD Model TBM 120
- Acer laptop Aspire
- Image of Craft External Hard Drive
- Craft External Hard Drive Enclosure - physical item of above image - seized physical drive due to unknown encryption issues
- WinRAR Archive - Live acquisition attempt of item above, that did not complete, but does contain evidence
- Image of Hitachi 100GB HDD
- IMB Thinkpad S/N LV-C4398 with mouse, keys, docking station and power cord - physical item of above image - seized physical laptop due to unknown encryption issues and for possible DNA and fingerprinting analysis)

Items which were seized as evidence themselves - not necessarily for the data on them. Do we need to file a motion to keep as an instrumentality of the crime?

- MSR206 Magnetic Strip Card Reader/Writer

2

- Keyboard - no analysis to do - seized for possible DNA or fingerprinting analysis. Was not connected to any computer when seized, but was sitting on table in corner that the IBM laptop was sitting on
- Epson Stylus Photo R1900 S/N KBQE004967 - I don't believe this has internal memory, but I would need to look into.  This item was seized as equipment used to produce false identifications
- Epson Perfection V750 ProScanner S/N G77W001673 - I don't believe this has internal memory, but I would need to look into.  This item was seized as equipment used to produce false identifications
- Alps printer MD-1000 S/N B28C0948H - I don't believe this has internal memory, but I would need to look into.  This item was seized as equipment used to produce false identifications
- Epson Stylus Photo 960 S/N EPVY024944 - I don't believe this has internal memory, but I would need to look into.  This item was seized as equipment used to produce false identifications
- Family Tree Maker Manual and CDs including Social Security Death Index
- CDs for scanner software, Photoshop elements, and Lasersoft imaging - seized as equipment used to produce false identification


Items on which no evidence was located - could be returned:

- Sandisk 2.0 GB Compact Flash Card - analysis complete - no evidence located.
- Garmin 60CS GPS - analysis complete - no evidence located.
- Windows Vista upgrade disks - no evidence
- 5 unlabeled CDs - all blank - no evidence
- Grey CD sleeve of assorted CDs - no evidence - either recovery disks for OS or blank
- Dane-Elec 1GB hard drive - analysis complete - no evidence.
- Sony CyberShot Camera and 2GB memory card with cords and batter charger - analysis complete - no evidence.


**Apartment (Search #2)**
None


Tracy L. Daun
Special Agent, CIS
IRS-CI

desk
cell
fax

*ATTACHED EXHIBITS*
*FIFTH SUBMISSION OF CONSOLIDATED EXHIBITS*
*RELATING TO DISCOVERY AND SUPPRESSION ISSUES*
*CR08-814-PHX-DGC*

⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇
⬇ **EXHIBIT 03** ⬇

Paper print-out of email sent from IRS-CI Agent Tracy L. Daun to AUSA Frederick A. Battista RE: the search/seizure of digital data on seized digital data storage devices continued at least through December of 2011; Note: in order to support the defendant's claim that IRS-CI Agent Daun was conducting her December 2011 search/seizure by re-accessing the forensic images beyond the 30-day search windows, a page from an email attachment is included showing that the data was extracted from forensic image "1000220515_S1_SGT500G_DriveCrypt01.E01" and not from IRS-CI Agent Daun's CD and DVDs containing data previously extracted during her first 353 day exploratory rummaging concluding on July 22, 2009; (Email sent date: December 20, 2011 1:46pm); (ITEM No. 3 of October 22, 2012 discovery set [p. 18-20, 23]).

[Redacted by the defendant (for relevance and privacy) using white squares with black borders.]

<u>United States v. Daniel David Rigmaiden</u>
**CR-08-814-PHX-DGC**

**Discovery**

**October 22, 2012**

**Discovery Letter No. 89**

**Item No. 3**

Item 3 – IRS-CI Special Agent Tracy Daun - Summary of Computer Search as of December 20, 2011.  (Note - this search was later performed by Special Agent Daun again as noted in earlier discovery.  The results of this search have not formed the basis of any additional pleadings, investigations or charges in this case.  (Iteme 3 - 68 Pages.)

**Battista, Fred (USAAZ)**

| | |
|---|---|
| **From:** | Daun Tracy L |
| **Sent:** | Tuesday, December 20, 2011 1:46 PM |
| **To:** | Battista, Fred (USAAZ); Medrano Denise L |
| **Subject:** | Files |

Fred & Denise,

I am not even close to getting done with completely reviewing the subpoenaed documents and comparing them to the computer evidence. So I'm just providing you with the most important documents in the meantime. I'm up against the clock on getting everything I need to get done before I leave in an hour.

Denise can access the files on the server: \\Phosvr001\cis\Medrano_Fleischmann\20111220
  Denise – Can you please download/print out the documents and provide to Fred. Thanks!

You will see some duplicates, because he did backups on the other external hard drives.

agj_cool_drives_cases_order.txt – I believe this is the **purchase of the hard drive enclosure that contained a 500GB hard drive**. This was not bought with the same credit card as the Lenovo. You may want to subpoena CoolDrives to see what card he used for this purchase. This document definitely shows the item was purchase in the AJ name and shipped to that name.

agj_newegg_external_drive_enclosures_order – I believe this is the **purchase of the X-Craft hard drive enclosure that contained one of the 100GB hard drives**. This would have been the main external hard drive connected to the Lenovo laptop. This was purchased with the card ending in 4910 and shows up in the subpoenaed documents.

Agj_nwcis.com_router_board_and_wifi_adapter – I believe this is the purchase of the big wi-fi antenna and PCMCIA card connected to the Lenovo laptop computer. This was purchased with the card ending in 4910 and shows up in the subpoenaed documents as a charge on 1/13/2007 to NORTHWOODSC.

Seagate_harddrive_order_2 – I believe this is the **purchase of 500GB hard drive** that is inside one of the external hard drive enclosures. This charge was not included in the documents for the card ending in 4910, so you may want to subpoena the company listed in the document to find out how the order was paid for.

2679.eml.msg – I believe this is a purchase of UV inks used to create IDs. This was purchased with the card ending in 4910 and shows up in the subpoenaed documents as a charge on 12/20/2006.

2835.eml.msg – I believe this is the **purchase of the two (2) 100GB hard drives** inside the other two external hard drive enclosure. This charge does not show up in the documents for the card ending in 4910, so you may want to subpoena this company. I would recommend subpoenaing this company for a listing of all orders placed in the name on this order. This appears to be one of the defendant's favorite computer stores. This document does not list the name the order was placed in but based on the email address, I suspect it was AJ.

6838.eml.msg – duplicate of 2835.eml.msg

16835.eml.msg – another duplicate of 2835.eml.msg

101329.txt – appears to be a purchase of a Lenovo laptop, but the total price does not match the amount shown in the subpoenaed documents.  I believe this was the original order and then was subsequently changed.  The order number appears to match the order number on other documents for purchases of a Lenovo laptop that has the correct price.

101330.eml.msg – similar to 101329.txt

101331.txt – I believe this is the **purchase of the Lenovo laptop computer**.  This charge shows up on the documents for the card ending in 4910 as a charge on 9/13/2007.

101332.eml.msg – relates to the Lenovo purchase, but shows both costs from 101329.txt and 101331.txt

101333 – similar to 101331.txt


I will be back on the 4th and will work on this again and get an actual report completed.  Please let me know what items I should focus on.  Computer items only?  Computer and ID creation items?  Do you care about the purchases of the outdoor equipment / clothes?  Vitamins / nutritional stuff?  If I can narrow it down, it would be a lot easier.

Thanks!

Tracy L. Daun
Special Agent, CIS

|  | desk |
|  | cell |
|  | fax |

| Path | Category | P-Size (bytes) |
|---|---|---|
| 1000220515_S1_TSB100G_1_DriveCrypt01.E01/filesalot Andrew_Johnson/AGJ_orders/cooldrives.com_cases_order/agj_cool_drives_cases_order.txt | Text | 12288 |
| 1000220515_S1_SGT500G_DriveCrypt01.E01/filesalot Andrew_Johnson/AGJ_orders/cooldrives.com_cases_order/agj_cool_drives_cases_order.txt | Text | 12288 |
| 1000220515_S1_SGT500G_DriveCrypt01.E01/filesalot Andrew_Johnson/AGJ_orders/agj_performance-pcs.com_clearneon_uv_order.txt | Text Internet Email | 4096 |
| 1000220515_S1_TSB100G_2_DriveCrypt01.E01/filesalot Andrew_Johnson/AGJ_orders/big_orders_12-08-2006/part-4_2-16-2007/agj_lenovo_thinkpad_order.txt/entry #0001458 | Text Email | n/a |
| 1000220515_S1_TSB100G_2_DriveCrypt01.E01/filesalot Andrew_Johnson/AGJ_orders/big_orders_12-08-2006/part-4_2-16-2007/agj_lenovo_thinkpad_order.txt/entry #0007057 | Text Internet Email | n/a |
| 1000220515_S1_TSB100G_2_DriveCrypt01.E01/filesalot Andrew_Johnson/AGJ_orders/big_orders_12-08-2006/part-4_2-16-2007/agj_lenovo_thinkpad_order.txt/entry #0015511 | Text Email | n/a |
| 1000220515_S1_TSB100G_2_DriveCrypt01.E01/filesalot Andrew_Johnson/AGJ_orders/big_orders_12-08-2006/part-4_2-16-2007/agj_lenovo_thinkpad_order.txt/entry #0021179 | Text Internet Email | n/a |
| 1000220515_S1_TSB100G_2_DriveCrypt01.E01/filesalot Andrew_Johnson/AGJ_orders/big_orders_12-08-2006/part-4_2-16-2007/agj_lenovo_thinkpad_order.txt/entry #0029648 | MIME Email Files | n/a |
| 1000220515_S1_SGT500G_DriveCrypt01.E01/filesalot Andrew_Johnson/AGJ_orders/agj_nwcis.com_router_board_and_wifi_adapter.txt | Text | 4096 |
| 1000220515_S1_SGT500G_DriveCrypt01.E01/filesalot Andrew_Johnson/AGJ_orders/newegg_orders/agj_100g_toshibas_newegg_order.txt | Text Internet Email | 8192 |
| 1000220515_S1_TSB100G_2_DriveCrypt01.E01/filesalot Andrew_Johnson/AGJ_orders/seagate_harddrive_order_2.txt | Text | 4096 |

⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇
⬇ **EXHIBIT 04** ⬇

*ATTACHED EXHIBITS*
*FIFTH SUBMISSION OF CONSOLIDATED EXHIBITS*
*RELATING TO DISCOVERY AND SUPPRESSION ISSUES*
*CR08-814-PHX-DGC*

Paper print-out of email sent from IRS-CI Agent Tracy L. Daun to FBI Agent Richard J. Murray RE: the use of descriptive file names and descriptive folder names on the seized digital data storage devices; (Email sent date: October 15, 2008 7:46pm); (4/17/2012 BATES Nos. 000146 of April 17, 2012 discovery set).

## Daun Tracy L

**From:** Murray, Richard J. ▓▓▓▓▓▓▓▓▓▓
**Sent:** Wednesday, October 15, 2008 8:36 PM
**To:** Daun Tracy L
**Subject:** Re: CD

*Internal comm.*

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

**From:** Daun Tracy L
**To:** Murray, Richard J.
**Sent:** Wed Oct 15 19:46:52 2008
**Subject:** CD

Rich,

I have the CD ready.  I made you two copies, so that you can forward one on to the unit and keep one with you.  The password is ▓▓▓▓▓▓▓▓▓▓

I went through the entire computer and the 3 encrypted volumes and searched for all *.hta files.  There were only a few on the main system drive.  There were also only a few on the backup encrypted volumes that weren't duplicates from the current encrypted volume - some are actually the same name as the ones on the current encrypted volume but had different modified dates, so I included them.  I placed all the files in the same file path that I found them in.  I thought that might help the programmer since the hacker tended to be kind of descriptive in places.  I think the final number was 112.

I didn't include any of the .js files.  From what I could tell, they all appeared to be older.  Perhaps that is what he used to write scripts in?  I figured we can deal with hta files first and then if we decide we want to look at the .js files later, we can.



*← Internal comm.*

Let me know if you have any questions!

Thanks!

Tracy L. Daun
Special Agent, CIS
IRS-CI
▓▓▓▓▓▓▓▓▓▓
Phoenix AZ  85012
▓▓▓▓▓▓▓▓▓▓

*LES unrelated to the Subject Jircard.*

01/20/2010

↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓
↓ **EXHIBIT 05** ↓

*ATTACHED EXHIBITS*
*FIFTH SUBMISSION OF CONSOLIDATED EXHIBITS*
*RELATING TO DISCOVERY AND SUPPRESSION ISSUES*
*CR08-814-PHX-DGC*

Evidence of the prosecution's December 9, 2011 concealment of discoverable evidence revealing of the case agents' deliberate violations of the "Computer Search Protocol" contained in the N.D.Cal. warrants; Note: this exhibit consists of:

(1)     Paper print-out of email sent from IRS-CI Agent Tracy L. Daun to AUSA Frederick A. Battista RE: the search/seizure of digital data on seized data storage devices; Note: **heavily redacted version**; (Email sent date: August 28, 2008 5:47pm); (4/17/2012 BATES Nos. 000250 of December 9, 2011 discovery set); *and*

(2)     Paper print-out of email sent from IRS-CI Agent Tracy L. Daun to AUSA Frederick A. Battista RE: the search/seizure of digital data on seized data storage devices; Note: **non-redacted email body version** with gray boxes highlighting the areas of the email body that were redacted in the December 9, 2011 disclosure; (Email sent date: August 28, 2008 5:47pm); (ITEM No. 2 of October 22, 2012 discovery set [p. 9-11]).

The comparison of the two emails shows that the prosecution used redactions to conceal evidence from the defendant indicating that IRS-CI Agent Daun was *knowingly* violating the terms of the "Computer Search Protocol" during what turned out to be a more than three year long exploratory rummaging / fishing exhibition into the defendant's digital data.  The prosecution made its redactions during the December, 2011 portion of IRS-CI Agent Daun's fishing exhibition and violations of the 30-day search window provision discussed in the redacted section of the email.

Heavily Redacted
Version

↓                                    ↓

**Daun Tracy L**

| | |
|---|---|
| **From:** | Daun Tracy L |
| **Sent:** | Thursday, August 28, 2008 4:40 PM |
| **To:** | Fred.Battista ████████ |
| **Subject:** | FW: Computer Evidence - Followup |

*Internal*
*Communications*
*Redacted.*

Fred,

For the two items below that I hadn't had a chance to glance at, here is the status:

- Portable harddrive from storage unit - analysis has been started and evidence has been located. Analysis is not complete. (Contains an encrypted container backup of encrypted container from apartment.)
- Seagate 250 GB hard drive from apartment - no evidence was located - could be returned

Tracy L. Daun
Special Agent, CIS
IRS-CI
████████████
Phoenix AZ  85012
████████████

---

**From:** Daun Tracy L
**Sent:** Monday, August 25, 2008 5:47 PM
**To:** 'Fred.Battista ████████
**Cc:** Medrano Denise L; Fleischmann Michael P; 'Richard.Murray ████████ 'JLWilson ████
**Subject:** Computer Evidence

Fred,

████████████████████████████ Below is a summary of all computer evidence seized, the status of the analysis, etc. ████████████████████████████████████████████████████████████████████████████████████ I was able to image each of the items and feel pretty confident that I have gotten around the encryption issue ████████████████████████████████████████



## Storage Unit

- Portable Harddrive - I just noticed this on the Items Seized. I received the drive today and will work on imaging it and checking it. I've been told they believe it is blank. I hope to have an answer for you on this by Wednesday morning.

## Apartment (Search #1)

Items in which analysis has been started, but have not identified any evidence yet - analysis not complete

- Seagate 250 GB hard drive - working on this item yet. Hope to have this one done tomorrow. I don't expect to find anything on it. I believe it was a new drive.

Items which analysis has been started and evidence has been located. Analysis is not complete.

- 5 cell phones - phones have been sent to a CIS in San Diego who has received advanced cell phone forensic training -
- Cool Gear External HDD Model TBM 120
- Acer laptop Aspire
- Image of Craft External Hard Drive
- Craft External Hard Drive Enclosure - physical item of above image - seized physical drive due to unknown encryption issues
- WinRAR Archive - Live acquisition attempt of item above, that did not complete, but does contain evidence
- Image of Hitachi 100GB HDD
- IMB Thinkpad S/N LV-C4398 with mouse, keys, docking station and power cord - physical item of above image - seized physical laptop due to unknown encryption issues and for possible DNA and fingerprinting analysis)

Items which were seized as evidence themselves - not necessarily for the data on them.

- MSR206 Magnetic Strip Card Reader/Writer
- Keyboard - no analysis to do - seized for possible DNA or fingerprinting analysis. Was not connected to any computer when seized, but was sitting on table in corner that the IBM laptop was sitting on
- Epson Stylus Photo R1900 S/N KBQE004967 - I don't believe this has internal memory, but I would need to look into. This item was seized as equipment used to produce false identifications
- Epson Perfection V750 ProScanner S/N G77W001673 - I don't believe this has internal memory, but I would need to look into. This item was seized as equipment used to produce false identifications
- Alps printer MD-1000 S/N B28C0948H - I don't believe this has internal memory, but I would need to look into. This item was seized as equipment used to produce false identifications
- Epson Stylus Photo 960 S/N EPVY024944 - I don't believe this has internal memory, but I would need to look into. This item was seized as equipment used to produce false identifications
- Family Tree Maker Manual and CDs including Social Security Death Index
- CDs for scanner software, Photoshop elements, and Lasersoft imaging - seized as equipment used to produce false identification

Items on which no evidence was located - could be returned:

01/20/2010

- Sandisk 2.0 GB Compact Flash Card - analysis complete - no evidence located.
- Garmin 60CS GPS - analysis complete - no evidence located.
- Windows Vista upgrade disks - no evidence
- 5 unlabeled CDs - all blank - no evidence
- Grey CD sleeve of assorted CDs - no evidence - either recovery disks for OS or blank
- Dane-Elec 1GB hard drive - analysis complete - no evidence.
- Sony CyberShot Camera and 2GB memory card with cords and batter charger - analysis complete - no evidence.

**Apartment (Search #2)**
None

Tracy L. Daun
Special Agent, CIS
IRS-CI
█████████████████
Phoenix AZ  85012
█████████████████

# Non-Redacted Email Body Version

↓                                                                    ↓

**Battista, Fred (USAAZ)**

| | |
|---|---|
| **From:** | Daun Tracy L |
| **Sent:** | Wednesday, August 15, 2012 1:10 PM |
| **To:** | Battista, Fred (USAAZ); Knapp, James (USAAZ) |
| **Subject:** | FW: Computer Evidence - Followup |

**From:** Daun Tracy L
**Sent:** Thursday, August 28, 2008 4:40 PM
**To:** Fred.Battista@usdoj.gov
**Subject:** FW: Computer Evidence - Followup

Fred,

For the two items below that I hadn't had a chance to glance at, here is the status:

- Portable harddrive from storage unit - analysis has been started and evidence has been located. Analysis is not complete. (Contains an encrypted container backup of encrypted container from apartment.)
- Seagate 250 GB hard drive from apartment - no evidence was located - could be returned

Tracy L. Daun
Special Agent, CIS
IRS-CI


desk
cell
fax

**From:** Daun Tracy L
**Sent:** Monday, August 25, 2008 5:47 PM
**To:** 'Fred.Battista@
**Cc:** Medrano Denise L; Fleischmann Michael P; 'Richard.Murray JLWilson
**Subject:** Computer Evidence

Fred,

Just a reminder that the Search Warrant had some pretty strict requirements on computer evidence - 30 days after the execution of the warrant is our first deadline. Below is a summary of all computer evidence seized, the status of the analysis, etc.

I'm not sure if I'm reading paragraph 5 of Attachment C correctly or not, but is that requiring me to have all my searches complete within 30 days, or do I just need to find at least one piece of evidence on the image and I can continue to search the device even after those first 30 days? If we can not do

any additional searching after 30 days, we are going to need to request an extension on all items that are not complete.

As far as the physical computers and hard drives, you may need to address this with the court.  I was able to image each of the items and feel pretty confident that I have gotten around the encryption issue.  So the question is, are we required to now return the physical items as indicated in Attachment C.  Can we argue that they should not be returned due to the items containing personal identifying information of victims of the identity theft or something like that.  Or as an alternative, can we get an order from the court to wipe the drives of any information prior to returning them.  If you need me to wipe them and/or return them, let me know.  It will be hard for me to complete this by the 30 day deadline, so I would need an extension on this.

If you have any questions, please let me know.

## Storage Unit

- Portable Harddrive - I just noticed this on the Items Seized.  I received the drive today and will work on imaging it and checking it.  I've been told they believe it is blank.  I hope to have an answer for you on this by Wednesday morning.

## Apartment (Search #1)

Items in which analysis has been started, but have not identified any evidence yet - analysis not complete

- Seagate 250 GB hard drive - working on this item yet.  Hope to have this one done tomorrow. I don't expect to find anything on it.  I believe it was a new drive.

Items which analysis has been started and evidence has been located.  Analysis is not complete.

- 5 cell phones - phones have been sent to a CIS in San Diego who has received advanced cell phone forensic training - will need an extension on the analysis of these.
- Cool Gear External HDD Model TBM 120
- Acer laptop Aspire
- Image of Craft External Hard Drive
- Craft External Hard Drive Enclosure - physical item of above image - seized physical drive due to unknown encryption issues
- WinRAR Archive - Live acquisition attempt of item above, that did not complete, but does contain evidence
- Image of Hitachi 100GB HDD
- IMB Thinkpad S/N LV-C4398 with mouse, keys, docking station and power cord - physical item of above image - seized physical laptop due to unknown encryption issues and for possible DNA and fingerprinting analysis)

Items which were seized as evidence themselves - not necessarily for the data on them.  Do we need to file a motion to keep as an instrumentality of the crime?

- MSR206 Magnetic Strip Card Reader/Writer

- Keyboard - no analysis to do - seized for possible DNA or fingerprinting analysis. Was not connected to any computer when seized, but was sitting on table in corner that the IBM laptop was sitting on
- Epson Stylus Photo R1900 S/N KBQE004967 - I don't believe this has internal memory, but I would need to look into. This item was seized as equipment used to produce false identifications
- Epson Perfection V750 ProScanner S/N G77W001673 - I don't believe this has internal memory, but I would need to look into. This item was seized as equipment used to produce false identifications
- Alps printer MD-1000 S/N B28C0948H - I don't believe this has internal memory, but I would need to look into. This item was seized as equipment used to produce false identifications
- Epson Stylus Photo 960 S/N EPVY024944 - I don't believe this has internal memory, but I would need to look into. This item was seized as equipment used to produce false identifications
- Family Tree Maker Manual and CDs including Social Security Death Index
- CDs for scanner software, Photoshop elements, and Lasersoft imaging - seized as equipment used to produce false identification

Items on which no evidence was located - could be returned:

- Sandisk 2.0 GB Compact Flash Card - analysis complete - no evidence located.
- Garmin 60CS GPS - analysis complete - no evidence located.
- Windows Vista upgrade disks - no evidence
- 5 unlabeled CDs - all blank - no evidence
- Grey CD sleeve of assorted CDs - no evidence - either recovery disks for OS or blank
- Dane-Elec 1GB hard drive - analysis complete - no evidence.
- Sony CyberShot Camera and 2GB memory card with cords and batter charger - analysis complete - no evidence.

**Apartment (Search #2)**
None

Tracy L. Daun
Special Agent, CIS
IRS-CI

desk
cell
fax