1  Daniel Rigmaiden
   Agency # 10966111
2  CCA-CADC
   PO Box 6300
3  Florence, AZ 85132
   Telephone: none
4  Email: none

5  Daniel David Rigmaiden
   Pro Se, Defendant

6

7              UNITED STATES DISTRICT COURT

8                  DISTRICT OF ARIZONA

9

10  United States of America,              No. CR08-814-PHX-DGC

11         Plaintiff,                       MOTION TO SUPPRESS ALL DIGITAL
                                            DATA EVIDENCE AS A SANCTION FOR
12  v.                                      FAILURE TO PRESERVE EVIDENCE

13  Daniel David Rigmaiden, et al.,

14         Defendant.

15

16         Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits *Motion*

17  *To Suppress All Digital Data Evidence As A Sanction For Failure To Preserve Evidence*.

18  This motion depends on the facts and arguments contained in the defendant's *Reply To*

19  *Government's Response To Motion For Discovery RE: Digital Evidence Search* (hereafter

20  "Discovery Motion Reply") (Dkt. #9??), hereby incorporated into this motion by reference

21  pursuant to LRCiv 7.1(d)(2) when referenced through LRCrim 12.1.  This motion requests

22  that all digital data evidence copied from storage devices seized under the N.D.Cal.

23  warrants[1] be suppressed as an adequate sanction for the government's failure to preserve the

24  discoverable evidence the defendant could have used to support his Fourth Amendment

25  suppression arguments.  *See Discovery Motion Reply.*

26         As explained in the numbered paragraphs below, there are three categories of

27

28  1.     The warrants at issue are N.D.Cal. 08-70460-HRL/PVT (apartment No. 1122) and
        N.D.Cal. 08-70502-PVT (storage unit No. A-47).

                                    - 1 -

evidence the government likely failed to preserve.  If the government does in fact have the missing evidence, the defendant is confident that the government will immediately provide it to the defense and specify in its response to this motion that it has done so.  Otherwise, all evidence listed below was not preserved by the government and the defendant is without the evidence he needs to solidify his arguments raised in his *First Supplement To Motion To Suppress RE: Search And Seizure Of Digital Evidence Under N.D.Cal. Warrants* (Dkt. #867). [2]  The defendant is also without the evidence he needs to solidify his **brand new** Fourth Amendment challenge that only came to light with the recent October 22, 2012 disclosure.[3]  Notwithstanding previous suppression filings (*e.g.*, Dkt. #867), the defendant does not have "ample evidence" to make his arguments.  The success of the defendant's claim that the government conducted a fishing exhibition depends on how severely all government actors rummaged through the defendant's data and how much *out-of-scope* material was viewed.[4]  Given the heightened factual standard for proving a government fishing exhibition, the Fourth Amendment challenges at issue here do not have an "evidence cut-off point" as the Court applied to aircard locating mission challenges addressed in its order at Dkt. #723.

2.      Based on new evidence contained in the government's October 22, 2012 disclosure, the defendant needs to file a *second* supplement to his *Motion To Suppress*, which will update facts and arguments raised at Dkt. #867.  *See also* Dkt. #867, p. 1, fn. No. 1.

3.      The new Fourth Amendment challenge will be raised in the defendant's *second* supplement to his *Motion To Suppress*.  *See* Dkt. #867, p. 1, fn. No. 1 (anticipating second supplement based on government's history of belated disclosures).  The newly discovered Fourth Amendment violation relates to IRS-CI Agent Daun using her "human eyes" to arbitrarily review a multitude of the defendant's files—**possibly all of them**—without using any methods designed to "locate and expose only those categories of files, documents, or other electronically stored information that are identified with particularity in the warrant..." *E.g.*, *Submission Of Documents Related To Original Northern District Of California 08-70460-HRL Search Warrant Used To Physically Search Apartment No.* 1122, "Computer Search Protocol For The Northern District Of California" (Dkt. #566-2, p. 17).  This newly discovered Fourth Amendment violation will be addressed in the defendant's second supplement to his *Motion To Suppress*.  However, in brief, prior to conducting a "human eye" review, IRS-CI Agent Daun should have isolated possible *in-scope* data by first conducting extensive keyword searches across data content and/or categorized files based on the defendant's very descriptive and accurate file/folder labeling, as was noted by IRS-CI Agent Daun in an email to FBI Agent Richard J. Murray.  *See Fifth Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues*, EXHIBIT 04 (Dkt. #929-1, p. 21).  In order to support his arguments, the defendant will seek an expert witness having both "computer expert" and "digital forensics expert" experience.

4.      In addition to reading the numbered paragraphs below, how the missing evidence is helpful to the defense is explained in the defendant's *Reply To Government's Response To Motion For Discovery RE: Digital Evidence Search* (Dkt. #9??).

1    Because the government failed to preserve relevant and helpful evidence, the

2   defendant's Fourth Amendment defense is prejudiced under Rule 16, <u>Fed. R. Crim. P.</u>,[5] and

3   under the due process clause of the Fifth Amendment.[6]   The government also acted in bad

4   faith.[7]   The defendant therefore respectfully requests that the Court suppress all digital data

5   copied from the defendant's physical data storage devices seized from apartment No. 1122

6   and storage unit No. A-47.[8]   The requested sanction is proper considering it will not result

7   in the government losing all of its evidence gathered in this case[9] and, because the sanction

8   is suppression, it will eliminate the defendant's Fourth Amendment need for the very

9   evidence the government failed to preserve.   The categories of evidence the government

10   failed to preserve are as follows:

11        1.    The government failed to preserve evidence, such as reports, logs, network

12   user account login records for "Phosvr001" and other file servers, *etc.*, specifying precisely

---

13   5.    *See* <u>United States v. Flyer</u>, 633 F.3d 911, 916 (9th Cir. 2011) ("If the government

14   destroys evidence under circumstances that do not violate a defendant's constitutional rights,
     the court may still impose sanctions including suppression of secondary evidence.   In doing

15   so, the court must balance the quality of the Government's conduct and the degree of
     prejudice to the accused.   The Government bears the burden of justifying its conduct and the

16   defendant bears the burden of demonstrating prejudice." (internal citations and quotation
     marks omitted)).

17   6.    *See* <u>United States v. Gamez-Orduno</u>, 235 F.3d 453, 461 (9th Cir. 2000) ("The
     suppression of material evidence helpful to the accused... on a motion to suppress, violates

18   due process if there is a reasonable probability that, had the evidence been disclosed, the
     result of the proceeding would have been different.").

19   7.    There is evidence of the government acting in **bad faith** while failing to preserve

20   evidence.   First, the "Computer Search Protocol" contained in the N.D.Cal. warrants
     required the government to (1) "complete an off-site search of a device that agents removed

21   in order to search for evidence of crime as promptly as practicable and no later than thirty
     (30) calendar days after the initial execution of the warrant[,]" and (2) "locate and expose

22   only those categories of files, documents, or other electronically stored information that are
     identified with particularity in the warrant..."   *See, e.g.*, *Submission Of Documents Related*

23   *To Original Northern District Of California 08-70460-HRL Search Warrant Used To*
     *Physically Search Apartment No. 1122*, "Computer Search Protocol For The Northern

24   District Of California" (Dkt. #566-2, p. 16-17).   The government was therefore on notice of
     the importance of preserving evidence showing whether agents complied with the quoted

25   terms.   Although not dispositive, there is also evidence of the prosecution concealing
     evidence from the defendant relating to violations of the "30-day search window" during the

26   discovery process.   *See Motion Requesting Sanctions For Discovery Violations RE: Digital*
     *Evidence Search* (Dkt. #9??); *Fifth Submission Of Consolidated Exhibits Relating To*

27   *Discovery And Suppression Issues*, <u>EXHIBIT 05</u> (Dkt. #929-1, p. 22).
     8.    This request for suppression also applies to the original data and physical drives

28   themselves currently in the possession of the government.
     9.    The defendant was originally indicted prior to any seizure of his digital data.

which government actors were provided with or had access to virtual machine clones of the defendant's entire computer system—which includes private *out-of-scope* data.  The defendant's *Discovery Motion Reply*, Section I(A), describes what the government provided via the October 22, 2012 disclosure, explains why it is insufficient, and articulates how full disclosure of the missing evidence will help the defendant's Fourth Amendment arguments, *i.e.*, supporting a finding of prejudice for failure to preserve.  Going by the October 22, 2012 disclosure, which consisted mainly of a prosecution report, the government likely failed to preserve adequate logs of who had access to the defendant's private data via the virtual machine clones and where that data was shared.

2.      The government failed to preserve evidence, such as reports, logs, *etc.*, specifying precisely which government actors actually accessed, and when/where they accessed, virtual machine clones of the defendant's entire computer system—which includes private *out-of-scope* data.  The defendant's *Discovery Motion Reply*, Section I(C), describes what the government provided via the October 22, 2012 disclosure, explains why it is insufficient, and articulates how full disclosure of the missing evidence will help the defendant's Fourth Amendment arguments, *i.e.*, supporting a finding of prejudice for failure to preserve.  Going by the October 22, 2012 disclosure, which consisted mainly of a prosecution report, the government likely failed to preserve adequate logs of how many times and at what dates/times each government actor accessed the defendant's private data via the virtual machine clones.

3.      The government failed to preserve evidence, such as reports, logs, *etc.*, specifying precisely what files government actors "looked at" using their "human eyes" while searching the forensic images and virtual machine clones of the defendant's entire computer system.  The defendant's *Discovery Motion Reply*, Section I(D), describes what the government provided via the October 22, 2012 disclosure, explains why it is insufficient, and articulates how full disclosure of the missing evidence will help the defendant's Fourth Amendment arguments,[10] *i.e.*, supporting a finding of prejudice for failure to preserve.

---

10.     The cited subsection also places the *Lu* case into context in light of the facts of the

MOTION TO SUPPRESS ALL DIGITAL DATA EVIDENCE
AS A SANCTION FOR FAILURE TO PRESERVE EVIDENCE
CR08-814-PHX-DGC

Going by the October 22, 2012 disclosure, which consisted mainly of a prosecution report, the government likely failed to preserve adequate evidence indicating precisely which files were looked at by government actors using their human eyes.

* * * * *

Based on the points and authorities set forth herein, the defendant respectfully requests that this motion be granted and that the sanction of suppression of evidence be imposed upon the government for failure to preserve evidence.

This motion was drafted by the *pro se* defendant, however, he authorizes his shadow counsel, Philip Seplow, to file this motion on his behalf using the ECF system.  The defendant is appearing *pro se* and has never attended law school.  The defendant's filings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.  *See* Haines v. Kerner, 404 U.S. 519, 520 (1972).

LRCrim 12.2(a) requires that the undersigned include the following statement in all motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or of an order based thereon."

///
///
///
///
///
///
///
///
///
///
///
///

present case and the newly discovered Fourth Amendment violation.

*MOTION TO SUPPRESS ALL DIGITAL DATA EVIDENCE*
*AS A SANCTION FOR FAILURE TO PRESERVE EVIDENCE*
*CR08-814-PHX-DGC*

Respectfully Submitted:

PHILP SEPLOW, Shadow Counsel, on
behalf of DANIEL DAVID RIGMAIDEN,
Pro Se Defendant:

s/ Philip Seplow
Philip Seplow
Shadow Counsel for Defendant.

CERTIFICATE OF SERVICE

I hereby certify that on:                    I caused the attached document to be

electronically transmitted to the Clerk's Office using the ECF system for filing and
transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

*MOTION TO SUPPRESS ALL DIGITAL DATA EVIDENCE*
*AS A SANCTION FOR FAILURE TO PRESERVE EVIDENCE*
*CR08-814-PHX-DGC*