1  Daniel Rigmaiden
   Agency # 10966111
2  CCA-CADC
   PO Box 6300
3  Florence, AZ 85132
   Telephone: none
4  Email: none

5  Daniel David Rigmaiden
   Pro Se, Defendant

6

7              UNITED STATES DISTRICT COURT

8              DISTRICT OF ARIZONA

9

10  United States of America,                No. CR08-814-PHX-DGC

11         Plaintiff,                         MOTION FOR LEAVE TO AMEND DKT.
                                              #867 FIRST SUPPLEMENT TO MOTION
12  v.                                        TO SUPPRESS RE: SEARCH AND
                                              SEIZURE OF DIGITAL EVIDENCE
13  Daniel David Rigmaiden, et al.,           UNDER N.D.CAL. WARRANTS OR, IN
                                              THE ALTERNATIVE, TO DISMISS
14         Defendant.                         THE CASE WITH PREJUDICE

15

16         Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits *Motion*

17  *For Leave To Amend Dkt. #867 First Supplement To Motion To Suppress RE: Search And*

18  *Seizure Of Digital Evidence Under N.D.Cal. Warrants Or, In The Alternative, To Dismiss*

19  *The Case With Prejudice*.  Through this motion, the defendant respectfully requests that the

20  Court permit him to amend *First Supplement To Motion To Suppress RE: Search And Seizure*

21  *Of Digital Evidence Under N.D.Cal. Warrants* (Dkt. #867), so as to become his **Second**

22  **Supplement To Motion To Suppress RE: Search And Seizure Of Digital Evidence Under**

23  **N.D.Cal. Warrants**.  The proposed *second* supplement, prepared in accordance with LRCiv.

24  15.1,[1] is attached to this motion as an exhibit.

25  _____

26  1.   "A party who moves for leave to amend a pleading, or who seeks to amend a pleading
    by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit
27  to the motion or stipulation, which must indicate in what respect it differs from the pleading
    which it amends, by bracketing or striking through the text to be deleted and underlining the
28  text to be added.  The proposed amended pleading is not to incorporate by reference any part
    of the preceding pleading, including exhibits.  If a motion or stipulation for leave to amend is
    granted, the party whose pleading was amended must file and serve the amended pleading on

The defendant's *first* supplement (Dkt. #867) was filed in light of the government providing the defendant new evidence on June 21, 2012.  While the defendant had new evidence and good reason to amend and then refile his suppression filings in accordance with LRCiv. 15.1, the procedures were too complicated for the defendant to apply to Dkt. #824 and #830.  Therefore, the defendant filed a stand-alone supplement acting to supersede sections contained in his prior suppression filings.  *See* Dkt. #867.  However, at that time, the defendant anticipated at least a later *second* supplement considering there was still an outstanding discovery request.  *See* Dkt. #869, #890, #893, #911, and #930 (digital data search discovery filings).  On October 22, 2012, the government finally provided the defendant with evidence responsive to the outstanding discovery request.  Shortly thereafter, the defendant determined that he would indeed need to again update the facts and arguments relevant to the "digital data search."[2]  However, the government's October 22, 2012 disclosure was still significantly lacking (*see* Dkt. #930, #931, and #932) and the defendant anticipates a *third* supplement in light of additional, yet to be disclosed government discovery.

For the *second* supplement, which is attached to this motion as an exhibit, the defendant took the *first* supplement (Dkt. #867) and edited it in accordance with LRCiv. 15.1, which the defendant found less complicated than simply supplementing Dkt. #867 with an additional stand-alone filing.  While the defendant followed LRCiv. 15.1 with respect to the attached amended filing, instead of using underlined text to indicate new text he used red colored text.[3]  Old text is crossed out as instructed by LRCiv. 15.1.  If the defendant feels a need to file a *third* supplement, he plans to edit the attached *second* supplement in the same fashion and attach it to another motion for leave to amend.  However, in light of the

---

all parties under Rule 5 of the Federal Rules of Civil Procedure within fourteen (14) days of the filing of the order granting leave to amend, unless the Court orders otherwise."  *Id.*

2.     The need to supplement or, in other words, amend, came about due to the new evidence and also due to new activity in United States v. Collins, Case No. 11-CR-00471-DLJ (PSG), Doc. #328 (N.D.Cal., Aug. 27, 2012).

3.     The defendant is not able to engage in an editing process using underlined text to designate new text.

anticipated *third* supplement, it may be preferable to deny this motion and allow the defendant to file one final supplement (*i.e.*, a final, overall amended version of Dkt. #867) once the "digital data search" discovery process is complete.  As a third alternative, the Court may instead prefer that the defendant simply amend the *original* memorandum at Dkt. #830-1 to incorporate (1) the therein contained original arguments that remain relevant, (2) the changes made to Dkt. #830-1 at Dkt. #867 that remain relevant, (3) the changes made in the amended version of Dkt. #867 attached to this motion (*i.e.*, the *second* supplement), and (4) the changes that will likely materialize (*i.e.*, the *third* supplement) in light of additional, yet to be provided government disclosures addressed at Dkt. #930.  The defendant will do whatever the Court desires in order to make his convoluted filings easier to address.

If the Court decides to not allow the defendant to amend Dkt. #867 at all, the defendant respectfully requests the alternative relief of dismissal of the case with prejudice due to the government failing to disclose relevant and helpful evidence in time for the defendant to use it in support of Fourth Amendment suppression arguments.  *See* United States v. Gamez-Orduno, 235 F.3d 453, 461 (9th Cir. 2000) ("The suppression of material evidence helpful to the accused... on a motion to suppress, violates due process if there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different.").  The relevancy of the new October 22, 2012 evidence will become evident upon review of the red colored text within the attached amended version of Dkt. #867.

Additionally, because the government has already submitted a response to Dkt. #867 (*see* Dkt. #873), the defendant assumes that the government has a right to respond to any amended filing the Court allows the defendant to file.

If this motion is granted, the defendant plans to delete all strike-through text in the attached amended Dkt. #867, turn the red text into black text, and file the document as ***Second*** *Supplement To Motion To Suppress RE: Search And Seizure Of Digital Evidence Under N.D.Cal. Warrants*.  *See* LRCiv. 15.1.  If the Court wishes for the defendant to proceed differently, he respectfully requests that the Court provide him with instructions.

This motion and all attachments were drafted/prepared by the *pro se* defendant, however, he authorizes his shadow counsel, Philip Seplow, to file this motion and all attachments on his behalf using the ECF system.  The defendant is appearing *pro se* and has never attended law school.  The defendant's filings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.  *See* <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

LRCrim 12.2(a) requires that the undersigned include the following statement in all motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or of an order based thereon."

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

MOTION FOR LEAVE TO AMEND DKT. #867 FIRST SUPPLEMENT TO MOTION TO SUPPRESS RE: SEARCH AND SEIZURE OF DIGITAL EVIDENCE UNDER N.D.CAL. WARRANTS OR, IN THE ALTERNATIVE, TO DISMISS THE CASE WITH PREJUDICE
*CR08-814-PHX-DGC*

Respectfully Submitted:

PHILP SEPLOW, Shadow Counsel, on
behalf of DANIEL DAVID RIGMAIDEN,
Pro Se Defendant:

s/ Philip Seplow
Philip Seplow
Shadow Counsel for Defendant.

CERTIFICATE OF SERVICE

I hereby certify that on:                 I caused the attached document to be
electronically transmitted to the Clerk's Office using the ECF system for filing and
transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

- 5 -