JOHN S. LEONARDO
United States Attorney
District of Arizona

FREDERICK A. BATTISTA
Maryland State Bar Member
PETER S. SEXTON
Arizona State Bar No. 011089
JAMES R. KNAPP
Arizona State Bar No. 021166
Assistant U.S. Attorneys
Two Renaissance Square
40 North First Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 514-7500
Fred.Battista@usdoj.gov
Peter.Sexton@usdoj.gov
James.Knapp2@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Daniel David Rigmaiden,<br><br>　　　　　Defendant. | No. CR-08-0814-001-PHX-DGC<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS ALL DIGITAL EVIDENCE AS A SANCTION TO FOR FAILURE TO PRESERVE EVIDENCE (DOCUMENT NO. 931) AND MOTION FOR SANCTIONS FOR DISCOVERY VIOLATIONS (DOCUMENT NO. 932)** |

　　　　The United States, through undersigned counsel, hereby responds to defendant's Motion to Suppress All Digital Evidence as a Sanction to for Failure to Preserve Evidence (Document No. 931) and Motion for Sanctions for Discovery Violations (Document No. 932) through the attached Memorandum and requests that they be denied.

　　　　Respectfully submitted this 27th day of November, 2012.

　　　　　　　　　　　　　　　　　　　　JOHN S. LEONARDO
　　　　　　　　　　　　　　　　　　　　United States Attorney
　　　　　　　　　　　　　　　　　　　　District of Arizona

　　　　　　　　　　　　　　　　　　　　s/ Frederick A. Battista

　　　　　　　　　　　　　　　　　　　　FREDERICK A. BATTISTA
　　　　　　　　　　　　　　　　　　　　PETER S. SEXTON
　　　　　　　　　　　　　　　　　　　　JAMES R. KNAPP
　　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorneys

**MEMORANDUM**

**I.    Introduction**

In order to respond to defendant's Motion to Suppress All Digital Evidence as a Sanction to for Failure to Preserve Evidence (Document No. 931) and Motion for Sanctions for Discovery Violations (Document No. 932), the United States must first briefly respond to the numerous allegations set forth in defendant's Reply to Government's Response to Motion for Discovery Re: Digital Evidence (Document No. 911) (Document No. 930).

II.   **Defendant's Reply to Government's Response to Motion for Discovery Re: Digital Evidence (Document No. 911) (Document No. 930)**

a.    Request for evidence No. 1 (Defendant's Reply, Page 2, Doc. No. 930)

Defendant has been advised of the identities of the four agents who were given access to the three subject virtual machines. [1] No other agents were given access to the machines except in an administrative capacity. The defendant was provided with summaries of the limited nature and results of the searches conducted by the three agents other than IRS-CI Special Agent Daun. None of the four agents simply uploaded information from the three virtual machines for general examination by other agents or agencies. Defendant has been informed of the nature of the information the agents looked for and the general results of their queries. There is no evidence that their efforts were beyond the scope of the original search warrants. All of the limited queries and results related to violations of law set forth in the Attachments B - Items to be Seized contained in the search warrants that authorized the seizure of the subject computers. [2]

Within a very short period of time after the seizure of defendant's computers, the computers that contained information authorized to be seized pursuant to the subject warrants were identified by IRS-CI Special Agent Daun. The later searches conducted by the agents were

---

[1] "Phosvr001" is the name for an IRS-CI file service IRS-CI Special Agent Daun created to allow her to share select files from defendant's computers with her fellow two case agents, IRS-CI Special Agents Medrano and Fleischmann in furtherance on the subject investigation.

[2] There is no evidence that any data from the subject virtual machines was loaded into any general FBI database for any purpose or were ever shared with any representative of the National Security Agency.

not exploratory rummaging or fishing expeditions; they were limited searches for additional evidence specifically related to what defendant had been under investigation for as set forth in the subject search warrants and attachments.

      b.      Request for Evidence No. 2 (Defendant's Reply, Page 5, Doc. No. 930)

The simple answer to this question is that the United States has not shared a forensic image of any of defendant's computers with any other defendant in any case.

      c.      Request for Evidence No. 3 (Defendant's Reply, Page 6, Doc. No. 930)

Defendant has requested additional information regarding when the subject virtual machines were accessed by the four case agents. In general, all available information at the time of the request was disclosed. See defendant's Fifth Submission of Consolidated Exhibits, Exhibit 1 (Document No. 929-1). Defendant was advised that the virtual machines only maintain a record of the final four log ons to system. The discovery set forth the dates and times for the machines that were accessed by the three IRS-CI agents and additional available records for IRS-CI Special Agent Daun. The only record that was not generated was a similar record for the virtual machine provided to FBI Special Agent Murray. The nature and results of Special Agent Murray's limited searches were also sent to defendant. See defendant's Fifth Submission of Consolidated Exhibits, Exhibit 1, Page 6 (Document No. 929-1). Again, defendant has been advised of the nature, extent and general results and extent of the agent's searches of the virtual machines and there is no evidence that any of the four agents conducted exploratory rummaging or fishing expeditions within defendant's computers.

      d.      Request for Evidence No. 4 (Defendant's Reply, Page 8, Doc. No. 930)

Defendant has requested additional records related to the accessing of the computers seized pursuant to the subject search warrants. As noted above, the searches conducted by agents other than IRS-CI Special Agent Daun were limited in scope and resulted in evidence related to the subject investigation and defendant's violations of enumerated offenses. As for Special Agent Daun's limited examination of defendant's massive collection of data, she was required to use her expertise to briefly examine all of the subject files in order to determine whether they fell

within or outside of the scope of the subject warrants. Defendant's sophisticated and extensive data, in the form of images, programs and/or encrypted files contained numerous files that could not readily be searched solely via word searches. Therefore, it was incumbent on Special Agent Daun to conduct the search in the manner in which she conducted it. At no time did Special Agent Daun intentionally conduct a search into defendant's personal life unrelated to the enumerated violations of federal law. For example, Special Agent Daun became aware of defendant's interests in "outdoor activities, vitamins and nutrition" while she was examining credit card purchase records related to defendant's use of one or more credit cards obtained through the use of a false identity in order to purchase computers and related equipment which he used on furtherance of the subject offenses.

**III.    Defendant's Motion to Suppress All Digital Data Evidence As a Sanction for Failure to Preserve Evidence**

The United States has provided defendant with the available information regarding the nature, scope and timing of the search of the digital evidence seized from defendant's computers. The searches conducted by the three case agents other than IRS-CI Special Daun were limited in scope and related directly to the offenses enumerated in the subject search warrants. Defendant has been advised of the more detailed examination by IRS-CI Special Agent Daun. Due to the nature of the data contained on defendant's computers as noted above, the nature and extent of her more extensive, yet very limited, examination was reasonable. Defendant has been advised of these facts and does not contend that the known results of the four agents' searches are not related in some manner to the subject charges. There is also no evidence that the actual contents of defendant's computers were ever shared with other agencies or agents who were not working on the subject prosecution. The results of the subject computer searches have only been used in support of charges against defendant of statutes enumerated in the subject search warrants in this case. None of the subject computer searches have resulted in defendant, or any of his associates, being charged by any other jurisdiction or in any other case. Moreover, at no time has the United States acted in bad faith while attempting to manage the voluminous and

4

complex discovery in this case. Defendant has not shown that: (1) he is entitled to the information that he has requested; (2) the United States was required to preserve the information; (3) the United States acted in bad faith by not preserving any of the information that he has requested; and (4) suppression is the appropriate remedy as a result of the current state of discovery in this case. Accordingly, suppression of the digital evidence directly related to defendant's commission of the subject offenses is unreasonable and inappropriate in this case.

### IV. Defendant's Motion Requesting Sanctions for Digital Discovery Violations Re: Digital Evidence Search (Document No. 932)

The United States has addressed the nature and timing of the searching of defendant's computers in the Government's Response to Defendant's Motion to Suppress (Document No. 873 at pages 63-66). [3] As stated above, the case agents' searches of defendant's computers have been limited to violations of the statutes enumerated in the subject search warrants. To date, the United States has not used any evidence found on defendant's computers against defendant or anyone else which is not relevant to the subject violations. In addition, at no time has the United States acted in bad faith in attempting to respond to defendant's voluminous and never ending discovery requests. Defendant has cited no authority for the unreasonable sanctions he has requested. The requests, therefore, should be denied.

### V. Conclusion

For the forgoing reasons, defendant's Motion to Suppress All Digital Evidence as a Sanction to for Failure to Preserve Evidence (Document No. 931) and Motion for Sanctions for Discovery Violations (Document No. 932) should be denied.

---

[3] On March 25, 2010, defendant was notified that Special Agent Daun had conducted an extensive examination of the Toshiba 100 GB Xcraft external USB hard drive that contained the file "agj_bag_liner_jagbags.co.nz.txt." The file was not specifically identified. (Discovery Letter dated March 25, 2010, pages 303-309 and 326.). Defendant contends that the file is unrelated to the subject investigation however it relates to defendant's use of the false identity of Andrew Johnson; conduct well within the scope of the subject warrants. In addition, the same discovery identified numerous other "agj" txt files which also relate to defendant's use of the same false identity on numerous occasions. (For example - Discovery Letter dated March 25, 2010, pages 456-479.)

5

Respectfully submitted this 27th day of November, 2012.

JOHN S. LEONARDO
United States Attorney
District of Arizona

s/ Frederick A. Battista

FREDERICK A. BATTISTA
PETER S. SEXTON
JAMES R. KNAPP
Assistant U.S. Attorneys

**Certificate of Service**

I hereby certify that on November 27, 2012, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Philip Seplow
Shadow Counsel for Defendant

A copy of the attached document was also mailed to:

Daniel David Rigmaiden
Agency No. 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

s/ Frederick A. Battista
Assistant U.S. Attorney