Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden, et al.,<br><br>    Defendant. | No. CR08-814-PHX-DGC<br><br>REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO AMEND DKT. #867 [Dkt. #939] |

Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits *Reply To Government's Response To Defendant's Motion For Leave To Amend Dkt. #867*. The defendant's original motion is titled *Motion For Leave To Amend Dkt. #867 First Supplement To Motion To Suppress RE: Search And Seizure Of Digital Evidence Under N.D.Cal. Warrants Or, In The Alternative, To Dismiss The Case With Prejudice* (Dkt. #934). The government's response is titled *Government's Response To Defendant's Motion For Leave To Amend Dkt. #867 First Supplement To Motion To Suppress Re: Search And Seizure Of Digital Evidence Under N.D.Cal. Warrants Or, In The Alternative To Dismiss The Case With Prejudice* (Dkt. #939). The government's position is that the Court should decide whether the defendant should be permitted to amend the relevant filing without input from the government.[1] In this reply, the defendant provides additional information that may help the

---

1.    However, the government indicated that it would like to provide input on other issues if the defendant's request is granted.

- 1 -

1  Court in deciding.  This additional information was not available at the time the defendant
2  filed Dkt. #934.

3       After the defendant filed Dkt. #934, the government filed Dkt. #935.  In the
4  government's filing, it "briefly respond[ed] to the numerous allegations set forth in
5  defendant's Reply to Government's Response to Motion for Discovery Re: Digital Evidence
6  (Document No. 911) (Document No. 930)."[2]  The government stated that IRS-CI Agent
7  Tracy L. Daun "was required to use her expertise to briefly examine **all** of the subject files in
8  order to determine whether they fell within or outside of the scope of the subject
9  warrants."[3]  It appears as if the government is conceding that, at a government personnel
10 minimum, IRS-CI Agent Daun used her "human eyes" to examine **all** files on the seized data
11 storage devices.  In order to solidly settle this factual issue, the defendant is preparing a
12 stipulation for the government to sign.[4]

13      If the government is in fact asserting that IRS-CI Agent Daun used her "human eyes"
14 to examine **all** files, the defendant already has a need to again amend Dkt. #867 and make it
15 into his ~~Second~~ Third Supplement To Motion To Suppress RE: Search And Seizure Of Digital
16 *Evidence Under N.D.Cal. Warrants*.  If IRS-CI Agent Daun used her "human eyes" to
17 examine **all** files then the defendant has a number of additional complex factual points and
18 arguments to raise in support of his suppression filings.  Therefore, it may be preferable to
19 the Court to adopt the defendant's "<u>PROPOSED OPTION NO. 2</u>" or "<u>PROPOSED OPTION
20 NO. 3</u>" listed in his proposed order attached to Dkt. #934, *i.e.*, to wait and allow the
21 defendant to submit a *third supplement* after the government is finished withholding material
22 evidence.  *See*, *e.g.*, *Reply To Government's Response To Motion For Discovery RE: Digital*

---

23 2.   Dkt. #935, p. 2.
24 3.   Dkt. #935, p. 3-4 (emphasis added).
25 4.   It should be noted that such a concession, if being made by the prosecution, does not eliminate the defendant's need for any of the evidence the government failed to preserve and/
26 or refuses to provide.  For example, unless the Court agrees that there is already enough evidence to unequivocally support a claim of exploratory rummaging and a fishing
27 exhibition, the defendant still needs the EnCase evidence files, AccessData FTK reports, and forensic images of the three VM workstation computers so it can be determined how much
28 prying IRS-CI Agent Daun and other agents conducted into the defendant's personal life. *See*, *e.g.*, Dkt. #930 and Dkt. #938.

*REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO AMEND DKT #867*
*CR08-814-PHX-DGC*

1 *Evidence Search* (Dkt. #930) (discussing withheld and/or destroyed evidence), *Reply To
2 Government's Response To Defendant's Motion To Suppress All Digital Evidence As A
3 Sanction For Failure To Preserve Evidence And Motion For Sanctions For Discovery
4 Violations* (Dkt. #938) (discussing withheld and/or destroyed evidence), and footnote No. 4,
5 this filing, *supra* (discussing withheld and/or destroyed evidence).

6 　　　　　　　　　　　　　　　　　* * * * *

7 　　　　This reply was drafted by the *pro se* defendant, however, he authorizes his shadow
8 counsel, Philip Seplow, to file this reply on his behalf using the ECF system.  The defendant
9 is appearing *pro se* and has never attended law school.  The defendant's filings, however
10 inartfully pleaded, must be liberally construed and held to less stringent standards than
11 formal pleadings drafted by lawyers.  *See* Haines v. Kerner, 404 U.S. 519, 520 (1972).

12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO AMEND DKT #867
CR08-814-PHX-DGC

REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO AMEND DKT #867
CR08-814-PHX-DGC

Respectfully Submitted:

          PHILP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Defendant:

          s/ Philip Seplow
          Philip Seplow
          Shadow Counsel for Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on: _____ I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))