Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden, et al.,<br><br>    Defendant. | No. CR08-814-PHX-DGC<br><br>SECOND MOTION REQUESTING EVIDENTIARY HEARING TO SETTLE CONTESTED ISSUES OF FACT GOING TO VALIDITY OF FOURTH AMENDMENT SEARCHES AND SEIZURES |

Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits *Second Motion Requesting Evidentiary Hearing To Settle Contested Issues Of Fact Going To Validity Of Fourth Amendment Searches And Seizures*. On October 15, 2012, the defendant filed *Motion Requesting Evidentiary Hearing To Settle Contested Issues Of Fact Going To Validity Of Fourth Amendment Searches And Seizures* (Dkt. #901), hereby incorporated into this motion by reference. However, after filing Dkt. #901, the government first provided new evidence on October 22, 2012[1] and then claimed at Dkt. #935 (November 27, 2012) that IRS-CI Agent Tracy L. Daun "was required to use her expertise to briefly examine **all** of the subject files in order to determine whether they fell within or outside of the scope of the subject warrants[]"[2] considering defendant's "sophisticated and extensive data, in the form

---

1. This new evidence revealed additional aspects of the government's exploratory rummaging and required supplemental arguments. *See Second Supplement To Motion To Suppress RE: Search And Seizure Of Digital Evidence Under N.D.Cal. Warrants* (Dkt. #934-1 [proposed]).

2. G*overnment's Response To Defendant's Motion To Suppress All Digital Evidence As A*

- 1 -

1  of images, programs and/or encrypted files contained numerous files that could not readily
2  be searched solely via word searches."[3][4]  The defendant disputes the government's claim
3  of needing to expose **all** files to "human eyes," or even needing to expose **any**[5] *out-of-*
4  *scope* file to "human eyes," and it is therefore added to the list of "contested issues of fact
5  going to the validity of the search"[6] of which require an evidentiary hearing.

6        Precisely, the relevant question is whether technology existed that would have allowed
7  the government to comply with the terms of the relevant warrants, *i.e.*, to conduct a computer
8  forensic search designed to "locate and **expose** only those categories of files, documents, or
9  other electronically stored information that are identified with particularity in the
10 warrant[,]"[7] instead of violating the warrants by using "human eyes" to expose **all** files, as
11 was done by IRS-CI Agent Daun.  In order to settle this issue, the defendant is submitting an
12 expert opinion report by a computer forensic expert / computer expert that will explain how
13 basic computer forensic software could have been used to eliminate exposure to *out-of-scope*
14 data.[8]  An evidentiary hearing is required so that the expert can be submitted an as expert

---

*Sanction For Failure To Preserve Evidence And Motion For Sanctions For Discovery Violations* (Dkt. #935, p. 3-4 (emphasis added)).

3.    *Government Consolidated Response* (Dkt. #935, p. 4).

4.    The government indicated that the minimal keyword searches done were to locate credit card numbers.  See *Fifth Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues*, <u>EXHIBIT 04</u> (Dkt. #929-1, p. 7) ("In the rare circumstances that keywords seemed appropriate, [][IRS-CI Agent Daun] attempted to use keywords to extract only those files that fell within the scope of the warrant....  To the best of her recollection, the only keywords used were to find credit card numbers.").

5.    For example, if the government attempts to go back on its prior concession and instead claim that, for example, only 50% of **all** files were exposed to "human eyes," and that said exposure was a necessity, the defendant still disputes the government's claim of necessity.  In other words, technology existed that would have allowed IRS-CI Agent Daun to "locate and expose **only** those categories of files, documents, or other electronically stored information that are identified with particularity in the warrant[.]"  *E.g.*, *Submission Of Documents Related To Original Northern District Of California 08-70460-HRL Search Warrant Used To Physically Search Apartment No.* 1122, *Warrant*, "Computer Search Protocol For The Northern District Of California" (Dkt. #566-2, p. 17 (emphasis added)).

6.    <u>United States v. Walczak</u>, 783 F.2d 852, 857 (9th Cir. 1986).

7.    *E.g.*, *Submission Of Documents Related To Original Northern District Of California 08-70460-HRL Search Warrant Used To Physically Search Apartment No.* 1122, *Warrant*, "Computer Search Protocol For The Northern District Of California" (Dkt. #566-2, p. 17 (emphasis added)).

8.    The sought after expert should be free to begin work on his expert opinion in mid-

- 2 -

1  and then questioned on the content of his expert opinion report.

2  * * * * *

3  Based on the points and authorities set forth herein, the defendant respectfully
4  requests that this motion be granted and that the Court hold an evidentiary hearing to resolve
5  contested issues of fact going to the validity of Fourth Amendment searches and seizures.

6  This motion was drafted by the *pro se* defendant, however, he authorizes his shadow
7  counsel, Philip Seplow, to file this motion on his behalf using the ECF system.  The
8  defendant is appearing *pro se* and has never attended law school.  The defendant's filings,
9  however inartfully pleaded, must be liberally construed and held to less stringent standards
10 than formal pleadings drafted by lawyers.  *See* Haines v. Kerner, 404 U.S. 519, 520 (1972).

11 LRCrim 12.2(a) requires that the undersigned include the following statement in all
12 motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this
13 motion or of an order based thereon."

14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 January, 2013.

Respectfully Submitted:

          PHILP SEPLOW, Shadow Counsel, on
          behalf of DANIEL DAVID RIGMAIDEN,
          Pro Se Defendant:


          s/ Philip Seplow
          Philip Seplow
          Shadow Counsel for Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on: _____ I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:


Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004


By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

- 4 -