1
Daniel Rigmaiden
Agency # 10966111
2
CCA-CADC
PO Box 6300
3
Florence, AZ 85132
Telephone: none
4
Email: none

5
Daniel David Rigmaiden
Pro Se, Defendant
6

7
**UNITED STATES DISTRICT COURT**

8
**DISTRICT OF ARIZONA**

9

10
United States of America,

11
      Plaintiff,

12
v.

13
Daniel David Rigmaiden,

14
      Defendant.

No. CR08-814-PHX-DGC

SUBMISSION OF  TECHNICAL
DECLARATIONS IN SUPORT OF
VARIOUS SUPPRESSION FILINGS
RELATING TO SEARCH AND SEIZURE
OF DIGITAL DATA

15

16
      Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits various

17
technical declarations in support of claims made in his various suppression filings relating to

18
the search and seizure of digital data.  The defendant was appointed a private investigator on

19
October 30, 2012.  A primary task that the defendant immediately requested was for his

20
private investigator to locate a computer forensic investigator so that a technical declaration

21
could be submitted in support of the defendant's technical claims made in various

22
suppression filings that relate to the search and seizure of digital data.[1]  Considering

23
specific steps to locate a computer forensic investigator were not getting completed quickly,

24
if at all,[2] the defendant decided to begin work on his own technical declarations.[3]  While

25
1.     This matter is unrelated to the aircard locating mission.

26
2.     On January 30, 2013—three months after having an investigator appointed—the
defendant was finally provided with all the information he needed to complete and file his
27
motion to have a computer forensic investigator appointed.  This information was provided
not by his private investigator but by Philip Seplow's assistant, Dan Colmerauer.

28
3.     If you want a job done right—or a job done at all for that matter—you have to do it

- 1 -

1  many of the pending computer forensic investigation issues are beyond the defendant's

2  capabilities,[4] some of the issues are so rudimentary that they do not absolutely require a

3  computer forensic investigator—however, they do require explanation.  The declarations

4  attached to this filing address those rudimentary issues.  All "technical information" was

5  mainly gathered from the Microsoft Windows Help and Support Center, which can be easily

6  accessed/verified by anyone who uses a Windows based computer (no Internet connection

7  required).

8       Other than for declaration No. 7, all attached declarations detail the defendant's efforts

9  to count files on seized drives (*see* rudimentary)[5] and check the date-of-origin for each

10 seized file via file properties (*see* rudimentary)[6] in order to determine which files are

11 beyond the temporal scope of the N.D.Cal. 08-70460-HRL/PVT and 08-70502-PVT

12 warrants.  The noted warrants state that the government may only expose and search for files

13 "[f]or the period January 1, 2005, through the present[.]"[7]  The defendant has already

14 raised the issue of the government exceeding the scope of the noted warrants by using

15 "human eyes" and software to review ***all*** files contained on the seized data storage devices.

16 The Court recently set oral arguments on suppression issues and ordered that the parties

17 "should focus on matters they consider most important to the Court's resolution of these

18 motions."  *See* Dkt. #957, p. 2.  The first six attached declarations support a portion of the

19 defendant's planned oral argument regarding the never-ending ways the government

20 exceeded the scope of the N.D.Cal. 08-70460-HRL/PVT and 08-70502-PVT warrants.  The

21

22 yourself.

23 4.      The more advanced issues are detailed in a separate sealed *ex parte* motion to have a
computer forensic investigator appointed.

24 5.      The defendant counts like: 1, 2, 3, 4, 5, 6, and so on...

25 6.      "[T]he electronic descriptors of the... subject documents[] reveal[] dates created,
modified and accessed[.]  [A] **glance** at these electronic descriptors, which are labeled 'File
Comments' [] would have revealed that these documents were not [within the temporal scope
26 of the warrant]."  *See* United States v. Reeves, 2012 U.S. Dist. LEXIS 68962, No. 11-520
(JBS), Doc. #141, p. 27 (D.NJ., May 17, 2012) (emphasis added).

27 7.      *E.g.*, *Submission Of Documents Related To Original Northern District Of California
08-70460-HRL Search Warrant Used To Physically Search Apartment No. 1122, Warrant*
28 (U.S. v. Rigmaiden, CR08-814-PHX-DGC, D.Ariz., Dkt. #566-2, p. 5).

government collecting and then viewing/exposing files that are dated prior to January 5, 2005 is one of the issues the defendant sees as being **most important** to the Court's resolution of whether the government conducted a fishing expedition into the defendant's digital data.

Listed below are the names of the attached declarations and brief summaries of their contents:[8]

1.    *File modified dates are the most accurate Microsoft Windows NTFS file property to period a file*; <u>ATTACHMENT 01</u>.  This declaration details the defendant's efforts to determine which NTFS file date/time property is most accurate to "period" a file for temporal scope purposes.  As a result of the tests detailed in the noted declaration, it was determined that (1) an NTFS file "last access date" property is *(i)* an inapplicable/irrelevant record to "period" a file, but *(ii)* a reliable record of the last date/time a file was opened and read (albeit within an approximate "less than or equal to" 60 minute "forward looking" margin of error), (2) an NTFS file "creation date" property is an unreliable record to "period" a file, and (3) an NTFS file "last modified date" property is the absolute file creation date/time of a file and, therefore, a reliable record to "period" a file.

2.    *Number of "filesalot.dcv" (i.e., drive "T") files that were opened/read by the government after Rigmaiden's arrest and execution of the N.D.Cal. 08-70460-HRL/PVT warrant*; <u>ATTACHMENT 02</u>.  This declaration details the defendant's efforts to determine (1) the "last access date" property of each file contained on the seized DriveCrypt encrypted virtual drive, "filesalot.dcv," and (2) whether any given "last accessed date" corresponding to the noted files are dated *after* the defendant's arrest and *after* the execution of the N.D.Cal. 08-70460-HRL/PVT search warrant.  As a result of the process detailed in this declaration, it was determined that (1) government personnel accessed (*i.e.*, opened and read by "human eyes" and/or software) **53,342** files out of a total of **53,521** files (**99.66%** of all files) on the defendant's physical computer system "T" drive (*i.e.*, "filesalot.dcv") after the date/time of

---

8.    The declarations appear to be thousands of pages long, however, they are not.  The majority of the pages are attachments containing lists of seized files with their corresponding file date/times.

SUBMISSION OF TECHNICAL DECLARATIONS IN SUPORT OF
VARIOUS SUPPRESSION FILINGS RELATING TO SEARCH AND SEIZURE OF DIGITAL DATA
CR08-814-PHX-DGC

SUBMISSION OF TECHNICAL DECLARATIONS IN SUPPORT OF
VARIOUS SUPPRESSION FILINGS RELATING TO SEARCH AND SEIZURE OF DIGITAL DATA
CR08-814-PHX-DGC

1   the defendant's arrest and government entry into the defendant's home, (2) under the best

2   case scenario favorable to the government, **70.54%** of all files opened and read by

3   government actors were **beyond** the temporal scope of the N.D.Cal. 08-70460-HRL/PVT

4   search warrant (*i.e.*, files dated prior to January 1, 2005), (3) the government failed to

5   preserve "last access dates" corresponding to the final dates/times the noted **53,342** files

6   were accessed by non-government personnel prior to the date/time of the defendant's arrest

7   and search of his home, and (4) overwriting (*i.e.*, destroying) "last access dates" for **53,342**

8   files on "filesalot.dcv" could have been avoided during IRS-CI Agent Daun's data content

9   preservation process (*i.e.*, "live acquisition").

10          3.      *Number of "filesalot.dcv" (i.e., drive "T") files beyond temporal scope of*

11   *N.D.Cal. 08-70460-HRL/PVT warrant based on file period*; ATTACHMENT 03.  This

12   declaration details the defendant's efforts to determine (1) the "last modified date" property

13   of each file contained on the seized DriveCrypt encrypted virtual drive, "filesalot.dcv," and

14   (2) whether any given "last modified date" corresponding to the noted files are for a "period"

15   prior to January 1, 2005, *i.e.*, beyond the temporal scope of the N.D.Cal. 08-70460-

16   HRL/PVT search warrant.  As a result of the process detailed in this declaration, it was

17   determined that **37,941** files out of **53,521** files (**70.88%** of all files) on the defendant's

18   physical computer system "T" drive (*i.e.*, "filesalot.dcv") are "period" prior to January 1,

19   2005 and, therefore, beyond the temporal scope of the N.D.Cal. 08-70460-HRL/PVT and 08-

20   70502-PVT search warrants.

21          4.      *Number of "filesalot_bak_3-1-2008.dcv" (i.e., drive "T" backup) files beyond*

22   *temporal scope of N.D.Cal. 08-70460-HRL/PVT warrant based on file period*;

23   ATTACHMENT 04.  This declaration details the defendant's efforts to determine (1) the "last

24   modified date" property of each file contained on the seized DriveCrypt encrypted virtual

25   drive, "filesalot_bak_3-1-2008.dcv" (*i.e.*, the March 1, 2008 backup of "filesalot.dcv"), and

26   (2) whether any given "last modified date" corresponding to the noted files are for a "period"

27   prior to January 1, 2005, *i.e.*, beyond the temporal scope of the N.D.Cal. 08-70460-

28   HRL/PVT search warrant.  As a result of the process detailed in this declaration, it was

SUBMISSION OF TECHNICAL DECLARATIONS IN SUPORT OF
VARIOUS SUPPRESSION FILINGS RELATING TO SEARCH AND SEIZURE OF DIGITAL DATA
CR08-814-PHX-DGC

determined that **37,988** files out of **51,353** files (**73.97%** of all files) on the defendant's

physical computer system "T" drive (3/1/2008 backup) (*i.e.*, "filesalot_bak_3-1-2008.dcv")

are "period" prior to January 1, 2005 and, therefore, beyond the temporal scope of the

N.D.Cal. 08-70460-HRL/PVT search warrant.

5.      *Number of "filesalot_bak_3-31-2008.dcv" (i.e., drive "T" backup) files*

*beyond temporal scope of N.D.Cal. 08-70502-PVT warrant based on file period*;

<u>ATTACHMENT 05</u>.  This declaration details the defendant's efforts to determine (1) the "last

modified date" property of each file contained on the seized DriveCrypt encrypted virtual

drive, "filesalot_bak_3-31-2008.dcv" (*i.e.*, the March 31, 2008 backup of "filesalot.dcv"),

and (2) whether any given "last modified date" corresponding to the noted files are for a

"period" prior to January 1, 2005, *i.e.*, beyond the temporal scope of the N.D.Cal. 08-70502-

PVT search warrant.  As a result of the process detailed in this declaration, it was determined

that **38,055** files out of **51,734** files (**73.55%** of all files) on the defendant's physical

computer system "T" drive (3/31/2008 backup) (*i.e.*, "filesalot_bak_3-31-2008.dcv") are

"period" prior to January 1, 2005 and, therefore, beyond the temporal scope of the N.D.Cal.

08-70502-PVT search warrant.

6.      *Number of files copied into "T_drive.rar" that are beyond temporal scope of*

*N.D.Cal. 08-70460-HRL/PVT warrant based on file period*;  <u>ATTACHMENT 06</u>.  This

declaration details the defendant's efforts to determine (1) the "last modified date" property

of each file contained within the WinRAR archive, "T_drive.rar," and (2) whether WinRAR

allows for creating an archive while automatically skipping over files that do not fall within a

specified time period, *e.g.*, files beyond the temporal scope of the N.D.Cal. 08-70460-

HRL/PVT search warrant.  As a result of the process detailed in this declaration, it was

determined (1) **16,907** files out of **26,983** files (**62.65%** of all files) IRS-CI Agent Daun

saved into "T_drive.rar" are "period" prior to January 1, 2005 and, therefore, beyond the

temporal scope of the N.D.Cal. 08-70460-HRL/PVT search warrant, and (2) IRS-CI Agent

Daun could have (but did not) set WinRAR to only archive files that were within the

temporal scope of the relevant warrant, *i.e.*, "period" January 1, 2005 through August 3,

1   2008.

2          7.    *Number of files copied into "T_drive.rar" that are beyond temporal scope of*

3   *N.D.Cal. 08-70460-HRL/PVT warrant based on file period*; ATTACHMENT 07.  This

4   declaration details the defendant's efforts to locate additional evidence showing the

5   government's lack of need and/or interest in decrypting his encrypted data.  As a result of the

6   efforts detailed in this declaration, it was determined that the government chose to not seize

7   one of the defendant's DriveCrypt encrypted virtual drives, *i.e.*, "installed.dcv," of which

8   IRS-CI Agent Daun could not decrypt and access when she sat down at the defendant's

9   computer.  The noted encrypted virtual drive was not mounted as a logical hard drive at the

10  time of the search and IRS-CI Agent Daun was not able to decrypt the data considering she

11  did not know the password.  Even while the warrant permitted the seizure of encrypted data

12  for the sole purpose of cracking encryption over an extended period of time, IRS-CI agent

13  Daun had no interest in "installed.dcv."  This lack of interest further bellies the government's

14  claim that the extended search was reasonable due to the government's interest in the

15  defendant's encrypted data—an interest that was clearly nonexistent.

16                      * * * * *

17        This submission and all herein referenced attachments were drafted and prepared by

18  the *pro se* defendant,[9] however, he authorizes his shadow counsel, Philip Seplow, to file

19  this submission and all attachments on his behalf using the ECF system.

20        It is not expected that excludable delay under 18 U.S.C. § 3161(h) will occur as a

21  result of this submission.

22  ///

23  ///

24  ///

25

26  9.    Like all documents relating to Fourth Amendment suppression issues, this filing is
    being submitted under the protections of *Simmons*.  *See* Simmons v. United States, 390 U.S.

27  377, 394 (1968) (Holding that "when a defendant testifies in support of a motion to suppress
    evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted

28  against him at trial on the issue of guilt unless he makes no objection.").  The defendant
    objects to the government attempting to introduce this filing as evidence at trial.

SUBMISSION OF TECHNICAL DECLARATIONS IN SUPORT OF
VARIOUS SUPPRESSION FILINGS RELATING TO SEARCH AND SEIZURE OF DIGITAL DATA
CR08-814-PHX-DGC

1  Respectfully Submitted:

2

3                                            PHILP SEPLOW, Shadow Counsel, on
                                             behalf of DANIEL DAVID RIGMAIDEN,
4                                            Pro Se Defendant:

5

6                                            s/ Philip Seplow
                                             Philip Seplow
7                                            Shadow Counsel for Defendant.

8                           CERTIFICATE OF SERVICE

9

10         I hereby certify that on:                    I caused the attached document to be

11  electronically transmitted to the Clerk's Office using the ECF system for filing and
    transmittal of a Notice of Electronic Filing to the following ECF registrants:

12

13  Taylor W. Fox, PC
    Counsel for defendant Ransom Carter
14  2 North Central Ave., Suite 735
    Phoenix, AZ 85004
15

16  Frederick A. Battista
    Assistant United States Attorney
17  Two Renaissance Square
    40 North Central Ave., Suite 1200
18  Phoenix, AZ 85004

19

20  Peter S. Sexton
    Assistant United States Attorney
21  Two Renaissance Square
    40 North Central Ave., Suite 1200
22  Phoenix, AZ 85004

23

24  James R. Knapp
    Assistant United States Attorney
    Two Renaissance Square
25  40 North Central Ave., Suite 1200
    Phoenix, AZ 85004
26

27

28  By: s/ Daniel Colmerauer
    (Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

SUBMISSION OF TECHNICAL DECLARATIONS IN SUPORT OF
VARIOUS SUPPRESSION FILINGS RELATING TO SEARCH AND SEIZURE OF DIGITAL DATA
CR08-814-PHX-DGC