Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden, et al.,<br><br>    Defendant. | No. CR08-814-PHX-DGC<br><br>MOTION FOR CLARIFICATION OF COURT'S ORDER AT DKT. #957 SETTING ORAL ARGUMENTS FOR MOTIONS |

      Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits *Motion For Clarification Of Court's Order At Dkt. #957 Setting Oral Arguments For Motions*. On January 29, 2013, the Court issued an order setting oral arguments on motions relating to suppression issues. *See* Dkt. #957. The associated docket entry lists various motions relevant to the hearing including **(1)** *Motion For Leave To Place Additional Evidence On The Record Responsive To Government Claims Contained In Response To Motion To Suppress* (Dkt. #897) [RE: [proposed] *Fourth Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues* (Dkt. #898)], **(2)** *Motion For Leave To Amend Dkt. #867 First Supplement To Motion To Suppress RE: Search And Seizure Of Digital Evidence Under N.D.Cal. Warrants Or, In The Alternative, To Dismiss The Case With Prejudice* (Dkt. #934) [RE: [proposed] *Second Supplement To Motion To Suppress RE: Search And Seizure Of Digital Evidence Under N.D.Cal. Warrants* (Dkt. #934-1)], and **(3)** *Motion For Leave To File First Supplement To Motion For Order Requiring Government To Comply With Data*

1  *Deletion Requirements Of N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, And 08-70502-PVT*
2  *Warrants* (Dkt. #926) [RE: [proposed] *First Supplement To Motion For Order Requiring*
3  *Government To Comply With Data Deletion Requirements Of N.D.Cal. 08-70460-HRL/PVT,*
4  *08-70503-PVT, AND 08-70502-PVT Warrants* (Dkt. #927)].
5       The defendant seeks clarification on the following:
6       1.    Should the defendant argue why the Court should grant his *Motion **For Leave***
7  ***To Place** Additional Evidence On The Record Responsive To Government Claims Contained*
8  *In Response To Motion To Suppress* (Dkt. #897) or is the Court already considering the
9  evidence placed on the record via *Fourth Submission Of Consolidated Exhibits Relating To*
10 *Discovery And Suppression Issues* (Dkt. #898 [proposed])?  The defendant is confused as to
11 whether he should prepare his overall oral arguments under the premise that evidence at Dkt.
12 #898 is being considered by the Court or under the premise that it is not.
13      2.    Should the defendant argue why the Court should grant his *Motion **For Leave***
14 ***To Amend** Dkt. #867 First Supplement To Motion To Suppress RE: Search And Seizure Of*
15 *Digital Evidence Under N.D.Cal. Warrants Or, In The Alternative, To Dismiss The Case*
16 *With Prejudice* (Dkt. #934) or is the Court already considering the corrected/superseded facts
17 and arguments contained in *Second Supplement To Motion To Suppress RE: Search And*
18 *Seizure Of Digital Evidence Under N.D.Cal. Warrants* (Dkt. #934-1 [Proposed])?  On
19 September 28, 2012, the Court issued an order (Dkt. #889) granting the defendant's *Motion*
20 *For Leave To File Motion For Disclosure RE: Digital Evidence Search...* (Dkt. #868).  As a
21 result, the clerk filed the defendant's then proposed (Dkt. #869) *Motion For Disclosure RE:*
22 *Digital Evidence Search* (Dkt. #890).[1]  As a result of the filing of the motion for disclosure,
23 the government provided the defendant limited additional discovery.  *See Fifth Submission*
24 *Of Consolidated Exhibits Relating To Discovery And Suppression Issues* (Dkt. #929).  Based
25 on the government's disclosure—which was more or less motivated by the Court's order at
26 Dkt. #889—the defendant determined that he needed to update and supersede his prior
27
28 _____
    1.   *See* also the defendant's *Supplement To Motion For Disclosure RE: Digital Evidence Search* (Dkt. #893).

*MOTION FOR CLARIFICATION OF COURT'S ORDER AT DKT. #957 SETTING ORAL ARGUMENTS FOR MOTIONS CR08-814-PHX-DGC*

wholesale suppression argument and also raise new challenges relating to newly identified technical violations of the N.D.Cal. 08-70460-HRL/PVT and 08-70502-PVT warrants. *See* Dkt. #934-1.[2]  After the defendant filed Dkt. #934, the government filed Dkt. #935 (November 27, 2012 ) wherein it claimed that IRS-CI Agent Tracy L. Daun "was required to use her expertise to briefly examine **all** of the subject files in order to determine whether they fell within or outside of the scope of the subject warrants." Dkt. #935, p. 3-4 (emphasis added).  Because the government claimed that **all** files were examined—a clear violation of the N.D.Cal. 8-70460-HRL/PVT and 08-70502-PVT warrants requiring that the government "locate and **expose** only those categories of files, documents, or other electronically stored information that are identified with particularity in the warrant..."[3]—the defendant noted at Dkt. #941 that he would likely need to amend his motion at Dkt. #934-1 into a *Third Supplement*.[4]  Based on the government's November 27, 2012 admission, the defendant began to analyze the file date properties for all seized files.  As a result of the lengthy analysis, the defendant was able to confirm that IRS-CI Agent Daun did in fact expose ***nearly all*** seized files (*i.e.*, 99.66% of all files on the "T" drive including 70.54% being beyond the temporal scope of the warrant), at the very least, immediately after execution of the  N.D.Cal. 8-70460-HRL/PVT warrant.[5]  *See Number of "filesalot.dcv" (i.e., drive "T") files that were opened/read by the government after Rigmaiden's arrest and execution of the*

---

2.    The defendant's original supplemental motion was *First Supplement To Motion To Suppress RE: Search And Seizure Of Digital Evidence Under N.D.Cal. Warrants* (Dkt. #867). However, that motion is now largely factually inaccurate in light of additional evidence disclosed by the government.

3.    *E.g.*, *Submission Of Documents Related To Original Northern District Of California 08-70460-HRL Search Warrant Used To Physically Search Apartment No. 1122*, *Warrant*, "Computer Search Protocol For The Northern District Of California" (Dkt. #566-2, p. 17).

4.    The defendant also noted that once the government is finished withholding material evidence, he would likely need to amend his motion at Dkt. #934-1 into a *Third Supplement*. *See* Dkt. #941, p. 2-3; *see also*, *e.g.*, *Reply To Government's Response To Motion For Discovery RE: Digital Evidence Search* (Dkt. #930) (discussing withheld and/or destroyed evidence) and *Reply To Government's Response To Defendant's Motion To Suppress All Digital Evidence As A Sanction For Failure To Preserve Evidence And Motion For Sanctions For Discovery Violations* (Dkt. #938).  The defendant still has pending discovery requests relating to the government's digital data search.

5.    The extent of additional specific file exposures will only be revealed by the evidence the government continues to withhold.

1  *N.D.Cal. 08-70460-HRL/PVT warrant* (Dkt. #961-1) (listing date/times files were accessed).
2  However, the Court did not rule on the defendant's request to file his *Second Supplement*
3  (Dkt. #934-1) [*e.g.*, deny the request, grant the request, or allow him to file a *Third*
4  *Supplement* either immediately or after the government is finished withholding material
5  evidence], but instead issued its order at Dkt. #957.  The source of the defendant's confusion
6  is that the Court referenced Dkt. #867 in the list of motions set for oral argument.  However,
7  as the defendant noted at Dkt. #934 and #934-1, the government's October 22, 2012
8  disclosure of previously withheld evidence acted to change the facts and Fourth Amendment
9  arguments previously raised at Dkt. #867.  Using the newly provided evidence, the defendant
10 crossed out the inaccurate/superseded sections of Dkt. #867 and then added in
11 accurate/updated facts and arguments using red text.  *See* Dkt. #934-1.  It also seems
12 contradictory for the parties to enter into the March 28, 2013 hearing without prior
13 consideration of the accurate/updated facts/arguments outlined at Dkt. #934-1 while the
14 Court had previously granted the defendant's motion for leave (Dkt. #868) to file the very
15 discovery motion that motivated the government to turn over the evidence that brought the
16 new facts and arguments to light.
17            3.    Should the defendant argue why the Court should grant his *Motion **For Leave***
18 ***To File*** *First Supplement To Motion For Order Requiring Government To Comply With Data*
19 *Deletion Requirements Of N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, And 08-70502-PVT*
20 *Warrants* (Dkt. #926) or is the Court already considering the arguments placed on the record
21 via *First Supplement To Motion For Order Requiring Government To Comply With Data*
22 *Deletion Requirements Of N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-*
23 *PVT Warrants* (Dkt. #927 [proposed])? After the defendant filed *Motion For Order*
24 *Requiring Government To Comply With Data Deletion Requirements Of N.D.Cal. 08-70460-*
25 *HRL/PVT, 08-70503-PVT, AND 08-70502-PVT Warrants* (Dkt. #847), the N.D.Cal. issued a
26 new opinion that further solidified and confirmed the defendant's arguments raised at Dkt.
27 #847.  *See* Dkt. #927.  If the Court is not considering the arguments at Dkt. #927, the
28 defendant will need to spend some of his 60 minute oral argument time arguing Dkt. #927 in

MOTION FOR CLARIFICATION OF COURT'S ORDER AT DKT. #957 SETTING ORAL ARGUMENTS FOR MOTIONS
CR08-814-PHX-DGC

1 its entirety. However, if the Court is already considering the arguments at Dkt. #927, orally
2 arguing the motion in its entirety would just be a rehashing. The defendant does not want to
3 spend considerable time memorizing and preparing to orally argue a complex motion in its
4 entirety if the Court is already considering the written version.

5     4.    At the March 28, 2013, are the parties to orally argue the issues contained in
6 the defendant's *Memorandum RE: Fourth Amendment Violations (re: 08-70460-HRL/PVT)*
7 (Dkt. #830-1) and *Memorandum RE: Destruction Of Evidence* (Dkt. #830-2)? The docket
8 entry associated with the Court's order at Dkt. #957 references the defendant's *Motion To*
9 *Suppress* (Dkt. #824), which includes his *Memorandum RE: Fourth Amendment Violations*
10 (Dkt. #824-1), but it does not list Dkt. #830-1 and #830-2 specifically. On July 13, 2012, the
11 court issued an order (Dkt. #859) stating that it "will consider the two memoranda filed by
12 Defendant at Doc. 830 to be part of Defendant's motion to suppress filed at Doc. 824. The
13 government should include these two memoranda in its response to Doc. 824." *Id.*, p. 1.
14 The defendant is confused as to whether he should prepare oral arguments relating to Dkt.
15 #830-1 and #830-2 or only relating to Dkt. #824.

16     \* \* \* \* \*

17     Based on the points and authorities set forth herein, the defendant respectfully
18 requests that the Court issue an order of clarity so that the defendant may more efficiently
19 prepare for the March 28, 2013 hearing.

20     This motion was drafted by the *pro se* defendant, however, he authorizes his shadow
21 counsel, Philip Seplow, to file this motion on his behalf using the ECF system.

22     LRCrim 12.2(a) requires that the undersigned include the following statement in all
23 motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this
24 motion or of an order based thereon."

25 ///
26 ///
27 ///
28 ///

Respectfully Submitted:

                                    PHILP SEPLOW, Shadow Counsel, on
                                    behalf of DANIEL DAVID RIGMAIDEN,
                                    Pro Se Defendant:


                                    s/ Philip Seplow
                                    Philip Seplow
                                    Shadow Counsel for Defendant.

CERTIFICATE OF SERVICE

    I hereby certify that on:                    I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:


Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004


By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))