Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR08-814-PHX-DGC |
|---|---|
| Plaintiff, | MOTION FOR LEAVE TO CEDE TEN TO FIFTEEN MINUTES OF MARCH 28, 2013 ORAL ARGUMENT TIME TO AMICI |
| v. | |
| Daniel David Rigmaiden, et al., | |
| Defendant. | |

Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits *Motion For Leave To Cede Ten To Fifteen Minutes Of March 28, 2013 Oral Argument Time To Amici*. On January 29, 2013, the Court issued an order setting oral arguments for March 28, 2013, 1:30pm on motions relating to suppression issues. *See* Dkt. #957. In the order, the Court stated that "each side [will] be[] allotted one hour of oral argument time." *Id.*, p. 1. At Dkt. #920, amici requested "leave to participate in an oral argument on any hearing on Mr. Rigmaiden's motion to suppress..." Dkt. #904, p. 3. Rather than grant that request, the defendant respectfully requests that the Court allow the defendant the option to cede 10 to 15 minutes of his 60 minute oral argument time to amici attorneys.

The defendant is out-of-practice when it comes to verbal communications and, in any event, he will have been awake for 31 hours prior to the court appearance. While the defendant has a great deal of material to present, his oppressed verbal communication skills will make it difficult for him to efficiently present his arguments. Additionally, while the

time is needed, speaking for 60 minutes will be difficult for the defendant after having been forced to stay awake for 31 hours prior to the court appearance.  By giving amici 10 to 15 minutes of the defendant's oral argument time, any missed or under articulated point can be covered by amici, which may eliminate unfair prejudice suffered by the defendant due to environmental factors.

First, the defendant has not been to a court hearing in more than one year and has not had to orally argue anything since his last court appearance.  Even outside of court, the defendant has spoken very little since his arrest and even less so over the last year.  The defendant has not been engaging in even moderate verbal communications considering 90% of the people the defendant comes in contact with do not speak English, and 90% of the remaining 10% do not know the meanings of many of the words making up the defendant's general-use vocabulary.  For example, words like *proactive*, *relative*, *ironic*, *incomprehensible*, *metaphorically*, *familiarity*, *coexist*, *indecisive* and *inconsistent* to name a few – are the types of words the defendant has to consciously avoid using while conversing with 90% of the English speakers he encounters in his environment.  Rather than "dumb down" his vocabulary, the defendant often times chooses to not speak at all.  Because the defendant rarely speaks—and even when he does, it is a "primitive" English dialect—it is now difficult for the defendant to assemble the correct words in the correct order so as to effectively convey a complex point verbally.  Although the defendant is attempting to regain some of his verbal communication skills in preparation for the March 28, 2013 hearing, having amici assist the defendant with oral arguments will likely be beneficial.

Second, the defendant will have been awake for **31 (thirty one)** hours straight prior to 1:30pm on March 28, 2013.[1]  Even with CCA-CADC operating at less than 50% capacity, staff still insists on forcing detainees to begin the Court transport procedure at 11:30pm the

---

1.   *See Motion For Order Requiring That Defendant Not Be Subjected To Sleep Deprivation Prior To Each Court Appearance* (Dkt. #666).

1  night before court appearances scheduled for the following day.[2][3]  Because the defendant
2  has not been to court for more than one year, he will be under-conditioned for the physically
3  enduring court transport experience.  Imagine having to run five miles after not exercising
4  for more than one year.  The defendant will be more disadvantaged than at prior court
5  appearance considering he is now much less accustomed to (1) staying awake for 31 hours,
6  (2) standing in one spot for numerous hours without being able to sit,[4] (3) being shackled
7  cuffed/lock-boxed for numerous hours, and (4) being exposed to the U.S. Marshal's air
8  conditioning—kept at an estimated 63°—while wearing a short sleeved shirt during the 6+
9  hour holding cell waiting period prior to 1:30pm court.  Although the defendant plans to
10 begin a conditioning regimen—*i.e.*, going outside early in the morning in 40-50° weather
11 with a thin t-shirt (USMS A.C. conditioning), attempting to stay awake for 30 to 70 hours
12 straight (CCA-CADC sleep deprivation conditioning), tying his arms to his chest for
13 numerous hours (CCA-CADC/USMS excessive restraint conditioning), and standing in one
14 spot for numerous hours (dangerously over-packing holding cell conditioning)—having
15 amici assist the defendant with oral arguments will likely be beneficial.

* * * * *

17 Based on the foregoing, the defendant respectfully requests that the Court permit him
18 the option of ceding ten to fifteen minutes of his March 28, 2013 oral argument time to amici
19 attorneys.  The government informed the defense that it has no opinion on the defendant's
20 request and that it opts to leave the issue to the discretion of the Court.

---

2.   The defendant calculates from 11:30pm considering that is the time CCA-CADC staff will bang on a detainee's cell window in order to tell him to be ready to leave for court one hour later at 12:30am.

3.   When the defendant's motion at Dkt. #666 was discussed on October 28, 2011, the defendant advised the Court that CCA-CADC was motivated by profits when it decided to eliminate the second (*i.e.*, daytime) court transport which allowed detainees with afternoon-court to wake up at approximately 6:00am the morning before court as opposed to 11:30pm the previously calendar day.  The Court disagreed and advised the defendant that it also involved dealing with the shear number of detainees CCA-CADC was housing and transporting at the time.  Unlike in October of 2011, CCA-CADC is now operating at less than 50% capacity, yet it still refuses to begin the court transport procedure for its minimal detainee population at a reasonable hour.  Therefore, it is evident that profits was/is the sole motivating factor.

4.   This may no longer be a problem in light of CCA-CADC now operating at less than 50% capacity.

*MOTION FOR LEAVE TO CEDE TEN TO FIFTEEN MINUTES OF MARCH 28, 2013 ORAL ARGUMENT TIME TO AMICI*
*CR08-814-PHX-DGC*

1   This motion was drafted by the *pro se* defendant, however, he authorizes his shadow
2   counsel, Philip Seplow, to file this motion on his behalf using the ECF system.
3   LRCrim 12.2(a) requires that the undersigned include the following statement in all
4   motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this
5   motion or of an order based thereon."
6   ///
7   ///
8   ///
9   ///
10  ///
11  ///
12  ///
13  ///
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

*MOTION FOR LEAVE TO CEDE TEN TO FIFTEEN MINUTES OF MARCH 28, 2013 ORAL ARGUMENT TIME TO AMICI CR08-814-PHX-DGC*

| | |
|---|---|
| 1 | Respectfully Submitted: |
| 2 | |
| 3 | PHILP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Defendant: |
| 4 | |
| 5 | |
| 6 | s/ Philip Seplow |
| 7 | Philip Seplow<br>Shadow Counsel for Defendant. |

### CERTIFICATE OF SERVICE

I hereby certify that on:          I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

*MOTION FOR LEAVE TO CEDE TEN TO FIFTEEN MINUTES OF MARCH 28, 2013 ORAL ARGUMENT TIME TO AMICI*
*CR08-814-PHX-DGC*