Daniel J. Pochoda (SBA 021979)
Kelly J. Flood (SBA 019772)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF ARIZONA
3707 N. 7th Street, Suite 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
dpochoda@acluaz.org
kflood@acluaz.org

Linda Lye*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm St., 2nd Floor
San Francisco, California 94111
Telephone (415) 621-2493
llye@aclunc.org

Hanni M. Fakhoury*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x. 117
hanni@eff.org

*Admitted pro hac vice
Additional counsel listed on signature page

Attorneys for Proposed *Amici Curiae*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL RIGMAIDEN,<br><br>Defendant. | CASE NO.: 2:08-CR-00814-DGC<br><br>**UNOPPOSED MOTION BY *AMICI CURIAE* FOR LEAVE TO SUBMIT GOVERNMENT DOCUMENT** |

On March 14, 2013, this Court issued an Order (ECF No. 981) on the

Government's motion for guidance on the issues at the March 28, 2013 hearing. *Amici* respectfully request leave to submit a government document that is relevant to the first issue in the Court's March 14, 2013, Order and that was recently received by *amici* from the United States Department of Justice in response to a Freedom of Information Act request.

The Court's March 14, 2013, Order states:

> [I]n its response to the motion to suppress, the government states that "[t]he tracking warrant was similar to numerous cell phone tracking warrants issued across the United States by other U.S. magistrate judges, including U.S magistrate judges here in the District of Arizona." Doc. 873 at 62. The government should provide support for that assertion.

On March 22, 2013, counsel for *amici* received from the United States Department of Justice documents in response to a Freedom of Information Act request pertaining to, among other things, the government' use of location tracking technology in the Northern District of California, the district in which the order central to this case issued. *See* Lye Decl. ¶3, *filed herewith*. Included in the document production was an internal email string from the United States Attorney's Office for the Northern District of California, dated May 23, 2011, which states:

> As some of you may be aware, our office has been working closely with the magistrate judges in an effort to address their collective concerns regarding whether a pen register is sufficient to authorize the use of law enforcement's WIT technology ( a box that simulates a cell tower and can be placed inside a van to help pinpoint an individual's location with some specificity) to locate an individual. It has recently come to my attention that many agents are still using WIT technology in the field although the pen register application does not make that explicit.
>
> While we continue to work on a long term fix for this problem it is important that we are consistent and forthright in our pen register requests to the magistrates ….

*See id.*, Exhibit 1. Another participant in the email chain subsequently states: "And just to be clear, the agents may not use the term 'WIT' (or 'WITT') but rather may be using the term 'Triggerfish' or the term 'Stingray'…. *Id.*

As *amici* set forth in their brief, the government in this case failed to disclose to the magistrate that it intended to use a stingray, what the technology is, or how it works.

2

CASE NO. 2:08-CR-00814-DGC
UNOPPOSED MOTION BY *AMICI CURIAE* FOR LEAVE TO SUBMIT GOVERNMENT DOCUMENT

1  *See Amici* Brief (ECF No. 920) at 6-12.  Submitted in conjunction with a companion
2  application to use a pen register, the government's affidavit suggested that government
3  was only seeking leave to use a pen register device.  *See id.* at 9.
4        The May 23, 2011 email from the United States Attorney's Office, authored
5  approximately three years after the July 2008 order at issue here, indicates federal agents
6  were using stingray "technology in the field" even though applications submitted to the
7  court did "not make that explicit."  The email further indicates that once magistrates in the
8  Northern District of California learned of this practice, they expressed "collective
9  concerns."
10       Another participant in the May 23, 2011 email string goes on to state:

> whether or not the initial intended purpose of the pen register was to use the WIT technology to locate someone, did the agents eventually use the pen in that way? In other words, a pen might have started as just a pen, and later the agents decided to use the order to also attempt to locate the target.  They may or may not have told you about this decision.  So check in with your agents and find out whether they have been using pen register orders to locate targets with the WIT boxes, whether or not they started out intended to do so.

15 Lye Decl., Exh. 1.  This portion of the email thus bears on *amici*'s additional argument
16 that the stingray search did not fall within the scope of N.D. Cal. Order 08-90330.  *See*
17 *Amici* Brief (ECF No. 920) at 5-6 & n. 13.  It also reinforces the most sensible reading of
18 the application, affidavit, and order -- that the government, at the time it submitted the
19 application, merely sought court authorization for *Verizon* to install a pen register device
20 and never sought a warrant to authorize the *government* to use a stingray.  If that is so, the
21 government's current description of N.D. Cal. Order 08-90330 as a "warrant" on which
22 officers relied in good faith is an entirely *post hoc* but unjustified recharacterization of the
23 order.
24       Counsel for *amici* contacted counsel for the government and shadow counsel for
25 Mr. Rigmaiden the first business day after receiving the above-referenced email,
26 expressed the view that the email bears on the first issue in this Court's March 14, 2013,
27 Order, and requested that the government and Mr. Rigmaiden stipulate to or not oppose
28

submission of this document to the Court.  The government has advised that it does not oppose the submission of this document.  Mr. Rigmaiden through his shadow counsel has advised that Mr. Rigmaiden has no objection to the submission of this document.  *See* Lye Decl. at ¶¶5-7.

Dated: March 26, 2013

Respectfully submitted,
By: _____/s/_____
Linda Lye

Daniel J. Pochoda (SBA 021979)
Kelly J. Flood (SBA 019772)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF ARIZONA
3707 N. 7th Street, Suite 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
dpochoda@acluaz.org
kflood@acluaz.org

Linda Lye*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm St., 2nd Floor
San Francisco, California 94111
Telephone: (415) 621-2493
llye@aclunc.org

Ben Wizner*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
bwizner@aclu.org

Hanni M. Fakhoury*
Staff Attorney
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x. 117
hanni@eff.org

*Admitted *pro hac vice*

Attorneys for *amici curiae*

4

**CASE NO. 2:08-CR-00814-DGC**
**UNOPPOSED MOTION BY *AMICI CURIAE* FOR LEAVE TO SUBMIT GOVERNMENT DOCUMENT**