JOHN S. LEONARDO
United States Attorney
District of Arizona

FREDERICK A. BATTISTA
Maryland State Bar Member
PETER S. SEXTON
Arizona State Bar No. 011089
JAMES R. KNAPP
Arizona State Bar No. 021166
Assistant U.S. Attorneys
Two Renaissance Square
40 North First Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 514-7500
Fred.Battista@usdoj.gov
Peter.Sexton@usdoj.gov
James.Knapp2@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Daniel David Rigmaiden,<br><br>　　　　　Defendant. | No. CR-08-0814-001-PHX-DGC<br><br>**SUPPLEMENTAL MEMORANDUM TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS** |

The United States, through undersigned counsel, hereby submits the following Supplemental Memorandum to Government's Response to Defendant's Motion to Dismiss. This Memorandum is being submitted in response to the Court's Order providing guidance to the parties with respect to the upcoming hearing regarding defendant's collective motion to suppress. (CR 981.) In addition, the United States is taking this opportunity to provide notice to the Court and defendant of an additional point it intends to raise during the course of the upcoming oral argument with respect to the issue regarding expectations of privacy.

1     Respectfully submitted this 26th day of March, 2013.

                                      JOHN S. LEONARDO
                                      United States Attorney
                                      District of Arizona

                                      S/Frederick A. Battista
                                      FREDERICK A. BATTISTA

                                      JAMES R. KNAPP
                                      PETER S. SEXTON
                                      Assistant U.S. Attorneys

**Memorandum**

**I.     Court's Guidance, Paragraph 1, Re Similarities of "Tracking Warrants"**

The Court has asked for support from the United States for its assertion that "[t]he tracking warrant was similar to numerous cell phone tracking warrants issued across the United States by other U.S. magistrate judges, including U.S. magistrate judges here in the District of Arizona." (CR 981.) In response to this request, the United States submits three examples of such applications, affidavits and orders. See Exhibit 1 (Redacted), District of Arizona Application for Tracking Device Warrant Pursuant to Title 18 U.S.C. § 3317 and Rule 41, Affidavit, Warrant for a Tacking Device and Return (June 12, 2008); Exhibit 2 (Redacted), District of Arizona Application, Affidavit, Warrant for a Tacking Device and Return (July 20, 2008); and Exhibit 3, Eastern District of Wisconsin, Application, Affidavit and Order (January 22, 2008).

**II.    Court's Guidance, Paragraph 2, Re Execution of the Warrants**

The Court has asked for additional information regarding the nature of the search of defendant's computers seized pursuant to the subject search warrants in this case. For the Court's information, the prosecution was aware of the 30 day time limit set forth in the search warrant protocols for the computers. As the original 30 day deadline approached, as has been disclosed to defendant, a question arose regarding the application the subject deadline. In consultation with a representative of the U.S. Attorney's Office for the Northern District of Arizona who assisted in the preparation of the search warrants, the prosecution team in Arizona was advised that the protocol was interpreted to mean that some evidence on a computer or similar device subject to seizure pursuant to a warrant would need to be located within 30 days of seizure. In a sense treating each computer, hard drive, etc., as a box of relevant records seized pursuant to the warrant. This procedure was followed within 30 days and all seized digital storage devices were either found to have materials subject to seizure under the warrants and mirrored or found to have no such materials. All devices that were found to have no responsive materials were segregated, never searched again, and are currently being stored as

3

a courtesy to the defendant for return at his request. As a result of this interpretation of the protocol, no extension was sought regarding further searches of the mirrored images of the seized devises for materials subject to seizure pursuant to the search warrants.

A number of files subject to seizure pursuant to the warrants were found within 30 days of seizure. In addition, on later dates, IRS-CI Special Agent Tracy Daun took the lead to complete a forensic analysis of the subject mirrored devices. This search occurred over an extended period of time due to other demands on Agent Daun's schedule and the quantity of material on the devices. At all times, Special Agent Daun conducted her searches with the specific intent to locate and share with the investigation team materials that were only subject to seizure under the search warrants. Due to the extremely diverse nature of the contents of devices and defendant's varied, and at times obscure way, of naming files, as well has defendant's storage of files in not readily accessible formats, it was incumbent upon Special Agent Daun to personally examine all of the files in a cursory fashion in order to determine whether each file was subject to seizure under the warrant. The ongoing examination of the devices has only resulted in the collection of evidence subject to seizure under the warrants which relates to the offenses and statutes set forth in the original search warrants. The ongoing examination has not resulted in: (1) any charges against defendant that do not relate to conduct or offenses set forth in the subject search warrants; or (2) any charges against defendant by any other jurisdiction. [1]

Along with Special Agent Daun's search of the subject mirror images, she prepared "virtual machines" of the mirrored material in order to permit FBI Special Agent Richard Murray and IRS-CI Special Agents Denise Medrano and Michael Fleischmann to conduct additional searches for materials subject to seizure under the warrants. The agents did conduct multiple limited searches for a limited period of time for information subject to seizure under

---

[1] If the Court believes a time line of Special Agent Daun's ongoing forensic search would be of assistance, the United States will seek to finalize such a time line and provide it to the Court and defendant.

1  the warrants. Upon reconsideration of this procedure, Special Agent Daun caused the agents to
2  discontinue the searches on the virtual machines. The limited searches of the virtual machines
3  did not result in the seizure of any evidence not subject to seizure under the search warrants and
4  also did not result in: (1) any charges against defendant that do not relate to conduct or offenses
5  set forth in the subject search warrants; or (2) any charges against defendant by any other
6  jurisdiction. [2/]

7  Well after 30 days after the original execution of the subject warrants. Special Agent
8  Daun completed her forensic search of the mirrored devices and segregated all materials subject
9  to seizure under the warrant. Defendant has been provided with notice of these materials and
10 Special Agent Daun has ceased accessing the originally mirrored devices. No other agents are
11 conducting searches of the originally mirrored devices.

12 As a result of further consideration of the subject protocols upon review of defendant's
13 motion to suppress, the United States acknowledges now that a better course of action would
14 have been to have sought an extension to the 30 day limitation in September 2008. However,
15 the only significant result in this case as a result of the digital device search protocol followed
16 by the United States is that additional information of the exact nature originally identified in the
17 warrants has been located and seized. At all times during the course of this investigation, the
18 agents acted in good faith while executing their searches.

19 **III.   Additional Point for Consideration During Oral Argument**

20 In furtherance of defendant's argument with respect to the issue of his expectations of
21 privacy in this case, he makes the representation on multiple occasions that he either paid for
22 things with his cash or via money orders purchased with his cash. To date, the United States is
23 not aware of any evidence of defendant ever making any money legally for a significant period
24 of time prior to or during his purchases at issue. Instead, the United States is only aware of

---

[2/] If the Court believes a time line of the additional agents' searches of the "virtual machines would be of assistance, the United States will seek to further finalize such a time line and provide it to the Court and defendant.

5

1 defendant acquiring money through theft or fraud, or by aiding and abetting others to commit
2 theft or fraud. Therefore, the facts that defendant used illegally obtained funds to: (1) purchase
3 the aircard; (2) fraudulently maintain the aircard account while acting under the identity of
4 another person (including the use of the victim's actual social security number); (3) purchase the
5 computer used to operate the aircard and aircard account under a second false identity (of a
6 deceased person); (4) obtain and maintain a lease to the apartment under the third false identity
7 (of a second deceased person along with the use of the deceased person's social security number
8 and a false California drivers' license bearing a number assigned to a second living person which
9 did not match the name on the license); and (5) obtain and maintain a lease to a storage unit
10 under a fourth false identity (including the use of a false California drivers' license bearing a
11 number assigned to a third living person which did not match the name on the license), should
12 also be taken into consideration by the Court while determining whether defendant had a
13 subjective expectation of privacy of anything at issue in this case.

14    Respectfully submitted this 26th day of March, 2013.

JOHN S. LEONARDO
United States Attorney
District of Arizona

S/Frederick A. Battista

FREDERICK A. BATTISTA

JAMES R. KNAPP
PETER S. SEXTON
Assistant U.S. Attorneys

6

**Certificate of Service**

I hereby certify that on March 26, 2013, I caused the attached document and exhibits to be filed via electronic transmission to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Phil Seplow
Shadow Counsel for Defendant

On March 26, 2013, copy of the attached document will also be mailed to:

Daniel David Rigmaiden
Agency No. 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

S/Frederick A. Battista

FREDERICK A. BATTISTA
Assistant U.S. Attorney

7