# EXHIBIT 2

```
                                              FILED      ____ LODGED
                                              ____ RECEIVED ____ COPY

                                                    AUG 0 4 2008

                                              CLERK U S DISTRICT COURT
                                                DISTRICT OF ARIZONA
                                              BY_____ DEPUTY
```

DIANE HUMETEWA
United States Attorney
District of Arizona

▮▮▮▮▮▮▮▮▮▮
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Arizona State Bar No. ▮▮▮▮
Telephone: (602) 514-7500

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER, MOBILE POSITIONING SYSTEM, TRAP AND TRACE DEVICE, INCLUDING CALLER IDENTIFICATION FEATURE AND DIGITAL DISPATCH, AND AUTHORIZING RELEASE OF SUBSCRIBER INFORMATION AND/OR CELL SITE INFORMATION ON CELLULAR TELEPHONE NUMBER ▮▮▮▮▮▮▮▮ | No. ▮▮▮▮▮▮▮▮<br><br>**APPLICATION**<br><br>**Under Seal** |

▮▮▮▮▮▮▮▮▮▮ an attorney of the United States Department of Justice, hereby applies to the Court for an Order pursuant to 18 U.S.C. §§ 3122, 3123, and 3127(3) and (4) authorizing the installation and use of a pen register, trap and trace device, including digital dispatch (also known as direct connect), and caller identification service, on cellular telephone number ▮▮▮▮▮▮▮▮ (the "target cellular telephone") and the furnishing of subscriber and cell-site information pursuant to 18 U.S.C. §§ 2703(c)(1)(B) and (d) and Local Rule 57.6(d)(23) of the United States District Court Rules of Practice and Procedure. In support of this application, she states the following:

1.  Applicant is an "attorney for the government" as defined in Fed. R. Crim. P. 1(b)(1)(B), and therefore, pursuant to 18 U.S.C. §§ 3122 and 3123, may apply for an Order authorizing the installation and use of a pen register, trap and trace device, including digital dispatch (also known as direct connect) and caller identification.

1  2.  Applicant certifies that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is
2  conducting a criminal investigation of ▮▮▮▮▮▮▮▮▮▮ in connection with possible
3  violations of ▮ U.S.C. Section ▮▮ and ▮ U.S.C. Section ▮▮.  It is believed that the
4  subject of the investigation uses a cellular phone with the telephone number ▮▮▮▮
5  The cellular phone number ▮▮▮▮ is a Cricket cellular telephone.  It is believed
6  that the target of the investigation is using these cellular telephone numbers in furtherance of
7  the subject offense; and that the information likely to be obtained from the pen register, trap
8  and trace device, including digital dispatch (also known as direct connect) and caller
9  identification service is relevant to the ongoing criminal investigation in that it is believed
10 that this information will concern the aforementioned offense.  Caller identification service
11 falls within the statutory definition of a "trap and trace" device as defined in 18 U.S.C. §
12 3127(4). *See United States v. Fregoso*, 60 F.3d 1314, 1320 (8th Cir. 1995).  The Fourth
13 Amendment of the United States Constitution, including probable cause requirements for
14 search warrants, does not apply to pen registers or trap and trace devices. *Smith v. Maryland*,
15 442 U.S. 735 (1979).  As described in the Affidavit by Special Agent ▮▮▮▮ of ▮
16 ▮▮▮▮▮▮▮▮▮▮▮▮ attached hereto, there are reasonable grounds to
17 believe that cellular telephone location information and information likely to be obtained
18 from the pen register and trap and trace device are relevant and material to the ongoing
19 criminal investigation regarding the aforementioned offense.
20  3.  Applicant requests that the Court issue an Order authorizing the installation and
21 use of a pen register to register the numbers dialed or pulsed from the above described
22 telephone number, to record the date and time of such dialings or pulsings, and to record the
23 length of time the telephone receiver in question is off the hook for incoming or outgoing
24 calls, for a period of sixty (60) days.
25
26
27
28

1   4.   Applicant further requests that the Court issue an Order authorizing the use of a
2   trap and trace device, including digital dispatch (also known as direct connect) and caller
3   identification to capture the incoming electronic or other impulses which identify the
4   originating number of a wire or electronic communication and the date, time and duration of
5   such incoming impulses for a period not to exceed 60 days, and that the authorization for the
6   trap and trace device, including digital dispatch (also known as direct connect) and caller
7   identification be without geographic limits.
8   5.   Applicant further requests pursuant to 18 U.S.C. §§ 3122 and 3123 that the Order
9   direct Cricket upon request of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to install on the
10  target telephones, and permit ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to use without
11  notice to the subscriber for the duration of the Order, caller identification services to capture
12  the incoming electronic or other impulses which identify the originating number and
13  subscriber of a wire or electronic communication to the target telephones as well as the date,
14  time, and duration of the incoming call.
15  6. The United States seeks cellular telephone location information on an ongoing and
16  real-time basis, including but not limited to identifying the specific nearest cell sites activated
17  or accessed by the target cellular telephones, and identifying the signal direction and strength
18  of communications between the activated cell site(s) and the target cellular telephones.  The
19  United States further seeks cellular telephone global positioning system coordinates from
20  Cricket Communications.  The United States does not seek the content of any wire or
21  electronic communications.  Accordingly, cellular telephone location information constitutes
22  "record[s] and other information pertaining to a subscriber to or customer of [an electronic
23  communications service]," and may be obtained by a governmental entity pursuant to a court
24  order under 18 U.S.C. § 2703(d).  This application and attached affidavit are submitted in
25  conjunction with an application and affidavit for a search warrant authorizing a mobile
26
27                                                    3
28

1  tracking device pursuant to Rule 41 of the Criminal Rules of Procedure. The information
2  sought herein will enable the production of the information sought in the mobile tracking
3  device search warrant.
4      7.   Applicant further requests that the authorization given be intended to apply not
5  only to the target telephone listed above, but to the same Electronic Serial
6  Number/International Mobile Subscriber Identity (ESN/IMSI), utilized by the target
7  telephone within the sixty (60) day period.
8      8.   Applicant further requests that the Order direct Cricket to furnish forthwith the
9  information, facilities, and technical assistance necessary to accomplish the installation of the
10 pen register, trap and trace device, including digital dispatch (also known as direct connect)
11 and caller identification, including installation and operation of the device, unobtrusively and
12 with a minimum of disruption of normal telephone service. The wire communications
13 service provider shall be compensated by ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ for
14 reasonable expenses directly incurred in providing such facilities and technical assistance.
15 Cricket will provide ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ with an ANI number to
16 complete installation.
17     9.   Applicant further requests that the Order direct that the wire communications
18 service provider furnish the results of the pen register, trap and trace device, including digital
19 dispatch (also known as direct connect) and caller identification to agents of ▓▓▓▓▓▓▓▓
20 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ at reasonable intervals during regular business hours
21 for the duration of the Order.
22     10.  Applicant further requests that the Court order Cricket and its agents and
23 employees not to disclose to the subscriber, or any other person, the existence of this Order
24 or of this investigation unless otherwise ordered by the Court, because there is reason to
25 believe that such notification will jeopardize the investigation.
26
27
28

1    11.    Pursuant to 18 U.S.C. §§ 2703(c)(1)(B) and (d) the applicant further requests
2  that the Order direct Cricket, <u>and any other</u> local, long distance or wireless carrier to furnish
3  ███████████████████████████████ forthwith with the name, address, telephone toll
4  billing records, published and unpublished telephone number or other subscriber number or
5  identity, length of service to the subscriber or customer of such service, and the types of
6  services utilized by the subscriber or customer, for those published and unpublished
7  telephone numbers, names, or addresses identified in the written body of this Order or the
8  pen register, trap and trace device, including digital dispatch (also known as direct connect)
9  or caller identification installed at the direction of this Order.
10    12.    Applicant further requests that the Order direct Cricket to furnish ████
11 ███████████████████████████████ forthwith with any and all information regarding any
12 custom calling features utilized by the target telephone, including, but not limited to: caller
13 identification; speed dialing; call waiting; call conferencing; voice mail; call forwarding,
14 including any number to which incoming calls were forwarded; the date and time of any
15 inspections of call forwarding or speed dial status; and the subscriber information regarding
16 any numbers programmed into a call forwarding or speed dial feature.
17    13.    The applicant further requests that the Order direct Cricket to disclose, on an
18        ongoing and real-time basis, the location of cell site and sector/face data (physical
19        address) at call origination (for outbound calls), call termination (for incoming calls)
20        and, if reasonably available, during the progress of a call over the target telephones.
21        The applicant further requests that Cricket Communications provide the global
22        positioning coordinates of the target cellular telephone.
23    14.    Applicant is not requesting, and does not seek to obtain, the contents of any
24 wire or electronic communications, namely, the contents of any conversations (incoming or
25 outgoing) over the target cellular telephones. The contents of such communications <u>will not</u>
26
27                                                             5
28

1  be monitored or intercepted, and the pen register will be programmed so that it will not
2  intercept cellular conversations.
3      15.  In support of this request, the applicant informs the Court that █████
4  ████████████████ is investigating an ██████████████ in
5  violation of █ U.S.C. Section ███.  It is believed that the organization utilizes a cellular
6  phone with the telephone number ████████ to make and receive phone calls in order
7  to ████████████████████████████ as well as other calls in furtherance
8  of ████████████████
9      Based on these specific and particular facts, the applicant submits that there are
10  reasonable grounds to believe that the records sought are relevant and material to an ongoing
11  criminal investigation.
12      **WHEREFORE**, it is respectfully requested that the Court grant an Order for a period
13  not to exceed 60 days (1) authorizing the installation and use of a pen register, a trap and
14  trace device, including digital dispatch (also known as direct connect) and caller
15  identification to identify incoming calls, dialed or pulsed, over the target telephone number,
16  (2) directing Cricket forthwith to furnish agents of ████████████████████
17  ██████ with all information, facilities, and technical assistance necessary to accomplish
18  the installation of the pen register, trap and trace device, including digital dispatch (also
19  known as direct connect) and caller identification, including installation and operation of the
20  device, unobtrusively and with minimum interference to the service presently accorded the
21  person whose telephone is to be the subject of the device, (3) directing Cricket, and any other
22  local, long distance or wireless carrier, forthwith to furnish agents of ████████████
23  ████████ with the name, address, telephone toll billing records, telephone
24  number or other subscriber number or identity, length of service to the subscriber or
25  customer of such service, and the types of services utilized by the subscriber or customer, for
26
27
28

those telephone numbers, names, or addresses identified in the written body of this Order or the pen register, trap and trace device, including digital dispatch (also known as direct connect) or caller identification installed at the direction of this Order, (4) directing Cricket to disclose, on an ongoing and real-time basis, the location of cell site and sector/face data (physical address) at call origination (for outbound calls), call termination (for incoming calls) and, if reasonably available, during the progress of a call over the target telephone, (5) to determine the general location of the user of the target cellular telephone, including, but not limited to, identifying on an ongoing and real-time basis the specific cell sites activated or accessed by the target cellular telephone and the signal direction and strength of communications between the relevant cell sites and the target cellular telephone, and (6) sealing this application and the Court's Order.

I declare under penalty of perjury that the foregoing is true and correct under 28 U.S.C. § 1746.
Executed on ___20 July 2008___.

DIANE HUMETEWA
United States Attorney
District of Arizona

▮▮▮▮▮▮▮▮▮▮

Assistant U.S. Attorney

7

## Affidavit

I, ███████████ being duly sworn, hereby depose and state as follows:

1.  I am a Special Agent with ███████████████████████████████████ currently serving in ███████████████████ working in the ███████████████████ Furthermore, I have been employed as a Special Agent for approximately ███████ ███████████ and have been responsible for conducting criminal investigations regarding violations of law committed against the United States. Based upon my personal observations, consultation with other agents and law enforcement officers, and a review of the records, I have learned the following facts:



4.      Based upon the foregoing, I believe that probable cause exists that the targets of this investigation are ▮▮▮▮▮ operating in violation of Title ▮ United States Code, Section ▮ and Title ▮ United States Code Section ▮

5.      The use of a cellular telephone site monitor and mobile tracking device will significantly aid in the ▮▮▮ location, identification, and arrest of ▮ ▮▮ and other members of ▮▮▮ Based upon my experience, and consultation with other agents and law enforcement officers, the process to track and locate a cellular telephone can take several hours.

                                                                                           Affiant

Sworn to before me and subscribed to in my presence, this 20th day of July, 2008.

*Michelle Burns* (signature)

Michelle H. Burns
United States Magistrate Judge

```
         FILED     ___ LODGED
___ RECEIVED  ___ COPY

     AUG 0 4 2008

  CLERK U S DISTRICT COURT
    DISTRICT OF ARIZONA
BY_____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A MOBILE TRACKING DEVICE ON CELLULAR TELEPHONE NUMBER ▇▇▇▇

No. ▇▇▇▇

WARRANT FOR A TRACKING DEVICE

**Under Seal**

---

This matter having come before the Court pursuant to an application under 18 United States Code § 3117 by ▇▇▇▇ an attorney for the government, which application requests a warrant under 18 United States Code § 3117 and Fed. R. Crim. P. 41 authorizing the installation and use of a mobile tracking device on cellular telephone number ▇▇▇▇ (the "target cellular telephone"). The Court finds that there is probable cause to believe that the person using the target cellular telephone is ▇▇▇▇ in violation of law.

**IT IS ORDERED**, pursuant to 18 U.S.C. § 3117, that agents of ▇▇▇▇ ▇▇▇▇ may install and use a mobile tracking device on the target cellular number described above.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Crim. P. 41(e)(2)(B)(i) any installation of a mobile tracking device, if applicable, shall be completed within 10 calendar days of the date of the Warrant, such installation authorized only during daytime hours.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Crim. P. 41(e)(2)(B) the mobile tracking may be operated, used and monitored for no more than forty-five (45) days from the date of the Warrant; and

CD-M8

1     **IT IS FURTHER ORDERED** that pursuant to Fed. R. Crim. P. 41(e)(2)(B) the
2 tracking device warrant shall be returned to United States Magistrate Judge Michelle
3 Hamilton Burns; and

4     **IT IS FURTHER ORDERED** that this authorization shall apply not only to the
5 above-described telephone, but also to the same electronic serial number (ESN) or
6 international mobile subscriber identity (IMSI) associated with the above-described
7 telephone, and to any additional changed telephone numbers, ESNs or IMSIs listed to the
8 same subscriber account as the target telephones within the forty-five (45) day period; and

9     **IT IS FURTHER ORDERED** that pursuant to 18 U.S.C. § 3117(a) the authorization
10 to install and use a mobile tracking device be without geographic limits; and

11     **IT IS FURTHER ORDERED** that pursuant to Fed. R. Crim. P. 41(f)(2)(B) within 10
12 calendar days after the use of the tracking device has ended, the officer executing the warrant
13 shall return the warrant to United States Magistrate Judge Michelle Hamilton Burns; and,

14     **IT IS FURTHER ORDERED**, pursuant to 18 U.S.C. § 3123(d), that this Order and
15 the application be sealed until otherwise ordered by the Court, and that the service providers,
16 including but not limited to Cricket, shall not disclose the existence of the warrant or mobile
17 tracking device, or the existence of the investigation to the listed subscriber, or to any other
18 person, unless or until otherwise ordered by the Court.

19     Dated this 20 day of July @ 10:43 p.m., 2008.

20
21     *Michelle Burns*
    Michelle Hamilton Burns
22     United States Magistrate Judge
23
24
25
26
    2
27
28

# RETURN

| Date Warrant Received | Date and Time Executed | Copy of Warrant and Receipt for Items Left with |
|---|---|---|
| July 20th, 2008 | ███████ | N/A |

Inventory Made in the Presence of
Cellular telephone service provider.

Inventory of Person or Property Taken Pursuant to the Warrant

Telephone calls originating from and received by ███████ were monitored from ███████ until ███████ The telephone was found at the following address: ███████

# CERTIFICATION

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

Subscribed, sworn to, and returned before me this ╳1st day of _____July_____, 2008.

███████
Affiant

_[signature]_
United States Magistrate Judge