# EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE           Magistrate No. 08-20m (AEG)
DISCLOSURE OF DATA RELATING TO
A SPECIFIED CELLULAR TELEPHONE

## APPLICATION

The United States of America, by and through its attorneys, Steven M. Biskupic, the United States Attorney for the Eastern District of Wisconsin, and Michelle L. Jacobs, First Assistant United States Attorney for said district, hereby makes application for an order pursuant to Federal Rule of Criminal Procedure 41, and Title 18, United States Code, Sections 2703, 3103a(b), and 3117, authorizing the disclosure of the approximate position of a cellular telephone. In support of this request, the applicant states the following:

1. This application is based on affidavit of Task Force Agent Jeffrey Hale of the United States Department of Justice, Federal Bureau of Investigation (FBI) which affidavit is attached hereto and incorporated by reference. TFA Hale and other case agents from the Wisconsin Department of Justice, Division of Criminal Investigation, Federal Bureau of Investigation, Waukesha Metro Drug Unit, Milwaukee Police Department, and the Wauwatosa Police Department (hereinafter referred to as WDOJ-DCI, FBI, WMDU, MPD, and WPD) have been investigating **Peter Lofgren** and others for committing drug trafficking crimes for the past several months. As described in that affidavit, there is probable cause to believe that **Lofgren** has committed, and continues to commit violations of Title 21, United States Code, Section 846, conspiracy to distribute controlled substances.

2. The cellular telephone is issued by **T-Mobile,** bears mobile identification number

**(609)334-8237** believed to be in the possession of **Lofgren** (hereinafter "subject telephone").

3. As described in the affidavit of TFA Hale, there is probable cause to believe that the subject telephone has been and will continue to be used to further the above-described violations.

4. It is believed that **T-Mobile,** which services the subject telephone, has the technical means promptly to generate and record location data with respect to a specified wireless telephone by measuring its position relative to other known reference points, including through real-time cell-site data, precision location, and those "Enhanced-911" services (i.e., the ability to receive location data from the telephone) developed to comply with the provisions of 47 C.F.R. § 20.18. It is further believed that this information will enable federal agents to monitor the approximate location of the telephone and to track its movements, thereby aiding them in locating **Lofgren**. The United States requests that the provider therefore disclose the information and records described in Attachment A to the proposed order submitted with this application.

5. Based upon prior contact with the provider of service to the subject telephone, the applicant verifies that the description and format of the records and other information sought are acceptable to the provider, that the types of records and other information are readily available to the provider, and that the records and other information sought will not include the contents of any communications.

6. Disclosure of this application and corresponding affidavit, including the government's intention to monitor the subject telephone's location information, or any court order issued in response thereto, would prejudice the government's ongoing investigation in this matter in that it would likely notify **Lofgren** and his/her associates of the investigation and may result in flight to avoid prosecution, destruction of or tampering with evidence, and/or otherwise seriously jeopardizing an investigation.

For these reasons and those further specified in the supporting affidavit, the United States requests that this Court issue an order authorizing **T-Mobile** to employ and disclose the results (through any means reasonably available) of any and all available location-based services as described in Attachment A to the proposed order submitted with this application, including but not limited to real-time cell-site data, precision location, and those "Enhanced-911" services (i.e., the ability to receive location data from the telephone) developed to comply with the provisions of 47 C.F.R. § 20.18.

It is further requested that the electronic surveillance of the subject telephone's location-based services be authorized for a period of forty-five (45) days from the date on which an order is signed, but in any event beginning no later than ten (10) days from the date of this order. In the event that the Court grants this application, there will be periodic monitoring of the cellular telephone during both daytime and nighttime hours during the authorized period of monitoring.

It is further requested that in the event that the subject telephone is now located or travels outside the territorial jurisdiction of the court, the order authorize the continued monitoring of the electronic tracking device in any jurisdiction within the United States, pursuant to Fed. R. Crim. P. 41(b)(4), 18 U.S.C. §§ 2703 and 3117.

It is further requested that pursuant to Fed. R. Crim. P. 41(f)(3), 18 U.S.C. §§ 3103a and 2705(a)(2), this Court permit delayed notification of this order for a period of 90 days, which may be extended for good cause, because there is reason to believe that notification of the existence of the requested court order will result in (1) assisting **Lofgren**, and/or his associates, in flight to avoid

prosecution; (2) destruction of or tampering with evidence; or (3) otherwise seriously jeopardizing an investigation based on the nature and scope of the investigation described above.

Finally, for the reasons discussed in the affidavit, the applicant requests that this application, the affidavit and order be filed under seal until further order of the Court.

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2008.

STEVEN M. BISKUPIC
United States Attorney

By: *(signature)*

MICHELLE L. JACOBS
First Assistant United States Attorney

530 U.S. Courthouse
517 East Wisconsin Avenue
Milwaukee, WI 53202
414-297-1700

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN THE MATTER OF TWO APPLICATIONS
OF THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE                 Magistrate Nos.    08-20m (AEG)
DISCLOSURE OF DATA RELATING TO                                  08-21m (AEG)
A SPECIFIED CELLULAR TELEPHONE

### AFFIDAVIT

I, Jeffrey Hale, having been duly sworn on oath, state as follows:

**I.   BACKGROUND, TRAINING, & EXPERIENCE**

1. I am employed as a special agent for the Wisconsin Department of Justice, Division of Criminal Investigation (DCI), and have been so employed for the last 8 years. Prior to becoming a special agent with DCI, I was a police officer with the Milwaukee Police Department (MPD) for 4 years. I am also a federally deputized task force agent for the United States Department of Justice, Federal Bureau of Investigation (FBI). For the last 8 years I have almost exclusively investigated violations of state and federal controlled substance and money laundering laws, including Title 21, United States Code, Sections 841(a)(1), 843(b), and 846, and Title 18, United States Code, Sections 1956 and 1957, and other related offenses. I have had formal training and have participated in numerous complex drug trafficking investigations, including investigations using wiretaps.

2. This affidavit is based upon my personal knowledge, and upon information reported to me by other federal, state, and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. Because this affidavit is

1

submitted for the limited purpose of securing authorization to receive cell site information from the two subject telephones, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are essential to establish the necessary foundation for an order authorizing receipt of cell site information from the target telephones.

3.   I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

## II.   TELEPHONES TO BE MONITORED

4.   This affidavit is submitted in support of applications for orders authorizing the disclosure of data relating to the following two cellular telephones:

   A.   A Verizon Wireless cellular telephone with telephone number (831) 747-4750, believed to be used by Patrick O'Brien; and

   B.   A T-Mobile cellular telephone with telephone number (609) 334-8237, believed to be used by Peter Lofgren.

## III.   PROBABLE CAUSE

5.   On January 15, 2008, a grand jury in the Eastern District of Wisconsin returned an indictment charging Oskar Sheldon, Patrick O'Brien, Peter Lofgren, and numerous others from Milwaukee, Chicago, Northern California and the State of Washington. The sealed indictment, returned in Case No. 08-CR-36, charges all of the defendants with conspiring to distribute more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.

6.   Arrest warrants have been issued for all of the defendants, and search warrants have been issued for numerous locations relating to the conspiracy. It is the intention of law enforcement to effect the arrests of Lofgren, O'Brien and the other named defendants, and to

execute the search warrants, on Thursday, January 24, 2008.

7.	I know, based upon the investigation to date, which has included the use of wire interceptions on Oskar Sheldon's cellular telephone, that Sheldon is operating marijuana grow locations in Northern California, from which he harvests large amounts of marijuana and distributes it in Chicago, Milwaukee and elsewhere. The investigation has determined, through those wire interceptions and other traditional law enforcement methods, that Patrick O'Brien has been closely assisting Sheldon in tending and maintaining the grow operations. Throughout the fall and winter of 2007, numerous calls were intercepted wherein Sheldon and O'Brien discussed the California grows, the timing and need for harvesting the marijuana, the transportation logistics involved in getting the marijuana from the grow locations to distributors, etc.

8	I also know, based upon the wire interceptions and other investigation, that in the Summer 2007 through at least early November 2007, Peter Lofgren was regularly assisting Sheldon with Sheldon's marijuana distribution activities while Sheldon was in Milwaukee meeting with co-conspirators, coordinating delivery of loads of marijuana into Milwaukee, and coordinating the movement of proceeds back to California and elsewhere.

9.	In order to safely and efficiently find and arrest Lofgren and O'Brien on January 24, 2008 or as soon thereafter as possible, this application seeks an order authorizing the government to obtain from the cellular telephone companies the disclosure of the approximate position of a cellular telephones.

10.	I know that Lofgren and O'Brien are currently using the cellular telephones which are the subject of this application. Specifically, agents have reviewed current pen register and trap and trace data from Sheldon's cellular telephone. In mid-December 2007, O'Brien stopped

using the cellular telephone that he had been using to communicate with Sheldon. However, in the past several days, agents have discovered through that pen and trap data that Sheldon's telephone is now in consistent contact with the Verizon cellphone, (831) 747-4750, subscribed to by O'Brien's father, Kevin O'Brien, 26000 Rio Vista Road, Carmel, CA. I believe that O'Brien is now using this telephone, subscribed to by his father. Based upon the call activity and on intercepted calls from late December, agents believe that Sheldon was preparing to harvest an indoor grow operation in mid-January in Mendocino County, CA. I believe that it is likely that O'Brien and Sheldon are in contact to coordinate that harvest, and, that if agents are allowed to track the approximate location of this cellular telephone, they will be able to efficiently and safely arrest O'Brien.

11.     Similarly, during Winter 2007, agents learned from the wire intercepts that Lofgren was planning to travel out of the country. Customs agents confirmed that Lofgren left the country but returned in early January 2008. Since his return, pen and trap data from Sheldon's telephone shows that Sheldon is in regular contact with (609) 334-8237, subscribed to by Peter Lofgren. This telephone is the same telephone that Lofgren was using during Summer and Fall 2007 to communicate with Sheldon, which I know based upon the wire intercepts. Again, if agents are allowed to track the approximate location of this cellular telephone, they will be able to efficiently and safely arrest Lofgren.

## IV.     CONCLUSION

12.     Based upon the foregoing, there is probable cause to believe that the cellsite information for the above identified target telephone numbers will assist agents in arresting

Lofgren and O'Brien, and thus will produce evidence of violations of Title 21, U.S.C. § 846, conspiracy to distribute controlled substances.

_____
JEFFREY HALE
Task Force Agent
United States Department of Justice
Federal Bureau of Investigation

Sworn to and subscribed before me
this ____ day of January 2008.

_____
HONORABLE AARON E. GOODSTEIN
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE     Magistrate No. 08-20 M (AEG)
DISCLOSURE OF DATA RELATING TO
A SPECIFIED CELLULAR TELEPHONE

**ORDER**

Upon the application of the United States of America, and the Affidavit of Task Force Agent Jeffrey Hale, and full consideration having been given to the matter, the Court finds:

That there is probable cause to believe that the monitoring of the approximate position of a cellular telephone described in the Affidavit of Task Force Agent Hale as a **T-Mobile** cellular telephone bearing mobile identification number **(609) 334-8237** (hereinafter the subject telephone) will lead to evidence of violations of Title 21, United States Code, Section 846, conspiracy to distribute controlled substances, by **Peter Lofgren** and his associates.

That, pursuant to Fed. R. Crim. P. 41(f)(3), 18 U.S.C. §§ 2705(a)(2), 3103a, 3117, the Affidavit of Task Force Agent Hale establishes reasonable cause to believe that providing immediate notification of the execution of this Order to **Lofgren** may have an adverse result, to wit: (1) assisting **Lofgren**, and/or his associates, in flight to avoid prosecution; (2) destruction of or tampering with evidence; or (3) otherwise seriously jeopardizing an investigation. As a result,

**IT IS HEREBY ORDERED** that **T-Mobile** and any other providers of electronic communication service or remote computing service whose assistance is needed to comply with this Order, shall employ and disclose to agents of the Wisconsin Department of Justice, Division of Criminal Investigation, Federal Bureau of Investigation, Waukesha Metro Drug Unit, Milwaukee

Police Department, and the Wauwatosa Police Department (hereinafter referred to as WDOJ-DCI, FBI, WMDU, MPD, and WPD) the results (through any means reasonably available) of any and all available location-based services, including but not limited to real-time cell-site data, precision location, and those "Enhanced-911" services developed by the provider in order to comply with the provisions of 47 C.F.R. § 20.18, as described in Attachment A.

**IT IS FURTHER ORDERED** that agents from WDOJ-DCI, FBI, WMDU, MPD, and/or WPD shall compensate the provider for such costs as are reasonably necessary and which have been directly incurred in complying with this order;

**IT IS FURTHER ORDERED** that the electronic surveillance of the subject telephone's location-based services is authorized for a period of forty-five (45) days from the date on which this Order is signed, but in any event beginning no later than ten (10) days from the date of this Order.

**IT IS FURTHER ORDERED** that periodic monitoring of the subject telephone is authorized during both daytime and nighttime hours during the authorized period of monitoring.

**IT IS FURTHER ORDERED** that, in the event that the subject telephone is now located or travels outside the territorial jurisdiction of the court, the continued monitoring of the subject telephone in any jurisdiction within the United States is authorized pursuant to Fed. R. Crim. P. 41(b)(4), 18 U.S.C. §§ 2703, and 3117.

**IT IS FURTHER ORDERED THAT**, pursuant to 18 U.S.C. §§ 3103a and 2705(a)(2), delayed notification of this Order is authorized for a period of 90 days, which may be extended for good cause, because there is reason to believe that notification of the existence of this Order will result in (1) assisting **Lofgren**, and/or his associates, in flight to avoid prosecution; (2) destruction of or tampering with evidence; or (3) otherwise seriously jeopardizing an investigation based on the nature and scope of the investigation described in the application and affidavit.

**IT IS FURTHER ORDERED** that within ten days of the expiration of this Order, it shall be returned by a federal law enforcement officer to the undersigned, indicating that the cell site monitoring of the subject telephone has ceased.

**IT IS FURTHER ORDERED THAT** this application, the affidavit and order be filed under seal until further order of the Court.

**SO ORDERED** this 22nd day of January, 2008, at Milwaukee, Wisconsin.

_____
HONORABLE AARON E. GOODSTEIN
United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE
DISCLOSURE OF DATA RELATING TO
A SPECIFIED CELLULAR TELEPHONE

Application No.
Magistrate No. 08-20M (AEG)

## ATTACHMENT A

Time Period: From the date the order is signed and extending 45 days thereafter for the items listed below.

Customer or Subscriber Identifier: cellular telephone currently assigned **T-Mobile** cellular telephone number **(609)334-8237**.

Description and Format, if Applicable, of Records and Other Information to be Disclosed:

    a.    Real-time cellular tower and sector information for this cellular telephone (i.e., cell site activations) on an ongoing basis;

    b.    Maps of cellular tower locations/addresses, sectors and orientations; and

    c.    The physical address/location of all cellular towers in the applicable markets.

    d.    Any and all other available location-based services, including but not limited to precision location and those "Enhanced-911" services developed to comply with the provisions of 47 C.F.R. § 20.18.

Should this cellular telephone number be changed by the subscriber during the course of the requested order, the requested order shall apply to any new numbers. In addition, in the event that the service provider changes during the course of the time period covered by the order, the obligation to provide the requested information shall continue with the new service provider without further order of the court.

The records described above shall be provided to agents of WDOJ-DCI, FBI, WMDU, MPD, and/or WPD in electronic format at reasonable intervals during regular business hours for the duration of the order.