1  Daniel Rigmaiden
   Agency # 10966111
2  CCA-CADC
   PO Box 6300
3  Florence, AZ 85132
   Telephone: none
4  Email: none

5  Daniel David Rigmaiden
   Pro Se, Defendant

6

7                    UNITED STATES DISTRICT COURT

8                          DISTRICT OF ARIZONA

9

10  United States of America,            No. CR08-814-PHX-DGC

11        Plaintiff,                     MOTION FOR TIME TO SUBMIT
                                         EVIDENCE OF LEGITIMATE SOURCES
12  v.                                   OF INCOME BETWEEN JAN 2005 AND
                                         AUG 2008 – IF NEEDED
13  Daniel David Rigmaiden, et al.,

14        Defendant.

15

16       Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits *Motion*

17  *For Time To Submit Evidence Of Legitimate Sources Of Income Between Jan 2005 And Aug*

18  *2008 – If Needed*.[1]  The defendant is requesting four weeks of time to assemble and submit

19  the evidence discussed in this motion.

20       On the afternoon of March 27, 2013, the defendant received the government's filing

21  titled *Supplemental Memorandum To Government's Response To Defendant's Motion To*

22  *Suppress* (Dkt. #986), which the government filed on March 26, 2013.  The government's

23  filing related to the March 28, 2013 hearing and provided notice of "an additional point it

24  intends to raise during the course of the upcoming oral argument with respect to the issue

25

---

26  1.     This motion and all attachments are being submitted under the protections of
    *Simmons*.  *See* Simmons v. United States, 390 U.S. 377, 394 (1968) (Holding that "when a
27  defendant testifies in support of a motion to suppress evidence on Fourth Amendment
    grounds, his testimony may not thereafter be admitted against him at trial on the issue of
28  guilt unless he makes no objection.").  The defendant objects to the government attempting
    to introduce the attached declaration as evidence at trial.

                                         - 1 -

1  regarding expectations of privacy." *Id.*, p. 1.  Specifically, the government contended at Dkt.
2  #986, and later at the March 28, 2013 hearing, that the defendant had no known legitimate
3  sources of income and, therefore, had no reasonable expectation of privacy in anything he
4  may have purchased, *i.e.*, the aircard, host laptop computer, apartment, *etc*.

5      At the March 28, 2013 hearing, the defendant informed the Court that he can produce
6  evidence of legitimate sources of income contained on the images of seized storage devices.
7  The defendant also noted that the government seized some of the noted evidence and should
8  be aware of at least some legitimate sources of income.  *See* attached the defendant's
9  handwritten declaration under penalty of perjury.

10      If the Court is considering the government's argument, the defendant respectfully
11  requests that the Court allow him time to gather and submit evidence that will knock out the
12  factual foundation of the government's argument.  The defendant would have assembled the
13  evidence, produced declarations, and submitted all with this motion, however, he does not
14  currently have access to the images of the seized storage devices and, in any event, it will
15  take many days to prepare the evidence for filing once retrieved.  The hard drives containing
16  the images are not stored at CCA-CADC.  An investigator would need to visit with the
17  defendant for numerous hours while he accesses the hard drives containing the images in
18  order to locate and assemble all evidence in a form presentable for the record.[2][3]  It would
19  also take two or three weeks to finish preparing the filing due to the logistics of defending a
20  case while incarcerated.[4]  If the Court finds it necessary to review the noted evidence prior

---

2.   The defendant was also recently advised by his defense that there is close to no remaining investigator funds.  There is currently a motion pending for additional funds.

3.   Unlike the government, the defendant does not have the luxury of using EnCase and AccessData FTK to search the images.  The defendant's defense has advised the defendant that this software is too expensive for the defense to purchase (*i.e.*, said to be $3,000.00 to $12,500.00).  Additionally, the defendant needs time to go through the attachments of IRS-CI Agent Tracy L. Daun's "Computer Forensic Report" in order to identify seized files corresponding to legitimate sources of income that should be known to the government.

4.   For example, signing the declaration detailing where the evidence was located on the seized storage devices requires three separate legal visits: (1) a first visit to pick up the digital document so it can be printed, (2) a second visit to bring the printed version for signing and pick up for scanning, and (3) a third visit to bring the original signed signature page and digital scan back to the defendant for incorporation into the digital filing.  The type of declaration at issue (*i.e.*, properly documenting precisely where and how digital evidence was retrieved) is too complex for the defendant to write by hand.  *See, e.g.*, Declaration RE:

- 2 -

*MOTION FOR TIME TO SUBMIT EVIDENCE OF LEGITIMATE SOURCES OF INCOME BETWEEN JAN 2005 AND AUG 2008 – IF NEEDED*
*CR08-814-PHX-DGC*

1 to issuing a ruling on suppression issues, the defendant respectfully requests that this motion
2 be granted and the Court allow the defendant four weeks to assemble and submit the
3 evidence.
4     This motion was drafted by the *pro se* defendant, however, he authorizes his shadow
5 counsel, Philip Seplow, to file this motion on his behalf using the ECF system.
6     LRCrim 12.2(a) requires that the undersigned include the following statement in all
7 motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this
8 motion or of an order based thereon."
9 ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27
28 *Data extracted from hard drive images corresponding to seized hard drives connected to Daniel Rigmaiden's home computer* (Dkt. #824-5).

*MOTION FOR TIME TO SUBMIT EVIDENCE OF LEGITIMATE SOURCES OF INCOME BETWEEN JAN 2005 AND AUG 2008 – IF NEEDED*
*CR08-814-PHX-DGC*

| | |
|---|---|
| 1 | Respectfully Submitted: |
| 2 | |
| 3 | PHILP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Defendant: |

s/ Philip Seplow
Philip Seplow
Shadow Counsel for Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on:                I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

*MOTION FOR TIME TO SUBMIT EVIDENCE OF LEGITIMATE SOURCES OF INCOME BETWEEN JAN 2005 AND AUG 2008 – IF NEEDED*
*CR08-814-PHX-DGC*