1  Daniel Rigmaiden
   Agency # 10966111
2  CCA-CADC
   PO Box 6300
3  Florence, AZ 85132
   Telephone: none
4  Email: none

5  Daniel David Rigmaiden
   Pro Se, Defendant

6

7              **UNITED STATES DISTRICT COURT**

8                 **DISTRICT OF ARIZONA**

9

10   United States of America,                    No. CR08-814-PHX-DGC

11        Plaintiff,                              MOTION TO STAY RULING ON
                                                  SUPPRESSION ISSUES UNTIL AFTER
12   v.                                           THE USDOJ ISSUES RETRACTION ON
                                                  FABRICATED "SELF-DESCRIBED
13   Daniel David Rigmaiden, et al.,              HACKER" CLAIMS AND OTHER
                                                  FABRICATED CLAIMS IN APRIL 8, 2010
14        Defendant.                              PRESS RELEASE

15

16        Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits *Motion*

17   *To Stay Ruling On Suppression Issues Until After The USDOJ Issues Retraction On*

18   *Fabricated "Self-Described Hacker" Claims And Other Fabricated Claims In April 8, 2010*

19   *Press Release*.

20        The Court is on the verge of ruling on the defendant's *Motion To Suppress* (Dkt. #824)

21   and relating filings.  Once the Court rules—regardless of whether the defendant wins or loses

22   —there will be a fury of press coverage resulting in countless news articles, web chatter, and

23   possible national TV news coverage.[1]  Through this motion, the defendant respectfully

24   requests that the Court stay its ruling for a brief period of time long enough to allow the

25   USDOJ to issue a new press release containing a retraction of the fabricated claims contained

26   in its original April 8, 2010 press release.  The noted fabrications include: (1) the alleged

27   offenses were committed using sophisticated computer intrusion techniques (*i.e.*, "hacking"),

28

---

1.    As shown on YouTube, the Fox News Channel has already reported on the case.

                                    - 1 -

[2] (2) the accused is a self-described Hacker,[3] and (3) the so-called Hacker spent 20 months considering whether to cooperate with federal investigators after his arrest.[4]

If the government issues its retraction *after* the Court's ruling on the defendant's *Motion To Suppress*, the press will continue to refer to the defendant as "the hacker," "a hacker," and "a self-described hacker," who used hacking to commit the alleged offenses—all fabrications seeded by the government's April 8, 2010 press release.  As explained in the defendant's *Motion to Dismiss For (1) Government's Prejudicial Extrajudicial Press Comments Severe Enough To Impeach Claimed Indifference Of Jurors, And/Or (2) Various Government Misconduct*, the government's fabricated claims continue to be echoed by the press three years later.

The **prosecution admits** that it's claim of the defendant being a "self-described California-based 'Hacker'" was fabricated by the USDOJ prior to being approved by the lead prosecutor and disseminated to the press and public on April 8, 2010.[5]  Additionally, in the defendant's *Motion to Dismiss For (1) Government's Prejudicial Extrajudicial Press Comments Severe Enough To Impeach Claimed Indifference Of Jurors, And/Or (2) Various Government Misconduct*, the defendant provides indisputable evidence of the two additional fabrications yet to be owned up to by the government.

Even if the Court declines to etch out new case law (*i.e.*, dismiss the case) in light of the defendant's *Motion to Dismiss For (1) Government's Prejudicial Extrajudicial Press Comments Severe Enough To Impeach Claimed Indifference Of Jurors, And/Or (2) Various Government Misconduct*, the defendant is still confident that the government will do the right thing, vis-a-vis the **bare minimum**, and issue a retraction through a new press release[6]—followed by a new USDOJ press conference announcing its prior fabrications—

2.    *See Motion to Dismiss For (1) Government's Prejudicial Extrajudicial Press Comments Severe Enough To Impeach Claimed Indifference Of Jurors, And/Or (2) Various Government Misconduct*, *Facts*, Section II, ¶ No. 7 (discussing evidence of fabrication).
3.    *See id.*, Section II, ¶ No. 6 (discussing evidence of fabrication).
4.    *See id.*, Section II, ¶ No. 8 & 2 (discussing evidence of fabrication).
5.    *See id.*, Section II, ¶ No. 6 (prosecution admitted to government fabrication).
6.    *See* Brown & Williamson Tobacco Corp. v. FTC, 710 F.2d 1165, 1168 (6th Cir. 1983) ("To prevent further dissemination to the public of what the FTC believed to be misleading

- 2 -

1    ***before*** the next press fury caused by the Court's upcoming ruling.  The government can *study*

2    United States v. Kojayan, 8 F.3d 1315, 1325 (9th Cir. 1993) (Vacating judgment of conviction

3    "to make it clear that the misconduct was serious, that the government's **unwillingness to**

4    **own up to it was more serious still** and that steps must be taken to avoid recurrence of this

5    chain of events." (emphasis added)); United States v. Fitzgerald, 615 F.Supp.2d 1156, 1160

6    (S.D.Cal. 2009) (In part because "the Government appears **unwilling to own up to its**

7    **conduct**[,]" the misbehavior was flagrant. (emphasis added)).  In any event, absent dismissal

8    as a remedy, the defendant requested that the Court order the government to issue the noted

9    retraction and dismiss some charges.  *See Motion to Dismiss For (1) Government's*

10    *Prejudicial Extrajudicial Press Comments Severe Enough To Impeach Claimed Indifference*

11    *Of Jurors, And/Or (2) Various Government Misconduct*, p. 20.

12        Therefore, the defendant requests that the Court stay its ruling on suppression issues

13    to provide the government enough time to correct its wrong-doings before further prejudice

14    results from the April 8, 2010 USDOJ press release.  With respect to the defendant's due

15    process rights and Sixth Amendment right to a fair and impartial jury, "the cure [if possible]

16    lies in those remedial measures that will **prevent the prejudice at its inception**.  The courts

17    must take such steps by rule and regulation that will protect their processes from prejudicial

18    outside interferences."  Shepard v. Maxwell, 348 U.S. 333, 362-63 (1966) (emphasis added).

19    Incorporated into this motion by reference is the defendant's *Motion to Dismiss For (1)*

20    *Government's Prejudicial Extrajudicial Press Comments Severe Enough To Impeach*

21    *Claimed Indifference Of Jurors, And/Or (2) Various Government Misconduct*.

22                             * * * * *

23        This motion was drafted by the *pro se* defendant, however, he authorizes his shadow

24    counsel, Philip Seplow, to file this motion on his behalf using the ECF system.

25        LRCrim 12.2(a) requires the following text in motions: "Excludable delay under 18

26    U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or of an order based thereon."

27    ///

28    _____

      information, the agency in a press release made [][an] announcement [correcting the error].").

1 | Respectfully Submitted:

2

3 | PHILP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Defendant:

4

5

6 | s/ Philip Seplow

Philip Seplow

7 | Shadow Counsel for Defendant.

8 | CERTIFICATE OF SERVICE

9

10 | I hereby certify that on:                    I caused the attached document to be

11 | electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

12

13 | Taylor W. Fox, PC
Counsel for defendant Ransom Carter

14 | 2 North Central Ave., Suite 735
Phoenix, AZ 85004

15

16 | Frederick A. Battista
Assistant United States Attorney

17 | Two Renaissance Square
40 North Central Ave., Suite 1200

18 | Phoenix, AZ 85004

19

20 | Peter S. Sexton
Assistant United States Attorney

21 | Two Renaissance Square
40 North Central Ave., Suite 1200

22 | Phoenix, AZ 85004

23

24 | James R. Knapp
Assistant United States Attorney

25 | Two Renaissance Square
40 North Central Ave., Suite 1200

26 | Phoenix, AZ 85004

27

28 | By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

- 4 -